## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: PROCESSED EGG PRODUCTS ANTITRUST LITIGATION | : : : : | MDL No. 2002 08-md-02002 |
| THIS DOCUMENT RELATES TO: Kraft Foods Global, Inc. et al v. United Egg Producers, Inc. et al No. 1:12-cv-00088 GP | : : : : : : | |

## NATIONAL FOOD CORPORATION'S ANSWER TO KRAFT FOODS PLAINTIFFS' FIRST AMENDED COMPLAINT, WITH AFFIRMATIVE DEFENSES

Answering plaintiffs Kraft Foods Global, Inc., The Kellogg Company, General Mills Inc., and Nestle USA, Inc.'s First Amended Complaint ("FAC") (Docket No. 624) (together with the expressly-named affiliates, collectively, the "Kraft Foods Plaintiffs"), defendant National Food Corporation ("NFC"), through its undersigned counsel of record, admits, denies, and alleges as follows:

### PRELIMINARY STATEMENT

The allegations of the FAC substantially retrace the ground already covered at length in the Second Amended Consolidated Class Action Complaint of the Direct Purchasers (Docket No. 291) (hereafter, "Directs' Complaint," to which NFC has filed a 58-page Amended Answer (Dkt. 369) (hereafter, "Answer to Directs' Complaint")). These allegations also substantially retrace the ground covered by the Second Amended Complaint of the Indirect Purchasers (Dkt. 293) (hereafter, "Indirects' Complaint," to which NFC has filed an Answer (Dkt. 342) (hereafter, "Answer to Indirects' Complaint")), as well as by the various complaints of the other Direct Action Purchasers, all of which NFC has answered or is answering concurrently. NFC has made a good-faith effort to identify and respond to new matter asserted in the FAC, but it has found

little other than purported quotations from documents, or purported summaries or characterizations of documents, which documents are the best evidence of their contents. Accordingly, NFC incorporates by reference its responses to the corresponding allegations in these other complaints, as indicated below.

## ANSWER

1.      Answering paragraph 1, NFC understands this to be a definitional paragraph that does not require response.  To the extent that response may be required, NFC admits that the definitions of "shell eggs" and "egg products" may be consistent with the usage of those terms by some persons at some times, but otherwise denies the allegations for want of information.[1]

2.      Answering paragraph 2, NFC incorporates its responses below to paragraphs 18 through 65, but asserts that UEP and USEM  are Capper-Volstead agricultural cooperatives and not merely "trade groups."

3.      Answering the argumentative and conclusory allegations of paragraphs 3-10, which NFC understands to be a summary of the more specific allegations that follow, NFC incorporates by reference its responses to these more detailed allegations.  To the extent that the allegations purport to quote from or characterize documents, NFC asserts that the documents themselves are the best evidence of their contents, and denies such allegations except to the extent that they accurately reflect the contents of the documents, taken as a whole, fairly read, and taken in context.    In all other respects, except as stated elsewhere herein or in NFC's Answers to other Complaints, NFC denies the allegations of paragraphs 3-10 as to itself, and denies them as to other defendants for want of information.

---

[1] Wherever this Answer states that NFC denies an allegation "for want of information," NFC means that it lacks knowledge or information sufficient to form a belief as to the truth of the allegation.  NFC uses the shorter expression for convenience only.

2

4.     Answering paragraphs 11-13, NFC admits that the Kraft Foods Plaintiffs purport to bring this action as alleged in paragraph 11, admits that this action was transferred to this District pursuant to 28 U.S.C. § 1407, admits that this Court has jurisdiction over the subject matter, and waives any objections that NFC might have to venue in the Eastern District of Pennsylvania or to this Court's personal jurisdiction over it.  Except as so admitted or waived, NFC denies the allegations of paragraphs 11-13 as to itself, and denies them as to other defendants for want of information.

5.     Answering paragraphs 14-17, NFC denies the allegations of these paragraphs for want of information.

6.     Answering paragraphs 18-20, NFC incorporates by reference its responses to the corresponding portions of the Directs' Complaint (*see* Answer to Directs' Complaint, especially ¶ 19), but otherwise denies the allegations of paragraphs 18-20 for want of information.

7.     Answering paragraph 21, NFC admits the second, third sentences, and fifth sentences, and states that the first and fourth sentences are consistent with its understanding, but alleges that the records of Cal-Maine and/or AEP would be the best evidence of these matters.

8.     Answering paragraphs 22-40, NFC incorporates by reference its responses to the corresponding portions of the Directs' Complaint (see Answer to Directs' Complaint, especially ¶¶ 12, 19-22), but otherwise denies the allegations of paragraphs 18-40 for want of information.

9.     Answering paragraph 41, NFC admits the allegations of the first, third, and fourth sentences, states that at the time of this answer NFC owned approximately 3.8 million laying hens, but otherwise denies the allegations of the second sentence for want of information.

10.    Answering paragraph 42, NFC asserts that it has not been a member of USEM since 2010, but otherwise admits the allegations.

11.     Answering paragraph 43, including subparagraphs (A) through (L), NFC incorporates by references its responses to the corresponding provisions of the Directs' Complaint (*see* Answer to Directs' Complaint, especially ¶¶ 18, 77, 87, 96, 115, 130-131, 135, 141-143, 155, 164, 170-172, 217-218, 220).  NFC has no independent recollection of the meetings referred to in subparagraph 43(B) and 43(G), and it therefore denies the allegations of these subparagraphs for want of information.  To the extent that the allegations purport to quote from, summarize, or characterize documents, NFC asserts that the documents themselves are the best evidence of their contents, and denies such allegations except to the extent that they accurately reflect the contents of the documents, taken as a whole, fairly read, and taken in context.  In all other respects, NFC denies the allegations of paragraph 43 (including subparagraphs (A) through (L)).

