# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE PROCESSED EGG PRODUCTS ANTITRUST LITIGATION | ) ) ) ) ) ) ) Case No. 2:12-cv-00088 ) MDL No. 2002 ) Docket No: 08-md-2002 ) THIS DOCUMENT RELATES TO: ) Kraft Foods Global, Inc. et al. v. United Egg ) Producers, Inc. et al. ) ) ) ) |

## ANSWER OF DEFENDANT R.W. SAUDER, INC.
## TO THE FIRST AMENDED COMPLAINT

R. W. Sauder, Inc. ("Sauder") answers the First Amended Complaint of Kraft Foods Global ("Kraft"), The Kellogg Company ("Kellogg), General Mills, Inc. ("GM") and Nestle USA, Inc. ("Nestle"), (Kraft, Kellogg, GM and Nestle will be referred to collectively as "Plaintiffs") as follows.

**PRELIMINARY STATEMENT**

Sauder notes that large portions of Plaintiffs' First Amended Complaint consist of (1) allegations directed generally at "Defendants" or specifically at other Parties; (2) allegations about what plaintiffs did or did not know or do, (3) summaries of or incomplete quotations from documents; (4) legal conclusions; or (5) allegations contained in the Direct Purchaser Second Consolidated Amended Class Action Complaint, which Sauder has already answered. Sauder can only answer those allegations that are directed at it. Sauder is without knowledge or information sufficient to form a belief as to the truth of allegations directed at others or that

relate to Plaintiffs' knowledge or actions or lack thereof and they are therefore deemed denied. Allegations that consist of purported quotations from documents or summaries of documents are deemed denied as the document itself is the best evidence of its contents. No response is required as to the legal conclusions and they are therefore deemed denied. Sauder incorporates by reference its answer to the Second Consolidated Amended Class Action Complaint. Sauder denies all allegations of Plaintiffs' First Amended Complaint for the reasons stated above, or because they are untrue, except those expressly admitted in either this Answer or Sauder's Answer to the Second Consolidated Amended Class Action Complaint. To be clear, Sauder expressly denies all allegations that it participated in any conspiracy to reduce flock size or increase egg prices.

## ANSWER

1. See Preliminary Statement.

2. Sauder has produced shell eggs during the scope of the alleged conspiracy but denies that it has engaged in any conspiracy. Sauder is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which are directed at other defendants, and they are therefore deemed denied.

3. Sauder denies that it engaged in any conspiracy to control supply and artificially maintain and increase the price of eggs or that it has harmed Plaintiffs in any way. Sauder is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which are directed at other defendants, and they are therefore deemed denied.

4.-6. See Preliminary Statement.

7. Sauder denies that it engaged in any conspiracy to control supply and artificially maintain and increase the price of eggs. Specifically it denies that it has ever agreed to flock molts or reduction in inventory, hatch reduction programs, hen disposal plans, flock disposal plans, "intentions programs" or prohibitions on "backfilling." By way of further answer, Sauder admits that it incorporated the UEP Certified Guidelines into its production practices because of, *inter alia,* Sauder's understanding that the Guidelines represent sound animal husbandry practices and were responsive to consumer demand, and not for the reasons alleged in this paragraph. Sauder admits that as a part of the UEP Certified program, it submitted to periodic reporting requirements but not for any conspiratorial purpose or as a means of detecting "cheating." Sauder further admits that it made an independent business decision to export eggs from time to time, but not for the purpose alleged in this paragraph. Sauder is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which are directed at other defendants or purport to summarize what plaintiffs did or did not know, and they are therefore deemed denied.

8.-11. See Preliminary Statement.

12. See Preliminary Statement. Sauder admits only that it transacted business within this District.

13.-52. See Preliminary Statement.

53. Sauder admits that it is incorporated under the laws of the Commonwealth of Pennsylvania and has a principal place of business in Lititz, Pennsylvania. Sauder further admits that it sells table eggs and has its own processing and marketing operations. Sauder joined UEP

3

in or about 2004. Sauder is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph or else denies them.

