## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| | : | |
| | : | |
| IN RE PROCESSED EGG PRODUCTS | : | MDL No. 2002 |
| ANTITRUST LITIGATION | : | 08-md-02002 |
| _____ | : | |
| | : | |
| THIS DOCUMENT RELATES TO: | : | Civil Action No. 2:12-cv-00088-GP |
| Kraft Foods Global, Inc. et al v. | : | |
| United Egg Producers, Inc. et all | : | |
| No. 1:11-cv-08808 | : | |
| | : | |

### DEFENDANT HILLANDALE FARMS OF PA, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendant Hillandale Farms of Pa., Inc. ("Hillandale PA"), by and through its counsel, hereby answers the First Amended Complaint (the "Complaint") filed by Plaintiffs Kraft Foods Global, Inc., The Kellogg Company, General Mills, Inc., and Nestlé USA, Inc. (collectively, "Plaintiffs") as follows.

### PRELIMINARY STATEMENT

By way of general response, Federal Rule of Civil Procedure 8(b) requires "short and plain" answers. Federal Rule of Civil Procedure 8(b) states that a denial must fairly respond to the substance of the allegations and that a party may generally deny all allegations contained in a paragraph except for those that are specifically admitted. Moreover, all pleadings must be construed as to do justice. Fed. R. Civ. P. 8(e).

Hillandale PA denies all allegations in the Complaint unless specifically admitted. Moreover, any factual allegation that is admitted below is admitted only as to specific facts therein and not as to any conclusions, legal or otherwise, characterizations, implications or speculation in the Complaint as a whole. Further, the answers of Hillandale PA are to those

allegations which are or which could be understood to be asserted against Hillandale PA and unless specifically noted herein, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of those allegations directed towards any other defendant or defendants and on that basis denies them.

To the extent that an allegation contains a mix of alleged fact and legal conclusions, Hillandale PA denies such comingled allegations except for those that are specifically admitted. *See Charleston v. Salon Secrets Day Spa, Inc.,* No. 08-5889, 2009 U.S. Dist. Lexis 53073, at *5 (E.D. Pa. June 24, 2009) (holding that answer on the basis that the averments assert conclusions of law to which no response is required was sufficient to deny the allegations); *Am. & Foreign Ins. Co. v. Phoenix Petroleum Co.,* No. 97-3349, 1998 U.S. Dist. LEXIS 20411, 1998 WL 966008, at *3 (E.D. Pa. Dec. 22, 1998) (finding that denials on the basis that the allegations were conclusions of law "meet the substance of the averments" and are "sufficient and do not constitute failures to deny").

Plaintiffs' allegations in the Complaint include quoted material without any attribution or citation. Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Fed. R. Civ. P. 8(b)(5). Hillandale PA has no obligation to investigate the source(s) of material Plaintiffs purport to characterize or quote without attribution or citation, and therefore denies those allegations.

Plaintiffs also appear to have extracted many averments in the Complaint from documents and other writings, both attributed and unattributed. Hillandale PA denies Plaintiffs' characterizations of those documents, which are writings that speak for themselves. *See Great W. Life Assurance Co. v. Levithan,* 834 F. Supp. 858, 865 (E.D. Pa. 1993) (holding that responses stating that "writings speak for themselves" were sufficient because "such responses

are denials of the Plaintiff's characterization of the writings"); *Am. & Foreign Ins. Co.,* 1998 WL 966008, at *3 (holding that responses which state that a contract speaks for itself meet the substance of the averments).

Hillandale PA acknowledges that Plaintiffs purport to define both "shell eggs" and "egg products." Hillandale PA takes no position as to the accuracy of Plaintiffs' purported definitions or terminology. To the extent that Hillandale PA admits any allegations containing this terminology, Hillandale PA's admission relates only to the terms as defined by Plaintiffs.

Hillandale PA denies any allegations set forth or innuendo suggested by Plaintiffs' headings.

Hillandale PA incorporates this Preliminary Statement into each numbered paragraph of this Answer as if set forth in its entirety.

## ANSWER

1.      Admitted in part; denied in part. Hillandale PA admits only that Plaintiffs purport to define "eggs," "shell eggs," and "egg products" as set forth in Paragraph 1 of the Complaint. Hillandale PA denies the remaining allegations contained in Paragraph 1.

2.      Denied. Hillandale PA specifically denies that it is a shell egg producer, egg products producer or a trade group. Hillandale PA also denies that it participated in any agreement or conspiracy to control supply and artificially maintain and increase the price of eggs or in any other illegal agreement. Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 2 and therefore denies them.

3.      Denied. Hillandale PA denies that it participated in any agreement or conspiracy to control supply and artificially maintain and increase the price of eggs or in any other illegal

agreement, and that any Plaintiff was harmed by any action taken by Hillandale PA. After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 3 and therefore denies them.

4.     Admitted in part; denied in part. Hillandale PA admits only that egg prices change over time in most or all markets in which various types of eggs are sold. Paragraph 4 of the Complaint does not specify the market or type of eggs or egg products to which it refers and contains characterizations and statements of opinion rather than a short and plain statement of the facts supporting the Plaintiffs' claims, and therefore Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the those allegations contained in Paragraph 4 and therefore denies them. By way of further response, to the extent that Plaintiffs purport to characterize the contents of the document referred to in Paragraph 4, Hillandale PA denies Plaintiffs' characterization of that document, which is a writing that speaks for itself. Hillandale PA denies the remaining allegations contained in Paragraph 4.

5.     Denied. Paragraph 5 of the Complaint constitutes an attempt to characterize the contents of the documents referred to in Paragraph 5, which are writings speak for themselves, and Hillandale PA denies Plaintiffs' characterizations of those documents. Hillandale PA denies the remaining allegations contained in Paragraph 5.

6.     Denied. Hillandale PA denies that it participated in any agreement or conspiracy to control supply and artificially maintain and increase the price of eggs or in any other illegal agreement. After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 6 and therefore denies them.

7.      Admitted in part; denied in part.  Hillandale PA admits only that Moark LLC, Norco Ranch, Inc., Land O'Lakes, Inc. and Sparboe Farms, Inc. entered into class action settlement agreement with the direct purchaser plaintiffs in the MDL proceeding, that those agreements were preliminarily approved by the MDL court, and that Plaintiffs have selectively quoted from the documents described in Paragraph 7.  Hillandale PA denies Plaintiffs' characterizations of those documents or any other documents Plaintiffs refer to in this paragraph, which are writings that speak for themselves.  Hillandale PA denies the remaining allegations contained in Paragraph 7, including all subparts, insofar as they relate to Hillandale PA.  After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 7.

