**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: PROCESSED EGG PRODUCTS | ) | |
| ANTITRUST LITIGATION | ) | |
| | ) | MDL No. 2002 |
| THIS DOCUMENT RELATES TO: | ) | 2:08-md-02002-GP |
| Kraft Foods Global, Inc. et al. v. United Egg | ) | |
| Producers, Inc., et al.  No. 2:12-cv-00088 | ) | |

## ROSE ACRE FARMS, INC.'S ANSWER AND DEFENSES TO KRAFT FOODS GLOBAL, INC., ET AL.'S AMENDED COMPLAINT

Defendant Rose Acre Farms, Inc. ("Rose Acre"), by counsel, respectfully submits this answer and defenses to the Amended Complaint filed by Kraft Foods Global, Inc., The Kellogg Company, General Mills, Inc., and Nestlé USA, Inc. (hereinafter referred to "Amended Complaint").  Rose Acre denies all allegations of the Amended Complaint not specifically admitted below.  Rose Acre reserves the right to amend its answer and defenses as discovery progresses.  Responding to the allegations of the Amended Complaint *ad seriatim*, Rose Acre states as follows:

1.      Rose Acre admits that Paragraph 1 purports to define and explain the terms "eggs," "shell eggs," and "egg products," but denies that these purported definitions are precise, accurate, or consistently used by all persons at all times and therefore denies these allegations. Rose Acre denies the remaining allegations of Paragraph 1.

2.      Rose Acre admits that some of the defendants produce shell eggs and/or egg products.  Rose Acre denies the remaining allegations of Paragraph 2.

3.      Rose Acre denies the allegations of Paragraph 3.

4.      Rose Acre admits that Paragraph 4 purports to selectively quote and take out of context an August 4, 2011 Cal-Maine Form 10-K, but lacks knowledge or information sufficient

to form a belief as to the truth and accuracy of the materials quoted, and therefore denies the allegations of Paragraph 4.

5.      Rose Acre admits that Paragraph 5 purports to selectively quote and take out of context (i) an August 4, 2011 Cal-Maine Form 10-K, (ii) an August 8, 2011 Michael Foods prospectus, and/or (iii) a July 2007 *Investor's Business Daily* article, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted, and therefore denies the allegations of Paragraph 5.

6.      Rose Acre denies the allegations of the first two sentences of Paragraph 6.  Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 6 and therefore denies them.

7.      Rose Acre denies the allegations of Paragraph 7.

8.      Rose Acre admits that Paragraph 8 purports to selectively quote and take out of context UEP newsletters dated June 4, 2003, August 27, 2003, and September 11, 2003, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted, and therefore denies the allegations of Paragraph 8.

9.      Rose Acre admits that Paragraph 9 purports to selectively quote and take out of context UEP newsletters dated November 12, 2003 and March 1, 2004, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted, and therefore denies the allegations of Paragraph 9.

10.     Rose Acre admits that Paragraph 10 purports to selectively quote and take out of context a January 3, 2008 UEP newsletter, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted, and therefore denies the allegations of Paragraph 10.

11.     Rose Acre admits that Plaintiffs purport to bring this action under Section 4 and 16 of the Clayton Act, Section 1 of the Sherman Act, and Sections 1331 and 1337 of Title 28, but denies Plaintiffs are entitled to any relief under applicable law.  Rose Acre denies the remaining allegations of Paragraph 11.

12.     Rose Acre states that the allegations of Paragraph 12 are legal conclusions to which no response is required.  To the extent a response is deemed to be required, Rose Acre denies same.

13.     Rose Acre states that the allegations of Paragraph 13 are legal conclusions to which no response is required.  To the extent a response is deemed to be required, Rose Acre denies same.

14.     Rose Acre admits that Kraft has purchased eggs from one or more defendants. Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 14 and therefore denies them.

15.     Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 and therefore denies them.

16.     Rose Acre admits that General Mills has purchased eggs from one or more defendants.  Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 16 and therefore denies them.

17.     Rose Acre admits that has Nestlé USA purchased eggs from one or more defendants.  Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 17 and therefore denies them.

18.     Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 and therefore denies them.

