## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| IN RE: PROCESSED EGG PRODUCTS ANTITRUST LITIGATION | MDL Docket No. 2002 08-md-02002 (GP) |
| THIS DOCUMENT APPLIES TO: *Kraft Foods Global, Inc. et al v. United Egg Producers, Inc., et al.*, 12-cv-00088 GP | |

### DEFENDANT DAYBREAK FOODS, INC.'S ANSWER TO KRAFT FOODS GLOBAL, INC., THE KELLOGG COMPANY, GENERAL MILLS, INC., AND NESTLÉ USA, INC.'S AMENDED COMPLAINT

Defendant Daybreak Foods, Inc. ("Daybreak"), by and through its undersigned counsel, hereby files its Answer to the First Amended Complaint ("Complaint") filed by Plaintiffs Kraft Foods Global, Inc., The Kellogg Company, General Mills, Inc., and Nestlé USA, Inc. ("Plaintiffs"), admitting, denying, or otherwise averring as follows:[1]

### ANSWER

1.      Daybreak admits that Plaintiffs sometimes refer to eggs sold in their hard shell as "shell eggs" as defined in paragraph 1, that Plaintiffs have offered one possible definition of "egg products" in paragraph 1, and that Plaintiffs purport to define "eggs" as set forth in paragraph 1. Daybreak denies any remaining allegations in paragraph 1.[2]

---

[1]      Daybreak denies any allegations that Plaintiffs make or purport to make or imply in any of the headings or sub-headings included in their complaint. Any allegations not specifically referenced herein are denied.

[2]      In accordance with Fed. R. Civ. P. 8(b)(1)(B), Daybreak's answers are to those allegations that are or could be understood to be asserted against Daybreak, and unless

(continued…)

2.      Daybreak admits that Plaintiffs have named various entities as Defendants in this lawsuit, but denies any remaining allegations in paragraph 2.

3.      Daybreak denies the allegations in paragraph 3.

4.      Daybreak denies the allegations in the first sentence of paragraph 4.  With respect to the second sentence of paragraph 4, Plaintiffs are selectively quoting from and attempting to characterize the document referenced therein.  The document speaks for itself.  Daybreak denies any remaining allegations in the second sentence of paragraph 4, including without limitation Plaintiffs' characterization of the document.

5.      Daybreak admits that in paragraph 5, Plaintiffs are selectively quoting from and attempting to characterize the documents referenced therein.  Those documents speak for themselves.  Daybreak denies any remaining allegations in paragraph 5, including without limitation Plaintiffs' characterization of the documents.

6.      Daybreak denies the allegations in the first and second sentences of paragraph 6. Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third and fourth sentences of paragraph 6 and therefore denies them.

7.      Daybreak denies the allegations in the first sentence of paragraph 7.  With respect to the second sentence of paragraph 7, Daybreak denies the introductory clause and the allegations of subparts A through C and G, and admits that in subparts D through F and H through L, Plaintiffs are selectively quoting from and attempting to characterize a number of

---

(continued…)

specifically noted herein, Daybreak lacks knowledge or information sufficient to form a belief as to the truth or falsity of those allegations directed toward any other Defendant or Defendants and on that basis denies them.  Daybreak incorporates this footnote by reference into its response to any paragraph in the Complaint that makes allegations against Defendants as a group.

unidentified documents. Those documents speak for themselves. Daybreak denies all remaining allegations in subparts D through F and H through L, including without limitation Plaintiffs' characterization of the documents. With respect to the third sentence of paragraph 7, Daybreak denies that its conduct violated the antitrust laws, denies that the statute of limitations should be tolled for any reason, and further answers that the underlying facts supposedly supporting Plaintiffs' claims were not concealed but instead were publicly known long before September 2008. Daybreak denies any remaining allegations of paragraph 7.

8.      Daybreak denies the allegations in the first and second sentences of paragraph 8. With respect to the third through sixth sentences of paragraph 8, Daybreak admits that Plaintiffs are selectively quoting from and attempting to characterize the documents referenced therein. Those documents speak for themselves. Daybreak denies any remaining allegations in paragraph 8, including without limitation Plaintiffs' characterization of the documents.

9.      Daybreak admits that in paragraph 9, Plaintiffs are selectively quoting from and attempting to characterize the documents referenced therein. Those documents speak for themselves. Daybreak denies any remaining allegations, including without limitation Plaintiffs' characterization of the documents.

10.      Daybreak admits that in paragraph 10, Plaintiffs are selectively quoting from and attempting to characterize the document referenced therein. That document speaks for itself. Daybreak denies any remaining allegations, including without limitation Plaintiffs' characterization of the document.

11.      Daybreak admits that Plaintiffs purport to bring this action under federal law, but denies that Plaintiffs are entitled to relief under applicable law or that Daybreak has violated the law or engaged in any otherwise unlawful action. The allegations in the second sentence of

paragraph 11 state a legal conclusion to which no response is required. To the extent a response is required, Daybreak denies the allegations contained in the second sentence of paragraph 11.

12. Paragraph 12 contains a legal conclusion to which no response is required. To the extent a response is somehow required, Daybreak admits that it has transacted business in this district at certain points in time. Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 about other Defendants' activities in this district and therefore denies them. Daybreak denies any remaining allegations in paragraph 12.

13. Paragraph 13 contains legal conclusions to which no response is required. To the extent a response is somehow required, with respect to subparts (a) and (b), Daybreak admits that it has transacted business in, sold and distributed eggs in, and had contacts with the United States and this district at certain times. Daybreak denies the allegations in subpart (c). Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 about other Defendants' activities in this district and therefore denies them. Daybreak denies any remaining allegations in paragraph 13.

14. Daybreak denies that Kraft Foods purchased eggs directly from Daybreak and that Kraft Foods has suffered any injury, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 14 and therefore denies them.

15. Daybreak denies that Kellogg purchased eggs directly from Daybreak and that Kellogg has suffered any injury, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 15 and therefore denies them.

16. Daybreak denies that General Mills purchased eggs directly from Daybreak and that General Mills has suffered any injury, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 16 and therefore denies them.

17.    Daybreak denies that Nestlé USA purchased eggs directly from Daybreak and that Nestlé USA has suffered any injury, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 17 and therefore denies them.

18.    Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 and therefore denies them.

19.    Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 and therefore denies them.

20.    Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 and therefore denies them.

21.    Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 and therefore denies them.

22.    Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 and therefore denies them.

