## IN THE UNITES STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: PROCESSED EGG PRODUCTS ANTITRUST LITIGATION | : <br> : <br> :   MDL No. 2002 <br> :   08-md-02002 <br> : <br> : <br> THIS DOCUMENT RELATES TO   : <br> 2:12-cv-00088-GP   : |

### UNITED STATES EGG MARKETERS, INC.'S ANSWER WITH AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendant United States Egg Marketers, Inc. ("USEM") provides the following amended answer with affirmative defenses to Plaintiffs Kraft Foods Global, Inc., The Kellogg Company, General Mills, Inc., and Nestle USA, Inc.'s (collectively, "Plaintiffs") First Amended Complaint ("First Amended Complaint").

### PRELIMINARY STATEMENT

By way of general response, Federal Rule of Civil Procedure 8(b) requires "short and plain" answers. A denial must fairly meet the substance of the averments, and a party may generally deny all allegations contained in a paragraph except those that are specifically admitted. *See* Fed. R. Civ. P. 8(b). Moreover, the federal rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

USEM denies all allegations contained in the First Amended Complaint unless specifically admitted. Moreover, any factual averment that is admitted below is admitted only as to specific facts stated therein and not as to any conclusions, legal or otherwise, characterizations, implications or speculation in the averment or the First Amended Complaint as a whole. To the extent that an averment includes a mix of alleged fact and legal conclusion,

-1-

USEM denies such comingled allegations except those that are specifically admitted. *See Charleston v. Salon Secrets Day Spa, Inc.,* No. 08-5889, 2009 U.S. Dist. Lexis 53073, at *5 (E.D. Pa. June 24, 2009) (holding that an answer on the basis that the averments assert conclusions of law to which no response is required was sufficient to deny the allegations); *Am. & Foreign Ins. Co. v. Phoenix Petroleum Co.,* No. 97-3349, 1998 U.S. Dist. LEXIS 20411, at *8-9 (E.D. Pa. Dec. 22, 1998) (finding that denials on the basis that the allegations were conclusions of law "meet the substance of the averments" and are "sufficient and do not constitute failures to deny").

   Throughout the First Amended Complaint, Plaintiffs' allegations include quoted material without any attribution or citation. USEM lacks knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and USEM therefore denies the same. *See* Fed. R. Civ. P. 8(b) ("If a party is without knowledge or information sufficient to form a belief as to the truth of an averment, the party shall so state and this has the effect of a denial."). USEM has no obligation to investigate the source(s) of material that Plaintiffs purport to characterize or quote without attribution or citation, and USEM denies those allegations.

   Similarly, Plaintiffs appear to have extracted many averments in the First Amended Complaint from documents and other writings, both attributed and unattributed. USEM denies Plaintiffs' characterization of such documents, which are writings that speak for themselves. *See Great W. Life Assurance Co. v. Levithan,* 834 F. Supp. 858, 865 (E.D. Pa. 1993) (holding that responses stating that "writings speak for themselves" were sufficient because "such responses are denials of the Plaintiff's characterization of the writings"); *Am. & Foreign Ins. Co.,* 1998 U.S. Dist. LEXIS 20411, at *8-9 (holding that responses which state that a contract speaks for itself meet the substance of the averments).

Many of the allegations in the First Amended Complaint concern the knowledge, perception, intention, or motivation of others. USEM cannot speak to the knowledge, perception, intention, or motivation of others without engaging in speculation.

USEM acknowledges that Plaintiffs purport to define both "shell eggs" and "egg products." USEM takes no position as to the accuracy of Plaintiffs' purported definitions or terminology. To the extent USEM admits any allegation that contains this terminology, USEM's admission relates only to the terms as defined by the Plaintiffs.

USEM denies any allegations set forth in or innuendo suggested by Plaintiffs' headings and/or footnotes.

On those occasions in the First Amended Complaint when Plaintiffs make allegations against all Defendants together, unless otherwise stated in this answer, USEM will answer for itself only, and any allegations directed against other Defendants will be denied. USEM incorporates this footnote by reference into its response to any paragraph in the First Amended Complaint that makes global allegations against Defendants as a group.

USEM incorporates this Preliminary Statement into each numbered paragraph of this Answer.

## ANSWER

1.        Admitted in part; denied in part.  USEM admits that Plaintiffs purport to define the terms "shell eggs," "egg products," and "eggs" as set forth in paragraph 1.  USEM denies the remaining allegations contained in paragraph 1.

2.        Admitted in part; denied in part.  USEM admits that certain defendants are producers of shell eggs and egg products.  USEM denies that it is a trade group.  To the contrary, USEM avers that it is a Capper-Volstead Agricultural Cooperative comprised of producer members.  USEM denies the remaining allegations contained in paragraph 2.

3.        Denied.  To the extent the allegations contained in paragraph 3 are conclusions of law, no response is required, and they are thus deemed denied.  USEM denies the remaining allegations contained in paragraph 3.

4.        Admitted in part; denied in part.  USEM admits that historically egg production has fluctuated.  The allegations contained in the second sentence of paragraph 4 purport to characterize Cal-Maine Foods, Inc.'s August 4, 2011 Form 10-K, from which it appears that Plaintiffs have extracted certain allegations contained in paragraph 4.  USEM denies Plaintiffs' characterization of the article, which is a writing that speaks for itself.  USEM denies the remaining allegations contained in paragraph 4.

5.        Admitted in part; denied in part.  Admitted in part; denied in part.  USEM admits that Fred Adams, Jr., is the Chairman of Cal-Maine Foods, Inc.  The allegations contained in the third through sixth sentences of paragraph 5 purport to characterize Cal-Maine Foods, Inc.'s August 4, 2001 Form 10-K, Michael Foods, Inc.'s August 8, 2011 prospectus, and an article published in the July 2007 edition of *Investor's Business Daily*, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 5.  USEM denies Plaintiffs'

characterization of the documents, which are writings that speak for themselves. USEM denies the remaining allegations contained in paragraph 5.

6.     Admitted in part; denied in part. USEM admits that there are fewer egg producers today than existed in the past. USEM denies the remaining allegations contained in paragraph 6.

7.     Denied. USEM denies the allegations contained in the first two and last sentences of paragraph 7.

A.     Denied. USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7.A, and the same are therefore denied. To the extent the allegations contained in paragraph 7.A purport to characterize an article from UEP's *United Voices* or an *Egg Industry* article dated November 1999, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 7.A, USEM denies Plaintiffs' characterization of the articles, which are in writings that speak for themselves.

B.     Denied. USEM lacks knowledge or information sufficient to respond to the allegations contained in paragraph 7.B relating to defendants other than USEM, and the same are therefore denied. USEM denies the remaining allegations contained in paragraph 7.B.

C.     Denied. USEM lacks knowledge or information sufficient to respond to the allegations contained in paragraph 7.C relating to

defendants other than USEM, and the same are therefore denied. USEM denies the remaining allegations contained in paragraph 7.C.

D.    Denied.  USEM lacks knowledge or information sufficient to respond to the allegations contained in paragraph 7.D relating to defendants other than USEM, and the same are therefore denied. To the extent that the allegations contained in paragraph 7.D purport to quote the March 4, 2004, issue of *United Voices*, USEM denies Plaintiffs' characterization of the document, which is a writing that speaks for itself.  USEM denies the remaining allegations contained in paragraph 7.D.

E.    Denied.  USEM lacks knowledge or information sufficient to respond to the allegations contained in paragraph 7.E relating to defendants other than USEM, and the same are therefore denied. USEM denies the remaining allegations contained in paragraph 7.E.

F.    Denied.  USEM lacks knowledge or information sufficient to respond to the allegations contained in paragraph 7.F relating to defendants other than USEM, and the same are therefore denied. USEM denies the remaining allegations contained in paragraph 7.F.

G.    Denied.  USEM lacks knowledge or information sufficient to respond to the allegations contained in paragraph 7.G relating to

defendants other than USEM, and the same are therefore denied. USEM denies the remaining allegations contained in paragraph 7.G.

H.     Denied.  USEM lacks knowledge or information sufficient to respond to the allegations contained in paragraph 7.H relating to defendants other than USEM, and the same are therefore denied. USEM denies the remaining allegations contained in paragraph 7.H.

I.     Denied.  USEM lacks knowledge or information sufficient to respond to the allegations contained in paragraph 7.I relating to defendants other than USEM, and the same are therefore denied. USEM denies the remaining allegations contained in paragraph 7.I.

J.     Denied.  USEM lacks knowledge or information sufficient to respond to the allegations contained in paragraph 7.J relating to defendants other than USEM, and the same are therefore denied. USEM denies the remaining allegations contained in paragraph 7.J.

K.     Denied.  USEM lacks knowledge or information sufficient to respond to the allegations contained in paragraph 7.K relating to defendants other than USEM, and the same are therefore denied. USEM denies the remaining allegations contained in paragraph 7.K.

L.     Admitted in part; denied in part.  USEM admits that, at certain times during the alleged relevant time period, it has organized shell

egg exports on behalf of its members.  The allegations contained in

the second sentence of paragraph 7.L purport to characterize a

document, from which it appears that Plaintiffs have extracted

certain allegations contained in paragraph 7.L  USEM denies

Plaintiffs' characterization of the document, which is a writing that

speaks for itself.  USEM denies the remaining allegations

contained in paragraph 7.L

8. Admitted in part; denied in part.  USEM admits that UEP published

*United Voices* newsletters dated June 4, 2003, August 27, 2003, and September 11, 2003, from

which it appears that Plaintiffs have extracted the allegations contained in paragraph 8.  USEM

denies Plaintiffs' characterization of the *United Voices* newsletters, which are writings that speak

for themselves.  To the extent the allegations contained in paragraph 8 are conclusions of law, no

response is required, and they are thus deemed denied.  USEM denies the remaining allegations

contained in paragraph 8.

