IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE PROCESSED EGG PRODUCTS | § | MDL 2002 |
| ANTITRUST LITIGATION | § | 08-md-02002 |
| _____ | § | |
| | § | Jury Trial Demanded |
| THIS DOCUMENT APPLIES TO: | § | |
| Kraft Foods Global, Inc., et al. v. United | § | |
| Egg Producers, Inc., et al. | § | |
| No. 2:12-cv-00088 | § | Honorable Gene Pratter |

**DEFENDANT NUCAL FOODS, INC.'S ANSWER TO KRAFT FOODS GLOBAL,
INC., ET AL.'S FIRST AMENDED COMPLAINT**

Defendant NuCal Foods, Inc. ("NuCal" or "Defendant") answers the First Amended

Complaint ("Complaint") of plaintiffs Kraft Foods Global, Inc., The Kellogg Company, General

Mills, Inc. and Nestlé USA Inc. (collectively the "Plaintiffs" or "Kraft Plaintiffs") as follows:

<u>ANSWER</u>

In response to the Preamble, NuCal admits that Plaintiffs have filed suit against the

Defendants, are seeking injunctive relief and treble damages, and are demanding a jury trial.

NuCal denies that Plaintiffs are entitled to relief under applicable law and denies the balance of

the Preamble.

1.      Paragraph 1 of the Complaint contains the Plaintiffs' definitions for certain terms.

To the extent Plaintiffs claim these definitions apply outside the confines of the Complaint:

denied.

2.      NuCal admits that the entities named in paragraph 2 exist, but denies the

characterization of those entities and the existence of any conspiracy.  NuCal denies any

remaining allegations in paragraph 2.

3.      NuCal denies the allegations in paragraph 3.

4. NuCal admits that the egg market historically experiences up and down cycles, but denies the characterization of the cycles as "volatile." The balance of the paragraph is directed to another defendant, but to the extent Plaintiffs seek to implicate NuCal in the alleged statements of that other defendant, NuCal denies the allegations.

5. Paragraph 5 contains allegations directed to other defendants, but to the extent Plaintiffs seek to implicate NuCal in the alleged statements of other defendants, Nu Cal denies the allegations. NuCal denies any remaining allegations in paragraph 5.

6. Paragraph 6 contains statistics without any cited source. NuCal lacks information as to the accuracy of those statistics, and on that basis denies their accuracy. NuCal denies the remaining allegations in paragraph 6.

7. NuCal denies the allegations in paragraph 7, including the allegations in subparagraphs A through L.

8. To the extent paragraph 8 purports to quote from specific documents, those documents speak for themselves, and NuCal denies the Plaintiffs' characterization of them. NuCal denies any remaining allegations in paragraph 8.

9. Paragraph 9 is directed to another defendant, but to the extent Plaintiffs seek to implicate NuCal in the alleged statements of that other defendant: denied. To the extent paragraph 9 purports to quote from specific documents, those documents speak for themselves, and NuCal denies the Plaintiffs' characterization of them.

10. Paragraph 10 is directed to another defendant, but to the extent Plaintiffs seek to implicate NuCal in the alleged statements of that other defendant: denied. To the extent paragraph 10 purports to quote from specific documents, those documents speak for themselves, and NuCal denies the Plaintiffs' characterization of them.

11.     NuCal admits the Plaintiffs purport to file their complaint under the specified sections of the Clayton Act. NuCal denies any remaining allegations in paragraph 11.

12.     Paragraph 12 contains a legal conclusion about venue to which no response is required. To the extent a response is required, NuCal denies the allegations in paragraph 12.

13.     Paragraph 13 contains a legal conclusion about jurisdiction to which no response is required. To the extent a response is required, NuCal denies the allegations in paragraph 13.

14.     NuCal lacks information about the structure and business of plaintiff Kraft Foods Global Inc., and on that basis denies the allegations in sentences one through three of paragraph 14. NuCal denies that Kraft purchased eggs directly from NuCal. NuCal denies the remaining allegations in paragraph 14.

15.     NuCal lacks information about the structure and business of plaintiff The Kellogg Company, and on that basis denies the allegations in sentences one through four of paragraph 15. NuCal denies that Kellogg purchased eggs directly from NuCal. NuCal denies the remaining allegations in paragraph 15.

16.     NuCal lacks information about the structure and business of plaintiff General Mills Inc., and on that basis denies the allegations in sentences one through three of paragraph 16. NuCal denies that General Mills purchased eggs directly from NuCal. NuCal denies the remaining allegations in paragraph 16.

17.     NuCal lacks information about the structure and business of plaintiff Nestle USA, Inc., and on that basis denies the allegations in sentences one and two of paragraph 17. NuCal denies that Nestle purchased eggs directly from NuCal. NuCal denies any remaining allegations in paragraph 17.

18.     Paragraph 18 is directed to a different defendant. To the extent NuCal is required to answer, NuCal lacks information or knowledge sufficient to form a belief as to the truth of the allegations and on that basis denies them.

19.     Paragraph 19 is directed to a different defendant. To the extent NuCal is required to answer, NuCal lacks information or knowledge sufficient to form a belief as to the truth of the allegations and on that basis denies them.

20.     Paragraph 20 is directed to a different defendant. To the extent NuCal is required to answer, NuCal lacks information or knowledge sufficient to form a belief as to the truth of the allegations and on that basis denies them.

21.     Paragraph 21 is directed to a different defendant. To the extent NuCal is required to answer, NuCal lacks information or knowledge sufficient to form a belief as to the truth of the allegations and on that basis denies them.

22.     NuCal denies the existence of a conspiracy. The remainder of paragraph 22 is directed to different defendants and non-parties. To the extent NuCal is required to answer, it responds as follows: the extent paragraph 22 purports to quote from or characterize the contents of specific documents, those documents speak for themselves and NuCal denies the Plaintiffs' characterization and description of those documents. NuCal denies any remaining allegations in paragraph 22, including those in subparts A through M.

23.     Paragraph 23 is directed to a different defendant. To the extent NuCal is required to answer, NuCal lacks information or knowledge sufficient to form a belief as to the truth of the allegations and on that basis denies them.

24.     Paragraph 24 is directed to a different defendant.  To the extent NuCal is required to answer, NuCal lacks information or knowledge sufficient to form a belief as to the truth of the allegations and on that basis denies them.

25.     Paragraph 25 is directed to a different defendant.  To the extent NuCal is required to answer, NuCal lacks information or knowledge sufficient to form a belief as to the truth of the allegations and on that basis denies them.

26.     NuCal denies the existence of a conspiracy.  The remainder of paragraph 26 is directed to different defendants and non-parties.  To the extent NuCal is required to answer, it responds as follows: NuCal lacks information or knowledge sufficient to form a belief as to the truth of the allegations directed to other defendants and non-parties, and on that basis denies them, and to the extent paragraph 26 purports to quote from or characterize the contents of specific documents, those documents speak for themselves and NuCal denies the Plaintiffs' characterization and description of those documents.  NuCal denies any remaining allegations in paragraph 26, including those in subparts A through F.

27.     Paragraph 27 is directed to a different defendant.  To the extent NuCal is required to answer, NuCal lacks information or knowledge sufficient to form a belief as to the truth of the allegations and on that basis denies them.

28.     Paragraph 28 is directed to a different defendant.  To the extent NuCal is required to answer, NuCal lacks information or knowledge sufficient to form a belief as to the truth of the allegations and on that basis denies them.

29.     NuCal denies the existence of a conspiracy.  The remainder of paragraph 29 is directed to different defendants and non-parties.  To the extent NuCal is required to answer, it responds as follows: NuCal lacks information or knowledge sufficient to form a belief as to the

truth of the allegations directed to other defendants and non-parties, and on that basis denies them, and to the extent paragraph 29 purports to quote from or characterize the contents of specific documents, those documents speak for themselves and NuCal denies the Plaintiffs' characterization and description of those documents. NuCal denies any remaining allegations in paragraph 29, including those in subparts A through E.

30.     NuCal denies the existence of a conspiracy. The remainder of paragraph 30 is directed to a different defendant. To the extent NuCal is required to answer, NuCal lacks information or knowledge sufficient to form a belief as to the truth of the allegations and on that basis denies them.

31.     Paragraph 31 is directed to a different defendant. To the extent NuCal is required to answer, NuCal lacks information or knowledge sufficient to form a belief as to the truth of the allegations and on that basis denies them.

32.     Paragraph 32 is directed to a different defendant. To the extent NuCal is required to answer, NuCal lacks information or knowledge sufficient to form a belief as to the truth of the allegations and on that basis denies them.

33.     Paragraph 33 is directed to a different defendant. To the extent NuCal is required to answer, NuCal lacks information or knowledge sufficient to form a belief as to the truth of the allegations and on that basis denies them.

34.     Paragraph 34 is directed to a different defendant. To the extent NuCal is required to answer, NuCal lacks information or knowledge sufficient to form a belief as to the truth of the allegations and on that basis denies them.

35.     Paragraph 35 is directed to a different defendant.  To the extent NuCal is required to answer, NuCal lacks information or knowledge sufficient to form a belief as to the truth of the allegations and on that basis denies them.

36.     Paragraph 36 is directed to a different defendant.  To the extent NuCal is required to answer, NuCal lacks information or knowledge sufficient to form a belief as to the truth of the allegations and on that basis denies them.

37.     Paragraph 37 is directed to a different defendant.  To the extent NuCal is required to answer, NuCal lacks information or knowledge sufficient to form a belief as to the truth of the allegations and on that basis denies them.

38.     NuCal denies the existence of a conspiracy.  The remainder of paragraph 38 is directed to different defendants and non-parties.  To the extent NuCal is required to answer, it responds as follows: NuCal lacks information or knowledge sufficient to form a belief as to the truth of the allegations directed to other defendants and non-parties, and on that basis denies them, and to the extent paragraph 38 purports to quote from or characterize the contents of specific documents, those documents speak for themselves and NuCal denies the Plaintiffs' characterization and description of those documents.  NuCal denies any remaining allegations in paragraph 38, including subparts A through K.

