UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

---

IN RE PROCESSED EGG PRODUCTS
ANTITRUST LITIGATION

THIS DOCUMENT RELATES TO:
KRAFT FOODS GLOBAL, INC. V.
UNITED EGG PRODUCERS, INC., et al.
No. 2:12-cv-00088

MDL 2002: 08-md-02002

Jury Trial Demanded

Honorable Gene E.K. Pratter

---

**DEFENDANT SPARBOE FARMS, INC.'S ANSWERS AND DEFENSES TO
KRAFT FOODS GLOBAL, INC., THE KELLOGG COMPANY, GENERAL
MILLS, INC., AND NESTLE USA, INC.'S AMENDED COMPLAINT**

Defendant Sparboe Farms, Inc. ("Sparboe") files its answer and affirmative

defenses to the Amended Complaint ("Complaint") of Kraft Foods Global, Inc., The

Kellogg Company, General Mills, Inc., and Nestle USA, Inc. (collectively "Plaintiffs") as

follows:

**GENERAL OBJECTIONS**

Sparboe denies all allegations in the Complaint unless specifically admitted.

Moreover, any factual averment that is admitted below is admitted only as to Sparboe and

only as to the specific facts stated therein and not as to any conclusions, legal or

otherwise, characterizations, implications or speculation in the averment or the Complaint

as a whole. To the extent that an averment includes a mix of alleged factual assertion and

legal conclusion, Sparboe denies such commingled allegations except those that are

specifically admitted.

Sparboe objects to the Complaint's non-particularized allegations against "Defendants" collectively. Where the Complaint makes allegations against Defendants collectively, Sparboe cannot answer for each and every Defendant because Sparboe lacks knowledge or information sufficient to form a belief as to the truth of the allegations against each Defendant individually. To the extent references to Defendants generally attempt to imply that Sparboe participated in any alleged conspiracy, Sparboe denies such allegations and implications throughout the Complaint.

Nothing herein shall be construed as an admission of the accuracy of Plaintiffs' purported terminology or definitions. To the extent Sparboe admits any allegations that contain terms defined in the Complaint, such an admission should not be deemed an admission to or acceptance of Plaintiffs' definition to the extent that definition differs from Sparboe's understanding of the term.

Sparboe denies any allegation set forth in headings or footnotes.

Sparboe incorporates these objections and denials into each numbered paragraph of this Answer.

## ANSWER

1. Sparboe admits that Plaintiffs generally define "shell eggs", "egg products", and "eggs" for purposes of the Complaint in paragraph 1.

2. As to paragraph 2, Sparboe admits that it is a producer of shell eggs and egg products and admits that there are different kinds of entities named as Defendants, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the paragraph and therefore denies them.

3.      Sparboe denies the allegations in paragraph 3 as they relate to Sparboe, and lacks knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to other Defendants and therefore denies them.

4.      Paragraph 4 quotes from a document that speaks for itself.  Sparboe lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies them.

5.      Paragraph 5 quotes from documents that speak for themselves.  Sparboe denies the remaining allegations as they relate to Sparboe, and lacks knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to other Defendants and therefore denies them.

6.      As to paragraph 6, Sparboe denies that it was a part of any conspiracy and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies them.

7.      Sparboe denies the allegations in paragraph 7 as they relate to Sparboe, and lacks knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to other Defendants and therefore denies them.

8.      As to paragraph 8, Plaintiffs appear to be selectively quoting from—and attempting to characterize—several documents.  These documents speak for themselves. Sparboe denies the remaining allegations in paragraph 8 as they relate to Sparboe, and lacks knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to other Defendants and therefore denies them.

9.     As to paragraph 9, Plaintiffs appear to be selectively quoting from—and attempting to characterize—several documents.  These documents speak for themselves.  Sparboe lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 9.

10.     As to paragraph 10, Plaintiffs appear to be selectively quoting from—and attempting to characterize—a document.  This document speaks for itself.  Sparboe lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 10.

11.     As for the first sentence of paragraph 11, Sparboe admits that Plaintiffs purport to bring this action under federal law but denies that Plaintiffs are entitled to relief under applicable law.  The allegations in the second sentence of paragraph 11 state a legal conclusion to which no response is required.

