## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE PROCESSED EGG PRODUCTS | § | MDL 2002 |
| ANTITRUST LITIGATION | § | 08-md-02002 |
| _____ | § | |
| | § | Jury Trial Demanded |
| THIS DOCUMENT APPLIES TO: | § | |
| No. 2:12-cv-00088-GP | § | Honorable Gene Pratter |

## DEFENDANT MICHAEL FOODS, INC.'S ANSWER AND DEFENSES TO THE SECOND AMENDED COMPLAINT OF KRAFT FOODS GLOBAL, INC., THE KELLOG COMPANY, GENERAL MILLS, INC., AND NESTLE USA, INC.

Defendant Michael Foods, Inc. ("Michael Foods") answers the Second Amended Complaint ("Complaint") of Kraft Foods Global, Inc., The Kellogg Company, General Mills, Inc., and Nestlé USA, Inc.'s ("Plaintiffs") as follows:

### PRELIMINARY STATEMENT

Michael Foods denies all allegations contained in the Complaint unless specifically admitted. Moreover, any factual allegation admitted below is admitted only as to Michael Foods, and only as to the specific facts stated therein, and not as to any conclusions (legal or otherwise), characterizations, implications or speculation in the averment or the Complaint as a whole. To the extent that an averment includes a mix of alleged factual assertion and legal conclusion, Michael Foods denies such commingled allegations except those that are specifically admitted.

On those occasions in the Complaint when Plaintiffs make allegations against all Defendants together, unless otherwise noted in this answer, Michael Foods answers for itself only, and any allegations directed against other Defendants are denied. Michael Foods incorporates this statement by reference into its response to any paragraph in the Complaint that makes global allegations against Defendants collectively.

Michael Foods acknowledges that Plaintiffs purport to define both "shell eggs" and "egg products." Nothing herein should be construed as an admission as to the accuracy of Plaintiffs' purported definitions or terminology. To the extent Michael Foods admits any allegation that contains this terminology, Michael Foods' admission relates only to the terms as defined by the Plaintiffs.

Michael Foods denies any allegations set forth in Plaintiffs' headings and/or footnotes.

Michael Foods incorporates this Preliminary Statement into each numbered paragraph of this Answer.

## ANSWER

In response to Plaintiffs' opening, unnumbered paragraph, Michael Foods admits that Plaintiffs have filed suit against it, but denies that Michael Foods is liable to Plaintiffs and denies that Plaintiffs are entitled to any relief.

1.     Michael Foods admits that paragraph 1 contains Plaintiffs' definitions of shell eggs and egg products. Michael Foods further admits that Plaintiffs purport to refer to shell eggs and egg products collectively throughout their complaint. Michael Foods denies all remaining allegations in paragraph 1.

2.     Michael Foods admits that it produces shell eggs and egg products. Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 about other Defendants' activities and therefore denies them. Michael Foods denies all remaining allegations in paragraph 2.

3.     Michael Foods denies the allegations of paragraph 3.

4.     Michael Foods admits the allegations of the first sentence of paragraph 4. As for the second sentence, Michael Foods admits that Plaintiffs are selectively quoting from—and

attempting to characterize—the document referenced therein.  This document speaks for itself. Michael Foods denies all remaining allegations in paragraph 4, including without limitation Plaintiffs' characterization of the document.

5.      As for the first two sentences of paragraph 5, in light of the vagueness of the terms used, Michael Foods lacks knowledge or information sufficient to form a belief as to whether the "demand for eggs" is accurately described as "inelastic" and therefore denies them. Michael Foods denies the remaining allegations in the first two sentences.  As for the third, fourth, fifth, and sixth sentences of paragraph 5, Michael Foods admits that Plaintiffs are selectively quoting from—and attempting to characterize—the documents referenced therein. These documents speak for themselves.  Michael Foods denies all remaining allegations in paragraph 5.

6.      Michael Foods denies the allegations in the first and second sentences of paragraph 6.  Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third and fourth sentences of paragraph 6 and therefore denies them.

7.      Michael Foods denies the allegations of the first and second sentences of paragraph 7.  Michael Foods denies the allegations of subparts A through C.  Michael Foods denies the allegations in the first and second sentences of subpart D.  As for the third sentence of subpart D, Michael Foods admits that one aspect of the UEP animal welfare guidelines related to the amount of cage space per hen, but denies all remaining allegations of the third sentence. Michael Foods denies the allegations of the fourth fifth, and sixth sentences of subpart D.  As for the seventh sentence of subpart D, Michael Foods admits that Plaintiffs are selectively quoting from—and attempting to characterize—the document referenced therein.  This document speaks

for itself. Michael Foods denies all remaining allegations in the seventh sentence of subpart D, including without limitation Plaintiffs' characterization of the document. Michael Foods denies all remaining allegations in subpart D. Michael Foods denies the allegations of the first sentence of subpart E. As for the second sentence of subpart E, Plaintiffs appear to be selectively quoting from—and attempting to characterize—an unidentified document. If so, then the document speaks for itself. Michael Foods denies all remaining allegations in subpart E of paragraph 7, including without limitation Plaintiffs' characterization of the document. As for first, second, and sixth sentences of subpart F, Michael Foods admits that the UEP Board of Directors carried a motion regarding the 100% rule at the October 10-11, 2002 meeting and that the 100% rule required producers who voluntarily chose to participate in the UEP animal welfare program to comply with UEP's animal welfare guidelines at all of the producer's production facilities. Michael Foods denies all remaining allegations of the first, second, and sixth sentences. Michael Foods denies the third sentence of subpart F. As for the fourth and fifth sentences of subpart F, Plaintiffs appear to be selectively quoting from—and attempting to characterize—an unidentified document. If so, then the document speaks for itself. Michael Foods denies all remaining allegations in subpart F of paragraph 7. Michael Foods denies the allegations in subpart G. As for subparts H and I, Plaintiffs appear to be selectively quoting from—and attempting to characterize—unidentified documents. If so, then the documents speak for themselves. Michael Foods denies all remaining allegations in subparts H and I. As for the first sentence of subpart J, Michael Foods admits that in December 2004, the UEP Board voted to prohibit backfilling except in the case of a catastrophic mortality and admits that Plaintiffs have offered one possible definition of "backfilling," but Michael Foods denies all remaining allegations. As for the second sentence of subpart J, Plaintiffs appear to be selectively quoting from—and attempting to

4

characterize—an unidentified document and a publication. If so, then these documents speak for themselves. Michael Foods denies all remaining allegations in subpart J. As for subpart K, Plaintiffs appear to be selectively quoting from—and attempting to characterize—an unidentified document. If so, then the document speaks for itself. Michael Foods denies all remaining allegations in subpart K. As for the first sentence of subpart L, Michael Foods denies the allegations in the first sentence of subpart L. In the second sentence, Plaintiffs appear to be selectively quoting from—and attempting to characterize—an unidentified document. If so, then the document speaks for itself. Michael Foods denies all remaining allegations in the second sentence. Michael Foods denies the allegations of the third and fourth sentences of subpart L. Michael Foods denies all remaining allegations of subpart L. Michael Foods denies the allegations of the last unnumbered subpart of paragraph 7. Michael Foods denies all remaining allegations of paragraph 7 and all subparts.

