# EXHIBIT H

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: PROCESSED EGG PRODUCTS ANTITRUST LITIGATION | FILED : OCT 2 1 2019 KATE BARKMAN, Clerk | MULTIDISTRICT LITIGATION |
| THIS DOCUMENT APPLIES TO: ALL DIRECT ACTION PLAINTIFF CASES | By_____Dep. Clerk : | No. 08-md-2002 |

### ORDER

**AND NOW**, on this /8th day of October, 2019, upon consideration of the Motion *in Limine* to Exclude Certain Evidence Predating the Alleged Conspiracy (Doc. No. 1907), the Response in Opposition (Doc. No. 1921), and oral argument held on September 5, 2019, it is **ORDERED** that the Motion *in Limine* (Doc. No. 1907) is **DENIED**.[1]

---

[1] The defendants seek to exclude 30 documents on the DAPs' exhibit list that are dated prior to the start of the alleged conspiracy. The defendants claim that these documents are inadmissible because they are too temporally removed to be relevant and that many of the documents contain hearsay. The DAPs respond that the documents are relevant to show knowledge or intent to join the conspiracy as well as the formation and scope of the conspiracy itself. They also argue that the documents are not inadmissible hearsay because they are ancient documents, statements of a party opponent, statements of a party opponent's agent, or co-conspirator statements.

The DAPs allege that the conspiracy began on May 15, 2000. Oral Arg. Tr. 156:3-4, Doc. No. 1972. Six of the documents the defendants seek to exclude are dated from 1985 through 1995, the remaining documents are dated 1999. Although these documents all predate the alleged conspiracy, the Court agrees that they are relevant for the purposes the DAPs argue. *See, e.g.*, Doc. No. 1678 at 9 (admitting documents predating the alleged conspiracy in the DPP trial because they were "a blueprint for how to fix prices" and "this type of knowledge is a crucial part of the case"). However, a relevant document is still inadmissible if it constitutes hearsay. Therefore, the DAPs must be able to demonstrate that each document is either not hearsay or meets an exception to the hearsay rule.

**1985-1995 Documents:** The DAPs contend that the documents dated from 1985 through 1995 are admissible as ancient documents. To constitute an ancient document, a document must be "prepared before January 1, 1998" and have its "authenticity . . . established." FED. R EVID. 803(16). These documents were all prepared before January 1, 1998, and the defendants do not challenge their authenticity *See* Oral Arg. Tr. 156:9-11, Doc. No. 1972 (confirming there is "no serious question about authenticity"). Therefore, as relevant documents that meet an exception to the hearsay rule, the Court will not exclude the documents dated from 1985 through 1995.

**1999 Documents:** The DAPs argue that these documents are all admissible as statements of a party opponent, statements of a party opponent's agent, or co-conspirator statements. However, the DAPs may never reach these arguments if they offer a document for a purpose other than its truth (e.g., to show knowledge). Therefore, it would be premature for the Court to rule on the documents' admissibility at this time. The Court will handle these on a document-by-document basis at trial when it knows the purpose for which each is being offered. That said, the parties should note that none of the documents will be admissible as a co-conspirator statement. Federal Rule of Evidence 801(d)(2)(E) requires that co-conspirator statements be made "during . . . the conspiracy." Here, each document predates the alleged conspiracy start date of May 15, 2000, rendering them inadmissible as co-conspirator statements. The Court will still consider the documents' admissibility at trial for other purposes and under other hearsay arguments

1

BY THE COURT: — md — 2002

*[signature]*
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

---

Finally, although neither the 1985 through 1995 documents nor the 1999 documents are categorically inadmissible, the DAPs should be careful to avoid needless repetition or risk weakening the documents' relevance. The defendants are not precluded from objecting to any of the documents' admissibility at trial

2