UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KRAFT FOODS GLOBAL, INC., THE KELLOGG COMPANY, GENERAL MILLS, INC., and NESTLÉ USA, INC., <br><br>　　　　Plaintiffs, <br><br>　　v. <br><br>UNITED EGG PRODUCERS, INC., UNITED STATES EGG MARKETERS, INC., CAL-MAINE FOODS, INC., MICHAEL FOODS INC., and ROSE ACRE FARMS, INC. <br><br>　　　　Defendants. | No. 1:11-cv-08808 <br><br> Judge Charles R. Norgle |

### [PROPOSED] TRIAL STIPULATIONS 1-6 AND ORDER

The Parties, having met and conferred regarding a number of motions *in limine* in advance of the Court's August 26, 2022 filing deadline, jointly agreed to the following stipulations, without prejudice to any of the Parties' positions regarding the admissibility of any other evidence and without prejudice to any of the Parties' positions regarding other motions *in limine* not expressly identified below.

The Parties having reached agreement on these issues, the Court enters an Order as follows:

### Trial Stipulation 1: Capper-Volstead

The Parties shall not introduce any argument or evidence regarding Capper-Volstead or Cooperative Marketing Act. The Parties will not introduce any argument or evidence suggesting that the Defendants did or did not have a good faith belief that their actions were immune from liability. The Parties agree to meet and confer

regarding whether redactions are needed for documents that reference the Capper-Volstead or Cooperative Marketing Act, but are being introduced for another purpose.

### Trial Stipulation 2: The Parties' Financial Conditions

The Parties will not argue or introduce evidence regarding whether (1) Defendants can or cannot withstand a judgment against them; or (2) Plaintiffs should or should not receive a judgment because of their financial status. In addition, the Parties shall not present argument or testimony concerning the negative impact that an adverse verdict would have on their businesses, employees, or communities, or that a verdict would prospectively increase or decrease the price of eggs.

This stipulation does not bar argument or evidence regarding (1) a Party's bargaining power, market power, ability to harm competition, financial condition, revenues, profits, relative size, expansion or lack thereof, when offered for a purpose other than those excluded above; or (2) whether Plaintiffs were injured or suffered damages.

### Trial Stipulation 3: Pass-Through Harm

The Parties shall not argue or present evidence suggesting that Plaintiffs were not injured because they passed through overcharges to their own customers, or otherwise offset the overcharges.

### Trial Stipulation 4: Plaintiff Lawyers' Involvement

Defendants shall not argue or present evidence regarding how Plaintiffs or their lawyers became involved in this litigation, or how the case is "lawyer driven." If, however, Plaintiffs open the door by, for example, portraying themselves as

advocates against price-fixing schemes, argument or evidence otherwise excluded by this stipulation may be used to rebut those assertions.

### Trial Stipulation 5: Prior Settlements

The Parties agree to not offer argument and evidence regarding any current or past party's settlement agreement with another current or past party at trial. This includes the existence of any such settlement agreement and the contents therein. The parties further agree that this stipulation does not apply to any non-party witness who testifies at trial and has executed a settlement agreement.

### Trial Stipulation 6: Deposition Testimony of Witnesses Under Parties' Control

The Parties shall not affirmatively seek to designate and introduce deposition or prior trial testimony of witnesses within their control as current officers, current employees, or current agents of that party.

**Remaining Stipulations**: The Parties have negotiated in good faith to reach the above-referenced stipulations to avoid motions *in limine* on these matters. In addition to the above-referenced stipulations, the Parties are continuing to negotiate in good faith on seven potential stipulations. To the extent additional agreements are reached, the Parties will submit the stipulations promptly. To the extent any of the additional six potential stipulations are not reached, the Parties would request a one-week extension to file the appropriate motions *in limine* on these identified matters.

