# Exhibit B

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: PROCESSED EGG PRODUCTS ANTITRUST LITIGATION | : : : : : : | MULTIDISTRICT LITIGATION |
| *THIS DOCUMENT APPLIES TO:* ALL DIRECT ACTION PLAINTIFF CASES | : : | No. 08-md-2002 |

## ORDER

**AND NOW**, on this _17th_ day of October, 2019, upon consideration of the Motion *in Limine* to Exclude Certain Videos and Photographs (Doc. No. 1906), the Response in Opposition (Doc. No. 1933), and oral argument held on September 5, 2019, it is **ORDERED** that the Motion *in Limine* (Doc. No. 1906) is **GRANTED IN PART and DENIED IN PART**.[1]

BY THE COURT:

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

---

[1] The defendants seek to exclude videos and photographs created by the Humane Society of the United States and its affiliates that allegedly depict abusive animal treatment in the egg industry. They claim the videos and photographs are irrelevant and substantially more prejudicial than probative under Federal Rules of Evidence 402 and 403. They also claim that some of the materials were not produced during discovery and therefore should be excluded.

The Court has already held that this sort of animal abuse evidence is relevant and admissible because it supports the argument that the UEP Certified Program's animal welfare motives were merely pretext for decreasing supply. *See* Doc. No. 1671 ("The Court finds that [these] objections go to the weight, not the admissibility, of the evidence. This evidence of alleged pretext does 'make a fact more or less probable,' FED. R. EVID. 401, and is therefore admissible."). However, this is not to say that all evidence of animal abuse is admissible. First, no commentary will be permitted from any of the videos. Second, any images or portions of video depicting a Rembrandt Enterprises, Inc. facility are inadmissible as irrelevant. Third, the DAPs must be thoughtful in deciding how much of this evidence they seek to admit because "belaboring the point may run afoul of Federal Rule of Evidence 403, which allows the Court to exclude relevant evidence if it will waste time or confuse the issues." *Id.* The defendants may raise their Rule 403 objection again during trial if the DAPs attempt to take a mile where the Court has allowed an inch.

The defendants also assert that they have been prejudiced by the DAPs' failure to produce during discovery some videos and photographs of Rose Acre facilities. The DAPs respond that they only first found out about these materials in June 2019 and produced the materials two days after receiving them. The Court agrees with the DAPs that the issue of timing here was based in circumstance, not strategy or bad faith. Therefore, the Court will not categorically prohibit the DAPs from using the Rose Acre materials at trial. However, the Court is also mindful of the defendants' prejudice concerns. It is possible that the DAPs may decide to not use the disputed Rose Acre videos and photographs at all given the Court's instruction to pare down this type of evidence generally. But in the event that the DAPs do seek to use them, the Court will consider a request by the DAPs to use this material only if the defendants have had the opportunity to depose an individual from the Humane Society so as to cure some of the claimed timing prejudice.