UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KRAFT FOODS GLOBAL, INC., THE KELLOGG COMPANY, GENERAL MILLS, INC., and NESTLÉ USA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED EGG PRODUCERS, INC., UNITED STATES EGG MARKETERS, INC., CAL-MAINE FOODS, INC., MICHAEL FOODS, INC., and ROSE ACRE FARMS, INC. <br><br> Defendants. | No. 1:11-cv-08808 <br><br> Judge Charles R. Norgle |

## DEFENDANTS' MOTION *IN LIMINE* REGARDING DEPOSITION DESIGNATIONS

Defendants United Egg Producers, Inc. ("UEP"), United States Egg Marketers, Inc. ("USEM"), Cal-Maine Foods, Inc. ("Cal-Maine"), Michael Foods, Inc. ("MFI"), and Rose Acre Farms, Inc. ("Rose Acre") respectfully move *in limine* to present a witness's deposition designation, including all completeness-designations and counter-designations for both sides, the first time such witness is being presented, irrespective of whether that is in Plaintiffs' case-in-chief or Defendants.'[1] Presenting all designations, counter-designations, and completeness designations of witnesses in

---

[1] Defendants met-and-conferred with Plaintiffs on this issue. Plaintiffs appeared receptive to consider this issue on a witness-by-witness basis, but Plaintiffs were not willing to agree to Defendants' consolidated presentation of deposition designations for all witnesses, and Plaintiffs did not identify which witnesses to whom they would agree.

one consolidated presentation will streamline trial, avoid repetition of witness testimony, and will most effectively present each witness to the jury.

## Introduction

Defendants request that the Court exercise its discretion under Federal Rule of Evidence 611 to streamline and consolidate the testimony of the dozens of witnesses that the parties will present via deposition designations at trial. Defendants have been defending against these allegations for over a decade; extensive discovery has been exchanged, including the depositions of hundreds of witnesses. Dozens of witnesses have also provided relevant prior testimony in one or both of previous DAP and DPP trials. In preparation for trial, the parties have identified fifty-seven witnesses that they intend to introduce at trial via deposition testimony. *See* Exhibit A. The parties have exchanged completeness and counter-designations of these depositions.

Of the parties' fifty-seven deposition designation witnesses, eleven were affirmatively identified by both sides. *Id.* (reflected in grey).[2] Both sides have designated dozens of lines of testimony for each witness, some of whom testified during multi-day depositions; many of these designations have substantial overlap. Unsurprisingly, Defendants' counter-designations for each of these witnesses responsive to Plaintiffs' affirmative designations largely mirror the affirmative

---

[2] Plaintiffs and Defendants intend to affirmatively introduce prior testimony of Terry Baker (30(b)(6) deposition), Timothy Beebe, Don Bell, Steven Feyman, Gene Gregory, Jill Hollingsworth, Scott Manion, Gregg Ostrander, Al Pope, Steve Storm (both fact and 30(b)(6) depositions), and Binh Tran.

designations Defendants offer for the same witness, and the same is true for Plaintiffs' affirmative and counter-designations. If both Plaintiffs and Defendants played their affirmative deposition designations for each witness in their respective cases, plus separate completeness and counter-designations, the jury would hear hours of repetitive testimony. To promote efficiency, avoid wasting time at trial, and to avoid confusing the jury by playing disjointed cuts of these depositions, Defendants ask the Court to allow the parties to present all deposition designations for these eleven witnesses once during Plaintiffs' case in chief.

In the similar interest of efficiency and clear presentation of witness testimony, when Plaintiffs offer testimony affirmatively via deposition designation, Defendants request that their completeness and counter-designations be played at the same time in one consolidated presentation. *Id.* This would apply to seventeen witnesses[3] (reflected in blue in Exhibit A) identified by Plaintiffs.

## Legal Standard

Parties may present witness testimony via previous deposition testimony at trial under certain circumstances. Fed. R. Civ. P. 32(a). "If a party offers in evidence only part of a deposition, an adverse party may require the offeror to introduce other parts that in fairness should be considered with the part introduced, and any party may itself introduce any other parts." Fed. R. Civ. P. 32(a)(6); *see also* Fed. R. Evid.

---

[3] Only Plaintiffs have disclosed affirmative deposition designations for Anthony Airoso, Jeffrey Armstrong, Dolph Baker (fact and Rule 30(b)(6) depositions), Terry Baker (fact trial testimony), Phyllis Blizzard, James Carlson, Chad Gregory, Jeff Hardin, Bryan Hendrix, Gregory Hinton, Robert Hodges, Ken Klippen, John Mueller, Ken Paramore, Linda Reickard, Marcus Rust, and Craig Willardson.

