UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KRAFT FOODS GLOBAL, INC., THE KELLOGG COMPANY, GENERAL MILLS, INC., and NESTLÉ USA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED EGG PRODUCERS, INC., UNITED STATES EGG MARKETERS, INC., CAL-MAINE FOODS, INC., MICHAEL FOODS, INC., and ROSE ACRE FARMS, INC. <br><br> Defendants. | No. 1:11-cv-08808 <br><br> Judge Charles R. Norgle |

**DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE PLAINTIFFS' EXPERT FROM OFFERING FACTUAL NARRATIVE TESTIMONY**

Defendants United Egg Producers, Inc. ("UEP"), United States Egg Marketers, Inc. ("USEM"), Cal-Maine Foods, Inc. ("Cal-Maine"), Michael Foods, Inc. ("MFI"), and Rose Acre Farms, Inc. ("Rose Acre") respectfully move *in limine* for an order precluding Plaintiffs' economist, Dr. Michael Baye, from offering factual narrative testimony at trial under the guise of purported expert testimony.

### Introduction and Background

Dr. Baye's expert report dated January 22, 2015, runs 343 pages in length.[1] *See* January 22, 2015 Expert Report attached as Ex. A.[2] In Appendix 2 to his report,

---

[1] The February 6, 2015 supplement to Dr. Baye's expert report contains an additional 27 pages including exhibits.

[2] Defendants attach only the exhibits to Baye's report that are cited in this motion.

Dr. Baye lists 10 pages of Materials Relied Upon and Materials Considered, including over 100 depositions, 157 bates-stamped documents, 39 websites, and 16 news articles, among other categories of documents. In portions of his expert report, Dr. Baye cherry-picks documentary material that he views as helpful for Plaintiffs' case and then argues Plaintiffs' view of how that documentary material supports Plaintiffs' antitrust claim. Essentially, Dr. Baye provides Plaintiffs' closing argument in several sections of his report.

Dr. Baye devotes an entire section of his report to such a narrative: "The Documentary Record is Consistent with Plaintiffs' Allegations that Defendants Sought to Raise Prices through Coordinated Supply Reductions." *See* Baye Report at ¶¶ 36–48; Baye Dep. attached as Ex. B at 359:10–15. There, he lays out a one-sided interpretation of the documentary record in this case. *See* Baye Dep. at 368:14–17 ("And all that follows is, you know, fairly high-level discussion of the documentary record that I reviewed."). Consider the following examples:



Dr. Baye's inappropriate recitation and characterization of evidence is displayed throughout his report, including as to documents and testimony that are not necessarily admissible at trial:



███████████████████████████████████

And in his deposition, Dr. Baye testified repeatedly to disputed facts based on "[his] reading of the record" or "the documentary record." *See* Baye Dep. at 96:16–97:2; 148:21–149:3; 354:17–355:2.

Although Dr. Baye is an economist by trade, Plaintiffs appear ready to have Dr. Baye testify to his interpretation of the factual record in this case. Plaintiffs should not be allowed to present "trial by Dr. Baye"—where Dr. Baye spends a lengthy portion of his testimony providing his interpretation of documents, or selected portions of documents, which are otherwise inadmissible or which should be testified to by a fact witness—all under the guise and imprimatur of expert testimony. The jury does not need Dr. Baye's interpretation of the facts, as that hardly requires economic expertise. Dr. Baye's non-expert conclusion that his cherry-picked documents support Plaintiffs' allegations usurps the role of the jury and is inadmissible. Defendants file this motion to raise the issue with the Court well in advance of trial.[3]

## Law and Argument

While experts are given latitude to testify regarding the bases for their opinion, experts are ***not*** allowed to be spokespersons for counsel and present pre-packaged factual narratives advocating counsel's theory of the case. Judge St. Eve's

---

[3] Defendants met and conferred with Plaintiffs on this issue, but the parties were unable to reach agreement.

opinion in *Baldonado v. Wyeth*, is instructive:

> Defendant next seeks to preclude the experts from offering "narrative histories" of Defendant's promotion of hormone therapy. In their respective reports, Dr. Hollon and Dr. Fugh–Berman offer lengthy narrative summaries about Defendant's promotion of hormone therapy products over approximately the last 60 years. . . [A]llowing an expert to provide summary testimony "based on nothing more than [the expert's] review of certain discovery materials could give the jury the impression that he did something more than simply review the materials, which the jury can do itself." . . . Even if the expert may have relied upon his or her expertise to "wade through the multitude of possibly relevant documents," the "vast majority" of the experts' proffered narratives amount to a summary and statement of the experts' "advocacy-based interpretation of documents in the record concerning" HT marketing practices . . . For these reasons, the experts may not offer factual narrative testimony that simply summarizes documents relating to Defendant's promotion of hormone therapy.

