## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| KRAFT FOODS GLOBAL, INC., THE KELLOGG COMPANY, GENERAL MILLS, INC., and NESTLÉ USA, INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | No. 1:11-cv-08808 |
| v. | ) ) | Judge Charles R. Norgle |
| UNITED EGG PRODUCERS, INC., UNITED STATES EGG MARKETERS, INC., CAL-MAINE FOODS, INC., MICHAEL FOODS INC., and ROSE ACRE FARMS, INC. | ) ) ) ) ) ) | |
| Defendants. | ) | |

### PLAINTIFFS' MOTION *IN LIMINE* NUMBER 4

### MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION *IN LIMINE* TO PRECLUDE REFERENCE TO PRIOR LAWSUITS OR TRIALS

Brandon D. Fox
Amy M. Gallegos (*admitted pro hac vice*)
JENNER & BLOCK LLP
515 South Flower
Suite 3300
Los Angeles, CA 90071
Tel: (213) 239-5100
Fax: (213) 239-5199
bfox@jenner.com
agallegos@jenner.com

James T. Malysiak
Terrence J. Truax
Joel T. Pelz
Angela M. Allen
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654
Tel: (312) 222-9350
Fax: (312) 527-0484
jmalysiak@jenner.com
ttruax@jenner.com
jpelz@jenner.com
aallen@jenner.com

*Attorneys for Kraft Foods Global, Inc.; The Kellogg Company;*
*General Mills, Inc.; and Nestlé USA, Inc.*

Plaintiffs submit this memorandum in support of their motion *in limine* to direct the

Parties not to refer to, or elicit any testimony regarding, the prior DPP and DAP trials or their

outcomes. Plaintiffs believe this motion is not a close call – any reference to the prior trials and

their outcomes is irrelevant and would be unfairly prejudicial to Plaintiffs. Indeed, the

Defendants in the DAP trial stipulated to the very same language for referencing prior trial

testimony that Plaintiffs now propose be used in this action:

> The parties agree that argument, evidence, and testimony relating to the fact or
> outcome of the Direct Purchaser Plaintiffs' trial may not be presented in DAP's
> trial. To the extent that the parties in the Direct Action Plaintiffs' trial introduce
> testimony from the Direct Purchaser Plaintiffs' trial in accordance with the
> Federal Rules of Civil Procedure, the parties agree that the testimony shall be
> identified in the jury's presence as a witness's "prior sworn testimony," or "prior
> testimony under oath." To the extent a witness mentions the Direct Purchaser
> Plaintiffs' trial on the stand in the presence of the jury, the parties agree that they
> may request an appropriate limiting instruction.[1]

## BACKGROUND[2]

### Facts Relevant to This Motion *in Limine*

***Procedural Background***. Beginning in 2008, plaintiffs filed class actions and individual

lawsuits against egg producers and two trade associations, UEP and USEM, complaining that

defendants had engaged in a conspiracy to increase the price of eggs. The Judicial Panel on

Multi-District Litigation coordinated the cases for pre-trial proceedings before the Hon. Gene

Pratter in the United States District Court for the Eastern District of Pennsylvania ("MDL

Court"). *See In re Processed Egg Prods. Antitrust Litig*., 588 F. Supp. 2d 1366 (J.P.M.L. 2008).

---

[1] *In re Processed Egg Prods. Antitrust Litig.*, No. 2:08-md-02002-GEKP (E.D. Pa. Aug. 15, 2019), ECF No. 1947.

[2] To avoid needless duplication, Plaintiffs have provided background relevant to all of their motions *in limine* in Plaintiffs' Motion *in Limine* Number 1, Dkt. 168. In this motion, Plaintiffs present such additional backgrounds as is relevant to consideration of this motion.

In 2011, Plaintiffs Kraft Foods Global, Inc. ("Kraft"); The Kellogg Company ("Kellogg"); General Mills, Inc. ("General Mills"); and Nestlé USA, Inc. ("Nestlé") (collectively, "Plaintiffs") brought this individual action in the Northern District of Illinois. Dkt. 1. This case was coordinated with the other lawsuits in the MDL Proceedings for pre-trial proceedings. *See In re Processed Egg Prod. Antitrust Litig.*, No. 1:11-cv-08808-MDL-2002 (J.P.M.L. Jan. 3, 2012), ECF No. 12; 28 U.S.C. § 1407. Upon the conclusion of pre-trial proceedings, Plaintiffs' individual actions were remanded to this Court for trial. *See In re Processed Egg Prod. Antitrust Litig.*, No. 2:12-cv-00088-MDL-2002 (J.P.M.L. Aug. 16, 2019), ECF No. 71.

