**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KRAFT FOODS GLOBAL, INC., THE KELLOGG COMPANY, GENERAL MILLS, INC., and NESTLÉ USA, INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | No. 1:11-cv-08808 |
| v. | ) ) | Judge Charles R. Norgle |
| UNITED EGG PRODUCERS, INC., UNITED STATES EGG MARKETERS, INC., CAL-MAINE FOODS, INC., MICHAEL FOODS INC., and ROSE ACRE FARMS, INC. | ) ) ) ) ) ) | |
| Defendants. | ) | |

**PLAINTIFFS' MOTION *IN LIMINE* NUMBER 6**

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION *IN LIMINE*
TO EXCLUDE ANY REFERENCE TO FAMILY FARMS**

Brandon D. Fox
Amy M. Gallegos (*admitted pro hac vice*)
JENNER & BLOCK LLP
515 South Flower Street
Suite 3300
Los Angeles, CA 90071
Tel: (213) 239-5100
Fax: (213) 239-5199
bfox@jenner.com
agallegos@jenner.com

James T. Malysiak
Terrence J. Truax
Joel T. Pelz
Angela M. Allen
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654
Tel: (312) 222-9350
Fax: (312) 527-0484
jmalysiak@jenner.com
ttruax@jenner.com
jpelz@jenner.com
aallen@jenner.com

*Attorneys for Kraft Foods Global, Inc.; The Kellogg Company;
General Mills, Inc.; and Nestlé USA, Inc.*

Defendants should be precluded from presenting evidence, testimony, or argument at trial referring to themselves as "family farms." These references are irrelevant to the claims and defenses and unfairly prejudicial. After all, companies can engage in wrongful conduct regardless of whether they are family run.

Defendants—large factory farming companies and egg industry trade associations—engaged in a conspiracy along with other large egg producers that began in 1998. The evidence will demonstrate that Defendants agreed to a series of measures designed to restrict the number of laying hens in order to increase the price of eggs.

Plaintiffs purchase processed eggs, or "egg products," for use in their commercial baking operations and in other food products. Plaintiffs have alleged, and will prove at trial, that Defendants engaged in a conspiracy to increase the price of eggs and egg products in violation of antitrust laws. The price impact of the conspiracy was substantial. Indeed, Plaintiffs' expert's analysis of Defendants' scheme concluded that the overcharges as a result of the conspiracy are well in excess of $1 billion. At trial, Plaintiffs seek to recover the share of those damages they bore by way of higher prices for egg products.

**Facts Relevant to This Motion *in Limine***

Defendants intend to introduce evidence, testimony, and argument at trial depicting their operations as "family farms." For example, in the trial involving the Direct Action Plaintiffs (the "grocers" or the "DAPs"), Defendant Rose Acre Farms, Inc. ("Rose Acre") referred to its "small town" roots, argued it was a "family-owned farm" with "modest beginnings," showed the jury a 1950s photograph of former CEO Lois Rust, discussed their good corporate conduct from 70 years ago, and introduced various members of the Rust family present in the courtroom.[1] Rose Acre

---

[1] Ex. 1, Excerpt of DAP Trial Tr. at 127–130 (Nov. 4, 2019).

argued that the DAPs' antitrust lawsuit "attack[ed] the values of the Rust family, from Lois and David Rust forward, the integrity of the business and what they've built with their blood, sweat, and tears over the past 50 years."[2] In the trial involving Direct Purchaser Plaintiffs (the "class action" plaintiffs or the "DPPs"), Rose Acre CEO Marcus Rust testified that Rose Acre "knew we had to get with the majority of the other egg producers and figure out how we could protect our livelihood," adding "[e]verything our family had invested was in our henhouses."[3] Defendant United Egg Producers ("UEP") described its members as "some small mom and pops, some larger family farms, and some multistate farms"[4] and introduced testimony that one member decided to implement the UEP guidelines to "enable[] the preservation of our family business . . . . and potentially, looking forward would allow me to pass the business on to my children."[5] These references to "family farms" have no probative value and are unfairly prejudicial. Defendants should be precluded from presenting evidence, testimony, or argument at trial referring to Defendants as "family farms."

