UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KRAFT FOODS GLOBAL, INC., THE KELLOGG COMPANY, GENERAL MILLS, INC., and NESTLÉ USA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED EGG PRODUCERS, INC., UNITED STATES EGG MARKETERS, INC., CAL-MAINE FOODS, INC., MICHAEL FOODS INC., and ROSE ACRE FARMS, INC. <br><br> Defendants. | No. 1:11-cv-08808 <br><br> Judge Charles R. Norgle |

## TRIAL STIPULATIONS 7-11 AND ORDER

The Parties have continued to engage in meet-and-confers regarding the Remaining Stipulations as set forth in the Parties' filing on August 26, 2022.

The Parties having reached agreement on these issues, the Court enters an Order as follows:

### Trial Stipulation 7: "Good" Corporate Conduct

Any argument or evidence concerning the Parties' respective charitable donations, philanthropic activity, or other "good" corporate conduct unrelated to allegations in the Complaint is inadmissible. If a Party opens the door by, for example, presenting argument or evidence that another party engaged in "bad" corporate conduct, a Party may present argument or evidence regarding "good" conduct to rebut the same. This stipulation does not govern argument, evidence, or

testimony regarding Defendants' alleged animal welfare violations or activity in a price fixing scheme.

### Trial Stipulation 8: Rose Acre's 2018 Recall

Plaintiffs shall not introduce argument or evidence referring to Rose Acre Farms, Inc.'s April 13, 2018 recall of shell eggs unless Defendants open the door to such argument or evidence. Plaintiffs may need to address this recall should Defendants themselves present argument or evidence making this recall relevant for rebuttal or impeachment purposes.

### Trial Stipulation 9: Alleged Animal Welfare Abuses

Should the Court deny Defendants' Motion in Limine [D.E. 161] with respect to the videos and photographs taken at facilities of Defendants, Defendant Rose Acre will not object to foundation or authenticity of the videos and photographs previously admitted into evidence at the DAP Trial [Exhibits 506 & 719], which are currently a subset of what Plaintiffs have listed as PX 10, 24, & 1094 on their exhibit list.

With respect to Rose Acre, the Parties agree that Plaintiffs will only attempt to introduce what was previously admitted as Exhibits 506 & 719 at the DAP Trial and will not attempt to introduce any other videos or photographs taken of Rose Acre's facilities, including specifically the full videos currently encompassed by PX 4, 10, and 24. The Parties also agree that DAP Trial Exhibits 506 & 719 would only be admissible against Rose Acre, and that a limiting instruction to this effect should be given at trial when the video is published to the jury.

### Trial Stipulation 10: Alleged Side Agreement on Expanding Facilities

The Parties agree to refrain from arguing or presenting evidence regarding any alleged side agreements among UEP Certified producers, including current and past Defendants, to refrain from expanding facilities or capacity for egg-laying hens or otherwise expanding capacity for egg production. This stipulation does not bar argument or evidence regarding whether or not the Defendants' expanded facilities or capacity, or whether or not Defendants' restricted facilities or capacity, or the nature of any purported expansion whether by acquisition or whether in the same relevant market, nor does it bar evidence of the UEP's statements, or any other conspirators' statements, with respect to restricting expansion.

### Trial Stipulation 11: Prior Trials

The Parties agree that argument, evidence, and testimony relating to the fact or outcome of the Direct Purchaser Plaintiffs' trial and Direct Action Plaintiffs' trial may not be presented in this trial. To the extent that the Parties in this trial introduce testimony from either previous trial in accordance with the Federal Rules of Civil Procedure, the Parties agree that such testimony shall be identified in the jury's presence as a witness's "prior sworn testimony," or "prior testimony under oath."

To the extent a witness mentions either previous trial on the stand in the presence of the jury, the Parties agree that they may request an appropriate limiting instruction.

