UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KRAFT FOODS GLOBAL, INC., THE KELLOGG COMPANY, GENERAL MILLS, INC., and NESTLÉ USA, INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | No. 1:11-cv-08808 |
| v. | ) ) | Judge Charles R. Norgle |
| UNITED EGG PRODUCERS, INC., UNITED STATES EGG MARKETERS, INC., CAL-MAINE FOODS, INC., MICHAEL FOODS INC., and ROSE ACRE FARMS, INC. | ) ) ) ) ) ) | |
| Defendants. | ) | |

**PLAINTIFFS' MOTION TO FILE UNDER SEAL**

Plaintiffs respectfully move the Court for leave to file portions of *Plaintiffs' Response To Defendants' Motion For Bifurcation Of Trial* (the "Response") under seal, pursuant to Federal Rule of Civil Procedure 26(c) and Local Rule 26.2. In support of this motion, Plaintiffs state as follows:

1. Plaintiffs have today filed their Response to Defendants' bifurcation motion. The Response contains references to material that Defendants and non-parties have designated as confidential, and it attaches as exhibits documents also designated confidential. Accordingly, under the Protective Order in this Case, Case Management Order No. 10 (Protective Order), and pursuant to Local Rule 26.2(c), Plaintiffs have provisionally filed the exhibits to the Response under seal and any references to those exhibits in the Response have been redacted.

2. As the Seventh Circuit has recognized, a Court may keep documents or portions thereof under seal if "there is good cause for sealing a part or the whole of the record." *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999); *see also*

Local Rule 26.2(b) (applying "good cause" standard). Accordingly, the Court may seal filings if there are "legitimate concerns of confidentiality," *Grove Fresh Dist., Inc. v. Everfresh Juice Co.*, 24 F.3d 893, 898 (7th Cir. 1994), such as where the information in question "meet[s] the definition of trade secrets or other categories of bona fide long-term confidentiality," *Baxter Intern., Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002).

3. Here, Defendants and non-parties have designated information contained in the Response and its exhibits as confidential. Under the Protective Order, Plaintiffs are required to file these materials under seal in any court filing. This presents a legitimate concern of confidentiality and gives good cause to file portions of the Response and its exhibits under seal.

[*Remainder of page intentionally left blank.*]

WHEREFORE, Plaintiffs respectfully request the Court enter an order granting it leave to file portions of Plaintiffs' Response and its exhibits under seal.

September 15, 2022                                  Respectfully submitted,

*Counsel for Plaintiffs Kraft Foods Global, Inc., General Mills, Inc., Nestlè USA, Inc. and The Kellogg Company*

 /s/ *Brandon D. Fox*
James T. Malysiak
Joel T. Pelz
Angela M. Allen
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654
Tel: (312) 222-9350
Fax: (312) 527-0484
jmalysiak@jenner.com
jpelz@jenner.com
aallen@jenner.com

Brandon D. Fox
Amy M. Gallegos (*admitted pro hac vice*)
JENNER & BLOCK LLP
515 South Flower
Los Angeles, CA 90071
Tel: (213) 239-5100
Fax: (213) 239-5199
bfox@jenner.com
agallegos@jenner.com

**CERTIFICATE OF SERVICE**

I hereby certify that on September 15, 2022, I electronically filed the foregoing document, and all filings listed in this document, with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all CM/ECF participants registered to receive service in this action. I further certify that I caused the foregoing document, and all filings listed in this document, to be served via electronic mail on counsel for all parties.

                                                          /s/ *Brandon D. Fox*
                                                          Brandon D. Fox