**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KRAFT FOODS GLOBAL, INC., THE KELLOGG COMPANY, GENERAL MILLS, INC., and NESTLÉ USA, INC., | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | No. 1:11-cv-08808 |
| | ) | |
| v. | ) | Judge Charles R. Norgle |
| | ) | |
| UNITED EGG PRODUCERS, INC., UNITED STATES EGG MARKETERS, INC., CAL-MAINE FOODS, INC., MICHAEL FOODS INC., and ROSE ACRE FARMS, INC. | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' RESPONSE TO**
**DEFENDANTS' MOTION *IN LIMINE* REGARDING DEPOSITION DESIGNATIONS**

Brandon D. Fox
Amy M. Gallegos (*admitted pro hac vice*)
JENNER & BLOCK LLP
515 South Flower
Suite 3300
Los Angeles, CA 90071
Tel: (213) 239-5100
Fax: (213) 239-5199
bfox@jenner.com
agallegos@jenner.com

James T. Malysiak
Terrence J. Truax
Joel T. Pelz
Angela M. Allen
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654
Tel: (312) 222-9350
Fax: (312) 527-0484
jmalysiak@jenner.com
ttruax@jenner.com
jpelz@jenner.com
aallen@jenner.com

*Attorneys for Kraft Foods Global, Inc.; The Kellogg Company;*
*General Mills, Inc.; and Nestlé USA, Inc.*

Plaintiffs Kraft Foods Global, Inc.; The Kellogg Company; General Mills, Inc.; and Nestlé USA, Inc. submit this Response to Defendants' Motion *In Limine* Regarding Deposition Designations (Dkt. 163, the "Motion"). Simply put, Defendants have failed to make **any** showing that should compel this Court to go against the ordinary presentation of evidence and force Plaintiffs to publish Defendants' deposition evidence in Plaintiffs' case-in-chief.

## INTRODUCTION

At trial, Plaintiffs will need to prove a complex antitrust case by relying primarily on videotaped depositions instead of live testimony due to the age of the case and unavailability of witnesses. The one advantage that Plaintiffs have to meet their burden of proof is to tell their story first. By their Motion, Defendants attempt to eliminate this benefit and severely prejudice Plaintiffs by asking this Court for a blanket order that would cause Plaintiffs' case to be flooded with Defendants' lengthy designations for every one of the depositions Plaintiffs may use.[1]

Defendants argue that this requirement would promote efficiency and reduce juror confusion, but they do nothing to support this position. Notably, Defendants do not provide the Court with even one deposition transcript—let alone all of them—to allow the Court to analyze Defendants' contentions. There will be no efficiency for the Court and the jury because Plaintiffs have no plans to play duplicate testimony. Unlike live witnesses requiring significant travel, there is no efficiency for the parties' time and expenses in playing Plaintiffs' designated portions (including Defendants' appropriate Rule 106 designations) in Plaintiffs' case-in-chief and Defendants' designated portions after Plaintiffs rest, particularly when Defendants' designations sometimes dwarf Plaintiffs' portions.

---

[1] As Defendants point out, Plaintiffs have affirmatively designated testimony for 28 deponents, although Plaintiffs will refine this list during trial preparation, in part based on the rulings this Court makes on the parties' motions *in limine*.

Additionally, there will be less juror confusion by having the parties play their designated segments in their respective cases-in-chief given the case's complexities and age. This preferred method would allow the jury to understand which party is endorsing the testimony and to better understand each party's theory of the case. This is especially important because not one of the questions asked at any deposition was posed by one of the attorneys who will be representing Plaintiffs during trial.

To be clear, Plaintiffs do not object to allowing completeness designations in their case-in-chief that are "needed to clarify or explain the portion already received" as provided by Evidence Rule 106 and Civil Rule 32(a)(6). *See United States v. Haddad*, 10 F.3d 1252, 1259 (7th Cir. 1993). Indeed, the parties have been working cooperatively to exchange such designations with that understanding. The Court should not allow Defendants to force Plaintiffs to play deposition testimony that belongs—if anywhere—in Defendants' case.

