UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KRAFT FOODS GLOBAL, INC., THE KELLOGG COMPANY, GENERAL MILLS, INC., and NESTLÉ USA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED EGG PRODUCERS, INC., UNITED STATES EGG MARKETERS, INC., CAL-MAINE FOODS, INC., MICHAEL FOODS, INC., and ROSE ACRE FARMS, INC. <br><br> Defendants. | No. 1:11-cv-08808 <br><br> Judge Charles R. Norgle |

**DEFENDANTS' OPPOSITION TO MOTION *IN LIMINE*
REGARDING JOHN MUELLER'S CREDIBILITY**

Defendants United Egg Producers, Inc. ("UEP"), United States Egg Marketers, Inc. ("USEM"), Cal-Maine Foods, Inc. ("Cal-Maine"), and Rose Acre Farms, Inc. ("Rose Acre") (collectively, "Defendants") submit this Opposition to the Motion *in Limine* by Kraft Foods Global, Inc., The Kellogg Company, General Mills, Inc., and Nestlé USA, Inc. (collectively, "Plaintiffs") to bar evidence and argument regarding cross examination into the credibility of John Mueller.

Plaintiffs intend to present prior testimony of John Mueller, the general counsel for Sparboe Farms, regarding legal arguments he made in a letter to UEP, in which Mr. Mueller opined that the UEP Certified Program may violate the antitrust laws. While Plaintiffs have put in issue Mr. Mueller's credibility as a lawyer, Plaintiffs want to bar Defendants from having the opportunity to inform the jury of

1

relevant cross-examination undercutting Mr. Mueller's credibility as a lawyer. Plaintiffs' efforts should be rejected.

## I. Background

Plaintiffs have identified John Mueller on their witness list and have indicated that they will present prior trial testimony by Mr. Mueller. At a prior trial, Mr. Mueller testified that, in his capacity as general counsel of Sparboe, he wrote a letter, speculating that "a strong case could be made" that the UEP Certified Program was being offered "to reduce outputs in an effort to increase prices." (Ex. A, Mueller Tr. 157:6-158:15); (Ex. B, DAP Trial Exhibit, PX0691). Mr. Mueller's letter discusses his "concerns about future claims" regarding "price fixing." *Id.* Mr. Mueller testified that these concerns were based on his legal education, training, and experience. (*See* Ex. A at 195:10-25).

Defendants plan to introduce in cross examination that Mr. Mueller had been disciplined and publicly reprimanded in 1995, resulting in his law license being placed on probation for two years. *Id.* at 196:1-19. The conduct underlying the discipline directly related to Mr. Mueller's credibility as a lawyer—he engaged in unprofessional conduct by making harassing phone calls to a client. (Ex. C, Mueller Disciplinary Order).

## II. Argument

Mr. Mueller's prior discipline is relevant to his credibility as an attorney. Plaintiffs have chosen to put Mr. Mueller's credibility as a lawyer in issue by having Mr. Mueller testify about legal opinions he made in 2003. Plaintiffs cannot credibly

2

ask the Court to allow testimony by an attorney about his legal opinion on a central issue in this litigation, and then ask this Court to bar the jury from hearing that the attorney was disciplined for a matter directly relevant to his legal profession approximately eight years before the events in question.

"Evidence of professional ethics violations is not only discoverable but may be admissible under Fed. R. Evid. 608(b)." *Janopoulos v. Harvey L. Walner & Assocs., Ltd.,* No. 93 C 5176, 1994 WL 61801 at *3 (N.D. Ill. Feb. 17, 1994); *see also United States v. Weichert,* 783 F.2d 23, 26 (2d Cir. 1986) ("Inquiry into disbarment to impeach credibility generally has been allowed"). When a witness "inject[s] his good reputation as a member of the bar," evidence of past discipline may be admitted "not in relation to [his] character as such but [as] probative of the truthfulness or untruthfulness of his status with the professional bar, pursuant to Fed. R. Evid. 608(b)." *United States v. Blitstein,* 626 F.2d 774, 783 (10th Cir. 1980) (allowing cross-examination regarding a 45-day suspension of defendant's law license). Here, limited questioning into Mr. Mueller's disciplinary record is properly admitted as evidence of Mr. Mueller's professional credibility as a lawyer.

