UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KRAFT FOODS GLOBAL, INC., THE KELLOGG COMPANY, GENERAL MILLS, INC., and NESTLÉ USA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED EGG PRODUCERS, INC., UNITED STATES EGG MARKETERS, INC., CAL-MAINE FOODS, INC., MICHAEL FOODS, INC., and ROSE ACRE FARMS, INC., <br><br> Defendants. | No. 1:11-cv-08808 <br><br> Judge Charles R. Norgle |

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' OMNIBUS MOTION *IN LIMINE*

Defendants United Egg Producers, Inc. ("UEP"), United States Egg Marketers, Inc. ("USEM"), Cal-Maine Foods, Inc. ("Cal-Maine"), and Rose Acre Farms, Inc. ("Rose Acre") (collectively, "Defendants") submit this Summary of Defendants' Oppositions to Plaintiffs' Omnibus Motion *in Limine* (ECF 168), in advance of Defendants' Oppositions to Plaintiffs' Motions *in Limine* 1-3 and 5-8 filed concurrently.

Defendants respectfully request that the Court deny Plaintiffs' Motions *in Limine* Nos. 1-8. As this Court is well aware, motions *in limine* are appropriately granted "when evidence is clearly inadmissible on all potential grounds." *Hawthorne Partners v. AT & T Techs., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). Plaintiffs' overly broad and sweeping Motions *in Limine* fail this test.

1. Plaintiffs' Motion *in Limine* No. 1 (ECF 173) improperly seeks to bar Defendants from offering (a) all post-2008 evidence that relates to liability and (b) evidence allegedly not produced in discovery. Plaintiffs' Motion goes too far—as the MDL Court previously observed—since the admissibility of post-2008 evidence turns on the purpose for which it is being offered. Wholesale exclusion of all post-2008 evidence would prevent Defendants from offering probative evidence that demonstrates that the UEP Certified Program was a bona fide animal welfare program with procompetitive benefits that was created in response to a growing animal rights movement and customer demand—influences that continued and strengthened after 2008—not an anti-competitive sham. Moreover, Plaintiffs claim the alleged conspiracy caused competitive harm at least through 2012 and seek an injunction to be applied in the present, necessitating post-2008 evidence to rebut these claims. Further, there is no merit to Plaintiffs' argument that there was a December 31, 2008 discovery cut-off, and Plaintiffs cannot allege prejudice by particularly when Plaintiffs never sought post-2008 discovery.

2. Plaintiffs' Motion *in Limine* No. 2 (ECF 174) seeks to exclude introduction of animal husbandry state laws passed after 2008. That Motion should be denied because evidence of state laws that required increased cage space for hens (one of the requirements of the UEP Certified Program) is relevant to the legitimate purposes behind the UEP Certified Program and the reasons for Defendants' decision to participate in the Program. State law evidence is also relevant under the Rule of Reason inquiry, through which the jury will decide whether the UEP Program was

an unreasonable restraint on trade. Finally, Defendants should be able to introduce these state laws because they are directly relevant to Plaintiffs' expert analysis, which claims that Defendants caused competitive harm through 2012, when these state laws were passed and in effect.

3. Plaintiffs' Motion *in Limine* No. 3 (ECF 175) seeks to prevent Defendants from introducing evidence that Sparboe Farms rejoined the UEP Certified Program in 2011, after Sparboe was caught abusing hens and after Sparboe had been highly critical of the UEP Certified Program. Plaintiffs intend to present evidence that Sparboe decided to leave the UEP Certified Program in 2005, after Sparboe claimed the Certified Program was a violation of the federal antitrust laws. Plaintiffs also intend to present evidence of a competing program adopted by Sparboe, which Plaintiffs claim was equally effective yet less restrictive, and argue that UEP's attempts to distinguish the Certified Program are evidence of anticompetitive intent. Yet Plaintiffs want to bar the jury from hearing that Sparboe abandoned its program and rejoined the Certified Program in 2011 due to customer backlash following airing of the ABC 20/20 segment on its animal abuse. Plaintiffs' efforts to keep out relevant evidence that directly undercuts their own evidence should be denied. In fact, the MDL Court previously allowed this very evidence at the prior DAP trial because it is highly relevant to Plaintiffs' claims about Sparboe and directly rebuts any suggestion that Sparboe believed the UEP Certified Program restrained trade.

3

4. The Parties have resolved the issues raised in Plaintiffs' Motion *in Limine* No. 4 (ECF 176), as reflected in Trial Stipulation #11: Prior Trials entered by the Court (ECF 182 at 3). As a result, this Motion should be denied as moot.

5. Defendants oppose Plaintiffs' Motion *in Limine* No. 5 (ECF 180), which seeks to bar evidence that national supermarket chains demanded UEP Certified eggs from Defendants. Plaintiffs cannot credibly suggest that demand by their former co-plaintiffs – some of the country's largest supermarket chains, like Wal-Mart, Kroger and Albertson's – for the UEP Certified Program is irrelevant or unfairly prejudicial. National supermarket chains are some of Defendants' key customers, and Defendants' ability to defend this case will be handicapped if they cannot introduce evidence about their customers' demands related to animal welfare and the UEP Certified Program.

