# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| KRAFT FOODS GLOBAL, INC., THE KELLOGG COMPANY, GENERAL MILLS, INC., and NESTLÉ USA, INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | No. 1:11-cv-08808 |
| v. | ) ) | Judge Charles R. Norgle |
| UNITED EGG PRODUCERS, INC., UNITED STATES EGG MARKETERS, INC., CAL-MAINE FOODS, INC., MICHAEL FOODS, INC., and ROSE ACRE FARMS, INC. | ) ) ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* NUMBER 6 TO EXCLUDE ANY REFERENCE TO FAMILY FARMS**

## I. Introduction

Plaintiffs' Motion *in Limine* No. 6 seeks to prevent Defendants from telling their side of the story. Defendant Rose Acre Farms, Inc. ("Rose Acre"), the primary target of Plaintiffs' Motion, is owned and operated by the Rust family. Rose Acre was founded in the 1950s by David Rust (now deceased) and his wife Lois Rust in Seymour, Indiana. From modest beginnings, Rose Acre proudly grew to become the second largest egg farm in the United States. Throughout its history, the Rust family – starting with David and Lois Rust, then their children, and now their grandchildren – have been active in the management and operation of Rose Acre. For example, Mrs. Rust, the matriarch, is now in her late 80s, though she still pays attention to the business. Her son, Marcus, is the company's CEO. And her granddaughter is now the General Counsel.

All the evidence Plaintiffs seek to exclude is basic background information that describes what Rose Acre is, what it does, how it started, and what it has become. The jury should be

permitted to hear this information – especially in a lawsuit in which Plaintiffs are some of the largest, most-recognized companies in the world. This evidence is also necessary to rebut Plaintiffs' depiction of Defendants as "large factory farming companies" while pompously proclaiming themselves as "companies who put some of America's favorite foods on kitchen tables across the country." (*Compare* Plaintiffs' Motion *in Limine* No. 6, ECF No. 177, p. 2 (labelling Defendants) *with* Plaintiffs' Motion *in Limine* No. 5, ECF No. 180, at 2 (portraying Plaintiffs).)

## II. Factual Backround

### A. It is Undisputed That Rose Acre Is Owned and Operated by the Rust Family.

The fact that the Rust family founded, owns, and operates Rose Acre is well-known and undisputed. This is basic background information that Plaintiffs have specifically alleged as part of their claims against Rose Acre. For instance, Plaintiffs pleaded in their Second Amended Complaint that Rose Acre "is an Indiana corporation with its principal place of business in Seymour, Indiana." (Second Am. Compl., ¶ 48, filed in *In re Processed Egg Prod. Antitrust Litig.,* No. 08-MD-2002, at ECF No. 786-1.) Plaintiffs also allege that "[t]he Rust family founded [Rose Acre] … and the company is still privately held by the Rusts." (*Id.* at ¶ 49.) Plaintiffs similarly explain in their recently-filed *Santiago* proffer that "[t]he Rust family owns Rose Acre," and that "Marcus Rust is the CEO of Rose Acre and several members of the Rust family hold executive positions within the company." (Plaintiffs' *Santiago* Proffer, ECF No. 164, at 26.)

This background information was fleshed out further during both the Direct Purchase Plaintiff and Direct Action Purchaser Plaintiffs trials in the Eastern District of Pennsylvania. It is

referred to in Plaintiffs' brief with excerpts from the trial transcripts included as Exhibits 1 and 2.[1] None of this information was ever disputed or objected to during the two trials.

### B. Plaintiffs Are Globally-Recognized Consumer Brands That Need No Introduction.

Although Defendants Rose Acre and Cal Maine Foods, Inc. ("Cal-Maine") are large egg farms today, they are tiny in comparison to the Plaintiffs. The Plaintiffs – Kraft, General Mills, Kellogg, and Nestle – had combined revenue of almost $154 billion in 2021.[2] They are some of the largest, most well-recognized companies in the world. As Plaintiffs describe themselves in a recent filing:

> Plaintiffs in this case are companies who put some of America's favorite foods on kitchen tables across the country. Collectively, Plaintiffs comprise over one hundred of the most well-known processed food brands in the United States, and purchase egg products – e.g., liquid, dried, or frozen egg – for several of them, including Pillsbury, Betty Crocker, Eggo, Miracle Whip, Nilla, Toblerone, Stouffer's, and Haagen-Dazs.

