# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: PROCESSED EGG PRODUCTS ANTITRUST LITIGATION | : MULTIDISTRICT : LITIGATION |
| *THIS DOCUMENT APPLIES TO:* ALL DIRECT ACTION PLAINTIFF CASES | : No. 08-md-2002 : |

## ORDER

AND NOW, on this 24th day of September, 2019, upon consideration of the Motion *in Limine* to Preclude Evidence of Later-Enacted State Laws (Doc. No. 1879), the Response in Opposition (Doc. No. 1942), and oral argument held on September 5, 2019, it is **ORDERED** that the Motion *in Limine* (Doc. No. 1879) is **DENIED**.[1]

BY THE COURT:

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

---

[1] The DAPs argue that any reference to state laws enacted after 2008 that adopt the UEP Guidelines on Animal Husbandry, UEP Certified Program, or similar requirements are irrelevant and prejudicial and should thus be excluded under Federal Rules of Evidence 401, 402, and 404. The Court already determined during the DPPs' trial that these laws "were relevant to the defendant's claim that they created this animal welfare program under intense outside pressure from animal rights groups." Doc. No. 1672. The same holds true here.

The defendants intend to argue that they were under intense pressure from animal welfare groups and undertook the animal welfare guidelines as a way to combat that pressure. These later-enacted laws may be probative on that point. Of course, the DAPs will be well within their right to counter-argue that the laws are solely the result of the defendants' own lobbying efforts. However, as factfinder, the jury should make the decision as to which side to believe and how much they believe.

Moreover, the DAPs seek to bar evidence of any laws enacted after 2008 even though their damages period goes through 2012. The DAPs claim that Dr. Baye adequately controlled for the impact of the state laws in his analysis. To attack his modeling, the defendants may want to discuss whether Dr. Baye properly removed, for example, the Arizona purchases from his damages' calculation, disentangled the production effects of the alleged conspiracy from these laws in several states, and/or appropriately selected the cut-off date for his damages period.

There are still a number of rational inferences jurors may (or may not) draw that may "make a fact more or less probable." FED. R. EVID. 401. The probative value in evaluating the defendants' alleged response to animal welfare groups and the legitimacy of Dr. Baye's analysis is not outweighed by any danger of unfair prejudice, confusing the issues, or misleading the jury. *See* FED. R. EVID. 403. If the DAPs' concerns persist during the trial, they are welcome to object to this evidence at trial or request that the Court address any possible confusion with an instruction to the jury.