# EXHIBIT C

```
 1                IN THE UNITED STATES DISTRICT COURT

 2             FOR THE EASTERN DISTRICT OF PENNSYLVANIA

 3

 4

 5   IN RE:  PROCESSED EGG PRODUCTS:        MDL NO. 2002
     ANTITRUST LITIGATION                   08-MDL-02002
 6

 7
                              - - - - -
 8

 9                         PHILADELPHIA, PA

10
                            JUNE 5, 2018
11                         DAY TWENTY-ONE

12

13   BEFORE:    THE HONORABLE GENE E.K. PRATTER, J.

14

15                            - - - - -

16                         TRIAL TRANSCRIPT

17                            - - - - -

18

19

20

21            KATHLEEN FELDMAN, CSR, CRR, RPR, CM
              Official Court Reporter
22            Room 1234 - U.S. Courthouse
              601 Market Street
23            Philadelphia, PA  19106
              (215) 779-5578
24

25
         (Transcript produced by mechanical shorthand via C.A.T.)
```

1         Other factors that you might consider in determining
2    whether the Defendants and their alleged coconspirators have
3    market power include barriers to entry into the egg market for
4    potential competitors, the threat of substitute products for
5    eggs, outside competitors who were not part of the alleged
6    conspiracy, and the percentage of the market covered by the
7    alleged members of the conspiracy.
8         If the Defendants and their alleged coconspirators
9    do not possess a substantial market share, it is less likely
10   that the Defendants and their alleged coconspirators possessed
11   market power.
12        If they do not possess market power, then it's less
13   likely that the challenged restraints have resulted in a
14   substantial harmful effect on competition in the market.
15        On the other hand, if you were to conclude that the
16   Defendants and their alleged coconspirators possessed market
17   power, you could conclude that it is more likely that the
18   challenged restraints have resulted in a substantial harmful
19   effect on competition in the market.
20        If you find that the Direct Purchaser Plaintiff
21   Class has proven that the challenged restraints resulted in
22   substantial harm to competition in a relevant market, then you
23   must determine whether the restraints also benefits
24   competition in other ways.
25        In considering whether the challenged restraints

1   benefitted competition, you may consider various factors,
2   including, but not limited to, whether the challenged
3   restraints were demanded by customers, increased production,
4   decreased prices, or improved product quality.  If you find
5   that the challenged restraints do result in competitive
6   benefits, then you must also consider whether the restraints
7   were reasonably necessary to achieve the benefits.
8              If the Direct Purchaser Plaintiff Class proves that
9   the same benefits could have been readily achieved by other
10  reasonably available alternative means that create
11  substantially less harm to competition, then they could not be
12  used to justify the restraints.
13             If you find that the challenged restraints were
14  reasonably necessary to achieve competitive benefits, then you
15  must balance those competitive benefits against the
16  competitive harm resulting from the same restraints.
17             If the competitive harm substantially outweighs the
18  competitive benefit, then the challenged restraints are
19  unreasonable.  If the competitive harm does not substantially
20  outweigh the competitive benefits, then the challenged
21  restraints are not unreasonable.
22             In conducting this analysis, you must consider the
23  benefits and the harm to competition and to consumers.  The
24  Direct Purchaser Plaintiff Class bears the burden of proving
25  that the anticompetitive effect of the conduct substantially