# EXHIBIT F

# Pepper Hamilton LLP
###### Attorneys at Law

3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799
215.981.4000
Fax 215.981.4750

Robin P. Sumner
direct dial: 215.981.4652
direct fax: 215.688.2836
sumnerr@pepperlaw.com

September 10, 2012

*Via Email*

John F. Kinney
Jenner & Block LLP
353 North Clark Street
Chicago, IL 60654

    Re:   In re Processed Egg Products Antitrust Litigation

Dear John:

   I write to summarize our discussions to date regarding Defendants' document requests to the Kraft Plaintiffs (Kraft Foods Global, Inc., The Kellogg Company, General Mills, Inc., and Nestlé USA, Inc.) and the Kraft Plaintiffs' responses and objections thereto. Below I have outlined the issues discussed and the Kraft Plaintiffs' current position on each of these issues. If you believe I have misstated the Kraft Plaintiffs' position with respect to any issue, please let me know promptly.

   **Animal Welfare:** The Kraft Plaintiffs agree to produce documents that relate to animal welfare if they 1) specifically reference layer hens or eggs or 2) relate to animal welfare generally and not to specific animals or food products. The Kraft Plaintiffs refuse to produce animal welfare documents that relate exclusively to animals other than layer hens or exclusively to food products other than eggs. The Kraft Plaintiffs agree to produce all documents described in the first sentence of this paragraph without regard to any criteria other than date (the agreement with respect to which is set forth below), and agree that the production may include, but will not be limited to, business plans or projections, pro formas, communications or documents demonstrating involvement with any trade association (including FMI), documents demonstrating involvement with any animal activist group, and documents relating to the marketing, promoting, pricing or sale of the Kraft Plaintiffs' products. Further, the Kraft Plaintiffs have agreed to take steps to identify and search the files of all persons within their organizations who may be in possession of these documents and will not limit their search to individuals involved in "procurement."

| Philadelphia | Boston | Washington, D.C. | Detroit | New York | Pittsburgh |
| Berwyn | Harrisburg | Orange County | Princeton | Wilmington | |

www.pepperlaw.com

**Pepper Hamilton LLP**
Attorneys at Law

John F. Kinney
Page 2
September 10, 2012

    **Organizational charts:** The Kraft Plaintiffs agree to produce organizational charts sufficient to show the individuals in their organization who are involved in the procurement of shell eggs or egg products and animal welfare. To date, the Kraft Plaintiffs have focused their search for organizational charts on hard copy documents relating to procurement. The Kraft Plaintiffs further agree to search ESI for additional procurement related organizational charts and to search for and produce organizational charts sufficient to identify individuals who might have information or documents relating to animal welfare, including, but not limited to, individuals who work in procurement, licensing, quality and regulatory operations.

    **Custodians and the Kraft Plaintiffs' Attachments 1 to Preservation Order:** The Kraft Plaintiffs agree to preserve and search the files of all individuals involved in discussions relating to animal welfare, including but not limited to personnel in the purchasing, procurement, licensing, and quality and regulatory operations departments. The Kraft Plaintiffs' search for responsive documents will not be limited to individuals involved in procurement. In addition, General Mills agreed to consider searching the files of several individuals who are known to have attended a meeting with UEP regarding UEP's Certified Program in 2008, including Linc Davis, Gregg Dorazio, Cass Wade-Kudla, Maura Murphy, and Ravi Ramalingham. Please let us know by COB tomorrow whether General Mills will agree to do so. You further explained that the Kraft Plaintiffs will update their Attachments 1 to CMO 14, identifying additional custodians whose documents are being preserved. Among these custodians will be those identified as having documents relating to animal welfare (regardless of their department or position within the companies), and General Mills will consider adding specifically the custodians identified above, in addition to others. The Kraft Plaintiffs also agree to preserve and search the files of individuals that may have documents relating to egg and/or egg products purchases and/or sales. This obligation is not limited to the purchasing/procurement departments, but extends to accounts payable and any other department whose members have documents relating to purchases and/or sales. You said that Kraft, Kellogg, and General Mills will update their disclosures by the end of September, while Nestlé may need additional time. We believe it would be consistent with the Court's direction and most efficient for you to identify these custodians promptly and sufficiently before the Court's September 14 date to raise open discovery issues.

    **Dates:** The Kraft Plaintiffs agree to produce documents for the period from January 1, 1999 through December 31, 2008, with two exceptions. The Kraft Plaintiffs agree to produce transactional data dated January 1, 1999, through December 31, 2011. The Kraft Plaintiffs also agree to produce all "source" documents that formed the basis for the Kraft Plaintiffs' Complaint and the contentions made therein (including non-privileged witness interviews) without any limitation as to date. The Kraft Plaintiffs agree to consider in good faith specific requests for documents dated after December 31, 2008.

