UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KRAFT FOODS GLOBAL, INC., THE KELLOGG COMPANY, GENERAL MILLS, INC., and NESTLÉ USA, INC., | ) ) ) ) ) | No. 1:11-cv-08808 |
| Plaintiffs, | ) ) | Judge Gary S. Feinerman |
| v. | ) ) | |
| UNITED EGG PRODUCERS, INC., UNITED STATES EGG MARKETERS, INC., CAL-MAINE FOODS, INC., MICHAEL FOODS INC., and ROSE ACRE FARMS, INC. | ) ) ) ) ) ) | |
| Defendants. | ) | |

## JOINT STATUS REPORT

Pursuant to the Court's October 13, 2022 order, the Parties submit this Joint Status Report.

### A. Nature of the Case

Plaintiffs Kraft Foods Global, Inc., The Kellogg Company, General Mills, Inc. and Nestlé USA, Inc. are represented by Jenner & Block with lead trial counsel Brandon D. Fox. Defendant United Egg Producers, Inc. ("UEP") is represented by Troutman Pepper Hamilton Sanders LLP with lead trial counsel Robin P. Sumner. Defendant United States Egg Marketers, Inc. ("USEM") is represented by Troutman Pepper Hamilton Sanders LLP with lead trial counsel Robert E. Browne, Jr. Defendant Cal-Maine Foods, Inc. is represented by King & Spalding LLP with lead trial counsel Patrick M. Collins. Rose Acre Farms, Inc. is represented by Porter, Wright, Morris & Arthur LLP with James A. King as lead trial counsel. (*See also* additional counsel and detail in the below signature blocks.)

This Court has jurisdiction because the claims arise under federal law. Plaintiffs allege that Defendants violated Section 1 of the Sherman Act, 15 U.S.C. § 1. There are no pending counterclaims.

Plaintiffs are global food-processing companies that purchase egg products as ingredients in the food they manufacture. Defendants Cal-Maine and Rose Acre are

egg producers located in the United States. Defendant UEP is an agricultural cooperative whose members are egg producers. Defendant USEM is an egg producer cooperative that coordinates egg exports.

Plaintiffs allege that the Defendants conspired with each other and other egg producers to limit the production of eggs and thereby artificially raise the prices that Plaintiffs paid for egg products. Plaintiffs seek damages of approximately $111 million before trebling, plus attorneys' fees, costs, and prejudgment interest. Plaintiffs also seek an injunction that prohibits Defendants from engaging in their unlawful conduct.

Defendants deny that they engaged in a conspiracy, that Plaintiffs were damaged by any of their alleged actions, and that Plaintiffs are entitled to injunctive relief.

All Defendants have been served.

### B. Proceedings to Date, Discovery & Trial

#### 1. The MDL Proceedings

Plaintiffs filed their complaint with a jury demand in the Northern District of Illinois in 2011. The matter was transferred to the Eastern District of Pennsylvania for MDL proceedings before Judge Gene E.K. Pratter, *In re Processed Egg Products Antitrust Litigation*, No. 08-md-02002 (E.D. Pa.). All discovery was overseen in the MDL and is closed. Substantive rulings involving Parties to this case occurring in the MDL proceedings (by date and MDL docket number) include:[1]

| Ruling Date and Docket Number | Description of Ruling |
|---|---|
| 08/23/2013 (ECF No. 846) | Defendants' motion to dismiss claims for damages before September 24, 2004, granted. |
| 06/10/2014 (ECF No. 986) | Certain Direct Action Plaintiffs' motion to dismiss counterclaims of Defendants Rose Acre and Cal-Maine granted. |
| 09/06/2016 (ECF Nos. 1435 & 1436) | Defendants' motion for summary judgment dismissing all claims based on purchases of egg products granted. Third Circuit later reversed decision on appeal. *See In re Processed Egg Prods. Antitrust Litig.*, 881 F.3d 262 (3d Cir. 2018). |
| 09/09/2016 (ECF No. 1437) | Certain Defendants' motion for summary judgment granted on the application of the Rule of Reason analysis to the Certified Program. |

