# GROUP EXHIBIT A

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| KRAFT FOODS GLOBAL, INC., THE KELLOGG COMPANY, GENERAL MILLS, INC., and NESTLÉ USA, INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | No. 1:11-cv-08808 |
| v. | ) ) | Judge Charles R. Norgle |
| UNITED EGG PRODUCERS, INC., UNITED STATES EGG MARKETERS, INC., CAL-MAINE FOODS, INC., MICHAEL FOODS INC., and ROSE ACRE FARMS, INC. | ) ) ) ) ) ) | |
| Defendants. | ) | |

## JOINT STATUS REPORT

Pursuant to the Court's Third Amended General Order 20-0012 entered on April 24, 2020 (Dkt. 86), the Parties submit this Joint Status Report.

Plaintiffs claim that Defendants violated Section 1 of the Sherman Act, 15. U.S.C. § 1, by agreeing to limit the production of eggs and thereby illegally to raise the prices that Plaintiffs paid for processed egg products. Defendants deny that they have violated Section 1, that they agreed to limit egg production, and that they have illegally raised prices for eggs or processed egg products.

### A. Status Of Discovery

Discovery was completed before this case was remanded from an MDL proceeding pending in the United States District Court for the Eastern District of Pennsylvania, *In re: Processed Egg Products Antitrust Litigation*, MDL No. 2002 (the "Processed Egg Antitrust Litigation").

B. **Status Of Briefing On Any Unresolved Motions**

There are no unresolved motions.

C. **Settlement**

The parties are not presently engaged in settlement efforts.

**Plaintiffs' position:** Plaintiffs have settled with 8 of the original 13 Defendants. Plaintiff Kellogg Company recently settled with current Defendants Michael Foods, Inc. and Cal-Maine Foods, Inc. Those settling parties have submitted Stipulations of Dismissal (ECF Docket Nos. 21 and 22) and Proposed Orders dismissing Kellogg's claims against Michael Foods and Cal-Maine.

Plaintiffs participated in a formal mediation session in 2013 with Cal-Maine Foods and in a separate formal mediation session in 2013 with other Defendants including current Defendants Michael Foods, Rose Acre Farms, United Egg Producers, and United States Egg Marketers. Plaintiffs had settlement discussions in 2018 and 2019 with Cal-Maine and in 2018 with Michael Foods. Based on these past discussions, Plaintiffs do not believe that settlement negotiations will be fruitful until this case is on the eve of trial.

Defendants refer below to two prior trials in the MDL proceeding. However, Plaintiffs were not involved in those trials, nor were Defendants Michael Foods and Cal-Maine. Both cases are now on appeal in the Third Circuit. Plaintiffs believe they will present a very strong case at trial.

**Defendants' position:** In December 2019, after a 6-week jury trial in the Eastern District of Pennsylvania of claims brought by 12 grocery store chains concerning the same conspiracy plaintiffs allege here, the jury found "no conspiracy to reduce the supply of eggs," resulting in a complete defense verdict in favor of defendants Rose Acre Farms, UEP, and USEM. Indeed, these plaintiffs could have tried their claims in that EDPA trial. And in 2018, a class of direct purchasers also tried the same conspiracy claims to a jury, and after a 5-week trial, that jury too found in all

2

defendants' favor. After two multi-week trials and two complete defense verdicts from two separate juries, defendants believe this case can and should be resolved without empaneling a third jury, particularly in these uncertain COVID-19 times. Therefore, defendants are willing to explore whether a reasonable, good-faith settlement could be reached.

### D. Proposed Schedule For Next 45 Days

**Plaintiffs' position:** Plaintiffs request that, as soon as feasible given the current circumstances, the Court enter a scheduling order for preparing this case for trial. Plaintiffs' proposed schedule is as follows:

| Date | Event |
|---|---|
| Oct. 12, 2020 | Parties exchange proposed witness lists, exhibit lists, and deposition designations |
| Nov. 12, 2020 | Parties file motions in limine |
| Dec. 11, 2020 | Parties file objections to witness lists, exhibit lists, and deposition designations |
| Dec. 18, 2020 | Parties file counter deposition designations |
| Dec. 18, 2020 | Parties file responses to motions in limine |
| Jan. 13, 2021 | Oral argument on motions in limine |
| Jan. 18, 2021 | Parties file responses to objections to witness lists, exhibit lists, and deposition designations |
| Jan. 18, 2021 | Parties file objections to counter deposition designations |
| Feb. 5, 2021 | Parties file proposed voir dire questions, jury instructions, verdict forms, and joint statement of case |
| Feb. 12, 2021 | Parties exchange drafts of the Final Pretrial Order |
| Feb. 26, 2021 | Parties submit Final Pretrial Order |
| March 2, 2021 | Final Pretrial Conference |
| | Case ready for trial |

