# **EXHIBIT B**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: PROCESSED EGG PRODUCTS : MULTIDISTRICT
ANTITRUST LITIGATION : LITIGATION
:
: **FILED**
THIS DOCUMENT APPLIES TO: : No. 08-md-2002    **OCT 04 2019**
ALL DIRECT ACTION PLAINTIFF CASES :
KATE BARKMAN, Clerk
By_____Dep. Clerk

## ORDER

**AND NOW**, on this 4th day of October, 2019, upon consideration of the Defendants' Motion *in Limine* to Preclude Evidence of Amount of Damages During the Liability Phase of Bifurcated Trial (Doc. No. 1909) and the Response in Opposition (Doc. No. 1932), it is **ORDERED** that the Motion *in Limine* (Doc. No. 1909) is **GRANTED IN PART and DENIED IN PART.**[1]

BY THE COURT:

/s/ Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

---

[1] Given that the trial is functionally bifurcated, the defendants seek to preclude evidence of damages during the liability phase of the trial. The parties all agree that the amount of claimed damages should not be discussed. Given this agreement, the Court grants the motion.

The only disputes remaining are whether the DAPs should be allowed to discuss damages in terms necessary to prove injury and/or whether the defendants' conduct resulted in anticompetitive effects. To show the elements for a Sherman Act claim, the DAPs must prove the existence of damages. *Brunswick Corp v Pueblo Bowl-O-Mat, Inc.*, 429 U.S. 477 (1977). An antitrust injury is an "injury of the type . . . that flows from that which makes [the] defendants' acts unlawful." *Id* at 489; *see also West Penn Allegheny Health Sys. v UPMC*, 627 F.3d 85, 100 (3d Cir. 2010). To prove injury, the DAPs could present evidence that they paid more for eggs than they otherwise would have in the purported non-conspiracy world. As this Court has already explained when denying a nearly identical motion in the DPPs' trial, "[t]his necessarily requires a discussion of damages." Doc. No. 1667.

To prevail in a rule of reason case, the DAPs must also prove that "the challenged restraint has a substantial anticompetitive effect that harms consumers in the relevant market." *Ohio v Am. Express Co*, 138 S. Ct. 2274, 2284 (2018) (citations omitted). Anticompetitive effects can be shown by introducing direct evidence of "reduced output [and/or] increased prices," *id* at 2284, or demonstrating that the defendants' conduct increased the price of eggs above the competitive level, *id* at 2287. To prove anticompetitive effects similarly necessitates a discussion of damages. To preclude any testimony of this sort would mean that the DAPs could not explain their theory of the case to the jury. Therefore, the Court declines to categorically prohibit a discussion of damages during the liability phase.

The parties agree on the central point—that the *amount* of damages, if any, will be proven in the damages phase, not the liability phase. The parties may renew this objection at trial if they believe that opposing counsel has exceeded the guidance in this order.