# **EXHIBIT C**

```
 1                IN THE UNITED STATES DISTRICT COURT

 2             FOR THE EASTERN DISTRICT OF PENNSYLVANIA

 3

 4   IN RE:  PROCESSED EGG PRODUCTS:        MDL NO. 2002
     ANTITRUST LITIGATION                   08-MDL-02002
 5

 6
                              - - - - -
 7
                            PHILADELPHIA, PA
 8
                              - - - - -
 9
                           DECEMBER 6, 2019
10
                              - - - - -
11

12
     BEFORE:     THE HONORABLE GENE E.K. PRATTER, J.
13

14                            - - - - -

15                  TRANSCRIPT OF TRIAL PROCEEDINGS

16                              DAY 22

17                            - - - - -

18

19

20

21          KATHLEEN FELDMAN, CSR, CRR, RPR, CM
            Official Court Reporter
22          Room 1234 - U.S. Courthouse
            601 Market Street
23          Philadelphia, PA  19106
            (215) 779-5578
24

25
         (Transcript Produced By Mechanical Shorthand Via C.A.T.)
```

1  proper.  They're saying it's not.  We, under Foster, have the
2  ability to, we believe, address that alleged defect, and we're
3  talking about a very streamlined effort to do this, and so
4  that is -- that is our position.
5              MR. LEVINE:  Your Honor, we did lodge an objection
6  to Dr. Baye testifying as to facts, and if Your Honor
7  remembers, we said he's only an expert, it's only his opinion.
8  He did not offer the underlying substantive transactional data
9  into evidence and, frankly, they have not proven that it is
10 admissible to do so.
11             THE COURT:  As I recall, the only time this issue --
12 first of all, gentlemen, why don't you sit down and you can
13 read this case so you're not -- somebody has to listen to me
14 while I talk and while you're reading, but as I recall, during
15 some of the final conferencing before the trial started, when
16 I was talking about the allocation between liability and
17 damages, pardon me, there was acknowledgement that while the
18 liability phase would have to include evidence about antitrust
19 injury, you-all were not going to go into the specifics of any
20 kind of computation or dollar amounts for damages during this
21 phase.
22             The upshot of all of that was that there was an
23 expectation that the required elements for injury as a cause
24 of action would be addressed.  So far everybody have the same
25 recollection?  That's about as far as I got at the time in

1          teacher's thing about do you repeat the phrase each time?

2                  MR. CALLOW:  Right.  We would repeat the phrase for

3    there and for the same sentence under 3, Your Honor.

4                  MR. BIZAR:  And so would we.

5                  MR. NEUWIRTH:  And I guess our question is, is there

6    another way to do it, to keep the first sentence which says,

7    "If you answered yes to Question 1 and any part of Question 2,

8    proceed to Question 3.  If you answered no to all parts of

9    Question 2, do not answer any further questions."  Because if

10   they answer no to Question 1, they're not supposed to be here

11   at all.

12                 THE COURT:  Well, that's true.

13                 MR. NEUWIRTH:  And that seems the clearest fix.

14                 MR. CALLOW:  That's still under a typographical

15   switch.  That's something to be changing the verdict form.

16                 MR. NEUWIRTH:  So is changing "and" to "or."

17                 MR. CALLOW:  That can be viewed as a typo.

18                 THE COURT:  Well, okay, that was just a -- that was

19   just one of the tricks of the trade.

20                 MR. CALLOW:  I understand.

21                 MR. NEUWIRTH:  I mean, to be frank, Your Honor, I

22   think that understanding what Your Honor's concerned about, we

23   would respectfully submit that the current form makes that

24   possibility so remote that leaving it as it is would be better

25   because that way we don't have to have an issue with how we