# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: PROCESSED EGG PRODUCTS ANTITRUST LITIGATION | : : : : : | MULTIDISTRICT LITIGATION |
| *THIS DOCUMENT APPLIES TO ALL ACTIONS* | : : : | No. 08-md-2002 |

## CASE MANAGEMENT ORDER NO. 21

**AND NOW,** this 27th day of January, 2014, upon consideration of the parties' proposals regarding the rescheduling of certain deadlines in this matter that were stayed until January 3, 2014, and other case management issues, including as addressed in court with counsel on January 14, 2014, **it is HEREBY ORDERED that Case Management Orders ("CMOs") Nos. 18–20 will be MODIFIED as follows**[1]:

I. **FACT DISCOVERY**

    A. **Interrogatories**

        1. Responses to the following interrogatories will be due March 14, 2014:

            a. Indirect Purchaser Plaintiffs' First Set of Interrogatories on the Defendants; and

            b. Direct Action Plaintiffs' First Set of Interrogatories on the Defendants.

        2. Substantive responses to any contention interrogatory previously served on any Direct Purchaser Plaintiff, Direct Action Plaintiff or Defendant, and not answered, will be due on May 15, 2014. Substantive responses to any contention interrogatory previously served on any Indirect Purchaser Plaintiff and not answered, will be due on May 30, 2014. The parties shall

---

[1] All provisions in Case Management Orders Nos. 18–20 remain in effect unless modified herein.

meet and confer regarding any deficiencies, and any motions seeking to compel responses shall be filed by June 16, 2014.

**B.     Requests for Admission**

1. Responses to the following requests for admission will be due on May 30, 2014.

   a. Defendant Daybreak Foods, Inc.'s First Set of Requests for Admission on the Direct Purchaser Plaintiffs;

   b. Defendants' First Set of Requests for Admission on the Direct Purchaser Plaintiffs;

   c. Defendant Rose Acre's First Set of Request for Admission on Direct Purchaser Plaintiff Wixon, Inc.;

   d. Defendant Daybreak Foods, Inc.'s First Set of Requests for Admission on the Direct Action Plaintiffs;

   e. Defendants' First Set of Requests for Admission on the Direct Action Plaintiffs; and

   f. Defendants Rose Acre and Sparboe's First Set of Requests for Admission on Direct Action Plaintiffs.

2. The parties shall meet and confer regarding any deficiencies, and any motions, which shall be limited to five (5) pages in length, seeking to compel responses shall be filed by June 30, 2014, with any reply due one (1) week thereafter, subject to prompt resolution by telephone or in-person conference with the Court.

**C.     Depositions**

1. Only depositions that were (a) formally noticed by way of a deposition notice pursuant to Fed. R. Civ. P. 30 on or before August 30, 2013, or (b) proposed by counsel in writing on or before August 30, 2013, may be taken absent leave of Court for good cause shown (collectively the "Noticed Depositions"[2]). The immediately preceding sentence is without prejudice to a defending party's right to object to the taking of a deposition.

2. Counsel for any party that wishes to proceed with a deposition shall inform counsel for the witness, on or before January 24, 2014, of the range of dates on which counsel wishes to convene the deposition. Between January 24 and February 7, 2014, counsel shall confer for the purpose of

---

[2] This definition includes the depositions of all new IPP class representatives.

2

reaching agreement as to the date and place at which the deposition shall proceed. If the parties are unable to reach agreement as to the deposition date and place by February 7, counsel for the party seeking to take the deposition shall alert the Court.

3. Except as set forth at Section I.C.4, *infra*, if any party objects to any Noticed Deposition, the parties shall meet and confer in an attempt to resolve those objections. In the event the parties are unable to resolve the objections, the objecting party must file a motion for a protective order on or before February 14, 2014.

4. If any party objects to any topic in a deposition noticed under Federal Rule of Civil Procedure 30(b)(6), the parties shall meet and confer in advance of the scheduled date of the deposition in an attempt to resolve those objections. In the event the parties are unable to resolve the objections, the objecting party must file a motion for a protective order at least 10 days before the scheduled date of the deposition, such motion being limited to five (5) pages in length; any reply must be filed within one (1) week thereafter.

**D. Fact Discovery Period**

1. Except as set forth in Section I.D.2, *infra*, Fact discovery will conclude on April 30, 2014. *See* CMO 18, Sec. III(C)(2).

2. Fact discovery may continue through May 30, 2014, to the extent that discovery relates to depositions of employees or former employees of Moark, LLC, or Norco Ranch, Inc.

3. Absent a showing of good cause, all motions related to fact discovery, other than those referenced in I.A.2 and I.B.2, *supra*, shall be filed no later than April 25, 2014.

