UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KRAFT FOODS GLOBAL, INC., THE KELLOGG COMPANY, GENERAL MILLS, INC., and NESTLÉ USA, INC., | ) ) ) ) ) | |
| | ) | No. 1:11-cv-08808 |
| Plaintiffs, | ) ) | Judge Steven C. Seeger |
| v. | ) ) | |
| UNITED EGG PRODUCERS, INC., UNITED STATES EGG MARKETERS, INC., CAL-MAINE FOODS, INC., MICHAEL FOODS INC., and ROSE ACRE FARMS, INC. | ) ) ) ) ) ) | |
| Defendants. | ) | |

**REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR LEAVE TO PROCURE REBUTTAL TESTIMONY OF THIRD-PARTY WITNESS GARY PICKETT**

Defendants United Egg Producers, Inc. ("UEP"), United States Egg Marketers, Inc. ("USEM"), Cal-Maine Foods, Inc. ("Cal-Maine"), and Rose Acre Farms, Inc. ("Rose Acre") (collectively, "Defendants") submit this Reply Brief in Support of Defendants' Motion for Leave to Procure Rebuttal Testimony of Third-Party Witness Gary Pickett (the "Motion").

## Introduction

Plaintiffs principally argue that the Motion is an untimely request to "re-open discovery" without a showing of good cause, even as Plaintiffs seek to utilize Walmart employee Anthony Airoso's testimony that was itself procured *years after the close of discovery*. Plaintiffs cannot have it both ways, and, in fact, Defendants *have*

demonstrated good cause to procure Mr. Pickett's rebuttal testimony. Three of the four defendants in this case had no opportunity to cross-examine Mr. Airoso at the earlier trial, and they cannot cross-examine the testimonial transcript of Mr. Airoso Plaintiffs now seek to admit at the October trial.

Plaintiffs' one-sided recitation of history before Judge Pratter is inaccurate in key respects and is also mostly irrelevant to the request in the Motion. For this trial, on June 9, 2023, in the context of the Parties' exchange of pretrial order submissions, Plaintiffs formally disclosed their intention to present Mr. Airoso's 2018 testimony at the October 2023 trial. Six days later, Defendants disclosed their intention to procure Mr. Pickett's trial testimony to rebut Mr. Airoso's testimony and began discussions about conducting a prompt deposition to procure his testimony to preserve it for trial purposes. *See* Letter from Patrick Collins, Partner, King & Spalding, to Brandon Fox and Angela Allen, Partners, Jenner & Block (June 23, 2023) (attached as Exhibit 1).[1]

In attempting to undermine the rebuttal nature of Mr. Pickett's testimony, Plaintiffs mischaracterize the substance of Mr. Airoso's testimony they have designated. In fact, as set forth below, key portions of Mr. Airoso's designated testimony supports Defendants' position. Moreover, a pretrial deposition of Mr. Pickett—where Plaintiffs' will have an opportunity to cross-examine Mr. Pickett—

---

[1] Plaintiffs initially agreed to present their two newly disclosed witnesses (Marcus Eloi and Aaron Riippa) for pretrial depositions, *and* Defendants agreed to participate in those pretrial depositions months before trial (rather than seeking to exclude them on a closed discovery theory). In a striking about-face, only after Defendants sought dates for a potential deposition of Mr. Pickett did Plaintiffs strike Eloi and Riippa from their trial witness list. Of course, presenting Eloi and Riippa for deposition would have undermined the strident anti-deposition position Plaintiffs now take in opposing Mr. Pickett's deposition.

2

will crystallize any relevance disputes. And, given Mr. Pickett's unavailability, this process will also make an admissible transcript for trial. At a minimum, and at this stage of the proceedings, Defendants respectfully request the Court permit the deposition to proceed, so his testimony can be preserved for further consideration by the Court during Defendants' case-in-chief.

Finally, in opposing Defendants' alternative request for remote testimony, Plaintiffs minimize Mr. Pickett's specific, itemized concerns set forth in his sworn declaration and thereby attempt to raise the Rule 43 bar. Yet, Plaintiffs' cited authority itself demonstrates that Mr. Pickett's sworn statements in his Declaration make the requisite showing under Rule 43. Accordingly, it is within the Court's sound discretion to permit this alternative vehicle to present Mr. Pickett's trial testimony.

