# EXHIBIT 1

# KING & SPALDING

King & Spalding LLP
110 N Wacker Dr.
38th Floor
Chicago, IL 60606
Tel: +1 312 995 6333
Fax: +1 312 995 6330
www.kslaw.com

Patrick M. Collins
Partner
Direct Dial: +1 312 764 6901
Direct Fax: +1 312 995 6330
pcollins@kslaw.com

June 23, 2023

Brandon Fox
Jenner & Block
515 S. Flower Street, Suite 3300
Los Angeles, CA 90071
bfox@jenner.com

Angela Allen
Jenner & Block
353 N. Clark Street
Chicago, IL 60654
aallen@jenner.com

Re: Depositions of Potential Trial Witnesses

Dear Brandon and Angela:

We are writing as a follow up to our recent conversations about several potential trial witnesses, including defense witness Gary Pickett, as well as plaintiff witnesses Marcos Eloi and Aaron Riippa.

## Gary Pickett

As we disclosed to you during our June 15th telephone conference, and as will be further identified in the Defendants' upcoming pretrial order submission, at trial, the Defendants will seek to introduce the deposition testimony of Gary Pickett. During portions of the relevant time period, Mr. Pickett was employed by Walmart as its shell egg buyer. We anticipate that Mr. Pickett will testify about Walmart's purchasing practices, its adoption and implementation of the UEP Certified Program and the so-called 100% Rule, as well as relevant experiences with Cal-Maine, Rose Acre Farms and Sparboe. We expect Mr. Pickett will rebut key aspects of the designated prior testimony of Anthony Airoso, who was Mr. Pickett's supervisor at Walmart for a period of time.

As we notified you on June 15, Mr. Pickett is a resident of the Bentonville, Arkansas area and unavailable to testify live at trial. Accordingly and pursuant to Rule 32(a)(4)(B), Defendants seek to offer Mr. Pickett's testimony pursuant to video recorded deposition testimony. We understand Mr. Pickett is willing to sit for a deposition at a mutually agreeable date in July in the

June 23, 2023
Page 2 of 3

Bentonville, Arkansas area and we intend to issue a notice of deposition next week. We welcome you to provide us dates in July that work for your team.

In discussing the Pickett matter, we understand you will be objecting to the Defendants presenting Mr. Pickett's deposition testimony at trial for two reasons: 1) you believe the substance of his testimony is irrelevant, particularly given Plaintiffs' pending Motion in Limine to Exclude or Limit Evidence Regarding Grocers and Certain 30(b)(6) Witness Testimony (the "Grocer Motion"); and 2) fact discovery has long since closed and thus the designation of Mr. Pickett as a potential witness was untimely.

In order to move the process along and crystallize the dispute, we wanted to provide a brief response to your proferred objections. First, on the relevancy issue, Mr. Pickett's anticipated testimony is relevant to core disputed factual issues, such as the reasoning and rationale for the UEP Certified Program, and whether customers felt pressured by producers. We expect that the testimony will directly rebut portions of Mr. Airoso's prior testimony, which you designated, to the contrary. As to the pending Grocer Motion, the Court has not ruled on the motion and thus the scope of grocer testimony is uncertain at this point. Furthermore, you have represented that Mr. Airoso's testimony falls outside the scope of your Grocer Motion and, for the same reason you believe as much, Mr. Pickett's testimony does as well. On the second issue of timeliness, while Defendants acknowledge that the fact discovery period has closed, discovery was closed when Mr. Airoso was presented as a witness by Plaintiffs at a previous trial (he had not been disclosed or deposed prior to his trial testimony). Finally, any prejudice you may suggest is easily addressed because Plaintiffs will have an opportunity to depose Mr. Pickett at least three months before trial. Last, as discussed below, in July 2022, the Parties each disclosed potential trial witnesses and, for each of the first-time disclosed witnesses, the Parties reserved their rights to depose or otherwise seek discovery related to each in advance of trial. The disclosure of Mr. Pickett is consistent with that prior exchange.

**Marcos Eloi (of Kraft) and Aaron Riippa (of General Mills)**

In July 2022, in advance of the previous trial date, the Parties exchanged potential trial witness lists. At that time, Plaintiffs disclosed to Defendants that they might call two previously undisclosed witnesses, Marcos Eloi and Aaron Riippa. Eloi, a long-time Kraft employee, had the current title of Global Chief Procurement Officer and Riippa, a General Mills employee, had the current title of Sourcing Business Leader. Plaintiffs informed Defendants that each would be called as so-called "corporate representatives."

Following the disclosure of Eloi and Riippa, on September 11, 2022, Defendants' counsel requested a summary of their respective testimony and explicitly reserved the right to depose each of them. Given the delay of the trial date due to the transition of judges, no further activity on these witnesses ensued. Most recently, in their June 9, 2023 disclosure, Plaintiffs provided a one-sentence description of each's potential testimony. To-date, Plaintiffs have not provided a fulsome summary of each prospective testimony and neither has been deposed in the case.

As we discussed on June 20, 2023, Defendants seek to take the depositions of Eloi and Riippa. We understand that Plaintiffs do not object to presenting Mr. Eloi and Mr. Riippa for deposition, and, if that is accurate, we would ask that you provide dates and locations in late July and early

June 23, 2023
Page 3 of 3

August for their respective depositions. Upon receiving those dates, we will promptly issue notices of deposition for each.

In the hopes of obviating the need for unnecessary motion practice, we are happy to discuss each of these matters with you further at your earliest convenience.

                                                                  Sincerely,

                                                                  Patrick M. Collins