**APPENDIX 7-3**

**OBJECTIONS TO VENIRE QUESTIONS AND JUROR QUESTIONNAIRE**

**VENIRE QUESTION**

Plaintiffs have proposed to ask the venire the following question during oral questioning: "The majority of the events at the center of this case are from the years 1999 through 2008. Would you have a hard time considering the case for events that occurred that long ago, even if the delay in proceeding to trial was not the fault of any party?"

Defendants object to this question as unnecessary, as well as legally and factually inaccurate. This question is unnecessary because there is nothing about the nature of the evidence, facts, or claims at issue that warrants this instruction. Further, the lapse of time in this case is not unusual nor is it expected to bear on jurors' deliberations.

This question is also factually and legally inaccurate. Plaintiffs waited until 2011 to file their claims. Judge Pratter then deemed certain claims barred by the statute of limitations because they were not filed in a timely fashion. *See* MDL ECF 776 at 14-15; ECF 846 at 10.

**JUROR QUESTIONNAIRE**

Plaintiffs have proposed to ask jurors through the written questionnaire the following question:

> The plaintiffs are corporations that believe they suffered financial losses based on alleged actions taken by large egg producers.
>> If the plaintiffs prove their case by a preponderance of the evidence and show they suffered losses, would it be difficult for you to award the plaintiffs the amount of their losses?
>> If the plaintiffs fail to prove their case, would it be difficult for you to reach a verdict in favor of the defendants?
>
> If yes to either, please explain.

Defendants submit that this question is unnecessary, legally inaccurate, and slanted in favor of Plaintiffs. The jurors will be instructed that they need to follow the law provided by the Court, which amply addresses this issue. Furthermore, the jurors may determine that some amount less than the amount requested by Plaintiffs is appropriate, but this question improperly

primes jurors to find damages in the amount requested by Plaintiffs. Furthermore, Plaintiffs needlessly characterize Defendants as "large egg producers," which is not a neutral characterization and mischaracterizes UEP and USEM, which are associations.