12.     Answering paragraphs 44-54, NFC incorporates by reference its responses to the corresponding portions of the Directs' Complaint (*see* Answer to Directs' Complaint, ¶¶ 13-14, 22-24).  In all other respects, NFC denies the allegations of paragraphs 44-54 for want of information.

13.     Answering paragraph 55-57, NFC asserts that in its understanding, Sparboe Farms is a producer and marketer of shell eggs headquartered in Litchfield, Minnesota, that Sparboe has been a member of UEP at some times and not at other times, and that persons whom NFC understood to be affiliated with Sparboe Farms may have attended UEP meetings and may have held various positions within UEP.  To the extent that the allegations purport to summarize or characterize a document, NFC asserts that the document is the best evidence of its contents, and denies such allegations except to the extent that they accurately reflect the contents of the document taken as a whole, fairly read, and taken in context.  In all other respects, NFC denies the allegations in paragraphs 55-57 for want of information.

DWT 19042029v4 0069788-000002

14.     Answering paragraphs 58-60, NFC incorporates by reference its response to the corresponding provisions of the Directs' Complaint (*see* Answer to Directs' Complaint, especially ¶¶ 25, 67-72, 76, 87, 103).  In all other respects, NFC denies the allegations of paragraphs 58-60 for want of information.

15.     Answering paragraphs 61-63, NFC incorporates by reference its responses to the corresponding provisions of the Directs' Complaint (*see* Answer to Directs' Complaint, especially ¶¶ 27, 74-76, 155).  To the extent that the allegations purport to quote from, summarize, or characterize a document, NFC asserts that the document itself is the best evidence of its contents, and denies such allegations except to the extent that they accurately reflect the contents of the document taken as a whole, fairly read, and taken in context.  In all other respects, NFC denies the allegations of paragraphs 61-63 for want of information.

16.     Answering paragraphs 64-65, NFC incorporates by reference its response to the corresponding provisions of the Directs' Complaint (*see* Answer to Directs' Complaint, especially ¶¶ 26, 73, 76).  To the extent that the allegations purport to summarize or characterize documents, NFC asserts that the documents are the best evidence of their contents and denies the allegations regarding such contents except to the extent that they accurately reflect the contents of the documents taken as a whole, fairly read, and taken in context.  In all other respects, NFC denies the allegations of paragraphs 64-65 for want of information.

17.     Answering paragraphs 66-75, NFC incorporates by references its responses to the corresponding provisions of the Directs' Complaint (*see* Answer to Directs' Complaint, ¶¶ 13, 20).  Except as so asserted, NFC denies the allegations of paragraphs 66-75 for want of information.

18.    Answering paragraph 76, NFC admits the second and third sentences, and asserts that the first and fourth sentences are consistent with its understanding, but alleges that the records of Hillandale, LLC and/or AEP would be the best evidence of these matters.

19.    Answering paragraph 77-78, NFC asserts that in its understanding Wabash Valley is an egg producer with an address in Dubois, Indiana, and that persons whom NFC understands to be affiliated with Wabash Valley may have attended USEM meetings and may have held various positions with USEM.  Except as so asserted, NFC denies the allegations of paragraphs 77-78 for want of information.

20.    Answering paragraph 79, NFC incorporates by reference its response to the corresponding provisions of the Directs' Complaint (*see* Answer to Directs' Complaint, especially ¶¶ 28-29).  In all other respects, NFC denies the allegations of paragraph 79 for want of information.

21.    Answering paragraphs 80-85, NFC incorporates by references its responses to the corresponding provisions of the Directs' Complaint (*see* Answer to Directs' Complaint, especially ¶¶ 40-42).  In all other respects, NFC denies the allegations of paragraphs 80-85 for want of information.

22.    Answering paragraphs 86-92, NFC incorporates by reference its responses to the corresponding provisions of the Directs' Complaint (*see* Answer to Directs' Complaint, especially ¶¶ 30-39, 47-48), and of the Indirects' Complaint (*see* Answer to Indirects' Complaint, especially ¶ 15).  In all other respects, NFC denies the allegations of paragraphs 86-92 for want of information.

23.    Answering paragraph 93, NFC alleges that some of its customers in the retail and foodservice channels purchase shell eggs from it at prices based in part on one or more of the

6

various Urner Barry wholesale quotations for eggs, that in its understanding some customers in these channels purchase shell eggs from other sellers at prices that are similarly based, and that in its understanding prices to some large buyers of shell eggs and/or egg products purchase are determined by a cost-based formula. Except as so alleged, NFC denies the allegations of paragraph 93 for want of information.

24.     Answering paragraph 94, NFC does not fully understand the first sentence, but in response it states that in its understanding supply and demand factors for shell eggs and for egg products differ from one another. NFC admits that shell eggs are a key input for egg products, and that feed costs are a significant cost component for both. NFC admits the third sentence of paragraph 94. Except as stated or admitted, NFC denies the allegations of paragraph 94.

25.     Answering paragraph 95, NFC responds that in its understanding although there may be some degree of correlation between prices for some shell eggs and prices for some egg products during some periods in some locations, there may be no such correlation at other periods and/or in other locations. NFC admits that it sells both shell eggs and certain egg products, and that in its understanding many other producers do so as well. NFC denies the third and fourth sentences of paragraph 95 as to itself, and denies these sentences as to others for want of information. Answering the fifth and sixth sentences, NFC states that in its understanding, the so-called "100% Rule" applies to 100% of a producer's flocks, regardless of whether eggs from those flocks are broken or sold as shell eggs. In all other respects, NFC denies the allegations of paragraph 95 for want of information.