54.     Sauder admits that it made an independent business decision to incorporate the UEP Certified Guidelines into its husbandry practices and has from time to time made an independent business decision to export eggs. Sauder denies that it participated in any conspiracy to control supply and artificially maintain and increase egg prices or that it participated in short-term supply reduction schemes. Sauder admits that Paul Sauder attended the UEP Annual Board Meeting in October 2002 in Savannah, Georgia and the April 2005 Producer Committee for Animal Welfare meeting in Chicago and that he has served on the UEP's Shell Egg Price Discovery Committee, the Producer Committee for Animal Welfare and the Public Relations Committee. Sauder denies that it is or has been a member of USEM. Sauder is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and they are therefore deemed denied.

55.-86.     See Preliminary Statement.

87.-88.     Sauder admits only that the terms set forth in these paragraphs sometimes appear to be utilized by some people in the manner alleged. Sauder denies the remaining allegations of these paragraphs.

89.-107.    See Preliminary Statement.

108-09.     Sauder denies the allegations of these paragraphs insofar as they are directed at Sauder. Sauder is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which are directed at other defendants, and they are therefore deemed denied.

4

110. Sauder admits the allegations of this paragraph insofar as they are directed at Sauder. Sauder is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which are directed at other defendants, and they are therefore deemed denied.

111. Sauder denies the allegations of this paragraph insofar as they are directed at Sauder. Sauder is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which are directed at other defendants, and they are therefore deemed denied.

112. Sauder denies the allegations of this paragraph insofar as they are directed at Sauder and are meant to imply wrongful contacts between competitors. Sauder specifically denies that it engaged in any conspiracy. Sauder is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which are directed at other defendants, and they are therefore deemed denied.

113. Sauder admits that certain customers have paid for eggs purchased from Sauder by check. Sauder denies the implication that it has sold eggs to Plaintiffs. Sauder is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which are directed at other defendants, and they are therefore deemed denied.

114. Sauder denies the allegations of this paragraph insofar as they are directed at Sauder. Sauder specifically denies that it engaged in any conspiracy. Sauder is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which are directed at other defendants, and they are therefore deemed denied.

115-18. See Preliminary Statement.

119. Sauder admits that it made independent business decisions to incorporate the UEP Certified Guidelines into its animal husbandry practices and to export eggs from time to time but denies that these decisions were made for the purpose or intent alleged. Sauder denies the remaining allegations of this paragraph that are directed at it. Sauder is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which are directed at other defendants, and they are therefore deemed denied.

120-29. See Preliminary Statement.

130. Sauder admits that it attended the April 2005 Animal Welfare Committee meeting but denies that it engaged in any wrongful conduct. Sauder is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

131. See Preliminary Statement.

132. Sauder admits that it submitted compliance reports to UEP from time to time. Sauder is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which are directed at other defendants, and they are therefore deemed denied.

133-40. See Preliminary Statement.

141. Sauder admits that it made an independent business decision to export eggs from time to time but denies that it was for the purpose alleged. Sauder is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which are directed at other defendants, and they are therefore deemed denied.

142. Sauder admits that it made an independent business decision to export eggs from time to time but denies that at the time the decision was made Sauder could have sold the eggs

6

for a higher price elsewhere. Sauder is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which are directed at other defendants, and they are therefore deemed denied.

143. See Preliminary Statement.

144. Sauder admits that it made an independent business decision to export eggs from time to time but denies that it was for the purpose alleged. Sauder is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which are directed at other defendants, and they are therefore deemed denied.

145. See Preliminary Statement.

146. Sauder denies that it agreed to short term measures to control supply or increase the price of eggs. Sauder is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which are directed at other defendants, and they are therefore deemed denied.

147-66. See Preliminary Statement.

167. Sauder denies that it entered into any agreement to control supply and or to artificially maintain and increase the price of eggs. Sauder is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which are directed at other defendants, and they are therefore deemed denied.

168-93. See Preliminary Statement.

194-210. Sauder denies that it engaged in any conspiracy to control or manipulate supply and fix and raise prices for eggs or egg products or that it took any acts in furtherance of such a conspiracy or that it acted to affirmatively conceal the existence of any such conspiracy.

7

Sauder further denies the allegations of these paragraphs as legal conclusions. Sauder is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of these paragraphs, some of which are directed at other defendants and some of which related to what plaintiffs may or may not have known, and they are therefore deemed denied.