8.      Admitted in part; denied in part.  Hillandale PA admits only that Plaintiffs are selectively quoting from the documents described in Paragraph 8 of the Complaint.  Hillandale PA denies Plaintiffs' characterizations of those documents, which are writings that speak for themselves.  Hillandale PA denies the remaining allegations contained in Paragraph 8.

9.      Denied.  Hillandale PA admits only that Plaintiffs are selectively quoting from the document described in Paragraph 9 of the Complaint.  Hillandale PA denies Plaintiffs' characterizations of that document, which is a writing that speaks for itself.  Hillandale PA denies the remaining allegations contained in Paragraph 9.

10.      Denied.  Hillandale PA admits only that Plaintiffs are selectively quoting from the document described in Paragraph 10 of the Complaint. Hillandale PA denies Plaintiffs' characterizations of that document, which is a writing that speaks for itself.  Hillandale PA denies the remaining allegations contained in Paragraph 10.

11.       Admitted in part; denied in part. Hillandale PA admits only that Plaintiffs purport to bring this litigation under the statutes named in Paragraph 11 of the Complaint and specifically denies that Plaintiffs are entitled to any relief as against Hillandale PA. The remainder of Paragraph 11 consists of legal conclusions as to which no response is required. To the extent this paragraph is deemed to require a further response, Hillandale PA denies the remaining allegations contained in this paragraph.

12.       Admitted in part; denied in part. Hillandale PA admits only that it transacts business in the Eastern District of Pennsylvania and that Plaintiffs assert that venue is proper in the Eastern District of Pennsylvania. To the extent the allegations contained in Paragraph 12 are conclusions of law, no response is required and they are deemed denied. Hillandale PA denies the remaining allegations contained in this paragraph.

13.       Admitted in part; denied in part. Hillandale PA admits only that it transacts business in the Eastern District of Pennsylvania and that Plaintiffs assert that this Court has personal jurisdiction over Hillandale PA. To the extent the allegations contained in Paragraph 12 are conclusions of law, no response is required and they are deemed denied. Hillandale PA denies the remaining allegations contained in this paragraph.

14.       Denied. Hillandale PA denies that Plaintiff Kraft Foods purchased eggs from it or that Kraft Foods was harmed by any action taken by Hillandale PA. After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 14 and therefore denies them.

15.       Denied. Hillandale PA denies that Plaintiff Kellogg purchased eggs from it or that Kellogg was harmed by any action taken by Hillandale PA. After reasonable investigation,

Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 15 and therefore denies them.

16.     Denied.  Hillandale PA denies that Plaintiff General Mills purchased eggs from it or that General Mills was harmed by any action taken by Hillandale PA.  After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 16 and therefore denies them.

17.     Denied.  Hillandale PA denies that Plaintiff Nestlé USA purchased eggs from it or that Nestlé USA was harmed by any action taken by Hillandale PA.  After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 17 and therefore denies them.

18.     Denied.  After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 and therefore denies them.

19.     Denied.  After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 and therefore denies them.

20.     Denied.  After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 and therefore denies them.

21.     Denied.  After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 and therefore denies them.

22.     Denied.  After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 including all subparts, and therefore denies them.

23.     Denied.  After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 and therefore denies them.

24.     Denied.  After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 and therefore denies them.

25.     Denied.  After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 and therefore denies them.

26.     Denied.  After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 including all subparts, and therefore denies them.

27.     Admitted.

28.     Admitted in part; denied in part.  Hillandale PA admits only that it was established in 1962; that Orland Bethel owns Hillandale PA and Hillandale Farms, Inc.; that Orland Bethel holds an ownership interest in Hillandale-Gettysburg, L.P. and that Gary Bethel holds an ownership interest in Hillandale Farms East, Inc.  Hillandale PA specifically denies that it is an egg producer.  Hillandale PA denies the remaining allegations of Paragraph 28 contained in the Complaint.

29. Admitted in part; denied in part. Hillandale PA admits only that Hillandale PA marketed and sold UEP certified shell eggs produced by, among others, Hillandale-Gettysburg and Ohio Fresh Eggs at certain times during the alleged relevant time period. Hillandale PA denies that it was a member of UEP or its representatives served on UEP committees or the UEP Board of Directors during the alleged relevant period. Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the allegations after the comma in Paragraph 29(A) of the Complaint and therefore denies them. To the extent that the allegations contained in Complaint are based on written documents, those documents speak for themselves and Hillandale PA denies Plaintiffs' characterizations of them. Hillandale PA denies the remaining allegations of Paragraph 29 of the Complaint, including its subparts.

30. Denied. After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 and therefore denies them.

31. Denied. After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 and therefore denies them.

32. Denied. After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 and therefore denies them.

33. Denied. After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 and therefore denies them.

34.     Denied.   After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 and therefore denies them.

35.     Denied.   After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 and therefore denies them.

36.     Denied.   After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 and therefore denies them.

37.     Denied.   After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 and therefore denies them.

38.     Denied.   After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38, including all subparts, and therefore denies them.

39.     Denied.   After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 and therefore denies them.

40.     Denied.   After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40, including all subparts, and therefore denies them.

41.     Denied.    After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 and therefore denies them.

42.     Denied.    After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 and therefore denies them.

43.     Denied.    After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43, including all subparts, and therefore denies them.

44.     Denied.    After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 and therefore denies them.

45.     Denied.    After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45, including all subparts, and therefore denies them.

46.     Admitted in part; denied in part.    Hillandale PA only admits that Ohio Fresh Eggs, LLC has its principal place of business in Croton, Ohio; that Hillandale Farms LLC had a seventy percent membership interest in Ohio Fresh Eggs, LLC at certain times during the alleged relevant period; that Orland Bethel is the sole member of Hillandale Farms, LLC, and that Hillandale PA indirectly purchases shell eggs from Ohio Fresh.  After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 46, and therefore denies them.

47.     Denied.    After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47, including all subparts, and therefore denies them.

48.     Denied.    After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 and therefore denies them.

49.     Denied.    After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 and therefore denies them.

50.     Denied.    After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 and therefore denies them.

51.     Denied.    After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 and therefore denies them.

52.     Denied.    After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 including all subparts, and therefore denies them.

53.     Denied.    After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 and therefore denies them.

54.     Denied.   After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54, including all subparts, and therefore denies them.