19.     Rose Acre admits that Cal-Maine has sold eggs in the US. Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 19 and therefore denies them.

20.     Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 and therefore denies them.

21.     Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 and therefore denies them.

22.     Rose Acre denies the allegations of Paragraph 22.

23.     Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 and therefore denies them.

24.     Rose Acre admits that Daybreak has sold eggs in the US. Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 24 and therefore denies them.

25.     Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25 and therefore denies them.

26.     Rose Acre denied the allegations of Paragraph 26.

27.     Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27 and therefore denies them.

28.     Rose Acre admits that Hillandale PA has sold eggs in the US. Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 28 and therefore denies them.

29.     Rose Acre denies the allegations of Paragraph 29.

30. Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30 and therefore denies them.

31. Rose Acre admits that Michael Foods has sold egg products. Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 31 and therefore denies them.

32. Rose Acre admits that Michael Foods has sold egg products in the North America. Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 32 and therefore denies them.

33. Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 33 and therefore denies them.

34. Rose Acre admits that Michael Foods has sold egg products in North America. Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 34 and therefore denies them.

35. Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35 and therefore denies them.

36. Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 36 and therefore denies them.

37. Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 37 and therefore denies them.

38. Rose Acre denies allegations of Paragraph 38.

39. Rose Acre admits that Midwest has sold eggs in the US and has been a member of UEP. Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 39 and therefore denies them.

40.     Rose Acre denies the allegations of Paragraph 40.

41.     Rose Acre admits that National Food has sold eggs in the US.  Rose Acre lacks

knowledge or information sufficient to form a belief as to the truth of the remaining allegations

of Paragraph 41 and therefore denies them.

42.     Rose Acre admits that National Food has been a member of UEP and USEM.

43.     Rose Acre denies the allegations of Paragraph 43.

44.     Rose Acre admits that has sold eggs , is located in the Western US, and has been a

member of UEP and/or USEM.  Rose Acre lacks knowledge or information sufficient to form a

belief as to the truth of the remaining allegations of Paragraph 44 and therefore denies them.

45.     Rose Acre denies the allegations of Paragraph 45.

46.     Rose Acre admits that Ohio Fresh has sold eggs in the US.  Rose Acre lacks

knowledge or information sufficient to form a belief as to the truth of the remaining allegations

of Paragraph 46 and therefore denies them.

47.     Rose Acre denies the allegations of Paragraph 47.

48.     Rose Acre admits that it is an Indiana corporation, its principal place of business

is in Seymour, Indiana, it produces and sells eggs and egg products in the US, and currently

owns millions of egg laying hens.  Rose Acre denies the remaining allegations of Paragraph 48.

49.     Rose Acre admits the allegations of Paragraph 49.

50.     Rose Acre admits that it breeds some of its own laying hens, hatches some of its

own chicks, operates a feed mill, operates certain egg breaking and egg drying facilities, and

packs some of its own eggs.  Rose Acre denies the remaining allegations of Paragraph 50.

51.     Rose Acre admits that it has been a member of UEP since February 2002.  Rose

Acre denies the remaining allegations of Paragraph 51.

52.     Rose Acre admits that it has sold UEP certified eggs since 2003, been a member of USEM since November 2006, has exported eggs, has employed Marcus Rust, Greg Hinton, and K.Y. Hendrix, has allowed some of its representatives to attend some of UEP's meetings, serve on some of UEP's committees, and/or serve on UEP's board of directors.  Rose Acre denies the remaining allegations of Paragraph 52.

53.     Rose Acre admits that R. W. Sauder has sold eggs and egg products and has been a member of UEP.  Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 53 and therefore denies them.

54.     Rose Acre denies the allegations of Paragraph 54.

55.     Rose Acre admits that Sparboe Farms has sold eggs in the US.  Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 55 and therefore denies them.

56.     Rose Acre admits that Sparboe Farms has been a member of UEP.  Rose Acre denies the remaining allegations of Paragraph 56.

57.     Rose Acre denies the allegations of Paragraph 57.

58.     Rose Acre admits that UEP is a Capper-Volstead Act protected agricultural cooperative.  Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 58 and therefore denies them.

59.     Rose Acre admits that UEP has operations in Alpharetta, Georgia, and that Gene Gregory is its President and CEO.  Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 59 and therefore denies them.