23.    Daybreak admits the allegations of paragraph 23.

24.    Daybreak admits that it is a producer of eggs and that it currently has layers in production.  Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 24 and therefore denies them

25.    Daybreak admits that William Rehm is President and an owner of Daybreak and that Daybreak is a member of UEP.  Daybreak denies any remaining allegations in paragraph 25.

26.    Daybreak denies the allegations in the first sentence of paragraph 26 and in the introductory clause in the second sentence of paragraph 26.  With respect to subpart A of paragraph 26, Daybreak admits that Mr. Rehm may have attended some Animal Welfare Committee meetings where the UEP Certified Guidelines were first discussed, but denies any

remaining allegations. With respect to subpart B of paragraph 26, Daybreak admits that meeting minutes reflect that Mr. Rehm was present at the UEP Annual Board Meeting held on October 10-11 in Savannah, Georgia. Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations about when the 100% rule was first adopted and therefore denies them. With respect to subpart C of paragraph 26, Daybreak admits that Mr. Rehm was a member of the UEP Board of Directors in 2003 and 2004, but denies that Mr. Rehm "approved a coordinated supply management proposal" in October 2004. With respect to subpart D of paragraph 26, Daybreak denies that it signed a written commitment as part of an "intentions program" in connection with a UEP Egg Industry Economic Summit on November 18, 2004 in Atlanta, Georgia. With respect to subpart E of paragraph 26, Daybreak admits that meeting minutes reflect that Messrs. Rehm and Ms. Stonger were present at the UEP Board of Directors meeting held in Atlanta, Georgia in January 2005. With respect to subpart F of paragraph 26, Daybreak admits that Mr. Rehm was a member of the UEP Board of Directors between 2006 and 2009. Daybreak denies any remaining allegations in paragraph 26.

27.     Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 and therefore denies them.

28.     Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 and therefore denies them.

29.     Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29 and therefore denies them.

30.     Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30 and therefore denies them.

31.     Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31 and therefore denies them.

32.     Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32 and therefore denies them.

33.     Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33 and therefore denies them.

34.     Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34 and therefore denies them.

35.     Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35 and therefore denies them.

36.     Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36 and therefore denies them.

37.     Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37 and therefore denies them.

38.     Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38 and therefore denies them.

39.     Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39 and therefore denies them.

40.     Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40 and therefore denies them.

41.     Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41 and therefore denies them.

42.     Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 42 and therefore denies them.

43.     Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 43 and therefore denies them.

44.     Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 44 and therefore denies them.

45.     Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 45 and therefore denies them.

46.     Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 46 and therefore denies them.

47.     Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 47 and therefore denies them.

48.     Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 48 and therefore denies them.

49.     Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 49 and therefore denies them.

50.     Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 50 and therefore denies them.

51.     Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 51 and therefore denies them.

52.     Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 52 and therefore denies them.

53.     Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 53 and therefore denies them.

54.     Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 54 and therefore denies them.

55.     Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 55 and therefore denies them.

56.     Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 56 and therefore denies them.

57.     Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 57 and therefore denies them.

58.     Daybreak admits that UEP is an agricultural cooperative organized and existing under the laws of the State of Georgia.  Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 58 and therefore denies them.

59.     Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 59 and therefore denies them.  Daybreak admits the allegation in the remaining sentences of paragraph 59.

60.     Daybreak admits that UEP administers the UEP Certified Guidelines, but denies that the program is accurately described in the Complaint.

61.     With respect to the first sentence of paragraph 61, Daybreak admits that USEM is an agricultural cooperative organized and existing under the laws of the State of Georgia.  With respect to the second and third sentences of paragraph 61, Daybreak admits that UEP and USEM share a common mailing address, but lacks knowledge or information sufficient to form a belief

as to the truth of the remaining allegations in those sentences and therefore denies them.
Daybreak admits the allegations in the fourth sentence of paragraph 61.

62.     Daybreak admits that in the first and second sentences of paragraph 62 Plaintiffs
are selectively quoting from and attempting to characterize the website referenced therein.  That
website speaks for itself.  Daybreak denies any remaining allegations in the first and second
sentences of paragraph 62, including without limitation Plaintiffs' characterization of the
website.  With respect to the third and fourth sentences of paragraph 62, Daybreak lacks
knowledge or information sufficient to form a belief as to the truth of the allegations and
therefore denies them.

63.     Daybreak was not and is not a member of USEM and lacks knowledge or
information sufficient to form a belief as to the truth of the allegations in paragraph 63 and
therefore denies them.  Daybreak denies the allegations in the sixth sentence of paragraph 61.

64.     With respect to the first sentence of paragraph 64, Daybreak admits that UEA is a
nonprofit corporation organized under the laws of the District of Columbia.  With respect to the
second, third, sixth, and seventh sentences of paragraph 62, Daybreak admits that UEP and UEA
share a common mailing address and that certain UEP meetings have been held at the same
location and around the same time as certain UEA meetings, but lacks knowledge or information
sufficient to form a belief as to the truth of the remaining allegations in those sentences and
therefore denies them.  Daybreak admits the allegations in the fourth sentence of paragraph 64.
With respect to the fifth sentence of paragraph 64, Daybreak admits that Chad Gregory is Gene
Gregory's son, but lacks knowledge or information sufficient to form a belief as to the truth of
the remaining allegations in those sentences and therefore denies them.

65.     Daybreak admits that entities with the names "UEA Further Processors," "UEA Allied," and "UEA Producers" exist, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 65 and therefore denies them.

66.     Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 66 and therefore denies them.

67.     Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 67 and therefore denies them.

68.     Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 68 and therefore denies them.

69.     Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 69 and therefore denies them.

70.     Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 70 and therefore denies them.

71.     Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 71 and therefore denies them.

72.     Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 72 and therefore denies them.

73.     Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 73 and therefore denies them.

74.     Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 74 and therefore denies them.

75.     Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 75 and therefore denies them.

76.     Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 76 and therefore denies them.

77.     Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 77 and therefore denies them.

78.     Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 78 and therefore denies them.

79.     Daybreak denies the allegations of paragraph 79.

80.     Daybreak admits that the allegations in paragraph 80 set forth one possible description of steps taken in the egg production process.  Daybreak denies any remaining allegations in paragraph 80.

81.     Daybreak admits that the allegations in paragraph 81 set forth one possible description of hens' productivity throughout their life cycle.  Daybreak denies any remaining allegations in paragraph 81.

82.     Daybreak admits that the allegations in paragraph 82 set forth some possible explanations for and descriptions of the molting process.  Daybreak denies any remaining allegations in paragraph 82.