9. Admitted in part; denied in part.  USEM admits that UEP published a

*United Voices* newsletter dated November 12, 2003.  The allegations contained in paragraph 9

purport to characterize UEP's *United Voices* newsletter dated November 12, 2003, and a March

1, 2004 report authored by Don Bell, from which it appears that Plaintiffs have extracted the

allegations contained in paragraph 9.  USEM denies Plaintiffs' characterization of the

documents, which are writings that speak for themselves.  USEM denies the remaining

allegations contained in paragraph 9.

10. Admitted in part; denied in part.  USEM admits that UEP published a

*United Voices* newsletter dated January 3, 2008, from which it appears that Plaintiffs have

extracted the allegations contained in paragraph 10. USEM denies Plaintiffs' characterization of the newsletter, which is a writing that speaks for itself. USEM denies the remaining allegations contained in paragraph 10.

11. Admitted in part; denied in part. USEM admits that Plaintiffs purport to bring this action as set forth in paragraph 11. USEM denies that Plaintiffs are entitled to the relief they request. The remaining allegations contained in paragraph 11 constitute conclusions of law to which no response is required, and they are thus deemed denied. USEM denies the remaining allegations contained in paragraph 11.

12. Denied. The allegations contained in paragraph 12 constitute conclusions of law to which no responsive pleading is required, and they are thus deemed denied. USEM lacks knowledge or information sufficient to respond to the allegations contained in paragraph 12 relating to defendants other than USEM, and the same are therefore denied. USEM denies the remaining allegations contained in paragraph 12.

13. Denied. The allegations contained in paragraph 13 constitute conclusions of law to which no responsive pleading is required, and they are thus deemed denied. USEM lacks knowledge or information sufficient to respond to the allegations contained in paragraph 13 relating to defendants other than USEM, and the same are therefore denied. USEM denies the remaining allegations contained in paragraph 13.

14. Admitted in part; denied in part. USEM admits that Plaintiffs purport to define "Kraft Foods" as set forth in paragraph 14. To the extent the allegations contained in the last sentence of paragraph 14 are conclusions of law, no response is required, and they are thus deemed denied. USEM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 14, and the same are therefore denied.

15.     Admitted in part; denied in part.  USEM admits that Plaintiffs purport to define "Kellogg" as set forth in paragraph 15.  To the extent the allegations contained in the last sentence of paragraph 15 are conclusions of law, no response is required, and they are thus deemed denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 15, and the same are therefore denied.

16.     Admitted in part; denied in part.  USEM admits that Plaintiffs purport to define "General Mills" as set forth in paragraph 16.  To the extent the allegations contained in the last sentence of paragraph 16 are conclusions of law, no response is required, and they are thus deemed denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 16, and the same are therefore denied.

17.     Admitted in part; denied in part.  USEM admits that Plaintiffs purport to define "Nestle USA" as set forth in paragraph 17.  To the extent the allegations contained in the last sentence of paragraph 17 are conclusions of law, no response is required, and they are thus deemed denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 17, and the same are therefore denied.

18.     Admitted.

19.     Admitted in part; denied in part.  USEM admits that Cal-Maine Foods, Inc., is the largest egg producer in the United States.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 19, and the same are therefore denied.

20.     Admitted in part; denied in part.  USEM admits that Cal-Maine Foods, Inc., was a USEM member at certain times during the alleged class period.  USEM further admits that Fred Adams, Jr., was the former CEO of Cal-Maine Foods, Inc., and that Dolph

Baker is the current CEO of Cal-Maine Foods, Inc. USEM denies the allegations contained in the third sentence of paragraph 20. USEM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the paragraph 20, and the same are therefore denied.

21.     Admitted in part; denied in part. USEM admits that Ken Looper was Vice Chairman of Cal-Maine Foods, Inc., at certain times during the alleged relevant time period. USEM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 21, and the same are therefore denied.

22.     Denied. USEM denies the allegations contained in the first two sentences of paragraph 22.

        A.      Denied. To the extent that the allegations contained in paragraph 22.A purport to characterize an article from UEP's *United Voices* newsletter or an *Egg Industry* article dated November 1999, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 22.A, USEM denies Plaintiffs' characterization of the articles, which are writings that speak for themselves. USEM denies the remaining allegations contained in paragraph 22.A.

        B.      Denied. USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22.B, and the same are therefore denied.

C.    Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22.C, and the same are therefore denied.

D.    Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22.D, and the same are therefore denied.

E.    Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22.E, and the same are therefore denied.

F.    Admitted in part; denied in part. USEM admits that USEM held its Annual Membership Meeting on October 24, 2003, and that the meeting minutes from that meeting indicate that Dolph Baker was elected to serve on the Executive/Export Committee for 2004.  To the extent that the remaining allegations contained in paragraph 22.F purport to characterize the minutes from this meeting, USEM denies Plaintiffs' characterization of the minutes, which are contained in a writing that speaks for itself.  USEM denies the remaining allegations contained in paragraph 22.F.

G.    Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22.G, and the same are therefore denied.

H.      Denied.  USEM lacks knowledge or information sufficient to form
        a belief as to the truth of the allegations contained in paragraph
        22.H, and the same are therefore denied.

I.      Denied.  USEM lacks knowledge or information sufficient to form
        a belief as to the truth of the allegations contained in paragraph
        22.I, and the same are therefore denied.

J.      Denied.  USEM lacks knowledge or information sufficient to form
        a belief as to the truth of the allegations contained in paragraph
        22.J, and the same are therefore denied.

K.      Admitted in part; denied in part.  USEM admits that its Export
        Committee approved an export of shell eggs on October 20, 2006,
        and that Cal-Maine was a USEM member at this time.  The
        remaining allegations contained in paragraph 22.K purport to
        characterize a *United Voices* newsletter dated November 17, 2006,
        from which it appears that Plaintiffs have extracted the allegations
        contained in paragraph 22.K.  USEM denies Plaintiffs'
        characterization of the newsletter, which is a writing that speaks
        for itself.  USEM denies the remaining allegations contained in
        paragraph 22.K.

L.      Admitted in part; denied in part.  USEM admits that it held a
        meeting on October 18, 2007, in Chicago, Illinois, and that the
        minutes from this meeting indicate that Dolph Baker and Fred
        Adams were in attendance.  USEM further admits that the minutes

-13-

from this meeting indicate that Dolph Baker was elected to serve on the Export/Executive committee for 2008. To the extent that the remaining allegations contained in paragraph 22.L purport to characterize the minutes from this meeting, USEM denies Plaintiffs' characterization of the minutes, which are contained in a writing that speaks for itself. USEM denies the remaining allegations contained in paragraph 22.L.

M. Denied. USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22.M, and the same are therefore denied.

23. Denied. USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23, and the same are therefore denied.

24. Denied. USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24, and the same are therefore denied..

25. Denied. USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25, and the same are therefore denied.

26. Denied. USEM lacks knowledge or information sufficient to respond to the allegations contained in paragraph 26, including those contained in subparts 26.A-26.F, relating to defendants other than USEM, and the same are therefore denied. USEM denies the remaining allegations contained in paragraph 26, including those contained in subparts 26.A-26.F.

27. Denied. USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27, and the same are therefore denied.

28.     Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28, and the same are therefore denied.

29.     Denied.  USEM lacks knowledge or information sufficient to respond to the allegations contained in paragraph 29, including those contained in subparts 29.A-29.E, relating to defendants other than USEM, and the same are therefore denied.  USEM denies the remaining allegations contained in paragraph 26, including those contained in subparts 29.A-29.E.

30.     Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30, and the same are therefore denied.

31.     Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31, and the same are therefore denied.

32.     Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32, and the same are therefore denied.

33.     Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33, and the same are therefore denied.

34.     Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34, and the same are therefore denied.

35.     Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35, and the same are therefore denied.

36.     Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36, and the same are therefore denied.

37.     Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37, and the same are therefore denied.

38.     Denied.  USEM lacks knowledge or information sufficient to respond to the allegations contained in paragraph 38, including those contained in subparts 38.A-38.K, relating to defendants other than USEM, and the same are therefore denied.  USEM denies the remaining allegations contained in paragraph 38, including those contained in subparts 38.A-38.K.

39.     Admitted in part; denied in part.  USEM admits that Midwest Poultry Services, L.P., is a limited partnership organized and existing under the laws of the State of Indiana, with its principal place of business in Mentone, Indiana.  USEM further admits that Midwest Poultry Services, L.P., produced shell eggs during the alleged relevant time period.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 39, and the same are therefore denied.

40.     Denied.  USEM denies the allegations contained in the first two sentences of paragraph 40.

        A.     Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40.A, and the same are therefore denied.

        B.     Admitted in part; denied in part.  USEM admits that Midwest Poultry Services, L.P., has been a member of USEM at certain times during the alleged relevant time period.  USEM denies the remaining allegations contained in paragraph 40.B.