39.     Paragraph 39 is directed to a different defendant.  To the extent NuCal is required to answer, NuCal lacks information or knowledge sufficient to form a belief as to the truth of the allegations and on that basis denies them.

40.     NuCal denies the existence of a conspiracy.  The remainder of paragraph 40 is directed to different defendants and non-parties.  To the extent NuCal is required to answer, it responds as follows: NuCal lacks information or knowledge sufficient to form a belief as to the

truth of the allegations directed to other defendants and non-parties, and on that basis denies them, and to the extent paragraph 40 purports to quote from or characterize the contents of specific documents, those documents speak for themselves and NuCal denies the Plaintiffs' characterization and description of those documents. NuCal denies any remaining allegations in paragraph 40, including subparts A through K.

41. Paragraph 41 is directed to a different defendant. To the extent NuCal is required to answer, NuCal lacks information or knowledge sufficient to form a belief as to the truth of the allegations and on that basis denies them.

42. Paragraph 42 is directed to a different defendant. To the extent NuCal is required to answer, NuCal lacks information or knowledge sufficient to form a belief as to the truth of the allegations and on that basis denies them.

43. NuCal denies the existence of a conspiracy. The remainder of paragraph 43 is directed to different defendants and non-parties. To the extent NuCal is required to answer, it responds as follows: NuCal lacks information or knowledge sufficient to form a belief as to the truth of the allegations directed to other defendants and non-parties, and on that basis denies them, and to the extent paragraph 43 purports to quote from or characterize the contents of specific documents, those documents speak for themselves and NuCal denies the Plaintiffs' characterization and description of those documents. NuCal denies any remaining allegations in paragraph 43, including subparts A through J.

44. NuCal admits it is a California corporation with its principal place of business in Ripon, California, and that it is a federated agricultural cooperative. NuCal admits that its members are Cal Eggs and Nulaid Foods, Inc., that Cal Eggs's members are shell egg producers, including Sunrise Farms, LLC., and that Nulaid's members are shell egg producers, including

Gemperle Enterprises, Inc. and Valley Fresh Foods, Inc.  NuCal admits it is one of the largest distributors of shell eggs in the Western United States.  NuCal further admits is a member of UEP and USEM.  NuCal denies that the producers described in paragraph 44 account for more than 10.5 million laying hens, or more than 3% of the United States flock.  NuCal denies the remaining allegations in paragraph 44.

45.     NuCal denies the existence of a conspiracy.  NuCal admits it has agreed to follow the UEP Certified Guidelines, and that it has exported eggs in the past.  NuCal denies the remaining allegations in paragraph 45.

A. NuCal admits that Chuck Elste, Ernie Gemperle, Mark Oldenkamp, and Gary West attended the UEP's Annual Board Meeting on October 10–11, 2002 in Savannah, Georgia, but denies that Mark Oldenkamp, Gary West and Ernie Gemperle attended the meeting as NuCal representatives.  NuCal admits that at the meeting a motion passed that required producers who voluntarily choose to participate in the UEP animal welfare program to comply with UEP's animal welfare guidelines at all of the producer's production facilities. NuCal denies the remaining allegations in paragraph 45A.

B. NuCal denies that it agreed to the UEP Certified Guidelines by 2003.  NuCal lacks knowledge or information about sufficient to form a belief as to the remaining allegations in paragraph 45B, and on that basis denies them.

C. NuCal further admits that Plaintiffs are selectively characterizing an unspecified document in paragraph 45C.  That document speaks for itself, and NuCal denies that the characterization by Plaintiffs is either complete or accurate.  NuCal admits that in 2003 Chuck Elste was elected to serve on the

9

Case: 1:11-cv-08808 Document #: 73-13 Filed: 01/16/20 Page 10 of 50 PageID #:1034

Executive/Export Committee. NuCal denies any remaining allegations in paragraph 45C.

D. NuCal admits that Steven Gemperle and Mark Oldenkamp were elected to UEP's Board at the 2003 annual membership meeting, but NuCal denies that they served on the board as representatives of NuCal. NuCal admits that Steven Gemperle and Mark Oldenkamp were elected to UEP's Board at the 2004 annual membership meeting, but NuCal denies that they served on the board as representatives of NuCal. NuCal denies the remainder of paragraph 45D.

E. NuCal denies the allegations in paragraph 45E.

F. NuCal admits that there was a UEP Board of Directors meeting in Atlanta, Georgia on January 25, 2005. NuCal further admits that Plaintiffs are selectively summarizing and attempting to characterize the minutes of this meeting. The document speaks for itself, and NuCal denies Plaintiffs' characterization of it or the meeting. NuCal denies that Mark Oldenkamp, Steve Gemperle, Gary West, Jill Benson, or Tom Silva represented NuCal at this UEP meeting in 2005. NuCal denies any remaining allegations in paragraph 45F, including without limitation Plaintiffs' characterization of the minutes and the meeting.

G. NuCal admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the minutes of a meeting referenced in paragraph 45G. This document speaks for itself. NuCal denies that Mark Oldenkamp represented NuCal on any UEP committee. NuCal denies any remaining

allegations in paragraph 45G, including without limitation Plaintiffs' characterization of the minutes.

H.  NuCal admits that it was a USEM member in October 2006. NuCal admits that on October 20, 2006, USEM members approved an export of eggs. To the extent Plaintiffs purport to paraphrase or characterize a UEP newsletter, the document speaks for itself and NuCal denies Plaintiffs' paraphrasing and characterization of the document. NuCal denies the remaining allegations in paragraph 45H.

I.  NuCal admits that Chuck Elste and Gary West attended the October 18, 2007 USEM meeting in Chicago. NuCal admits that at the meeting Elste was elected as Vice Chairman of USEM, and to serve on the Export/Executive Committee for 2008. NuCal denies the remaining allegations in paragraph 45I.

J.  NuCal admits that Plaintiffs are selectively summarizing and attempting to characterize the publication referenced in paragraph 45J. This document speaks for itself and NuCal denies Plaintiffs' paraphrasing and characterization of the document. NuCal admits that NuCal's license agreement number and the certificate numbers for Gemperle Enterprises, Sunrise Farms, J.S. West Milling Co., and Valley Fresh Foods, listed in paragraph 45J are accurate. NuCal denies the remaining allegations in paragraph 45J.

K.  NuCal admits the allegations in paragraph 45K.

46.     Paragraph 46 is directed to a different defendant.  To the extent NuCal is required to answer, NuCal lacks information or knowledge sufficient to form a belief as to the truth of the allegations and on that basis denies them.

47.     NuCal denies the existence of a conspiracy.  The remaining allegations in paragraph 47 are directed to a different defendant.  To the extent NuCal is required to answer, NuCal lacks information or knowledge sufficient to form a belief as to the truth of the allegations and on that basis denies them, including those allegations in subparts A through C.

48.     Paragraph 48 is directed to a different defendant.  To the extent NuCal is required to answer, NuCal lacks information or knowledge sufficient to form a belief as to the truth of the allegations and on that basis denies them.

49.     Paragraph 49 is directed to a different defendant.  To the extent NuCal is required to answer, NuCal lacks information or knowledge sufficient to form a belief as to the truth of the allegations and on that basis denies them.

50.     Paragraph 50 is directed to a different defendant.  To the extent NuCal is required to answer, NuCal lacks information or knowledge sufficient to form a belief as to the truth of the allegations and on that basis denies them.

51.     Paragraph 51 is directed to a different defendant.  To the extent NuCal is required to answer, NuCal lacks information or knowledge sufficient to form a belief as to the truth of the allegations and on that basis denies them.

52.     NuCal denies the existence of a conspiracy.  The remaining allegations in paragraph 52 are directed to a different defendant.  To the extent NuCal is required to answer, NuCal lacks information or knowledge sufficient to form a belief as to the truth of the allegations and on that basis denies them, including those allegations in subparts A through K.

53.     Paragraph 53 is directed to a different defendant.  To the extent NuCal is required to answer, NuCal lacks information or knowledge sufficient to form a belief as to the truth of the allegations and on that basis denies them.

54.     NuCal denies the existence of a conspiracy.   The remaining allegations in paragraph 54 are directed to a different defendant.  To the extent NuCal is required to answer, NuCal lacks information or knowledge sufficient to form a belief as to the truth of the allegations and on that basis denies them, including those allegations in subparts A through F.

55.     Paragraph 55 is directed to a different defendant.  To the extent NuCal is required to answer, NuCal lacks information or knowledge sufficient to form a belief as to the truth of the allegations and on that basis denies them.

56.     Paragraph 56 is directed to a different defendant.  To the extent NuCal is required to answer, NuCal lacks information or knowledge sufficient to form a belief as to the truth of the allegations and on that basis denies them.

57.     NuCal denies the existence of a conspiracy, and denies any participation in discussions "that the [UEP Certified Guidelines] program's express purpose was to reduce supply."  The remaining allegations in paragraph 57 are directed to a different defendant.  To the extent NuCal is required to answer, NuCal lacks information or knowledge sufficient to form a belief as to the truth of the allegations and on that basis denies them, including those allegations in subparts A through C.

58.     Paragraph 58 is directed to a different defendant.  To the extent NuCal is required to answer, NuCal lacks information or knowledge sufficient to form a belief as to the truth of the allegations and on that basis denies them.

Case 2:12-cv-00088-GEKP Document 101 Filed 04/26/14 Page 14 of 50

59. Paragraph 59 is directed to a different defendant. To the extent NuCal is required to answer, NuCal lacks information or knowledge sufficient to form a belief as to the truth of the allegations and on that basis denies them.

60. NuCal admits that UEP oversees the UEP Certified Guidelines. NuCal denies that Plaintiffs' unspecified characterizations and descriptions of the program elsewhere in the complaint are accurate or complete.

61. Paragraph 61 is directed to a different defendant. To the extent NuCal is required to answer, NuCal lacks information or knowledge sufficient to form a belief as to the truth of the allegations and on that basis denies them.

62. Paragraph 62 is directed to a different defendant. To the extent NuCal is required to answer, NuCal lacks information or knowledge sufficient to form a belief as to the truth of the allegations and on that basis denies them.