12.     Sparboe lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations of paragraph 12.  The remaining allegations in paragraph 12 state a legal conclusion regarding venue to which no response is required.

13.     Paragraph 13 contains a legal conclusion about jurisdiction to which no response is required.   Sparboe denies that it was involved in any illegal antitrust conspiracy.  Sparboe lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 13.

14.     Sparboe lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 and therefore denies them.

15.    Sparboe lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 and therefore denies them.

16.    Sparboe lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 and therefore denies them.

17.    Sparboe lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 and therefore denies them.

18.    Sparboe lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 and therefore denies them.

19.    Sparboe lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 and therefore denies them.

20.    Sparboe lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 and therefore denies them.

21.    Sparboe lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 and therefore denies them.

22.    Sparboe lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 and therefore denies them.

23.    Sparboe lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 and therefore denies them.

24.    Sparboe lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 and therefore denies them.

25.    Sparboe lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25 and therefore denies them.

26.     Sparboe lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 and therefore denies them.

27.     Sparboe lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 and therefore denies them.

28.     Sparboe lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 and therefore denies them.

29.     Sparboe lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29 and therefore denies them.

30.     Sparboe lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30 and therefore denies them.

31.     Sparboe lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31 and therefore denies them.

32.     Sparboe lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32 and therefore denies them.

33.     Sparboe lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33 and therefore denies them.

34.     Sparboe lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34 and therefore denies them.

35.     Sparboe lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35 and therefore denies them.

36.     Sparboe lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36 and therefore denies them.

37.     Sparboe lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37 and therefore denies them.

38.     Sparboe lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38 and therefore denies them.

39.     Sparboe lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39 and therefore denies them.

40.     Sparboe lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40 and therefore denies them.

41.     Sparboe lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41 and therefore denies them.

42.     Sparboe lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 42 and therefore denies them.

43.     Sparboe lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 43 and therefore denies them.

44.     Sparboe lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 44 and therefore denies them.

45.     Sparboe lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 45 and therefore denies them.

46.     Sparboe lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 46 and therefore denies them.

47.     Sparboe lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 47 and therefore denies them.

48.     Sparboe lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 48 and therefore denies them.

49.     Sparboe lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 49 and therefore denies them.

50.     Sparboe lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 50 and therefore denies them.

51.     Sparboe lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 51 and therefore denies them.

52.     Sparboe lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 52 and therefore denies them.

53.     Sparboe lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 53 and therefore denies them.

54.     Sparboe lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 54 and therefore denies them.

55.     As to paragraph 55, Sparboe admits the first sentence and states that the remaining allegations were generally accurate at the time this lawsuit was initiated.

56.     As to paragraph 56, Sparboe denies that it was a UEP member during the entirety of the relevant time period.

57.     Sparboe denies paragraph 57.

58.     Sparboe lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 58 and therefore denies them.

59.     Sparboe lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 59 and therefore denies them.

60.     Sparboe lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 60 and therefore denies them.

61.     Sparboe lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 61 and therefore denies them.

62.     Sparboe lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 62 and therefore denies them.

63.     Sparboe lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 63 and therefore denies them.

64.     Sparboe lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 64 and therefore denies them.

65.     Sparboe lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 65 and therefore denies them.

66.     Sparboe lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 66 and therefore denies them.

67.     Sparboe lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 67 and therefore denies them.

68.     Sparboe lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 68 and therefore denies them.

69.     Sparboe lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 69 and therefore denies them.

70.     Sparboe lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 70 and therefore denies them.

71.     Sparboe lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 71 and therefore denies them.

72.     Sparboe lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 72 and therefore denies them.

73.     Sparboe lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 73 and therefore denies them.

74.     Sparboe lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 74 and therefore denies them.

75.     Sparboe lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 75 and therefore denies them.

76.     Sparboe lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 76 and therefore denies them.

77.     Sparboe lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 77 and therefore denies them.

78.     Sparboe lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 78 and therefore denies them.

79.     Sparboe lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 79 and therefore denies them.

80.     Sparboe admits that paragraph 80 presents Plaintiff's generalized description of the beginning of the egg production cycle, but lacks knowledge or

information sufficient to form a belief as to the truth of the remaining allegations and therefore denies them.