8.      Michael Foods denies the allegations of the first two sentences of paragraph 8. As for the third, fourth, fifth, and sixth sentences of paragraph 8, Michael Foods admits that Plaintiffs are selectively quoting from—and attempting to characterize—the documents referenced therein. These documents speak for themselves. Michael Foods denies all remaining allegations in paragraph 8.

9.      Michael Foods admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publications referenced in paragraph 9. These publications speak for themselves. Michael Foods denies all remaining allegations in paragraph 9.

10.     Michael Foods admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 10. This publication speaks for itself. Michael Foods denies all remaining allegations in paragraph 10.

11.     Michael Foods admits that Plaintiffs purport to bring this action under the Sherman Act and seek damages and injunctive relief under the Clayton Act, but denies that Plaintiffs are entitled to relief under either.  The last sentence of paragraph 11 states a legal conclusion about jurisdiction to which no response is required.  Michael Foods denies all remaining allegations of paragraph 11.

12.     Paragraph 9 contains legal conclusions about venue to which no response is required.  To the extent a response is required, Michael Foods admits that it has transacted business in this district at certain points in time, but denies all remaining allegations in paragraph 12.

13.     Paragraph 13 contains a legal conclusion about personal jurisdiction to which no response is required.  To the extent a response is required, Michael Foods: with respect to paragraphs 13(a) and (b), admits that it is amenable to service of process and has transacted business in the United States and this district at certain points in time; and with respect to paragraphs 13(c), Michael Foods denies the allegations contained therein.  Michael Foods denies all remaining allegations in paragraph 13.

14.     Michael Foods admits Kraft Foods purchased egg products directly from Michael Foods, but denies Kraft Foods suffered any injury as a result of those purchases, denies that Michael Foods' conduct violated the antitrust laws, and lacks knowledge or information sufficient to form a belief as to the truth of the allegations about purchases from other Defendants and therefore denies them.  Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 14 and therefore denies them.

15.     Michael Foods admits Kellogg purchased egg products directly from Michael Foods, but denies Kellogg suffered any injury as a result of those purchases, denies that Michael Foods' conduct violated the antitrust laws, and lacks knowledge or information sufficient to form a belief as to the truth of the allegations about purchases from other Defendants and therefore denies them.  Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 15 and therefore denies them.

16.     Michael Foods admits General Mills purchased egg products directly from Michael Foods, but denies General Mills suffered any injury as a result of those purchases, denies that Michael Foods' conduct violated the antitrust laws, and lacks knowledge or information sufficient to form a belief as to the truth of the allegations about purchases from other Defendants and therefore denies them.   Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 16 and therefore denies them.

17.     Michael Foods admits Nestlé purchased egg products directly from Michael Foods, but denies Nestle suffered any injury as a result of those purchases, denies that Michael Foods' conduct violated the antitrust laws, and lacks knowledge or information sufficient to form a belief as to the truth of the allegations about purchases from other Defendants and therefore denies them.  Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 17 and therefore denies them.

18.     Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 and therefore denies them.

19.     Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 and therefore denies them.

20.     Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 and therefore denies them.

21.     Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 and therefore denies them.

22.     Michael Foods denies that Defendants conspired "to control supply and artificially maintain and increase the price of eggs," and therefore denies all allegations in paragraph 22 regarding acts allegedly done by another defendant "in furtherance of" the alleged conspiracy.

23.     Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 and therefore denies them.

24.     Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 and therefore denies them.

25.     Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25 and therefore denies them.

26.     Michael Foods denies that Defendants conspired "to control supply and artificially maintain and increase the price of eggs," and therefore denies all allegations in paragraph 26 regarding acts allegedly done by another defendant "in furtherance of" the alleged conspiracy.

27.     Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 and therefore denies them.

28.     Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 and therefore denies them.

29.     Michael Foods denies that Defendants conspired "to control supply and artificially maintain and increase the price of eggs," and therefore denies all allegations in paragraph 29 regarding acts allegedly done by another defendant "in furtherance of" the alleged conspiracy.

30.     Michael Foods admits the allegations of first sentence of paragraph 30. Michael Foods admits its legal entity name is Michael Foods, Inc. Michael Foods admits it has made filings with the SEC, which Plaintiffs appear to be paraphrasing. The documents speak for themselves. Michael Foods admits that, in June 2010, MFI Acquisition Corp. merged with M-Foods Holdings, Inc., and the name of M-Foods Holdings, Inc. was subsequently changed to Michael Foods Group, Inc., which is owned by MFI Holding Corporation, approximately 74% of which is owned by one or more affiliates of GS Capital Partners, 21% of which is owned by affiliates and investors of THL and approximately 5% of which is owned by current and former members of management. Michael Foods denies all remaining allegations of paragraph 30.

31.     As to the first sentence, Michael Foods admits it distributes cheese and dairy products and produces and distributes potato and egg products. Michael Foods admits the allegations in the second sentence for 2009 as reported in its 2009 Form 10-K.

32.     As to the first sentence, Michael Foods admits it has manufactured or sold eggs or egg products in the United States at various points in time through subsidiaries M.G. Waldbaum Company, Papetti's Hygrade Egg Products, Inc., and Abbotsford Acquisition Corp. (later known as Abbotsford Farms, Inc.), but otherwise denies the remaining allegations. As to the second sentence, Michael Foods admits it is a large producer of egg products as more fully described in its Form 10-K, and that it had an average of approximately 10.8 million hens in 2009. Michael

Foods lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the second sentence and therefore denies them.

33.  Michael Foods admits its products are sold under a variety of brands in the United States, including "Better 'n Eggs," "All Whites," "Papetti's," "Crystal Farms," and "All Day Café," but denies all remaining allegations of paragraph 33.

34.  Michael Foods admits it distributes egg products to food processors, foodservice, and retail customers in North America, but denies all remaining allegations of the first sentence of paragraph 34.  Michael Foods admits that its shell egg sales are made through Crystal Farms, which markets a wide range of refrigerated grocery products to customers that include retail grocery outlets.  Michael Foods denies all remaining allegations of paragraph 34.

35.  Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Sunbest-Papetti Farms' UEP membership, and therefore denies them.  Michael Foods denies all remaining allegations of the first sentence of paragraph 35.  Michael Foods admits that it or one of its subsidiaries made purchases from Sunbest-Papetti Farms in or before 2001.  Michael Foods denies all other allegations in paragraph 35.

36.  Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36 and therefore denies them.

37.  Michael Foods admits the allegations of paragraph 37.

38.  Michael Foods denies that Defendants conspired "to control supply and artificially maintain and increase the price of eggs," and further denies that Michael Foods participated in acts "in furtherance of" any such conspiracy, and therefore denies all allegations in paragraph 38 regarding acts allegedly done "in furtherance of" the alleged conspiracy.

39.     Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39 and therefore denies them.

40.     Michael Foods denies that Defendants conspired "to control supply and artificially maintain and increase the price of eggs," and therefore denies all allegations in paragraph 40 regarding acts allegedly done by another defendant "in furtherance of" the alleged conspiracy.