**IT IS SO ORDERED**.

BY THE COURT:

Dated: _____  _____
                                          Charles R. Norgle
                                          United States District Judge

August 26, 2022

Respectfully submitted:

**Counsel for Plaintiffs Kraft Foods Global, Inc., General Mills, Inc., Nestlè USA, Inc. and The Kellogg Company**

/s/ Brandon D. Fox
James T. Malysiak (jmalysiak@jenner.com)
Terrence J. Truax (ttruax@jenner.com)
Joel T. Pelz (jpelz@jenner.com)
Angela M. Allen (aallen@jenner.com)
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654-3456
Tel: (312) 222-9350
Fax: (312) 527-0484

Brandon D. Fox
Amy M. Gallegos (*admitted pro hac vice*)
JENNER & BLOCK LLP
515 South Flower
Suite 3300
Los Angeles, CA 90071
Tel: (213) 239-5100
Fax: (213) 239-5199
bfox@jenner.com
agallegos@jenner.com

**Counsel for Defendants United Egg Producers, Inc., and United States Egg Marketers, Inc.**

/s/ Robin P. Sumner
Robin P. Sumner (robin.sumner@troutman.com)
Kaitlin L. Meola (kaitlin.meola@troutman.com)
TROUTMAN PEPPER HAMILTON SANDERS LLP
3000 Two Logan Square, 18th and

**Counsel for Defendant Rose Acre Farms, Inc.**

/s/ Donald M. Barnes
Donald M. Barnes (dbarnes@porterwright.com)
Jay L. Levine (jlevine@porterwright.com)
PORTER, WRIGHT, MORRIS & ARTHUR LLP
2020 K. Street, N.W., Suite 600
Washington, D.C. 20006-1110
Tel: (202) 778-3000

James A. King (jking@porterwright.com)
Allen T. Carter (acarter@porterwright.com)
PORTER, WRIGHT, MORRIS & ARTHUR LLP
41 South High Street, Suite 2900
Columbus, OH 43215
Tel: (614) 227-2000

**Counsel for Defendant Michael Foods, Inc.**

/s/ Carrie C. Mahan
Carrie C. Mahan (carrie.mahan@weil.com)
S. Nicole Booth (nicole.booth@weil.com)
WEIL, GOTSHAL & MANGES LLP
2001 M Street, N.W.
Washington, D.C. 20036
Tel: (202) 682-7000

Brian G. Liegel (brian.liegel@weil.com)
WEIL, GOTSHAL & MANGES LLP
1395 Brickell Avenue, Suite 1200
Miami, FL 33131
Tel: (305) 577-3180

Arch Streets
Philadelphia, PA 19103-2799
Tel: (215) 981-4000

Whitney R. Redding
(whitney.redding@troutman.com)
TROUTMAN PEPPER HAMILTON
SANDERS LLP
Union Trust Building
501 Grant Street, Suite 300
Pittsburgh, PA 15219-4429
Tel: (412) 454-5085

Robert E. Browne, Jr.
(robert.browne@troutman.com)
TROUTMAN PEPPER HAMILTON
SANDERS LLP
227 West Monroe Street, Suite 3900
Chicago, IL 60606
Tel: (312) 759-1923

Stephen J. Siegel
(ssiegel@novackmacey.com)
Elizabeth C. Wolicki
(ewolicki@novackmacey.com)
NOVACK AND MACEY LLP
100 N Riverside Plaza
Chicago, IL 60606
Tel: (312) 419-6900

*Counsel for Defendant Cal-Maine Foods, Inc.*

/s/ Patrick M. Otlewski
Patrick M. Collins (pcollins@kslaw.com)
Livia M. Kiser (lkiser@kslaw.com)
Patrick Otlewski (potlewski@kslaw.com)
Abigail Hoverman Terry
(aterry@kslaw.com)
KING & SPALDING LLP
110 North Wacker Drive, 38th Floor
Chicago, IL 60606
Tel: (312) 995-6333

Lohr Beck (lohr.beck@kslaw.com)
(pro hac vice)
Andrew Chinsky (achinsky@kslaw.com)
KING & SPALDING LLP
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309
Tel: (404) 572-2812

Brian E. Robison
(brian@brownfoxlaw.com)
(pro hac vice)
BROWN FOX PLLC
6303 Cowboys Way, Suite 450
Frisco, TX 75034
Tel: (972) 707-2809

5