106. Allowing an adverse party to introduce additional testimony under Rules 32(a)(6) and 106—referred to as the rule of completeness—recognizes (1) "the misleading impression created by taking matters out of context" and (2) "the inadequacy of repair work when delayed to a point later in the trial." Fed. R. Evid. 106, Advisory Committee Cmt. (1972); *see also DeJesus v. Ridder*, 411 F.2d 560, 561 (7th Cir. 1969) (explaining the rule "provides a method for averting misinterpretation arising from selective use of deposition testimony").

Under Federal Rule of Evidence 611(a), the court has the authority to "exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to . . . make those procedures effective for determining the truth [and] avoid wasting time." Those principles have been applied to deposition testimony. *See Holmes v. Godinez*, No. 11 C 2961, 2016 WL 4091625, at *6 (N.D. Ill. Aug. 2, 2016) (Aspen, J.) (citing *Oostendorp v. Khanna*, 937 F.2d 1177, 1179 (7th Cir. 1991) (requiring parties to present deposition testimony evidence in summary format)).

## Argument

In the interests of fairness and efficiency, Defendants respectfully request that the Court exercise its discretion under Federal Rule of Evidence 611(a) to require the parties to present all deposition testimony of each witness testifying via deposition at one time, in order, including all affirmative, completeness, and counter-designations of both sides. The presentation of all deposition designations for a particular witness at one time from start to finish will maximize the jury's understanding of the

4

testimony presented by each witness, avoid repetition, and encourage efficiency during a five-week trial.

The MDL Court followed a similar practice in the earlier two trials.[4] As a practical matter, the MDL Court observed that playing Defendants' counter-designations with Plaintiffs' designations had the added benefit of ensuring trial moved efficiently and with as few technical issues as possible.

Defendants should be allowed to present relevant parts of the depositions of Plaintiffs' witnesses simultaneously with Plaintiffs' proffer to provide the jury context and correct misimpressions as required by Rules 32(a)(6) and 106. Presentation of Defendants' completeness and counter-designations days or weeks later in Defendants' case-in-chief would allow Plaintiffs to present deposition testimony out of context, handicap Defendants' efforts to cure any inaccuracies or limitations in Plaintiffs' presentation, and confuse the jury. *See Westinghouse Elec. Corp. v. Wray Equip. Corp.*, 286 F.2d 491, 494 (1st Cir. 1961) (finding error where the opposing party was not allowed to simultaneously present counter-designations introduced by

---

[4] The MDL Court ordered all designations of both parties for a particular witness to be played straight through during plaintiffs' case in chief. *See* Nov. 14, 2019 DAP Tr. Tran. at 235; May 4, 2018 DPP Tr. Tran. at 190 (instructing the parties to run deposition designations "without interruptions and without volleying back and forth and starting and stopping again, so that to the extent possible, what the jury will see is what actually happened in realtime, in real life at the deposition"); May 7, 2018 DPP Tr. Tran at 273 (instructing parties to play video depositions "to start at the beginning and go to the end, covering everything that I've allowed to come in" during plaintiffs' case even where defendants designated more of the video than plaintiffs); May 15, 2018 DPP Tr. Tran. at 229-230 (instructing parties to "flip the switch and run the whole [deposition] for this particular witness at once" in plaintiffs' case, where the time required to play defendants' completeness and counter-designations outweighed the time for plaintiffs' affirmative designations). These excerpts from the DAP and DPP trial transcripts are attached hereto as Exhibits B and C, respectively.

5

plaintiff finding the "wide separation of the relevant parts of a deposition unduly impedes the orderly consideration of the deposition testimony"); *see also In re Welding Fume Prods. Liab. Litig.*, No. 1:03-CV-17000, 2010 WL 7699456, at *2 (N.D. Ohio June 4, 2010) (instructing before trial that any party "wishing to present a videotaped deposition of a fact witness in its case[-]in-chief must show to the jury, all at once, *all* of the designated portions of the videotaped deposition, including those designated by the opposing party").