No. 04 C 4312, 2012 WL 1802066, at *1 (N.D. Ill. May 17, 2012) (cleaned up).

Chief Judge Pallmeyer, as well as other district court judges across the 7th Circuit, have similarly excluded such testimony by experts for the same reasons. *See, e.g.*, *In re Zimmer Nexgen Knee Implant Products Liability Litigation*, MDL No. 2272, No. 12 C 6279, 2015 WL 5145546, at *12 (N.D. Ill. 2015) (Pallmeyer, J.) ("A large portion of Mr. Ulatowski's report consists of a narrative description . . . The court agrees with Plaintiff that to the extent such information is useful, it should be presented to the jury through a fact witness . . . ."); *Hostetler v. Johnson Controls, Inc.*, No. 3:15-cv-226 JD, 2020 WL 4915668, at *5 (N.D. Ind. 2020) ("'[C]onstructing a factual narrative based upon record evidence' is not a role for expert testimony— that's a lawyers job through the presentation of evidence and through opening statements and closing arguments."); *SEC v. ITT Educational Services, Inc.*, 311 F. Supp. 3d 977, 987 (S.D. Ind. 2018) ("[I]t is inappropriate for experts to become a

vehicle for factual narrative . . . ."); *Estate of Arama v. Winfield*, No. 2:13-CV-381-JD, 2017 WL 1951462, at *4 (N.D. Ind. 2017) ("Nor is a witness allowed, under the guise of giving expert testimony, to in effect become the mouthpiece of the witnesses on whose statements or opinions the expert purports to base his opinion."); *Gumwood HP Shopping Partners, L.P. v. Simon Property Group, Inc.*, No. 3:11-CV-268 JD, 2016 WL 6091244, at *2 (N.D. Ind. 2016) ("Dr. Frech's expertise as an economist offers the jury no assistance in deciding who or what to believe, so his opinions that Simon coerced the retailers, and the factual narratives accompanying those opinions, are not admissible as expert testimony.").[4]

Dr. Baye's anticipated narrative testimony is also inappropriate because he intends to interpret documents and quotations from documents, all while adding inappropriate color and commentary. *See, e.g.,* Baye Report at ¶ 103 ▮

▮

---

[4] Courts outside the Seventh Circuit regularly exclude expert testimony that provides factual narrative. *See Beede v. Stiefel Labs., Inc.*, No. 13-cv-120, 2016 WL 916418, at *80–81 (N.D.N.Y. Mar. 7, 2016) ("While an expert must of course rely on facts or data in formulating an expert opinion . . . an expert cannot be presented to the jury solely for the purpose of constructing a factual narrative based upon record evidence."); *Fujifilm Corp. v. Motorola Mobility LLC*, No. 12-cv-03587, 2015 WL 757575, at *84–88 (N.D. Cal. Feb. 20, 2015) ("Where expert testimony simply rehash[es] otherwise admissible evidence about which [the expert] has no personal knowledge, such evidence—taken on its own—is inadmissible.") (citations omitted); *Johns v. Bayer Corp.*, No. 09-cv-01935, 2013 WL 1498965, at *28 (S.D. Cal. Apr. 10, 2013) (excluding expert report which offered "nothing more than a factual narrative"); *In re Rezulin Prods. Liab. Litig.*, 309 F. Supp. 2d 531, 551 (S.D.N.Y. 2004) ("[T]he glosses that Dr. Gale interpolates into his narrative are simple inferences drawn from uncomplicated facts that serve only to buttress plaintiffs' theory of the case . . . Dr. Gale 'does no more than counsel for plaintiff will do in argument, i.e., propound a particular interpretation of [defendant]'s conduct.' Accordingly, Dr. Gale's testimony relating to the 'history of Rezulin' is inadmissible.").