The cases that were initially filed in the MDL Court were not transferred to other courts upon the completion of pre-trial proceedings. Two of those cases were tried to verdict in the Eastern District of Pennsylvania. First, the MDL Court tried a class action brought by class representatives on behalf of a class of direct purchasers of eggs. The "Direct Purchaser Plaintiff" or "DPP" class case was tried in 2018. Although the jury answered special interrogatories in which it found by a preponderance of the evidence that there was a single overarching conspiracy to reduce egg supply, the jury returned a verdict for defendants. *See In re Processed Egg Prod. Antitrust Litig.*, No. 1:11-cv-08808-MDL-2002 (E.D. Pa. Jun. 15, 2018), ECF No. 1763. The MDL Court conducted a second trial in 2019. This case was brought on behalf of a group of grocery companies, known as "Direct Action Plaintiffs" or "DAPs," which were direct purchasers of eggs that had opted out of the DPP class. After trial, the jury found for defendants.

Although some of the defendants in this case were also defendants in the DPP and DAP trials, there is not a complete identity of defendants. In addition, the Plaintiffs in this case were not parties in the prior trials.

*Use of Testimony from the DPP and DAP Trials*.  The parties anticipate testimony from the prior trials will be used in the upcoming trial in this Court.   For example, testimony constituting admissions of a party may be introduced or prior testimony may be used for impeachment.

Plaintiffs proposed to Defendants that if testimony from a prior trial was to be used or referenced, the Court and the parties should simply refer to it as "prior sworn testimony."  The jury could be instructed that the testimony was to be considered as if it had been presented live in the courtroom, as juries are often instructed as to other sworn testimony.  Plaintiffs proposed that the testimony not be referred to as "trial" testimony, which might cause the jury to speculate as to the outcome of prior trials.  Plaintiffs also stated that under no circumstances should the jury be informed of the outcome of the prior trials.

Defendants rejected this proposal.  Defendants would like to be able to cross-examine witnesses who testified in the prior trials on the theory that the outcome of those cases has somehow poisoned their attitude towards the Defendants and created additional bias.  Defendants intend to refer to the prior trials and their outcomes.  While a witness can be cross-examined as to any differences between that witness's current and prior testimony, Plaintiffs object to any effort of Defendants to inform the jury as to the existence or outcome of the prior trials.

## ARGUMENT

The Court should direct the parties and their witnesses to avoid any reference to the prior trials.  They should also not state – or intimate – the outcome of those trials.  Defendants' suggestion that they may advise the jury that the testimony was prior trial testimony or suggest the outcome of the prior trials would run afoul of the Federal Rules of Evidence, well-established caselaw, and would unfairly prejudice Plaintiffs.

## I.     DESCRIBING PRIOR TESTIMONY AS "TRIAL" TESTIMONY IS IRRELEVANT AND PREJUDICIAL.

While prior trial testimony may be relevant for some purpose, the context in which the prior testimony was taken, whether at a deposition or trial, is not relevant and any such references would be highly prejudicial to Plaintiffs. Fed. R. Evid. 401, 403.

Stating or suggesting that sworn testimony was given at a prior trial is irrelevant.  It does not tend to prove or disprove whether Defendants engaged in anticompetitive conduct under federal law as alleged in this case and therefore they are not of any "consequence in determining the action." *Id.*   Should Defendants wish to use prior testimony from the DPP and DAP trials, they can and should do so without referencing that the witness previously testified at a prior trial or deposition.  Even if there is a shred of relevance to disclosing the existence of the prior trials, and there is not, the unfair prejudice that could result from that disclosure would greatly outweigh any marginal probative value.

Case law is instructive. For example, in *CRST Expedited, Inc. v. Swift Transp. Co. of Ariz., LLC*, No. 17-cv-25-CJW-KEM, 2019 WL 2929516, at *1 (N.D. Iowa July 8, 2019), a case involving two competing trucking companies, plaintiff sued defendant for tortious interference and unjust enrichment alleging that defendant actively recruited plaintiff's drivers in violation of their contracts. Plaintiff moved *in limine* to exclude "all evidence and references to lawsuits other than this lawsuit" on the grounds that they were irrelevant. *Id.* at *3. The Court agreed and excluded the references to prior trials.  The Court found that "the existence of other lawsuits, complaints, claims, or settlements is irrelevant to this case and such evidence is, therefore, inadmissible." *Id.* at *4.

Courts, including the Seventh Circuit, have held that the potential for unfair prejudice or jury confusion from referencing prior trials substantially outweighs any probative value from that

evidence.  In *Am. Nat'l Bank & Trust v. Reg'l Transp. Auth.*, 125 F.3d 420, 430–31 (7th Cir. 1997), the Seventh Circuit affirmed the district court's grant of a motion *in limine* to exclude all references to parallel state litigation.  In *Bryd v. Hobart*, No.16-1241-CSB, 2022 WL 2388728, at * 3 (C.D. Ill. Mar. 1, 2022), plaintiff moved *in limine* to prohibit defendants from arguing or offering any evidence regarding plaintiff's or its witnesses' involvement in filing any other lawsuits on the grounds of relevance and Rule 403. The court granted the motion and held "such evidence would be irrelevant, [and] would be unfairly prejudicial." *Id.*[3]

The Court should exclude any reference to the DPP or DAP trials.  Such references are irrelevant and would be unfairly prejudicial.