## LEGAL STANDARD

Evidence is relevant if it "(a) has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Evidence that is not relevant is not admissible. Fed. R. Evid. 402. Even if evidence is relevant, Federal Rule of Evidence 403 provides that a district court has discretion to exclude evidence where "its probative value is substantially outweighed by a danger of one or more of the

---

[2] Ex. 1, Excerpt of DAP Trial Tr. at 163 (Nov. 4, 2019).
[3] Ex. 2, Excerpt of DPP Trial Tr. at 214 (May 11, 2018).
[4] In the DPP Action, R.W. Sauder similarly introduced testimony that the company began as "a real small business going door to door." Ex. 3, Excerpt of DPP Trial Tr. at 11 (May 23, 2018). Paul Sauder described "gather[ing] eggs before school and after school" when he was "between 6 and 7 years old," and testified that he was the third generation of the family to work with "family farmers." Ex. 3, Excerpt of DPP Trial Tr. at 11, 18 (May 23, 2018).
[5] Ex. 4, Excerpt of DAP Trial Tr. at 115 (Nov. 22, 2019).

3

following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403; *see also Thompson v. City of Chicago*, 472 F.3d 444, 456 (7th Cir. 2006). "Evidence is considered unfairly prejudicial, not merely because it damages the opposing party's case, but also because its admission makes it likely that the jury will be induced to decide the case on an improper basis, commonly an emotional one, rather than on the evidence presented." *Id.*, 472 F.3d at 456–57 (internal quotation marks and citations omitted).

## ARGUMENT

Evidence and arguments characterizing Defendants as "family farms" or "family businesses" are irrelevant to whether Defendants participated in a conspiracy to increase the price of eggs, the price impact of the conspiracy, and the damages suffered by Plaintiffs. These references are not probative of any fact of consequence, and should be precluded under Fed. R. Evid. 401 and 402 as irrelevant.

Even if references to "family farms" were relevant, this evidence should be excluded as unfairly prejudicial under Fed. R. Evid. 403. Any limited probative value of this evidence will be substantially outweighed by the danger that this evidence will confuse the issues and mislead the jury regarding the ultimate issues of the case. Evidence that Defendants began as "small business[es]," witness testimony about their involvement "family business" as children, and introductions to witnesses' family members present in the courtroom improperly inject sympathy and make it likely that the jury will be induced to decide the case on an emotional basis. Family run businesses can engage in misconduct and violate antitrust laws just like any other entity can. Characterizing Defendants as "family farms" or "family businesses" is also misleading. During the formation of the conspiracy until the first lawsuits were filed, Defendants Cal-Maine Foods

4

and Rose Acre, both huge factory farming operations, were the largest and second largest egg producers in the United States, respectively. During the relevant time period, they had significant influence within UEP and the egg industry. Today is no different, as the two producers collectively earn approximately $2 billion in revenue annually.

Because such evidence about family involvement in Defendants' companies and characterizations of Defendants as "family farms" are irrelevant to the claims and defenses in this action, and because of the potential prejudice to Plaintiffs, this Court should bar the Defendants from presenting evidence that they are family owned and from characterizing their operations as "family farms."

## CONCLUSION

For the foregoing reasons, the Court should grant Plaintiffs' motion and preclude Defendants from introducing any argument, evidence, or testimony characterizing Defendants as "family farms."

August 26, 2022

Respectfully submitted,

*Counsel for Plaintiffs Kraft Foods Global, Inc., General Mills, Inc., Nestlé USA, Inc. and The Kellogg Company*

 /s/ *Brandon D. Fox*
Brandon D. Fox
Amy M. Gallegos (*admitted pro hac vice*)
JENNER & BLOCK LLP
515 South Flower Street
Suite 3300
Los Angeles, CA 90071
Tel: (213) 239-5100
Fax: (213) 239-5199
bfox@jenner.com
agallegos@jenner.com

                                                James T. Malysiak
                                                Joel T. Pelz
                                                Angela M. Allen
                                                JENNER & BLOCK LLP
                                                353 N. Clark Street
                                                Chicago, IL 60654-3456
                                                Tel: (312) 222-9350
                                                Fax: (312) 527-0484
                                                jmalysiak@jenner.com
                                                jpelz@jenner.com
                                                aallen@jenner.com