### Remaining Stipulations:

The Parties have negotiated in good faith to reach the additional stipulations referenced above to avoid motions in limine on these matters. In addition to the

above-referenced stipulations, the Parties are continuing to negotiate in good faith on additional potential stipulations related to designations of witness testimony. To the extent additional agreements are reached, the Parties will submit the stipulations promptly. To the extent any of the additional potential stipulations are not reached, the Parties are granted a one-week extension to file the appropriate motions in limine on these additional matters.

**IT IS SO ORDERED.**

BY THE COURT:

Dated: 9/7/22

Charles R. Norgle
United States District Judge

September 2, 2022

*Counsel for Plaintiffs Kraft Foods Global, Inc., General Mills, Inc., Nestlè USA, Inc. and The Kellogg Company*

/s/ Brandon D. Fox
James T. Malysiak
(jmalysiak@jenner.com)
Terrence J. Truax (ttruax@jenner.com)
Joel T. Pelz (jpelz@jenner.com)
Angela M. Allen (aallen@jenner.com)
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654-3456
Tel: (312) 222-9350
Fax: (312) 527-0484

Brandon D. Fox
Amy M. Gallegos (*admitted pro hac vice*)
JENNER & BLOCK LLP
515 South Flower
Suite 3300
Los Angeles, CA 90071
Tel: (213) 239-5100
Fax: (213) 239-5199
bfox@jenner.com
agallegos@jenner.com

Respectfully submitted:

*Counsel for Defendant Rose Acre Farms, Inc.*

/s/ Donald M. Barnes
Donald M. Barnes
(dbarnes@porterwright.com)
Jay L. Levine
(jlevine@porterwright.com)
PORTER, WRIGHT, MORRIS & ARTHUR LLP
2020 K. Street, N.W., Suite 600
Washington, D.C. 20006-1110
Tel: (202) 778-3000

James A. King (jking@porterwright.com)
Allen T. Carter
(acarter@porterwright.com)
PORTER, WRIGHT, MORRIS & ARTHUR LLP
41 South High Street, Suite 2900
Columbus, OH 43215
Tel: (614) 227-2000

*Counsel for Defendant Cal-Maine Foods, Inc.*

/s/ Patrick M. Otlewski
Patrick M. Collins (pcollins@kslaw.com)
Livia M. Kiser (lkiser@kslaw.com)
Patrick Otlewski (potlewski@kslaw.com)
Abigail Hoverman Terry
(aterry@kslaw.com)
KING & SPALDING LLP
110 North Wacker Drive, 38th Floor
Chicago, IL 60606
Tel: (312) 995-6333

Lohr Beck (lohr.beck@kslaw.com)
(pro hac vice)
Andrew Chinsky (achinsky@kslaw.com)
KING & SPALDING LLP
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309

5

Tel: (404) 572-2812

Brian E. Robison
(brian@brownfoxlaw.com)
(pro hac vice)
BROWN FOX PLLC
6303 Cowboys Way, Suite 450
Frisco, TX 75034
Tel: (972) 707-2809

*Counsel for Defendants United Egg Producers, Inc., and United States Egg Marketers, Inc.*

*/s/ Robin P. Sumner*
Robin P. Sumner
(robin.sumner@troutman.com)
Kaitlin L. Meola
(kaitlin.meola@troutman.com)
TROUTMAN PEPPER HAMILTON SANDERS LLP
3000 Two Logan Square, 18th and Arch Streets
Philadelphia, PA 19103-2799
Tel: (215) 981-4000

Whitney R. Redding
(whitney.redding@troutman.com)
TROUTMAN PEPPER HAMILTON SANDERS LLP
Union Trust Building
501 Grant Street, Suite 300
Pittsburgh, PA 15219-4429
Tel: (412) 454-5085

Robert E. Browne, Jr.
(robert.browne@troutman.com)
TROUTMAN PEPPER HAMILTON SANDERS LLP
227 West Monroe Street, Suite 3900
Chicago, IL 60606
Tel: (312) 759-1923