## ARGUMENT

Defendants ask the Court to force Plaintiffs to play *all* of Defendants' affirmative, completeness, and counter-designations for each deposition Plaintiffs use in their case-in-chief. Defendants would like this ruling to apply to all 28 depositions initially designated by Plaintiffs. (Mot. at 4.) Defendants ask the Court to find that proceeding in this manner will promote the efficiency of the trial and avert juror confusion. But Defendants do not attach *any* of the 28 depositions with designations to their motion. The Court, therefore, does not have sufficient facts to find the trial would be more efficient to proceed in this manner and would help eliminate juror confusion.

Defendants rely on Federal Rule of Civil Procedure 32(a)(6) and Federal Rule of Evidence 106. (*Id.* at 3-4.) Those rules "together codify the 'rule of completeness'" and apply that rule to

deposition testimony. *Spencer v. EZ Title Pawn, Inc.*, No. 7:14-CV-32 (HL), 2016 WL 1259409, at *1 (M.D. Ga. Mar. 30, 2016). Neither these rules nor the case law relied upon by Defendants support the breadth of their request.

The rule of completeness "is a very narrow remedy." *Jordan v. Wonderful Citrus Packing LLC*, No. 1:18-CV-00401-AWI-SAB, 2020 WL 5763759, at *16. It also is "a *defensive* evidentiary tool." *Boutros v. Avis Rent A Car Sys., LLC*, 802 F.3d 918, 925 (7th Cir. 2015) (emphasis in original). It does not provide a party an open invitation to admit any additional evidence it sees fit but, "only [] the remaining portions of [a] statement which are needed to clarify or explain the portion already received." *Haddad*, 10 F.3d at 1252. For a statement to be admissible under the rule, it must be "'necessary to (1) explain the admitted portion, (2) place the admitted portion in context, (3) avoid misleading the trier of fact, or (4) insure a fair and impartial understanding.'" *Wrice v. Byrne*, 488 F. Supp. 3d 646, 660 (N.D. Ill. 2020) (quoting *United States v. Lewis*, 954 F.2d 1286, 1392 (7th Cir. 1992)). It is "meant to remedy 'the misleading impression created by taking matters out of context.'" *Id.* (quoting FED. R. EVID. 106 notes of advisory committee).

Defendants do not even attempt to show how the designations they seek to admit through their Motion meet these narrow requirements. Instead, Defendants ask the Court to indiscriminately allow *all* of their designations to be added to Plaintiffs' case-in-chief whenever the parties have designated portions of the same deposition. (Mot. at 4.) Indeed, despite framing their argument around the rule of completeness, most of their designations have not been for completeness—instead offering far more testimony as affirmative evidence.[2] Take Defendants' designations for Gregg Ostrander as an example. Defendants have designated 5 lines of Mr. Ostrander's deposition testimony solely for completeness, and 922 lines for affirmative testimony

---

[2] Defendants' affirmative designations for common witnesses are attached hereto as Exhibit 1 and their counter-designations to Plaintiffs' affirmative designations are attached hereto as Exhibit 2.

3

or counter-designations to Plaintiffs'.[3] As Defendants admit, they originated affirmative designations for eleven witnesses before seeing that Plaintiffs designations testimony for those witnesses. (Mot. at 2.) Those affirmative designations could not be about completeness when they had no idea which portions Plaintiffs would designate from each witness or whether Plaintiffs would designate any testimony from that witness at all. Further, Defendants often designate significantly more testimony than Plaintiffs meaning Defendants' evidence would completely overshadow Plaintiffs' case-in-chief. In the case of Mr. Ostrander, Plaintiffs affirmatively designated 357 lines from his deposition testimony, compared to Defendants' 927 lines.[4]

Such a deviation from the normal order of proof would be unjustified under Rule 106, Rule 32(a)(6), and any other relevant standard. *See Boutros*, 802 F3d at 925. Under Rule 106, "'adverse parties are not entitled to offer additional segments [of prior testimony] just because they are there and the proponent has not offered them.'" *United States v. Collicott*, 92 F.3d 973, 983 (9th Cir. 1996) (quoting MUELLER & KIRKPATRCK, FEDERAL EVIDENCE § 44 (1994)).