Plaintiffs incorrectly argue that this line of questioning is prohibited by Rules 608(b) and 403. The Seventh Circuit has held that Rule 608(b) "only prohibits the use of extrinsic evidence, not lines of questioning." *United States v. Holt,* 486 F.3d 997, 1002 (7th Cir. 2007). Defendants are not intending to introduce the underlying documents associated with Mr. Mueller's conduct. Defendants simply intend to offer the line of questioning regarding his prior discipline, and its relation to his credibility

as a lawyer. This is proper under the Federal Rules of Evidence, including Rule 403. Plaintiffs suggest analogy to Rule 609, arguing that "[i]t does not make sense that an attorney-witness could be cross-examined about 30-year-old disciplinary proceedings but could not be cross-examined about committing a serious felony eleven years ago." Mot. at 4 n.4. But Plaintiffs' reliance on Rule 609 is misplaced. That rule "places a greater burden on the party seeking to use old convictions for impeachment because of the strong impeaching effect of a conviction and the greater latitude for presenting evidence under that rule if impeachment is allowed." *Weichert,* 783 F.2d at 26 n.3. Moreover, the timing of the prior discipline is well within the bounds of reasonableness. Mr. Mueller was disciplined in 1995, roughly eight years before the 2003 episode that is the centerpiece of his testimony. As a result, the probative value remains intact, and even if it diminished over time, that diminishment does "not require exclusion." *Id.* at 26 (trial judge did not abuse his discretion by allowing inquiry into disbarment that occurred twelve years before trial).

### III. Conclusion

For the foregoing reasons, Defendants request that evidence of Mr. Mueller's prior discipline as a lawyer be admitted as directly relevant to the subject matter of his testimony and his credibility as a lawyer. Defendants respectfully request this Court deny Plaintiffs' motion *in limine.*

Dated: September 16, 2022  Respectfully submitted,

*/s/ Patrick M. Otlewski*
Patrick M. Collins (pcollins@kslaw.com)
Livia M. Kiser (lkiser@kslaw.com)

4

Patrick M. Otlewski (potlewski@kslaw.com)
Abigail Hoverman Terry (aterry@kslaw.com)
KING & SPALDING LLP
110 North Wacker Drive, 38th Floor
Chicago, IL 60606
Tel: (312) 995-6333

Lohr Beck (lohr.beck@kslaw.com)
(pro hac vice)
Andrew Chinsky (achinsky@kslaw.com)
KING & SPALDING LLP
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309
Tel: (404) 572-2812

Brian E. Robison (brian@brownfoxlaw.com)
(pro hac vice)
BROWN FOX PLLC
6303 Cowboys Way, Suite 450
Frisco, TX 75034
Tel: (972) 707-2809

*Counsel for Defendant Cal-Maine Foods, Inc.*

*/s/ Robin P. Sumner*
Robin P. Sumner
(robin.sumner@troutman.com)
Kaitlin L. Meola
(kaitlin.meola@troutman.com)
TROUTMAN PEPPER HAMILTON SANDERS LLP
3000 Two Logan Square, 18th and Arch Streets
Philadelphia, PA 19103-2799
Tel: (215) 981-4000

Whitney R. Redding
(whitney.redding@troutman.com)
TROUTMAN PEPPER HAMILTON SANDERS LLP
Union Trust Building
501 Grant Street, Suite 300
Pittsburgh, PA 15219-4429

5

Tel: (412) 454-5085

Robert E. Browne, Jr.
(robert.browne@troutman.com)
TROUTMAN PEPPER HAMILTON SANDERS LLP
227 West Monroe Street, Suite 3900
Chicago, IL 60606
Tel: (312) 759-1923

*Counsel for Defendants United Egg Producers, Inc. & United States Egg Marketers, Inc.*

*/s/ Donald M. Barnes*
Donald M. Barnes
(dbarnes@porterwright.com)
Jay L. Levine (jlevine@porterwright.com)
PORTER, WRIGHT, MORRIS & ARTHUR LLP
2020 K. Street, N.W., Suite 600
Washington, D.C. 20006-1110
Tel: (202) 778-3000

James A. King (jking@porterwright.com)
Allen T. Carter (acarter@porterwright.com)
PORTER, WRIGHT, MORRIS & ARTHUR LLP
41 South High Street, Suite 2900
Columbus, OH 43215
Tel: (614) 227-2000

*Counsel for Defendant Rose Acre Farms, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on September 16, 2022, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all CM/ECF participants registered to receive service in this action.

*/s/ Patrick M. Otlewski*
Patrick M. Otlewski