6. Defendants oppose Plaintiffs' Motion *in Limine* No. 6 (ECF 177), which seeks to bar evidence that Defendant Rose Acre is a family farm. Defendant Rose Acre was founded by the Rust family, and it continues to be a company privately owned and operated by the Rust family in Seymour, Indiana. Defendants should not be precluded from providing this relevant background information to the jury, particularly when Plaintiffs repeatedly cloak themselves as "companies who put some of America's favorite foods on kitchen tables across the country." (*See* ECF 180 (Pls.' MIL 5) at 2).

7. Defendants also oppose Plaintiffs' Motion *in Limine* No. 7 (ECF 178), which seeks to bar reference to the action or inaction of federal or state antitrust

4

regulators or the U.S. Department of Agriculture ("USDA"). As to actions or inactions of antitrust regulators (so-called "non-enforcement" evidence), Defendants do not oppose Plaintiffs' motion, but request an Order that non-enforcement evidence may be admissible if Plaintiffs open the door by referencing or introducing evidence of the initiation of government investigations or enforcement actions. As to the USDA evidence, Defendants do not oppose exclusion of USDA non-enforcement evidence, *i.e.*, that USDA did not raise concerns about the legality of the UEP Certified Program. But Defendants do oppose exclusion of references to USDA outside of the non-enforcement context because evidence related to the USDA, including its role as an independent auditor of producers' compliance with the UEP Certified Program, is relevant and non-prejudicial.

8. Finally, Defendants oppose Plaintiffs' Motion *in Limine* No. 8 (ECF 179), where Plaintiffs improperly seek to bar Defendants from offering proper cross-examination of one of Plaintiffs' witnesses. Plaintiffs plan to offer prior testimony from John Mueller, who was general counsel for Sparboe Farms, regarding legal opinions he made in a letter to UEP about potential violations of antitrust laws. On cross-examination, Defendants questioned Mr. Mueller about his prior disciplinary action for harassing a client. Plaintiffs want the jury to view Mr. Mueller's legal opinions as credible; Defendants should be entitled to rebut that credibility through this proper inquiry on cross-examination.

For the reasons summarized herein, as set forth in more detail in Defendants' Oppositions, Defendants respectfully request this Court deny Plaintiffs' Motions *in Limine* No. 1-8 (ECF 173-180).

Dated: September 16, 2022          Respectfully submitted,

/s/ *Patrick M. Otlewski*
Patrick M. Collins (pcollins@kslaw.com)
Livia M. Kiser (lkiser@kslaw.com)
Patrick M. Otlewski (potlewski@kslaw.com)
Abigail Hoverman Terry (aterry@kslaw.com)
KING & SPALDING LLP
110 North Wacker Drive, 38th Floor
Chicago, IL 60606
Tel: (312) 995-6333

Lohr Beck (lohr.beck@kslaw.com)
(pro hac vice)
Andrew Chinsky (achinsky@kslaw.com)
KING & SPALDING LLP
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309
Tel: (404) 572-2812

Brian E. Robison (brian@brownfoxlaw.com)
(pro hac vice)
BROWN FOX PLLC
6303 Cowboys Way, Suite 450
Frisco, TX 75034
Tel: (972) 707-2809

*Counsel for Defendant Cal-Maine Foods, Inc.*

*/s/ Robin P. Sumner*
Robin P. Sumner
(robin.sumner@troutman.com)
Kaitlin L. Meola
(kaitlin.meola@troutman.com)
TROUTMAN PEPPER HAMILTON SANDERS LLP
3000 Two Logan Square, 18th and Arch Streets
Philadelphia, PA 19103-2799
Tel: (215) 981-4000

Whitney R. Redding
(whitney.redding@troutman.com)
TROUTMAN PEPPER HAMILTON SANDERS LLP
Union Trust Building
501 Grant Street, Suite 300
Pittsburgh, PA 15219-4429
Tel: (412) 454-5085

Robert E. Browne, Jr.
(robert.browne@troutman.com)
TROUTMAN PEPPER HAMILTON SANDERS LLP
227 West Monroe Street, Suite 3900
Chicago, IL 60606
Tel: (312) 759-1923

***Counsel for Defendants United Egg Producers, Inc. & United States Egg Marketers, Inc.***

*/s/ Donald M. Barnes*
Donald M. Barnes
(dbarnes@porterwright.com)
Jay L. Levine (jlevine@porterwright.com)
PORTER, WRIGHT, MORRIS & ARTHUR LLP
2020 K. Street, N.W., Suite 600
Washington, D.C. 20006-1110
Tel: (202) 778-3000

7

James A. King (jking@porterwright.com)
Allen T. Carter (acarter@porterwright.com)
PORTER, WRIGHT, MORRIS & ARTHUR LLP
41 South High Street, Suite 2900
Columbus, OH 43215
Tel: (614) 227-2000

*Counsel for Defendant Rose Acre Farms, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on September 16, 2022, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all CM/ECF participants registered to receive service in this action.

*/s/ Patrick M. Otlewski*
Patrick M. Otlewski