(Plaintiffs' Motion *in Limine* No. 5, ECF No. 180, at 2.)

---

[1] Plaintiffs' Motion provides four examples of evidence, testimony, or argument at the DAP or DPP trials depicting Defendants' operations as "family farms." The first two of these examples relate to Rose Acre. The remaining two examples concern egg producers R.W. Sauder, Inc. and Weaver Brothers, neither of which are parties in this case. Plaintiffs' criticism of the UEP's description of its members is unfounded. The size of UEP members has always varied greatly and it is entirely accurate to characterize some of UEP's members as "mom and pop" operations. (*See, e.g.,* UE0299967, 2002 UEP Dues list (reflecting the varying layer numbers of UEP membership) (attached as Exhibit A).

[2] *See* Kellogg Company Annual Report (Form 10-K) at p. 33 (February 22, 2022) ($14,181m in net sales); The Kraft Heinz Company Annual Report (Form 10-K) at p. 25 (February 17, 2022) ($26,042m in net sales); General Mills, Inc. Annual Report (Form 10-K) at p. 19 (June 30, 2022) ($18,993m in net sales). Nestle's parent company, Nestle S.A., has published its results for 2021, which show total reported sales increased by 3.3% to CHF87.1bn ($94.55bn or $94,550m). *See* Dairy Reporter.com, *available at* https://www.dairyreporter.com/Article/2022/02/17/Nestle-reports-full-year-results-for-2021.

3

### III. Argument

#### A. Rose Acre's History and Identity as a "Family Farm" Is Commonplace and Admissible Background Information.

According to the Seventh Circuit, "[e]ven though evidence may not relate directly … to a fact in dispute, evidence is relevant when it provides background information about the defendant[.]" *United States v. Boros,* 668 F.3d 901, 908 (7th Cir. 2012). The Advisory Committee Notes to Rule 401 make clear that, "[e]vidence which is essentially background in nature can scarcely be said to involve disputed matter, yet it is universally offered and admitted *as an aid to understanding*." Fed. R. Evid. 401, Advisory Cmte. Note (emphasis added) (quoted in *Boros*, 688 F.3d at 908).

Here, evidence about the Rust family's ownership and operation of Rose Acre is simply background information about one of the parties. That information is commonplace in any trial and clearly relevant. The jury is entitled to hear it as an aid to their understanding of the case.

Evidence about Rose Acre's history as a family farm also is needed for the jury to "get to know" Rose Acre's witnesses and gauge their credibility. "Information about a party's or a witnesses' background, job and education is certainly appropriate and admissible in every action. Juries cannot make assessments of credibility in a vacuum. Such information gives background on the witness and a point of reference in assessing that individual's credibility, conduct, etc." *Wilson v. Vermont Castings,* 977 F. Supp. 691, 699 (M.D. Pa. 1997).

Indeed, background evidence is particularly relevant when it constitutes part of a party's story or narrative to the jury. In the words of the Seventh Circuit, "[o]ne measure of the relevance of evidence is whether its exclusion would leave a chronological and conceptual void in the story." *United States v. Westbrook,* 125 F.3d 996, 1007 (7th Cir. 1997) (internal quotation marks omitted). Rose Acre's defense will necessarily include a description of its history, how it

4

began, how it grew, and what it is today. As courts have consistently held, this type of information should be allowed so that the jury can hear the whole story, not just one side of the story. *See, e.g., Tannenbaum v. Clark,* No. 88 C 7312, 1996 U.S. Dist. LEXIS 3873, *1 (N.D. Ill. Mar. 28, 1996) (explaining that "the jury is entitled to hear the whole story" in denying the plaintiff's motion to exclude evidence of his wealth, income or financial status, and references as to his status as an experienced and sophisticated investor); *United States v. Hunter,* 145 F.3d 946, 951 (7th Cir. 1998) (finding that evidence of the defendant's flight "was necessary to tell the whole story of the defendant's capture.").