**Pepper Hamilton** LLP
Attorneys at Law

John F. Kinney
Page 3
September 10, 2012

       **Shell egg purchases:** You stated that the Kraft Plaintiffs do not purchase shell eggs. You agreed to confirm this statement in writing.

       **Purchases:** The Kraft Plaintiffs agree to provide transactional data reflecting their purchases of egg products, as well as all documents showing how prices were negotiated and set, and documents detailing or forecasting the effect of egg products prices on their businesses. The Kraft Plaintiffs also agree (their objection to Request No. 53 notwithstanding) to produce documents relating to the effect on their purchases of egg products of changes in the price of products other than eggs or egg products, for example, fuel.

       **Sales:** You stated that the Kraft Plaintiffs do not sell shell eggs or egg products as those terms are defined in the Indirect Purchaser Plaintiffs' Third Amended Complaint. You agreed to confirm this statement in writing.

       **Purchasing groups:** You stated that the Kraft Plaintiffs do not purchase eggs or egg products, as those terms are defined in the MDL Complaints, from or through buying cooperatives, buying groups, retailer-owned wholesale operations or buying entities. Rather, you stated that responsibility for purchasing eggs and egg products is limited to the companies' procurement departments.

       **Settlement documents:** The Kraft Plaintiffs agree to produce documents received from Moark as a result of Moark's settlement. You stated that the Kraft Plaintiffs did not receive documents from Sparboe, Golden Oval, or any other defendant in the course of settlement discussions.

       **Business plans, pro formas, projections, investor presentations and documents relating to the Kraft Plaintiffs' financial performance:** The Kraft Plaintiffs agree to produce all documents, including but not limited to business plans, pro formas, investor presentations and projections, relating to the impact of egg and egg products prices on their financial performance. The Kraft Plaintiffs also agree to produce these documents to the extent they refer or relate to purchases and/or sales of eggs and/or egg products. The Kraft Plaintiffs also agree to produce all documents relating to animal welfare as described in the first substantive paragraph of this letter on page one, including business plans, pro formas, projections, investor presentations and other documents relating to financial performance that also relate to animal welfare..

**Pepper Hamilton LLP**
Attorneys at Law

John F. Kinney
Page 4
September 10, 2012

       **Document retention policies:** The Kraft Plaintiffs agree to produce all policies that were in effect during any point between January 1, 1999, and December 31, 2008.

       **Documents relating to, received from or sent to any Defendant**: Notwithstanding the Kraft Plaintiffs' objections to Request No. 10, you confirmed that the Kraft Plaintiffs will produce all documents responsive to this request and are not withholding any based on their objections.

       **Negotiations regarding the purchase of egg products**: Notwithstanding the Kraft Plaintiffs' response to Request No. 16 that they will limit their production of documents relating to negotiations over contract terms and price to an agreed upon list of producers/processors, the Kraft Plaintiffs agree to produce all documents responsive to Request No. 16.

       **Substitutability:** Notwithstanding their objections to Requests Nos. 44 and 45, he Kraft Plaintiffs agree to produce all documents related to the substitutability, elasticity of demand, and interchangeability of eggs or egg products.

       **Pre-complaint investigation**: The Kraft Plaintiffs have agreed to search for and produce non-privileged documents are the source for the contentions in their Complaint without regard to custodian or date limitations, including but not limited to communications with other plaintiffs. To the extent the Kraft Plaintiffs withhold source documents on privilege or work product grounds, the Kraft Plaintiffs have refused to log those documents if they are dated after September 24, 2008. Defendants cannot agree to this limitation as the Kraft Plaintiffs' Complaint was not filed until December 12, 2011.

       **Government agencies:** The Kraft Plaintiffs agree to produce communications with, as well as documents provided to or received from,all state and federal government agencies relating to eggs, egg products and animal welfare..

       **Capper Volstead:** The Kraft Plaintiffs agree to produce all documents relating to Capper-Volstead, including documents relating to their contention that UEP and USEM are not bona fide Capper-Volstead cooperatives, their objections to Request No. 114 notwithstanding.

       **Objections that the request is vague and ambiguous**: The Kraft Plaintiffs objected to many of defendants' requests on the ground that they are "vague and ambiguous." You confirmed that the Kraft Plaintiffs are not withholding any documents based on this objection.

**Pepper Hamilton LLP**
<u></u>Attorneys at Law

John F. Kinney
Page 5
September 10, 2012

       Please let me know as soon as possible if I have misstated any of your positions.

       Sincerely,

       Robin P. Sumner

cc: William Blechman, Esq.
    Steven A. Asher, Esq.
    Krishna Narine, Esq.
    Doug Patton, Esq.
    Jan P. Levine, Esq.