[1] Because litigation in the MDL was extensive and only a subset of plaintiffs and defendants remain, the Parties have not included some rulings that are not at issue in this matter.

| 09/12/2016 (ECF No. 1439) | Certain Defendants' motion for summary judgment on certain damages granted with respect to the impact of Arizona's animal welfare law, but denied with respect to the remainder of the motion. |
|---|---|
| 09/13/2016 (ECF No. 1441) | Plaintiffs' motion for summary judgment on Defendants' affirmative defenses based upon statutory agricultural cooperative exemptions granted as to UEP and denied as to USEM.[2] |
| 09/28/2016 (ECF No. 1444) | Defendant Rose Acre's motion for summary judgment on Plaintiffs' antitrust claims denied. |
| 06/11/2019 (ECF No. 1868) | After remand, Defendants' renewed motion for summary judgment on claims based on purchases of egg products denied. |

Two separate five-week jury trials with Sherman Act conspiracy claims were held before Judge Pratter. The first was in May and June 2018 involving the class of Direct Purchase Plaintiffs ("DPPs") against Defendants Rose Acre and two other egg producers (R.W. Sauder and Ohio Fresh Eggs). That trial resulted in a defense verdict during the liability phase, with the jury finding the existence of a conspiracy but that the restrictions were reasonable. (ECF No. 1767.) The DPPs appealed and the Third Circuit affirmed the jury's verdict. *See In re Processed Egg Prods. Antitrust Litig.*, 962 F.3d 719 (3d Cir. 2020). The second trial began in October 2019. It involved supermarket Direct Action Plaintiffs ("DAPs") and Defendants Rose Acre, UEP, and USEM. That trial also resulted in a defense verdict during the liability phase, with the jury finding that no conspiracy existed. (ECF No. 2090.) The supermarket DAPs appealed to the Third Circuit, which affirmed the verdict in Defendants' favor. *See Kroger v. Rose Acre Farms*, 850 F. App'x 142 (3d Cir. 2021). Defendant Cal-Maine did not participate in either of these trials, as it had settled with the Direct Purchase Plaintiffs and the Direct Action Plaintiffs.

## 2.    *Proceedings in this Court*

In September 2019, this case was transferred back to this District and assigned to Judge Norgle. (ECF No. 15.) On March 28, 2022, Judge Norgle entered an order directing the Parties to file a Final Pretrial Order within 90 days and suggest jury trial dates. (ECF No. 134.) On April 21, 2022, the Parties filed a Joint Motion to Amend Pretrial Schedule and Set Trial Dates, in which they proposed a trial date and pretrial schedule tied to the trial date. (ECF No. 137.) On May 2, 2022, the Court adopted the Parties' proposed schedule, setting an October 24, 2022 trial date and corresponding pretrial schedule. (ECF No. 143.)

---

[2] Although the Court denied summary judgment on the issue as to USEM, pursuant to Stipulation No. 1, the Parties have agreed not to "introduce any argument or evidence regarding Capper-Volstead or Cooperative Marketing Act" and not to "introduce any argument or evidence suggesting that the Defendants did or did not have a good faith belief that their actions were immune from liability." (ECF No. 160)

While the Parties have filed many motions in anticipation of the previously-set October 24, 2022 trial, Judge Norgle did not rule on any substantive motion. The Parties have exchanged (1) initial exhibits lists and objections to the same; (2) most deposition and trial designations, counter-designations, reply designations, and objections to the same; and (3) preliminary witness lists.  By mid-September, the Parties had begun efforts to finalize and timely file the final pretrial order.

On September 20, 2022, Judge Norgle *sua sponte* vacated the October 24th trial date. (ECF No. 213.)  On September 22, 2022, Judge Norgle entered an order directing the Parties to submit an agreed date for trial or separate proposals if an agreement could not be reached. (ECF No. 217.)  Following the announcement of Judge Norgle's retirement, the case was transferred to Judge Kocoras.  (ECF No. 226.)  On October 6, 2022, the Parties jointly requested a January 30, 2023 trial date. (ECF No. 227.)  The case was reassigned to this Court on October 13, 2022.  (ECF No. 230.)  The Court has ordered a status hearing for November 3, 2022, at 9:00 a.m. (ECF No. 232.)  The previous status reports and scheduling orders are attached as Group Ex. A (*see also* ECF Nos. 98, 126, 143).