**Defendants' position:** Given the provisions of the Chief Judge's Third Amended General Order and the anticipation of an updated General Order on May 26, 2020 that will further inform civil case timelines, it is premature to set a pretrial schedule. Accordingly, Defendants believe that there are no aspects of this case that require a schedule for the next 45 days.

### E. Any Agreed Proposed Revised Discovery and Dispositive Motion Schedule

No such schedule is necessary because discovery and dispositive motions have been completed.

3

### F. Any Agreed Action The Court Can Take Without A Hearing

**Plaintiffs' position:** The only action that needs to be taken is to enter a schedule for preparation of the final pretrial order. That can be done based upon the parties' submissions without the need for a hearing.

**Defendants' position:** There is no agreed action that the Court can take at this time without a hearing.

### G. Whether A Telephonic Hearing Is Necessary And Urgent

**Plaintiffs' position:** A telephonic status conference would be helpful on the scheduling of the preparation of the final pretrial order, but is not necessary and time urgent.

**Defendants' position:** Pending the provisions of the Chief Judge's anticipated May 26 Order, a telephonic hearing with the Court is neither necessary nor urgent. Defendants suggest that it might be appropriate to schedule an initial telephonic status conference 50-60 days from now, at which point the Court and the parties may have a better sense of the schedule for reopening the courts and what sort of pretrial schedule might be realistic.

Respectfully Submitted,

/s/James T. Malysiak
James T. Malysiak
Stephen Brown
Jenner & Block LLP
353 N. Clark Street
Chicago, IL 60654-3456
Tel: (312) 222-9350
Fax: (312) 527-0484
Email: jmalysiak@jenner.com

Richard L. Stone
Amy M. Gallegos
Jenner & Block LLP
633 West 5th Street, Suite 3600
Los Angeles, CA 90071-2091
Tel: (213) 239-5100
Fax: (213) 239-5199
Email: agallegos@jenner.com
          rstone@jenner.com

**Counsel for Plaintiffs Kraft Foods Global, Inc., General Mills, Inc., Nestlé USA, Inc. and The Kellogg Company**

/s/ Donald M. Barnes
Donald M. Barnes
Jay L. Levine
James A. King
Porter, Wright, Morris & Arthur LLP
2020 K Street, N.W., Suite 600
Washington, D.C. 20006-1110
Tel: (202) 778-3000
Email: dbarnes@porterwright.com

James S. Dubner
Porter Wright Morris & Arthur LLP
321 North Clark Street
Suite 400
Chicago, IL 60654
312.756.8466
JDubner@porterwright.com
**Counsel for Defendant Rose Acre Farms, Inc.**

5

Stephen J. Siegel
NOVACK AND MACEY LLP
100 N. Riverside Plaza
Chicago, IL 60606
Tel: (312) 419-6900
Email: ssiegel@novackmacey.com
***Counsel for Defendant Michael Foods, Inc.***

*/s/ Patrick M. Collins*
Patrick M. Collins
Zachary T. Fardon
Livia M. Kiser
Patrick Otlewski
King & Spalding LLP
353 N. Clark Street
Twelfth Floor
Chicago, IL 60654
Tel: (312) 995-6333
pcollins@kslaw.com
zfardon@kslaw.com
lkiser@kslaw.com
potlewski@kslaw.com

*/s/ Brian E. Robison*
Brian E. Robison (*pro hac vice* to be filed)
Gibson, Dunn & Crutcher
2001 Ross Avenue
Suite 2100
Dallas, TX 75201-6912
Tel: (214) 698-3370
Email: brobison@gibsondunn.com
***Counsel for Defendant Cal-Maine Foods, Inc.***