4. Absent Court permission, which must be obtained in advance with a showing of good cause, the parties shall not serve any additional written discovery requests or notice any additional fact witness depositions beyond the Noticed Depositions.

**E. Document Production.** Moark LLC and Norco Ranch, Inc. shall serve upon Indirect Purchaser Plaintiffs all documents ordered by the Court in its August 26, 2013 Order (Docket No. 849) by February 14, 2014.

3

## II. EXPERT DISCOVERY

A. **Class Certification: Direct Purchaser Plaintiffs** (*See* CMO 19, Sec. III(B); CMO 20, Sec. A)

1. Direct Purchaser Plaintiffs shall file and serve their motion for class certification and their expert reports in support of class certification no later than May 30, 2014.

2. Direct Purchaser Plaintiffs shall make their class certification experts available for depositions from June 6, 2014 through June 27, 2014.

3. Defendants shall file and serve their response to the Direct Purchaser Plaintiffs' motion for class certification, expert reports on class certification issues, and any challenge to Plaintiffs' class certification experts no later than August 6, 2014.

4. Defendants shall make their class certification experts available for depositions from August 15, 2014 through September 5, 2014.

5. Direct Purchaser Plaintiffs shall file their reply briefs in support of class certification, reply expert reports on class certification issues, any response to any challenge to their class certification experts, and any challenge to Defendants' class certification experts no later than September 19, 2014.

6. Defendants shall file their reply briefs in support of any challenge to Plaintiffs' class certification experts and any response to any challenge to their class certification experts no later than October 10, 2014.

7. A class certification hearing shall be held from December 9 through 11, 2014.

B. **Class Certification: Indirect Purchaser Plaintiffs** (*See* CMO 20, Sec. B)

1. Indirect Purchaser Plaintiffs shall file and serve their motion for class certification and their expert reports in support of class certification by no later than August 29, 2014.

2. Indirect Purchaser Plaintiffs shall make their class certification experts available for depositions from September 5, 2014 through September 26, 2014.

3. Defendants shall file and serve their response to the Indirect Purchaser Plaintiffs' motion for class certification, expert reports on class certification issues, and any challenge to Plaintiffs' class certification experts no later than October 30, 2014.

4

4. Defendants shall make their class certification experts available for depositions from November 10, 2014 through December 1, 2014.

5. Indirect Purchaser Plaintiffs shall file their reply briefs in support of class certification, reply expert reports on class certification issues, any response to any challenge to their class certification experts, and any challenge to Defendants' class certification experts no later than December 22, 2014.

6. Defendants shall file their reply briefs in support of any challenge to Plaintiffs' class certification experts and any response to any challenge to their class certification experts no later than January 12, 2015.

7. A class certification hearing shall be held from February 10 through 12, 2015.

C. **Merits Expert Discovery: Direct Purchaser Plaintiffs, Direct Action Plaintiffs and Indirect Purchaser Plaintiffs** (*See* CMO 20, Sec. C & D)

1. All Plaintiffs shall serve their merits expert reports, including any damages expert reports other than those deemed by counsel necessary to class certification, by January 15, 2015.

2. Defendants shall serve their expert reports responding to the merits expert reports of all Plaintiffs by March 6, 2015.

3. All Plaintiffs shall serve their rebuttal expert reports by March 27, 2015.

4. Depositions of all merits experts shall be completed by May 8, 2015.[3]

III. *DAUBERT* **MOTIONS (All Actions)** (*See* CMO 20, Sec. E)

A. *Daubert* motions in all actions, including the indirect purchaser litigation, shall be due no later than May 25, 2015.

B. Responses to *Daubert* motions shall be due no later than June 8, 2015.

C. Replies in support of *Daubert* motions shall be filed no later than June 26, 2015.

---

[3] Actual scheduling beyond this date, as well as beyond the deadline for merits expert depositions in the indirect purchaser litigation, may be modified for the reasonable convenience of counsel and witnesses, provided that such scheduling will not be entertained as a basis for continuing any dates for the filing of *Daubert* motions or dispositive motions. The Court notes that there is no presumption that experts must or should be deposed in any particular order.

5

IV.  **DISPOSITIVE MOTIONS (All Actions)** (*See* CMO 20, Sec. F)

   A.  Dispositive motions in all actions, including the IPP litigation, shall be due no later than July 2, 2015.

   B.  Responses to dispositive motions shall be due no later than August 13, 2015.

   C.  Replies in support of dispositive motions shall be due no later than September 3, 2015.

*It is so ORDERED.*

BY THE COURT:

/s/ Gene E.K. Pratter

GENE E.K. PRATTER
United States District Judge