**Argument**

**I. The Rebuttal Motion Is Timely Targeted to Mitigate Substantial Prejudice to Defendants.**

In presenting their version of the MDL's history, Plaintiffs go to great lengths to chastise Defendants for their alleged lack of diligence in identifying and deposing Mr. Pickett earlier in the proceedings, particularly prior to the 2014 close of discovery. *See* Pls.' Resp. Mot. 3–5, 8–10. Yet, Plaintiffs' extensive critique fundamentally misses both the relevant historical context and, most importantly, the primary rationale behind the Motion.[2]

---

[2] Defendants disagree with Plaintiffs' broad-brush characterization of Judge Pratter's discovery decisions, which were made on a case-by-case basis. For example, during the final pretrial conference in the Direct Action Plaintiff ("DAP") trial in 2019, Judge Pratter actually granted Defendants leave to take the deposition of Plaintiff witness Kristine Flanagan because it would allow the opposing party the opportunity to fully cross-examine the witness

3

The indisputable fact is that discovery had long since closed when the DPP Plaintiffs originally disclosed Mr. Airoso as a testifying witness in 2018. That disclosure occurred more than four years after the April 2014 close of fact discovery, and Mr. Airoso had never been disclosed or deposed prior to that date. Years later, Plaintiffs, in this case, first designated Mr. Airoso's trial testimony for use at trial.[3] Defendants' interest in calling Mr. Pickett in this trial stems directly from Plaintiffs' recent designation of Mr. Airoso's prior trial testimony. The core of Mr. Pickett's anticipated testimony will rebut Mr. Airoso's prior testimony and underscores the fact that no amount of pre-planning, notice, or discovery before 2014 would have mattered. What matters is that *these* Plaintiffs recently disclosed *their* intent to present Mr. Airoso's prior trial testimony in *this* trial against *these* Defendants.

The next critical fact—which Plaintiffs tellingly never address—demonstrates good cause and the significant potential prejudice if the status quo is maintained. Three of the four defendants in this trial—Cal-Maine, UEP and UEM—had no opportunity to cross-examine Mr. Airoso at the 2018 DPP trial. And they cannot cross-examine Mr. Airoso's transcript in this trial. In order to mitigate that severe prejudice to Defendants, the Motion should be granted to allow Defendants to pursue this targeted relief.

---

and because she didn't "think it should take all that long." 08-MDL-02002 Hearing Tr. at 15–30, Oct. 24, 2019 (attached as Exhibit 2).

[3] It is true that Defendants first had notice of the potential that Plaintiffs might attempt to use Mr. Airoso's prior trial testimony in July 2022, but the trial process then stalled and both sides have made substantial revisions to their witness list in advance of the currently scheduled October 2023 trial. And it was not until June 9, 2023, that Plaintiffs' witnesses were identified for the October 2023 trial.

4

Against these facts, Plaintiffs' suggestion of prejudice rings hollow. Defendants informed Plaintiffs of Mr. Pickett on June 15, 2023, even before the submission of Defendants' draft pretrial order and roughly four months before trial. That is more than sufficient time for an attorney for Plaintiffs to prepare for and take a deposition of Mr. Pickett, which is expected to last less than a full day.[4]

## II. Mr. Pickett's Anticipated Testimony Will Rebut Mr. Airoso's Prior Trial Testimony.

Plaintiffs argue that Mr. Pickett's testimony will not rebut Mr. Airoso's testimony, suggesting that Mr. Airoso's testimony relates to relevant topics and Mr. Pickett's only to inadmissible ones. A short summary of the rebuttable designated testimony of Mr. Airoso demonstrates that the Plaintiffs' assertion is not accurate, even pending the Court's consideration of the pending Grocer's Motion:

---

[4] Additionally, there are multiple daily, direct non-stop flights between Chicago's two airports and Bentonville, Arkansas, where Mr. Pickett resides. Plaintiffs also have the option of attending the deposition remotely if they so choose.

5

| **Mr. Airoso's Rebuttable Testimony** |
|---|
| That Mr. Airoso, in his capacity as a Walmart produce buyer, did not understand that the UEP Guidelines required producers to follow the so-called 100% rule. 08-MDL-02002 Trial Tr. at 141–142, May 7, 2018 (excerpts attached as Exhibit 3). |
| Mr. Airoso's understanding that farms were required to be UEP certified in order to sell eggs. *Id.* at 142. |
| That Walmart never asked UEP or any supplier to put together a certified program for hens. *Id.* at 143. |
| Mr. Airoso did not recall Walmart "receiving pressure from animal rights groups to sell certified eggs." *Id.* at.143 |
| That prior to Mr. Airoso's tenure, nobody at Walmart was ever told about the so-called 100% rule with regards to the UEP Certified Program. *Id.* at 143–145. |
| That Mr. Airoso did not understand that the UEP Guidelines required producers to follow the so-called 100% rule. *Id.* at 147. |
| That it wasn't until 2008 that Walmart itself began making specific demands from egg suppliers related to animal welfare. *See id.* at 150–155. |
| Mr. Airoso never had any concerns about having to defend the fact that Walmart chose a supplier that was not UEP certified. *Id.* at 161–162. |