26.     Answering paragraph 96, NFC alleges that some shell eggs and processed eggs are commodity products, fungible and substitutable to some degree and for some purposes and not for others, but alleges that there are also differences among eggs and egg products that are

7

important to customers in some contexts. Answering the third sentence, NFC alleges that there is and has been some degree of advertising or promotion in an effort to create brand or product identity, and therefore denies that there has been "little if any" such activity.

27.     Answering paragraphs 97-101, NFC incorporates by references its responses to the corresponding provisions of the Directs' Complaint (*see* Answer to Directs' Complaint, especially ¶¶ 57-66), and of the Indirects' Complaint (*see* Answer to Indirects' Complaint, especially ¶ 15). In all other respects, NFC denies the allegations of paragraphs 97-101 for want of information.

28.     Answering paragraph 102, NFC asserts that it is partially integrated vertically, in that it operates feed mills, pullet houses, and layer houses, and it engages in processing and marketing of some of its eggs and egg products, but denies that it hatches chicks or produces dried eggs. NFC denies for want of information the allegations as to other "major egg producers."

29.     Answering paragraphs 103-107, NFC incorporates by reference its responses to the corresponding provisions of the Directs' Complaint (*see* Answer to Directs' Complaint, especially ¶¶ 37-40, 87), and of the Indirects' Complaint (*see* Answer to Indirects' Complaint, especially ¶ 15). In all other respects, NFC denies the allegations of paragraphs 102-107 for want of information.

30.     Answering paragraph 108-114, NFC admits that it sold and shipped eggs to states other than those where the eggs were produced, admits that it purchased items from other states in connection with its production and sale of eggs and egg products, incorporates by reference its responses to the corresponding provisions of the Directs' Complaint (*see* Answer to Directs' Complaint, especially ¶¶ 258-261), denies the allegations of wrongdoing as to itself, and denies

all remaining allegations of paragraphs 108-114 for want of information, including all allegations as to other defendants.

31.     Answering paragraphs 115-118, NFC incorporates by reference its responses to the corresponding provisions of the Directs' Complaint (*see* Answer to Directs' Complaint, especially ¶¶ 77-81).  To the extent the allegations in these paragraphs purport to summarize or characterize documents, the documents are the best evidence of their contents; NFC denies such allegations except to the extent they reflect the contents of such documents, taken as a whole, fairly read, and taken in context.  In all other respects, NFC denies the allegations of paragraphs 115-118 as to itself and denies them as to others for want of information.

32.     Answering paragraphs 119-139, NFC incorporates by reference its responses to the corresponding provisions of the Directs' Complaint (*see* Answer to Directs' Complaint, especially  ¶¶ 77, 86-128, 135, 143, 147, 150-154, 187-190, 200-206), and of the Indirects' Complaint (*see* Answer to Indirects' Complaint, especially ¶¶ 18-21).  To the extent the allegations in these paragraphs purport to summarize or characterize documents, the documents are the best evidence of their contents; NFC denies such allegations except to the extent they reflect the contents of such documents, taken as a whole, fairly read, and taken in context.  In all other respects, NFC denies the allegations of paragraphs 119-139 for want of information.

33.     Answering paragraphs 140-145, NFC incorporates by reference its responses to the corresponding provisions of the Directs' Complaint (*see* Answer to Directs' Complaint, especially ¶¶ 49-53, 135, 155-81, 185-199), and of the Indirects' Complaint (*see* Answer to Indirects' Complaint, especially ¶ 23).  To the extent the allegations in these paragraphs purport to summarize or characterize documents, the documents are the best evidence of their contents; NFC denies such allegations except to the extent they reflect the contents of such documents,

9

taken as a whole, fairly read, and taken in context.  In all other respects, NFC denies the
allegations of paragraphs 140-145 for want of information.

34.    Answering paragraphs 146-166, NFC incorporates by reference its responses to the
corresponding provisions of the Directs' Complaint (*see* Answer to Directs' Complaint,
especially ¶¶ 77, 80-85), and of the Indirects' Complaint (*see* Answer to Indirects' Complaint,
especially ¶ 22).  To the extent the allegations in these paragraphs purport to summarize or
characterize documents, the documents are the best evidence of their contents; NFC denies such
allegations except to the extent they reflect the contents of such documents, taken as a whole,
fairly read, and taken in context.  In all other respects, NFC denies the allegations of paragraphs
146-166 for want of information.

35.    Answering paragraphs 167-75, NFC incorporates by references its responses to the
corresponding provisions of the Directs' Complaint (*see* Answer to Directs' Complaint,
especially ¶¶ 182-99), and of the Indirects' Complaint (*see* Answer to Indirects' Complaint,
especially ¶ 21).  To the extent the allegations in these paragraphs purport to summarize or
characterize documents, the documents are the best evidence of their contents; NFC denies such
allegations except to the extent they reflect the contents of such documents, taken as a whole,
fairly read, and taken in context.  In all other respects, NFC denies the allegations of paragraphs
167-175 for want of information.

36.    Answering paragraphs 176-179, NFC incorporates by reference its responses to the
corresponding provisions of the Directs' Complaint (*see* Answer to Directs' Complaint,
especially ¶¶ 207-244), and of the Indirects' Complaint (*see* Answer to Indirects' Complaint,
especially ¶ 24).  To the extent the allegations in these paragraphs purport to summarize or
characterize documents, the documents are the best evidence of their contents; NFC denies such

allegations except to the extent they reflect the contents of such documents, taken as a whole, fairly read, and taken in context. In all other respects, NFC denies the allegations of paragraphs 176-179 for want of information.