211. Sauder denies that it sold eggs, in "substantial quantities" or otherwise, to plaintiffs during the relevant period. Sauder denies the remaining allegations of this paragraph as well. Sauder is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which are directed at other defendants, and they are therefore deemed denied.

212. Sauder denies the allegations of this paragraph insofar as they are directed at Sauder. Sauder denies the remaining allegations of this paragraph as well. Sauder is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which are directed at other defendants, and they are therefore deemed denied.

## **AFFIRMATIVE DEFENSES**

The inclusion of any ground within this section does not constitute an admission that Sauder bears the burden of proof on each or any of the matters, nor does it excuse Plaintiffs from establishing each element of its purported claim for relief.

1. The Complaint fails to state a claim upon which relief can be granted.

2. Sauder's actions were within the scope of the antitrust immunity provided by the Capper-Volstead Act, 7 U.S.C. § 291, in whole or in part.

8

3. Sauder's actions were within the scope of the antitrust immunity provided by § 5 of the Cooperative Marketing Association Act, 7 U.S.C. § 455, in whole or in part.

4. Sauder's actions were within the scope of the antitrust immunity provided by § 6 of the Clayton Act, 15 U.S.C. § 17, in whole or in part.

5. Plaintiffs' claims are barred, in whole or in part, by the Agricultural Marketing Act of 1929, 12 U.S.C. § 1141(a).

6. Plaintiffs' claims are barred, in whole or in part, by 7 U.S.C. § 292's grant of exclusive or primary jurisdiction to the United States Secretary of Agriculture.

7. If, for some technical reason, Defendants UEP and/or USEM were not exempt from Plaintiffs' claims under the foregoing immunities or any or all of the alleged acts and omissions of Defendants were not within the scope of the foregoing immunities, Sauder mistakenly believed that those entities were exempt and acted within the scope of the foregoing immunities, and neither Plaintiffs' claims nor any antitrust injury were reasonably foreseeable by Sauder. At all relevant times, Sauder acted in good faith and with intent to comply with the law.

8. If, for some technical reason, Defendants UEP and/or USEM were not exempt from Plaintiffs' claims under the foregoing immunities or any or all of the alleged acts and omissions of Defendants were not within the scope of the foregoing immunities, any resulting damages should be equitably mitigated.

9. If, for some technical reason, any or all of the alleged acts and omissions of defendants were not within the scope of the foregoing immunities, any such technical defects should be ignored as de minimis.

9

10. If, for some technical reason, any or all of the alleged acts and omissions of defendants were not within the scope of the foregoing immunities, resulting damages are limited to those that Plaintiffs can show to have directly resulted from unlawful activity, to be separate from the effects of lawful, concerted activity, and to have been reasonably foreseeable by Sauder.

11. Sauder cannot be found liable for a violation of the antitrust laws due to the conduct of others that it neither knew about nor controlled.

12. Plaintiffs' claims and those of the purported class are barred by the applicable statutes of limitations or the doctrine of laches.

13. Sauder did not unreasonably restrain trade or commerce and had no purpose or intent to injure competition.

14. Plaintiffs lack standing and/or antitrust standing under the applicable federal laws.

15. Plaintiffs' claims are barred because it has not suffered antitrust injury or injury in fact. In addition, any injuries to Plaintiffs were caused solely by the acts, wrongs or omissions of Plaintiffs or other persons or entities over which Sauder has no control and for which Sauder is not liable.

16. Some or all of the damages sought on behalf of direct purchasers are duplicative of damages sought on behalf of indirect purchasers. Double recovery should not be permitted.

17. Plaintiffs have failed to join all necessary parties for a just adjudication.

18. Plaintiffs are barred from recovery because of and to the extent of its failure to mitigate damages.

19. Plaintiffs are barred from any recovery from Sauder because Sauder's actions were privileged, did not unreasonably restrain trade and were based on independent and legitimate business judgment.

20. Plaintiffs' claims are barred by the *Noerr-Pennington* doctrine, the state action doctrine, and/or the doctrine of implied immunity; Plaintiffs' claims are further barred because the alleged conduct that is the subject of the Complaint was caused by, due, based upon, or in response to directives, laws, regulations, authorizations, policies and/or acts of government and/or their agencies.

21. Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver, ratification, or estoppel.

22. Plaintiffs' claims are barred, in whole or in part, because the pro-competitive benefits of the conduct alleged by Plaintiffs outweighs any alleged anti-competitive effects.

23. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have failed to allege relevant product and geographic markets.

24. Plaintiffs' damages claims are barred, in whole or in part, because the damages it seeks are speculative and uncertain.

25. Plaintiffs' claims are barred, in whole or in part, because its claims of fraud or misrepresentation are plead with insufficient specificity.

Case: 1:11-cv-08808 Document #: 73-5 Filed: 01/16/20 Page 12 of 15 PageID #:552
Case 2:12-cv-00088-GEKP Document 9 Filed 04/20/12 Page 12 of 15

26. To the extent that Plaintiffs seek to collect treble damages, attorneys' fees and expenses, and other monetary relief from Sauder, it seeks a recovery that is so grossly excessive and inequitable that it would violate the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

27. Plaintiffs' claims are barred, in whole or in part, because legitimate standard setting through cooperatives cannot give rise to antitrust liability.

28. Plaintiffs' claims are barred because Plaintiffs have not suffered any damages as a result of matters alleged in the Petition.

29. There is no direct and proximate causal connection between any claim of harm or injury alleged by Plaintiffs and any acts alleged to have been committed by Sauder.

30. Plaintiffs' claims are barred, in whole or in part, because the claims are governed by the rule of reason, and Plaintiffs have not alleged and cannot prove the elements of a rule of reason claim.

31. Plaintiffs' claims are barred, in whole or in part, by the doctrines of *in pari delicto*, involvement, participation, equal involvement, complete involvement, or unclean hands.

32. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs were co-initiators, co-conspirators, or involved in creating, maintaining, supporting, relying on, implementing, or otherwise utilizing the conduct and programs challenged in this action.

33. Plaintiffs cannot demonstrate that Defendants' conduct was outside the scope of the foregoing immunities or that Defendants' prices were unduly enhanced as a result of any or all of the alleged acts and omissions. The United States Department of Agriculture ("USDA")

was fully aware of the conduct relevant to Plaintiffs' claims, and it regularly monitors and reports upon egg prices. However, the USDA never sought to object to, or to halt, any conduct by Defendants despite the fact that Section 2 of the Capper-Volstead Act, 7 U.S.C. § 292, provides that the Secretary of Agriculture "shall issue" an order directing agricultural associations "to cease and desist" conduct that causes the prices of agricultural products to be "unduly enhanced."

34. Plaintiffs' claims are barred, in whole or in part, because of the *Copperweld* doctrine.

35. Sauder adopts and incorporates by reference any and all defenses asserted or to be asserted by any other defendant in this proceeding to the extent Sauder may share in such defenses.

36. Sauder reserves the right to assert additional defenses at any time prior to the conclusion of trial to the extent that such defenses become known to Sauder as a result of discovery or pretrial preparation.

## PRAYER FOR RELIEF

**WHEREFORE**, Sauder respectfully requests as follows:

(a) that the Court enter judgment in Sauder's favor on each of the Plaintiffs' counts;

(b) that Plaintiffs' claims against Sauder be dismissed with prejudice;

(c) that Sauder be awarded the costs, expenses, and fees which it incurs in defending this action;

(d) that Sauder be awarded other relief as the Court deems just and proper.

Dated: April 26, 2012  Respectfully submitted,

/s/ Christine C. Levin
Joseph A. Tate (04952)
Christine C. Levin (37807)
Carolyn E. Budzinski (208072)
Dechert LLP
2929 Arch Street
Philadelphia, PA 19104
Tel: 215-994-4000
joseph.tate@dechert.com
christine.levin@dechert.com

*Attorneys for Defendant R.W. Sauder, Inc.*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Answer of R.W. Sauder, Inc. to the Amended Complaint of Kraft Foods Global, Inc., et al. was filed on this 26th day of April, 2012, via the court's ECF system, and thereby served on all parties of record registered with the ECF system.

/s/ Christine C. Levin

Joseph A. Tate (04952)
Christine C. Levin (37807)
Carolyn E. Budzinski (208072)
Dechert LLP
2929 Arch Street
Philadelphia, PA 19104
Tel: 215-994-4000
joseph.tate@dechert.com
christine.levin@dechert.com

*Attorneys for Defendant R.W. Sauder, Inc.*