55.     Denied.   After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 and therefore denies them.

56.     Denied.   After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 and therefore denies them.

57.     Denied.   After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57, including all subparts, and therefore denies them.

58.     Admitted in part; denied in part.  Hillandale PA admits only that UEP is a Capper-Volstead Agricultural Cooperative corporation organized and existing under the laws of the State of Georgia.   After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 58 and therefore denies them.

59.     Admitted in part; denied in part.  Hillandale PA admits only that UEP's principal place of business is in Alpharetta, Georgia; that Gene Gregory is the President of UEP; and that Al Pope is the former President of UEP.  After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 59 and therefore denies them.

60. Admitted in part; denied in part. Hillandale PA admits only that UEP administers the UEP Certified Program. Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 60 and therefore denies them.

61. Admitted in part; denied in part. Hillandale PA admits only that USEM is a Capper-Volstead Agricultural Cooperative organized and existing under the laws of the State of Georgia with its principal place of business in Alpharetta, Georgia and that Gene Gregory is the President of UEP. After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61 and therefore denies them.

62. Admitted in part; denied in part. Hillandale PA admits only that Plaintiffs are selectively quoting from the document referred to in Paragraph 62. Hillandale PA denies Plaintiffs' characterizations of that document, which is a writing that speaks for itself. After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 62 and therefore denies them.

63. Denied. After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63 and therefore denies them.

64. Admitted in part; denied in part. Hillandale PA admits only that UEA is a District of Columbia nonprofit corporation with its principal place of business in Alpharetta, Georgia; that Gene Gregory is the President of UEP; and that Chad Gregory is Gene Gregory's son and is a senior vice president of UEP. After reasonable investigation, Hillandale PA lacks knowledge

or information sufficient to form a belief as to the truth of the remaining allegations contained in
Paragraph 64 and therefore denies them.

65. Denied. After reasonable investigation, Hillandale PA lacks knowledge or
information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65
and therefore denies them.

66. Denied. After reasonable investigation, Hillandale PA lacks knowledge or
information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66
and therefore denies them.

67. Denied. After reasonable investigation, Hillandale PA lacks knowledge or
information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67
and therefore denies them.

68. Denied. After reasonable investigation, Hillandale PA lacks knowledge or
information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68
and therefore denies them.

69. Denied. After reasonable investigation, Hillandale PA lacks knowledge or
information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69
including all subparts, and therefore denies them.

70. Denied. After reasonable investigation, Hillandale PA lacks knowledge or
information sufficient to form a belief as to the truth of the allegations contained in Paragraph
70, including all subparts, and therefore denies them.

71. Admitted in part; denied in part. Hillandale PA admits only that Hillandale
Farms, Inc. is a corporation organized and existing under the laws of Ohio with a principal place
of business in Corry, Pennsylvania, is owned by Orland Bethel and that Gary Bethel is the

President and Secretary of Hillandale Farms, Inc. Hillandale PA denies the remaining allegations of Paragraph 71 of the Complaint.

72.     Admitted in part; denied in part. Hillandale PA admits only that Hillandale-Gettysburg L.P. is a limited partnership organized and existing under the laws of Pennsylvania with its principal place of business in Gettysburg, Pennsylvania; that Orland Bethel holds an ownership interest in Hillandale-Gettysburg L.P.; and that Don Hershey is a limited partner of Hillandale-Gettysburg L.P. Hillandale PA denies the remaining allegations of Paragraph 72 contained in the Complaint.

73.     Admitted in part; denied in part. Hillandale PA admits only that Hillandale Farms East, Inc. is a corporation organized and existing under the laws of Pennsylvania with its principal place of business in Spring Grove, Pennsylvania; that Hillandale PA has a 57% ownership interest in Hillandale Farms East, Inc.; that Gary Bethel holds an ownership interest in and is president of Hillandale Farms East, Inc., and that Orland Bethel is secretary and treasurer of Hillandale Farms East, Inc. Hillandale PA denies the remaining allegations contained in Paragraph 73 of the Complaint.

74.     Admitted in part; denied in part. Hillandale PA admits only that Plaintiffs purport to collectively refer to Hillandale Farms, Inc.; Hillandale Farms East, Inc.; and Hillandale-Gettysburg, L.P. as "Hillandale Farms." Hillandale PA further admits that Orland Bethel owns Hillandale PA; that Hillandale Farms East, Inc. is owned in part by Gary Bethel; that Hillandale-Gettysburg, L.P. is owned in part by Orland Bethel; and that Donald Hershey is a limited partner of Hillandale-Gettysburg, L.P. To the extent that the allegations of this paragraph constitute legal conclusions, no response is required. Hillandale PA denies the remaining allegations contained in Paragraph 74 of the Complaint.

75. Admitted in part; denied in part. Hillandale PA admits only that Hillandale-Gettysburg, L.P. was a member of UEP at certain times during the alleged relevant time period and that Ron Ballew and James Minkin, as representatives of Hillandale-Gettysburg, L.P., served on the UEP Shell Egg Marketing Committee and Environmental Committee in 2008 but deny that they actively participated in those committees. Hillandale PA denies the remaining allegations contained in Paragraph 75 of the Complaint.

76. Denied. After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 76 and therefore denies them.

77. Denied. After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 77 and therefore denies them.

78. Denied. After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 78, including all subparts, and therefore denies them.

79. Denied. After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 77, and therefore denies them.

80. Admitted in part; denied in part. Hillandale PA admits only that the processes described in Paragraph 80 take place in the United States egg industry. Hillandale PA denies the remaining allegations, implications, and characterizations of Paragraph 80.

81. Denied. To the extent that the allegations contained in Paragraph 81 of the Complaint purport to characterize the contents of a document, Hillandale PA denies Plaintiffs'

characterization of the document, which is a writing that speaks for itself. After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 81 and therefore denies them.

82.     Admitted in part; denied in part. Hillandale PA admits only that the processes described in Paragraph 82 take place in the egg industry and that molting occurs naturally in hens. Hillandale PA denies the remaining allegations, implications, and characterizations contained in Paragraph 82.

83.     Admitted in part; denied in part. Hillandale PA admits only that the processes described in Paragraph 83 take place in the egg industry and that some egg producers molt hens with the intent of increasing production. Hillandale PA denies the remaining allegations, implications, and characterizations contained in Paragraph 83.

84.     Admitted in part; denied in part. Hillandale PA admits only that some egg producers molt hens with the intent of increasing production. Hillandale PA denies the remaining allegations, implications and characterizations contained in Paragraph 84.