60.     Rose Acre admits that UEP has implemented UEP Animal Welfare Guidelines. Rose Acre denies the remaining allegations of Paragraph 60.

61.     Rose Acre admits that USEM is a Capper-Volstead Act protected agricultural cooperative and has shared the Alpharetta, Georgia street/mailing address and internet website address with UEP.  Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 61 and therefore denies them

62.     Rose Acre admits that USEM is a Capper-Volstead Act protected agricultural cooperative.  Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 62 and therefore denies them.

63.     Rose Acre admits that USEM has in the past been involved in arranging egg exports.  Rose Acre denies the remaining allegations of Paragraph 63.

64.     Rose Acre admits that UEA is a non-profit corporation, shares a street/mailing address and internet website address with UEP, and has held meetings in close time and proximity to some of UEP's meetings.  Rose Acre denies the remaining allegations of Paragraph 64.

65.     Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 65 and therefore denies them.

66.     Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 66 and therefore denies them.

67.     Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 67 and therefore denies them.

68.     Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 68 and therefore denies them.

69.     Rose Acre denies the allegations of Paragraph 69.

70.     Rose Acre denies the allegations of Paragraph 70.

71.     Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 71 and therefore denies them.

72.     Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 72 and therefore denies them.

73.     Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 73 and therefore denies them.

74.     Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 74 and therefore denies them.

75.     Rose Acre admits that a Hillandale entity has been a member of UEP.  Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 75 and therefore denies them.

76.     Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 76 and therefore denies them.

77.     Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 77 and therefore denies them.

78.     Rose Acre denies the allegations of Paragraph 78.

79.     Rose Acre denies the allegations of Paragraph 79.

80.     Rose Acre admits that Paragraph 80 purports to explain part of the egg production cycle, but denies that this purported explanation is precise, accurate, or consistently used by all persons at all times and therefore denies the allegations of Paragraph 80.

81.     Rose Acre admits that Paragraph 81 purports to explain a laying hen's life span and part of the egg production cycle, but denies that these purported explanations are precise,

accurate, or consistently used by all persons at all times and therefore denies the allegations of Paragraph 81.

81. Rose Acre admits that Paragraph 82 purports to explain molting and part of the egg production cycle, but denies that these purported explanations are precise, accurate, or consistently used by all persons at all times and therefore denies the allegations of Paragraph 82.

83. Rose Acre admits that Paragraph 83 purports to explain induced molting and part of the egg production cycle, but denies that these purported explanations are precise, accurate, or consistently used by all persons at all times and therefore denies the allegations of Paragraph 83.

84. Rose Acre admits that Paragraph 84 purports to explain induced molting and part of the egg production cycle, but denies that these purported explanations are precise, accurate, or consistently used by all persons at all times and therefore denies the allegations of Paragraph 84.

85. Rose Acre admits that Paragraph 85 purports to explain induced molting and part of the egg production cycle, but denies that these purported explanations are precise, accurate, or consistently used by all persons at all times and therefore denies the allegations of Paragraph 85.

86. Rose Acre is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 86 and therefore denies same.

87. Rose Acre admits that Paragraph 87 purports explain the terms "shell eggs sector," "table eggs," "breaking eggs," and "hatching eggs," but denies that these explanations are precise, accurate, or consistently used by all persons at all times and therefore denies the allegations of Paragraph 87.

88. Rose Acre admits that Paragraph 88 purports to explain the terms "shell eggs," "breaking eggs," "egg cracking and separation," and "egg products," but denies that these

explanations are precise, accurate, or consistently used by all persons at all times and therefore denies the allegations of Paragraph 88.

89.     Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 89 and therefore denies them.

90.     Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 90 and therefore denies them.

91.     Rose Acre admits that people consume a substantial number of eggs and egg products.  Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 91 and therefore denies them.

92.     Rose Acre admits that Paragraph 92 purports to explain the terms "shell eggs," "generic eggs," and "specialty eggs," but denies that these explanations are precise, accurate, or consistently used by all persons at all times and therefore denies the allegations of Paragraph 92.

93.     Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 93 and therefore denies them.