83.     Daybreak admits that the allegations in the first sentence of paragraph 83 set forth some possible ways to induce molting.  With respect to the second sentence of paragraph 83, Daybreak denies that molting necessarily reduces a bird's overall total production of eggs over the lifetime of the bird.  Daybreak denies the allegations in the third sentence of paragraph 83.  Daybreak denies any remaining allegations in paragraph 83.

84.     Daybreak admits that the allegations of paragraph 84 set forth one possible description of the process of molting and the relationship between molting and egg production. Daybreak denies any remaining allegations of paragraph 84.

85.     Daybreak admits that the allegations in the first and third sentences of paragraph 85 set forth some possible explanations for and descriptions of the molting process and the productivity of hens. Daybreak denies the allegations in the second sentence of paragraph 85.

86.     Daybreak admits that in paragraph 86 Plaintiffs appear to be paraphrasing and attempting to characterize an unidentified document authored by the United States Department of Agriculture. If so, that document speaks for itself.

87.     Daybreak admits that in paragraph 87 Plaintiffs have offered one possible definition of "table eggs," one possible definition of "breaking eggs," and one possible definition of "hatching eggs." Daybreak also admits that Plaintiffs purport to characterize table eggs, breaking eggs, and hatching eggs as "shell eggs." Daybreak denies any remaining allegations in paragraph 87.

88.     With respect to the first sentence of paragraph 88, Daybreak admits that shell eggs are a component in processed egg products. Daybreak admits that the allegations in the second through sixth sentences of paragraph 88 set forth possible descriptions of how egg products are created. Daybreak denies any remaining allegations in paragraph 88.

89.     Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 89 and therefore denies them. With respect to the second sentence of paragraph 89, Daybreak admits that the allegations provide some possible uses of egg products. Daybreak denies any remaining allegations in paragraph 89.

90.     Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 90 and therefore denies them.  With respect to the second sentence of paragraph 90, Plaintiffs appear to be selective citing to and attempting to characterize an unidentified document authored by the American Egg Board.  If so, the document speaks for itself.  Daybreak denies any remaining allegations in the second sentence of paragraph 90, including without limitation Plaintiffs' characterization of the document.

91.     Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 91 and therefore denies them.  With respect to the second and third sentences of paragraph 91, Daybreak admits that Plaintiffs appear to be paraphrasing and attempting to characterize some unidentified documents.  If so, those documents speak for themselves.  Daybreak denies any remaining allegations in the second and third sentence of paragraph 91, including without limitation Plaintiffs' characterization of the documents.

92.     Daybreak admits that Plaintiffs have defined shell eggs as both generic and specialty eggs, and admits that Plaintiffs have defined specialty eggs as including organic, all-natural, cage-free, vegetarian, and omega-3 varieties.  Daybreak denies any remaining allegations in paragraph 92.

93.     Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 93 and therefore denies them.

94.     Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 94 and therefore denies them.  With respect to the second sentence of paragraph 94, Daybreak admits that shell eggs are one

component of egg products and that feed costs are one cost component for both eggs and egg products.  With respect to the third sentence of paragraph 94, Daybreak admits that shell eggs and breaking eggs originate from laying hens.  Daybreak denies any remaining allegations in paragraph 94.

95.     Daybreak denies the allegations in the first, third, and fourth sentences of paragraph 95.  With respect to the second and sixth sentences of paragraph 95, Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.  With respect to the fifth sentence of paragraph 95, Daybreak denies that it agreed to apply the 100% Rule.  Daybreak denies any remaining allegations of paragraph 95.

96.     Daybreak denies the allegations of paragraph 96.

97.     Daybreak admits that in paragraph 97 Plaintiffs are selectively quoting from and attempting to characterize the document referenced therein.  That document speaks for itself.  Daybreak denies any remaining allegations in paragraph 97, including without limitation Plaintiffs' characterization of the document.

98.     Daybreak denies the allegations in the first sentence of paragraph 98.  With respect to the second sentence of paragraph 98, Daybreak admits that Plaintiffs are selectively quoting from and attempting to characterize an unidentified document.  That document speaks for itself.  Daybreak denies any remaining allegations in paragraph 98 including without limitation Plaintiffs' characterization of the document.

99.     With respect to the first sentence of paragraph 99, Daybreak admits that the demand for eggs is relatively inelastic, depending on the price, when compared to other consumer products, but denies any remaining allegations in the first sentence of paragraph 99.  With respect to the second and third sentences of paragraph 99, Daybreak admits that Plaintiffs

are selectively quoting from and attempting to characterize the publication referenced therein. That document speaks for itself. Daybreak denies any remaining allegations of paragraph 99, including without limitation Plaintiffs' characterization of the publication.

100. Daybreak admits that in paragraph 100, Plaintiffs are selectively quoting from and attempting to characterize the documents referenced therein. Those documents speak for themselves. Daybreak denies any remaining allegations in paragraph 100, including without limitation Plaintiffs' characterization of the documents.

101. Daybreak admits that in paragraph 101 Plaintiffs are selectively quoting from and attempting to characterize the documents referenced therein. Those documents speak for themselves. Daybreak denies any remaining allegations in paragraph 101, including without limitation Plaintiffs' characterization of the documents.

102. Daybreak admits that it performs more than one step in the process of bringing liquid and shell eggs to market, and that, on information and belief, other egg farmers also perform more than one step in the process of bringing eggs to market, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 102 and therefore denies them.

103. Daybreak denies the allegations of paragraph 103.

104. Daybreak admits that in paragraph 104, Plaintiffs appear to be attempting to paraphrase and characterize an unidentified American Egg Board publication. If so, that publication speaks for itself. Daybreak denies any remaining allegations in paragraph 104, including without limitation Plaintiffs' characterization of the publication.

105.     Daybreak admits that it is a producer of eggs and that Daybreak had layers in production in 2010, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 105, and therefore denies them.

106.     Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 106 and therefore denies them.

107.     Daybreak admits that in paragraph 107, Plaintiffs appear to be attempting to paraphrase and characterize an unidentified USDA publication.  If so, this publication speaks for itself.

108.     Daybreak denies the allegations in paragraph 108.

109.     Daybreak denies the allegations in paragraph 109.

110.     Daybreak admits that it has sold and shipped eggs to states other than where the eggs were produced, but lacks knowledge or information sufficient to form a belief as to the truth of the allegations as to the other Defendants and therefore denies them.  Daybreak denies any remaining allegations in paragraph 110.

111.     Daybreak admits that it has purchased raw materials, equipment, and supplies from states other than where its eggs were produced, but lacks knowledge or information sufficient to form a belief as to the truth of the allegations as to the other Defendants and therefore denies them.  Daybreak denies any remaining allegations in paragraph 111.