        C.     Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40.C, and the same are therefore denied.

D.   Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40.D, and the same are therefore denied.

E.   Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40.E, and the same are therefore denied.

F.   Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40.F, and the same are therefore denied.

G.   Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40.G, and the same are therefore denied.

H.   Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40.H, and the same are therefore denied.

I.   Admitted in part; denied in part.  USEM admits that its Export Committee approved an export of shell eggs on October 20, 2006, and that Midwest Poultry Services, L.P., was a USEM member at this time.  The remaining allegations contained in paragraph 40.I purport to characterize a *United Voices* newsletter dated November 17, 2006, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 40.I.  USEM denies Plaintiffs' characterization of the newsletter, which is a writing that speaks

-17-

for itself. USEM denies the remaining allegations contained in

paragraph 40.I.

J.      Denied. USEM lacks knowledge or information sufficient to form

a belief as to the truth of the allegations contained in paragraph

40.J, and the same are therefore denied.

K.      Denied. USEM lacks knowledge or information sufficient to form

a belief as to the truth of the allegations contained in paragraph

40.K, and the same are therefore denied.

41.    Admitted in part; denied in part. USEM admits that National Food

Corporation is a corporation organized and existing under the laws of the State of Washington,

with its principal place of business in Everett, Washington. USEM further admits that National

Food Corporation produced and sold shell eggs and egg products during the alleged class period.

USEM lacks knowledge or information sufficient to form a belief as to the truth of the remaining

allegations contained in paragraph 41, and the same are therefore denied.

42.    Admitted in part; denied in part. USEM admits that National Food

Corporation was a member of USEM at certain times during the alleged relevant time period.

USEM lacks knowledge or information sufficient to form a belief as to the truth of the remaining

allegations contained in paragraph 42, and the same are therefore denied.

43.    Denied. USEM denies the allegations contained in the first two sentences

of paragraph 43.

A.      Denied. USEM lacks knowledge or information sufficient to form

a belief as to the truth of the allegations contained in paragraph

43.A, and the same are therefore denied.

B.      Admitted in part; denied in part. USEM admits that USEM held its
        Annual Membership Meeting on October 24, 2003, and that the
        meeting minutes from that meeting indicate that Roger Deffner
        was elected to serve on the Executive/Export Committee for 2004.
        To the extent that the remaining allegations contained in paragraph
        43.B purport to characterize the minutes from this meeting, USEM
        denies Plaintiffs' characterization of the minutes, which are
        contained in a writing that speaks for itself.  USEM denies the
        remaining allegations contained in paragraph 43.B.

C.      Denied.  USEM lacks knowledge or information sufficient to form
        a belief as to the truth of the allegations contained in paragraph
        43.C, and the same are therefore denied.

D.      Denied.  USEM lacks knowledge or information sufficient to form
        a belief as to the truth of the allegations contained in paragraph
        43.D, and the same are therefore denied.

E.      Denied.  USEM lacks knowledge or information sufficient to form
        a belief as to the truth of the allegations contained in paragraph
        43.E, and the same are therefore denied.

F.      Denied.  USEM lacks knowledge or information sufficient to form
        a belief as to the truth of the allegations contained in paragraph
        43.F, and the same are therefore denied.

G.      Admitted in part; denied in part.  USEM admits that its Export
        Committee approved an export of shell eggs on October 20, 2006,

-19-

and that National Food Corporation was a USEM member at this time.  The remaining allegations contained in paragraph 43.G. purport to characterize a *United Voices* newsletter dated November 17, 2006, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 43.G.  USEM denies Plaintiffs' characterization of the newsletter, which is a writing that speaks for itself.  USEM denies the remaining allegations contained in paragraph 43.G.

H.  Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43.H, and the same are therefore denied.

I.  Admitted in part; denied in part.  USEM admits that Roger Deffner was elected to serve as Secretary of USEM in 2008 and that Roger Deffner served on USEM's Export/Executive Committee in 2008.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 43.I, and the same are therefore denied.

J.  Admitted in part; denied in part.  USEM admits that an individual associated with National Food Corporation served as Secretary of USEM's Shell Egg Marketing Committee in 2008.  Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 43.J, and the same are therefore denied.

44.     Admitted in part; denied in part.  USEM admits that NuCal Foods, Inc., is a Capper-Volstead agricultural cooperative organized and existing under the State of California with its principal place of business in Ripon, California, and that NuCal Foods, Inc., markets and sells eggs produced by Gemperle Enterprises, Inc., of Turlock, CA; Sunrise Farms, LLC, of Petaluma, CA; J.S. West Milling Co., Inc., of Modesto, CA; and Valley Fresh Foods, Inc., of Turlock, CA.  USEM further admits that NuCal Foods, Inc., was a member of USEM at certain times during the alleged class period.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 44, and the same are therefore denied.

45.     Denied.  USEM denies the allegations contained in the first two sentences of paragraph 45.

        A.     Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45.A, and the same are therefore denied.

        B.     Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45.B, and the same are therefore denied.

        C.     Admitted in part; denied in part. USEM admits that USEM held its Annual Membership Meeting on October 24, 2003, and that the meeting minutes from that meeting indicate that Chuck Elste was elected to serve on the Executive/Export Committee for 2004.  To the extent that the remaining allegations contained in paragraph 45.C purport to characterize the minutes from this meeting, USEM

denies Plaintiffs' characterization of the minutes, which are contained in a writing that speaks for itself.  USEM denies the remaining allegations contained in paragraph 45.C.

D.    Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45.D, and the same are therefore denied.

E.    Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45.E, and the same are therefore denied.

F.    Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45.F, and the same are therefore denied.

G.    Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45.G, and the same are therefore denied.

H.    Admitted in part; denied in part.  USEM admits that its Export Committee approved an export of shell eggs on October 20, 2006, and that NuCal Foods, Inc., was a USEM member at this time. The remaining allegations contained in paragraph 45.H purport to characterize a *United Voices* newsletter dated November 17, 2006, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 45.H.  USEM denies Plaintiffs' characterization of the newsletter, which is a writing that speaks

for itself. USEM denies the remaining allegations contained in paragraph 45.H.

I.    Admitted in part; denied in part. USEM admits that it held a meeting on October 18, 2007, in Chicago, Illinois, and that the minutes from this meeting indicate that Chuck Elste and Gary West were in attendance. USEM further admits that the minutes from this meeting indicate that Chuck Elste was elected to serve as Vice-Chairman of USEM and to serve on the Export/Executive committee for 2008. To the extent that the remaining allegations contained in paragraph 45.I purport to characterize the minutes from this meeting, USEM denies Plaintiffs' characterization of the minutes, which are contained in a writing that speaks for itself. USEM denies the remaining allegations contained in paragraph 45.I.

J.    Denied. USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45.J, and the same are therefore denied.

K.    Admitted in part; denied in part. USEM admits that an individual affiliated with NuCal Foods, Inc., served on USEM's Export/Executive Committee in 2008. USEM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 45.K, and the same are therefore denied.

46.     Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46, and the same are therefore denied.

47.     Denied.  USEM lacks knowledge or information sufficient to respond to the allegations contained in paragraph 47, including those contained in subparts 47.A-47.C, relating to Defendants other than USEM, and the same are therefore denied.  USEM denies the remaining allegations contained in paragraph 47, including those contained in subparts 47.A-47.C.

48.     Admitted in part; denied in part.  USEM admits that Rose Acre Farms, Inc., is a corporation organized and existing under the laws of the State of Indiana, with its principal place of business in Seymour, Indiana.  USEM further admits that Rose Acre Farms, Inc., produced and sold shell eggs and egg products during the alleged class period.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 48, and the same are therefore denied.

49.     Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49, and the same are therefore denied.

50.     Admitted in part; denied in part.  USEM admits that Rose Acre Farms, Inc., participates in more than one step in the process of bringing an egg to market.  To the extent the allegations contained in paragraph 50 are conclusions of law, no response is required, and they are thus deemed denied.  USEM denies the remaining allegations contained in paragraph 50.

51.     USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51, and the same are therefore denied.

52.     Denied.  USEM denies the allegations contained in the first two sentences of paragraph 52.

A.      Denied.  USEM lacks knowledge or information sufficient to form
        a belief as to the truth of the allegations contained in paragraph
        52.A, and the same are therefore denied.

B.      Denied.  USEM lacks knowledge or information sufficient to form
        a belief as to the truth of the allegations contained in paragraph
        52.B, and the same are therefore denied.

C.      Denied.  USEM lacks knowledge or information sufficient to form
        a belief as to the truth of the allegations contained in paragraph
        52.C, and the same are therefore denied.

D.      Denied.  USEM lacks knowledge or information sufficient to form
        a belief as to the truth of the allegations contained in paragraph
        52.D, and the same are therefore denied.

E.      Denied.  USEM lacks knowledge or information sufficient to form
        a belief as to the truth of the allegations contained in paragraph
        52.E, and the same are therefore denied.

F.      Denied.  USEM lacks knowledge or information sufficient to form
        a belief as to the truth of the allegations contained in paragraph
        52.F, and the same are therefore denied.

G.      Admitted in part; denied in part.  USEM admits that Rose Acre
        Farms, Inc., has been a USEM member at certain times during the
        alleged relevant time period.  USEM further admits that its Export
        Committee approved an export of shell eggs on October 20, 2006.
        The remaining allegations contained in paragraph 52.G purport to

-25-

characterize a *United Voices* newsletter dated November 17, 2006, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 52.G. USEM denies Plaintiffs' characterization of the newsletter, which is a writing that speaks for itself. USEM denies the remaining allegations contained in paragraph 52.G.

H.  Admitted in part; denied in part. USEM admits that it held a meeting on October 18, 2007, in Chicago, Illinois, and that the minutes from this meeting indicate that Marcus Rust was in attendance. To the extent that the remaining allegations contained in paragraph 52.H purport to characterize the minutes from this meeting, USEM denies Plaintiffs' characterization of the minutes, which are contained in a writing that speaks for itself. USEM denies the remaining allegations contained in paragraph 52.H.