63. NuCal admits that USEM organized and negotiated egg exports. NuCal denies the remaining allegations in paragraph 63. NuCal denies that Plaintiffs' unspecified characterizations and descriptions of exports elsewhere in the complaint are accurate or complete.

64. NuCal denies the existence of a conspiracy. NuCal admits that in 2004 UEA scheduled a meeting for the same dates as a UEP meeting, but denies that UEP and UEA held joint meetings. The remainder of paragraph 64 is directed to a different entity. To the extent NuCal is required to answer, NuCal lacks information or knowledge sufficient to form a belief as to the truth of the allegations and on that basis denies them.

65.     Paragraph 65 is directed to a different entity.  To the extent NuCal is required to answer, NuCal lacks information or knowledge sufficient to form a belief as to the truth of the allegations and on that basis denies them.

66.     Paragraph 66 is directed to a different entity.  To the extent NuCal is required to answer, NuCal lacks information or knowledge sufficient to form a belief as to the truth of the allegations and on that basis denies them.

67.     NuCal denies the existence of a conspiracy.  The remainder of paragraph 67 is directed to a different entity.  To the extent NuCal is required to answer, NuCal lacks information or knowledge sufficient to form a belief as to the truth of the allegations and on that basis denies them.

68.     NuCal denies the existence of a conspiracy.  The remainder of paragraph 68 is directed to a different entity.  To the extent NuCal is required to answer, NuCal lacks information or knowledge sufficient to form a belief as to the truth of the allegations and on that basis denies them.

69.     NuCal denies the existence of a conspiracy or price-fixing.  The remainder of paragraph 69 is directed to a different entity.  To the extent NuCal is required to answer, NuCal lacks information or knowledge sufficient to form a belief as to the truth of the allegations and on that basis denies them, including those allegations in subparts A through N.

70.     NuCal denies the existence of a conspiracy or price-fixing.  The remainder of paragraph 70 is directed to a different entity.  To the extent NuCal is required to answer, NuCal lacks information or knowledge sufficient to form a belief as to the truth of the allegations and on that basis denies them, including those allegations in subparts A through F.

71. NuCal denies the existence of a conspiracy. The remainder of paragraph 71 is directed to a different entity. To the extent NuCal is required to answer, NuCal lacks information or knowledge sufficient to form a belief as to the truth of the allegations and on that basis denies them.

72. NuCal denies the existence of a conspiracy. The remainder of paragraph 72 is directed to a different entity. To the extent NuCal is required to answer, NuCal lacks information or knowledge sufficient to form a belief as to the truth of the allegations and on that basis denies them.

73. NuCal denies the existence of a conspiracy. The remainder of paragraph 73 is directed to a different entity. To the extent NuCal is required to answer, NuCal lacks information or knowledge sufficient to form a belief as to the truth of the allegations and on that basis denies them.

74. NuCal denies the existence of a conspiracy. The remainder of paragraph 74 is directed to a different entity. To the extent NuCal is required to answer, NuCal lacks information or knowledge sufficient to form a belief as to the truth of the allegations and on that basis denies them.

75. Paragraph 75 is directed to a different entity. To the extent NuCal is required to answer, NuCal lacks information or knowledge sufficient to form a belief as to the truth of the allegations and on that basis denies them.

76. Paragraph 76 is directed to a different entity. To the extent NuCal is required to answer, NuCal lacks information or knowledge sufficient to form a belief as to the truth of the allegations and on that basis denies them.

77.     NuCal denies the existence of a conspiracy.  The remainder of paragraph 77 is directed to a different entity.  To the extent NuCal is required to answer, NuCal lacks information or knowledge sufficient to form a belief as to the truth of the allegations and on that basis denies them.

78.     NuCal denies the existence of a conspiracy.  The remainder of paragraph 78 is directed to a different entity.  To the extent NuCal is required to answer, NuCal lacks information or knowledge sufficient to form a belief as to the truth of the allegations and on that basis denies them, including those allegations in subparts A through C.

79.     NuCal denies the existence of a conspiracy or price-fixing.  The remainder of paragraph 79 is directed to different entities and individuals, including some who are not named. To the extent NuCal is required to answer, NuCal lacks information or knowledge sufficient to form a belief as to the truth of the allegations and on that basis denies them.

80.     NuCal denies that the process described in paragraph 80 applies to NuCal, but admits that it could apply to some participants in the egg production cycle.

81.     NuCal denies that the process described in paragraph 81 applies to NuCal, but admits that it could apply to some participants in the egg production cycle.

82.     NuCal denies that the process described in paragraph 82 applies to NuCal, but admits that it could apply to some participants in the egg production cycle.

83.     NuCal denies that the process described in paragraph 83 applies to NuCal, but admits that it could apply to some participants in the egg production cycle.

84.     NuCal denies that the process described in paragraph 84 applies to NuCal, but admits that it could apply to some participants in the egg production cycle.

85. NuCal denies that the process described in paragraph 85 applies to NuCal, but admits that it could apply to some participants in the egg production cycle.

86. NuCal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 86 and therefore denies them.

87. Paragraph 87 contains the Plaintiffs' conventions for dividing the egg industry and does not require a response. To the extent a response is required: denied.

88. NuCal denies that the processes and actions described in paragraph 88 apply to NuCal, but admits that they could apply to some participants in the egg industry.

89. NuCal admits that eggs are ingredients in various products, including those listed in paragraph 89. NuCal lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 89 and therefore denies them.

90. NuCal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 90 and therefore denies them.

91. NuCal denies the existence of a conspiracy. NuCal admits that shell eggs and egg products are substantial parts of the total egg market. NuCal lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 91 and therefore denies them.

92. Paragraph 92 contains the Plaintiffs' conventions for dividing the egg industry and does not require a response. To the extent a response is required: NuCal admits that shell eggs include both generic and specialty eggs. NuCal denies the remaining allegations in paragraph 92.

93. NuCal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 93 and therefore denies them.

94.     NuCal admits that feed costs are a significant cost component for shell eggs. NuCal lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 94 and therefore denies them.

95.     NuCal denies the existence of a conspiracy or price-fixing.  NuCal admits that the UEP rules required producers who voluntarily choose to participate in the UEP animal welfare program to comply with UEP's animal welfare guidelines at all of the producer's production facilities.  NuCal admits that a proposal to exempt egg product producers from this requirement was rejected in 2003.  NuCal denies the remaining allegations in paragraph 95.

96.     NuCal denies the allegations in paragraph 96.

97.     NuCal lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 97 and therefore denies them.

98.     NuCal admits that Plaintiffs purport to selectively quote from and characterize the publication referenced in paragraph 98.  This document speaks for itself.  NuCal denies any remaining allegations in paragraph 98, including without limitation Plaintiffs' characterization of the publication.

99.     NuCal denies the allegations in the first and second sentences of paragraph 99. NuCal admits that Plaintiffs are selectively quoting from and attempting to characterize the publication referenced in paragraph 99.  This document speaks for itself.  NuCal denies any remaining allegations in paragraph 99, including without limitation Plaintiffs' characterization of the publication.

100.     NuCal denies the first sentence in paragraph 100.  NuCal admits that Plaintiffs are selectively quoting from and attempting to characterize the publications referenced in paragraph

100.    These documents speak for themselves.  NuCal denies any remaining allegations in paragraph 100, including without limitation Plaintiffs' characterization of the publications.

101.    NuCal denies the existence of a conspiracy.  NuCal admits that Plaintiffs are selectively quoting from and attempting to characterize the publications referenced in paragraph 101.  These documents speak for themselves.  NuCal denies any remaining allegations in paragraph 101, including without limitation Plaintiffs' characterization of the publications.

102.    NuCal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 102 and therefore denies them.

103.    NuCal denies the allegations in paragraph 103.

104.    NuCal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 104 and therefore denies them.

105.    NuCal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 105 and therefore denies them.

106.    NuCal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 106 and therefore denies them.

107.    NuCal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 107 and therefore denies them.

108.    NuCal denies the allegations in paragraph 108.

109.    NuCal denies the allegations in paragraph 109.

110.    NuCal denies the existence of a conspiracy.  NuCal admits that some Defendants may have shipped eggs to states other than the states where the eggs were produced.  NuCal denies any remaining allegations in paragraph 110.

Case: 2:12-cv-00088-GEKP   Document: 101   Filed: 04/26/21   Page: 21 of 30

111.    NuCal denies the existence of a conspiracy.  NuCal denies the allegations of paragraph 111 as to NuCal.  NuCal lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 111 and therefore denies them.

112.    NuCal denies the existence of a conspiracy.  NuCal admits that information and correspondence was exchanged between Defendants and other entities.  NuCal denies any remaining allegations in paragraph 112.

113.    NuCal admits it has been paid by customers with checks, wire transfers, and/or other financial instruments that were negotiated, communicated and/or transported in interstate commerce.  NuCal lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 113 and therefore denies them.

114.    NuCal denies the allegations in paragraph 114.

115.    NuCal denies the allegations in paragraph 115.

116.    NuCal admits Plaintiffs are attempting to selectively quote from and characterize the document referenced in paragraph 116.  The document speaks for itself.  NuCal denies any remaining allegations in paragraph 116, including without limitation Plaintiffs' characterization of the document.

117.    NuCal admits Plaintiffs are attempting to selectively quote from and characterize the document referenced in paragraph 117.  The document speaks for itself.  NuCal denies any remaining allegations in paragraph 117, including without limitation Plaintiffs' characterization of the document.

118.    NuCal denies the allegations in paragraph 118.

119.    NuCal denies all of the allegations in paragraph 119.

120.    NuCal denies the allegations in paragraph 120.

121.    NuCal admits that UEP stated that its proposed program was based on recommendations from its Scientific Advisory Committee.  NuCal lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Sparboe Farms in paragraph 121 and therefore denies them.  NuCal denies the remaining allegations in paragraph 121.

122.    NuCal admits Plaintiffs are attempting to selectively quote from and characterize the publication referenced in paragraph 122.  This document speaks for itself.  NuCal denies any remaining allegations in paragraph 122, including without limitation Plaintiffs' characterization of the publication.