81.     Sparboe admits that paragraph 81 presents Plaintiffs' generalized description of the egg production cycle, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies them.

82.     Sparboe admits that paragraph 82 presents Plaintiffs' generalized description of molting, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies them.

83.     Sparboe admits that paragraph 83 presents Plaintiffs' generalized description of molting, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies them.

84.     Sparboe admits that paragraph 84 presents Plaintiffs' generalized description of the egg production cycle, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies them.

85.     Sparboe admits that paragraph 85 presents Plaintiffs' generalized description of the egg production cycle, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies them.

86.     Sparboe lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 86 and therefore denies them.

87.     Sparboe admits that paragraph 87 presents Plaintiffs' general description of the shell egg sector, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies them.

88.     Sparboe admits that paragraph 88 presents Plaintiffs' general description of the egg product sector, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies them.

89.     Sparboe admits that paragraph 89 presents Plaintiffs' general description of the uses of egg products, but lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations and therefore denies them.

90.     Sparboe lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 90 and therefore denies them.

91.     Sparboe lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 91 and therefore denies them.

92.     Sparboe admits that paragraph 92 generally describes generic and specialty eggs.

93.     Sparboe lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 93 and therefore denies them.

94.     As to paragraph 94, Sparboe admits only that supply is one factor that affects the price of any product.

95.     Sparboe denies the allegations in paragraph 95 as they relate to Sparboe, and lacks knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to other Defendants and therefore denies them.

96.     Sparboe denies paragraph 96.

97.     As to paragraph 97, Plaintiffs appear to be selectively quoting from—and attempting to characterize—a document.  This document speaks for itself.  Sparboe lacks

knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 97 and therefore denies them.

98.     As to paragraph 98, Plaintiffs appear to be selectively quoting from—and attempting to characterize—a document.  This document speaks for itself.  Sparboe denies the allegation that there are no effective substitutes for eggs, lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies them.

99.     As to paragraph 99, Plaintiffs appear to be selectively quoting from—and attempting to characterize—a document.  This document speaks for itself.  Sparboe lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies them.

100.    As to paragraph 100, Plaintiffs appear to be selectively quoting from—and attempting to characterize—a document.  This document speaks for itself.  Sparboe denies the remaining allegations in paragraph 100 as they relate to Sparboe, and lacks knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to other Defendants and therefore denies them.

101.    As to paragraph 101, Plaintiffs appear to be selectively quoting from—and attempting to characterize—a document.  This document speaks for itself.  Sparboe denies the remaining allegations in paragraph 101 as they relate to Sparboe, and lacks knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to other Defendants and therefore denies them.

102.    As to paragraph 102, Sparboe lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

103.    Sparboe denies paragraph 103.

104.    Sparboe lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 104 and therefore denies them.

105.    Sparboe lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 105 and therefore denies them.

106.    Sparboe lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 106 and therefore denies them.

107.    Sparboe lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 107 and therefore denies them.

108.    Sparboe denies the allegations in paragraph 108 as they relate to Sparboe, and lacks knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to other Defendants and therefore denies them.

109.    Sparboe denies the allegations in paragraph 109 as they relate to Sparboe, and lacks knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to other Defendants and therefore denies them.

110.    Sparboe lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 110 and therefore denies them.

111.    Sparboe lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 111 and therefore denies them.

112.    Sparboe lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 112 and therefore denies them.

113.    Sparboe lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 113 and therefore denies them.

114.    Sparboe denies paragraph 114.

115.    Sparboe lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 115 and therefore denies them.

116.    As to paragraph 116, Plaintiffs appear to be selectively quoting from—and attempting to characterize—a document.  This document speaks for itself.  Sparboe lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies them.

117.    As to paragraph 117, Plaintiffs appear to be selectively quoting from—and attempting to characterize—a document.  This document speaks for itself.  Sparboe lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies them.

118.    Sparboe denies the allegations in paragraph 118 as they relate to Sparboe, and lacks knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to other Defendants and therefore denies them.