41.     Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41 and therefore denies them.

42.     Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 42 and therefore denies them.

43.     Michael Foods denies that Defendants conspired "to control supply and artificially maintain and increase the price of eggs," and therefore denies all allegations in paragraph 43 regarding acts allegedly done by another defendant "in furtherance of" the alleged conspiracy.

44.     Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 44 and therefore denies them.

45.     Michael Foods denies that Defendants conspired "to control supply and artificially maintain and increase the price of eggs," and therefore denies all allegations in paragraph 45 regarding acts allegedly done by another defendant "in furtherance of" the alleged conspiracy.

46.     Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 46 and therefore denies them.

47.     Michael Foods denies that Defendants conspired "to control supply and artificially maintain and increase the price of eggs," and therefore denies all allegations in paragraph  47 regarding acts allegedly done by another defendant "in furtherance of" the alleged conspiracy.

48.     Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 48 and therefore denies them.

49.     Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 49 and therefore denies them.

50.     Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 50 and therefore denies them.

51.     Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 51 and therefore denies them.

52.     Michael Foods denies that Defendants conspired "to control supply and artificially maintain and increase the price of eggs," and therefore denies all allegations in paragraph  52 regarding acts allegedly done by another defendant "in furtherance of" the alleged conspiracy.

53.     Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 53 and therefore denies them.

54.     Michael Foods denies that Defendants conspired "to control supply and artificially maintain and increase the price of eggs," and therefore denies all allegations in paragraph  54 regarding acts allegedly done by another defendant "in furtherance of" the alleged conspiracy.

55.     Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 55 and therefore denies them.

56.     Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 56 and therefore denies them.

57.     Michael Foods denies that Defendants conspired "to control supply and artificially maintain and increase the price of eggs," and therefore denies all allegations in paragraph 57 regarding acts allegedly done by another defendant "in furtherance of" the alleged conspiracy.

58.     Michael Foods admits that UEP is an agricultural cooperative corporation with its principal place of business in Alpharetta, Georgia, but Michael Foods denies all remaining allegations in the first sentence of paragraph 58.  As for the second sentence, Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

59.     Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the first and second sentences of paragraph 59 and therefore denies them.  Michael Foods admits the allegations of the third and fourth sentences.

60.     Michael Foods admits that UEP administers the UEP animal welfare program and that Plaintiffs purport to characterize the Animal Husbandry Guidelines for U.S. Egg Laying Flocks in their Complaint.  The Guidelines are a document that speaks for itself, and Michael Foods denies that the Guidelines are accurately described in the Complaint.  Michael Foods denies all remaining allegations in paragraph 60.

61.     Michael Foods admits that USEM identifies itself as an agricultural cooperative corporation organized and existing under the laws of the State of Georgia, but denies all

remaining allegations of the first sentence of paragraph 61. Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the second sentence of paragraph 61 and therefore denies them. Michael Foods admits the allegations of the third sentence of paragraph 61. Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the fourth sentence of paragraph 61 and therefore denies them.

62. Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of paragraph 62, and therefore denies them. As for the second sentence, Michael Foods admits that Plaintiffs are selectively quoting from—and attempting to characterize—the website referenced in paragraph 62. This website speaks for itself. Michael Foods denies all remaining allegations in the second sentence. Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the third and fourth sentences of paragraph 62 and therefore denies them.

63. Michael Foods admits that USEM organizes exports, but denies all remaining allegations of paragraph 63.

64. Michael Foods admits that UEA is a nonprofit corporation organized under the laws of the District of Columbia. Michael Foods admits that UEA is managed by UEP under a management agreement. As for the third sentence, Michael Foods admits UEP and UEA share the same mailing address and that UEP and UEA have held some meetings at similar times in similar geographic locations, lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding a shared website, and denies all remaining allegations. Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations

of the fourth, fifth, sixth, and seventh sentences of paragraph 64, and therefore denies them. Michael Foods denies all remaining allegations of paragraph 64.

65.     Michael Foods admits UEA is comprised of three divisions:  UEA Further Processor Division, UEA Allied Industry Division, and UEA Producer/Packer Division.  Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 65 and therefore denies them.

66.      Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 66 and therefore denies them.

67.     Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 67 and therefore denies them.

68.     Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 68 and therefore denies them.

69.     Michael Foods denies that Defendants conspired "to control supply and artificially maintain and increase the price of eggs," and therefore denies all allegations in paragraph  69 regarding acts allegedly done by an alleged co-conspirator "in furtherance of" the alleged conspiracy.

70.     Michael Foods denies that Defendants conspired "to control supply and artificially maintain and increase the price of eggs," and therefore denies all allegations in paragraph  70 regarding acts allegedly done by an alleged co-conspirator "in furtherance of" the alleged conspiracy.

71.     Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 71 and therefore denies them.

72. Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 72 and therefore denies them.

73. Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 73 and therefore denies them.

74. Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 74 and therefore denies them.

75. Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 75 and therefore denies them.

76. Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 76 and therefore denies them.

77. Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 77 and therefore denies them.

78. Michael Foods denies that Defendants conspired "to control supply and artificially maintain and increase the price of eggs," and therefore denies all allegations in paragraph 78 regarding acts allegedly done by an alleged co-conspirator "in furtherance of" the alleged conspiracy.

79. Michael Foods denies the allegations of paragraph 79.

80. Michael Foods admits that the allegations of paragraph 80 provide one description of the beginning of the egg production cycle. Michael Foods denies all remaining allegations in paragraph 80.

81. Michael Foods admits that the allegations of paragraph 81 provide one possible description of the productivity of a flock. Michael Foods denies all remaining allegations in paragraph 81.

82.     Michael Foods admits that the allegations of paragraph 82 provide one description of the natural molting process and that certain egg producers may decide to molt a flock at various times and for various reasons.  Michael Foods denies all remaining allegations in paragraph 82.

83.     Michael Foods admits that the first sentence of paragraph 83 provides one description of the artificial molting process and some possible ways molting can be induced. Michael Foods denies the allegations of the second and third sentences of paragraph 83.  Michael Foods denies all remaining allegations in paragraph 83.

84.     Michael Foods admits that the allegations of paragraph 84 set forth one possible description of the relationship between molting and egg production.  Michael Foods denies all remaining allegations of paragraph 84.

85.     Michael Foods admits that certain egg producers may decide to molt a flock or dispose of birds at various times and for various reasons.  Michael Foods denies all remaining allegations of paragraph 85.

86.     Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 86 and therefore denies them.

87.     Michael Foods admits that the allegations of paragraph 87 set forth Plaintiffs' characterization of the shell eggs sector, table eggs, breaking eggs, and hatching eggs.  Michael Foods denies all remaining allegations of paragraph 87.

88.     Michael Foods admits that the allegations of paragraph 88 set forth Plaintiffs' characterization of different types of egg products.   Michael Foods denies all remaining allegations of paragraph 88.

89.     Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of in the first sentence of paragraph 89 and therefore denies them.  As for the second sentence, Michael Foods admits the allegations therein set forth certain possible uses for egg products.  Michael Foods denies all remaining allegations of paragraph 89.