Finally, Plaintiffs would not be prejudiced by presentation of counter-designations at the same time Plaintiffs' requested testimony is introduced. *See Juneau Square Corp. v. First Wis. Nat'l Bank of Milwaukee*, 475 F. Supp. 451, 465 (E.D. Wis. 1979) (finding plaintiff not prejudiced by court requiring plaintiffs to read defendants' affirmative and counter-designations in their case). Defendants' counter-designations stay within the scope of the witnesses' affirmative testimony and presenting these designations would simply mimic the presentation of testimony had the witness appeared live. Requiring Defendants to present this limited testimony for the same witness during its case would only delay trial and disrupt the presentation of witnesses.

## Conclusion

Defendants respectfully request this Court grant Defendants' motion *in limine* and allow consolidated and streamlined presentation of witness testimony presented via deposition designations: (1) for witnesses offered by both sides, present all designations of both sides once, including all affirmative, completeness, and counter-

designations; (2) for witnesses offered only by Plaintiffs, present all of Defendants' completeness and counter-designations along with Plaintiffs' designations.

Dated: August 26, 2022

Respectfully submitted,

*/s/ Patrick M. Otlewski*

Patrick M. Collins (pcollins@kslaw.com)
Livia M. Kiser (lkiser@kslaw.com)
Patrick M. Otlewski (potlewski@kslaw.com)
Abigail Hoverman Terry (aterry@kslaw.com)
KING & SPALDING LLP
110 North Wacker Drive, 38th Floor
Chicago, IL 60606
Tel: (312) 995-6333

Lohr Beck (lohr.beck@kslaw.com) (pro hac vice)
Andrew Chinsky (achinsky@kslaw.com)
KING & SPALDING LLP
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309
Tel: (404) 572-2812

Brian E. Robison (brian@brownfoxlaw.com)
(pro hac vice)
BROWN FOX PLLC
6303 Cowboys Way, Suite 450
Frisco, TX 75034
Tel: (972) 707-2809

*Counsel for Defendant Cal-Maine Foods, Inc.*

*/s/ Carrie C. Mahan*
Carrie C. Mahan (carrie.mahan@weil.com)
S. Nicole Booth (nicole.booth@weil.com)
WEIL, GOTSHAL & MANGES LLP
2001 M Street, N.W.
Washington, D.C. 20036
Tel: (202) 682-7000

Brian G. Liegel (brian.liegel@weil.com)
WEIL, GOTSHAL & MANGES LLP
1395 Brickell Avenue, Suite 1200
Miami, FL 33131
Tel: (305) 577-3180

Stephen J. Siegel (ssiegel@novackmacey.com)
Elizabeth C. Wolicki (ewolicki@novackmacey.com)
NOVACK AND MACEY LLP
100 N Riverside Plaza
Chicago, IL 60606
Tel: (312) 419-6900

*Counsel for Defendant Michael Foods, Inc.*

/s/ *Robin P. Sumner*
Robin P. Sumner (robin.sumner@troutman.com)
Kaitlin L. Meola (kaitlin.meola@troutman.com)
TROUTMAN PEPPER HAMILTON SANDERS LLP
3000 Two Logan Square, 18th and Arch Streets
Philadelphia, PA 19103-2799
Tel: (215) 981-4000

Whitney R. Redding
(whitney.redding@troutman.com)
TROUTMAN PEPPER HAMILTON SANDERS LLP
Union Trust Building
501 Grant Street, Suite 300
Pittsburgh, PA 15219-4429
Tel: (412) 454-5085

Robert E. Browne, Jr.
(robert.browne@troutman.com)
TROUTMAN PEPPER HAMILTON SANDERS LLP
227 West Monroe Street, Suite 3900
Chicago, IL 60606
Tel: (312) 759-1923

*Counsel for Defendants United Egg Producers, Inc.*
*& United States Egg Marketers, Inc.*

*/s/ Donald M. Barnes*
Donald M. Barnes (dbarnes@porterwright.com)
Jay L. Levine (jlevine@porterwright.com)
PORTER, WRIGHT, MORRIS & ARTHUR LLP
2020 K. Street, N.W., Suite 600
Washington, D.C. 20006-1110
Tel: (202) 778-3000

James A. King (jking@porterwright.com)
Allen T. Carter (acarter@porterwright.com)
PORTER, WRIGHT, MORRIS & ARTHUR LLP
41 South High Street, Suite 2900
Columbus, OH 43215
Tel: (614) 227-2000

***Counsel for Defendant Rose Acre Farms, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that on August 26, 2022, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all CM/ECF participants registered to receive service in this action.

*/s/ Patrick M. Otlewski*
Patrick M. Otlewski