Similarly, Dr. Baye often references and relies upon purported statements in United Voices articles—when there is no evidence to support the statement or the underlying evidence in the record affirmatively disproves the statement. *See, e.g, id.* at ¶ 101

The simple fact that a document was produced in discovery or was used as a deposition exhibit does not establish that Dr. Baye can testify about its contents, or provide his characterization or interpretation of its contents, at trial. Nor is it appropriate for Dr. Baye to lend his expert imprimatur to selected documents by testifying as to their contents or to their factual consistency with Plaintiffs' conspiracy allegations. Dr. Baye's anticipated factual narrative testimony should be barred under Rule 702 and under Rule 403, given its anticipated waste of time and

cumulative nature, all while inappropriately putting the expert imprimatur on selected portions of the documentary record.

## Conclusion

Defendants respectfully request that this Court enter an Order precluding Plaintiffs' economist, Dr. Michael Baye, from offering factual narrative testimony at trial under the guise of purported expert testimony.

Dated: August 26, 2022

Respectfully submitted,

*/s/ Patrick M. Otlewski*
Patrick M. Collins (pcollins@kslaw.com)
Livia M. Kiser (lkiser@kslaw.com)
Patrick Otlewski (potlewski@kslaw.com)
Abigail Hoverman Terry (aterry@kslaw.com)
KING & SPALDING LLP
110 North Wacker Drive, 38th Floor
Chicago, IL 60606
Tel: (312) 995-6333

Lohr Beck (lohr.beck@kslaw.com)
(pro hac vice)
Andrew Chinsky (achinsky@kslaw.com)
KING & SPALDING LLP
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309
Tel: (404) 572-2812

Brian E. Robison (brian@brownfoxlaw.com)
(pro hac vice)
BROWN FOX PLLC
6303 Cowboys Way, Suite 450
Frisco, TX 75034
Tel: (972) 707-2809

*Counsel for Defendant Cal-Maine Foods, Inc.*

*/s/ Carrie C. Mahan*
Carrie C. Mahan (carrie.mahan@weil.com)
S. Nicole Booth (nicole.booth@weil.com)
WEIL, GOTSHAL & MANGES LLP
2001 M Street, N.W.
Washington, D.C. 20036
Tel: (202) 682-7000

Brian G. Liegel (brian.liegel@weil.com)
WEIL, GOTSHAL & MANGES LLP
1395 Brickell Avenue, Suite 1200
Miami, FL 33131
Tel: (305) 577-3180

Stephen J. Siegel (ssiegel@novackmacey.com)
Elizabeth C. Wolicki (ewolicki@novackmacey.com)
NOVACK AND MACEY LLP
100 N Riverside Plaza
Chicago, IL 60606
Tel: (312) 419-6900

**Counsel for Defendant Michael Foods, Inc.**

*/s/ Robin P. Sumner*
Robin P. Sumner (robin.sumner@troutman.com)
Kaitlin L. Meola (kaitlin.meola@troutman.com)
TROUTMAN PEPPER HAMILTON SANDERS LLP
3000 Two Logan Square, 18th and Arch Streets
Philadelphia, PA 19103-2799
Tel: (215) 981-4000

Whitney R. Redding
(whitney.redding@troutman.com)
TROUTMAN PEPPER HAMILTON SANDERS LLP
Union Trust Building
501 Grant Street, Suite 300
Pittsburgh, PA 15219-4429
Tel: (412) 454-5085

Robert E. Browne, Jr.
(robert.browne@troutman.com)
TROUTMAN PEPPER HAMILTON SANDERS LLP
227 West Monroe Street, Suite 3900
Chicago, IL 60606

Tel: (312) 759-1923

*Counsel for Defendants United Egg Producers, Inc. & United States Egg Marketers, Inc.*

/s/ Donald M. Barnes
Donald M. Barnes (dbarnes@porterwright.com)
Jay L. Levine (jlevine@porterwright.com)
PORTER, WRIGHT, MORRIS & ARTHUR LLP
2020 K. Street, N.W., Suite 600
Washington, D.C. 20006-1110
Tel: (202) 778-3000

James A. King (jking@porterwright.com)
Allen T. Carter (acarter@porterwright.com)
PORTER, WRIGHT, MORRIS & ARTHUR LLP
41 South High Street, Suite 2900
Columbus, OH 43215
Tel: (614) 227-2000

*Counsel for Defendant Rose Acre Farms, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on August 26, 2022, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all CM/ECF participants registered to receive service in this action.

*/s/ Patrick M. Otlewski*
Patrick M. Otlewski