## II.     REFERENCE TO THE OUTCOME OF PRIOR TRIALS WOULD BE UNFAIRLY PREJUDICIAL.

It is equally clear that any reference to the outcome of the DPP and DAP trials is irrelevant.  Moreover, the potential for the jury to be misled and confused from such evidence, and the Plaintiffs unfairly prejudiced, substantially outweighs any purported probative value.

Courts routinely exclude any reference to the outcome of prior trials.  For example, in *Parr v. Sunbeam Prods., Inc.*, No. 06–1208, 2009 WL 10682264, at *8 (C.D. Ill. June 3, 2009), defendant manufacturer moved to preclude any evidence related to prior jury verdicts in a related litigation because such evidence would be unduly prejudicial, would likely confuse the jury, and would necessitate a mini-trial about the prior proceedings. Plaintiffs, who had sued defendant for

---

[3] These are not isolated decisions.  *See Montgomery v. City of Chicago*, No. 86 C 3872, 1993 WL 169278, at *1 (N.D. Ill. May 18, 1993) (granting plaintiff's motion *in limine to* exclude evidence of prior lawsuits filed by or against plaintiff and specifically barring defendant from referring to other lawsuits "solely for the sake of bringing the existence of the lawsuits to the attention of the jury"); *Theranos, Inc. v. Fuisz Pharma LLC*, No. 11-cv-05236, 2014 WL 12695908, at *6 (N.D. Cal. Mar. 10, 2014) ("Because the court finds that evidence relating to the prior, parallel litigation would confuse the issues and not provide significant probative value, the court precludes any reference to the prior case . . . ."); *Novartis v. Teva*, No. 05-CV-1887, 2009 WL 3754170, at *9 (D.N.J. Nov. 5, 2009) (holding that evidence of "prior and/or collateral litigations are likely to result in unfair prejudice, confusion and undue delay"); *Wilson v. Zielke*, No. 06-cv-2450, 2009 WL 1285867, at *5 (E.D. Pa. Apr. 23, 2009) (excluding evidence of prior related lawsuit as irrelevant and prejudicial).

negligence and strict liability, contended that the verdicts were relevant to defendant's notice of the dangerous product, supported the falsity of its representations and sales practices, and established the degree of its culpable conduct. *Id.* The court rejected these arguments and found that the outcomes of prior trials are not relevant and are highly prejudicial. *Id.* The court granted defendant's motion. The court held that "[w]hether the cases resulted in verdicts for or against Sunbeam, the verdicts in other cases involve a separate set of facts, application of foreign law, and would likely cause undue prejudice by improperly influencing the province of the jury to function as an independent tribunal in assessing liability." *Id.* at *9.

Other cases are in accord. *See Grenadyor v. Ukrainian Vill. Pharm., Inc.*, No. 09 C 7891, 2019 WL 1200780, at *1-2 (N.D. Ill. Mar. 14, 2019) (granting motion *in limine* prohibiting reference of outcome of prior *qui tam* action at remaining trial on retaliation claim because doing so would "eliminate the need for confusing, irrelevant, and potentially prejudicial evidence"); *Empress Casino Joliet Corp. v. Johnston*, No. 09 C 3585, 2014 WL 6735529, at *13 (N.D. Ill. Nov. 28, 2014) (citing Rule 403 and granting motion *in limine* prohibiting evidence related to outcome of prior state litigation because such evidence would lead to a "far-flung detour from those matters that are relevant to the claims and defenses in this case").

This case should be decided based on the evidence in this case. The jury should not be tainted by the verdicts in other trials, which involved different parties, witnesses, and evidence. To permit Defendants' proposed course of action would deny Plaintiffs a fair trial before an untainted jury.

**CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their motion *in limine* and preclude any references to the DPP or DAP trials or their outcome.

August 26, 2022

Respectfully submitted,

**Counsel for Plaintiffs Kraft Foods Global, Inc., General Mills, Inc., Nestlè USA, Inc. and The Kellogg Company**

 /s/ *Brandon D. Fox*
James T. Malysiak
Joel T. Pelz
Angela M. Allen
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654
Tel: (312) 222-9350
Fax: (312) 527-0484
jmalysiak@jenner.com
jpelz@jenner.com
aallen@jenner.com

Brandon D. Fox
Amy M. Gallegos (*admitted pro hac vice*)
JENNER & BLOCK LLP
515 South Flower
Los Angeles, CA 90071
Tel: (213) 239-5100
Fax: (213) 239-5199
bfox@jenner.com
agallegos@jenner.com