Defendants do not provide any evidence to support their claim that the trial would be more efficient if all designated deposition portions are played at once. Instead, it would make Plaintiffs' case entirely inefficient. Defendants are attempting to bloat Plaintiffs' case with hours of testimony that belong—if anywhere—in Defendants' case. And the reality is that the case likely will last longer with Defendants' proposal. As this Court is aware, defendants often reduce the witnesses and evidence they proffered pretrial once it is their turn to present their case and after seeing the plaintiffs' proof. If Defendants are told to proceed in the normal manner by presenting the depositions in their case, then Defendants will likely be more circumspect in deciding which deponents and portions to offer.

---

[3] Exs. 1 & 2.
[4] Exs. 1 & 2.

Defendants claim that there is overlap between the parties' designations, but that does not mean there will be duplication. Certainly, Plaintiffs have no interest in playing duplicative portions of testimony and will meet and confer on the designations to avoid it. The Court also can order that any portion be played only once to avoid any duplication. Despite these simple solutions, Defendants raise the specter of duplicative testimony simply to seek an overbroad order that harms Plaintiffs' case.

There is no doubt that Defendants' proposal would be prejudicial to Plaintiffs. Allowing a defendant to upset the standard order of proof, as the Motion seeks to do here, "would exacerbate jury confusion and prejudice [the plaintiff]'s priority at trial as the party bearing the burden of proof." *Aristocrat Leisure Ltd. v. Deutsche Bank Tr. Co. Ams.*, 262 F.R.D. 293, 297 (S.D.N.Y. 2009). In *Aristocrat Leisure*, defendants asked the court—as Defendants do here—to exercise its discretion under Evidence Rule 611 and allow the defendants to present some of their own witness testimony during plaintiff Aristocrat's case-in-chief. *Id.* at 297. The court declined, noting the prejudice that would befall Aristocrat "as the party bearing the burden of proof," and further concluding that such prejudice concerns "outweigh[ed] any inconvenience to witnesses who would need to travel to testify for Aristocrat's case-in-chief and remain for the [defendants'] case-in-chief" to the extent the defendants "sought to re-call the witnesses." *Id.* Here, there are not even any witnesses to recall because the evidence in question is prior deposition testimony. Defendants offer no compelling reason why they should not be required to present their own evidence during their own case.

Forcing Plaintiffs to play Defendants' designations would prejudice Plaintiffs even more than in *Aristocrat Leisure*, as it would lead to tremendous juror confusion. Unlike cross-examination of live witnesses, it will be unclear to the jury which party's lawyer is questioning the

witness on video. Given the age of the case and the many parties involved who are no longer part of this dispute, much of the questioning will have been done by lawyers whose voices the jury will have no reason to recognize. Indeed, none of the questioning was done by one member of Plaintiffs' trial counsel. Jurors understandably will be confused and inevitably will blame Plaintiffs for the length of the depositions being played, even if Plaintiffs only wish to offer a small portion of them. The jury will not be able to understand why Plaintiffs are offering certain testimony, will not understand Plaintiffs' theory, and will believe that Plaintiffs are wasting their time.