In this case, it will be important for the jury to hear the whole story because, in all likelihood, no one will have ever heard of Rose Acre, Cal Maine, United Egg Producers, or United States Egg Marketers. But Plaintiffs are household names. The jury will already know Kraft, General Mills, Kellogg, and Nestle before they even step into the courthouse. Plaintiffs are introduced to consumers (including potential jurors) across America every day at meal-times, from breakfast with Kellogg's cereal and Eggo waffles, lunch with Kraft macaroni and cheese, dinner with General Mills' Green Giant vegetables, and dessert with Nestle Toll House Cookies. And two of the Plaintiffs are not strangers to this venue. Kraft is a "hometown" company located in Cook County (Second Am. Compl., ¶ 119), and Kellogg is planning to move one of its headquarters to Chicago. (*See* T. Soglin and S. Freishtat, *Kellogg Co. Will Split Into Three Companies, With Snack Headquarters in Chicago*, Chicago Tribune, June 21, 2022.)

Rose Acre, by comparison, is located in rural Indiana and sells eggs on the wholesale market, not directly to consumers. (Plaintiffs' Motion *in Limine* No. 6, ECF No. 177, at Ex. 1, p. 130.) The jury will not be familiar with Rose Acre's business. Defendants need an opportunity to tell the jury who they are in order for the jury to evaluate the evidence in the proper context.

5

### B. Evidence and Testimony About "Family Farms" Is Not Unfairly Prejudicial or Misleading.

Plaintiffs alternatively argue that, even if relevant, evidence related to "family farms" should be excluded under Rule 403 of the Federal Rules of Evidence because it "inject[s] sympathy and make[s] it likely that the jury will be induced the decide the case on an emotional basis." (Plaintiffs' Motion *in Limine* No. 6, ECF No. 177, p. 4.) Plaintiffs offer nothing substantive to back up their claim and fail to meet their "burden of establishing that the evidence is not admissible for any purpose." *Peco Pallet, Inc. v. Northwest Pallet Supply Co.,* 2018 U.S. Dist. LEXIS 235729, *3 (N.D. Ill. Oct. 31, 2018). Plaintiffs' entire argument centers on the fact that Rose Acre happens to be owned and operated by the Rust family. But these are all facts that describe what Rose Acre is, was, and has been. Plaintiffs may find that inconvenient, but inconvenience does not mean the evidence is "unfairly prejudicial" within the meaning of Rule 403. *United States v. McNeese,* 901 F.2d 585, 599 (7th Cir. 1990) ("Relevant evidence is, by its nature, prejudicial; it must be unfairly prejudicial to be excluded.").

The sole authority on which Plaintiffs rely – *Thompson v. City of Chicago,* 472 F.3d 444 (7th Cir. 2006) – is inapposite. The evidence at issue in *Thompson* arose in the impassioned context of a fatal "choke hold" applied by Chicago police officers. There, the Seventh Circuit affirmed the exclusion of evidence related to the Chicago Police Department's general orders pertaining to the appropriate use of force, on the basis that they could mislead the jury into finding the orders created a legal duty of care. *Id.* at 456-57. No similar danger exists here. Admitting evidence that Rose Acre is a "family business" will not cause the jury to apply the wrong legal standard for deciding whether there was an antitrust conspiracy to reduce supply.[3]

---

[3] Nor can Plaintiffs rely on the Court's determination in *Boros* that the pharmacologist's expert testimony was unfairly prejudicial to the extent it described the side effects of prescription drugs sold by the defendant. 668 F.3d at 910. The "disturbing" testimony, which "discussed side

6

Finally, there is no merit to Plaintiffs' contention that evidence or testimony "[c]haracterizing Defendants as 'family farms' or 'family businesses' is also misleading." (*See* Plaintiffs' Motion *in Limine* No. 6, ECF No. 177, p. 4.) These facts are all true, constitute relevant background information, are not misleading, and would not confuse a jury. As Rose Acre's counsel also made clear at the former DAP trial, Rose Acre is no longer a small farm. (*Id.* at Ex. 1, p. 130.) It is a large farm, with over 2000 employees and facilities throughout the country. (*Id.*) At no time did counsel try to confuse the jury into believing that Rose Acre is anything other than what it is.