The Parties estimate that the trial will last five weeks.  As the parties were preparing for trial in earnest prior to Judge Norgle's retirement, they seek to work with the Court to re-set this matter for trial at the Court's earliest convenience.[3]

### C. Pending Motions

There are 16 unresolved motions pending before the Court:[4]

1.  Defendants' Motion to Bifurcate (ECF No. 153);
2.  Plaintiffs' *Santiago* Proffer (ECF No. 164);
3.  Plaintiffs' Motion *in Limine* to Exclude (1) Liability Evidence Concerning Conduct or Events After 2008 and (2) Evidence not Produced in Discovery (ECF No. 173);
4.  Plaintiffs' Motion *in Limine* to Exclude or Limit Evidence Regarding Grocers and Certain 30(b)(6) Witness Testimony (ECF No. 180); and
5.  Defendants' Motion *in Limine* Regarding Deposition Designations (ECF No. 163).
6.  Defendants' Motion *in Limine* to Exclude Certain Documents Predating the Alleged Conspiracy (ECF No. 156);
7.  Defendants' Motion *in Limine* to Preclude Evidence of Egg Exports (ECF No. 159);

---

[3] In order to accommodate a trial counsel's religious obligations, the parties may request that trial end early on Fridays, depending on when during the year trial is scheduled.

[4] The Parties have worked collaboratively to streamline this complex case and reach agreement on scheduling and pretrial matters, including resolving multiple motions *in limine*, and entering into 15 trial stipulations.  (ECF Nos. 160, 182, 211.)  Two sets of stipulations have not yet been entered by the Court.  (ECF Nos. 160, 211.)

8.  Defendants' Motion *in Limine* to Exclude Certain Videos and Photographs (ECF No. 161);
9.  Plaintiffs' Omnibus Motion *in Limine* to Exclude Irrelevant and Prejudicial Evidence (ECF No. 168);[5]
10. Defendants' Motion *in Limine* to Exclude Prior Complaints, Investigations, and Settlements (ECF No. 169);
11. Defendants' Motion *in Limine* to Preclude Plaintiffs' Expert from Offering Factual Narrative Testimony (ECF No. 171);
12. Plaintiffs' Motion *in Limine* to Preclude Defendants From Introducing Evidence of Post-2008 State Laws When Offered to Contest Liability (ECF No. 174);
13. Plaintiffs' Motion *in Limine* to Preclude Evidence and Testimony About a November 2011 News Segment About Non-Party Sparboe Farms (ECF No. 175);
14. Plaintiffs' Motion *in Limine* to Exclude any Reference to Family Farms (ECF No. 177);
15. Plaintiffs' Motion *in Limine* to Preclude any Reference to the Action or Inaction of any Federal or State Antitrust Regulator or the U.S. Department of Agriculture (ECF No. 178); and
16. Plaintiffs' Motion *in Limine* to Preclude John Mueller's Prior Discipline (ECF No. 179).

### D. Settlement

In 2019, Plaintiff Kellogg and Defendant Cal-Maine reached a settlement agreement. (ECF Nos. 25, 26.) Kellogg's claims against Defendants Rose Acre, UEP, and USEM remain pending. Plaintiffs Kraft Foods, General Mills, and Nestlé have not reached a settlement agreement with any the four remaining Defendants.[6] Over the eleven years this case has been pending, there have been attempts at settlement. In the past six months, Plaintiffs have submitted settlement demands to each of the remaining Defendants. On September 16, 2022, Plaintiffs Kraft Foods, General Mills, and Nestlé reached a settlement agreement with Defendant Michael Foods, Inc. The remaining Parties are not close to settling and it appears unlikely they will settle. The Parties have not requested a settlement conference to date. Plaintiffs intend to request a settlement conference. The Defendants do not intend to request a settlement conference.

### E. Magistrate Judge

[5] Plaintiffs filed this omnibus motion summarizing their other motions *in limine*, and Defendants submitted a summary response in addition to their specific responses to each motion in limine. This motion *in limine* presents no independent issue for resolution by the Court and is included in this list only for the sake of clarity and completeness.