6

*/s/ Jan P. Levine*
Jan P. Levine
Pepper Hamilton LLP
3000 Two Logan Square
18th and Arch Streets
Philadelphia, PA 19103
Tel: (215) 981-4000
Email: levinej@pepperlaw.com

Robert E. Browne Jr.
Troutman Sanders LLP
227 W. Monroe Street, Suite 3900
Chicago, IL  60606
Tel: (312) 759-1923
Email: robert.browne@troutman.com
***Counsel for Defendants United Egg Producers,
Inc., and United States Egg Marketers, Inc.***

7

## CERTIFICATE OF SERVICE

      I hereby certify that on May 18, 2020, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all CM/ECF participants registered to receive service in this action.

*/s/ Patrick Collins*
Patrick M. Collins

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| KRAFT FOODS GLOBAL, INC., THE KELLOGG COMPANY, GENERAL MILLS, INC., and NESTLÉ USA, INC., | ) ) ) ) | |
| Plaintiffs, | ) | No. 1:11-cv-08808 |
| v. | ) ) ) | Judge Charles R. Norgle |
| UNITED EGG PRODUCERS, INC., UNITED STATES EGG MARKETERS, INC., CAL-MAINE FOODS, INC., MICHAEL FOODS INC., and ROSE ACRE FARMS, INC. | ) ) ) ) ) ) | |
| Defendants. | ) | |

## JOINT STATUS REPORT

Pursuant to the Court's order entered August 4, 2021, the Parties submit this Joint Status Report.

This action, originally filed in this District, was transferred to the Eastern District of Pennsylvania for coordinated pre-trial proceedings with related actions in an MDL proceeding captioned *In re: Processed Egg Products Antitrust Litigation,* MDL No. 2002. Plaintiffs here claim that Defendants violated Section 1 of the Sherman Act, 15 U.S.C. § 1, by agreeing to limit the production of eggs and thereby illegally raise the prices that Plaintiffs paid for processed egg products. Defendants deny that they have violated Section 1, that they agreed to limit egg production, and that they have illegally raised prices for eggs or processed egg products.

### A. Status of Discovery

Discovery was completed before this case was remanded from the MDL proceeding.

B. **Pending Motions**

There are no pending motions, but there are two pending Stipulations of Dismissal and Proposed Orders awaiting final entry (Dkts. 21, 25). Specifically, Plaintiff Kellogg Company settled with Defendants Michael Foods, Inc. and Cal-Maine Foods, Inc. and submitted the aforementioned Stipulations and Proposed Orders.

C. **Settlement**

The parties are not presently engaged in settlement efforts.

Plaintiffs' position: Defendants refer below to two prior trials in the MDL proceeding. However, Plaintiffs were not involved in those trials, nor were Defendants Michael Foods and Cal-Maine. Given Defendants' views, as articulated below, Plaintiffs do not believe settlement discussions will be fruitful at this time.

Defendants' position: The MDL proceeding included numerous actions filed by several classes of direct and indirect purchasers, as well as independent direct purchasers, coalescing into three plaintiff groups: Direct Purchaser Class ("DPP"), Indirect Purchaser Class ("IPP") and Direct Action Plaintiffs ("DAP"), respectively. All of these actions involved nearly identical claims. The latest trial involved DAPs that had originally brought their claims in the Eastern District of Pennsylvania. In December 2019, after a 6-week jury trial of claims brought by 12 grocery store chains concerning the same conspiracy plaintiffs allege here, the jury found "no conspiracy to reduce the supply of eggs," resulting in a complete defense verdict in favor of defendants Rose Acre Farms, UEP, and USEM. Indeed, these plaintiffs could have tried their claims in that EDPA trial. The Third Circuit affirmed judgment in favor of the defendants. And in 2018, DPPs also tried the same conspiracy claims to a jury, and after a 6-week trial, that jury too found in all defendants' favor. The Third Circuit affirmed judgment in favor of defendants in that matter as well. After two multi-week trials and two complete defense verdicts from two separate juries,

2

defendants believe this case can and should be resolved without empaneling a third jury, particularly in these uncertain COVID-19 times. Therefore, defendants are willing to explore whether a reasonable, good-faith settlement could be reached.