Defendants have tendered good faith information about Mr. Pickett's likely testimony, while Plaintiffs' suggestions of Mr. Pickett's irrelevance have no basis in fact. To the extent Plaintiffs persist in their relevance objection, a deposition will

crystallize those issues for the Court to resolve. Defendants thereby seek this targeted opportunity to preserve Mr. Pickett's testimony.

### III. Mr. Pickett's Declaration Establishes Good Cause for Remote Testimony.

Even under Plaintiffs' cited authority, Mr. Pickett's Declaration clears the "good cause in compelling circumstances" bar required under Rule 43. Specifically, Mr. Pickett should be allowed to testify remotely because he has set forth "specifics" with respect to his considerations and the conditions of concern, including "what precautions he takes to avoid COVID-19, and why testimony in this Court will present a risk greater than those encountered in [his] personal and professional affairs." *See J.D. v. Price*, 619 F. Supp. 3d 523, 530 (W.D. Pa. 2022).

### Conclusion

For the foregoing reasons and for those described in the Defendants' opening brief, Defendants respectfully request that this Court exercise its sound discretion to grant the Motion. At a minimum, Defendants respectfully request the Court permit Mr. Pickett's deposition to proceed so the Court may consider the contested issues on a more informed basis in advance of the Defendants' case-in-chief.

Dated: August 1, 2023         Respectfully submitted,

*/s/ Patrick M. Collins*
Patrick M. Collins (pcollins@kslaw.com)
Livia M. Kiser (lkiser@kslaw.com)
Patrick M. Otlewski (potlewski@kslaw.com)
Abigail Hoverman Terry (aterry@kslaw.com)
KING & SPALDING LLP
110 North Wacker Drive, 38th Floor
Chicago, IL 60606
Tel: (312) 995-6333

Lohr Beck (lohr.beck@kslaw.com)
(pro hac vice)
Andrew Chinsky (achinsky@kslaw.com)
KING & SPALDING LLP
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309
Tel: (404) 572-2812

Brian E. Robison (brian@brownfoxlaw.com)
(pro hac vice)
BROWN FOX PLLC
6303 Cowboys Way, Suite 450
Frisco, TX 75034
Tel: (972) 707-2809

***Counsel for Defendant Cal-Maine Foods, Inc.***

*/s/ Robin P. Sumner*
Robin P. Sumner
(robin.sumner@troutman.com)
Kaitlin L. Meola
(kaitlin.meola@troutman.com)
TROUTMAN PEPPER HAMILTON SANDERS LLP
3000 Two Logan Square, 18th and Arch Streets
Philadelphia, PA 19103-2799
Tel: (215) 981-4000

Whitney R. Redding
(whitney.redding@troutman.com)
TROUTMAN PEPPER HAMILTON SANDERS LLP
Union Trust Building
501 Grant Street, Suite 300
Pittsburgh, PA 15219-4429
Tel: (412) 454-5085

Molly DiRago
(Molly.DiRago@troutman.com)
TROUTMAN PEPPER HAMILTON SANDERS LLP
227 West Monroe Street, Suite 3900
Chicago, IL 60606
Tel: (312) 759-1923

***Counsel for Defendants United Egg Producers, Inc. & United States Egg Marketers, Inc.***

*/s/ Donald M. Barnes*
Donald M. Barnes
(dbarnes@porterwright.com)
Jay L. Levine (jlevine@porterwright.com)
PORTER, WRIGHT, MORRIS & ARTHUR LLP
2020 K. Street, N.W., Suite 600
Washington, D.C. 20006-1110
Tel: (202) 778-3000

James A. King (jking@porterwright.com)
Allen T. Carter (acarter@porterwright.com)
PORTER, WRIGHT, MORRIS & ARTHUR LLP
41 South High Street, Suite 2900
Columbus, OH 43215
Tel: (614) 227-2000

***Counsel for Defendant Rose Acre Farms, Inc.***