37.     Answering paragraphs 180-186, NFC denies that supply control programs fall outside the scope of the Capper-Volstead Act's protections. To the extent the allegations in these paragraphs purport to summarize or characterize documents, the documents are the best evidence of their contents; NFC denies such allegations except to the extent they reflect the contents of such documents, taken as a whole, fairly read, and taken in context. In all other respects, NFC denies the allegations of paragraphs 180-186 for want of information.

38.     Answering paragraphs 187-193, NFC incorporates by reference its responses to the corresponding provisions of the Directs' Complaint (see Answer to Directs' Complaint, especially ¶¶ 207-244), and of the Indirects' Complaint (see Answer to Indirects' Complaint, especially ¶ 24). To the extent the allegations in these paragraphs purport to summarize or characterize documents, the documents are the best evidence of their contents; NFC denies such allegations except to the extent they reflect the contents of such documents, taken as a whole, fairly read, and taken in context. In all other respects, NFC denies the allegations of paragraphs 187-193 for want of information.

39.     Answering paragraphs 194-197, NFC denies those allegations as to itself, and denies them for want of information as to others.

40.     Answering paragraphs 198-210, NFC incorporates by reference its responses to the corresponding provisions of the Directs' Complaint (*see* Answer to Directs' Complaint, especially ¶¶ 248-257), and of the Indirects' Complaint (*see* Answer to Indirects' Complaint, especially ¶ 26). To the extent the allegations in these paragraphs purport to summarize or

11

characterize documents, the documents are the best evidence of their contents; NFC denies such allegations except to the extent they reflect the contents of such documents, taken as a whole, fairly read, and taken in context. In all other respects, NFC denies the allegations of paragraphs 198-210 for want of information.

41.     Answering the first sentence of paragraph 211, NFC denies the allegations for want of information. Answering the second and third sentences of paragraph 211, NFC denies the allegations as to itself, and denies them as to others for want of information.

42.     Answering paragraph 212, NFC denies the allegations as to itself, and denies them as to others for want of information.

## AFFIRMATIVE DEFENSES

1.     The challenged conduct of NFC must be judged, in whole or in part, under the Rule of Reason, and the Kraft Foods Plaintiffs have failed to state a claim under that doctrine.

2.     To the extent that the claim of the Kraft Foods Plaintiffs rests on guidelines for reduced cage density that they themselves or persons in their distribution chain requested or insisted on, their claim is barred by the doctrine of estoppel.

3.     To the extent that the Kraft Foods Plaintiffs seek to impose vicarious liability on NFC for the acts of Mr. Deffner or other persons affiliated with NFC while such persons were acting on behalf of UEP and/or USEM, such liability is barred by the "borrowed servant" doctrine.

4.     The alleged acts and omissions of defendants were within the scope of the antitrust immunity provided by the Capper-Volstead Act, 7 U.S.C. § 291, in whole or in part.

5.     The alleged acts and omissions of defendants were within the scope of the antitrust immunity provided by § 5 of the Cooperative Marketing Association Act, 7 U.S.C. § 455, in whole or in part.

6.     The alleged acts and omissions of defendants were within the scope of the antitrust immunity provided by § 6 of the Clayton Act, 15 U.S.C. § 17, in whole or in part.

7.     NFC did not knowingly or consciously participate in a scheme designed to achieve an unlawful objective. NFC itself is a "farmer" and a "producer" within the scope of the foregoing federal and state immunities. At all relevant times NFC believed that the other members of UEP and USEM were likewise "farmers" and "producers," and that UEP and USEM themselves qualified as cooperative organizations whose legitimate activities, including all those that are the subject of the Kraft Foods Plaintiffs' claims, are immune from state and federal antitrust laws under the various statutes cited above. If, for some technical reason, NFC was mistaken in any or all of such beliefs, it is not liable by reason of such mistake(s).

8.     If, for some technical reason, any or all of the alleged acts and omissions of defendants were not within the scope of the foregoing immunities, any such technical defects should be disregarded as de minimis.

9.     If, for some technical reason, any or all of the alleged acts and omissions of defendants were not within the scope of the foregoing immunities, such a situation was not reasonably foreseeable by NFC.

10.     At all relevant times, NFC acted in good faith and with intent to comply with the law.

11.     If, for some technical reason, any or all of the alleged acts and omissions of defendants were not within the scope of the foregoing immunities, any resulting damages should be equitably mitigated.

12.     If, for any reason, any of the alleged acts and omissions of defendants were unlawful under the antitrust laws and were outside the scope of any immunity, any resulting damages are limited to compensation for injuries that the Kraft Foods Plaintiffs can show to have resulted from that which made defendants' conduct unlawful and to be separate from the consequences of otherwise lawful activity.

13.     To the extent that the Kraft Foods Plaintiffs seek to impose vicarious liability on NFC for the alleged acts and omissions of its alleged co-conspirators, and then to treble the resulting damages and add attorneys' fees and expenses, they seek a result that is so grossly excessive in comparison with the conduct, lack of culpability, and limited resources of NFC that in this case it would amount to an arbitrary deprivation of property in violation of the Due Process Clause of the Fifth Amendment of the United States Constitution.

14.     The Kraft Foods Plaintiffs' claims are barred in whole or in part by the statute of limitations and/or the doctrine of laches.

15.     To the extent that the Kraft Foods Plaintiffs assert that Defendants fraudulently misrepresented and/or concealed any matter, plaintiffs have failed to allege this fraud with the particularity required by Federal Rule of Civil Procedure 9(b).

16.     NFC reserves the right to assert any additional affirmative defenses raised by other defendants or that may hereafter be suggested by discovery in this case.

WHEREFORE, having fully answered the allegations of the Kraft Foods First Amended Complaint, National Food Corporation prays for judgment dismissing the same with prejudice

and with costs, and that it have such other, further, or different relief as may appear just in the

premises.