85.     Admitted in part; denied in part. Hillandale PA admits only that the processes described in Paragraph 85 take place in the egg industry and that some egg producers molt hens with the intent of increasing production. To the extent that the allegations contained in Paragraph 81 of the Complaint purport to characterize the contents of a document, Hillandale PA denies Plaintiffs' characterization of the document, which is a writing that speaks for itself. Hillandale PA denies the remaining allegations, implications, and characterizations contained in Paragraph 85.

86.     Denied. To the extent that the allegations contained in paragraph 86 purport to characterize the contents of unidentified documents, Hillandale PA denies Plaintiffs'

characterizations of those documents, which are writings that speak for themselves. After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 86 and therefore denies them.

87.     Admitted in part; denied in part. Hillandale PA admits only that the terms identified in Paragraph 87 are sometimes used in the egg industry and that the allegations of Paragraph 87 present one possible description of those terms. Hillandale PA denies the remaining allegations contained in Paragraph 87.

88.     Admitted in part; denied in part. Hillandale PA admits only that the terms identified in Paragraph 88 are sometimes used in the egg industry and that the allegations of Paragraph 88 present one possible description of those terms. Hillandale PA further admits that the processes described in Paragraph 88 take place in the egg industry. Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 88 and therefore denies them.

89.     Admitted in part; denied in part. Hillandale PA admits only that eggs are used in the manufacture of other products. Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 89 and therefore denies them.

90.     Denied. After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 90 and therefore denies them.

91.     Denied. To the extent that the allegations contained in paragraph 91 purport to characterize the contents of the documents referred to in Paragraph 91, Hillandale PA denies

Plaintiffs' characterizations of those documents, which are writings that speak for themselves. After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 91 and therefore denies them.

92.     Admitted in part; denied in part.  Hillandale PA admits only that the terms identified in Paragraph 92 are sometimes used in the egg industry and that the allegations of Paragraph 92 present one possible description of those terms.  Hillandale PA denies the remaining allegations contained in Paragraph 92.

93.     Admitted in part; denied in part.  It is admitted only that some shell eggs sold in the United States are sold at prices related to the Urner Barry wholesale quotations for eggs. After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 93 and therefore denies them.

94.     Admitted in part; denied in part.  Hillandale PA admits only that shell eggs and breaking eggs, as Plaintiffs define those terms in the Complaint, originate from laying hens and that the supply of eggs affects the price of eggs in some markets.  As Paragraph 94 of the Complaint does not specify the market or type of eggs or egg products to which it refers and contains characterizations and statements of opinion rather than a short and plain statement of the facts supporting the Plaintiffs' claims, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 94 and therefore denies them.

95.     Admitted in part; denied in part.  Hillandale PA admits only that some egg producers produce and sell both shell eggs and egg products, as Plaintiffs define those terms in

the Complaint.  Hillandale PA denies that it produces shell eggs or egg products and that it sells

egg products.  Hillandale PA denies that it participated in any agreement or conspiracy to control

supply and artificially maintain and increase the price of eggs or in any other illegal agreement,

and that any Plaintiff was harmed by any action taken by Hillandale PA.   Hillandale PA lacks

knowledge or information sufficient to form a belief as to the truth of the remaining allegations

of Paragraph 95 and therefore denies them.

96.     Denied.   After reasonable investigation, Hillandale PA lacks knowledge or

information sufficient to form a belief as to the truth of the allegations contained in Paragraph 96

and therefore denies them.

97.     Admitted in part; denied in part.  Hillandale PA admits only that Plaintiffs are

selectively quoting from a document referred to in Paragraph 97.  This document speaks for itself

and Hillandale PA denies Plaintiffs' characterizations of that document.   After reasonable

investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the

truth of the remaining allegations contained in Paragraph 97 and therefore denies them.

98.     Denied.  Hillandale PA admits only that Plaintiffs are selectively quoting from a

document referred to in Paragraph 98.  This document speaks for itself and Hillandale PA denies

Plaintiffs' characterizations of that document.   Hillandale PA lacks knowledge or information

sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 98,

and therefore denies them.

99.     Denied.  Hillandale PA admits only that Plaintiffs are selectively quoting from a

document referred to in Paragraph 99.  This document speaks for itself and Hillandale PA denies

Plaintiffs' characterizations of that document.   After reasonable investigation, Hillandale PA

lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 99 and therefore denies them.

100.     Denied.  Hillandale PA admits only that Plaintiffs are selectively quoting from the documents referred to in Paragraph 100.  These documents speak for themselves and Hillandale PA denies Plaintiffs' characterizations of those documents.  After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 100 and therefore denies them.

101.     Admitted in part; denied in part. Hillandale PA admits only that Plaintiffs are selectively quoting from the documents referred to in Paragraph 101.  These documents speak for themselves and Hillandale PA denies Plaintiffs' characterizations of those documents.  After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 101 and therefore denies them.

102.     Admitted in part; denied in part.  It is only admitted that some egg processors in the United States own egg production facilities or have production contracts with egg producers. After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 102 and therefore denies them.

103.     Denied.  Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 103 and therefore denies them.

104.     Denied.  The allegations of Paragraph 104 purport to characterize the contents of an unidentified document.  Hillandale PA denies Plaintiffs' characterization of the document, which is a writing that speaks for itself.  After reasonable investigation, Hillandale PA lacks

knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 104 and therefore denies them.

105.    Denied.  The allegations of Paragraph 105 purport to characterize the contents of an unidentified document.  Hillandale PA denies Plaintiffs' characterization of the document, which is a writing that speaks for itself.  Hillandale PA denies that it is an egg producer.  After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 105 and therefore denies them.

106.    Denied.   After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 106 of the Complaint and therefore denies them.

107.    Denied.  The allegations of Paragraph 104 purport to characterize the contents of an unidentified document.  Hillandale PA denies Plaintiffs' characterization of the document, which is a writing that speaks for itself.  After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 107 and therefore denies them.

108.    Denied.   Hillandale PA denies the allegations of paragraph 108, including specifically any allegation or implication that Hillandale PA engaged in any conspiracy or unlawful combination as alleged in the Complaint.

109.    Denied.   Hillandale PA denies the allegations of paragraph 109, including specifically any allegation or implication that Hillandale PA engaged in any conspiracy or unlawful combination as alleged in the Complaint.

110.    Admitted in part; denied in part.  Hillandale PA admits only that it sells shell eggs in states other than the state(s) where the eggs were produced.  After reasonable investigation,

Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 110 and therefore denies them.