94.     Rose Acre admits that all eggs and breaking eggs come from hens.  Rose Acre denies the remaining allegations of Paragraph 94.

95.     Rose Acre admits that a number of producers sell eggs and egg products.  Rose Acre denies the remaining allegations of Paragraph 95.

96.     Rose Acre denies the allegations of Paragraph 96.

97.     Rose Acre admits that Paragraph 97 purports to selectively quote and take out of context an August 4, 2011 Cal-Maine Form 10-K, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted, and therefore denies the allegations of Paragraph 97.

98.     Rose Acre admits that Paragraph 98 purports to selectively quote and take out of context American Egg Board materials, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted, and therefore denies the allegations of Paragraph 98.

99.     Rose Acre admits that Paragraph 99 purports to selectively quote and take out of context a purported Gene Gregory quotation from a February 2007 *Egg Industry* magazine, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted, and therefore denies the allegations of Paragraph 99.

100.     Rose Acre admits that Paragraph 100 purports to selectively quote and take out of context (i) an April 14, 2005 UEP newsletter, (ii) a September 23, 2008 *Wall Street Journal* article, (iii) a July 11, 2007 *Investor's Business Daily* article, and/or (iv) an August 4, 2011 Cal-Maine Form 10-K, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted, and therefore denies the allegations of Paragraph 100.

101.     Rose Acre admits that Paragraph 101 purports to selectively quote and take out of context (i) a March 23, 2008 *Chicago Tribune* article and/or (ii) an August 4, 2011 Cal-Maine Form 10-K, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted, and therefore denies the allegations of Paragraph 101.

102.     Rose Acre admits that some US egg producers manage their own feed supply, chick hatchery, pullet growing, egg processing, and/or egg marketing.  Rose Acre denies the remaining allegations of Paragraph 102.

103.     Rose Acre denies the allegations of Paragraph 103.

104.     Rose Acre admits that Paragraph 104 purports to selectively quote and take out of context purported American Egg Board estimates, but lacks knowledge or information sufficient

to form a belief as to the truth and accuracy of the materials quoted, and therefore denies the allegations of Paragraph 104.

105.    Rose Acre admits that Paragraph 105 purports to selectively quote and take out of context certain ownership and share estimates, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted, and therefore denies the allegations of Paragraph 105.

106.    Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 106 and therefore denies them.

107.    Rose Acre admits that Paragraph 107 purports to selectively quote and take out of context certain USDA estimates, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted, and therefore denies the allegations of Paragraph 107.

108.    Rose Acre denies the allegations of Paragraph 108.

109.    Rose Acre denies the allegations of Paragraph 109.

110.    Rose Acre admits that it has in the past sold and shipped eggs to states other than the states in which those eggs were produced.  Rose Acre denies the remaining allegations of Paragraph 110.

111.    Rose Acre admits that it has on occasion used raw materials, equipment, and supplies that it has purchased from out-of-state.  Rose Acre denies the remaining allegations of Paragraph 111.

112.    Rose Acre denies the allegations of Paragraph 112.

113.    Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 113 and therefore denies them.

114.     Rose Acre denies the allegations of Paragraph 114.

115.     Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 115 and therefore denies them.

116.     Rose Acre admits that Paragraph 116 purports to selectively quote and take out of context an April 15, 1994 Egg Economics Update, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted, and therefore denies the allegations of Paragraph 116.

117.     Rose Acre admits that Paragraph 117 purports to selectively quote and take out of context an unspecified 1999 publication by Don Bell, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted, and therefore denies the allegations of Paragraph 117.

118.     Rose Acre denies the allegations of Paragraph 118.

119.     Rose Acre denies the allegations of Paragraph 119.

120.     Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 120 and therefore denies them.

121.     Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 121 and therefore denies them.

122.     Rose Acre admits that Paragraph 122 purports to selectively quote and take out of context a July 16, 2004 UEP newsletter, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted, and therefore denies the allegations of Paragraph 122.

123.     Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 123 and therefore denies them.

124.     Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 124 and therefore denies them.