112.     Daybreak admits that it has sent information, correspondence, and financial material in the normal course of its business between various states, but lacks knowledge or information sufficient to form a belief as to the truth of the allegations as to the other Defendants and therefore denies them.  Daybreak denies any remaining allegations in paragraph 112.

113.    Daybreak denies that it ever sold eggs to Plaintiffs or received any payments from Plaintiffs for eggs, but admits that it has received payments from its customers in interstate commerce.

114.    Daybreak denies the allegations in paragraph 114.

115.    Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 115 and therefore denies them. Daybreak denies the allegations in the second sentence of paragraph 115.

116.    Daybreak admits that in paragraph 116 Plaintiffs are selectively quoting from and attempting to characterize the document referenced therein. That document speaks for itself. Daybreak denies any remaining allegations of paragraph 116, including without limitation Plaintiffs' characterization of the document.

117.    Daybreak admits that Plaintiffs are selectively quoting from and attempting to characterize an unidentified document.  That document speaks for itself.  Daybreak denies any remaining allegations of paragraph 117, including without limitation Plaintiffs' characterization of the document.

118.    With respect to the first sentence of paragraph 118, Daybreak denies that it met with other egg producers to consider Don Bell's recommendations in late 1999.  Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 118 and therefore denies them.

119.    Daybreak denies the allegations in paragraph 119.

120.    Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 120 about when UEP first issued its UEP Certified

Guidelines and therefore denies them.  Daybreak denies all remaining allegations in paragraph 120.

121.    Daybreak admits that Plaintiffs appear to be paraphrasing and attempting to characterize an unidentified document in the first sentence of paragraph 121.  If so, that document speaks for itself.  Daybreak denies any remaining allegations in the first sentence of paragraph 121, including without limitation Plaintiffs' characterization of the document.  Daybreak denies the allegations in the second paragraph 121. Daybreak admits that Plaintiffs appear to be selectively quoting from and attempting to characterize an unidentified document in the third sentence of paragraph 121.  That documents speak for itself.  Daybreak denies any remaining allegations in the third sentence of paragraph 121, including without limitation Plaintiffs' characterization of the document.

122.    Daybreak admits that in paragraph 122 Plaintiffs are selectively quoting from and attempting to characterize the newsletter referenced therein.  That newsletter speaks for itself.  Daybreak denies any remaining allegations in paragraph 122, including without limitation Plaintiffs' characterization of the newsletter.

123.    Daybreak admits that Plaintiffs appear to be attempting to paraphrase and characterize the UEP Certified Guidelines.  If so, the UEP Certified Guidelines speak for themselves.  Daybreak denies any remaining allegations in paragraph 123, including without limitation Plaintiffs' characterization of the UEP Certified Guidelines.

124.    With respect to the first sentence of paragraph 124, Daybreak admits that Plaintiffs appear to be attempting to paraphrase and characterize the UEP Certified Guidelines. If so, the UEP Certified Guidelines speak for themselves.  Daybreak denies any remaining allegations in the first sentence of paragraph 124, including without limitation Plaintiffs'

characterization of the UEP Certified Guidelines. Daybreak denies the allegations in the second sentence of paragraph 124.

125.     With respect to the first sentence of paragraph 125, Daybreak denies that it adopted the "100% Rule." With respect to the second sentence of paragraph 125, Daybreak admits that the "100% Rule" required a producer to maintain 100% of its production in conformity with the UEP Certified program in order to market its eggs as "UEP Certified" eggs, but lacks knowledge or information sufficient to form a belief as to the truth of the allegations about when the 100% rule was first implemented and adopted and therefore denies them. With respect to the third sentence of paragraph 125, Daybreak admits that Plaintiffs are selectively quoting from and attempting to characterize the meeting minutes referenced therein. That document speaks for itself. Daybreak denies any remaining allegations in the third sentence of paragraph 125, including without limitation Plaintiffs' characterization of the document. Daybreak denies the allegations in the fourth sentence of paragraph 125.

126.     Daybreak admits that in paragraph 126 Plaintiffs are quoting from and attempting to characterize the memorandum referenced therein. That memorandum speaks for itself. Daybreak denies any remaining allegations in paragraph 126, including Plaintiffs' characterization of the memorandum.

127.     Daybreak admits that in paragraph 127 Plaintiffs are quoting from and attempting to characterize the letter referenced therein. That letter speaks for itself. Daybreak denies any remaining allegations in paragraph 127, including without limitation Plaintiffs' characterization of the letter.

128.     Daybreak admits that in paragraph 128 Plaintiffs are quoting from and attempting to characterize the emails and newsletter referenced therein. Those documents speak for

themselves.  Daybreak denies any remaining allegations in paragraph 128, including without limitation Plaintiffs' characterization of the documents.

129.    With respect to the first sentence of paragraph 129, Daybreak denies that it agreed to ban backfilling except in cases of catastrophic flock mortality or that it agreed with other producers to limit backfilling at all.  With respect to the second sentence of paragraph 129, Daybreak admits that Plaintiffs appear to be attempting to paraphrase and characterize the UEP Certified Guidelines.  If so, the UEP Certified Guidelines speak for themselves.  Daybreak denies any remaining allegations in the second sentence of paragraph 123, including without limitation Plaintiffs' characterization of the UEP Certified Guidelines.  With respect to the third through sixth sentences of paragraph 129, Daybreak admits that Plaintiffs are quoting from and attempting to characterize various unidentified documents.  Those documents speak for themselves.  Daybreak denies any remaining allegations in the third through sixth sentences of paragraph 129, including without limitation Plaintiffs' characterization of the documents.

130.    Daybreak admits that Plaintiffs are quoting from and attempting to characterize unidentified documents.  The documents speak for themselves.  Daybreak denies any remaining allegations in paragraph 130, including without limitation Plaintiffs' characterization of the documents.

131.    Daybreak did not participate in the UEP Certified Program and therefore lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first through fourth sentences of paragraph 131 and therefore denies them.  With respect to the fifth sentence of paragraph 131, Daybreak admits that Plaintiffs appear to be attempting to paraphrase and characterize the newsletter referenced therein.  The newsletter speaks for itself.  Daybreak

denies any remaining allegations in paragraph 131, including without limitation Plaintiffs' characterization of the newsletter.

132.    Daybreak did not participate in the UEP Certified Program and therefore lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 132 and therefore denies them.