I.  Denied. USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52.I, and the same are therefore denied.

J.  Denied. USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52.J, and the same are therefore denied.

K.  Admitted in part; denied in part. USEM admits that an individual affiliated with Rose Acre Farms, Inc., served on USEM's Export/Executive Committee in 2008. USEM lacks knowledge or

-26-

information sufficient to form a belief as to the truth of the

remaining allegations contained in paragraph 52.K, and the same

are therefore denied.

53.     Admitted in part; denied in part.  USEM admits that R.W. Sauder, Inc., is

a corporation organized and existing under the laws of the State of Pennsylvania, with its

principal place of business in Lititz, Pennsylvania.  USEM further admits that R.W. Sauder, Inc.,

produced and sold shell eggs and egg products during the alleged class period.  USEM lacks

knowledge or information sufficient to form a belief as to the truth of the remaining allegations

contained in paragraph 53, and the same are therefore denied.

54.     Denied.  USEM denies the allegations contained in the first two sentences

of paragraph 54.

A.     Denied.  USEM lacks knowledge or information sufficient to form

a belief as to the truth of the allegations contained in paragraph

54.A, and the same are therefore denied.

B.     Denied.  USEM lacks knowledge or information sufficient to form

a belief as to the truth of the allegations contained in paragraph

54.B, and the same are therefore denied.

C.     Denied.  USEM lacks knowledge or information sufficient to form

a belief as to the truth of the allegations contained in paragraph

54.C, and the same are therefore denied.

D.     Admitted in part; denied in part.  USEM admits that its Export

Committee approved an export of shell eggs on October 20, 2006.

The remaining allegations contained in paragraph 54.D purport to

characterize a *United Voices* newsletter dated November 17, 2006, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 54.D. USEM denies Plaintiffs' characterization of the newsletter, which is a writing that speaks for itself. USEM denies the remaining allegations contained in paragraph 54.D.

E. Denied. USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54.E, and the same are therefore denied.

F. Denied. USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54.F, and the same are therefore denied.

55. Admitted in part; denied in part. USEM admits that Sparboe Farms, Inc. is a corporation organized and existing under the laws of the State of Minnesota, with its principal place of business in Litchfield, Minnesota. USEM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 55, and the same are therefore denied.

56. Denied. USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56, and the same are therefore denied.

57. Denied. USEM denies the allegations contained in the first two sentences of paragraph 57.

A. Denied. USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57.A, and the same are therefore denied.

B. Admitted in part; denied in part. USEM admits that it held an Annual Meeting on October 22, 2004, in New Orleans, Louisiana, and that the minutes from that meeting indicate that Bob Sparboe attended the meeting. USEM denies the remaining allegations contained in paragraph 57.B.

C. Denied. USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57.C, and the same are therefore denied.

58. Admitted in part; denied in part. USEM admits that UEP is a Capper-Volstead Agricultural Cooperative corporation organized and existing under the laws of the State of Georgia. USEM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 58, and the same are therefore denied.

59. Admitted in part; denied in part. USEM admits that the headquarters of UEP are in Alpharetta, Georgia. USEM further admits that Gene Gregory is the President and CEO of UEP. USEM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 59, and the same are therefore denied.

60. Denied. USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60, and the same are therefore denied.

61. Admitted in part; denied in part. USEM admits that USEM is a Capper-Volstead Agricultural Cooperative organized and existing under the laws of the State of Georgia.

USEM further admits that it is managed by UEP pursuant to a management agreement and that
UESM and UEP have the same mailing address in Alpharetta, Georgia. USEM further admits
that Gene Gregory is the President and CEO of UEP, and that Mr. Gregory has used the title
President of USEM. USEM denies the remaining allegations contained in paragraph 61.

62. Admitted in part; denied in part. USEM admits that it is a Capper-
Volstead Agricultural Cooperative, the purpose of which is to organize shell egg exports on
behalf of its members. USEM avers that its membership has fluctuated throughout the alleged
relevant time period. The remaining allegations contained in paragraph 62 purport to
characterize information posted on a website and the October 8, 2003, issue of *United Voices*,
from which it appears that Plaintiffs have extracted the allegations contained in paragraph 62.
USEM denies Plaintiffs' characterization of the website and the *United Voices* issue, which are
writings that speak for themselves. USEM denies the remaining allegations contained in
paragraph 62.

63. Admitted in part; denied in part. USEM admits that it is a Capper-
Volstead Agricultural Cooperative the purpose of which is to organize shell egg exports on
behalf of its members. USEM denies the remaining allegations contained in paragraph 63.

64. Admitted in part; denied in part. USEM admits that UEA is a non-profit
corporation organized and existing under the laws of the District of Columbia. USEM further
admits that UEP and UEA have the same mailing address in Alpharetta, Georgia. USEM further
admits that Gene Gregory is the President and CEO of UEP and that Chad Gregory is the senior
Vice President of UEP. USEM lacks knowledge or information sufficient to form a belief as to
the truth of the remaining allegations contained in paragraph 64, and the same are therefore
denied.

65.     Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 65, and the same are therefore denied.

66.     Admitted in part; denied in part.  USEM admits that Moark, LLC, is a limited liability company organized and existing under the laws of the State of Missouri, with its principal place of business in California.  USEM denies the remaining allegations contained in paragraph 66.

67.     Admitted in part; denied in part.  USEM admits that Norco Ranch, Inc., is a corporation organized and existing under the laws of the State of California, with its principal place of business in California.  USEM denies the remaining allegations contained in paragraph 67.

68.     Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 68, and the same are therefore denied.

69.     Denied.  USEM denies the allegations contained in the first sentence of paragraph 69.

A.     Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69.A, and the same are therefore denied.

B.     Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69.B, and the same are therefore denied.

C.     Admitted in part; denied in part.  USEM admits that USEM held its Annual Membership Meeting on October 24, 2003, and that the meeting minutes from that meeting indicate that Joe Fortin was

elected to serve on the Executive/Export Committee for 2004. To the extent that the remaining allegations contained in paragraph 69.C purport to characterize the minutes from this meeting, USEM denies Plaintiffs' characterization of the minutes, which are contained in a writing that speaks for itself. USEM denies the remaining allegations contained in paragraph 69.C.

D.      Denied. USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69.D, and the same are therefore denied.

E.      Denied. USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69.E, and the same are therefore denied.

F.      Denied. USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69.F, and the same are therefore denied.

G.      Denied. USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69.G, and the same are therefore denied.

H.      Denied. USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69.H, and the same are therefore denied.

I.      Denied.  USEM lacks knowledge or information sufficient to form

a belief as to the truth of the allegations contained in paragraph

69.I, and the same are therefore denied.

J.      Admitted in part; denied in part.  USEM admits that its Export

Committee approved an export of shell eggs on October 20, 2006.

The remaining allegations contained in paragraph 69.J purport to

characterize a *United Voices* newsletter dated November 17, 2006,

from which it appears that Plaintiffs have extracted the allegations

contained in paragraph 69.J.  USEM denies Plaintiffs'

characterization of the newsletter, which is a writing that speaks

for itself.  USEM denies the remaining allegations contained in

paragraph 69.J.

K.      Admitted in part; denied in part.  USEM admits that it held a

meeting on October 18, 2007, in Chicago, Illinois, and that the

minutes from this meeting indicate that Jerry Kil was in attendance

and was elected to USEM's Export/Executive Committee for 2008.

To the extent that the remaining allegations contained in paragraph

69.K purport to characterize the minutes from this meeting, USEM

denies Plaintiffs' characterization of the minutes, which are

contained in a writing that speaks for itself.  USEM denies the

remaining allegations contained in paragraph 69.K.

  L.  Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69.L, and the same are therefore denied.

  M.  Admitted in part; denied in part.  USEM admits that an individual affiliated with Moark, LLC, served on USEM's Export/Executive Committee in 2008.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 69.M, and the same are therefore denied.

  N.  Admitted in part; denied in part.  USEM admits that Moark, LLC, was a member of USEM at certain times during the alleged relevant time period.  USEM denies the remaining allegations contained in paragraph 69.N.

70.  Denied.  USEM denies the allegations contained in the first sentence of paragraph 70.

  A.  Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70.A, and the same are therefore denied.

  B.  Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70.B, and the same are therefore denied.

  C.  Admitted in part; denied in part.  USEM admits that its Export Committee approved an export of shell eggs on October 20, 2006.

   The remaining allegations contained in paragraph 70.C purport to

   characterize a *United Voices* newsletter dated November 17, 2006,

   from which it appears that Plaintiffs have extracted the allegations

   contained in paragraph 70.C.  USEM denies Plaintiffs'

   characterization of the newsletter, which is a writing that speaks

   for itself.  USEM denies the remaining allegations contained in

   paragraph 70.C.

  D.  Denied.  USEM lacks knowledge or information sufficient to form

   a belief as to the truth of the allegations contained in paragraph

   70.D, and the same are therefore denied.

  E.  Denied.  USEM lacks knowledge or information sufficient to form

   a belief as to the truth of the allegations contained in paragraph

   70.E, and the same are therefore denied.

  F.  Admitted in part; denied in part.  USEM admits that Norco Ranch,

   Inc., was a member of USEM at certain times during the alleged

   relevant time period.  USEM denies the remaining allegations

   contained in paragraph 70.F.