123.    NuCal admits that UEP's animal welfare guidelines included minimum floor space levels.  NuCal denies the remaining allegations in paragraph 123.

124.    NuCal admits the UEP guidelines called for minimum floor space for certain hens.  NuCal denies the remaining allegations in paragraph 124.

125.    NuCal admits that Plaintiffs are selectively quoting and attempting to characterize the publication referenced in paragraph 125.  NuCal denies Plaintiffs' characterization of this document, which speaks for itself.  NuCal admits that UEP held its Annual Board Meeting on October 10–11, 2002 in Savannah, Georgia, and that at the meeting a motion passed that required producers who voluntarily choose to participate in the UEP animal welfare program to comply with UEP's animal welfare guidelines at all of the producer's production facilities.  NuCal denies any remaining allegations in paragraph 125.

126.    NuCal admits that Plaintiffs are selectively summarizing and attempting to characterize the publication referenced in paragraph 126.  NuCal denies Plaintiffs'

characterization of this document, which speaks for itself. NuCal denies any remaining allegations in paragraph 126.

127. NuCal admits that Sparboe Farms voted against the rule requiring producers who voluntarily choose to participate in the UEP animal welfare program to comply with UEP's animal welfare guidelines at all of the producer's production facilities. NuCal denies any remaining allegations in paragraph 127.

128. NuCal admits that Plaintiffs are selectively quoting, paraphrasing, and attempting to characterize the documents referenced in paragraph 128. NuCal denies Plaintiffs' characterization of these documents, which speak for themselves. NuCal denies any remaining allegations in paragraph 128.

129. With respect to the first sentence of paragraph 129, NuCal admits there was a UEP Board of Directors conference call on December 16, 2004, but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies them. With respect to the remaining allegations in paragraph 129, NuCal admits that Plaintiffs appear to be selectively summarizing, quoting from—and attempting to characterize— several unidentified documents. These documents speak for themselves. NuCal denies any remaining allegations in paragraph 129, including without limitation Plaintiffs' characterization of the documents.

130. With respect to paragraph 130, NuCal admits that Plaintiffs are selectively summarizing, quoting, and attempting to characterize several unidentified documents. These documents speak for themselves. NuCal denies any remaining allegations in paragraph 130, including without limitation Plaintiffs' characterization of the documents.

131.    The allegations in the first three sentences of paragraph 131 are directed to a different entity.    To the extent NuCal is required to answer, NuCal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first three sentences of paragraph 131 and therefore denies them.    NuCal admits that in the fourth sentence, Plaintiffs are selectively quoting—and attempting to characterize—the referenced publication.    This document speaks for itself.    NuCal denies any remaining allegations in paragraph 131, including without limitation Plaintiffs' characterization of the document.

132.    The allegations in paragraph 132 are directed to a different entity.    To the extent NuCal is required to answer, NuCal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 132 and therefore denies them.

133.    NuCal admits that various Defendants have had some knowledge of the other Defendants' location of facilities and flock size at various times, but otherwise denies the allegations in the first two sentences of Paragraph 133.    NuCal admits that in the third sentence, Plaintiffs are selectively quoting—and attempting to characterize—the referenced publication. This document speaks for itself.    NuCal denies any remaining allegations in paragraph 133, including without limitation Plaintiffs' characterization of the document.

134.    The allegations in paragraph 134 are directed to a different entity.    To the extent NuCal is required to answer, NuCal denies the allegations in paragraph 134.

135.    NuCal admits Plaintiffs are selectively quoting, paraphrasing—and attempting to characterize—the UEP Guidelines. This document speaks for itself, and NuCal denies Plaintiffs' characterization of the document.    NuCal lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 135 and therefore denies them.

136.     NuCal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 136 and therefore denies them.

137.     NuCal admits that compliance with the UEP Certified Guidelines would sometimes result in permission to use the UEP label, but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 137 and therefore denies them.

138.     NuCal denies the allegations in the first sentence of paragraph 138.  The remainder of paragraph 138 is directed to different entities.  To the extent NuCal is required to answer, NuCal lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 138 and therefore denies them.

139.     The allegations in paragraph 139 are directed to a different entity.  To the extent NuCal is required to answer, NuCal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 139 and therefore denies them.

140.     NuCal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of paragraph 140 and therefore denies them.  The remainder of paragraph 140 is directed to different entities.  To the extent NuCal is required to answer, NuCal lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

141.     NuCal denies the allegations in the first and second sentences of paragraph 141.  With respect to the third through fifth sentences, NuCal admits USEM members participated in certain exports, but otherwise denies the allegations in the third through fifth sentences of paragraph 141.  With respect to the sixth sentence, NuCal admits Plaintiffs are selectively quoting—and attempting to characterize—an unidentified document.  This document speaks for

itself.  NuCal denies the remaining allegations in paragraph 141, including, without limitation, Plaintiffs' characterization of the document.

142.    NuCal denies the allegations in the first two sentences of paragraph 142.  With respect to the third sentence, NuCal admits Plaintiffs are selectively quoting—and attempting to characterize—the referenced document.  This document speaks for itself.  NuCal denies the remaining allegations in paragraph 142, including, without limitation, Plaintiffs' characterization of the document.

143.    NuCal admits Plaintiffs are selectively quoting—and attempting to characterize—the referenced e-mail.  This document speaks for itself.  NuCal denies the remaining allegations in paragraph 143, including, without limitation, Plaintiffs' characterization of the document.

144.    NuCal denies the allegations in paragraph 144, including subparts A through E.

145.    NuCal denies the first sentence of paragraph 145.  With respect to the remaining allegations, NuCal admits Plaintiffs are selectively quoting—and attempting to characterize—the referenced publications.  These documents speak for themselves.  NuCal denies the remaining allegations in paragraph 145, including, without limitation, Plaintiffs' characterization of the documents.

146.    NuCal denies the first sentence of paragraph 146.  With respect to the remaining allegations, NuCal admits Plaintiffs are selectively quoting—and attempting to characterize—the referenced publications.  These documents speak for themselves.  NuCal denies the remaining allegations in paragraph 146, including, without limitation, Plaintiffs' characterization of the documents.

147.    NuCal admits Plaintiffs appear to be attempting to paraphrase—and attempting to characterize—an unidentified document.  This document speaks for itself.  NuCal denies the

remaining allegations in paragraph 147, including, without limitation, Plaintiffs' characterization of the document.

148.  NuCal lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 148, and on that basis denies them.

149.  NuCal admits Plaintiffs are selectively quoting—and attempting to characterize— the referenced documents.  These documents speak for themselves.  NuCal denies the remaining allegations in paragraph 149, including, without limitation, Plaintiffs' characterization of the documents.

150.  The remainder of paragraph 150 is directed to a different entity.  To the extent NuCal is required to answer, NuCal lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 150, and on that basis denies them.

151.  NuCal admits Plaintiffs are selectively quoting—and attempting to characterize— an unidentified document.  This document speaks for itself.  NuCal denies the remaining allegations in paragraph 151, including, without limitation, Plaintiffs' characterization of the document.

152.  NuCal admits Plaintiffs are selectively quoting—and attempting to characterize— the referenced publication.  This document speaks for itself.  NuCal denies the remaining allegations in paragraph 152, including, without limitation, Plaintiffs' characterization of the document.

153.  NuCal admits Plaintiffs are selectively quoting—and attempting to characterize— an unidentified document.  This document speaks for itself.  NuCal denies the remaining allegations in paragraph 153, including, without limitation, Plaintiffs' characterization of the document.

154.     NuCal admits Plaintiffs are selectively quoting—and attempting to characterize—the referenced publication.  This document speaks for itself.  NuCal denies the remaining allegations in paragraph 154, including, without limitation, Plaintiffs' characterization of the document.

155.     NuCal admits Plaintiffs are selectively quoting—and attempting to characterize—unidentified documents.  These documents speak for themselves.  NuCal denies the remaining allegations in paragraph 155, including, without limitation, Plaintiffs' characterization of the document.

156.     Paragraph 156 is directed to different entities.  To the extent NuCal is required to answer, NuCal lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 156 and therefore denies them.

157.     NuCal admits Plaintiffs are selectively quoting—and attempting to characterize—the referenced publication.  This document speaks for itself.  NuCal denies the remaining allegations in paragraph 157, including, without limitation, Plaintiffs' characterization of the document.

158.     NuCal admits Plaintiffs are selectively quoting—and attempting to characterize—the referenced publication.  This document speaks for itself.  NuCal denies the remaining allegations in paragraph 158, including, without limitation, Plaintiffs' characterization of the document.

159.     NuCal admits Plaintiffs are selectively quoting—and attempting to characterize—the referenced publication.  This document speaks for itself.  NuCal denies the remaining allegations in paragraph 159, including, without limitation, Plaintiffs' characterization of the document.

160.    NuCal admits Plaintiffs are selectively quoting—and attempting to characterize—an unidentified document.  This document speaks for itself.  NuCal denies the remaining allegations in paragraph 160, including, without limitation, Plaintiffs' characterization of the document.

161.    NuCal admits Plaintiffs are selectively quoting—and attempting to characterize—an unidentified document.  This document speaks for itself.  NuCal denies the remaining allegations in paragraph 161, including, without limitation, Plaintiffs' characterization of the document.

162.    NuCal admits Plaintiffs are selectively quoting—and attempting to characterize—the referenced publication.  This document speaks for itself.  NuCal denies the remaining allegations in paragraph 162, including, without limitation, Plaintiffs' characterization of the document.

163.    NuCal admits Plaintiffs are selectively quoting—and attempting to characterize—the referenced publication.  This document speaks for itself.  NuCal denies the remaining allegations in paragraph 163, including, without limitation, Plaintiffs' characterization of the document.

164.    NuCal admits Plaintiffs are selectively quoting—and attempting to characterize—the referenced publication.  This document speaks for itself.  NuCal denies the remaining allegations in paragraph 164, including, without limitation, Plaintiffs' characterization of the document.