119.    Sparboe denies the allegations in paragraph 119 as they relate to Sparboe, and lacks knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to other Defendants and therefore denies them.

120.  Sparboe denies the allegations in paragraph 120 as they relate to Sparboe, and lacks knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to other Defendants and therefore denies them.

121.  Sparboe lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the first two sentence of paragraph 121 and therefore denies them.  In the last sentence of paragraph 121, Plaintiffs appear to be selectively quoting from—and attempting to characterize—a document.  This document speaks for itself.

122.  As to paragraph 122, Plaintiffs appear to be selectively quoting from—and attempting to characterize—a document.  This document speaks for itself.  Sparboe lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 122 and therefore denies them.

123.  Sparboe lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 123 and therefore denies them.

124.  Sparboe denies the allegations in paragraph 124 as they relate to Sparboe, and lacks knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to other Defendants and therefore denies them.

125.  As to paragraph 125, Plaintiffs appear to be selectively quoting from—and attempting to characterize—a document.  This document speaks for itself.  Sparboe denies the allegations in paragraph 125 as they relate to Sparboe, and lacks knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to other Defendants and therefore denies them.

126.     As to paragraph 126, Plaintiffs appear to be selectively quoting from—and attempting to characterize—a document. This document speaks for itself. Sparboe denies the allegations in paragraph 126 as they relate to Sparboe, and lacks knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to other Defendants and therefore denies them.

127.     As to paragraph 127, Plaintiffs appear to be selectively quoting from—and attempting to characterize—a document. This document speaks for itself. Sparboe admits that it inquired about certain aspects of the 100% Rule and voted against it.

128.     As to paragraph 128, Plaintiffs appear to be selectively quoting from—and attempting to characterize—a document. This document speaks for itself. Sparboe lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 128 and therefore denies them.

129.     As to paragraph 129, Plaintiffs appear to be selectively quoting from—and attempting to characterize—a document. This document speaks for itself. Sparboe denies the allegations in paragraph 129 as they relate to Sparboe, and lacks knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to other Defendants and therefore denies them.

130.     As to paragraph 130, Plaintiffs appear to be selectively quoting from—and attempting to characterize—a document. This document speaks for itself. Sparboe denies the allegations in paragraph 130 as they relate to Sparboe, and lacks knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to other Defendants and therefore denies them.

131.    Sparboe denies the allegations in paragraph 131 as they relate to Sparboe, and lacks knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to other Defendants and therefore denies them.

132.    Sparboe lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 132 and therefore denies them.

133.    As to paragraph 133, Plaintiffs appear to be selectively quoting from—and attempting to characterize—a document.  This document speaks for itself.  Sparboe denies the allegations in paragraph 133 as they relate to Sparboe, and lacks knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to other Defendants and therefore denies them.

134.    Sparboe lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 134 and therefore denies them.

135.    Sparboe denies the allegations in paragraph 135 as they relate to Sparboe, and lacks knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to other Defendants and therefore denies them.

136.    Sparboe denies the allegations in paragraph 136 as they relate to Sparboe, and lacks knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to other Defendants and therefore denies them.

137.    Sparboe lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 137 and therefore denies them.

138.    Sparboe denies the allegations in paragraph 138 as they relate to Sparboe, and lacks knowledge or information sufficient to form a belief as to the truth of the

allegations as they relate to other Defendants and therefore denies them. At all times, Sparboe implemented customer driven animal welfare guidelines that were in its independent business interests, and at no time did Sparboe enter into any anticompetitive agreements.

139. Sparboe lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 139 and therefore denies them.

140. Sparboe lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 140 and therefore denies them.

141. Sparboe denies the allegations in paragraph 141 as they relate to Sparboe, and lacks knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to other Defendants and therefore denies them.

142. Sparboe denies the allegations in paragraph 142 as they relate to Sparboe, and lacks knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to other Defendants and therefore denies them.

143. As to paragraph 143, Plaintiffs appear to be selectively quoting from—and attempting to characterize—a document. This document speaks for itself. Sparboe lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 143 and therefore denies them.