90.     Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 90 and therefore denies them.

91.     Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 91 and therefore denies them.

92.     Michael Foods admits that the allegations of paragraph 92 contain Plaintiffs characterization of "specialty eggs."   Michael Foods denies all remaining allegations of paragraph 92.

93.     Michael Foods admits shell eggs can be sold at prices related to the Urner Barry wholesale quotations for eggs, and admits it contracts with customers based on cost-based pricing formulas.  Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 93 and therefore denies them.

94.     Michael Foods admits the fundamental economic relationship between price and supply such that the supply of a product can affect the price of that product and that a reduction in supply, in isolation, can sometimes cause prices to rise.  Michael Foods admits shell eggs can be an input for egg products, feed costs are a cost component for shell eggs and egg products production, and shell and breaking eggs are produced by hens.  Michael Foods denies all remaining allegations of paragraph 94.

95.     Michael Foods denies the allegations of the first, third, and fourth sentences of paragraph 95.  Michael Foods lacks knowledge or information sufficient to form a belief as to

the truth of the allegations in the second sentence of paragraph 95 and therefore denies them. Michael Foods admits that the 100% rule required producers who voluntarily chose to participate in the UEP animal welfare program to comply with the UEP Certified Guidelines at all of the producer's production facilities, but denies all remaining allegations in the fifth sentence of paragraph 95. Michael Foods admits that the UEP Board of Directors rejected proposals to modify the 100% Rule in early 2003, but deny all remaining allegations in the sixth sentence. Michael Foods denies all remaining allegations in paragraph 95.

96.     Michael Foods denies the allegations of paragraph 96.

97.     As for paragraph 97, Michael Foods admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced therein. This document speaks for itself. Michael Foods denies all remaining allegations of paragraph 97.

98.     Michael Foods denies the allegations of the first sentence of paragraph 98. As for the second sentence, Michael Foods admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced therein. This document speaks for itself. Michael Foods denies all remaining allegations of paragraph 98.

99.     As for the first sentence of paragraph 99, Michael Foods denies that it is meaningful to speak of a single "demand for eggs" without regard to, among other things, the differences between the market for shell eggs and the markets for various categories of egg products. In light of the vagueness of the terms used, Michael Foods lacks knowledge or information sufficient to form a belief as to whether the "demand for eggs" is accurately described as "inelastic." Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 99 and therefore denies them. As for the third sentence, Michael Foods admits that Plaintiffs are selectively

quoting from—and attempting to characterize—the publication referenced therein. This publication speaks for itself. Michael Foods denies all remaining allegations in paragraph 99.

100. Michael Foods denies the allegations of the first sentence of paragraph 100. As for the second sentence, Michael Foods denies that the Plaintiffs are accurately quoting from and characterizing the publication referenced therein. The publication speaks for itself. As for the third, fourth, and fifth sentences, Michael Foods admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publications referenced therein. The publications speak for themselves. Michael Foods denies all remaining allegations in paragraph 100.

101. Michael Foods admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publications referenced in paragraph 101. The publications speak for themselves. Michael Foods denies all remaining allegations in paragraph 101.

102. Michael Foods denies the allegations of the first sentence of paragraph 102. Michael Foods admits certain producers may be integrated "backward" and/or "forward" as plaintiffs define those terms and that certain producers may either own egg production facilities or have production contracts with producers. Michael Foods otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

103. Michael Foods denies the allegations of paragraph 103.

104. Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—unidentified publications. The publications speak for themselves. Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 104 and therefore denies them.

105. Michael Foods denies the allegations regarding the number of its layers in production and accordingly what percentage of US layers its layers represented as of 2010.

Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of paragraph 105 and therefore denies them.

106.     Michael Foods admits that, over time, Michael Foods produced and/or purchased increased volumes of in-line unpasteurized liquid egg for use in the production of egg products. Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 106 and therefore denies them.

107.     Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 107 and therefore denies them.

108.     Michael Foods denies the allegations of paragraph 108.

109.     Michael Foods denies the allegations of paragraph 109.

110.     Michael Foods admits that it sells and ships eggs outside of the states where its eggs are produced, but lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 110 about other producers, and therefore denies them.  Michael Foods denies all remaining allegations in paragraph 110.

111.     Michael Foods admits that it has generally used raw material, equipment, and supplies in connection with its production and sale of eggs that have moved in interstate commerce, but lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 111 about other producers, and therefore denies them.  Michael Foods denies all remaining allegations in paragraph 111.

112.     Michael Foods admits that it has exchanged information, correspondence, and/or financial material (e.g., money) across state lines from time to time with certain other defendants, but paragraph 112 is so general and vague that Michael Foods must respond that it lacks

knowledge or information sufficient to form a belief as to the truth of all remaining allegations and therefore denies them.

113. Michael Foods admits that its customers have paid for eggs through interstate commerce, but lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 113 about other producers, and therefore denies them. Michael Foods denies all remaining allegations in paragraph 113.

114. Michael Foods denies the allegations of paragraph 114.

115. Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of paragraph 115 and therefore denies them. Michael Foods denies the allegations in the second sentence of paragraph 115.

116. Michael Foods admits that Plaintiffs are selectively quoting from—and attempting to characterize—the document referenced in paragraph 116. The publication speaks for itself. Michael Foods denies all remaining allegations in paragraph 116.

117. Plaintiffs appear to be selectively quoting from—and attempting to characterize— an unidentified document. If so, then the document speaks for itself. Michael Foods denies all remaining allegations in paragraph 117.

118. Michael Foods denies the allegations of the first sentence of paragraph 118. Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 118, and therefore denies them.

119. Michael Foods denies the allegations of paragraph 119.

120. As for the first sentence of paragraph 120, Michael Foods admits that in 2000, UEP published the first version of its animal welfare guidelines, but denies that these guidelines

were intended to control the egg production process. Michael Foods denies the allegations of the second sentence of paragraph 120.

121.    As to the first sentence of paragraph 121, Michael Foods admits that UEP made public representations about the influence of the recommendations of the Scientific Advisory Committee on the UEP Certified Program, and states that those representations speak for themselves. Michael Foods denies the allegations of the second sentence. As for the third sentence, Plaintiffs appear to be selectively quoting from—and attempting to characterize—an unidentified document. If so, then the document speaks for itself. Michael Foods denies all remaining allegations paragraph 121.

122.    As for the first and second sentences of paragraph 122, Michael Foods admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced therein. The publication speaks for itself. Michael Foods denies all remaining allegations of paragraph 122.

123.    Michael Foods admits that one aspect of the UEP Animal Care Certified Program related to the amount of cage space per hen. To the extent paragraph 123 refers to the published guidelines, the guidelines are a document that speaks for itself. Michael Foods denies all remaining allegations in the first sentence of paragraph 123. Michael Foods denies the allegations in the second and third sentences. Michael Foods denies all remaining allegations of paragraph 123.

124.    Michael Foods admits the UEP Animal Care Certified Guidelines established minimum cage space per hen standards that provided for scheduled increases in the standards over a period of years, the permissible transition period changing over time as the Guidelines

were developed and published. Michael Foods denies all remaining allegations of paragraph 124.