This is especially true where Plaintiffs and Defendants have wildly different views on the relevance of certain evidence. Defendants, for example, want to argue that they engaged in their anti-competitive behavior because "the grocers made us do it." (*See* Plaintiffs' Motion *In Limine* Number 5, at 4-5, Exs. 1, 2.) They also want to use evidence from events *after* 2008 to create a post hoc justification for their anticompetitive conduct decades earlier. (*See* Memorandum In Support Of Plaintiffs' Motion *In Limine* Number 1 To Exclude (1) Liability Evidence Concerning Conduct Or Events After 2008 And (2) Evidence Not Produced In Discovery, at 8-9.) Similarly, Defendants want to argue that various animal welfare laws enacted decades after they began their anticompetitive conspiracy are somehow relevant to this case. (*See* Plaintiffs' Memorandum In Support Of Plaintiffs' Motion *In Limine* To Preclude Defendants From Introducing Evidence Of Post-2008 State Laws When Offered To Contest Liability, at 2-3.) Although Plaintiffs have moved *in limine* to exclude such evidence, to the extent the Court is not prepared to rule on the viability of any of these defenses pre-trial and instead wishes to wait to see how Plaintiffs' case plays out, Defendants' suggested path eliminates this possibility for the Court. Plaintiffs would be forced to present the evidence they sought to exclude as irrelevant and highly prejudicial in their case-in-chief.

Moreover, the cases Defendants cite do not support the broad relief they request. In *DeJesus v. Ridder,* for example, the court found no error when defense counsel read portions of a deposition that showed that plaintiff's attempted impeachment of a witness was misleading. 411 F.2d 560, 561 (7th Cir. 1969). The Seventh Circuit agreed with the trial court that the statements proffered by plaintiffs from the deposition as inconsistent "appeared to be impeaching" only because a "part . . . of those depositions was offered in evidence." *Id.* The Seventh Circuit affirmed the district court's decision to permit the defense to clarify the issue—and clear up the misleading impeachment—by quoting other portions of the deposition. *Id.* In other words, unlike what Defendants request here, each party was allowed to read a limited portion of the deposition in the live questioning of the witness. This is standard impeachment and rehabilitation. No party was forced to place evidence in their case that did not belong in it.

Defendants' reliance on *Westinghouse Electric Corp. v. Wray Equipment Corp.* is simply misleading. The First Circuit, in a sixty-year-old case, based its ruling on its first-impression interpretation of the predecessor to Federal Rule of Civil Procedure 32(a). 286 F.2d 491, 494 (1st Cir. 1961). The rule in effect then—Rule 26(d)(4)—stated that if a party introduced a part of the deposition, then the adverse party "may require him to introduce all of it which is relevant to the part introduced, and any party may introduce any other parts." The current rule adds in an important qualification that the adverse party may only require an introduction of another portion of a deposition if "***in fairness*** [it] should be considered with the part introduced." Fed. R. Civ. P. 32(a)(6) (emphasis added). The purpose of the change was to bring the standard under which courts admit supplemental designations in line with the standard set forth in Evidence Rule 106, which was written to be "an expression of the rule of completeness." FED. R. EVID. 106 notes of advisory

committee on proposed rules.[5] Accordingly, Defendants' reliance on the First Circuit's analysis of an earlier version of the rule is wholly misplaced. In terms of what Rule 32(a)(6) actually permits, Defendants have proffered no evidence that allows the Court to decide whether Rule 106 calls for all portions they have designated to be admitted when Plaintiffs introduce other parts of depositions. As Exhibits 1 and 2 show, Defendants are not even claiming they are designating most of the testimony for completeness purposes.

Defendants find no support for the broad relief they request in *Welding Fume Products Liability Litigation.,* No. 1:03-CV-17000, 2010 WL 7699456, at *2 (N.D. Ohio June 4, 2010), despite providing a quote that appears to be helpful to their Motion. While the trial court did order that a party offering deposition designations "must show to the jury, all at once, all of the designated portions of the videotaped deposition, including those designated by the opposing party," it immediately provided two important exceptions that Defendants entirely omit from their Motion. *Id.* at *125. The trial court ordered:

> (1) if one party's designations are very short and the other party's designations are much longer, the Court may allow the first party to present only the short designation, by itself; and (2) when the plaintiff wants to play in its case-in-chief portions of a videotaped deposition of a party opponent on cross-examination, the defendant may not force the plaintiff to present concurrently defendant's own designations.