Contrary to Plaintiffs' argument, "nothing in the Federal Rules of Evidence would justify excluding evidence that one side regards as 'inaccurate' or 'misleading.'" *LaSalle Nat'l Bank v. Massachusetts Bay Ins. Co.,* No. 90 C 2005, 1997 U.S. Dist. LEXIS 5647, *3 (N.D. Ill. Apr. 22, 1997). To the extent Plaintiffs are concerned about "misleading" testimony on this issue, they are welcome to – and surely will – cross-examine Rose Acre's witnesses, and rebut this testimony with their own witnesses.

## IV. Conclusion

For the foregoing reasons, this Court should deny Plaintiffs' Motion *in Limine* No. 6, which improperly seeks to prevent Rose Acre and its co-defendants from accurately presenting relevant background evidence to the jury.

---

effects such as seizures, strokes, psychotic episodes, and birth defects" (*see id.*), cannot compare to inoffensive testimony that Rose Acre is a "family farm."

Dated: September 16, 2022          Respectfully submitted,

/s/ Jay L. Levine
Jay L. Levine (jlevine@porterwright.com)
Donald M. Barnes (dbarnes@porterwright.com)
PORTER, WRIGHT, MORRIS & ARTHUR LLP
2020 K. Street, N.W., Suite 600
Washington, D.C. 20006-1110
Tel: (202) 778-3000

James A. King (jking@porterwright.com)
Allen T. Carter (acarter@porterwright.com)
PORTER, WRIGHT, MORRIS & ARTHUR LLP
41 South High Street, Suite 2900
Columbus, OH 43215
Tel: (614) 227-2000

***Counsel for Defendant Rose Acre Farms, Inc.***

/s/ Robin P. Sumner
Robin P. Sumner (robin.sumner@troutman.com)
Kaitlin L. Meola (kaitlin.meola@troutman.com)
TROUTMAN PEPPER HAMILTON SANDERS LLP
3000 Two Logan Square, 18th and Arch Streets
Philadelphia, PA 19103-2799
Tel: (215) 981-4000

Whitney R. Redding (whitney.redding@troutman.com)
TROUTMAN PEPPER HAMILTON SANDERS LLP
Union Trust Building
501 Grant Street, Suite 300
Pittsburgh, PA 15219-4429
Tel: (412) 454-5085

Robert E. Browne, Jr. (robert.browne@troutman.com)
TROUTMAN PEPPER HAMILTON SANDERS LLP
227 West Monroe Street, Suite 3900
Chicago, IL 60606
Tel: (312) 759-1923

***Counsel for Defendants United Egg Producers, Inc. & United States Egg Marketers, Inc.***

/s/ Patrick M. Collins
Patrick M. Collins (pcollins@kslaw.com)
Livia M. Kiser (lkiser@kslaw.com)

Patrick Otlewski (potlewski@kslaw.com)
Abigail Terry (aterry@kslaw.com)
KING & SPALDING LLP
110 North Wacker Drive, 38th Floor
Chicago, IL 60606
Tel: (312) 995-6333

Lohr Beck (lohr.beck@kslaw.com)
(pro hac vice)
Andrew Chinsky (achinsky@kslaw.com)
KING & SPALDING LLP
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309
Tel: (404) 572-2812

Brian E. Robison (brian@brownfoxlaw.com)
(pro hac vice)
BROWN FOX PLLC
6303 Cowboys Way, Suite 450
Frisco, TX 75034
Tel: (972) 707-2809

***Counsel for Defendant Cal-Maine Foods, Inc.***

## CERTIFICATE OF SERVICE

      I hereby certify that on September 16, 2022, a copy of the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all CM/ECF participants registered to receive service in this action.

                                                  */s/ Jay L. Levine*
                                                  Jay L. Levine