[6] Plaintiff Kellogg and Defendant Michael Foods, Inc. settled in 2019. The September 2022 settlement meant that Michael Foods, Inc. has resolved all of the claims against it.

The Parties do not consent to proceed before a magistrate judge for all purposes. The Parties previously requested a limited referral by Judge Norgle to a magistrate judge after the Court ruled on the *Santiago* proffer and certain motions in *limine*. The magistrate judge's proposed role was limited to resolving objections over exhibits and deposition designations in a manner consistent with the Court's evidentiary rulings in those motions. (ECF No. 216.) The Parties are still willing to proceed in this manner if the Court would find it to be beneficial.

Dated: October 28, 2022

Respectfully submitted:

*Counsel for Plaintiffs Kraft Foods Global, Inc., General Mills, Inc., Nestlè USA, Inc. and The Kellogg Company*

*Counsel for Defendant Cal-Maine Foods, Inc.*

/s/ Brandon D. Fox
Brandon D. Fox
Amy M. Gallegos (*admitted pro hac vice)*
JENNER & BLOCK LLP
515 South Flower Street
Suite 3300
Los Angeles, CA
90071
Tel: (213) 239-5100
Fax: (213) 239-5199
bfox@jenner.com
agallegos@jenner.com

James T. Malysiak
Terrence J. Truax
Joel T. Pelz
Angela M. Allen
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654-3456
Tel: (312) 222-9350
Fax: (312) 527-0484
jmalysiak@jenner.com
ttruax@jenner.com
jpelz@jenner.com
aallen@jenner.com

/s/ Patrick M. Collins
Patrick M. Collins (pcollins@kslaw.com)
Livia M. Kiser (lkiser@kslaw.com)
Patrick Otlewski (potlewski@kslaw.com)
Abigail Hoverman Terry
(aterry@kslaw.com)
KING & SPALDING LLP
110 North Wacker Drive, 38th Floor
Chicago, IL 60606
Tel: (312) 995-6333

Lohr Beck (lohr.beck@kslaw.com)
(pro hac vice)
Andrew Chinsky (achinsky@kslaw.com)
KING & SPALDING LLP
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309
Tel: (404) 572-2812

Brian E. Robison
(brian@brownfoxlaw.com)
(pro hac vice)
BROWN FOX PLLC
6303 Cowboys Way, Suite 450
Frisco, TX 75034
Tel: (972) 707-2809

*Counsel for Defendant Rose Acre Farms, Inc.*

*/s/ Donald M. Barnes*
Donald M. Barnes
(dbarnes@porterwright.com)
Jay L. Levine
(jlevine@porterwright.com)
PORTER, WRIGHT, MORRIS &
ARTHUR LLP
2020 K. Street, N.W., Suite 600
Washington, D.C. 20006-1110
Tel: (202) 778-3000

James A. King (jking@porterwright.com)
Allen T. Carter
(acarter@porterwright.com)
PORTER, WRIGHT, MORRIS &
ARTHUR LLP
41 South High Street, Suite 2900
Columbus, OH 43215
Tel: (614) 227-2000

*Counsel for Defendants United Egg Producers, Inc., and United States Egg Marketers, Inc.*

*/s/ Robin P. Sumner*
Robin P. Sumner
(robin.sumner@troutman.com)
Kaitlin L. Meola
(kaitlin.meola@troutman.com)
TROUTMAN PEPPER HAMILTON
SANDERS LLP
3000 Two Logan Square, 18th and Arch
Streets
Philadelphia, PA 19103-2799
Tel: (215) 981-4000

Whitney R. Redding
(whitney.redding@troutman.com)
TROUTMAN PEPPER HAMILTON
SANDERS LLP
Union Trust Building

501 Grant Street, Suite 300
Pittsburgh, PA 15219-4429
Tel: (412) 454-5085

Robert E. Browne, Jr.
(robert.browne@troutman.com)
TROUTMAN PEPPER HAMILTON
SANDERS LLP
227 West Monroe Street, Suite 3900
Chicago, IL 60606
 Tel: (312) 759-1923