### D. Proposed Schedule

Pursuant to the Court's August 4, 2021 order, the parties propose the following proposed schedule for preparing the final pretrial order. Plaintiffs expect the jury trial to last approximately four weeks and, based on the previous two trials held in this matter, Defendants expect the jury trial to last approximately six weeks.[1] Given the anticipated length of the trial and the uncertainty of when the Court could schedule a jury trial, the parties propose timing intervals (i.e., days prior to the final pre-trial conference) instead of dates certain. These intervals largely mirror the pre-trial schedule from the DAP trial. Plaintiffs request that depending on the Court's availability the trial commence in or around April, 2022. Counsel for certain Defendants have conflicts in April 2022 and request that the Court work with the parties to find available trial dates based on the Court's and parties' schedules. Additionally, given the size and complexity of the matter to be tried, the parties request that the final pre-trial conference occur no later than 30 days before trial.

|  | **Days before final pre-trial conference** |
|---|---|
| Proposed witness and exhibit lists and deposition designations | 132 |
| Objections to witness and exhibit lists and deposition designations | 90 |
| Motions *in limine* | 76 |

---

[1] Both the DPP and DAP trials were bifurcated between liability and damages. Because the jury in each case rendered a verdict for the defendants in the liability phase, the damages phase was never reached. The DPP trial began on May 2, 2018 and the jury reached a verdict on June 14. The DAP trial began on October 31, 2019 and the jury reached a verdict on December 12, 2019. The IPP action was dismissed before ever reaching trial.

| | |
|---|---|
| Submission of *Santiago* proffer | 76 |
| Exchange counter-designations | 69 |
| Objections to counter-designations | 62 |
| Responses to objection to witness list, exhibit list and deposition designation | 62 |
| Response to *Santiago* proffer | 55 |
| Responses to motions *in limine* | 55 |
| Oral argument on motions *in limine* | 42 |
| Oral argument on *Santiago* proffer | 42 |
| Proposed jury instructions, verdict form, voir dire questions and joint statement of the case | 21 |
| Exchange drafts of Pre-trial Order | 21 |
| Final Pre-trial Order | 7 |
| Final pre-trial conference | X |

The parties look forward to discussing these issues with the Court at the status hearing on Monday, August 30, 2021, at 10:00 a.m.

| August 25, 2021 | Respectfully submitted, |
|---|---|
| *Counsel for Plaintiffs Kraft Foods Global, Inc., General Mills, Inc., Nestlè USA, Inc. and The Kellogg Company* | *Counsel for Defendant Rose Acre Farms, Inc.* |

/s/ *James T. Malysiak*
James T. Malysiak
Terrence J. Truax
Angela M. Allen
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654-3456
Tel: (312) 222-9350
Fax: (312) 527-0484
jmalysiak@jenner.com
ttruax@jenner.com
aallen@jenner.com

Richard Stone (*admitted pro hac vice*)
Amy M. Gallegos (*admitted pro hac vice*)
JENNER & BLOCK LLP
633 West 5th Street
Suite 3600
Los Angeles, CA 90071
Tel: (213) 239-5100
Fax: (213) 239-5199
rstone@jenner.com
agallegos@jenner.com

/s/ *Donald M. Barnes*
Donald M. Barnes
Jay L. Levine
Porter, Wright, Morris & Arthur LLP
2020 K Street, N.W., Suite 600
Washington, D.C. 20006-1110
Tel: (202) 778-3000
Email: dbarnes@porterwright.com
        JLevine@porterwright.com

Jason S. Dubner
Porter, Wright, Morris & Arthur LLP
321 North Clark Street
Suite 400
Chicago, IL 60654
Tel: (312) 756-8466
Email: JDubner@porterwright.com

James King
Porter, Wright, Morris & Arthur LLP
41 South High Street
Suite 2900
Columbus, OH 43215
Tel: (614) 227-2000
Email: jking@porterwright.com

5

*Counsel for Defendants United Egg Producers, Inc., and United States Egg Marketers, Inc.*

 /s/ *Jan P. Levine*
Jan P. Levine
Robin P. Sumner
Whitney R. Redding
Troutman Pepper Hamilton Sanders LLP
3000 Two Logan Square
18th and Arch Streets
Philadelphia, PA 19103-2799
Tel:  (215) 981-4000
Email: jan.levine@troutman.com
           robin.sumner@troutman.com
           whitney.redding@troutman.com