Dated:  April 26, 2012,

Respectfully submitted,
DAVIS WRIGHT TREMAINE LLP


By:   /s/ *Marvin L. Gray, Jr.*
Marvin L. Gray, Jr.
Washington State Bar No. 5161
Catherine E. Maxson
Washington State Bar No. 26955
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
Phone:  (206) 622-3150
Fax:  (206) 757-7700

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using

the CM/ECF system which will send notification of such filing to the following:

> **JASON MICHAEL BRADFORD**
> **JOHN F. KINNEY**
> **KE ZHANG**
> **RICHARD P. CAMPBELL**
> **STEPHEN ROBERT BROWN**
> JENNER & BLOCK
> 353 N. CLARK
> CHICAGO, IL 60654
> Email: jbradford@jenner.com
> Email: jkinney@jenner.com
> Email: jzhang@jenner.com
> Email: rcampbell@jenner.com
> Email: stephenbrown@jenner.com
>
> **ROBIN P. SUMNER**
> **JAN P. LEVINE**
> PEPPER HAMILTON LLP
> 3000 TWO LOGAN SQ
> 18TH & ARCH STS
> PHILADELPHIA, PA 19103-2799
> Email: sumnerr@pepperlaw.com
> Email: levinej@pepperlaw.com

I also caused the foregoing document to be served on all attorneys on the Panel Attorney

Service List via email. A copy of the Panel Attorney Service List is attached to this Certificate of

Service.

I certify under penalty of perjury that the foregoing is true and correct.

Executed at Seattle, Washington this 26th day of April, 2012.

> s/*Marvin L. Gray, Jr.*
> Marvin L. Gray, Jr.
> Davis Wright Tremaine LLP
> 1201 Third Avenue, Suite 2200
> Seattle, WA 98101-3045

16

## Panel Attorney Service List - CMO No. 1 Par. 8 A
### Updated 4/26/2012

| Party | Attorney | Address | E-Mail | Phone | Fax |
|---|---|---|---|---|---|
| **DIRECT PURCHASER PLAINTIFFS** | | | | | |
| Eby-Brown Company LLC, E.D. Pa., No. 08-5167 | Solomon B. Cera | Gold Bennett Cera & Sidener LLP 595 Market Street, Suite 2300 San Francisco, CA 94105 | scera@gbcslaw.com | 415-777-2230 | 415-777-5189 |
| Goldberg and Solovy Foods, Inc., E.D. Pa., No. 08-5166 | Solomon B. Cera | Gold Bennett Cera & Sidener LLP 595 Market Street, Suite 2300 San Francisco, CA 94105 | scera@gbcslaw.com | 415-777-2230 | 415-777-5189 |
| John A. Lisciandro, E.D. Pa., 08-5202 | Amy N. Hanson | Keller Rohrback LLP 1201 Third Avenue, Suite 3200 Seattle, WA 98101 | ahanson@kellerrohrback.com | 206-224-7435 | 206-623-3384 |
| Karetas Foods, Inc., E.D. Pa., No. 08-4950 | Stanley D. Bernstein | Bernstein Liebhard LLP 10 East 40th Street, 22nd Floor New York, NY 10016 | bernstein@bernlieb.com | 212-779-1414 | 212-779-3218 |
| Nussbaum-SF, Inc., E.D. Pa., No. 08-4819 | Steven A. Asher | Weinstein Kitcheoff & Asher LLC 1845 Walnut Street, Suite 1100 Philadelphia, PA 19103 | asher@wka-law.com | 215-545-7200 | 215-545-6535 |
| Sensory Effects Flavor Co., D. Minn., No. 08-5970 | Daniel C. Hedlund | Gustafson Gluek PLLC 650 Northstar East 608 Second Avenue South Minneapolis, MN 55402 | dhedlund@gustafsongluek.com | 612-333-8844 | 612-339-6622 |
| Somerset Industries, Inc., E.D. Pa., No. 08-4676 | Stephen R. Neuwirth | Quinn Emanuel Urquhart & Sullivan, LLP 51 Madison Avenue, 22nd Floor New York, NY 10010 | stephenneuwirth@quinnemanuel.com | 212-849-7000 | 212-849-7100 |
| T.K. Ribbing's Family Restaurant, E.D. Pa., No. 08-4653 | Megan E. Jones | Hausfeld LLP 1700 K Street, Suite 650 Washington, DC 20006 | mjones@hausfeldllp.com | 202-570-1089 | 202-747-5713 |
| Wixon, Inc., E.D. Pa., No. 08-5368 | John R. Malkinson | Malkinson & Halpern PC 223 W. Jackson Blvd., Suite 1010 Chicago, IL 60606 | jmalkinson@mhtriallaw.com | 312-427-9600 | 312-427-9629 |
| **INDIRECT PURCHASER PLAINTIFFS** | | | | | |
| Adam Properties, Inc., D. Minn, 08-6030 | Paul Novak | Milberg LLP One Pennsylvania Plaza New York, NY 10119 | pnovak@milberg.com | 212-594-5300 | 212-868-1229 |
| Charles Zebrowski | Krishna B. Narine | Meredith & Narine 1521 Locust St. 8th floor Philadelphia, PA 19102 | knarine@m-npartners.com | 215-564-5182 | 215-569-0958 |
| Collette Merdzinski | Christoper Lovell | Lovell Stewart Halebian LLP 500 Fifth Avenue, Floor 58 New York, NY 10110 | clovell@lshllp.com | 212-608-1900 | 212-719-4775 |