111.    Admitted in part; denied in part.  Hillandale PA admits only that it that it markets and/or sells shell eggs through interstate commerce.  After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 111 and therefore denies them.

112.    Admitted in part; denied in part.  Hillandale PA admits only that it that it markets and/or sells shell eggs through interstate commerce.  After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 112 and therefore denies them.

113.    Hillandale PA admits that it that it has accepted payment for eggs with checks, wire transfers, and/or other financial instruments.  Hillandale PA denies that any of the Plaintiffs in this action have purchased eggs from Hillandale PA.  Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 113 and therefore denies them.

114.    Denied.  Paragraph 114 consists of legal conclusions as to which no response is required.  To the extent that a response is required, Hillandale PA denies the allegations of this paragraph.

115.    Denied.  After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 115 and therefore denies them.

116.    Admitted in part; denied in part. Hillandale PA admits only that Plaintiffs are selectively quoting from the document referred to in Paragraph 116.  This document speaks for

itself and Hillandale PA denies Plaintiffs' characterizations of this document. After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 116 and therefore denies them.

117.    Admitted in part; denied in part. Hillandale PA admits only that Plaintiffs are selectively quoting from the document referred to in Paragraph 117. This document speaks for itself and Hillandale PA denies Plaintiffs' characterizations of this document. After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 117 and therefore denies them.

118.    Denied. Hillandale PA denies the allegations of Paragraph 118 of the Complaint insofar as they relate to Hillandale PA. Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 118 and therefore denies them.

119.    Denied. Hillandale PA denies the allegations of Paragraph 119 of the Complaint insofar as they relate to Hillandale PA. After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 119 and therefore denies them.

120.    Denied. After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 120 and therefore denies them.

121.    Denied. The allegations of Paragraph 121 selectively quote from and purport to characterize the contents of documents. Hillandale PA denies Plaintiffs' characterization of those documents, which are writings that speak for themselves. After reasonable investigation,

Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 121 and therefore denies them.

122.    Admitted in part; denied in part. Hillandale PA admits only that Plaintiffs are selectively quoting from the document referred to in Paragraph 122. This document speaks for itself and Hillandale PA denies Plaintiffs' characterizations of this document. After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 122 and therefore denies them.

123.    Denied. The allegations of Paragraph 123 purport to characterize the contents of documents. Hillandale PA denies Plaintiffs' characterization of those documents, which are writings that speak for themselves. Hillandale PA denies the allegations of Paragraph 123 insofar as they relate to Hillandale PA. After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 123 and therefore denies them.

124.    Denied. The allegations of Paragraph 124 purport to characterize the contents of documents. Hillandale PA denies Plaintiffs' characterization of those documents, which are writings that speak for themselves. Hillandale PA denies the allegations of Paragraph 124 insofar as they relate to Hillandale PA. After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 124 and therefore denies them.

125.    Denied. The allegations of Paragraph 125 selectively quote from and purport to characterize the contents of documents. Hillandale PA denies Plaintiffs' characterization of those documents, which are writings that speak for themselves. Hillandale PA denies the allegations of Paragraph 125 insofar as they relate to Hillandale PA. After reasonable

investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 125 and therefore denies them.

126.    Denied.  The allegations of Paragraph 126 selectively quote from and purport to characterize the contents of the documents referred to in Paragraph 126.  Hillandale PA denies Plaintiffs' characterization of those documents, which are writings that speak for themselves. After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 126 and therefore denies them.

127.    Denied.  The allegations of Paragraph 127 selectively quote from and purport to characterize the contents of documents referred to in Paragraph 127.  Hillandale PA denies Plaintiffs' characterization of those documents, which are writings that speak for themselves. After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 127 and therefore denies them.

128.    Denied.  The allegations of Paragraph 128 selectively quote from and purport to characterize the contents of documents.  Hillandale PA denies Plaintiffs' characterization of those documents, which are writings that speak for themselves.  After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 128 and therefore denies them.

129.    Denied.  The allegations of Paragraph 129 selectively quote from and purport to characterize the contents of documents.  Hillandale PA denies Plaintiffs' characterization of those documents, which are writings that speak for themselves.  Hillandale PA denies the allegations of Paragraph 129 insofar as they relate to Hillandale PA.   After reasonable

investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 129 and therefore denies them.

130.    Denied.  The allegations of Paragraph 130 selectively quote from and purport to characterize the contents of documents.  Hillandale PA denies Plaintiffs' characterization of those documents, which are writings that speak for themselves.  Hillandale PA denies the allegations of Paragraph 130 insofar as they relate to Hillandale PA.   After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 130 and therefore denies them.

131.    Denied.  The allegations of Paragraph 131 selectively quote from and purport to characterize the contents of documents.  Hillandale PA denies Plaintiffs' characterization of those documents, which are writings that speak for themselves.  After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 131 and therefore denies them.

132.    Denied.   After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 132 and therefore denies them.

133.    Denied.  The allegations of Paragraph 133 selectively quote from and purport to characterize the contents of documents.  Hillandale PA denies Plaintiffs' characterization of those documents, which are writings that speak for themselves.  After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 133 and therefore denies them.

134.    Denied.  Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 134 and therefore denies them.

135.     Denied.  The allegations of Paragraph 135 selectively quote from and purport to characterize the contents of documents.  Hillandale PA denies Plaintiffs' characterization of those documents, which are writings that speak for themselves.  Hillandale PA denies the allegations of Paragraph 135 insofar as they relate to Hillandale PA.  After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 135 and therefore denies them.

136.     Denied.  Hillandale PA denies the allegations of Paragraph 136 insofar as they relate to Hillandale PA.  After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 136 and therefore denies them.

137.     Denied.  Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 137 and therefore denies them.

138.     Denied.  Hillandale PA denies the allegations of paragraph 138 insofar as they relate to Hillandale PA.  After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 138 and therefore denies them.

139.     Denied.   After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 139 and therefore denies them.

140.     Denied.   After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 140 and therefore denies them.

141.    Denied.  Hillandale PA denies the allegations of Paragraph 141 of the Complaint, insofar as they relate to Hillandale PA.  To the extent the allegations of Paragraph 141 purport to characterize the contents of documents, Hillandale PA denies Plaintiffs' characterization of those documents, which are writings that speak for themselves.  After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 141 and therefore denies them.

142.    Denied.  Hillandale PA denies the allegations of Paragraph 142 of the Complaint, insofar as they relate to Hillandale PA.  To the extent the allegations of Paragraph 142 purport to characterize the contents of documents, Hillandale PA denies Plaintiffs' characterization of those documents, which are writings that speak for themselves.  After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 142 and therefore denies them.