125.     Rose Acre admits that UEP's animal welfare recommendations varied over time and may have been modified in 2002.  Rose Acre admits that Paragraph 125 attempts to define and explain UEP's purported "100% Rule," but denies that such definition and explanation are precise, accurate, or consistently used by all persons at all times, and therefore denies these allegations.  Rose Acre admits that Paragraph 125 purports to selectively quote and take out of context unidentified materials pertaining to the alleged October 10, 2002 UEP motion, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted, and therefore denies these allegations.  Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 125 and therefore denies them.

126.     Rose Acre admits that Paragraph 126 purports to selectively quote and take out of context a January 30, 2003 memorandum, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 126.

127.     Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 127 and therefore denies them.

128.     Rose Acre admits that Paragraph 128 purports to selectively quote and take out of context (i) June 2004 Moark emails and (ii) a July 2, 2003 UEP newsletter, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 128.

129.     Rose Acre admits that Paragraph 129 purports to selectively quote and take out of context certain unidentified materials, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the remaining allegations of Paragraph 129.

130.     Rose Acre admits that Paragraph 130 purports to selectively quote and take out of context certain unidentified materials, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 130.

131.     Rose Acre admits that UEP's Animal Welfare Guidelines provided for audits, and that UEP arranged for an independent audit agency or the USDA to conduct such audits.  Rose Acre admits that Paragraph 131 purports to selectively quote and take out of context purported figures cited from a January 5, 2005 UEP newsletter, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the remaining allegations of Paragraph 131.

132.      Rose Acre admits that UEP obtained certain data and information from participants regarding their participation in UEP's egg certification program.  Rose Acre denies the remaining allegations of Paragraph 132.

133.     Rose Acre admits that Paragraph 133 purports to selectively quote and take out of context a September 18, 2008 UEP newsletter, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies these allegations.  Rose Acre denies the remaining allegations of Paragraph 133.

134.     Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 134 and therefore denies them.

135.    Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 135 and therefore denies them.

136.    Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 136 and therefore denies them.

137.    Rose Acre admits that producers that satisfied certain UEP Animal Welfare Guidelines were permitted to use UEP's label on their products.

138.    Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 138 and therefore denies them.

139.    Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 139 and therefore denies them.

140.    Rose Acre denies the allegations of Paragraph 140.

141.    Rose Acre admits it has in the past exported eggs in response to direct inquiries from buyers as well as through USEM.  Rose Acre denies the remaining allegations of Paragraph 141.

142.    Rose Acre admits that Paragraph 142 purports to selectively quote and take out of context a March 20, 2003 memorandum, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 142.

143.    Rose Acre admits that Paragraph 143 purports to selectively quote and take out of context an April 17, 2007 Linda Reickard email, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 143.

144.    Rose Acre denies the allegations of Paragraph 144.

145.    Rose Acre admits that Paragraph 145 purports to selectively quote and take out of context UEP newsletters dated March 4, 2004 and November 17, 2007, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 145.

146.    Rose Acre admits that Paragraph 146 purports to selectively quote and take out of context (i) a February 2, 2007 UEP newsletter and (ii) August 7, 2007 UEP meeting minutes, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 146.

147.    Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 147 and therefore denies them.

148.    Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 148 and therefore denies them.

149.    Rose Acre admits that Paragraph 149 purports to selectively quote and take out of context an unidentified August 2001 document, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 149.

150.    Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 150 and therefore denies them.

151.    Rose Acre admits that Paragraph 151 purports to selectively quote and take out of context an unidentified June 2004 document, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 151.

152.    Rose Acre admits that Paragraph 152 purports to selectively quote and take out of context a September 15, 2004 UEP newsletter, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 152.

153.    Rose Acre admits that Paragraph 153 purports to selectively quote and take out of context minutes of UEP's alleged October 2004 annual meeting, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 153.

154.    Rose Acre admits that Paragraph 154 purports to selectively quote and take out of context a November 23, 2004 UEP newsletter, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 154.

155.    Rose Acre admits that Paragraph 155 purports to selectively quote and take out of context certain unidentified materials, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 155.

156.    Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 156 and therefore denies them.

157.    Rose Acre admits that Paragraph 157 purports to selectively quote and take out of context a February 3, 2005 UEP newsletter, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 157.