133.    Daybreak denies the allegations in the first and second sentences of paragraph 133.  With respect to the third sentence of paragraph 133, Daybreak admits that Plaintiffs are selectively quoting from and attempting to characterize the newsletter referenced therein.  The newsletter speaks for itself.  Daybreak denies any remaining allegations in paragraph 133, including without limitation Plaintiffs' characterization of the newsletter.

134.    Daybreak did not participate in the UEP Certified Program and therefore lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 134 and therefore denies them.

135.    Daybreak did not participate in the UEP Certified Program and therefore lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 135 and therefore denies them.

136.    Daybreak did not participate in the UEP Certified Program and therefore lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 136 and therefore denies them.

137.    Daybreak admits that egg producers that followed the UEP Certified Guidelines were permitted to label their eggs as "UEP Certified."

138.    Daybreak denies the allegations in the first sentence of paragraph 138. Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 138 and therefore denies them.

139.    Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 139 and therefore denies them.

140.    Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of paragraph 140 and therefore denies them. With respect to the third and fourth sentences of paragraph 140, Daybreak was not and is not a member of USEM and lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

141.    Daybreak denies the allegations in the first, second, fourth, and fifth sentences of paragraph 141. With respect to the third sentence of paragraph 141, Daybreak was not and is not a member of USEM and lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them. With respect to the sixth sentence of paragraph 141, Daybreak admits that Plaintiffs are selectively quoting from and attempting to characterize an unidentified document. That document speaks for itself. Daybreak denies any remaining allegations of paragraph 141, including without limitation Plaintiffs' characterization of the document.

142.    Daybreak denies the allegations in the first and second sentences of paragraph 142. With respect to the third sentence of paragraph 142, Daybreak admits that Plaintiffs are selectively quoting from and attempting to characterize the memorandum referenced therein. That document speaks for itself. Daybreak denies any remaining allegations of paragraph 142, including without limitation Plaintiffs' characterization of the memorandum.

143.    Daybreak admits that Plaintiffs are selectively quoting from and attempting to characterize the email referenced therein.  That document speaks for itself.  Daybreak denies any remaining allegations of paragraph 143, including without limitation Plaintiffs' characterization of the document.

144.    Daybreak denies the allegations in the first sentence of paragraph 144.  With respect to subparts A through C of paragraph 144, Daybreak was not and is not a member of USEM and lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them. With respect to subpart D, Daybreak denies the allegations in the first and second sentences and admits that in the third and fourth sentences Plaintiffs are selectively quoting from and attempting to characterize the document referenced therein.  Those documents speak for themselves.  Daybreak denies any remaining allegations in the third and fourth sentences of subpart D, including without limitation Plaintiffs' characterization of the documents.  Daybreak denies the allegations of subpart E.

145.    Daybreak admits that Plaintiffs are selectively quoting from and attempting to characterize several newsletters.  Those newsletters speak for themselves.  Daybreak denies any remaining allegations in paragraph 145, including without limitation Plaintiffs' characterization of the newsletters.

146.    Daybreak admits that in paragraph 146 Plaintiffs are selectively quoting from and attempting to characterize the referenced documents.  These documents speak for themselves.  Daybreak denies any remaining allegations of paragraph 146, including without limitation Plaintiffs' characterization of the documents.

147.    Daybreak admits that Plaintiffs appear to be paraphrasing and attempting to characterize an unidentified document.  If so, that documents speak for itself.  Daybreak denies

any remaining allegations of paragraph 147, including without limitation Plaintiffs' characterization of the document.

148. Daybreak admits that Plaintiffs appear to be paraphrasing and attempting to characterize an unidentified document. If so, that documents speaks for itself. Daybreak denies any remaining allegations in paragraph 148, including without limitation Plaintiffs' characterization of that document.

149. Daybreak admits that Plaintiffs are selectively quoting from and attempting to characterize unidentified documents. If so, those documents speak for themselves. Daybreak denies any remaining allegations of paragraph 149, including without limitation Plaintiffs' characterization of the documents.

150. Daybreak admits that Plaintiffs appear to be paraphrasing and attempting to characterize an unidentified document. If so, that document speaks for itself. Daybreak denies any remaining allegations in paragraph 150, including without limitation Plaintiffs' characterization of that document.

151. Daybreak admits that Plaintiffs are selectively quoting from and attempting to characterize an unidentified document. If so, that document speaks for itself. Daybreak denies any remaining allegations in paragraph 151, including without limitation Plaintiffs' characterization of the document.

152. Daybreak admits that in paragraph 152 Plaintiffs are selectively quoting from and attempting to characterize the newsletter referenced therein. That document speaks for itself. Daybreak denies any remaining allegations in paragraph 152, including without limitation Plaintiffs' characterization of the newsletter.

153.     Daybreak admits that in paragraph 153 Plaintiffs are selectively quoting from and attempting to characterize the meeting minutes referenced therein.  That document speaks for itself.  Daybreak denies any remaining allegations in paragraph 153, including without limitation Plaintiffs' characterization of the document.

154.     Daybreak admits that in paragraph 154 Plaintiffs are selectively quoting from and attempting to characterize the newsletter referenced therein.  That document speaks for itself.  Daybreak denies any remaining allegations of paragraph 154, including without limitation Plaintiffs' characterization of the newsletter.

155.     Daybreak admits that in paragraph 155 Plaintiffs are selectively quoting from and attempting to characterize unidentified documents.  Those documents speak for themselves.  Daybreak denies any remaining allegations in paragraph 155, including without limitation Plaintiffs' characterization of the documents.

156.     Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 156 and therefore denies them.  With respect to the second sentence of paragraph 156, Daybreak admits that Plaintiffs appear to be paraphrasing and attempting to characterize an unidentified letter.  If so, that documents speaks for itself.  Daybreak denies any remaining allegations in the second sentence of paragraph 150, including without limitation Plaintiffs' characterization of that document.  Daybreak denies the allegations in the third sentence of paragraph 156.

157.     Daybreak admits that in paragraph 157 Plaintiffs are selectively quoting from and attempting to characterize the newsletter referenced therein.  That document speaks for itself.  Daybreak denies any remaining allegations in paragraph 157, including without limitation Plaintiffs' characterization of the newsletter.

158.   Daybreak admits that in paragraph 158 Plaintiffs are selectively quoting from and attempting to characterize the documents referenced therein.  Those documents speaks for themselves.  Daybreak denies any remaining allegations in paragraph 158, including without limitation Plaintiffs' characterization of the documents.