71.  Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 71, and the same are therefore denied.

72.  Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 72, and the same are therefore denied.

73.  Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 73, and the same are therefore denied.

74.     Admitted in part; denied in part.  USEM admits that Plaintiffs' purport to define "Hillandale Farms" as set forth in paragraph 74.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 74, and the same are therefore denied.

75.     Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 75, and the same are therefore denied.

76.     Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 76, and the same are therefore denied.

77.     Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 77, and the same are therefore denied.

78.     Denied.  USEM denies the allegations contained in the first sentence of paragraph 78.

A.      Admitted in part; denied in part. USEM admits that USEM held its Annual Membership Meeting on October 24, 2003, and that the meeting minutes from that meeting indicate that Larry Seger was elected to serve on the Executive/Export Committee for 2004.  To the extent that the remaining allegations contained in paragraph 78.A purport to characterize the minutes from this meeting, USEM denies Plaintiffs' characterization of the minutes, which are contained in a writing that speaks for itself.  USEM denies the remaining allegations contained in paragraph 78.A.

B.      Admitted in part; denied in part. USEM admits that USEM held its Annual Membership Meeting on October 13, 2006, in San

Antonio, Texas, and that the meeting minutes from that meeting indicate that Larry Seger was elected as Chairman of USEM and was elected to serve on the Executive/Export Committee for 2007. To the extent that the remaining allegations contained in paragraph 78.B purport to characterize the minutes from this meeting, USEM denies Plaintiffs' characterization of the minutes, which are contained in a writing that speaks for itself. USEM denies the remaining allegations contained in paragraph 78.B.

C.     Admitted in part; denied in part. USEM admits that it held a meeting on October 18, 2007, in Chicago, Illinois, and that the minutes from this meeting indicate that Scott Seger was in attendance. USEM further admits that the minutes from this meeting indicate that Larry Seger was elected to serve as Chairman of USEM and on the Export/Executive committee for 2008. To the extent that the remaining allegations contained in paragraph 78.C purport to characterize the minutes from this meeting, USEM denies Plaintiffs' characterization of the minutes, which are contained in a writing that speaks for itself. USEM denies the remaining allegations contained in paragraph 78.C.

79.     Denied. The averments of paragraph 79 constitute conclusions of law to which no responsive pleading is required and they are thus deemed denied. To the extent a response is required, USEM denies these averments.

80. Admitted in part; denied in part. USEM admits that chicks may be placed in a pullet house. USEM further admits that egg producers may regulate egg laying hens' exposure to light. USEM denies the remaining allegations contained in paragraph 80.

81. Admitted in part; denied in part. USEM admits that laying hens may lay eggs when they reach 18-22 weeks of age, that peak egg production may occur when a laying hen is between 30-32 weeks of age, and that egg production may decrease as hens reach 60-70 weeks of age. USEM denies the remaining allegations contained in paragraph 81.

82. Admitted in part; denied in part. USEM admits that in commercial egg production, molting may provide a way to extend the life of a hen and to rejuvenate the reproductive cycle of the hen, and that egg producers may choose to molt egg laying hens. USEM further admits that egg production temporarily ceases during molting. USEM denies the remaining allegations contained in paragraph 82.

83. Admitted in part; denied in part. USEM admits that molting is a natural process of chickens and other feathered species, in which birds shed and renew old, worn plumage and temporarily cease egg production. USEM further admits that in commercial egg production, induced molting may be accomplished by manipulating light exposure. USEM denies the remaining allegations contained in paragraph 83.

84. Admitted in part; denied in part. USEM admits that egg production will begin again following a molt. USEM denies the remaining allegations contained in paragraph 84.

85. Admitted in part; denied in part. USEM admits that egg laying hens may reach the end of their egg laying production cycle when they are 100-130 weeks of age, and that

egg producers may elect to molt or dispose of egg-laying hens.  USEM denies the remaining
allegations contained in paragraph 85.

   86. Denied.  To the extent the allegations contained in paragraph 86 purport to
characterize the contents of a document, USEM denies Plaintiffs' characterization of the
document, which is a writing that speaks for itself.  USEM lacks knowledge or information
sufficient to form a belief as to the truth of the allegations contained in paragraph 86, and the
same are therefore denied.

   87. Admitted in part; denied in part.  USEM admits that shell eggs may
include table eggs that are sold for consumption and breaking eggs that are used in egg products.
USEM denies the remaining allegations contained in paragraph 87.

   88. Admitted in part; denied in part.  USEM admits that shell eggs may be
processed into egg products, that automated systems may be utilized in the production of egg
products, and that egg products may be sold in liquid, frozen, or dried form.  USEM further
admits that liquid egg production may involve, among other things, breaking, pasteurizing,
and/or freezing.  USEM further admits that dried egg production may involve spray drying.
USEM denies the remaining allegations contained in paragraph 88.

   89. Admitted in part; denied in part.  USEM admits that breaking eggs may be
processed into egg products and that egg products may be used as an ingredient in commercial
baked goods and food items like mayonnaise, pasta and salad dressing.  USEM lacks knowledge
or information sufficient to form a belief as to the truth of the remaining allegations contained in
paragraph 89, and the same are therefore denied.

   90. Denied.  USEM lacks knowledge or information sufficient to form a belief
as to the truth of the allegations contained in paragraph 90, and the same are therefore denied.

91.     Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 91, and the same are therefore denied.

92.     Admitted in part; denied in part.  USEM admits that Plaintiffs purport to define the term "shell eggs" as including both "generic" and "specialty" eggs as set forth in paragraph 92.  USEM denies the remaining allegations contained in paragraph 92.

93.     Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 93, and the same are therefore denied.

94.     Admitted in part; denied in part.  USEM admits that the prices of eggs and egg products may be influenced by supply and demand.  USEM further admits that shell eggs are used in the production of egg products, that the costs of feed may affect the prices of both shell eggs and egg products, and that eggs originate from laying hens.  USEM denies the remaining allegations contained in paragraph 94.

95.     Admitted in part; denied in part.  USEM admits that some egg producers produce and sell both shell eggs and egg products.  To the extent that the remaining allegations contained in paragraph 95 are conclusions of law no response is required, and they are thus deemed denied.  USEM denies the remaining allegations contained in paragraph 95.

96.     Denied.  To the extent that the allegations contained in paragraph 96 are conclusions of law no response is required, and they are thus deemed denied.  USEM denies the remaining allegations contained in paragraph 96.

97.     Denied.  The allegations contained in paragraph 97 purport to characterize Cal-Maine Foods, Inc.'s August 4, 2001 Form 10-K, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 97.  USEM denies Plaintiffs' characterization of

the document, which is a writing that speaks for itself. USEM denies the remaining allegations contained in paragraph 97.

98. Denied. To the extent that the allegations contained in paragraph 98 purport to characterize a white paper published by the American Egg Board, the report is a writing that speaks for itself. USEM denies the remaining allegations contained in paragraph 98.

99. Denied. To the extent the allegations contained in the first sentence of paragraph 99 are conclusions of law, no response is required, and they are thus deemed denied. To the extent that the allegations contained in the second sentence of paragraph 99 purport to characterize an article published in the February 2007 edition of *Egg Industry*, from which it appears that Plaintiffs have extracted certain allegations contained in paragraph 99, USEM denies Plaintiffs' characterization of the article, which is a writing that speaks for itself. USEM denies the remaining allegations contained in paragraph 99.

100. Denied. To the extent the allegations contained in paragraph 100 purport to characterize the April 14, 2005, issue of *United Voices*, the September 23, 2008, edition of the *Wall Street Journal*, the July 11, 2007, issue of *Investor's Business Daily*, or Cal-Maine Foods, Inc.'s August 3, 2011, Form 10-K, USEM denies Plaintiffs' characterization of the documents, which are writings that speak for themselves. USEM denies the remaining allegations contained in paragraph 100.

101. Denied. To the extent that the allegations contained in paragraph 101 purport to characterize an article published by Cal-Maine or in the *Chicago Tribune* dated March 30, 2008, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 101, USEM denies Plaintiffs' characterization of those articles, which are writings that speak for themselves. USEM denies the remaining allegations contained in paragraph 101.

102.    Admitted in part; denied in part.  USEM admits that egg producers may perform more than one step in the process of bringing an egg to market.  To the extent the allegations contained in paragraph 102 are conclusions of law, no response is required, and they are thus deemed denied.  USEM denies the remaining allegations contained in paragraph 102.

103.    Denied.

104.    Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 104, and the same are therefore denied.

105.    Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 105, and the same are therefore denied.

106.    Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 106, and the same are therefore denied.

107.    Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 107, and the same are therefore denied.

108.    Denied.

109.    Denied.

110.    Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 110, and the same are therefore denied.

111.    Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 111, and the same are therefore denied.

112.    Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 112, and the same are therefore denied.

113.    Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 113, and the same are therefore denied.

114.    Denied.

115.    Denied.

116.    Admitted in part; denied in part.  USEM admits that Don Bell is a poultry specialist.  To the extent that the allegations contained in paragraph 116 purport to characterize a report authored by Don Bell, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 116, USEM denies Plaintiffs' characterization of the report, which is a writing that speaks for itself.  USEM denies the remaining allegations contained in paragraph 116.

117.    Denied.  To the extent that the allegations contained in paragraph 117 purport to characterize a report authored by Don Bell, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 117, USEM denies Plaintiffs' characterization of the report, which is a writing that speaks for itself.  USEM denies the remaining allegations contained in paragraph 117.

118.    Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 118, and the same are therefore denied.