165.    NuCal admits Plaintiffs are selectively quoting—and attempting to characterize—the referenced publication.  This document speaks for itself.  NuCal denies the remaining

Case 2:12-cv-00068-GEKP   Document 101   Filed 04/26/13   Page 30 of 50

allegations in paragraph 165, including, without limitation, Plaintiffs' characterization of the document.

166.    NuCal admits Plaintiffs are selectively quoting—and attempting to characterize—the referenced publication.  This document speaks for itself.  NuCal denies the remaining allegations in paragraph 166, including, without limitation, Plaintiffs' characterization of the document.

167.    NuCal denies the allegations in paragraph 167.

168.    NuCal denies the allegations in the first sentence of paragraph 168.  NuCal admits Plaintiffs are selectively quoting—and attempting to characterize—the referenced publication. This document speaks for itself.  NuCal denies the remaining allegations in paragraph 168, including, without limitation, Plaintiffs' characterization of the document.

169.    NuCal admits Plaintiffs are selectively quoting—and attempting to characterize—the referenced publication.  This document speaks for itself.  NuCal denies the remaining allegations in paragraph 169, including, without limitation, Plaintiffs' characterization of the document.

170.    NuCal admits Plaintiffs are selectively quoting—and attempting to characterize—the referenced publication.  This document speaks for itself.  NuCal denies the remaining allegations in paragraph 170, including, without limitation, Plaintiffs' characterization of the document.

171.    NuCal admits Plaintiffs are selectively quoting—and attempting to characterize—the referenced publication.  This document speaks for itself.  NuCal denies the remaining allegations in paragraph 171, including, without limitation, Plaintiffs' characterization of the document.

172.     NuCal admits Plaintiffs are selectively quoting—and attempting to characterize—the referenced publications.  These documents speak for themselves.  NuCal denies the remaining allegations in paragraph 172, including, without limitation, Plaintiffs' characterization of the documents.

173.     NuCal admits Plaintiffs are selectively quoting—and attempting to characterize—an unidentified document.  This document speaks for itself.  NuCal denies the remaining allegations in paragraph 173, including, without limitation, Plaintiffs' characterization of the document.

174.     NuCal admits Plaintiffs are selectively quoting—and attempting to characterize—the referenced publication.  This document speaks for itself.  NuCal denies the remaining allegations in paragraph 174, including, without limitation, Plaintiffs' characterization of the document.

175.     NuCal denies the allegations in the first sentence of paragraph 175.  With respect to the remaining allegations in paragraph 175, NuCal admits Plaintiffs are selectively quoting—and attempting to characterize—the referenced testimony.  This testimony speaks for itself.  NuCal denies the remaining allegations in paragraph 175, including, without limitation, Plaintiffs' characterization of the testimony.

176.     Paragraph 176 contains purported legal conclusions to which no response is required.  To the extent a response is required, NuCal admits UEP is a Capper-Volstead Agricultural Cooperative, and otherwise denies the allegations in paragraph 176.

177.     Paragraph 177 contains purported legal conclusions to which no response is required.  To the extent a response is required, NuCal denies the allegations in paragraph 177.

178. With respect to the first sentence of paragraph 178, NuCal lacks knowledge or information sufficient to form a belief as to the trust of the allegations, and on that basis denies them. Plaintiffs' remaining allegations are purported legal conclusions to which no response is required. To the extent a response is required, NuCal denies the allegations.

179. The first two sentences and final sentence of Paragraph 179 contain purported legal conclusions to which no response is required. To the extent a response is required, NuCal denies the allegations. The remainder of Paragraph 179 concerns other defendants. To the extent NuCal is required to respond, it responds as follows: NuCal lacks knowledge or information sufficient to form a good faith basis as to the truth of the allegations, and on that basis denies them. NuCal denies the remaining allegations in Paragraph 179.

180. Paragraph 180 contains purported legal conclusions to which no response is required. To the extent a response is required, NuCal denies the allegations.

181. Paragraph 181 contains purported legal conclusions to which no response is required. To the extent a response is required, NuCal denies the allegations.

182. Paragraph 182 contains purported legal conclusions to which no response is required. To the extent a response is required, NuCal denies the allegations.

183. The first sentence of paragraph 183 contains purported legal conclusions to which no response is required. To the extent a response is required, NuCal denies the allegations. With respect to the remaining allegations, NuCal admits Plaintiffs are selectively quoting—and attempting to characterize—the referenced document. This document speaks for itself. NuCal denies the remaining allegations in paragraph 183, including, without limitation, Plaintiffs' characterization of the document.

Case: 1:11-cv-08808 Document #: 73-13 Filed: 01/16/20 Page 33 of 50 PageID #:1057
Case: 2:12-cv-00083-GEKP Document 18 Filed 04/26/13 Page 33 of 3

184.     NuCal admits Plaintiffs are selectively quoting—and attempting to characterize— the referenced legal opinion.  This opinion speaks for itself.  NuCal denies the remaining allegations in paragraph 184, including, without limitation, Plaintiffs' characterization of the opinion.

185.     NuCal admits Plaintiffs are selectively quoting—and attempting to characterize— the referenced publications.  These documents speak for themselves.  NuCal denies the remaining allegations in paragraph 185, including, without limitation, Plaintiffs' characterization of the documents.

186.     NuCal denies the allegations in the first sentence of paragraph 186.  With respect to the remaining allegations, NuCal admits Plaintiffs are selectively quoting, summarizing, and attempting to characterize, the referenced documents.  These documents speak for themselves. NuCal denies the remaining allegations in paragraph 186, including, without limitation, Plaintiffs' characterization of the documents.

187.     Paragraph 187 contains purported legal conclusions to which no response is required.  To the extent a response is required, NuCal denies the allegations.

188.     NuCal denies the allegations in the first sentence of paragraph 188.  The second sentence contains purported legal conclusions to which no response is required.  To the extent a response is required, NuCal denies the allegations.  With respect to the remaining allegations in paragraph 188, NuCal lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

189.     NuCal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 189 and therefore denies them.

33

190.    Paragraph 190 contains purported legal conclusions to which no response is required. To the extent a response is required, NuCal denies the allegations.

191.    NuCal denies it was a member of any conspiracy, but lacks knowledge or information sufficient to form a good faith basis as to the truth of the remaining allegations in paragraph 191, and on that basis denies them.

192.    Paragraph 192 contains purported legal conclusions to which no response is required. To the extent a response is required, NuCal denies the allegations.

193.    NuCal denies the allegations in the first sentence of paragraph 193. The remaining sentences relate to another defendant. To the extent NuCal is required to answer, NuCal admits that UEP itself does not wash, break, pasteurize, store, distribute, or negotiate the sale of eggs or other agricultural products, but NuCal denies the remaining allegations in paragraph 193.

194.    With respect to the first sentence of paragraph 194, NuCal admits that Plaintiffs purport to incorporate by reference the preceding allegations of their Complaint. NuCal incorporates by reference its responses to the preceding paragraphs—paragraphs 1 through 193—of the Complaint. NuCal denies any remaining allegations in the first sentence of paragraph 194. The second sentence of paragraph 194 contains purported legal conclusions to which no response is required. To the extent a response is required, NuCal denies the allegations.

195.    NuCal denies the allegations in paragraph 195, including its subparts.

196.    NuCal denies the allegations in paragraph 196, including its subparts.

197.    NuCal denies the allegations in paragraph 197.

198.    NuCal denies the allegations in paragraph 198.

199.    NuCal denies the allegations in paragraph 199, and further answers that the underlying facts supposedly supporting Plaintiffs' claims were not concealed but instead were publicly known long before September of 2008.

200.    NuCal denies the allegations in the first and second sentences of paragraph 200. Nucal lacks knowledge or information sufficient to form a belief as to the truth of the allegations as to what Plaintiffs knew in paragraph 200 and therefore denies them.

201.    NuCal denies the allegations in paragraph 201, including its subparts.

202.    Nucal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 202 and therefore denies them.

203.    Nucal lacks knowledge or information sufficient to form a belief as to the truth of the allegations as to what Plaintiffs knew in paragraph 203 and therefore denies them.  NuCal denies the remaining allegations in paragraph 203.

204.    NuCal denies the allegations in paragraph 204.

205.    Nucal lacks knowledge or information sufficient to form a belief as to the truth of the allegations as to what Plaintiffs believed in paragraph 205 and therefore denies them.  NuCal denies the remaining allegations in paragraph 205.

206.    Nucal lacks knowledge or information sufficient to form a belief as to the truth of the allegations as to what Plaintiffs believed in paragraph 206 and therefore denies them.  NuCal denies the remaining allegations in paragraph 206.

207.    NuCal denies the allegations in the first sentence of paragraph 207.  NuCal lacks knowledge or information sufficient to form a belief as to the truth of the allegations as to what Plaintiffs knew in paragraph 207 and therefore denies them.  NuCal further answers that the underlying facts supposedly supporting Plaintiffs' claims were not concealed but instead were

publicly known long before September of 2008. NuCal denies any remaining allegations in paragraph 207.

208. NuCal lacks knowledge or information sufficient to form a belief as to the truth of the allegations as to what Plaintiffs knew in paragraph 208 and therefore denies them. NuCal further answers that the underlying facts supposedly supporting Plaintiffs' claims were not concealed but instead were publicly known long before September of 2008. NuCal denies any remaining allegations in paragraph 208.

209. NuCal lacks knowledge or information sufficient to form a belief as to the truth of the allegations as to what Plaintiffs knew in paragraph 209 and therefore denies them. NuCal further answers that the underlying facts supposedly supporting Plaintiffs' claims were not concealed but instead were publicly known long before September of 2008. NuCal also admits that Plaintiffs are selectively quoting—and attempting to characterize—the referenced publication. This document speaks for itself. NuCal denies the remaining allegations in paragraph 209, including, without limitation, Plaintiffs' characterization of the document.

210. NuCal denies the allegations in paragraph 210.

211. NuCal admits Plaintiffs purchased eggs from one or more of the Defendants, but denies it ever sold eggs directly to Plaintiffs. NuCal denies Plaintiffs are entitled to any relief, and denies the remaining allegations in paragraph 211.