144. Sparboe denies the allegations in paragraph 144 as they relate to Sparboe, and lacks knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to other Defendants and therefore denies them.

145.    As to paragraph 145, Plaintiffs appear to be selectively quoting from—and attempting to characterize—a document.  This document speaks for itself.  Sparboe denies the allegations in paragraph 145 as they relate to Sparboe, and lacks knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to other Defendants and therefore denies them.

146.    As to paragraph 146, Plaintiffs appear to be selectively quoting from—and attempting to characterize—a document.  This document speaks for itself.  Sparboe denies the allegations in paragraph 146 as they relate to Sparboe, and lacks knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to other Defendants and therefore denies them.

147.    Sparboe lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 147 and therefore denies them.

148.    Sparboe lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 148 and therefore denies them.

149.    As to paragraph 149, Plaintiffs appear to be selectively quoting from—and attempting to characterize—a document.  This document speaks for itself.  Sparboe denies the allegations in paragraph 149 as they relate to Sparboe, and lacks knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to other Defendants and therefore denies them.

150.    Sparboe lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 150 and therefore denies them.

151.    As to paragraph 151, Plaintiffs appear to be selectively quoting from—and attempting to characterize—a document.  This document speaks for itself.  Sparboe lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 151 and therefore denies them.

152.    As to paragraph 152, Plaintiffs appear to be selectively quoting from—and attempting to characterize—a document.  This document speaks for itself.  Sparboe lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 152 and therefore denies them.

153.    As to paragraph 153, Plaintiffs appear to be selectively quoting from—and attempting to characterize—a document.  This document speaks for itself.  Sparboe lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 153 and therefore denies them.

154.    As to paragraph 154, Plaintiffs appear to be selectively quoting from—and attempting to characterize—a document.  This document speaks for itself.  Sparboe lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 154 and therefore denies them.

155.    As to paragraph 155, Plaintiffs appear to be selectively quoting from—and attempting to characterize—a document.  This document speaks for itself.  Sparboe lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 155 and therefore denies them.

156.    Sparboe denies the allegations in paragraph 156 as they relate to Sparboe, and lacks knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to other Defendants and therefore denies them.

157.    As to paragraph 157, Plaintiffs appear to be selectively quoting from—and attempting to characterize—a document.  This document speaks for itself.  Sparboe lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 157 and therefore denies them.

158.    As to paragraph 158, Plaintiffs appear to be selectively quoting from—and attempting to characterize—a document.  This document speaks for itself.  Sparboe lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 158 and therefore denies them.

159.    As to paragraph 159, Plaintiffs appear to be selectively quoting from—and attempting to characterize—a document.  This document speaks for itself.  Sparboe lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 159 and therefore denies them.

160.    As to paragraph 160, Plaintiffs appear to be selectively quoting from—and attempting to characterize—a document.  This document speaks for itself.  Sparboe lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 160 and therefore denies them.

161.    As to paragraph 161, Plaintiffs appear to be selectively quoting from—and attempting to characterize—a document.  This document speaks for itself.  Sparboe lacks

knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 161 and therefore denies them.

162.    As to paragraph 162, Plaintiffs appear to be selectively quoting from—and attempting to characterize—a document. This document speaks for itself. Sparboe lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 162 and therefore denies them.

163.    As to paragraph 163, Plaintiffs appear to be selectively quoting from—and attempting to characterize—a document. This document speaks for itself. Sparboe lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 163 and therefore denies them.

164.    As to paragraph 164, Plaintiffs appear to be selectively quoting from—and attempting to characterize—a document. This document speaks for itself. Sparboe lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 164 and therefore denies them.

165.    As to paragraph 165, Plaintiffs appear to be selectively quoting from—and attempting to characterize—a document. This document speaks for itself. Sparboe lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 165 and therefore denies them.

166.    As to paragraph 166, Plaintiffs appear to be selectively quoting from—and attempting to characterize—a document. This document speaks for itself. Sparboe lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 166 and therefore denies them.

167.     Sparboe denies paragraph 167.

168.     As to paragraph 168, Plaintiffs appear to be selectively quoting from—and attempting to characterize—a document.  This document speaks for itself.  Sparboe denies the allegations in paragraph 168 as they relate to Sparboe, and lacks knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to other Defendants and therefore denies them.