125.    As for the first and second sentences of paragraph 125, Michael Foods admits that the UEP Board of Directors carried a motion regarding the so-called 100% rule at the October 10-11, 2002 meeting and that the so-called 100% rule required producers who voluntarily chose to participate in the UEP animal welfare program to comply with the UEP Certified Guidelines at all of the producer's production facilities, but Michael Foods denies all remaining allegations. In the third sentence of paragraph 125, Plaintiffs appear to be selectively quoting from—and attempting to characterize—an unidentified document. If so, then the document speaks for itself. Michael Foods denies all remaining allegations in paragraph 125.

126.    Michael Foods denies the allegations of the first sentence of paragraph 126. As for the second and third sentences of paragraph 126, Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the document referenced therein. The document speaks for itself. Michael Foods denies all remaining allegations in the second and third sentences of paragraph 126.

127.    Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of paragraph 127 and therefore denies them. In the second and third sentences of paragraph 127, Plaintiffs appear to be selectively quoting from—and attempting to characterize—an unidentified document. The document speaks for itself. Michael Foods denies the allegations of the last sentence of paragraph 127. Michael Foods denies all remaining allegations in paragraph 127.

128.    Michael Foods admits that Plaintiffs are selectively quoting from—and attempting to characterize—the documents referenced therein.  The documents speak for themselves.  Michael Foods denies all remaining allegations in paragraph 128.

129.    Michael Foods admits that at some point the UEP Certified Guidelines incorporated a ban on backfilling, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first two sentences of paragraph 129.  Plaintiffs appear to be selectively quoting from—and attempting to characterize—an unidentified document in the third sentence of paragraph 129.  If so, then the document speaks for itself.  Michael Foods denies the allegations of the fourth sentence of paragraph 129.  In the remaining sentences of paragraph 129, Plaintiffs appear to be selectively quoting from—and attempting to characterize—an unidentified document.  If so, then the document speaks for itself.  Michael Foods denies all remaining allegations in paragraph 129.

130.    As for the first sentence of paragraph 130, Michael Foods admits that Plaintiffs are selectively quoting from—and attempting to characterize—the document referenced therein.  The document speaks for itself.  Michael Foods denies all remaining allegations in the first sentence.  As for the second sentence, the version of the guidelines referenced in the second sentence is a document that speaks for itself.  Michael Foods lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in the second sentence and therefore denies them.  As for the third sentence, Plaintiffs appear to be selectively quoting from—and attempting to characterize—an unidentified document.  If so, then the document speaks for itself.  Michael Foods denies all remaining allegations in paragraph 130.

131.    Michael Foods admits that compliance of participants in the UEP Certified Guidelines was audited pursuant to specific guidelines promulgated by UEP.  Michael Foods

lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in the first four sentences of paragraph 131. As for the fifth sentence, Plaintiffs appear to be referring to—and attempting to characterize—the publication referenced therein. The publication speaks for itself. Michael Foods denies all remaining allegations in paragraph 131.

132. As for the first sentence of paragraph 132, Michael Foods admits that Plaintiffs appear to be referring to—and attempting to characterize—the UEP animal husbandry guidelines. The guidelines are documents that speak for themselves. Michael Foods lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in the first sentence and therefore denies them. Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations in second sentence of paragraph 132 and therefore denies them. Michael Foods denies the allegations in the third sentence of paragraph 132.

133. Michael Foods denies the allegations of the first two sentences of paragraph 133. As for the remainder of the allegations in paragraph 133, Michael Foods admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced therein. The publication speaks for itself. Michael Foods denies all remaining allegations in paragraph 133.

134. Michael Foods denies the allegations of the first sentence of paragraph 134. Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the second sentence of paragraph 134 and therefore denies them.

135. Michael Foods denies the allegations of the first, second and fifth sentences of paragraph 135. As to the remaining sentences of paragraph 135, Michael Foods admits that

Plaintiffs are selectively quoting from—and attempting to characterize—the UEP Certified Guidelines referenced therein. The Guidelines are series of documents that changed over time that speak for themselves.

136. Michael Foods denies the allegations purporting to state, as fact, what are "true" animal welfare concerns or "cruel" practices. As to the remaining portions of paragraph 136, Michael Foods admits that Plaintiffs are selectively attempting to characterize the UEP Certified Guidelines, which are a series of documents that changed over time, but that speak for themselves.

137. Michael Foods admits that UEP Certified producers were permitted to use a UEP label on their eggs, but otherwise denies the allegations of paragraph 137.

138. Michael Foods denies the allegations of the first sentence of paragraph 138. Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of all remaining allegations in paragraph 138 and therefore denies them.

139. Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 139 and therefore denies them.

140. Michael Foods denies the allegations of paragraph 140.

141. Michael Foods denies it was ever a member of USEM or participated in USEM exports. Michael Foods denies the allegations of paragraph 141 to the extent they relate to Michael Foods, but lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 141 with respect to other producers, and therefore denies them. As for the sixth sentence, Plaintiffs appear to be selectively quoting from—and attempting to characterize—an unidentified document. If so, then the document speaks for itself. Michael Foods denies all remaining allegations of paragraph 141.

142.     Michael Foods denies it was ever a member of USEM or participated in USEM exports.  Michael Foods denies the allegations of paragraph 142 to the extent they relate to Michael Foods, but lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 142 with respect to other producers, and therefore denies them. Plaintiffs are selectively quoting from—and attempting to characterize—an unidentified document in the third and fourth sentences of paragraph 142.  If so, then the document speaks for itself.  Michael Foods denies all remaining allegations of paragraph 142.

143.     Michael Foods denies it was ever a member of USEM or participated in USEM exports.  Michael Foods denies the allegations of paragraph 143 to the extent they relate to Michael Foods, but lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 143 with respect to other producers, and therefore denies them. Plaintiffs appear to be selectively quoting from—and attempting to characterize—the  document referenced in paragraph 143.  If so, then the document speaks for itself.  Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the last two sentences of paragraph 143 and therefore denies them.  Michael Foods denies all remaining allegations of paragraph 143.

144.     Michael Foods denies it was ever a member of USEM or participated in USEM exports.  Michael Foods denies the allegations of paragraph 144 to the extent they relate to Michael Foods, but lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 144 with respect to other producers, and therefore denies them. Plaintiffs further appear to be selectively quoting from—and attempting to characterize— unidentified documents.  If so, then the documents speak for themselves.

145.     Michael Foods denies it was ever a member of USEM or participated in USEM exports.   Michael Foods admits that it discussed the relationship or potential relationship between exports and egg prices in documents, which documents speak for themselves.   Michael Foods denies the remaining allegations of paragraph 145 to the extent they relate to Michael Foods, but lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 145 with respect to other producers, and therefore denies them. Plaintiffs further appear to be selectively quoting from—and attempting to characterize— unidentified documents.  If so, then the documents speak for themselves.

146.     Michael Foods denies the allegations of the first sentence of paragraph 146.  As for the second and third sentence of paragraph 146, Michael Foods admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publications referenced therein. The publications speak for themselves.   Michael Foods denies all remaining allegations in paragraph 146, including without limitation Plaintiffs' characterization of the documents.