*Id.* Accordingly, although the trial court—without analysis—allowed a portion of the relief Defendants request, it did not allow the broad mandate sought by Defendants. And even the narrower relief the *Welding Fume* court afforded the defendants does not make sense here given the unique circumstances of this case.

---

[5] As the advisory committee notes on the 1970 amendment to Rule 32 explain, the new standard was adopted to match that in Rule 1-07 of the proposed Federal Rules of Evidence which had not yet been adopted. After adoption, proposed Rule 1-07 became Federal Rule of Evidence 106.

The last case cited by Defendants, *Juneau Square Corp. v. First Wisconsin National Bank of Milwaukee*, is unhelpful to this Court's analysis. *See* 475 F. Supp. 451, 465 (E.D. Wis. 1979), The order provides no context as to which deposition designations were read. The opinion does not state how many depositions were presented in this manner. It does not explain the basis for the counter-designations and whether they were allowed under Rule 106 or otherwise. It only finds that whatever presentation occurred in this manner was "not prejudicial to plaintiffs." *Id.* As discussed above, it would be prejudicial to Plaintiffs in this trial to present the depositions in the manner requested by Defendants, who have not proffered evidence to suggest otherwise.

Finally, Defendants argue that this Court should grant their Motion because the court in two previous trials granted similar requests. (Mot. at 5.) Defendants point to their victory in those cases to prove their Motion has merit in this one. Instead of supporting their Motion, the result shows the damage that was done to the plaintiffs' case by allowing the presentation to take place out of order, which bloated the plaintiffs' case—with the jury no doubt blaming the plaintiffs for the length of the presentation—and harmed the plaintiffs' ability to tell a compelling story to the jury. Defendants provide no transcripts in which that trial court discussed why it was proceeding in this manner. Instead, the transcripts Defendants attach show that the Plaintiffs here would be prejudiced if the Court were to grant Defendants' motion. As demonstrated by the Exhibit C to Defendants' Motion, Defendants were able to interject much of their case into the plaintiffs' presentation. In one instance, the plaintiffs had designated less than 15 minutes of a witness's testimony and Defendants counter-designated more than an hour-and-a-half. (Motion, Ex. C at 273.) Defendants' ability to take control of the plaintiffs' case-in-chief in those prior trials was detrimental to the plaintiffs. Based on the initial exchange of the parties' designations and counter-designations in this case, Plaintiffs have every reason to believe Defendants are attempting to

deploy a similar strategy here. (*See* Exs. 1 & 2.) The Court should not let them. *See Aristocrat Leisure Ltd.*, 262 F.R.D. at 297.

Because the Defendants have not established that they are entitled to the broad relief they request and Plaintiffs will be prejudiced if forced to present evidence in the manner suggested by Defendants, Plaintiffs ask the Court to deny Defendants' Motion.

Dated: September 16, 2022

Respectfully submitted,

***Counsel for Plaintiffs Kraft Foods Global, Inc., General Mills, Inc., Nestlé USA, Inc. and The Kellogg Company***

 /s/ *Brandon D. Fox*
James T. Malysiak
Joel T. Pelz
Angela M. Allen
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654-3456
Tel: (312) 222-9350
Fax: (312) 527-0484
jmalysiak@jenner.com
jpelz@jenner.com
aallen@jenner.com

Brandon D. Fox
Amy M. Gallegos (*admitted pro hac vice*)
JENNER & BLOCK LLP
515 South Flower
Suite 3300
Los Angeles, CA 90071
Tel: (213) 239-5100
Fax: (213) 239-5199
bfox@jenner.com
agallegos@jenner.com