Robert E. Browne, Jr.
Troutman Sanders LLP
227 West Monroe Street
Suite 3900
Chicago, IL  60606
Tel:  (312) 759-1923
Email:  robert.browne@troutman.com

*Counsel for Defendant Michael Foods, Inc.*

 /s/ *Carrie C. Mahan*
Carrie C. Mahan
Weil, Gotshal & Manges LLP
2001 M Street, N.W.
Washington, D.C.  20036
Tel:  (202) 682-7231
Email:  carrie.mahan@weil.com

Stephen J. Siegel
Elizabeth C. Wolicki
Novack and Macey LLP
100 N Riverside Plaza
Chicago, IL 60606
Tel: (312) 419-6900
Fax: (312) 419-6928
Email:  ssiegel@novackmacey.com
             ewolicki@novackmacey.com

*Counsel for Defendant Cal-Maine Foods, Inc.*

 /s/ *Brian E. Robison*
Brian E. Robison
Gibson, Dunn & Crutcher
2100 McKinney Avenue
Suite 1100
Dallas, TX  75201-6912
Tel:  (214) 698-3370
Email:  brobison@gibsondunn.com

Livia McCammon Kiser
Patrick M. Collins
Patrick M. Otlewski
Abigail Jane Marie Hoverman
Zachary T. Fardon
King & Spalding LLP
110 North Wacker Drive
Suite 3800
Chicago, IL 60606
Tel:  (312) 764-6911
Email:  lkiser@kslaw.com
           pcollins@kslaw.com
           ahoverman@kslaw.com
           zfardon@kslaw.com

Andrew J. Chinsky
King & Spalding LLP
1180 Peachtree Street, NE
Suite 1600
Atlanta, GA 30309
Tel:  (404) 572-2812
Email: achinsky@kslaw.com

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KRAFT FOODS GLOBAL, INC., THE KELLOGG COMPANY, GENERAL MILLS, INC., and NESTLÉ USA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED EGG PRODUCERS, INC., UNITED STATES EGG MARKETERS, INC., CAL-MAINE FOODS, INC., MICHAEL FOODS INC., and ROSE ACRE FARMS, INC. <br><br> Defendants. | No. 1:11-cv-08808 <br><br> Judge Charles R. Norgle |

## ORDER AMENDING PRETRIAL SCHEDULE AND SETTING TRIAL DATES

The Joint Motion to Amend Pretrial Schedule and Set Trial Dates [137] is GRANTED, and the Court ORDERS as follows:

1. The Parties shall file a Final Pretrial Order pursuant to the Federal Rules of Civil Procedure to include a set of proposed jury instructions and verdict forms on September 28, 2022 pursuant to the following schedule:

| Pretrial Order Scheduling | |
|---|---|
| Parties exchange proposed witness and exhibit lists, as well as deposition designations | July 22, 2022 (approx. 95 days before trial) |

| Parties exchange objections to witness and exhibit lists, and objections to deposition designations | Aug. 5, 2022 (approx. 80 days before trial) |
|---|---|
| Parties exchange counter-designations | Aug. 5, 2022 (approx.. 80 days before trial) |
| Parties exchange objections to counter-designations | Aug. 16, 2022 (approx. 70 days before trial) |
| Parties exchange drafts of pretrial order | Sep. 14, 2022 (approx. 40 days before trial) |
| Parties exchange proposed jury instructions, verdict form, and proposed statement of the case | Sep. 14, 2022 (approx. 40 days before trial) |
| Parties file pretrial order and proposed jury instructions | Sept. 28, 2022 (approx. 25 days before trial) |
| **Motions *in Limine* Scheduling** ||
| Plaintiffs file *Santiago* proffer; Parties file motions *in limine* | Aug. 26, 2022 (approx. 60 days before trial) |
| Parties file responses to *Santiago* proffer and motions *in limine* | Sep. 16, 2022 (approx. 40 days before trial) |
| Oral argument on pretrial order | Sep. 29, 2022 (approx. 25 days before trial) |

2. This case is set for trial to commence on October 24, 2022.

**SO ORDERED:**

Dated: 5/2/22

Hon. Charles R. Norgle, Sr.
United States District Judge

2