Panel Attorney Service List - CMO No. 1 Par. 8 A
Updated 4/26/2012

| Party | Attorney | Address | E-Mail | Phone | Fax |
|---|---|---|---|---|---|
| Deborah Andrews | Krishna B. Narine | Meredith & Narine<br>1521 Locust St.<br>8th floor<br>Philadelphia, PA 19102 | knarine@m-npartners.com | 215-564-5182 | 215-569-0958 |
| Donn Camlin | Timothy D. Battin | Straus & Boles, LLP<br>4041 University Drive<br>5th Floor<br>Fairfax, VA 22030 | tbattin@straus-boles.com | 703-764-8700 | 703-764-8704 |
| James Anderson | Timothy D. Battin | Straus & Boles, LLP<br>4041 University Drive<br>5th Floor<br>Fairfax, VA 22030 | tbattin@straus-boles.com | 703-764-8700 | 703-764-8704 |
| Joan Gibbons | Timothy D. Battin | Straus & Boles, LLP<br>4041 University Drive<br>5th Floor<br>Fairfax, VA 22030 | tbattin@straus-boles.com | 703-764-8700 | 703-764-8704 |
| Kate Barry | Krishna B. Narine | Meredith & Narine<br>1521 Locust St.<br>8th floor<br>Philadelphia, PA 19102 | knarine@m-npartners.com | 215-564-5182 | 215-569-0958 |
| Lester Skinner | Timothy D. Battin | Straus & Boles, LLP<br>4041 University Drive<br>5th Floor<br>Fairfax, VA 22030 | tbattin@straus-boles.com | 703-764-8700 | 703-764-8704 |
| Lydia Newman | Timothy D. Battin | Straus & Boles, LLP<br>4041 University Drive<br>5th Floor<br>Fairfax, VA 22030 | tbattin@straus-boles.com | 703-764-8700 | 703-764-8704 |
| Lynsey Allen | Timothy D. Battin | Straus & Boles, LLP<br>4041 University Drive<br>5th Floor<br>Fairfax, VA 22030 | tbattin@straus-boles.com | 703-764-8700 | 703-764-8704 |
| Mark Moynahan | Krishna B. Narine | Meredith & Narine<br>1521 Locust St.<br>8th floor<br>Philadelphia, PA 19102 | knarine@m-npartners.com | 215-564-5182 | 215-569-0958 |
| Michael Dobson | Krishna B. Narine | Meredith & Narine<br>1521 Locust St.<br>8th floor<br>Philadelphia, PA 19102 | knarine@m-npartners.com | 215-564-5182 | 215-569-0958 |
| Patrice Tarrance | Timothy D. Battin | Straus & Boles, LLP<br>4041 University Drive<br>5th Floor<br>Fairfax, VA 22030 | tbattin@straus-boles.com | 703-764-8700 | 703-764-8704 |

Panel Attorney Service List - CMO No. 1 Par. 8 A
Updated 4/26/2012

| Party | Attorney | Address | E-Mail | Phone | Fax |
|---|---|---|---|---|---|
| Pilar de Castro & Co., Inc., et al., E.D. Pa., No. 09-101 | Timothy D. Battin | Straus & Boles, LLP 4041 University Drive 5th Floor Fairfax, VA 22030 | tbattin@straus-boles.com | 703-764-8700 | 703-764-8704 |
| Richard Bentley | Timothy D. Battin | Straus & Boles, LLP 4041 University Drive 5th Floor Fairfax, VA 22030 | tbattin@straus-boles.com | 703-764-8700 | 703-764-8704 |
| Sandra Drown | Krishna B. Narine | Meredith & Narine 1521 Locust St. 8th floor Philadelphia, PA 19102 | knarine@m-npartners.com | 215-564-5182 | 215-569-0958 |
| Scott Druschke | Krishna B. Narine | Meredith & Narine 1521 Locust St. 8th floor Philadelphia, PA 19102 | knarine@m-npartners.com | 215-564-5182 | 215-569-0958 |
| Scott Friedson | Krishna B. Narine | Meredith & Narine 1521 Locust St. 8th floor Philadelphia, PA 19102 | knarine@m-npartners.com | 215-564-5182 | 215-569-0958 |
| Sharon Defren | Krishna B. Narine | Meredith & Narine 1521 Locust St. 8th floor Philadelphia, PA 19102 | knarine@m-npartners.com | 215-564-5182 | 215-569-0958 |
| Teresa M. Collins | Timothy D. Battin | Straus & Boles, LLP 4041 University Drive 5th Floor Fairfax, VA 22030 | tbattin@straus-boles.com | 703-764-8700 | 703-764-8704 |
| Thomas McManus | Timothy D. Battin | Straus & Boles, LLP 4041 University Drive 5th Floor Fairfax, VA 22030 | tbattin@straus-boles.com | 703-764-8700 | 703-764-8704 |
| Thomas Williams, et al., E.D. Pa., No. 08-5431 | Krishna B. Narine | Meredith & Narine 1521 Locust St. 8th floor Philadelphia, PA 19102 | knarine@m-npartners.com | 215-914-2460 | 215-914-2462 |
| Zelda Rogers | Krishna B. Narine | Meredith & Narine 1521 Locust St. 8th floor Philadelphia, PA 19102 | knarine@m-npartners.com | 215-564-5182 | 215-569-0958 |
| Zequiri Corp., d/b/a Marketplace Café, D. Minn., No. 08-6239 | Christoper Lovell | Lovell Stewart Halebian LLP 500 Fifth Avenue, Floor 58 New York, NY 10110 | clovell@lshllp.com | 212-608-1900 | 212-719-4775 |

DIRECT ACTION
PLAINTIFFS

Case 2:12-83-00090-ctel-al Document #: 73-4 Filed: 01/16/20 Page 20 of 23 PageID #:537