143.    Admitted in part; denied in part.  Hillandale PA admits only that Plaintiffs are selectively quoting from the document referred to in Paragraph 143 of the Complaint.  Hillandale PA denies Plaintiffs' characterization of the document, which is a writing that speaks for itself.  After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 143 and therefore denies them.

144.    Hillandale PA denies the allegations of Paragraph 144 of the Complaint, including all subparts, insofar as they relate to Hillandale PA.  After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 144 including all subparts, and therefore denies them.

145.    Denied.  Hillandale PA denies the allegations of Paragraph 145 of the Complaint, insofar as they relate to Hillandale PA.  To the extent the allegations of Paragraph 145 purport to

characterize the contents of documents, Hillandale PA denies Plaintiffs' characterization of those documents, which are writings that speak for themselves. After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 145 and therefore denies them.

146. Denied. Hillandale PA denies the allegations of Paragraph 146 of the Complaint, insofar as they relate to Hillandale PA. To the extent the allegations of Paragraph 146 purport to characterize the contents of documents, Hillandale PA denies Plaintiffs' characterization of those documents, which are writings that speak for themselves. After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 146 and therefore denies them.

147. Denied. After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 147 and therefore denies them.

148. Denied. After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 148 and therefore denies them.

149. Admitted in part; denied in part. Hillandale PA admits only that Plaintiffs are selectively quoting from the document referred to in Paragraph 149 of the Complaint. Hillandale PA denies Plaintiffs' characterization of the document, which is a writing that speaks for itself. Hillandale PA denies the allegations of Paragraph 149 insofar as they relate to Hillandale PA. After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 149 and therefore denies them.

150.     Denied.     After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 150 and therefore denies them.

151.     Admitted in part; denied in part.  Hillandale PA admits only that Plaintiffs are selectively quoting from the document referred to in Paragraph 151 of the Complaint.  Hillandale PA denies Plaintiffs' characterization of the document, which is a writing that speaks for itself. After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 151 and therefore denies them.

152.     Admitted in part; denied in part.  Hillandale PA admits only that Plaintiffs are selectively quoting from the document referred to in Paragraph 152 of the Complaint.  Hillandale PA denies Plaintiffs' characterization of the document, which is a writing that speaks for itself. After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 152 and therefore denies them.

153.     Admitted in part; denied in part.  Hillandale PA admits only that Plaintiffs are selectively quoting from the document referred to in Paragraph 153 of the Complaint.  Hillandale PA denies Plaintiffs' characterization of the document, which is a writing that speaks for itself. After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 153 and therefore denies them.

154.     Admitted in part; denied in part.  Hillandale PA admits only that Plaintiffs are selectively quoting from the document referred to in Paragraph 154 of the Complaint.  Hillandale

PA denies Plaintiffs' characterization of the document, which is a writing that speaks for itself. After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 154 and therefore denies them.

155.   Admitted in part; denied in part.  Hillandale PA admits only that Plaintiffs are selectively quoting from the documents referred to in Paragraph 155 of the Complaint. Hillandale PA denies Plaintiffs' characterization of the documents, which are writings that speak for themselves.  After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 155 and therefore denies them.

156.   Denied.  Hillandale PA denies the allegations of Paragraph 156 of the Complaint, insofar as they relate to Hillandale PA.  To the extent the allegations of Paragraph 156 purport to characterize the contents of documents, Hillandale PA denies characterizations of the documents, which are writings that speak for themselves.  After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 156.

157.   Admitted in part; denied in part.  Hillandale PA admits only that Plaintiffs are selectively quoting from the document referred to in Paragraph 157 of the Complaint.  Hillandale PA denies Plaintiffs' characterization of the document, which is a writing that speaks for itself. After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 157 and therefore denies them.

158. Admitted in part; denied in part. Hillandale PA admits only that Plaintiffs are selectively quoting from the document referred to in Paragraph 158 of the Complaint. Hillandale PA denies Plaintiffs' characterization of the document, which is a writing that speaks for itself. After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 158 and therefore denies them.

159. Admitted in part; denied in part. Hillandale PA admits only that Plaintiffs are selectively quoting from the document referred to in Paragraph 159 of the Complaint. Hillandale PA denies Plaintiffs' characterization of the document, which is a writing that speaks for itself. After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 159 and therefore denies them.

160. Admitted in part; denied in part. Hillandale PA admits only that Plaintiffs are selectively quoting from the document referred to in Paragraph 160 of the Complaint. Hillandale PA denies Plaintiffs' characterization of the document, which is a writing that speaks for itself. After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 160 and therefore denies them.

161. Admitted in part; denied in part. Hillandale PA admits only that Plaintiffs are selectively quoting from the document referred to in Paragraph 161 of the Complaint. Hillandale PA denies Plaintiffs' characterization of the document, which is a writing that speaks for itself. After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form

a belief as to the truth of the remaining allegations contained in Paragraph 161 and therefore denies them.

162.    Admitted in part; denied in part.  Hillandale PA admits only that Plaintiffs are selectively quoting from the document referred to in Paragraph 162 of the Complaint.  Hillandale PA denies Plaintiffs' characterization of the document, which is a writing that speaks for itself. After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 162 and therefore denies them.

163.    Admitted in part; denied in part.  Hillandale PA admits only that Plaintiffs are selectively quoting from the document referred to in Paragraph 163 of the Complaint.  Hillandale PA denies Plaintiffs' characterization of the document, which is a writing that speaks for itself. After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 163 and therefore denies them.

164.    Admitted in part; denied in part.  Hillandale PA admits only that Plaintiffs are selectively quoting from the document referred to in Paragraph 164 of the Complaint.  Hillandale PA denies Plaintiffs' characterization of the document, which is a writing that speaks for itself. After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 164 and therefore denies them.

165.    Admitted in part; denied in part.  Hillandale PA admits only that Plaintiffs are selectively quoting from the document referred to in Paragraph 165 of the Complaint.  Hillandale PA denies Plaintiffs' characterization of the document, which is a writing that speaks for itself.

After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 165 and therefore denies them.

166.     Admitted in part; denied in part.  Hillandale PA admits only that Plaintiffs are selectively quoting from the document referred to in Paragraph 166 of the Complaint.  Hillandale PA denies Plaintiffs' characterization of the document, which is a writing that speaks for itself. After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 166 and therefore denies them.