158.     Rose Acre admits that UEP provided its members with calendars from time-to-time.  Rose Acre admits that Paragraph 158 purports to selectively quote and take out of context a February 17, 2005 UEP newsletter, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the remaining allegations of Paragraph 158.

159.     Rose Acre admits that Paragraph 159 purports to selectively quote and take out of context a February 15, 2006 UEP newsletter, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 159.

160.     Rose Acre admits that Paragraph 160 purports to selectively quote and take out of context certain unspecified UEP materials, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 160.

161.     Rose Acre admits that Paragraph 161 purports to selectively quote and take out of context an April 13, 2006 UEP "Alert," but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 161.

162.     Rose Acre admits that Paragraph 162 purports to selectively quote and take out of context an August 3, 2006 UEP newsletter, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 162.

163.     Rose Acre admits that Paragraph 163 purports to selectively quote and take out of context a February 2, 2007 UEP newsletter, but lacks knowledge or information sufficient to

form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 163.

164.    Rose Acre admits that Paragraph 164 purports to selectively quote and take out of context a March 15, 2007 UEP newsletter, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 164.

165.    Rose Acre admits that Paragraph 165 purports to selectively quote and take out of context an April 12, 2007 UEP newsletter, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 165.

166.    Rose Acre admits that Paragraph 166 purports to selectively quote and take out of context an August 1, 2007 UEP newsletter, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 166.

167.    Rose Acre denies the allegations of Paragraph 167.

168.    Rose Acre admits that Paragraph 168 purports to selectively quote and take out of context an August 27, 2003 UEP newsletter, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 168.

169.    Rose Acre admits that Paragraph 169 purports to selectively quote and take out of context a June 4, 2003 UEP newsletter, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 169.

170. Rose Acre admits that Paragraph 170 purports to selectively quote and take out of context an October 31, 2003 UEP newsletter, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 170.

171. Rose Acre admits that Paragraph 171 purports to selectively quote and take out of context a December 30, 2003 UEP newsletter, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 171.

172. Rose Acre admits that Paragraph 172 purports to selectively quote and take out of context UEP newsletters dated November 1, 2006 and November 17, 2006, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 172.

173. Rose Acre admits that Paragraph 173 purports to selectively quote and take out of context a March 2008 Gene Gregory presentation, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 173.

174. Rose Acre admits that Paragraph 174 purports to selectively quote and take out of context a January 3, 2008 UEP newsletter, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the materials quoted and therefore denies the allegations of Paragraph 174.

175. Rose Acre admits that Paragraph 175 purports to selectively quote and take out of context May 1, 2008 Joseph Glauber testimony, but lacks knowledge or information sufficient to

form a belief as to the truth and accuracy of the materials quoted and therefore denies the
allegations of Paragraph 175.

176.    Rose Acre denies the allegations of Paragraph 176.

177.    Rose Acre denies the allegations of Paragraph 177.

178.    Rose Acre denies the allegations of Paragraph 178.

179.    Rose Acre denies the allegations of Paragraph 179.

180.    Rose Acre states that the allegations of Paragraph 180 are erroneous legal
conclusions to which no response is required.  To the extent a response is deemed to be required,
Rose Acre denies these allegations.

181.    Rose Acre states that the allegations of Paragraph 181 are erroneous legal
conclusions to which no response is required.  To the extent a response is deemed to be required,
Rose Acre denies these allegations.

182.    Rose Acre states that the allegations of Paragraph 182 are erroneous legal
conclusions to which no response is required.  To the extent a response is deemed to be required,
Rose Acre denies these allegations.

183.    Rose Acre states that the allegations of Paragraph 183 are erroneous legal
conclusions to which no response is required.  To the extent a response is deemed to be required,
Rose Acre denies these allegations.

184.    Rose Acre states that the allegations of Paragraph 184 are erroneous legal
conclusions and erroneous characterizations of the decision in *In re Central California Lettuce
Producers Cooperative*, 90 F.T.C. 18, 102 n.20 (1977) to which no response is required.  To the
extent a response is deemed to be required, Rose Acre denies these allegations.

185.     Rose Acre states that the allegations of Paragraph 185 are erroneous legal conclusions and erroneous characterizations of the US Department of Agriculture's legal positions to which no response is required.  To the extent a response is deemed to be required, Rose Acre denies these allegations.