159.   Daybreak admits that in paragraph 159 Plaintiffs are selectively quoting from and attempting to characterize the newsletter referenced therein.  That document speaks for itself.  Daybreak denies any remaining allegations in paragraph 159, including without limitation Plaintiffs' characterization of the newsletter.

160.   Daybreak admits that in paragraph 160 Plaintiffs are selectively quoting from and attempting to characterize an unidentified document.  That document speaks for itself.  Daybreak denies any remaining allegations in paragraph 160, including without limitation Plaintiffs' characterization of the motion.

161.   Daybreak admits that in paragraph 161 Plaintiffs are selectively quoting from and attempting to characterize the document referenced therein.  That document speaks for itself.  Daybreak denies any remaining allegations in paragraph 161, including without limitation Plaintiffs' characterization of the document.

162.   Daybreak admits that in paragraph 162 Plaintiffs are selectively quoting from and attempting to characterize the newsletter referenced therein.  That document speaks for itself.  Daybreak denies any remaining allegations in paragraph 162, including without limitation Plaintiffs' characterization of the newsletter.

163.   Daybreak admits that in paragraph 163 Plaintiffs are selectively quoting from and attempting to characterize the newsletter referenced therein.  That document speaks for itself.

Daybreak denies any remaining allegations in paragraph 163, including without limitation Plaintiffs' characterization of the newsletter.

164.    Daybreak admits that in paragraph 164 Plaintiffs are selectively quoting from and attempting to characterize the newsletter referenced therein.  That document speaks for itself.  Daybreak denies any remaining allegations in paragraph 164, including without limitation Plaintiffs' characterization of the newsletter.

165.    Daybreak admits that in paragraph 165 Plaintiffs are selectively quoting from and attempting to characterize the newsletter referenced therein.  That document speaks for itself.  Daybreak denies any remaining allegations in paragraph 165, including without limitation Plaintiffs' characterization of the newsletter.

166.    Daybreak admits that in paragraph 166 Plaintiffs are selectively quoting from and attempting to characterize the newsletter referenced therein.  That document speaks for itself.  Daybreak denies any remaining allegations in paragraph 166, including without limitation Plaintiffs' characterization of the newsletter.

167.    Daybreak denies the allegations of paragraph 167.

168.    Daybreak denies the allegations in the first sentence of paragraph 168.  With respect to the second sentence of paragraph 168, Daybreak admits that Plaintiffs are selectively quoting from and attempting to characterize the newsletter referenced therein.  That document speaks for itself.  Daybreak denies any remaining allegations in the second sentence of paragraph 168, including without limitation Plaintiffs' characterization of the newsletter.  With respect to the third and fourth sentences of paragraph 168, Daybreak admits that Plaintiffs are selectively quoting from and attempting to characterize an unidentified document.  That document speaks

for itself. Daybreak denies any remaining allegations in the third and fourth sentences of paragraph 168, including without limitation Plaintiffs' characterization of the documents.

169. Daybreak admits that in paragraph 169 Plaintiffs are selectively quoting from and attempting to characterize the newsletter referenced therein. That document speaks for itself. Daybreak denies any remaining allegations in paragraph 169, including without limitation Plaintiffs' characterization of the newsletter.

170. Daybreak admits that in paragraph 170 Plaintiffs are selectively quoting from and attempting to characterize the newsletter referenced therein. That document speaks for itself. Daybreak denies any remaining allegations in paragraph 170, including without limitation Plaintiffs' characterization of the newsletter.

171. Daybreak admits that in paragraph 171 Plaintiffs are selectively quoting from and attempting to characterize the newsletter referenced therein. That document speaks for itself. Daybreak denies any remaining allegations in paragraph 171, including without limitation Plaintiffs' characterization of the newsletter.

172. Daybreak admits that in paragraph 172 Plaintiffs are selectively quoting from and attempting to characterize the newsletters referenced therein. Those documents speaks for themselves. Daybreak denies any remaining allegations in paragraph 172, including without limitation Plaintiffs' characterization of the newsletters.

173. Daybreak admits that in paragraph 173 Plaintiffs are selectively quoting from and attempting to characterize the presentation referenced therein. That document speaks for itself. Daybreak denies any remaining allegations in paragraph 173, including without limitation Plaintiffs' characterization of the newsletter.

174.     Daybreak admits that in paragraph 174 Plaintiffs are selectively quoting from and attempting to characterize the newsletter referenced therein.  That document speaks for itself. Daybreak denies any remaining allegations in paragraph 174, including without limitation Plaintiffs' characterization of the newsletter.

175.     Daybreak admits that in paragraph 175 Plaintiffs are selectively quoting from and attempting to characterize the Congressional testimony referenced therein.  That testimony speaks for itself.  Daybreak denies any remaining allegations in paragraph 175, including without limitation Plaintiffs' characterization of the testimony.

176.     Paragraph 176 states legal conclusions to which no response is required.  To the extent a response is somehow required, Daybreak denies the statements in paragraph 176.

177.     With respect to the first sentence of paragraph 177, Daybreak admits that UEP membership was open to persons as permitted under the Capper-Volstead Act, but denies any remaining allegations.  The second sentence of paragraph 177 states legal conclusions to which no response is required.  To the extent a response is somehow required, Daybreak denies the statements in the second sentence of paragraph 177.

178.     Daybreak admits the allegations in the first sentence of paragraph 178.  Daybreak denies the allegations in the second sentence of paragraph 178.  The third through fifth sentences of paragraph 178 state legal conclusions to which no response is required.  To the extent a response is somehow required, Daybreak denies the statements of the second through fifth sentences of paragraph 178.

179.     Daybreak denies that UEP had members that were not permitted under the Capper-Volstead Act, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 179 and therefore denies them.

180.     Paragraph 180 states a legal conclusion to which no response is required.  To the extent a response is somehow required, Daybreak denies the statements of paragraph 180.

181.     Paragraph 181 states a legal conclusion to which no response is required.  To the extent a response is somehow required, Daybreak denies the statements of paragraph 181.

182.     Daybreak admits that in paragraph 182 Plaintiffs appear to be paraphrasing and attempting to characterize the legislative history referenced therein.  If so, that document speaks for itself.  Daybreak denies any remaining allegations in paragraph 182, including without limitation Plaintiffs' characterization of the document.

183.     Daybreak admits that in paragraph 183 Plaintiffs are selectively quoting from and attempting to characterize the documents referenced therein.  Those documents speak for themselves.  Daybreak denies any remaining allegations in paragraph 183, including without limitation Plaintiffs' characterization of the documents.