119.    Denied.

120.    Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 120, and the same are therefore denied.

121.     Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 121, and the same are therefore denied.

122.     Admitted in part; denied in part.  USEM admits that UEP published a *United Voices* newsletter dated July 16, 2004, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 122.  USEM denies Plaintiffs' characterization of the *United Voices* newsletter, which is a writing that speaks for itself.  To the extent the allegations contained in paragraph 122 are conclusions of law, no response is required, and they are thus deemed denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 122, and the same are therefore denied.

123.     Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 123, and the same are therefore denied.

124.     Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 124, and the same are therefore denied.

125.     Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 125, and the same are therefore denied.

126.     Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 126, and the same are therefore denied.

127.     Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 127, and the same are therefore denied.

128.     Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 128, and the same are therefore denied.

129.    Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 129, and the same are therefore denied.

130.    Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 130, and the same are therefore denied.

131.    Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 131, and the same are therefore denied.

132.    Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 132, and the same are therefore denied.

133.    Denied.  To the extent the allegations contained in paragraph 133 purport to characterize articles from UEP's *United Voices* newsletter dated September 18, 2008, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 133, USEM denies Plaintiffs' characterization of the articles, which are writings that speak for themselves. USEM denies the remaining allegations contained in paragraph 133.

134.    Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 134, and the same are therefore denied.

135.    Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 135, and the same are therefore denied.

136.    Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 136, and the same are therefore denied.

137.    Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 137, and the same are therefore denied.

138.    Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 138, and the same are therefore denied.

139.     Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 139, and the same are therefore denied.

140.     Admitted in part; denied in part.  USEM admits that shipping costs, perishability, and potential breakage may influence the locales to which eggs are exported. USEM further admits that it has coordinated shell egg exports on behalf of its producer members at certain times during the alleged relevant time period, and that some of these exports were to Europe.  USEM denies the remaining allegations contained in paragraph 140.

141.     Admitted in part; denied in part.  USEM admits that it organized shell egg exports on behalf of its members.  USEM further admits that USEM members were required to participate in USEM exports and that export participants either supplied their proportion of eggs by providing their own eggs or by purchasing eggs from a third party source to be supplied to USEM for the export.  USEM further admits that some export participants elected to fulfill their export participation by having the egg traders/brokers of UEP buy the eggs in the open market and supply them to USEM.  To the extent the allegations contained in paragraph 141 purport to characterize an unidentified document, from which it appears that Plaintiffs have derived some of the allegations contained in paragraph 141, USEM denies Plaintiffs' characterization of the document, which is a writing that speaks for itself.  USEM denies the remaining allegations contained in paragraph 141.

142.     Denied.  The allegations contained in paragraph 142 purport to characterize a March 20, 2003 document, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 142.  USEM denies Plaintiffs' characterization of the document, which is a writing that speaks for itself.  USEM denies the remaining allegations contained in paragraph 142.

143.     Denied.  The allegations contained in paragraph 143 purport to characterize an April 17, 2007, document, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 143.  USEM denies Plaintiffs' characterization of the document, which is a writing that speaks for itself.  USEM denies the remaining allegations contained in paragraph 143.

144.     Denied.  USEM denies the allegations contained in the first sentence of paragraph 144.

A.     Denied.

B.     Admitted in part; denied in part.  USEM admits that it organized an export of 300 loads of eggs in October and November of 2002.  USEM lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 144.B, and the same are therefore denied.

C.     Admitted in part; denied in part.  USEM admits that it organized an export of 300 loads of eggs to Europe in February and March of 2003.  USEM lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 144.C, and the same are therefore denied.

D.     Admitted in part; denied in part.  USEM admits that it organized an export of 225 loads of eggs to Europe and the Middle East in early 2007.  USEM further admits that UEP published a *United Voices* newsletter dated November 17, 2006, from which it appears that Plaintiffs have extracted the allegations contained in the last

sentence of paragraph 144.D.  USEM denies Plaintiffs'

characterization of the *United Voices* newsletter, which is a writing

that speaks for itself.  To the extent that the allegations contained

in paragraph 144.D purport to characterize a *Wall Street Journal*

article, from which it appears that Plaintiffs have extracted some of

the allegations contained in paragraph 144.D, USEM denies

Plaintiffs' characterization of the article, which is a writing that

speaks for itself.  USEM denies the remaining allegations

contained in paragraph 144.D.

      E.    Denied.

145.    Denied.  To the extent the allegations contained in paragraph 145 purport

to characterize articles from UEP's *United Voices* newsletter, from which it appears that

Plaintiffs have extracted the allegations contained in paragraph 145, USEM denies Plaintiffs'

characterization of the articles, which are writings that speak for themselves.  USEM denies the

remaining allegations contained in paragraph 145.

146.    Denied.  To the extent the allegations contained in paragraph 146 purport

to characterize articles from UEP's *United Voices* newsletter and the minutes from the August 7,

2007, meeting of UEP's Long Range Planning Committee, from which it appears that Plaintiffs

have extracted the allegations contained in paragraph 146, USEM denies Plaintiffs'

characterization of the documents, which are writings that speak for themselves.  USEM denies

the remaining allegations contained in paragraph 146.

147.    Denied.  USEM lacks knowledge or information sufficient to form a belief

as to the truth of the allegations contained in paragraph 147, and the same are therefore denied.

148.    Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 148, and the same are therefore denied. To the extent the allegations contained in paragraph 148 purport to characterize an article from UEP's *United Voices* or an *Egg Industry* article dated November 1999, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 148, USEM denies Plaintiffs' characterization of the articles, which are in writings that speak for themselves.

149.    Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 149, and the same are therefore denied.

150.    Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 150, and the same are therefore denied.

151.    Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 151, and the same are therefore denied.

152.    Admitted in part; denied in part.  USEM admits that UEP published a *United Voices* newsletter dated September 15, 2004, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 152.  USEM denies Plaintiffs' characterization of the *United Voices* newsletter, which is a writing that speaks for itself.  To the extent the allegations contained in paragraph 152 are conclusions of law, no response is required, and they are thus deemed denied.  USEM denies the remaining allegations contained in paragraph 152.

153.    Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 153, and the same are therefore denied.

154.    Admitted in part; denied in part.  USEM admits that UEP published a *United Voices* newsletter dated November 23, 2004, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 154.  USEM denies Plaintiffs' characterization

of the *United Voices* newsletter, which is a writing that speaks for itself. To the extent the allegations contained in paragraph 154 are conclusions of law, no response is required, and they are thus deemed denied. USEM denies the remaining allegations contained in paragraph 154.

155. Denied. USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 155, and the same are therefore denied.

156. Denied. To the extent the allegations contained in paragraph 156 are conclusions of law, no response is required, and they are thus deemed denied. USEM denies the remaining allegations contained in paragraph 156.

157. Admitted in part; denied in part. USEM admits that UEP published a *United Voices* newsletter dated February 3, 2005, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 157. USEM denies Plaintiffs' characterization of the *United Voices* newsletter, which is a writing that speaks for itself. To the extent the allegations contained in paragraph 157 are conclusions of law, no response is required, and they are thus deemed denied. USEM denies the remaining allegations contained in paragraph 157.

158. Admitted in part; denied in part. USEM admits that UEP published a *United Voices* newsletter dated November 28, 2005, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 158. USEM denies Plaintiffs' characterization of the *United Voices* newsletter, which is a writing that speaks for itself. USEM denies the remaining allegations contained in paragraph 158.

159. Admitted in part; denied in part. USEM admits that UEP published a *United Voices* newsletter dated February 15, 2006, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 159. USEM denies Plaintiffs' characterization

of the newsletter, which is a writing that speaks for itself. USEM denies the remaining allegations contained in paragraph 159.

160. Denied. USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 160, and the same are therefore denied.

161. Admitted in part; denied in part. USEM admits that UEP it published an article titled "Supply/Demand Alert" in its April 13, 2006 edition of *United Voices*. USEM denies Plaintiffs' characterization of the article, which is a writing that speaks for itself. USEM denies the remaining allegations contained in paragraph 161.

162. Admitted in part; denied in part. USEM admits that UEP published a *United Voices* newsletter dated August 3, 2006, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 162. USEM denies Plaintiffs' characterization of the newsletter, which is a writing that speaks for itself. USEM denies the remaining allegations contained in paragraph 162.

163. Admitted in part; denied in part. USEM admits that UEP published a *United Voices* newsletter dated February 2, 2007, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 163. USEM denies Plaintiffs' characterization of the newsletter, which is a writing that speaks for itself. USEM denies the remaining allegations contained in paragraph 163.

164. Admitted in part; denied in part. USEM admits that UEP published a *United Voices* newsletter dated March 15, 2007, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 164. USEM denies Plaintiffs' characterization of the newsletter, which is a writing that speaks for itself. USEM denies the remaining allegations contained in paragraph 164.

165.    Admitted in part; denied in part.  USEM admits that UEP published a *United Voices* newsletter dated April 10, 2007, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 165.  USEM denies Plaintiffs' characterization of the newsletter, which is a writing that speaks for itself.  USEM denies the remaining allegations contained in paragraph 165.

166.    Admitted in part; denied in part.  USEM admits that UEP published a *United Voices* newsletter dated August 1, 2007, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 166.  USEM denies Plaintiffs' characterization of the newsletter, which is a writing that speaks for itself.  USEM denies the remaining allegations contained in paragraph 166.

167.    Denied.

168.    Admitted in part; denied in part.  USEM admits that UEP published a *United Voices* newsletter dated May 1, 2003, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 168.  USEM denies Plaintiffs' characterization of the *United Voices* newsletter, which is a writing that speaks for itself.  USEM denies the remaining allegations contained in paragraph 168.