212. NuCal denies the allegations in paragraph 212.

213. NuCal denies any and all allegations contained in Plaintiffs' prayer for relief, denies that Plaintiffs are entitled to any relief, and requests that Plaintiffs take nothing in this suit and that this matter be dismissed with prejudice, with costs and fees awarded to NuCal.

## DEFENDANT'S AFFIRMATIVE DEFENSES

1.     Plaintiffs fail in whole or in part to state a claim upon which relief could be granted.

2.     Plaintiffs' claims are barred, in whole or in part, by the Capper-Volstead Act, 7 U.S.C. § 291, 292.

3.     Plaintiffs' claims are barred, in whole or in part, by the Agricultural Cooperative Marketing Act, 7 U.S.C. § 455.

4.     Plaintiffs' claims are barred, in whole or in part, by Section 6 of the Clayton Act, 15 U.S.C. § 17.

5.     Plaintiffs' claims are barred, in whole or in part, by the Agricultural Marketing Act of 1929, 12 U.S.C. § 1141(a)

6.     Plaintiffs' claims are barred, in whole or in part, by 7 U.S.C. § 292's grant of exclusive or primary jurisdiction to the United States Secretary of Agriculture.

7.     Plaintiffs' claims are barred, in whole or in part, by the *Noerr-Pennington* doctrine, the state action doctrine, and/or the doctrine of implied immunity; Plaintiffs' claims are further barred because the alleged conduct that is the subject of the Complaint was caused by, due to, based upon, or in response to directives, laws, regulations, authorizations, policies and/or acts of governments and/or their agencies.

8.     If, for some technical reason, Defendants UEP and/or USEM were not exempt from Plaintiffs' claims under the foregoing immunities or any or all of the alleged acts and omissions of Defendants were not within the scope of the foregoing immunities, any such technical defects should be ignored as *de minimis*.

9.     If, for some technical reason, Defendants UEP and/or USEM were not exempt from Plaintiffs' claims under the foregoing immunities or any or all of the alleged acts and

omissions of Defendants were not within the scope of the foregoing immunities, NuCal mistakenly believed that those entities were exempt and acted within the scope of the foregoing immunities, and neither Plaintiffs' claims nor any antitrust injury were reasonably foreseeable by NuCal. At all relevant times, NuCal acted in good faith and with intent to comply with the law.

10. If, for some technical reason, Defendants UEP and/or USEM were not exempt from Plaintiffs' claims under the foregoing immunities or any or all of the alleged acts and omissions of Defendants were not within the scope of the foregoing immunities, any resulting damages should be equitably mitigated.

11. If, for any reason, any of the alleged acts and omissions of Defendants were unlawful under the antitrust laws and were outside the scope of any immunity, any resulting damages are limited to compensation for injuries that Plaintiffs can show to have resulted from that which made Defendants' conduct unlawful and to be separate from the effects of lawful concerted activity.

12. To the extent that Plaintiffs seek to collect treble damages, attorneys' fees and expenses, and other monetary relief from NuCal, they seek a recovery that is so grossly excessive and inequitable that it would violate the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

13. Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations and/or laches.

14. Plaintiffs' claims are barred, in whole or in part, by waiver, ratification, unclean hands, and/or estoppel.

15.    To the extent Plaintiffs claim that Defendants fraudulently concealed any actions, Plaintiffs have failed to allege this fraud with the particularity required by Federal Rule of Civil Procedure 9(b).

16.    Plaintiffs' claims are barred, in whole or in part, because NuCal has acted in good faith.

17.    Plaintiffs' claims are barred, in whole or in part, because legitimate standard setting through cooperatives cannot give rise to antitrust liability.

18.    Plaintiffs' claims are barred, in whole or in part, because the claims are governed by the rule of reason, and Plaintiffs have not alleged and cannot prove the elements of a rule of reason claim.

19.    Plaintiffs' claims are barred, in whole or in part, because the pro-competitive benefits of the conduct alleged by Plaintiffs outweighs any alleged anti-competitive effects.

20.    Plaintiffs' claims are barred, in whole or in part, because they lack standing to bring some or all of their claims.

21.    Plaintiffs' claims are barred, in whole or in part, because they did not suffer antitrust injury.

22.    Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have failed to allege relevant product and geographic markets.

23.    Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' claimed injuries and damages were not legally or proximately caused by any act or omission of NuCal, or were caused, if at all, by the conduct of third-parties including, without limitation, the previous, intervening, or superseding conduct of such third-parties.

24.     Plaintiffs' claims are barred, in whole or in part, because of the *Copperweld* doctrine.

25.     To the extent Plaintiffs have sustained damages, if any, they have failed to mitigate those damages and are therefore barred from recovering damages in whole or in part.

26.     Plaintiffs' damages claims are barred, in whole or in part, because they have suffered no damages or because the damages they seek are speculative and uncertain.

27.     Plaintiffs' claims are barred, in whole or in part, because of a failure to join necessary and/or indispensable parties.

28.     To the extent Plaintiffs seek to impose vicarious liability on NuCal for the acts of other individuals affiliated with NuCal while such persons were acting on behalf of UEP, USEM, and/or UEA, liability is barred by the "borrowed servant" doctrine.

29.     Plaintiffs' claims under the Sherman Act fail, in whole or in part, because of an insufficient nexus to interstate commerce.

30.     Plaintiffs' claims are barred, in whole or in part, by the doctrines of *in pari delicto*, involvement, participation, equal involvement, complete involvement, and unclean hands.

31.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs were co-initiators, co-conspirators, or involved in creating, maintaining, supporting, relying on, implementing, or otherwise utilizing the conduct and programs challenged in this action.

32.     NuCal cannot be found liable for Plaintiffs' claims due to the conduct of others that it neither knew about nor controlled.  NuCal indisputably qualifies as a cooperative association protected under the foregoing immunities, and no NuCal acts or omissions were outside the scope of those immunities.  NuCal believed and understood that Defendants UEP and

USEM had procedures in place to ensure that all their members similarly qualified and that none on their acts or omissions were outside the scope of these immunities. NuCal thus cannot be found liable for Plaintiffs' claims.

33.      NuCal has not engaged in behavior that it knew to be, or could reasonably foresee would ever be found to be, improper or forbidden under the laws alleged by Plaintiffs, and thus neither actual nor exemplary damages may be awarded against it.

34.      Plaintiffs cannot demonstrate that Defendants' conduct was outside the scope of the foregoing immunities or that Defendants' prices were unduly enhanced as a result of any or all of the alleged acts and omissions. The United States Department of Agriculture ("USDA") was fully aware of the conduct relevant to Plaintiffs' claims, and it regularly monitors and reports upon egg prices. However, the USDA never sought to object to, or to halt, any conduct by Defendants despite the fact that Section 2 of the Capper-Volstead Act, 7 U.S.C. § 292, provides that the Secretary of Agriculture "shall issue" an order directing agricultural associations "to cease and desist" conduct that causes the prices of agricultural products to be "unduly enhanced."

35.      Plaintiffs' claims for injunctive relief are invalid and improper in that Plaintiffs have failed to allege, and are incapable of demonstrating, irreparable harm and/or the absence of any adequate remedy at law.

36.      Plaintiffs' claims are barred, in whole or in part, because Defendants' actions were required, permitted, or approved by federal or state law, regulation, or regulatory body.

37.      Plaintiffs' claims are barred, in whole or in part, because NuCal did not act knowingly, willfully, or intentionally.

38. NuCal adopts by reference any applicable defense pleaded by any other Defendant which is not otherwise expressly set forth in this Answer.

39. In stating these affirmative defenses, NuCal does not concede that it has the burden of proof on any of the aforementioned defenses and denials.

## PRAYER FOR RELIEF

WHEREFORE, NuCal denies that Plaintiffs are entitled to any relief whatsoever and respectfully requests: (a) that Plaintiffs take nothing by their action; (b) that this Court dismiss Plaintiffs' claims with prejudice; (c) that this Court assess costs and fees against Plaintiffs; and (d) that this Court award NuCal such other and further relief to which it may be justly entitled.


Dated: April 26, 2012                          Respectfully submitted,

                                               KASOWITZ BENSON TORRES &
                                               FRIEDMAN LLP


                                               By: /s/ William M. Goodman

                                               William M. Goodman (CA SBN 61305)
                                               wgoodman@kasowitz.com
                                               Jason S. Takenouchi (CA SBN 234835)
                                               jtakenouchi@kasowitz.com
                                               KASOWITZ, BENSON, TORRES &
                                               FRIEDMAN LLP
                                               101 California Street, Suite 2300
                                               San Francisco, California 94111
                                               Telephone: (415) 421-6140
                                               Fax: (415) 398-5030

                                               *Attorneys for Defendant NuCal Foods, Inc.*

## CERTIFICATE OF SERVICE

I, William M. Goodman, hereby certify that on the 26th day of April, 2012, a true and correct copy of the foregoing **Defendant NuCal Foods, Inc.'s Answer To Kraft Foods Global, Inc., et al's First Amended Complaint** was filed using the CM/ECF system, and (1) the filing is available for viewing and downloading via the CM/ECF system and (2) the CM/ECF system will send notification of such filings to all attorneys of record who have registered for CM/ECF updates.  On this date, the aforementioned document was also served by e-mail on all attorneys listed on the attached Panel Attorney Service List.