169.     As to paragraph 169, Plaintiffs appear to be selectively quoting from—and attempting to characterize—a document.  This document speaks for itself.  Sparboe lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 169 and therefore denies them.

170.     As to paragraph 170, Plaintiffs appear to be selectively quoting from—and attempting to characterize—a document.  This document speaks for itself.  Sparboe lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 170 and therefore denies them.

171.     As to paragraph 171, Plaintiffs appear to be selectively quoting from—and attempting to characterize—a document.  This document speaks for itself.  Sparboe lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 171 and therefore denies them.

172.     As to paragraph 172, Plaintiffs appear to be selectively quoting from—and attempting to characterize—a document.  This document speaks for itself.  Sparboe lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 172 and therefore denies them.

173. As to paragraph 173, Plaintiffs appear to be selectively quoting from—and attempting to characterize—a document. This document speaks for itself. Sparboe lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 173 and therefore denies them.

174. As to paragraph 174, Plaintiffs appear to be selectively quoting from—and attempting to characterize—a document. This document speaks for itself. Sparboe lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 174 and therefore denies them.

175. As to paragraph 175, Plaintiffs appear to be selectively quoting from—and attempting to characterize—a document. This document speaks for itself. Sparboe lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 175 and therefore denies them.

176. Sparboe lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 176 and therefore denies them.

177. Sparboe lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 177 and therefore denies them.

178. Sparboe lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 178 and therefore denies them.

179. Sparboe lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 179 and therefore denies them.

180. Sparboe lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 180 and therefore denies them.

181.    Paragraph 181 purports to quote and characterize the Capper-Volstead Act, which speaks for itself.

182.    Paragraph 182 purports to characterize the legislative history Capper-Volstead Act, which speaks for itself.

183.    Sparboe lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 183 and therefore denies them.

184.    The decision quoted in paragraph 184 speaks for itself.

185.    The Department of Agriculture reports quoted in paragraph 185 speak for themselves.

186.    Sparboe generally denies the allegations in paragraph 186 as they relate to Sparboe, and lacks knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to other Defendants and therefore denies them.

187.    Paragraph 187 constitutes a legal conclusion to which no response is required.

188.    Sparboe generally denies the allegations in paragraph 188 as they relate to Sparboe except as admitted or qualified, and lacks knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to other Defendants and therefore denies them.  Sparboe admits inquiring about aspects of the UEP's animal welfare program and Sparboe implemented its own customer driven animal welfare guidelines consistent with its independent business objectives.

189.    As to paragraph 189, Plaintiffs appear to be selectively quoting from—and attempting to characterize—a document.  This document speaks for itself.  Sparboe lacks

knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 189 and therefore denies them.

190. Paragraph 190 constitutes a legal conclusion to which no response is required.

191. Sparboe lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 191 and therefore denies them.

192. Sparboe lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 192 and therefore denies them.

193. Sparboe lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 193 and therefore denies them.

194. Sparboe denies paragraph 194.

195. Sparboe denies paragraph 195.

196. Sparboe denies paragraph 196.

197. Sparboe denies paragraph 197.

198. Sparboe denies paragraph 198.

199. Sparboe denies paragraph 199.

200. As to paragraph 200, Sparboe denies that it was a part of any conspiracy.

201. Sparboe denies the allegations in paragraph 201 as they relate to Sparboe, and lacks knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to other Defendants and therefore denies them.

202. Sparboe lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 202 and therefore denies them.

203. Sparboe lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 203 and therefore denies them.

204. Sparboe denies paragraph 204.

205. Sparboe denies paragraph 205.

206. Sparboe denies paragraph 206.

207. Sparboe denies paragraph 207.

208. Sparboe denies paragraph 208.

209. Sparboe denies paragraph 209.

210. Sparboe denies paragraph 210.

211. As to paragraph 211, Sparboe admits that it sold eggs to some of the Plaintiffs, but denies that it engaged in any unlawful conspiracy.