147.     Michael Foods admits that, in 1999, the UEP Marketing Committee passed a motion that is described in a document that speaks for itself.  Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of all remaining allegations of paragraph 147 and therefore denies them.

148.     Michael Foods denies the allegations of the first two sentences of paragraph 148. Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of all remaining allegations of paragraph 148 and therefore denies them.

149.     Plaintiffs appear to be selectively quoting from—and attempting to characterize— unidentified documents.  If so, then the documents speak for themselves.  Michael Foods lacks

knowledge or information sufficient to form a belief as to the truth of all remaining allegations in paragraph 149 and therefore denies them.

150.    Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 150 and therefore denies them.

151.    Michael Foods admits that in or about May 2004, the UEP Marketing Committee passed a motion that is described in a document that speaks for itself.  Plaintiffs appear to be selectively quoting from—and attempting to characterize—an unidentified document.  The document speaks for itself.  Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of all remaining allegations in paragraph 151 and therefore denies them.

152.    Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the publication referenced in paragraph 152.  The publication speaks for itself.  Michael Foods denies all remaining allegations in paragraph 152.

153.    Michael Foods admits that Plaintiffs appears to be selectively quoting from—and attempting to characterize—the publications referenced in paragraph 153.  The publications speak for themselves.  Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of all remaining allegations in paragraph 153 and therefore denies them.

154.    Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—the publications referenced in paragraph 154.  The publications speak for themselves.  Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the last two sentences in paragraph 154 and therefore denies them.  Michael Foods denies all remaining allegations of paragraph 154.

155.    Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—an unidentified document.  If so, then the document speaks for itself.  Michael Foods denies all remaining allegations in paragraph 155.

156.    Michael Foods admits that in the first sentence of paragraph 156, Plaintiffs appear to be selectively quoting from—and attempting to characterize—an unidentified document.  If so, then the document speaks for itself.  Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence and therefore denies them.  Michael Foods denies the allegations of the third sentence of paragraph 156.

157.    Michael Foods admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 157.  The publication speaks for itself.  Michael Foods denies all remaining allegations in paragraph 157.

158.    Michael Foods admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publications referenced in paragraph 158.  The publications speak for themselves.  Michael Foods denies all remaining allegations in paragraph 158.

159.    Michael Foods admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 159.  This document speaks for itself.  Michael Foods denies all remaining allegations in paragraph 159.

160.    Michael Foods admits that Plaintiffs appear to be selectively quoting from—and attempting to characterize—an unidentified document.  If so, then the document speaks for itself.  Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of all remaining allegations in paragraph 160 and therefore denies them.

161.    Michael Foods admits that Plaintiffs are selectively quoting from—and attempting to characterize—the document referenced in paragraph 161.  This document speaks for itself.  Michael Foods denies all remaining allegations in paragraph 161.

162.    Michael Foods admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 162.  This document speaks for itself.  Michael Foods denies all remaining allegations in paragraph 162.

163.    Michael Foods admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 163.  This document speaks for itself.  Michael Foods denies all remaining allegations in paragraph 163.

164.    Michael Foods admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 164.  The publication speaks for itself.  Michael Foods denies all remaining allegations in paragraph 164.

165.    Michael Foods admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 165.  The publication speaks for itself.  Michael Foods denies all remaining allegations in paragraph 165.

166.    Michael Foods admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 166.  This document speaks for itself.  Michael Foods denies all remaining allegations in paragraph 166.

167.    Michael Foods denies the allegations of paragraph 167.

168.    Michael Foods denies the allegations of the first sentence of paragraph 168.  In the remaining sentences of paragraph 168, Plaintiffs appear to be selectively quoting from—and attempting to characterize—the publication referenced in the second sentence.  If so, then the document speaks for itself.  Michael Foods denies all remaining allegations in paragraph 168.

169.    Michael Foods admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 169. The publication speaks for itself. Michael Foods denies all remaining allegations in paragraph 169.

170.    Michael Foods admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 170. The publication speaks for itself. Michael Foods denies all remaining allegations in paragraph 170.

171.    Michael Foods admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 171. The publication speaks for itself. Michael Foods denies all remaining allegations in paragraph 171.

172.    Michael Foods admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publications referenced in paragraph 172. The publications speak for themselves. Michael Foods denies all remaining allegations in paragraph 172.

173.    Michael Foods admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 173. The publication speaks for itself. Michael Foods denies all remaining allegations in paragraph 173.

174.    Michael Foods admits that Plaintiffs are selectively quoting from—and attempting to characterize—the publication referenced in paragraph 174. The publication speaks for itself. Michael Foods denies all remaining allegations in paragraph 174.

175.    Michael Foods denies the allegations of the first sentence of paragraph 175. As for the second sentence, Michael Foods admits that Plaintiffs are selectively quoting from—and attempting to characterize—the statement referenced in paragraph 175. This statement speaks for itself. Michael Foods denies all remaining allegations in paragraph 175.

176.   Paragraph 176 states legal conclusions to which no response is required.   To the extent a response is required, Michael Foods denies the allegations contained in paragraph 176.

177.   Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 177 and therefore denies them.   The allegations in the second sentence of paragraph 177 state a legal conclusion to which no response is required.   To the extent a response is required, Michael Foods denies the allegations contained in the second sentence of paragraph 177.

178.   As for the first sentence of paragraph 178, Michael Foods admits that it operates at different levels of the egg production chain and that some other egg producer members of UEP do as well, but it lacks knowledge or information sufficient to form a belief as to the truth of the allegations about other unidentified UEP members and therefore denies them.   The remaining sentences of paragraph 178 state legal conclusions to which no response is required.   To the extent a response is required, Michael Foods denies the allegations all remaining allegations in paragraph 178.

179.   The first sentence of paragraph 179 states a legal conclusion to which no response is required.   If a response is required, Michael Foods denies the allegations of the first sentence of paragraph 179 with respect to itself, but lacks knowledge or information sufficient to form a belief as to the truth of the allegations related to other identified and unidentified UEP members. Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second through fourth sentences of paragraph 179 and therefore denies them. As to the fifth sentence, Michael Foods admits that, in 2008, approximately 74% of the Egg Products Division's egg needs were purchased under third-party egg procurement contracts and in the spot market, and deny all remaining allegations in the fifth sentence.   Michael Foods lacks

knowledge or information sufficient to form a belief as to the truth of the allegations in the sixth through eighth sentences of paragraph 179 and therefore denies them. The ninth sentence of paragraph 179 states a legal conclusion to which no response is required. To the extent a response is required, Michael Foods denies the allegations contained therein. Michael Foods denies all remaining allegations in paragraph 179.

180.    Paragraph 180 contains legal conclusions to which no response is required. To the extent a response is required, Michael Foods denies the allegations in paragraph 180.

181.    Paragraph 181 contains legal conclusions to which no response is required. To the extent a response is required, Michael Foods denies the allegations in paragraph 181. Plaintiffs appear to be selectively quoting from—and attempting to characterize—a document. The document speaks for itself.