## Panel Attorney Service List - CMO No. 1 Par. 8 A
### Updated 4/26/2012

| Party | Attorney | Address | E-Mail | Phone | Fax |
|---|---|---|---|---|---|
| Albertsons LLC | William J. Blechman | Kenny Nachwalter, P.A. 201 S. Biscayne Boulevard Suite 1100 Miami, FL 33131 | wblechman@kennynachwalter.com | 305-373-1000 | 305-372-1861 |
| C&S Wholesale Grocers, Inc. | Patrick J. Ahern | Baker & McKenzie 300 E. Randolph Drive Suite 5000 Chicago, IL 60601 | patrick.ahern@bakermckenzie.com | 312-861-3735 | 312-698-2034 |
| Conopco, Inc. | William J. Blechman | Kenny Nachwalter, P.A. 201 S. Biscayne Boulevard Suite 1100 Miami, FL 33131 | wblechman@kennynachwalter.com | 305-373-1000 | 305-372-1861 |
| General Mills, Inc., | John F. Kinney | Jenner & Block LLP 353 North Clark Street, 40th Floor Chicago, IL 60654 | jkinney@jenner.com | 312-923-2807 | 312-923-2907 |
| Giant Eagle, Inc. | Bernard D. Marcus | Marcus & Shapira LLP One Oxford Center, 35th Floor 301 Grant Street Pittsburgh, PA 15219 | marcus@marcus-shapira.com | 412-471-3490 | 412-301-8758 |
| H.E. Butt Grocery Co. | William J. Blechman | Kenny Nachwalter, P.A. 201 S. Biscayne Boulevard Suite 1100 Miami, FL 33131 | wblechman@kennynachwalter.com | 305-373-1000 | 305-372-1861 |
| Hy-Vee, Inc. | William J. Blechman | Kenny Nachwalter, P.A. 201 S. Biscayne Boulevard Suite 1100 Miami, FL 33131 | wblechman@kennynachwalter.com | 305-373-1000 | 305-372-1861 |
| Kellogg Company, The | John F. Kinney | Jenner & Block LLP 353 North Clark Street, 40th Floor Chicago, IL 60654 | jkinney@jenner.com | 312-923-2807 | 312-923-2907 |
| Kraft Foods Group, Inc., | John F. Kinney | Jenner & Block LLP 353 North Clark Street, 40th Floor Chicago, IL 60654 | jkinney@jenner.com | 312-923-2807 | 312-923-2907 |
| Nestlé USA, Inc., | John F. Kinney | Jenner & Block LLP 353 North Clark Street, 40th Floor Chicago, IL 60654 | jkinney@jenner.com | 312-923-2807 | 312-923-2907 |
| Publix Super Markets, Inc. | Linda P. Nussbaum | Grant & Eisenhofer P.A. 485 Lexington Avenue New York, NY 10017 | lnussbaum@gelaw.com | 646-722-8500 | 646-722-8501 |
| Roundy's Supermarkets, Inc. | Patrick J. Ahern | Baker & McKenzie 300 E. Randolph Drive Suite 5000 Chicago, IL 60601 | patrick.ahern@bakermckenzie.com | 312-861-3735 | 312-698-2034 |
| Safeway, Inc. | William J. Blechman | Kenny Nachwalter, P.A. 201 S. Biscayne Boulevard Suite 1100 Miami, FL 33131 | wblechman@kennynachwalter.com | 305-373-1000 | 305-372-1861 |

Panel Attorney Service List - CMO No. 1 Par. 8 A
Updated 4/26/2012

| Party | Attorney | Address | E-Mail | Phone | Fax |
|---|---|---|---|---|---|
| Supervalu, Inc. | David Germaine | Vanek, Vickers & Masini, P.C. 111 S. Wacker Drive, Suite 4050 Chicago, IL 60606 | dgermaine@vaneklaw.com | 312-224-1500 | 312-224-1510 |
| The Great Atlantic & Pacific Tea Company, Inc. | William J. Blechman | Kenny Nachwalter, P.A. 201 S. Biscayne Boulevard Suite 1100 Miami, FL 33131 | wblechman@kennynachwalter.com | 305-373-1000 | 305-372-1861 |
| The Kroger Co. | William J. Blechman | Kenny Nachwalter, P.A. 201 S. Biscayne Boulevard Suite 1100 Miami, FL 33131 | wblechman@kennynachwalter.com | 305-373-1000 | 305-372-1861 |
| Walgreen Co. | William J. Blechman | Kenny Nachwalter, P.A. 201 S. Biscayne Boulevard Suite 1100 Miami, FL 33131 | wblechman@kennynachwalter.com | 305-373-1000 | 305-372-1861 |
| Winn-Dixie Stores, Inc. | Patrick J. Ahern | Baker & McKenzie 300 E. Randolph Drive Suite 5000 Chicago, IL 60601 | patrick.ahern@bakermckenzie.com | 312-861-3735 | 312-698-2034 |
| **DEFENDANTS** | | | | | |
| Cal-Maine Foods, Inc. | Brian E. Robison | Gibson Dunn 2100 McKinney Avenue Suite 1100 Dallas, TX 75201-6912 | brobison@gibsondunn.com | 214-698-3370 | 214-671-2928 |
| Daybreak Foods, Inc. | Christopher E. Ondeck | Crowell & Moring LLP 1001 Pennsylvania Avenue, N.W. Washington, DC 20004 | condeck@crowell.com | 202-624-2855 | 202-628-5116 |
| Hillandale Farms East, Inc. | Samantha Southall | Buchanan Ingersoll & Rooney PC Two Liberty Place, 50 S. 16th Street, Suite 3200 Philadelphia, PA 19102 | samantha.southall@bipc.com | 215-665-3884 | 215-665-8760 |
| Hillandale Farms of PA, Inc. | Samantha Southall | Buchanan Ingersoll & Rooney PC Two Liberty Place, 50 S. 16th Street, Suite 3200 Philadelphia, PA 19102 | samantha.southall@bipc.com | 215-665-3884 | 215-665-8760 |
| Hillandale Farms, Inc. | Samantha Southall | Buchanan Ingersoll & Rooney PC Two Liberty Place, 50 S. 16th Street, Suite 3200 Philadelphia, PA 19102 | samantha.southall@bipc.com | 215-665-3884 | 215-665-8760 |
| Hillandale-Gettysburg, L.P. | Samantha Southall | Buchanan Ingersoll & Rooney PC Two Liberty Place, 50 S. 16th Street, Suite 3200 Philadelphia, PA 19102 | samantha.southall@bipc.com | 215-665-3884 | 215-665-8760 |