167.     Hillandale PA denies the allegations of Paragraph 167.

168.     Admitted in part; denied in part.  Hillandale PA admits only that Plaintiffs are selectively quoting from the documents referred to in Paragraph 168 of the Complaint. Hillandale PA denies Plaintiffs' characterization of the documents, which are writings that speak for themselves.  Hillandale PA denies the allegation of Paragraph 168 insofar as they relate to Hillandale PA.  After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 168 and therefore denies them.

169.     Admitted in part; denied in part.  Hillandale PA admits only that Plaintiffs are selectively quoting from the document referred to in Paragraph 169 of the Complaint.  Hillandale PA denies Plaintiffs' characterization of the document, which is a writing that speaks for itself. After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 169 and therefore denies them.

170.    Admitted in part; denied in part.  Hillandale PA admits only that Plaintiffs are selectively quoting from the document referred to in Paragraph 170 of the Complaint.  Hillandale PA denies Plaintiffs' characterization of the document, which is a writing that speaks for itself.  Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 170, and therefore denies them.

171.    Admitted in part; denied in part.  Hillandale PA admits only that Plaintiffs are selectively quoting from the document referred to in Paragraph 171 of the Complaint.  Hillandale PA denies Plaintiffs' characterization of the document, which is a writing that speaks for itself.  Hillandale PA denies the allegations of Paragraph 171 insofar as they relate to Hillandale PA.  After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 171 and therefore denies them.

172.    Admitted in part; denied in part.  Hillandale PA admits only that Plaintiffs are selectively quoting from the document referred to in Paragraph 172 of the Complaint.  Hillandale PA denies Plaintiffs' characterization of the document, which is a writing that speaks for itself.  After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 172 and therefore denies them.

173.    Admitted in part; denied in part.  Hillandale PA admits only that Plaintiffs are selectively quoting from the document referred to in Paragraph 173 of the Complaint.  Hillandale PA denies Plaintiffs' characterization of the document, which is a writing that speaks for itself.  After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form

a belief as to the truth of the remaining allegations contained in Paragraph 173 and therefore denies them.

174.    Admitted in part; denied in part.  Hillandale PA admits only that Plaintiffs are selectively quoting from the document referred to in Paragraph 174 of the Complaint.  Hillandale PA denies Plaintiffs' characterization of the document, which is a writing that speaks for itself. After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 174 and therefore denies them.

175.    Admitted in part; denied in part.  Hillandale PA admits only that Plaintiffs are selectively quoting from the document referred to in Paragraph 175 of the Complaint.  Hillandale PA denies Plaintiffs' characterization of the document, which is a writing that speaks for itself. After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 175 and therefore denies them.

176.    Denied.  Paragraph 176 of the Complaint states legal conclusions as to which no response is required.  To the extent a response is required, Hillandale PA denies the allegations of this paragraph.

177.    Denied.   To the extent that Paragraph 177 of the Complaint states legal conclusions, no response is required.  To the extent a response is required, Hillandale PA denies those allegations.  After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 177 and therefore denies them.

178.    Denied.    To the extent that Paragraph 178 of the Complaint states legal conclusions, no response is required.  To the extent a response is required, Hillandale PA denies those allegations.  After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 178 and therefore denies them.

179.    Denied.    To the extent that Paragraph 179 of the Complaint states legal conclusions, no response is required.  To the extent a response is required, Hillandale PA denies those allegations.  After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 179 and therefore denies them.

180.    Denied.    To the extent that Paragraph 180 of the Complaint states legal conclusions, no response is required.  To the extent a response is required, Hillandale PA denies those allegations.  After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 180 and therefore denies them.

181.    Admitted in part; denied in part.  Hillandale PA admits only that Plaintiffs are selectively quoting from the statute referred to in Paragraph 181 of the Complaint.  Hillandale PA denies Plaintiffs' characterization of the document, which is a writing that speaks for itself. To the extent that Paragraph 181 of the Complaint states legal conclusions, no response is required.  To the extent a response is required, Hillandale PA denies those allegations.  After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 181 and therefore denies them.

182.  Denied.  Hillandale PA denies the allegations contained in Paragraph 182.

183.  Admitted in part; denied in part.  Hillandale PA admits only that Plaintiffs are selectively quoting from the documents referred to in Paragraph 183 of the Complaint. Hillandale PA denies Plaintiffs' characterization of those documents, which are writings that speak for themselves.  After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 183 and therefore denies them.

184.  Admitted in part; denied in part.  Hillandale PA admits only that Plaintiffs are selectively quoting from the document referred to in Paragraph 184 of the Complaint.  Hillandale PA denies Plaintiffs' characterization of the document, which is a writing that speaks for itself. After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 184 and therefore denies them.

185.  Admitted in part; denied in part.  Hillandale PA admits only that Plaintiffs are selectively quoting from the documents referred to in Paragraph 185 of the Complaint. Hillandale PA denies Plaintiffs' characterization of those documents, which are writings that speak for themselves. After reasonable investigation,  Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 185 and therefore denies them.

186.  Admitted in part; denied in part.  Hillandale PA admits only that Plaintiffs are selectively quoting from the documents referred to in Paragraph 186 of the Complaint. Hillandale PA denies Plaintiffs' characterization of those documents, which are writings that

speak for themselves. After reasonable investigation, Hillandale PA denies the remaining allegations contained in Paragraph 186.

187.    Denied.  Paragraph 187 of the Complaint states legal conclusions as to which, no response is required.  If and to the extent that this paragraph requires a response, Hillandale PA denies the allegations contained in Paragraph 187.

188.    Denied.  Hillandale PA denies the allegations of Paragraph 188 of the Complaint insofar as they relate to Hillandale PA.  After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 188 and therefore denies them.

189.    Denied.  After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 189 and therefore denies them.

190.    Denied.  Paragraph 190 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Hillandale PA denies the allegations of this paragraph.

191.    Denied.  After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 191 and therefore denies them.

192.    Denied.  Paragraph 192 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Hillandale PA denies the allegations of this paragraph.

193.    Denied.    After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 193 of the Complaint and therefore denies them.

194.    Denied.    Paragraph 194 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Hillandale PA denies the allegations contained in this paragraph.

195.    Denied.    Paragraph 195 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Hillandale PA denies the allegations contained in this paragraph, including all subparts.

196.    Denied.    Paragraph 196 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Hillandale PA denies the allegations contained in this paragraph, including all subparts.

197.    Denied.    Paragraph 197 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Hillandale PA denies the allegations contained in this paragraph.

198.    Denied.    Paragraph 198 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Hillandale PA denies the allegations contained in this paragraph.