186.     Rose Acre denies the allegations of Paragraph 186.

187.     Rose Acre states that the allegations of Paragraph 187 are erroneous legal conclusions to which no response is required.  To the extent a response is deemed to be required, Rose Acre denies these allegations.

188.     Rose Acre admits that Paragraph 188 purports to selectively quote and take out of context specific purported conduct and questions of Sparboe Farms and/or Gene Gregory, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the description of the purported conduct and questions, and therefore denies the allegations of Paragraph 188.

189.     Rose Acre admits that Paragraph 189 purports to selectively quote and take out of context specific purported conduct and questions of Gene Gregory and/or UEP, but lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the description of the purported conduct and questions, and therefore denies the allegations of Paragraph 189.

190.     Rose Acre states that the allegations of Paragraph 190 are erroneous legal conclusions to which no response is required.  To the extent a response is deemed to be required, Rose Acre denies these allegations.

191.     Rose Acre lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 191 and therefore denies them.

192. Rose Acre states that the allegations of Paragraph 192 are erroneous legal conclusions to which no response is required. To the extent a response is deemed to be required, Rose Acre denies these allegations.

193. Rose Acre admits that UEP does not wash, break, pasteurize, store, distribute, or negotiate contracts of sale for its members. Rose Acre denies the remaining allegations of Paragraph 193.

194. Rose Acre denies the allegations of Paragraph 194.

195. Rose Acre denies the allegations of Paragraph 195.

196. Rose Acre denies the allegations of Paragraph 196.

197. Rose Acre denies the allegations of Paragraph 197.

198. Rose Acre denies the allegations of Paragraph 198.

199. Rose Acre denies the allegations of Paragraph 199.

200. Rose Acre denies the allegations of Paragraph 200.

201. Rose Acre denies the allegations of Paragraph 201.

202. Rose Acre admits that the Plaintiffs and their own trade associations encouraged UEP to develop Animal Welfare Guidelines, endorsed UEP's guidelines as appropriate, and required egg producers and suppliers to comply with these guidelines. Rose Acre denies the remaining allegations of Paragraph 202.

203. Rose Acre admits that Plaintiffs were fully aware of UEP's egg certification program and animal welfare activities and the reasons therefore at all relevant points in time. Rose Acre denies the remaining allegations of Paragraph 203.

204. Rose Acre denies the allegations of Paragraph 204.

205. Rose Acre denies the allegations of Paragraph 205.

206.    Rose Acre denies the allegations of Paragraph 206.

207.    Rose Acre denies the allegations of Paragraph 207.

208.    Rose Acre denies the allegations of Paragraph 208.

209.    Rose Acre denies the allegations of Paragraph 209.

210.    Rose Acre denies the allegations of Paragraph 210.

211.    Rose Acre denies the allegations of Paragraph 211.

212.    Rose Acre denies the allegations of Paragraph 212.

Rose Acre denies Plaintiffs are entitled to any relief, whatsoever, including the relief requested in Plaintiffs' prayer for relief.

Rose Acre denies Plaintiffs are entitled to a jury trial.

Rose Acre denies all allegations of the amended complaint not specifically admitted.

## <u>DEFENSES</u>

By asserting the below-listed defenses, Rose Acre is not admitting that it has the burden of proof or persuasion regarding same.

1.    The Amended Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2.    Plaintiffs' claims are barred, in whole or in part, by the Capper-Volstead Act, 7 U.S.C. §§ 291, 292.

3.    Plaintiffs' claims are barred, in whole or in part, by 7 U.S.C. § 292's grant of primary jurisdiction to the U.S. Secretary of Agriculture.

4.    Plaintiffs' claims are barred, in whole or in part, by Section 6 of the Clayton Act, 15 U.S.C. § 17.

5.      Plaintiffs' claims are barred, in whole or in part, by the Agricultural Cooperative Marketing Act of 1926, 7 U.S.C. § 455 and related federal agricultural legislation and applicable regulations.