184.     Daybreak admits that in paragraph 184 Plaintiffs appear to be selectively quoting from and attempting to characterize an FTC decision.  That document speaks for itself.  Daybreak denies any remaining allegations in paragraph 184, including without limitation Plaintiffs' characterization of the FTC decision.

185.     Daybreak admits that in paragraph 185 Plaintiffs appear to be selectively quoting from and attempting to characterize various USDA reports and statements.  Those documents speak for themselves.  Daybreak denies any remaining allegations in paragraph 185, including without limitation Plaintiffs' characterization of the reports and statements.

186.     Daybreak denies the allegations in the first, third, and fourth sentences of paragraph 186.  With respect to the second sentence of paragraph 186, Daybreak admits that Plaintiffs are selectively quoting from and attempting to characterize an unidentified document.

That document speaks for itself. Daybreak denies any remaining allegations in the second sentence of paragraph 186, including without limitation Plaintiffs' characterization of the document.

187.    Paragraph 187 states a legal conclusion to which no response is required. To the extent a response is somehow required, Daybreak denies the statements of paragraph 187.

188.    Daybreak denies the allegations in the first sentence of paragraph 188. The second sentence of paragraph 188 states a legal conclusion and/or Plaintiffs' spin on the facts involved in this case to which no response is required. To the extent a response is somehow required, Daybreak denies the statements in the second sentence of paragraph 188. Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third and fourth sentences of paragraph 188 and therefore denies them.

189.    Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 189 and therefore denies them.

190.    Paragraph 190 states a legal conclusion to which no response is required. To the extent a response is somehow required, Daybreak denies the statements of paragraph 190.

191.    Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 191 and therefore denies them.

192.    The first sentence of paragraph 192 states a legal conclusion to which no response is required. To the extent a response is somehow required, Daybreak denies the allegations in the first sentence of paragraph 192. Daybreak denies the allegations in the second sentence of paragraph 192.

193.    Daybreak denies the allegations in the first and third sentences of paragraph 193. With respect to the second sentence of paragraph 193, Daybreak admits that UEP does not wash,

break, pasteurize, store, distribute, or negotiate the sale of its members' eggs, but denies the remaining allegations of the second sentence of paragraph 193.

194.    Daybreak denies the allegations of paragraph 194.

195.    Daybreak denies the allegations of paragraph 195.

196.    Daybreak denies the allegations of paragraph 196.

197.    Daybreak denies the allegations of paragraph 197.

198.    Daybreak denies the allegations of paragraph 198.

199.    Daybreak denies the allegations of paragraph 199.

200.    Daybreak denies the allegations in the first sentence of paragraph 200.  Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 200 and therefore denies them.

201.    Daybreak denies the allegations of paragraph 201..

202.    Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 202 and therefore denies them.

203.    Daybreak denies that its conduct violated the antitrust laws, denies that the statute of limitations should be tolled for any reason, and further answers that the underlying facts supposedly supporting Plaintiff's claims were not concealed but instead were publicly known. Daybreak denies any remaining allegations of paragraph 203.

204.    Daybreak denies the allegations of paragraph 204.

205.    Daybreak denies that its conduct violated the antitrust laws, denies that the statute of limitations should be tolled for any reason, and further answers that the underlying facts supposedly supporting Plaintiff's claims were not concealed but instead were publicly known. Daybreak denies any remaining allegations of paragraph 205.

206.     Daybreak denies that its conduct violated the antitrust laws, denies that the statute of limitations should be tolled for any reason, and further answers that the underlying facts supposedly supporting Plaintiff's claims were not concealed but instead were publicly known. Daybreak denies any remaining allegations of paragraph 206.

207.     Daybreak denies that its conduct violated the antitrust laws, denies that the statute of limitations should be tolled for any reason, and further answers that the underlying facts supposedly supporting Plaintiff's claims were not concealed but instead were publicly known. Daybreak denies any remaining allegations of paragraph 207.

208.     Daybreak denies that its conduct violated the antitrust laws, denies that the statute of limitations should be tolled for any reason, and further answers that the underlying facts supposedly supporting Plaintiff's claims were not concealed but instead were publicly known. Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations about what Plaintiffs supposedly learned from Moark's supposed cooperation under the terms of Moark's settlement.  Daybreak denies any remaining allegations of paragraph 208.

209.     With respect to the first and third sentences of paragraph 209, Daybreak denies that its conduct violated the antitrust laws, denies that the statute of limitations should be tolled for any reason, and further answers that the underlying facts supposedly supporting Plaintiff's claims were not concealed but instead were publicly known.  Daybreak denies any remaining allegations in the first and third sentences of paragraph 209.  With respect to the second sentence of paragraph 209, Daybreak admits that Plaintiffs are selectively quoting from and attempting to characterize the article referenced therein.  That article speaks for itself.  Daybreak denies any remaining allegations in the second sentence of paragraph 209, including without limitation Plaintiffs' characterization of that article.

210.     Daybreak denies the allegations of paragraph 210.

211.     Daybreak lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 211 and therefore denies them. Daybreak denies the allegations in the second sentence of paragraph 211. With respect to the third sentence of paragraph 211, Daybreak denies that Plaintiffs are entitled to any damages.

212.     Daybreak denies the allegations of paragraph 212.

### RESPONSE TO PRAYER FOR RELIEF

WHEREFORE, Daybreak denies that Plaintiffs are entitled to any relief whatsoever and respectfully requests: (a) that Plaintiffs take nothing by their action; (b) that this Court dismiss Plaintiffs' claims with prejudice; (c) that this Court assess costs and fees against Plaintiffs; and (d) that this Court award Daybreak such other and further relief to which it may be justly entitled.

### RESERVATION OF RIGHT TO AMEND

Daybreak reserves the right to amend its Answer and its right to assert additional affirmative or separate defenses that may be pertinent to Plaintiffs' claims when the precise nature of those claims are ascertained through discovery and based on facts developed as this matter progresses. In stating any affirmative or separate defenses, Daybreak does not concede that they have the burden of proof on any of the defenses and denials.

### AFFIRMATIVE DEFENSES

1.     Plaintiffs fail in whole or in part to state a claim upon which relief could be granted.

2.     Plaintiffs' claims are barred, in whole or in part, by the Capper-Volstead Act, 7 U.S.C. § 291, 292.

3.      Plaintiffs' claims are barred, in whole or in part, by the Agricultural Cooperative Marketing Act, 7 U.S.C. § 455.