169.    Admitted in part; denied in part.  USEM admits that UEP published a *United Voices* newsletter dated June 4, 2003, from which it appears that Plaintiffs have extracted the allegations contained in paragraph 169.  USEM denies Plaintiffs' characterization of the *United Voices* newsletter, which is a writing that speaks for itself.  USEM denies the remaining allegations contained in paragraph 169.

170.    Admitted in part; denied in part.  USEM admits UEP published a *United Voices* newsletter dated October 31, 2003, from which it appears that Plaintiffs have extracted

the allegations contained in paragraph 170. USEM denies Plaintiffs' characterization of the
document, which is a writing that speaks for itself. USEM denies the remaining allegations
contained in paragraph 170.

171.    Admitted in part; denied in part. USEM admits that UEP published a
*United Voices* newsletter dated December 30, 2003, from which it appears that Plaintiffs have
extracted the allegations contained in paragraph 171. USEM denies Plaintiffs' characterization
of the document, which is a writing that speaks for itself. USEM denies the remaining
allegations contained in paragraph 171.

172.    Admitted in part; denied in part. USEM admits that UEP published
*United Voices* newsletters dated November 1, 2006, and November 16, 2006, from which it
appears that Plaintiffs have extracted the allegations contained in paragraph 172. USEM denies
Plaintiffs' characterization of the newsletters, which are writings that speaks for themselves.
USEM denies the remaining allegations contained in paragraph 172.

173.    Denied. USEM lacks knowledge or information sufficient to form a belief
as to the truth of the allegations contained in paragraph 173, and the same are therefore denied.

174.    Admitted in part; denied in part. USEM admits that UEP published a
*United Voices* newsletter dated January 3, 2008, from which it appears that Plaintiffs have
extracted the allegations contained in paragraph 174. USEM denies Plaintiffs' characterization
of the newsletter, which is a writing that speaks for itself. USEM denies the remaining
allegations contained in paragraph 174.

175.    Denied. To the extent that the allegations contained in paragraph 175
purport to characterize a written statement presented to the Joint Economic Committee, U.S.
Congress, from which it appears that Plaintiffs have extracted the allegations contained in

paragraph 175, USEM denies Plaintiffs' characterization of the statement, which is a writing that speaks for itself. USEM denies the remaining allegations contained in paragraph 175.

176.    Denied. To the extent the allegations contained in paragraph 176 are conclusions of law, no response is required, and they are thus deemed denied. USEM denies the remaining allegations contained in paragraph 176.

177.    Denied. To the extent the allegations contained in paragraph 177 are conclusions of law, no response is required, and they are thus deemed denied. USEM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 177, and the same are therefore denied.

178.    Denied. To the extent the allegations contained in paragraph 178 are conclusions of law, no response is required, and they are thus deemed denied. USEM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 178, and the same are therefore denied.

179.    Denied. To the extent that the allegations contained in paragraph 179 are conclusions of law, no response is required, and they are thus deemed denied. USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations relating to defendants other than USEM, and the same are therefore denied. USEM denies the remaining allegations contained in paragraph 179.

180.    Denied. To the extent the allegations contained in paragraph 180 are conclusions of law, no response is required, and they are thus deemed denied. USEM denies the remaining allegations contained in paragraph 180.

Case: 1:11-cv-08808 Document #: Document 1 Filed: 04/29/55 Page 3 of 66

181.     Denied.  To the extent the allegations contained in paragraph 181 are conclusions of law, no response is required, and they are thus deemed denied.  USEM denies the remaining allegations contained in paragraph 181.

182.     Denied.  To the extent the allegations contained in paragraph 182 are conclusions of law, no response is required, and they are thus deemed denied.  USEM denies the remaining allegations contained in paragraph 182.

183.     Denied.  To the extent the allegations contained in paragraph 183 are conclusions of law, no response is required, and they are thus deemed denied.  To the extent that the allegations contained in paragraph 183 purport to characterize an October 2, 1968, letter, and a 1997 report from the United States Department of Justice, USEM denies Plaintiffs' characterization of those documents, which are writings that speak for themselves.  USEM denies the remaining allegations contained in paragraph 183.

184.     Denied.  To the extent the allegations contained in paragraph 184 are conclusions of law, no response is required, and they are thus deemed denied.  To the extent that the allegations contained in paragraph 184 purport to characterize a decision of the Federal Trade Commission, USEM denies Plaintiffs' characterization of that decision, which is a writing that speaks for itself.  USEM denies the remaining allegations contained in paragraph 184.

185.     Denied.  To the extent the allegations contained in paragraph 185 are conclusions of law, no response is required, and they are thus deemed denied.  To the extent that the allegations contained in paragraph 185 purport to characterize United States Department of Agriculture publications, USEM denies Plaintiffs' characterization of those publications, which are writings that speak for themselves.  USEM denies the remaining allegations contained in paragraph 185.

186.     Denied.  To the extent the allegations contained in paragraph 186 are conclusions of law, no response is required, and they are thus deemed denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 186, and the same are therefore denied.

187.     Denied.  To the extent the allegations contained in paragraph 187 are conclusions of law, no response is required, and they are thus deemed denied.  USEM denies the remaining allegations contained in paragraph 187.

188.     Denied.  To the extent the allegations contained in paragraph 188 are conclusions of law, no response is required, and they are thus deemed denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 188, and the same are therefore denied.

189.     Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 189, and the same are therefore denied.

190.     Denied.  The allegations contained in paragraph 190 are conclusions of law to which no response is required, and they are thus deemed denied.

191.     Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph 191, and the same are therefore denied.  USEM denies the remaining allegations contained in paragraph 191.

192.     Denied.  To the extent that the allegations contained in paragraph 192 are conclusions of law, no response is required, and they are thus deemed denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 192, and the same are therefore denied.

193.    Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 193, and the same are therefore denied.

194.    Denied.  USEM incorporates its answers to the foregoing paragraphs by reference as if fully set forth herein.  To the extent that the allegations contained in paragraph 194 are conclusions of law, no response is required, and they are thus deemed denied.  USEM denies the remaining allegations contained in paragraph 194.

195.    Denied.  To the extent that the allegations contained in paragraph 195 are conclusions of law, no response is required, and they are thus deemed denied.  USEM denies the remaining allegations contained in paragraph 195, including those contained in subparts 195.A-195.C.

196.    Denied.  To the extent that the allegations contained in paragraph 196 are conclusions of law, no response is required, and they are thus deemed denied.  USEM denies the remaining allegations contained in paragraph 196, including those contained in subparts 196.A-196.J.

197.     Denied.  To the extent that the allegations contained in paragraph 197 are conclusions of law, no response is required, and they are thus deemed denied.  USEM denies the remaining allegations contained in paragraph 197.

198.    Denied.  To the extent that the allegations contained in paragraph 198 are conclusions of law, no response is required, and they are thus deemed denied.  USEM denies the remaining allegations contained in paragraph 198.

199.    Denied.  To the extent that the allegations contained in paragraph 199 are conclusions of law, no response is required, and they are thus deemed denied.  USEM denies the remaining allegations contained in paragraph 199.

200.    Denied.  To the extent that the allegations contained in paragraph 200 are conclusions of law, no response is required, and they are thus deemed denied.  USEM denies the remaining allegations contained in paragraph 200.

201.    Denied.  To the extent that the allegations contained in paragraph 201, including subparts 201.A-201.H, are conclusions of law, no response is required, and they are thus deemed denied.  USEM denies the remaining allegations contained in paragraph 201, including those contained in subparts 201.A-201.H.

202.    Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 202, and the same are therefore denied.

203.    Denied.  USEM lacks knowledge or information sufficient to form a belief as to the truth of allegations concerning Plaintiffs' knowledge, and the same are therefore denied.  USEM denies the remaining allegations contained in paragraph 203.

204.    Denied.

205.    Denied.

206.    Denied.

207.    Denied.

208.    Denied.

209.    Denied.  To the extent that the allegations contained in paragraph 209 purport to characterize an article in the *Wall Street Journal*, from which it appears that Plaintiffs have derived the allegations contained in paragraph 209, USEM denies Plaintiffs' characterization of the article, which is a writing that speaks for itself.  USEM denies the remaining allegations contained in paragraph 209.

210.    Denied.  To the extent that the allegations contained in paragraph 210 are conclusions of law, no response is required, and they are thus deemed denied.  USEM denies the remaining allegations contained in paragraph 210.

211.    Denied.  USEM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first paragraph of paragraph 211, and the same are therefore denied.  To the extent that the remaining allegations in paragraph 211 constitute conclusions of law, no response is required, and they are thus deemed denied.  USEM denies the remaining allegations contained in paragraph 211.

212.    Denied.  To the extent that the allegations in paragraph 212 constitute conclusions of law, no response is required, and they are thus deemed denied.  USEM denies the remaining allegations contained in paragraph 212.

## REQUEST FOR RELIEF

WHEREFORE, USEM denies that Plaintiffs are entitled to any of the relief requested in the First Amended Complaint, and respectfully requests that the Court enter judgment in its favor on all claims.

## AFFIRMATIVE DEFENSES

1.    The First Amended Complaint fails to state a claim upon which relief may be granted.

2.    Plaintiffs are barred from recovering damages or obtaining injunctive relief on the claims asserted in the First Amended Complaint by the doctrines of estoppel, waiver, laches, ratification, and/or unclean hands.