/s/ William M. Goodman
William M. Goodman

Panel Attorney Service List - CMO No. 1 Par. 8 A
Updated 4/26/2012

| Party | Attorney | Address | E-Mail | Phone | Fax |
|---|---|---|---|---|---|
| **DIRECT PURCHASER PLAINTIFFS** | | | | | |
| Eby-Brown Company LLC, E.D. Pa., No. 08-5167 | Solomon B. Cera | Gold Bennett Cera & Sidener LLP 595 Market Street, Suite 2300 San Francisco, CA 94105 | scera@gbcslaw.com | 415-777-2230 | 415-777-5189 |
| Goldberg and Solovy Foods, Inc., E.D. Pa., No. 08-5166 | Solomon B. Cera | Gold Bennett Cera & Sidener LLP 595 Market Street, Suite 2300 San Francisco, CA 94105 | scera@gbcslaw.com | 415-777-2230 | 415-777-5189 |
| John A. Lisciandro, E.D. Pa., 08-5202 | Amy N. Hanson | Keller Rohrback LLP 1201 Third Avenue, Suite 3200 Seattle, WA 98101 | ahanson@kellerrohrback.com | 206-224-7435 | 206-623-3384 |
| Karetas Foods, Inc., E.D. Pa., No. 08-4950 | Stanley D. Bernstein | Bernstein Liebhard LLP 10 East 40th Street, 22nd Floor New York, NY 10016 | bernstein@bernlieb.com | 212-779-1414 | 212-779-3218 |
| Nussbaum-SF, Inc., E.D. Pa., No. 08-4819 | Steven A. Asher | Weinstein Kitcheoff & Asher LLC 1845 Walnut Street, Suite 1100 Philadelphia, PA 19103 | asher@wka-law.com | 215-545-7200 | 215-545-6535 |
| SensoryEffects Flavor Co., D. Minn., No. 08-5970 | Daniel C. Hedlund | Gustafson Gluek PLLC 650 Northstar East 608 Second Avenue South Minneapolis, MN 55402 | dhedlund@gustafsongluek.com | 612-333-8844 | 612-339-6622 |
| Somerset Industries, Inc., E.D. Pa., No. 08-4676 | Stephen R. Neuwirth | Quinn Emanuel Urquhart & Sullivan, LLP 51 Madison Avenue, 22nd Floor New York, NY 10010 | stephenneuwirth@quinnemanuel.com | 212-849-7000 | 212-849-7100 |
| T.K. Ribbing's Family Restaurant, E.D. Pa., No. 08-4653 | Megan E. Jones | Hausfeld LLP 1700 K Street, Suite 650 Washington, DC 20006 | mjones@hausfeldllp.com | 202-570-1089 | 202-747-5713 |
| Wixon, Inc., E.D. Pa., No. 08-5368 | John R. Malkinson | Malkinson & Halpern PC 223 W. Jackson Blvd., Suite 1010 Chicago, IL 60606 | jmalkinson@mhtriallaw.com | 312-427-9600 | 312-427-9629 |
| **INDIRECT PURCHASER PLAINTIFFS** | | | | | |
| Adam Properties, Inc., D. Minn., 08-6030 | Paul Novak | Milberg LLP One Pennsylvania Plaza New York, NY 10119 | pnovak@milberg.com | 212-594-5300 | 212-868-1229 |
| Charles Zebrowski | Krishna B. Narine | Meredith & Narine 1521 Locust St. 8th Floor Philadelphia, PA 19102 | knarine@m-npartners.com | 215-564-5182 | 215-569-0958 |
| Collette Merdzinski | Christoper Lovell | Lovell Stewart Halebian LLP 500 Fifth Avenue, Floor 58 New York, NY 10110 | clovell@lshllp.com | 212-608-1900 | 212-719-4775 |

Panel Attorney Service List - CMO No. 1 Par. 8 A
Updated 4/26/2012

| Party | Attorney | Address | E-Mail | Phone | Fax |
|-------|----------|---------|--------|-------|-----|
| Deborah Andrews | Krishna B. Narine | Meredith & Narine 1521 Locust St. 8th floor Philadelphia, PA 19102 | knarine@m-npartners.com | 215-564-5182 | 215-569-0958 |
| Donn Camlin | Timothy D. Battin | Straus & Boies, LLP 4041 University Drive 5th Floor Fairfax, VA 22030 | tbattin@straus-boies.com | 703-764-8700 | 703-764-8704 |
| James Anderson | Timothy D. Battin | Straus & Boies, LLP 4041 University Drive 5th Floor Fairfax, VA 22030 | tbattin@straus-boies.com | 703-764-8700 | 703-764-8704 |
| Joan Gibbons | Timothy D. Battin | Straus & Boies, LLP 4041 University Drive 5th Floor Fairfax, VA 22030 | tbattin@straus-boies.com | 703-764-8700 | 703-764-8704 |
| Kate Barry | Krishna B. Narine | Meredith & Narine 1521 Locust St. 8th floor Philadelphia, PA 19102 | knarine@m-npartners.com | 215-564-5182 | 215-569-0958 |
| Lester Skinner | Timothy D. Battin | Straus & Boies, LLP 4041 University Drive 5th Floor Fairfax, VA 22030 | tbattin@straus-boies.com | 703-764-8700 | 703-764-8704 |
| Lydia Newman | Timothy D. Battin | Straus & Boies, LLP 4041 University Drive 5th Floor Fairfax, VA 22030 | tbattin@straus-boies.com | 703-764-8700 | 703-764-8704 |
| Lynsey Allen | Timothy D. Battin | Straus & Boies, LLP 4041 University Drive 5th Floor Fairfax, VA 22030 | tbattin@straus-boies.com | 703-764-8700 | 703-764-8704 |
| Mark Moynahan | Krishna B. Narine | Meredith & Narine 1521 Locust St. 8th floor Philadelphia, PA 19102 | knarine@m-npartners.com | 215-564-5182 | 215-569-0958 |
| Michael Dobson | Krishna B. Narine | Meredith & Narine 1521 Locust St. 8th floor Philadelphia, PA 19102 | knarine@m-npartners.com | 215-564-5182 | 215-569-0958 |
| Patrice Tarrance | Timothy D. Battin | Straus & Boies, LLP 4041 University Drive 5th Floor Fairfax, VA 22030 | tbattin@straus-boies.com | 703-764-8700 | 703-764-8704 |

Panel Attorney Service List - CMO No. 1 Par. 8 A
Updated 4/26/2012

| Party | Attorney | Address | E-Mail | Phone | Fax |
|---|---|---|---|---|---|
| Pilar de Castro & Co., Inc., et al., E.D. Pa., No. 09-101 | Timothy D. Battin | Straus & Boies, LLP 4041 University Drive 5th Floor Fairfax, VA 22030 | tbattin@straus-boies.com | 703-764-8700 | 703-764-8704 |
| Richard Bentley | Timothy D. Battin | Straus & Boies, LLP 4041 University Drive 5th Floor Fairfax, VA 22030 | tbattin@straus-boies.com | 703-764-8700 | 703-764-8704 |
| Sandra Drown | Krishna B. Narine | Meredith & Narine 1521 Locust St. 8th Floor Philadelphia, PA 19102 | knarine@m-npartners.com | 215-564-5182 | 215-569-0958 |
| Scott Druschke | Krishna B. Narine | Meredith & Narine 1521 Locust St. 8th floor Philadelphia, PA 19102 | knarine@m-npartners.com | 215-564-5182 | 215-569-0958 |
| Scott Friedson | Krishna B. Narine | Meredith & Narine 1521 Locust St. 8th floor Philadelphia, PA 19102 | knarine@m-npartners.com | 215-564-5182 | 215-569-0958 |
| Sharon Defren | Krishna B. Narine | Meredith & Narine 1521 Locust St. 8th floor Philadelphia, PA 19102 | knarine@m-npartners.com | 215-564-5182 | 215-569-0958 |
| Teresa M. Collins | Timothy D. Battin | Straus & Boies, LLP 4041 University Drive 5th Floor Fairfax, VA 22030 | tbattin@straus-boies.com | 703-764-8700 | 703-764-8704 |
| Thomas McManus | Timothy D. Battin | Straus & Boies, LLP 4041 University Drive 5th Floor Fairfax, VA 22030 | tbattin@straus-boies.com | 703-764-8700 | 703-764-8704 |
| Thomas Williams, et al., E.D. Pa., No. 08-5431 | Krishna B. Narine | Meredith & Narine 1521 Locust St. 8th floor Philadelphia, PA 19102 | knarine@m-npartners.com | 215-914-2460 | 215-914-2462 |
| Zelda Rogers | Krishna B. Narine | Meredith & Narine 1521 Locust St. 8th floor Philadelphia, PA 19102 | knarine@m-npartners.com | 215-564-5182 | 215-569-0958 |
| Zequiri Corp., d/b/a Marketplace Café, D. Minn., No. 08-6239 | Christoper Lovell | Lovell Stewart Halebian LLP 500 Fifth Avenue, Floor 58 New York, NY 10110 | clovell@lshllp.com | 212-608-1900 | 212-719-4775 |
| DIRECT ACTION PLAINTIFFS | | | | | |