212. Sparboe denies paragraph 212.

## SPARBOE'S AFFIRMATIVE DEFENSES

1. Plaintiffs fail, in whole or in part, to state a claim upon which relief could be granted.

2. Plaintiffs' claims are barred, in whole or in part, by the Capper-Volstead Act, 7 U.S.C. §§ 291, 292.

3. Plaintiffs' claims are barred, in whole or in part, by the Agricultural Cooperative Marketing Act, 7 U.S.C. § 455.

4. Plaintiffs' claims are barred, in whole or in part, by Section 6 of the Clayton Act, 15 U.S.C. § 17.

5.     Plaintiffs' claims are barred, in whole or in part, by the Agricultural Marketing Act of 1929, 12 U.S.C. § 1141(a).

6.     Plaintiffs' claims are barred, in whole or in part, by 7 U.S.C. § 292's grant of exclusive primary jurisdiction to the United States Secretary of Agriculture.

7.     If, for some technical reason, Defendants UEP and/or USEM were not exempt from Plaintiffs' claims under the foregoing immunities or any or all of the alleged acts and omissions of Defendants were not within the scope of the foregoing immunities, any such technical defects should be ignored as *de minimis*.

8.     If, for some technical reason, Defendants UEP and/or USEM were not exempt from Plaintiffs' claims under the foregoing immunities or any or all of the alleged acts and omissions of Defendants were not within the scope of the foregoing immunities, Sparboe mistakenly believed that those entities were exempt and acted within the scope of the foregoing immunities, and neither Plaintiffs' claims nor any antitrust injury were reasonably foreseeable by Sparboe.  At all relevant times, Sparboe acted in good faith and with intent to comply with the law.

9.     If, for some technical reason, Defendants UEP and/or USEM were not exempt from Plaintiffs' claims under the foregoing immunities or any or all of the alleged acts and omissions of Defendants were not within the scope of the foregoing immunities, any resulting damages should be equitably mitigated.

10.    Sparboe cannot be found liable for a violation of the antitrust laws due to the conduct of others that it neither knew about nor controlled.  Sparboe indisputably qualifies as a "farmer" or a "producer" under the foregoing immunities, and no Sparboe

acts or omissions were outside the scope of those immunities. Sparboe believed and understood that Defendants UEP and USEM had procedures in place to ensure that all their members similarly qualified and that none on their acts or omissions were outside the scope of these immunities. Sparboe thus cannot be found liable for a violation of the antitrust laws.

11.     If, for any reason, any of the alleged acts and omissions of Defendants were unlawful under the antitrust laws and were outside the scope of any immunity, any resulting damages are limited to compensation for injuries that Plaintiffs can show to have resulted from that which made Defendants' conduct unlawful and to be separate from the effects of lawful concerted activity.

12.     To the extent that Plaintiffs seek to collect treble damages, attorneys' fees and expenses, and other monetary relief from Sparboe, they seek a recovery that is so grossly excessive and inequitable that it would violate the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

13.     Sparboe has engaged in no behavior that it knew to be, or could reasonably foresee would ever be found to be, improper of forbidden under the antitrust laws, and thus neither actual nor treble damages may be awarded against it.

14.     Plaintiffs cannot demonstrate that Defendants' conduct was outside the scope of the foregoing immunities or that Defendants' prices were unduly enhanced as a result of any or all of the alleged acts and omissions. The United States Department of Agriculture ("USDA") was fully aware of the conduct relevant to Plaintiffs' claims, and it regularly monitors and reports upon egg prices. However, the USDA never sought to

object to, or to halt, any conduct by Defendants despite the fact that Section 2 of the Capper-Volstead Act, 7 U.S.C. § 292, provides that the Secretary of Agriculture "shall issue" an order directing agricultural associations "to cease and desist" conduct that causes the prices of agricultural products to be "unduly enhanced."

15.     Plaintiffs' claims are barred, in whole or in part, by the *Noerr-Pennington* doctrine, the state action doctrine, and/or the doctrine of implied immunity; Plaintiffs' claims are further barred because the alleged conduct that is the subject of the Complaint was caused by, due, based upon, or in response from directives, laws, regulations, authorizations, policies and/or acts of governments and/or their agencies.