182.    Paragraph 182 contains legal conclusions to which no response is required. To the extent a response is required, Michael Foods denies the allegations in paragraph 182. Plaintiffs appear to be attempting to characterize a document. The document speaks for itself.

183.    Paragraph 183 contains legal conclusions to which no response is required. To the extent a response is required, Michael Foods denies the allegations in paragraph 183. Plaintiffs appear to be selectively quoting from—and attempting to characterize—a document. The document speaks for itself.

184.    Paragraph 184 contains legal conclusions to which no response is required. To the extent a response is required, Michael Foods denies the allegations in paragraph 184. Plaintiffs appear to be selectively quoting from—and attempting to characterize—two documents. The documents speak for themselves.

185.     Paragraph 185 contains legal conclusions to which no response is required.  To the extent a response is required, Michael Foods denies the allegations in paragraph 185. Plaintiffs appear to be selectively quoting from—and attempting to characterize—several documents.  The documents speak for themselves.

186.     As for the first sentence in paragraph 186, Michael Foods denies that it engaged in a conspiracy and states that it had legitimate business justifications for its conduct.  Michael Foods denies all remaining allegations in the first sentence.   As for the second sentence, Plaintiffs appear to be selectively quoting from—and attempting to characterize—an unidentified document.  If so, then the document speaks for itself.  Michael Foods denies any additional allegations in the second sentence.  Michael Foods denies the allegations in the third and fourth sentences.

187.     As for paragraph 187, Michael Foods denies that it engaged in any of the categories of misconduct listed in the paragraph.  Michael Foods further answers that Paragraph 187 contains legal conclusions to which no response is required.  To the extent a response is required, Michael Foods denies the allegations in paragraph 187.

188.     Michael Foods denies the allegations of the first sentence of paragraph 188.  The second sentence of paragraph 188 states a legal conclusion to which no response is required.   To the extent a response is required, Michael Foods denies the allegations contained therein. Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third, fourth, and fifth sentences of paragraph 188 therein and therefore denies them.

189.     Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 189 and therefore denies them.

190.     Paragraph 190 contains legal conclusions to which no response is required.  To the extent a response is required, Michael Foods denies the allegations in paragraph 190.

191.     Michael Foods denies the allegations of the first sentence of paragraph 191. Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 191 and therefore denies them.

192.     The first sentence of paragraph 192 states a legal conclusion to which no response is required.  To the extent a response is required, Michael Foods denies the allegations in the first sentence.  Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 193 and therefore denies them.

193.     Michael Foods admits that it made independent business decisions about the processing, handling and marketing of its own products and that UEP did not wash, break, pasteurize, store, distribute, or negotiate contracts of sale for Michael Foods. Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 193 and therefore denies them.

194.     Michael Foods denies the allegations of paragraph 194.

195.     Michael Foods denies the allegations of paragraph 195.

196.     Michael Foods denies the allegations of paragraph 196.

197.     Michael Foods denies the allegations of paragraph 197.

198.     The first sentence of paragraph 198 states a legal conclusion to which no response is required.  To the extent a response is required, Michael Foods denies the allegations in the first sentence.   Michael Foods denies the allegations of the second through fourth sentences of paragraph 198.  Michael Foods admits there was a Wall Street Journal article dated September 23, 2008, which is a document that speaks for itself, but denies the article had anything to do

with Plaintiffs' allegations and denies all remaining allegations in the fifth sentence of paragraph 198. Michael Foods denies all remaining allegations of the opening paragraph of paragraph 198. Michael Foods denies the allegations of subparts A through C of paragraph 198. Plaintiffs appear to be selectively quoting from—and attempting to characterize—various documents in subpart D of paragraph 198. The documents speak for themselves. Michael Foods denies all remaining allegations of paragraph 198.

199. Michael Foods denies the allegations of the opening sentence of paragraph 199. Michael Foods admits it adopted the UEP Certified Guidelines for a variety of reasons, including to respond to demands for an animal welfare program from a variety of customers, including plaintiffs in this and related lawsuits. Michael Foods further admits the adoption of the Guidelines was a decision it made independently and that the Guidelines raised no issue under the antitrust laws and could be implemented without reducing supply. Michael Foods denies all remaining allegations of subpart A and all allegations of subparts B and C of paragraph 199.

200. Michael Foods denies the allegations of paragraph 200.

201. Plaintiffs appear to be selectively quoting from—and attempting to characterize—a document in paragraph 201. The document speaks for itself. Michael Foods denies all remaining allegations of paragraph 201.

202. Plaintiffs appear to be selectively quoting from—and attempting to characterize—numerous documents in paragraph 202. The documents speak for themselves. Michael Foods denies all remaining allegations of the subparts and sub-subparts of paragraph 202.

203. Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 203 and therefore denies them.

204. Michael Foods admits its belief that animal welfare was a genuine societal and business concern to Plaintiffs. Michael Foods further admits that animal welfare activists had gained publicity in their efforts to target what they described as inhumane animal husbandry methods; that other groups representing producers of live animals also were endorsing or discussing animal welfare guidelines; that animal welfare activists were campaigning to ban production of eggs using caged hens and to encourage consumers to buy only "cage-free" eggs; that plaintiffs in this lawsuit were concerned for animal welfare in food production and had internal policies reflecting these concerns; and that Plaintiffs and other major purchasers of eggs and egg products were very focused on animal welfare concerns. Michael Foods denies all remaining allegations in paragraph 204.

205. Michael Foods admits its belief that Plaintiffs had concerns for animal welfare in the production of their food products, there were general societal concerns for animal welfare in food production, and that UEP used the recommendations of a scientific advisory committee to develop the UEP Guidelines. Michael Foods denies all remaining allegations of paragraph 205.

206. Michael Foods admits there was a Wall Street Journal article dated September 23, 2008, which is a document that speaks for itself, but denies the article related to Plaintiffs' allegations and denies all remaining allegations in paragraph 206.

207. Michael Foods denies it participated in any conspiracy, denies that Plaintiffs paid artificially inflated prices, and denies all remaining allegations of the opening paragraph of paragraph 207. Michael Foods denies the existence of any supply reduction conspiracy causing Plaintiffs to pay "substantially higher" prices, and denies all remaining allegations of subpart A of paragraph 207. Michael Foods admits that certain Plaintiffs had purchased from Michael Foods for many years, that Michael Foods conducted its business with these customers

consistently over the relevant period, and that Plaintiffs had no reason to question Michael Foods' business integrity or compliance with the law. Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations as to what Plaintiffs believed or didn't believe and therefore denies them. Michael Foods denies it ever violated the antitrust laws in selling egg products to Plaintiffs and denies all remaining allegations in subpart B of paragraph 207. Michael Foods denies any illegal agreement with respect to its egg production and denies all remaining allegations of subpart C of paragraph 207. Michael Foods denies any agreement to reduce egg supply and raise prices and denies all remaining allegations of subpart D of paragraph 207. Michael Foods denies it was ever a member of USEM or participated in a USEM export. Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations in subpart E of paragraph 207 and therefore denies them.