## Panel Attorney Service List - CMO No. 1 Par. 8 A
### Updated 4/26/2012

| Party | Attorney | Address | E-Mail | Phone | Fax |
|---|---|---|---|---|---|
| Land O'Lakes, Inc. | Nathan P. Eimer | Eimer Stahl Klevorn & Solberg LLP Suite 1100 224 South Michigan Avenue Chicago, IL 60604 | neimer@eimerstahl.com | 312-660-7601 | 312-692-1718 |
| Michael Foods, Inc. | Carrie M. Anderson | Weil, Gotshal & Manges LLP 1300 Eye Street, N.W., Washington, DC 20005 | carrie.anderson@weil.com | 202-682-7231 | 202-857-0939 |
| Midwest Poultry Services, L.P. | Kathy Osborn | Faegre Baker Daniels LLP 300 N. Meridian Street, Ste. 2700 Indianapolis, IN 46204 | kathy.osborn@faegrebd.com | 317-237-8261 | 317-237-1000 |
| Moark, LLC | Nathan P. Eimer | Eimer Stahl Klevorn & Solberg LLP Suite 1100 224 South Michigan Avenue Chicago, IL 60604 | neimer@eimerstahl.com | 312-660-7601 | 312-692-1718 |
| National Food Corporation | Marvin L. Gray, Jr. | Davis Wright Tremaine LLP 1201 3rd Avenue, Suite 2200 Seattle, WA 98101 | montyxgrav@dwt.com | 206-757-8054 | 206-757-7054 |
| Norco Ranch, Inc. | Nathan P. Eimer | Eimer Stahl Klevorn & Solberg LLP Suite 1100 224 South Michigan Avenue Chicago, IL 60604 | neimer@eimerstahl.com | 312-660-7601 | 312-692-1718 |
| NuCal Foods, Inc. | William M. Goodman | Kasowitz, Benson, Torres and Friedman LLP 101 California Street. Suite 2050 San Francisco, CA 94111 | wgoodman@kasowitz.com | 415-421-6140 | 415-398-5030 |
| Ohio Fresh Eggs, LLC | Joseph M. Callow, Jr. | Muething & Klekamp PLL One East Fourth Street Suite 1400 Cincinnati OH 452020 | jcallow@kmklaw.com | 513-579-6419 | 513-579-6457 |
| Papetti's Hygrade Egg Products, Inc. | Carrie M. Anderson | Weil, Gotshal & Manges LLP 1300 Eye Street, N.W., Washington, DC 20005 | carrie.anderson@weil.com | 202-682-7231 | 202-857-0939 |
| R.W. Sauder, Inc. d/b/a Sauder's Eggs | Christine Levin | Dechert LLP Cira Centre 2929 Arch Street Philadelphia, PA 19104-2808 | christine.levin@dechert.com | 215-994-2421 | 215-994-2222 |
| Rose Acre Farms, Inc. | Donald M. Barnes | Porter, Wright, Morris & Arthur, LLP 1919 Pennsylvania Ave., NW Suite 500 Washington, DC 20006-3434 | dbarnes@porterwright.com | 202-778-3056 | 202-778-3063 |
| Sparboe Farms, Inc. | Troy J. Hutchinson | Briggs and Morgan, Professional Association 2200 IDS Center 80 South Eighth Street Minneapolis, MN 55402 | thutchinson@briggs.com | 612-977-8415 | 612-977-8650 |

Panel Attorney Service List - CMO No. 1 Par. 8 A
Updated 4/26/2012

| Party | Attorney | Address | E-Mail | Phone | Fax |
|---|---|---|---|---|---|
| United Egg Assocation | Robin P. Sumner | Pepper Hamilton, LLP<br>3000 Two Logan Square<br>18th and Arch Streets<br>Philadelphia, PA 19103-2799 | sumnerr@pepperlaw.com | 215-981-4652 | 215-981-4750 |
| United Egg Producers, Inc. | Robin P. Sumner | Pepper Hamilton, LLP<br>3000 Two Logan Square<br>18th and Arch Streets<br>Philadelphia, PA 19103-2799 | sumnerr@pepperlaw.com | 215-981-4652 | 215-981-4750 |
| United States Egg Marketers, Inc. | Robin P. Sumner | Pepper Hamilton, LLP<br>3000 Two Logan Square<br>18th and Arch Streets<br>Philadelphia, PA 19103-2799 | sumnerr@pepperlaw.com | 215-981-4652 | 215-981-4750 |
| Weaver Bros., Inc. | Thomas L. Czechowski | Dinsmore & Shohl LLP<br>1100 Courthouse Plaza SW<br>10 N. Ludlow St.<br>Dayton, OH 45402 | thomas.czechowski@dinsmore.com | 937-463-4928 | 937-449-2836 |