199.    Denied.    Paragraph 199 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Hillandale PA denies the allegations contained in this paragraph.

200. Denied. Paragraph 200 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Hillandale PA denies the allegations contained in this paragraph.

201. Denied. Paragraph 201 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Hillandale PA denies the allegations contained in this paragraph, including all subparagraphs.

202. Denied. After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 202 and therefore denies them.

203. Denied. After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 203 and therefore denies them.

204. Denied. Hillandale PA denies the allegations contained in Paragraph 204.

205. Denied. Paragraph 205 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Hillandale PA denies the allegations contained in this paragraph.

206. Denied. Paragraph 206 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Hillandale PA denies the allegations contained in this paragraph.

207. Denied. Paragraph 207 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Hillandale PA denies the allegations contained in this paragraph.

208.    Denied.   After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 208 of the Complaint.

209.    Admitted in part; denied in part.  Hillandale PA admits only that Plaintiffs are selectively quoting from the document referred to in Paragraph 209 of the Complaint.  Hillandale PA denies Plaintiffs' characterizations of the document, which is a writing that speaks for itself. After reasonable investigation, Hillandale PA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 209 and therefore denies them.

210.    Denied.  Paragraph 210 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Hillandale PA denies the allegations contained in this paragraph.

211.    Denied.  Paragraph 211 of the Complaint states legal conclusions to which no response is required. Hillandale PA specifically denies that Plaintiffs purchased eggs from it or that Plaintiffs were harmed by any action of Hillandale PA. To the extent a response is required, Hillandale PA denies the allegations contained in this paragraph.

212.    Denied.  Paragraph 212 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Hillandale PA denies the allegations contained in this paragraph.

213.    Hillandale PA denies any and all allegations contained in the preamble, prayer for relief, subject headings, or any other unnumbered portion of the Complaint

**AFFIRMATIVE DEFENSES**

1.      Plaintiffs fail in whole or in part to state a claim upon which relief may be granted against Hillandale PA.

2.      Plaintiffs' claims are barred in whole or in part by the statute of limitations and by laches.

3.      Plaintiffs' claims are barred in whole or in part by the doctrines of waiver, estoppel, ratification and/or unclean hands.

4.      Plaintiffs' claims are barred in whole or in part by the Capper-Volstead Act, 7 U.S.C. §§ 291 et seq.

5.      Plaintiffs' claims are barred in whole or in part by the Agricultural Cooperative Marketing Act, 7 U.S.C. § 455.

6.      Plaintiffs' claims are barred in whole or in part by Section 6 of the Clayton Act, 15 U.S.C. § 17.

7.      Plaintiffs' claims are barred in whole or in part by the Agricultural Marketing Act of 1929, 12 U.S.C. §1141(a).

8.      Plaintiffs' claims are barred in whole or in part by 7 U.S.C. § 292's grant of exclusive or primary jurisdiction to the United States Secretary of Agriculture.

9.      Plaintiffs' claims are barred in whole or in part because of the failure to join necessary and/or indispensable parties.

10.     Plaintiffs' claims are barred in whole or in part because Plaintiffs have not and cannot demonstrate and/or quantify their damages to the required degree of specificity.

11.     Plaintiffs' claims against Hillandale PA are barred in whole or in part because Plaintiffs' damages were not legally or proximately caused by Hillandale PA.

12.  To the extent that Plaintiffs have sustained damages, if any, they have failed to mitigate those damages and therefore are barred from recovering damages in whole or in part.

13.  Plaintiffs' claims are barred in whole or in part by the *Noerr-Pennington* doctrine, the state action doctrine and/or the doctrine of implied immunity.

14.  Plaintiffs' claims are barred in whole or in part because their claims of fraud or misrepresentation are plead with insufficient specificity.

15.  Plaintiffs' claims are barred in whole or in part because they have failed to plead the alleged conspiracy, with requisite particularity.

16.  Plaintiffs' claims for treble damages and attorneys' fees to be imposed jointly and severally on all defendants constitutes an excessive penalty that violates the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution.

17.  Plaintiffs' claims for injunctive relief are invalid and improper in that Plaintiffs have failed to allege, and are incapable of demonstrating, irreparable harm and/or the absence of any adequate remedy at law.

18.  At all times herein, Hillandale PA acted in good faith and with the intent to act within the law.

19.  Plaintiffs' claims are barred in whole or in part because legitimate standard setting through cooperatives cannot give rise to antitrust liability.

20.  Plaintiffs' claims are barred in whole or in part because the claims are governed by the Rule of Reason and Plaintiffs have not alleged and cannot prove the elements of a Rule of Reason claim.

21.  Plaintiffs' claims are barred in whole or in part because the pro-competitive benefits of the conduct alleged by Plaintiffs outweighs any alleged anti-competitive effects.

22.   Plaintiffs' claims are barred in whole or in part because they did not suffer antitrust injury.

23.   Hillandale PA incorporates by reference any affirmative defense raised by any other defendant whether or not set forth herein.

24.   In setting forth these defenses, Hillandale PA does not concede that they constitute affirmative defenses or that Hillandale PA bears the burden of proof on them.

WHEREFORE, Hillandale PA asks the Court for judgment in its favor:

(a)   dismissing the Complaint;

(b)   for its costs and related disbursements in this action; and

(c)   granting such other relief as the Court shall deem proper.

Respectfully submitted,

Dated: April 26, 2012

*/s/ Wendelynne J. Newton*
Wendelynne J. Newton (35163)
wendelynne.newton@bipc.com
Samuel W. Braver (19682)
samuel.braver@bipc.com
BUCHANAN INGERSOLL & ROONEY PC
One Oxford Centre
301 Grant Street, 20th Floor
Pittsburgh, PA  15219-1410
Telephone:  (412) 562-8800
Facsimile:  (412) 562-1041

*/s/ Samantha L. Southall*
Samantha L. Southall (80709)
samantha.southall@bipc.com
BUCHANAN INGERSOLL & ROONEY PC
Two Liberty Place
50 S. 16th Street, Suite 3200
Philadelphia, PA 19102-2555
Telephone:  (215) 665-8700
Facsimile:  (215) 665-8760
*Attorneys for Defendant*
*Hillandale Farms of Pa., Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was filed on this 26th day of April, 2012, via the court's ECF system, and thereby served on all parties of record registered with the ECF system.  Copies were also served via first class mail to all counsel of record not registered for electronic notification.

/s/     Samantha L. Southall
       Samantha L. Southall