6.      At all relevant times, Rose Acre acted in the good faith belief that its conduct was lawful and in compliance with the cooperative antitrust exemption of the Capper-Volstead Act and its related legislation and that UEP and USEM's conduct was exempt under the Capper-Volstead Act and related legislation and could not have reasonably foreseen that its UEP participation might constitute a violation of the antitrust laws.

7.      Rose Acre could not have reasonably foreseen that its participation in an antitrust exempt cooperative could be lost due to some technical defect or deficiency in its operations and/or organization, which should be ignored as *de minimis*.

8.      Plaintiffs' claims are barred, in whole or in part, by the First Amendment to the United States Constitution, the Noerr-Pennington Doctrine, the state action doctrine, and/or the doctrine of implied immunity.

9.      Plaintiffs' claims are barred, in whole or in part, because the establishment and implementation of animal welfare standards is in the public interest and does not constitute an antitrust violation.

10.     Plaintiffs' claims are barred, in whole or in part, because the claims set forth in the Amended Complaint are governed by the rule of reason, and Plaintiffs have not alleged and cannot establish the elements requisite to a rule of reason violation.

11.     Plaintiffs' claims are barred, in whole or in part, because the pro-competitive benefits of the conduct alleged by Plaintiffs outweigh any alleged anti-competitive effects.

12.     Plaintiffs' claims are barred, in whole or in part, because they have not suffered antitrust injury.

13.     Plaintiffs lack standing under Sections 4 and/or 16 of the Clayton Act to bring some or all of their claims.

14.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have failed to allege properly defined relevant product and geographic markets.

15.     Plaintiffs are not entitled to injunctive relief because they have not alleged and cannot demonstrate irreparable harm and/or the absence of any adequate remedy at law.

16.     Plaintiffs' claims are barred, in whole or in part, by the applicable statue of limitations and/or laches.

17.     To the extent Plaintiffs claim that defendants fraudulently concealed any actions, Plaintiffs have failed to allege fraud with the required particularity.

18.     Plaintiffs' claims are barred, in whole or in part, because they have unclean hands.

19.     Plaintiffs' claims are barred in whole or in part because they either directly or indirectly through their trade association requested, approved and/or endorsed UEP's Animal Welfare Guidelines.

20.     Plaintiffs' claims are barred, in whole or in part, because any conduct purportedly engaged in by Rose Acre was reasonable and based on independent legitimate business and economic justifications.

21.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' claimed injuries and damages were not proximately caused by any purported act or omission of Rose Acre, or were caused, if at all, by the conduct of third-parties, including, without limitation, the previous, intervening, or superseding conduct of such third-parties.

22.     Plaintiffs' claims are barred, in whole or in part, because they have suffered no damages and/or because the damages they seek are speculative and uncertain.

23.     Plaintiffs' claims are barred, in whole or in part, by waiver, ratification, and/or estoppel.

24.     Rose Acre adopts by reference any applicable defense pleaded by any other defendant that is not otherwise expressly set forth herein.

## **PRAYER FOR RELIEF**

WHEREFORE, Rose Acre denies Plaintiffs are entitled to any relief whatsoever and respectfully requests: (i) Plaintiffs take nothing by their action; (ii) this Court dismiss Plaintiffs' claims with prejudice; (iii) this Court assess costs and fees against Plaintiffs; and (iv) this Court award Rose Acre such other further relief to which it may be justly entitled.

Respectfully submitted,


_____/s/  John C. Monica, Jr._____
Donald M. Barnes (admitted *pro hac vice*)
Salvatore A. Romano (admitted *pro hac vice*)
John C. Monica, Jr. (admitted *pro hac vice*)
Porter Wright Morris & Arthur, LLP
1919 Pennsylvania Avenue, N.W.
Suite 500
Washington, D.C. 20006-3434
(202) 778-3000
(202) 778-3063

*Counsel for Defendant Rose Acre Farms, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on the 26th day

of April 2012, upon counsel of record via the Court's ECF system.


Respectfully submitted,


 /s/  John C. Monica, Jr.
John C. Monica, Jr.
Porter Wright Morris & Arthur, LLP
1919 Pennsylvania Avenue, N.W.
Suite 500
Washington, D.C. 20006-3434
(202) 778-3000
(202) 778-3063