4.      Plaintiffs' claims are barred, in whole or in part, by Section 6 of the Clayton Act, 15 U.S.C. § 17.

5.      Plaintiffs' claims are barred, in whole or in part, by the Agricultural Marketing Act of 1929, 12 U.S.C. § 1141(a).

6.      Plaintiffs' claims are barred, in whole or in part, by 7 U.S.C. § 292's grant of exclusive or primary jurisdiction to the United States Secretary of Agriculture.

7.      If, for some technical reason, Defendants UEP and/or USEM were not exempt from Plaintiffs' claims under the foregoing immunities or any or all of the alleged acts and omissions of Defendants were not within the scope of the foregoing immunities, any such technical defects should be ignored as *de minimis*.

8.      If, for some technical reason, Defendants UEP and/or USEM were not exempt from Plaintiffs' claims under the foregoing immunities or any or all of the alleged acts and omissions of Defendants were not within the scope of the foregoing immunities, Daybreak reasonably believed that those entities were exempt and acted within the scope of the foregoing immunities, and neither Plaintiffs' claims nor any antitrust injury were reasonably foreseeable by Daybreak.  At all relevant times, Daybreak acted in good faith and with intent to comply with the law.

9.      If, for some technical reason, Defendants UEP and/or USEM were not exempt from Plaintiffs' claims under the foregoing immunities or any or all of the alleged acts and omissions of Defendants were not within the scope of the foregoing immunities, any resulting damages should be equitably mitigated.

10.     Daybreak cannot be found liable for a violation of the antitrust laws due to the conduct of others that it neither knew about nor controlled.  Daybreak indisputably qualifies as a "farmer" and a "producer" within the scope of the foregoing statutory immunities, and no Daybreak acts or omissions were outside the scope of those immunities.  At all relevant times, Daybreak believed and understood that Defendants UEP and USEM had procedures in place to ensure that all their members similarly qualified and that none of their acts or omissions were outside the scope of those immunities.  Daybreak thus cannot be found liable for a violation of the antitrust laws.

11.     Daybreak cannot be found liable for a violation of the antitrust laws due to conduct in which it did not engage.

12.     If, for any reason, any of the alleged acts and omissions of Defendants were unlawful under the antitrust laws and were outside the scope of any immunity, any resulting damages are limited to compensation for injuries that Plaintiffs can show to have resulted from that which made Defendants' conduct unlawful and are to be separate from the effects of lawful concerted activity.

13.     To the extent that Plaintiffs seek to collect treble damages, attorneys' fees and expenses, and other monetary relief from Daybreak, it seeks a recovery that is so grossly excessive and inequitable that it would violate the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

14.     Daybreak has engaged in no behavior that it knew to be, or could reasonably foresee would ever be found to be, improper or forbidden under the antitrust laws, and thus neither actual nor treble damages may be awarded against it.

15.     Plaintiffs cannot demonstrate that Defendants' conduct was outside the scope of the foregoing immunities or that Defendants' prices were unduly enhanced as a result of any or all of the alleged acts and omissions.  The United States Department of Agriculture ("USDA") was fully aware of the conduct relevant to Plaintiffs' claims, and it regularly monitors and reports upon egg prices.  However, the USDA never sought to object to, or to halt, any conduct by Defendants despite the fact that Section 2 of the Capper-Volstead Act, 7 U.S.C. § 292, provides that the Secretary of Agriculture "shall issue" an order directing agricultural associations "to cease and desist" conduct that causes the prices of agricultural products to be "unduly enhanced."

16.     Plaintiffs' claims are barred, in whole or in part, by the Noerr-Pennington doctrine, the state action doctrine, and/or the doctrine of implied immunity; Plaintiffs' claims are further barred because the alleged conduct that is the subject of the Complaint was caused by, due, based upon, or in response from directives, laws, regulations, authorizations, policies and/or acts of governments and/or their agencies.

17.     Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations and/or laches.

18.     Plaintiffs' claims are barred, in whole or in part, by waiver, ratification, and/or estoppel.

19.     To the extent Plaintiffs claim that Defendants fraudulently concealed any actions, Plaintiffs have failed to allege this fraud with the particularity required by Federal Rule of Civil Procedure 9(b).

20.     Plaintiffs' claims are barred, in whole or in part, because Daybreak has acted in good faith.

21.    Plaintiffs' claims are barred, in whole or in part, because legitimate standard setting cannot give rise to antitrust liability.

22.    Plaintiffs' claims are barred, in whole or in part, because the claims are governed by the rule of reason, and Plaintiffs have not alleged and cannot prove the elements of a rule of reason claim.

23.    Plaintiffs' claims are barred, in whole or in part, because the pro-competitive benefits of the conduct alleged by Plaintiffs outweigh any alleged anti-competitive effects.

24.    Plaintiffs' claims are barred, in whole or in part, because they lack standing to bring some or all of their claims.

25.    Plaintiffs' claims are barred, in whole or in part, because they did not suffer antitrust injury.

26.    Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have failed properly to allege relevant product and geographic markets.

27.    Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' claimed injuries and damages were not legally or proximately caused by any act or omission of Daybreak, or were caused, if at all, by the conduct of third-parties, including, without limitation, the previous, intervening, or superseding conduct of such third-parties.

28.    To the extent Plaintiffs have sustained damages, if any, it has failed to mitigate those damages and are therefore barred from recovering damages in whole or in part.

29.    Plaintiffs' damages claims are barred, in whole or in part, because it has suffered no damages or because the damages it seeks are speculative and uncertain.

30.    Plaintiffs' claims are barred, in whole or in part, because of a failure to join necessary and/or indispensible parties.

31.     Plaintiffs' claims are barred, in whole or in part, by the doctrines of *in pari delicto*, involvement, participation, equal involvement, complete involvement, and unclean hands.

32.     Daybreak adopts by reference any applicable defense pleaded by any other Defendant that is not otherwise expressly set forth in this Answer.

33.     In stating these affirmative defenses, Daybreak does not concede that it has the burden of proof on any of the aforementioned defenses and denials.


Dated:  April 26, 2012                                    Respectfully submitted,


                                                          */s/ Christopher E. Ondeck*
                                                          Christopher E. Ondeck (D.C. Bar # 454014)
                                                          Matthew J. McBurney (D.C. Bar # 490108)
                                                          CROWELL & MORING LLP
                                                          1001 Pennsylvania Avenue, N.W.
                                                          Washington, D.C.  20004

                                                          *Counsel for Defendant Daybreak Foods, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on the 26th day of April 2012, upon counsel of record via the Court's ECF system.


*/s/ Christopher E. Ondeck*