3.    Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitation.

4.      Plaintiffs' claims are barred because Plaintiffs have not suffered any damages as a result of matters alleged in the First Amended Complaint.

5.      Plaintiffs' claims for injunctive relief are invalid and improper in that Plaintiffs have failed to allege, and is incapable of demonstrating, irreparable harm and/or the absence of any adequate remedy at law.

6.      There is no direct and proximate causal connection between any claim of harm or injury alleged by Plaintiffs and any acts alleged to have been committed by USEM.

7.      Plaintiffs are barred, in whole or in part, from pursuing damages for the claims asserted in the First Amended Complaint because they failed to mitigate their damages or to otherwise take commercially reasonable steps to limit any risks and losses.

8.      Plaintiffs' damages claims are barred in whole or in part because the damages they seek are speculative and uncertain.

9.      Plaintiffs' damages claims are limited to compensation for injuries that Plaintiffs can show to have resulted from that which made defendants' conduct unlawful and to be separate from the effects of lawful activity.

10.     To the extent that Plaintiffs seek to collect treble damages, attorneys' fees and expenses, and other monetary relief, they seek a recovery that is so grossly excessive and inequitable that it would violate the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution, or that is in excess of the limitations provided under other laws.

11.     Plaintiffs lack standing to bring some or all of their claims.

12.     Plaintiffs have suffered no antitrust injury.

13. Plaintiffs have failed to plead that they purchased products in any properly defined market or sub-market.

14. Plaintiffs' claims are barred, in whole or in part, because any conduct engaged in by USEM was reasonable and based on independent, legitimate business and economic justifications.

15. Plaintiffs' claims are barred, in whole or in part, because legitimate standard setting through cooperatives cannot give rise to antitrust liability.

16. Plaintiffs' claims are barred, in whole or in part, because the claims are governed by the rule of reason, and Plaintiffs have not alleged and cannot prove the elements of a rule of reason claim.

17. Plaintiffs' claims are barred, in whole or in part, because the pro-competitive benefits of the conduct alleged by Plaintiffs outweighs any alleged anti-competitive effects.

18. USEM has not engaged in any concert, combination or conspiracy to restrain trade.

19. At all material times, USEM acted in good faith.

20. Plaintiffs' damages, if any, were caused by the conduct of third parties.

21. USEM cannot conspire or attempt to conspire with its cooperative members because they enjoy intra-enterprise immunity.

22. Plaintiffs have failed to plead the alleged fraud and concealment with requisite particularity.

23. Plaintiffs have failed to plead the alleged conspiracy with requisite particularity.

24. Plaintiffs' claims are barred, in whole or in part, by the *Noerr-Pennington* doctrine, the state action doctrine, and/or the doctrine of implied immunity.

25. Plaintiffs' claims are barred because the alleged conduct that is the subject of the First Amended Complaint was caused by, due, based upon, or in response from directives, laws, regulations, authorizations, policies and/or acts of governments and/or their agencies.

26. USEM is immune from liability pursuant to the Capper-Volstead Act, 7 U.S.C. § 291 *et seq.*

27. USEM is immune from liability pursuant to Section 5 of the Cooperative Marketing Act, 7 U.S.C. § 455.

28. USEM is immune from liability pursuant to Section 6 of the Clayton Act, 15 U.S.C. § 17.

29. USEM is immune from liability pursuant to the Agriculture Marketing Agreement Act, 7 U.S.C. § 601 *et seq.*

30. USEM is immune from liability pursuant to the Export Trading Company Act, 15 U.S.C. § 4001 *et seq.*

31. USEM is immune from liability pursuant to the Webb-Pomerene Act (Export Trade Act), 15 U.S.C. § 61 *et seq.*

32. Plaintiffs' claims are barred, in whole or in part, by the Agricultural Marketing Act of 1929, 12 U.S.C. § 1141(a).

33. If, for any reason, any or all of the alleged acts and omissions of defendants were not within the scope of the foregoing immunities, any resulting damages should be equitably mitigated.

34.     In addition to being barred by the above-referenced federal statutes, Plaintiffs' claims are barred, in whole or in part, by the state statutory equivalents of those federal statutes[1] and by the harmonization principles that require state antitrust laws to be applied and construed consistently with federal antitrust laws and precedent.

35.     If any or all of the alleged acts and omissions of defendants were not within the scope of the foregoing immunities, any such technical defects should be ignored as *de minimis*.

36.     Plaintiffs cannot demonstrate that defendants' conduct was outside the scope of the foregoing immunities or that defendants' prices were unduly enhanced as a result of any or all of the alleged acts and omissions.  The United States Department of Agriculture ("USDA") was fully aware of the conduct relevant to Plaintiffs' claims, and it regularly monitors and reports upon egg prices. However, the USDA never sought to object to, or to halt, any conduct by Defendants despite the fact that Section 2 of the Capper-Volstead Act, 7 U.S.C. § 292, provides that the Secretary of Agriculture "shall issue" an order directing agricultural associations "to cease and desist" conduct that causes the prices of agricultural products to be "unduly enhanced."

37.     Plaintiffs' claims are barred, in whole or in part, by 7 U.S.C. § 292's grant of exclusive or primary jurisdiction to the United States Secretary of Agriculture.

---

[1] The state statutes that provide antitrust immunity for agricultural coops and their members include at least the following: ARIZ. STAT. § 44-1401; CAL. FOOD & AGRIC. CODE § 58651, *et seq.*; CAL. FOOD & AGRIC. CODE § 54038; D.C. CODE ANN. § 28-4504; IOWA CODE § 553.6; KAN. STAT. §§ 17-1634, 17-1603(c); 13 M.R.S.A. § 1772; M.C.L.A. § 445.774; MINN. STAT. 325D.55(1); MISS. CODE § 75-21-5; 79-19-51; NEB. REV. STAT. § 59-1618; NEB. REV. STAT. § 2-3801, *et seq.*; NEV. REV. STAT. § 598A.040(1); N.M. STAT. § 57-1-4; 76-12-1; N.Y. GEN. BUS. LAW § 340(3); N.D. STAT. § 51-08.1-04; 10 L.P.R.A. § 257; S.D. STAT. § 37-1-3.4; TENN. STAT. § 47-25-110; UTAH CODE § 76-10-915(2)(b); UTAH CODE § 34-19-1(2); W. VA. CODE § 47-18-5(b); W. VA. CODE § 19-4-28; W.S.A. § 133.07.

38.     Plaintiffs' claims are barred, in whole or in part, because of a failure to join necessary and/or indispensable parties.

39.     Plaintiffs' claims are barred, in whole or in part, by its failure to comply with the notice requirements of the applicable laws.

40.     USEM did not knowingly or consciously participate in a scheme designed to achieve an unlawful objective.  At all relevant times, USEM believed that each of its members were farmers and producers, and that USEM itself qualified as a cooperative organization whose legitimate activities, including all those that are the subject of the Plaintiffs' claims, were within the scope of the statutory immunities in the Capper-Volstead Act, 7 U.S.C. § 291, § 5 of the Cooperative Marketing Association Act, 7 U.S.C. § 455, and/or § 6 of the Clayton Act, 15 U.S.C. § 17.  If, for some technical reason, USEM was mistaken in any or all of such beliefs, it is not liable by reason of such mistake(s).

41.     Plaintiffs' claims are barred, in whole or in part, by the doctrines of *in pari delicto*, involvement, participation, equal involvement, complete involvement, and unclean hands.

42.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs were co-initiators, co-conspirators, or were involved in creating, maintaining, supporting, relying on, implementing, or otherwise utilizing the conduct and programs challenged in this action.

43.     Plaintiffs' claims are barred, in whole or in part, because USEM did not act knowingly, willfully, or intentionally.

44.     USEM adopts by reference any defense not otherwise expressly contained herein that is pleaded by any other Defendant in this action.

45.     In stating these affirmative defenses, USEM does not concede that it has

the burden of proof on any of the aforementioned defenses and denials.

WHEREFORE, USEM respectfully requests that this Court enter judgment in

favor of USEM and against Plaintiffs and award USEM its costs, attorneys' fees, and such other

relief as may be just and proper.


Dated:  April 26, 2012                          Respectfully submitted,

                                                /s/ Jan P. Levine
                                                Jan P. Levine (PA 43869)
                                                Robin P. Sumner (PA 82236)
                                                Barak A. Bassman (PA 85626)
                                                PEPPER HAMILTON LLP
                                                3000 Two Logan Square
                                                18th and Arch Streets
                                                Philadelphia, PA, 19103-2799
                                                Phone: (215) 981-4714
                                                Fax:    (215) 981-4750
                                                *Attorneys for Defendant United States Egg
                                                Marketers, Inc.*

<u>CERTIFICATE OF SERVICE</u>

I, Andrew Belli, hereby certify that on April 26, 2012, the foregoing United States

Egg Marketers, Inc.'s Answer With Affirmative Defenses To Plaintiffs' First Amended

Complaint was filed using the CM/ECF system, and (1) the filing is available for viewing and

downloading via the CM/ECF system and (2) the CM/ECF system will send notification of such

filing to all attorneys of record who have registered for CM/ECF updates.  On this date, the

aforementioned document was also served by e-mail on all attorneys listed on the Panel Attorney

Service List.

<u>/s/ Andrew J. Belli</u>
Andrew Belli
PEPPER HAMILTON LLP
3000 Two Logan Square
18th & Arch Streets
Philadelphia, PA 19103
(215) 981-4830
bellia@pepperlaw.com