Page 3 of 7

## Panel Attorney Service List - CMO No. 1 Par. 8 A
### Updated 4/26/2012

| Party | Attorney | Address | E-Mail | Phone | Fax |
|---|---|---|---|---|---|
| Albertsons LLC | William J. Blechman | Kenny Nachwalter, P.A.<br>201 S. Biscayne Boulevard<br>Suite 1100<br>Miami, FL 33131 | wblechman@kennynachwalter.com | 305-373-1000 | 305-372-1861 |
| C&S Wholesale Grocers, Inc. | Patrick J. Ahern | Baker & McKenzie<br>300 E. Randolph Drive<br>Suite 5000<br>Chicago, IL 60601 | patrick.ahern@bakermckenzie.com | 312-861-3735 | 312-698-2034 |
| Conopco, Inc. | William J. Blechman | Kenny Nachwalter, P.A.<br>201 S. Biscayne Boulevard<br>Suite 1100<br>Miami, FL 33131 | wblechman@kennynachwalter.com | 305-373-1000 | 305-372-1861 |
| General Mills, Inc., | John F. Kinney | Jenner & Block LLP<br>353 North Clark Street, 40th Floor<br>Chicago, IL 60654 | jkinney@jenner.com | 312-923-2807 | 312-923-2907 |
| Giant Eagle, Inc. | Bernard D. Marcus | Marcus & Shapira LLP<br>One Oxford Center, 35th Floor<br>301 Grant Street<br>Pittsburgh, PA 15219 | marcus@marcus-shapira.com | 412-471-3490 | 412-301-8758 |
| H.E. Butt Grocery Co. | William J. Blechman | Kenny Nachwalter, P.A.<br>201 S. Biscayne Boulevard<br>Suite 1100<br>Miami, FL 33131 | wblechman@kennynachwalter.com | 305-373-1000 | 305-372-1861 |
| Hy-Vee, Inc. | William J. Blechman | Kenny Nachwalter, P.A.<br>201 S. Biscayne Boulevard<br>Suite 1100<br>Miami, FL 33131 | wblechman@kennynachwalter.com | 305-373-1000 | 305-372-1861 |
| Kellogg Company, The | John F. Kinney | Jenner & Block LLP<br>353 North Clark Street, 40th Floor<br>Chicago, IL 60654 | jkinney@jenner.com | 312-923-2807 | 312-923-2907 |
| Kraft Foods Group, Inc., | John F. Kinney | Jenner & Block LLP<br>353 North Clark Street, 40th Floor<br>Chicago, IL 60654 | jkinney@jenner.com | 312-923-2807 | 312-923-2907 |
| Nestlé USA, Inc., | John F. Kinney | Jenner & Block LLP<br>353 North Clark Street, 40th Floor<br>Chicago, IL 60654 | jkinney@jenner.com | 312-923-2807 | 312-923-2907 |
| Publix Super Markets, Inc. | Linda J. Nussbaum | Grant & Eisenhofer P.A.<br>485 Lexington Avenue<br>New York, NY 10017 | lnussbaum@gelaw.com | 646-722-8500 | 646-722-8501 |
| Roundy's Supermarkets, Inc. | Patrick J. Ahern | Baker & McKenzie<br>300 E. Randolph Drive<br>Suite 5000<br>Chicago, IL 60601 | patrick.ahern@bakermckenzie.com | 312-861-3735 | 312-698-2034 |
| Safeway, Inc. | William J. Blechman | Kenny Nachwalter, P.A.<br>201 S. Biscayne Boulevard<br>Suite 1100<br>Miami, FL 33131 | wblechman@kennynachwalter.com | 305-373-1000 | 305-372-1861 |

Panel Attorney Service List - CMO No. 1 Par. 8 A
Updated 4/26/2012

| Party | Attorney | Address | E-Mail | Phone | Fax |
|---|---|---|---|---|---|
| Supervalu, Inc. | David Germaine | Vanek, Vickers & Masini, P.C.<br>111 S. Wacker Drive, Suite 4050<br>Chicago, IL 60606 | dgermaine@vaneklaw.com | 312-224-1500 | 312-224-1510 |
| The Great Atlantic & Pacific Tea Company, Inc. | William J. Blechman | Kenny Nachwalter, P.A.<br>201 S. Biscayne Boulevard<br>Suite 1100<br>Miami, FL 33131 | wblechman@kennynachwalter.com | 305-373-1000 | 305-372-1861 |
| The Kroger Co. | William J. Blechman | Kenny Nachwalter, P.A.<br>201 S. Biscayne Boulevard<br>Suite 1100<br>Miami, FL 33131 | wblechman@kennynachwalter.com | 305-373-1000 | 305-372-1861 |
| Walgreen Co. | William J. Blechman | Kenny Nachwalter, P.A.<br>201 S. Biscayne Boulevard<br>Suite 1100<br>Miami, FL 33131 | wblechman@kennynachwalter.com | 305-373-1000 | 305-372-1861 |
| Winn-Dixie Stores, Inc. | Patrick J. Ahern | Baker & McKenzie<br>300 E. Randolph Drive<br>Suite 5000<br>Chicago, IL 60601 | patrick.ahern@bakermckenzie.com | 312-861-3735 | 312-698-2034 |
| **DEFENDANTS** | | | | | |
| Cal-Maine Foods, Inc. | Brian E. Robison | Gibson Dunn<br>2100 McKinney Avenue<br>Suite 1100<br>Dallas, TX 75201-6912 | brobison@gibsondunn.com | 214-698-3370 | 214-671-2928 |
| Daybreak Foods, Inc. | Christopher E. Ondeck | Crowell & Moring LLP<br>1001 Pennsylvania Avenue, N.W.<br>Washington, DC 20004 | condeck@crowell.com | 202-624-2855 | 202-628-5116 |
| Hillandale Farms East, Inc. | Samantha Southall | Buchanan Ingersoll & Rooney PC<br>Two Liberty Place,<br>50 S. 16th Street, Suite 3200<br>Philadelphia, PA 19102 | samantha.southall@bipc.com | 215-665-3884 | 215-665-8760 |
| Hillandale Farms of PA, Inc. | Samantha Southall | Buchanan Ingersoll & Rooney PC<br>Two Liberty Place,<br>50 S. 16th Street, Suite 3200<br>Philadelphia, PA 19102 | samantha.southall@bipc.com | 215-665-3884 | 215-665-8760 |
| Hillandale Farms, Inc. | Samantha Southall | Buchanan Ingersoll & Rooney PC<br>Two Liberty Place,<br>50 S. 16th Street, Suite 3200<br>Philadelphia, PA 19102 | samantha.southall@bipc.com | 215-665-3884 | 215-665-8760 |
| Hillandale-Gettysburg, L.P. | Samantha Southall | Buchanan Ingersoll & Rooney PC<br>Two Liberty Place,<br>50 S. 16th Street, Suite 3200<br>Philadelphia, PA 19102 | samantha.southall@bipc.com | 215-665-3884 | 215-665-8760 |

Panel Attorney Service List - CMO No. 1 Par. 8 A
Updated 4/26/2012

| Party | Attorney | Address | E-Mail | Phone | Fax |
|---|---|---|---|---|---|
| Land O'Lakes, Inc. | Nathan P. Eimer | Eimer Stahl Klevorn & Solberg LLP Suite 1100 224 South Michigan Avenue Chicago, IL 60604 | neimer@eimerstahl.com | 312-660-7601 | 312-692-1718 |
| Michael Foods, Inc. | Carrie M. Anderson | Weil, Gotshal & Manges LLP 1300 Eye Street, N.W., Washington, DC 20005 | carrie.anderson@weil.com | 202-682-7231 | 202-857-0939 |
| Midwest Poultry Services, L.P. | Kathy Osborn | Faegre Baker Daniels LLP 300 N. Meridian Street, Ste. 2700 Indianapolis, IN 46204 | kathy.osborn@faegrebd.com | 317-237-8261 | 317-237-1000 |
| Moark, LLC | Nathan P. Eimer | Eimer Stahl Klevorn & Solberg LLP Suite 1100 224 South Michigan Avenue Chicago, IL 60604 | neimer@eimerstahl.com | 312-660-7601 | 312-692-1718 |
| National Food Corporation | Marvin L. Gray, Jr. | Davis Wright Tremaine LLP 1201 3rd Avenue, Suite 2200 Seattle, WA 98101 | montygray@dwt.com | 206-757-8054 | 206-757-7054 |
| Norco Ranch, Inc. | Nathan P. Eimer | Eimer Stahl Klevorn & Solberg LLP Suite 1100 224 South Michigan Avenue Chicago, IL 60604 | neimer@eimerstahl.com | 312-660-7601 | 312-692-1718 |
| NuCal Foods, Inc. | William M. Goodman | Kasowitz, Benson, Torres and Friedman LLP 101 California Street Suite 2050 San Francisco, CA 94111 | wgoodman@kasowitz.com | 415-421-6140 | 415-398-5030 |
| Ohio Fresh Eggs, LLC | Joseph M. Callow, Jr. | Muething & Klekamp PLL One East Fourth Street Suite 1400 Cincinnati OH 452020 | jcallow@kmklaw.com | 513-579-6419 | 513-579-6457 |
| Papetti's Hygrade Egg Products, Inc. | Carrie M. Anderson | Weil, Gotshal & Manges LLP 1300 Eye Street, N.W., Washington, DC 20005 | carrie.anderson@weil.com | 202-682-7231 | 202-857-0939 |
| R.W. Sauder, Inc. d/b/a Sauder's Eggs | Christine Levin | Dechert LLP Cira Centre 2929 Arch Street Philadelphia, PA 19104-2808 | christine.levin@dechert.com | 215-994-2421 | 215-994-2222 |
| Rose Acre Farms, Inc. | Donald M. Barnes | Porter, Wright, Morris & Arthur, LLP 1919 Pennsylvania Ave., NW Suite 500 Washington, DC 20006-3434 | dbarnes@porterwright.com | 202-778-3056 | 202-778-3063 |
| Sparboe Farms, Inc. | Troy J. Hutchinson | Briggs and Morgan, Professional Association 2200 IDS Center 80 South Eighth Street Minneapolis, MN 55402 | thutchinson@briggs.com | 612-977-8415 | 612-977-8650 |

**Panel Attorney Service List - CMO No. 1 Par. 8 A**
**Updated 4/26/2012**

| Party | Attorney | Address | E-Mail | Phone | Fax |
|---|---|---|---|---|---|
| United Egg Association | Robin P. Sumner | Pepper Hamilton, LLP<br>3000 Two Logan Square<br>18th and Arch Streets<br>Philadelphia, PA 19103-2799 | sumnerr@pepperlaw.com | 215-981-4652 | 215-981-4750 |
| United Egg Producers, Inc. | Robin P. Sumner | Pepper Hamilton, LLP<br>3000 Two Logan Square<br>18th and Arch Streets<br>Philadelphia, PA 19103-2799 | sumnerr@pepperlaw.com | 215-981-4652 | 215-981-4750 |
| United States Egg Marketers, Inc. | Robin P. Sumner | Pepper Hamilton, LLP<br>3000 Two Logan Square<br>18th and Arch Streets<br>Philadelphia, PA 19103-2799 | sumnerr@pepperlaw.com | 215-981-4652 | 215-981-4750 |
| Weaver Bros., Inc. | Thomas L. Czechowski | Dinsmore & Shohl LLP<br>1100 Courthouse Plaza SW<br>10 N. Ludlow St.<br>Dayton, OH 45402 | thomas.czechowski@dinsmore.com | 937-463-4928 | 937-449-2836 |