16.     Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations and/or laches.  Plaintiffs' claims are not subject to any type of tolling of the applicable statutes of limitations.

17.     Plaintiffs' claims are barred, in whole or in part, by waiver, ratification, and/or estoppel.

18.     To the extent Plaintiffs claim that Defendants fraudulently concealed any actions, Plaintiffs have failed to allege this fraud with the particularity required by Federal Rule of Civil Procedure 9(b).

19.     Plaintiffs' claims are barred, in whole or in part, because Sparboe has acted in good faith.

20.     Plaintiffs' claims are barred, in whole or in part, because legitimate standard setting through cooperatives cannot give rise to antitrust liability.

21.    Plaintiffs' claims are barred, in whole or in part, because any conduct engaged in by Sparboe was reasonable and based on independent and legitimate business and economic justifications.

22.    Plaintiffs' claims are barred, in whole or in part, because the claims are governed by the rule of reason, and Plaintiffs have not alleged and cannot prove the elements of a rule of reason claim.

23.    Plaintiffs' claims are barred, in whole or in part, because the pro-competitive benefits of the conduct alleged by Plaintiffs outweighs any alleged anti-competitive effects.

24.    Plaintiffs' claims are barred, in whole or in part, because they lack standing to bring some or all of their claims.

25.    Plaintiffs' claims are barred, in whole or in part, because they did not suffer antitrust injury.

26.    Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have failed to allege relevant product and geographic markets.

27.    Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' claimed injuries and damages were not legally or proximately caused by any act or omission of Sparboe, or were caused, if at all, by the conduct of third parties, including, without limitation, the previous, intervening, or superseding conduct of such third parties.

28.    To the extent Plaintiffs have sustained damages, if any, they have failed to mitigate those damages and are therefore barred from recovering damages in whole or in part.

29.     Plaintiffs' damages claims are barred, in whole or in part, because they have suffered no damages or because the damages they seek are speculative and uncertain.

30.     Plaintiffs' claims are barred, in whole or in part, because of a failure to join necessary and/or indispensible parties.

31.     Plaintiffs' claims are barred, in whole or in part, because of the *Copperweld* doctrine.

32.     Plaintiffs' claims are barred, in whole or in part, by the doctrines of *in pari delicto*, involvement, participation, equal involvement, complete involvement, and unclean hands.

33.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs and/or putative class members were co-initiators, co-conspirators, or involved in creating, maintaining, supporting, relying on, implementing, or otherwise utilizing the conduct and programs challenged in this action.

34.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have settled all or some of the claims set forth in the Complaint.

35.     Sparboe adopts by reference any applicable defense pleaded by any other Defendant that is not otherwise expressly set forth in this Answer.

36.     In stating these affirmative defenses, Sparboe does not concede that it has the burden of proof on any of the aforementioned defenses and denials.

## PRAYER FOR RELIEF

WHEREFORE, Sparboe denies that Plaintiffs are entitled to any relief whatsoever and respectfully requests: (a) that Plaintiffs takes nothing by its action; (b) that this Court dismiss Plaintiffs' claims with prejudice; (c) that this Court assess costs and fees against Plaintiffs; and (d) that this Court award Sparboe such other and further relief to which it may be justly entitled.


Dated:  November 1, 2012                    **BRIGGS AND MORGAN, P.A.**


                                            By: /s/ Troy J. Hutchinson
                                            _____
                                                Troy J. Hutchinson (#0320420)
                                            2200 IDS Center
                                            80 South Eighth Street
                                            Minneapolis, Minnesota  55402-2157
                                            (612) 977-8400

                                            **Attorneys for Defendant Sparboe Farms,
                                            Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of November, 2012, a true and correct copy of the foregoing Answer and Defenses to the Kraft Foods Global, Inc., The Kellogg Company, General Mills, Inc., and Nestle USA, Inc. Amended Complaint and Demand for Jury Trial was filed using the CM/ECF system. In addition, (1) the filing is available for viewing and downloading via the CM/ECF system, and (2) the CM/ECF system will send notification of this filing to all attorneys of record who have registered for CM/ECF updates.

/s/ Troy J. Hutchinson
Troy J. Hutchinson