208.    Michael Foods admits there was a Wall Street Journal article dated September 23, 2008, which is a document that speaks for itself. Michael Foods denies the article had anything to do with Plaintiffs' allegations and denies all remaining allegations in paragraph 208.

209.    Plaintiffs appear to be selectively quoting from—and attempting to characterize—numerous documents in paragraph 209. The documents speak for themselves. Michael Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 209 and therefore denies them.

210.    Michael Foods admits the allegations of paragraph 210.

211.    Michael Foods denies entering into any conspiracy and denies all remaining allegations in paragraph 211.

212.     Paragraph 212 states a legal conclusion to which no response is required.  To the extent a response is required, Michael Foods denies all allegations of paragraph 212.

213.     Michael Foods admits Plaintiffs directly purchased egg products from it.  Michael Foods denies all remaining allegations of paragraph 213.

214.     Paragraph 214 states a legal conclusion to which no response is required.  To the extent a response is required, Michael Foods denies all allegations of paragraph 214.

### RESPONSE TO PRAYER FOR RELIEF

Michael Foods denies any and all allegations contained in Plaintiffs' prayer for relief, denies that Plaintiffs are entitled to any relief, and requests that Plaintiffs take nothing in this suit and that this matter be dismissed with prejudice, with costs and fees awarded to Michael Foods.

### <u>MICHAEL FOODS' AFFIRMATIVE DEFENSES</u>

In stating these affirmative and other defenses, Michael Foods does not concede that it has the burden of proof on any defense or denial set forth below.  Michael Foods also adopts by reference any applicable defense pleaded by any other Defendant that is not otherwise expressly set forth below.

1.     Plaintiffs fail in whole or in part to state a claim upon which relief can be granted.

2.     Plaintiffs' claims are barred, in whole or in part, by the Capper-Volstead Act, 7 U.S.C. §§ 291, 292.

3.     Plaintiffs' claims are barred, in whole or in part, by the Agricultural Cooperative Marketing Act, 7 U.S.C. § 455.

4.     Plaintiffs' claims are barred, in whole or in part, by Section 6 of the Clayton Act, 15 U.S.C. § 17.

5.     Plaintiffs' claims are barred, in whole or in part, by the Agricultural Marketing Act of 1929, 12 U.S.C. § 1141(a).

6.     Plaintiffs' claims are barred, in whole or in part, by the *Noerr-Pennington*

doctrine, the state action doctrine, and/or the doctrine of implied immunity.

7.     If, for some technical reason, any or all of the alleged acts and omissions of any Defendants were not within the scope of the foregoing or other applicable immunities, any such technical defects should be ignored as *de minimis*.

8.     If, for some technical reason, any or all of the alleged acts and omissions of any Defendants were not within the scope of the foregoing or other applicable immunities, any resulting damages should be equitably mitigated.

9.     If, for any reason, any of the alleged acts and omissions of any Defendants were unlawful under the antitrust laws and were outside the scope of any immunity, any resulting damages are limited to compensation for injuries that Plaintiffs can show to have resulted from that which made Defendants' conduct unlawful and to be separate from the effects of lawful activity.

10.    If, for some technical reason, any or all of the alleged acts and omissions of any Defendants were not within the scope of the foregoing immunities, such a situation was not reasonably foreseeable by Michael Foods.  Michael Foods believes that, at all relevant times, any such Defendants acted in good faith and with intent to comply with the law.

11.    Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations and/or laches.  The doctrine of fraudulent concealment does not apply to Plaintiffs' claims.

12.    Plaintiffs' claims are barred, in whole or in part, by waiver, ratification, and/or estoppel.

13.    To the extent Plaintiffs claim that Defendants fraudulently concealed any actions, Plaintiffs have failed to allege this fraud with the particularity required by Federal Rules of Civil Procedure Rule 9(b).

14.    Plaintiffs' claims are barred, in whole or in part, because Michael Foods has acted in good faith.

15.    To the extent Plaintiffs seek to hold Defendants liable for standard setting conduct

or other conduct governed by the rule of reason, Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not alleged and cannot prove the elements of a rule of reason claim.

16.     Plaintiffs' claims are barred, in whole or in part, because the procompetitive benefits of the conduct alleged by Plaintiffs outweigh any alleged anticompetitive effects.

17.     Plaintiffs' claims are barred, in whole or in part, because they did not suffer antitrust injury.

18.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have failed to allege relevant product and geographic markets.

19.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' claimed injuries and damages were not legally or proximately caused by any act or omission of Michael Foods, or were caused, if at all, by the conduct of third-parties including, without limitation, the previous, intervening, or superseding conduct of such third-parties.

20.     To the extent Plaintiffs have sustained damages, if any, they have failed to mitigate those damages and are therefore barred from recovering damages in whole or in part.

21.     Plaintiffs' damages claims are barred, in whole or in part, because they have suffered no damages or because the damages they seek are speculative and uncertain.

22.     Plaintiffs' claims are barred, in whole or in part, because of the *Copperweld* doctrine.

23.     Plaintiffs lack standing to bring some or all of their claims.

24.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands and/or *in pari delicto*.

25.     Plaintiffs fail to adequately plead, and cannot prove, the existence of an antitrust conspiracy.  To the extent, however, Plaintiffs prove the existence of any conspiracy, Michael Foods did not join any such conspiracy.

26.     Plaintiffs' claims against Michael Foods are barred, in whole or in part, because any conduct in which Michael Foods is alleged to have engaged was unilateral, reasonable, and based on independent, legitimate business and economic justification, and was not the product of

any illicit contract, combination, or conspiracy between or among Michael Foods and any other person or entity.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Michael Foods Foods, Inc. denies that Plaintiffs are entitled to any relief whatsoever and respectfully requests: (a) that Plaintiffs take nothing by their action; (b) that this Court dismiss Plaintiffs' claims with prejudice; (c) that this Court assess costs and fees against Plaintiffs; and (d) that this Court award Michael Foods, Inc. such other and further relief to which it may be justly entitled.

DATED:  January 31, 2014 Respectfully submitted,

/s/ Carrie Mahan Anderson____
Carrie Mahan Anderson
WEIL, GOTSHAL & MANGES LLP
1300 Eye Street, N.W.
Washington, D.C.  20005
Telephone:  (202) 682-7000
Facsimile:   (202) 857-0940

William L. Greene
Douglas R. Boettge
STINSON LEONARD STREET LLP
150 S. Fifth Street
Suite 2300
Minneapolis, MN  55402
Telephone:  (612) 335-1500
Facsimile:  (612) 335-1657

*Counsel for Michael Foods, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of January, 2014, a true and correct copy of the foregoing Answer and Defenses to Kraft Foods Global, Inc., et al.'s Second Amended Complaint and Demand for Jury Trial was served on counsel of record via filing with the Court's CM/ECF system.

 /s/ Carrie Mahan Anderson

Carrie Mahan Anderson
Weil, Gotshal & Manges LLP
1300 Eye Street, N.W.
Washington, D.C.  20005
Phone: (202) 682-7231
Fax:  (202) 857-0940

*Counsel for Michael Foods, Inc.*