**APPENDIX 13-1**
**AGREED JURY INSTRUCTIONS**

APPENDIX 13-1 - AGREED JURY INSTRUCTIONS: AUGUST 22, 2023

## Table of Contents

**Instructions Before Introduction of Evidence** ....................................................... 1

    **Agreed Instruction No. 1  Introduction** ........................................................... 1

    **Agreed Instruction No. 2  Conduct of the Trial** ............................................. 2

    **Agreed Instruction No. 3  Jury's Duty: Consideration of Evidence** ......... 3

    **Agreed Instruction No. 4  What Is Not Evidence** ........................................... 4

    **Agreed Instruction No. 5  Judge's Comments** ............................................... 5

    **Agreed Instruction No. 6  Notes** ...................................................................... 6

    **Agreed Instruction No. 7  Conduct of the Jury** ............................................. 7

    **Agreed Instruction No. 8  Communications With Parties and Lawyers** ........................................................................................................... 9

**Instructions Upon the Admission of Certain Evidence** ................................... 10

    **Agreed Instruction No. 9  Evidence Limited to Certain Party** ................ 10

    **Agreed Instruction No. 10  Instruction Upon Judge's Comments to Lawyer** ........................................................................................................ 11

**Instructions After Presentation Of The Evidence** ........................................... 12

**General Instructions** ............................................................................................ 12

    **Agreed Instruction No. 11 General Function of Court and Jury** ............ 12

    **Agreed Instruction No. 12  No Inference from Judge's Questions** ......... 13

    **Agreed Instruction No. 13  Evidence** ............................................................ 14

    **Agreed Instruction No. 14  Prior Inconsistent Statements** ..................... 15

    **Agreed Instruction No. 15  What Is Not Evidence** ..................................... 16

    **Agreed Instruction No. 16  Note-Taking** ..................................................... 17

    **Agreed Instruction No. 17  Consideration of All Evidence Regardless of Who Produced It** ........................................................................ 18

APPENDIX 13-1 - AGREED JURY INSTRUCTIONS: AUGUST 22, 2023

**Agreed Instruction No. 18  Limited Purpose of Evidence** ........................ 19

**Agreed Instruction No. 19  Weighing the Evidence** ................................... 20

**Agreed Instruction No. 20  Definition of Direct and Circumstantial Evidence** ................................................................... 21

**Agreed Instruction No. 21  Testimony of Witnesses: Deciding What to Believe** ............................................................................. 22

**Agreed Instruction No. 22  Lawyer Interviewing Witness** ....................... 23

**Agreed Instruction No. 23  Number of Witnesses** ..................................... 24

**Agreed Instruction No. 24  Absence of Evidence** ....................................... 25

**Agreed Instruction No. 25  Expert Witnesses** .............................................. 26

**Agreed Instruction No. 26  Demonstrative Exhibits** .................................. 27

**Agreed Instruction No. 27  Summary Exhibits** ............................................ 28

**Agreed Instruction No. 28  No Inferences About Absent Parties** ........... 29

**Conduct of Deliberations** ........................................................................... 30

**Agreed Instruction No. 29  Selection of Presiding Juror; General Verdict** ............................................................................................... 30

**Agreed Instruction No. 30  Communication with Court** ........................... 31

**Agreed Instruction No. 31  Disagreement Among Jurors** ........................ 32

APPENDIX 13-1 - AGREED JURY INSTRUCTIONS: AUGUST 22, 2023

**Instructions Before Introduction of Evidence**

**Agreed Instruction No. 1**

**Introduction**

<u>Members of the jury</u> ~~Ladies and gentlemen~~:

You are now the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions. At the end of the trial, I will give you more detailed instructions. Those instructions will control your deliberations. <u>You must follow all of my instructions, whether they are in writing or given to you orally, even if you disagree with them.</u>

One of my duties is to decide all questions of law and procedure. From time to time during the trial and at the end of the trial, I will instruct you on the rules of law that you must follow in making your decision.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be.

**Source(s):** Federal Civil Jury Instructions of the Seventh Circuit (2017 rev.), Sample Preliminary Instruction at 411. Paragraph 1 modified by Federal Criminal Jury Instructions of the Seventh Circuit (2022 rev.), Instruction 1.01.

APPENDIX 13-1 - AGREED JURY INSTRUCTIONS: AUGUST 22, 2023

## Agreed Instruction No. 2

## Conduct of the Trial

The trial will proceed in the following manner:

First, Plaintiff[s]'s attorney may make an opening statement. Next, Defendant[s]'s attorneys may make an opening statement. An opening statement is not evidence but is simply a summary of what the attorney expects the evidence to be.

After the opening statements, Plaintiffs will call witnesses and present evidence. Then, Defendants will have an opportunity to call witnesses and present evidence. After the parties' main cases are completed, Plaintiffs may be permitted to present rebuttal evidence [and Defendant may be permitted to present sur-rebuttal evidence].

After the evidence has been presented, [I will instruct you on the law that applies to the case and the attorneys will make closing arguments] [the attorneys will make closing arguments and I will instruct you on the law that applies to the case].

After that, you will go to the jury room to deliberate on your verdict.

**Source(s):** Federal Civil Jury Instructions of the Seventh Circuit (2017 rev.), Sample Preliminary Instruction at 411–12 (modified).

## Agreed Instruction No. 3

### Jury's Duty: Consideration of Evidence

You have two duties as jurors. Your first duty is to decide the facts from the evidence that you see and hear in court. Your second duty is to take the law as I give it to you, apply it to the facts. ~~, and decide if the government has proved the defendant[s] guilty beyond a reasonable doubt [and whether the defendant has proved [insert defense] by a preponderance of the evidence; by clear and convincing evidence]~~

Give the evidence whatever weight you believe it deserves. Use your common sense in weighing the evidence, and consider the evidence in light of your own everyday experience.

People sometimes look at one fact and conclude from it that another fact exists. This is called an inference. You are allowed to make reasonable inferences, so long as they are based on the evidence.

Part of your job as jurors will be to decide how believable each witness was, and how much weight to give each witness's testimony. I will give you additional instructions about this at the end of the trial.

You must perform these duties fairly and impartially. Do not let sympathy, prejudice, fear, or public opinion influence you. ~~[In addition, do not let any person's race, color, religion, national ancestry, or gender influence you.]~~

~~[You must give [name of corporate entity defendant] the same fair consideration that you would give to an individual.]~~

You should not take anything I say or do during the trial as indicating what I think of the evidence or what I think your verdict should be.

**Source(s):** Paragraphs 1, 5, 6, and 7 are taken in modified form from Federal Criminal Jury Instructions of the Seventh Circuit (2022 rev.), Preliminary Instruction "Functions of the Court and Jury," p. 6 (paragraphs 3 to 6); Paragraphs 2 and 3 are taken in modified form from Federal Criminal Jury Instructions of the Seventh Circuit (2022 rev.), Preliminary Instruction "Considering the Evidence," p. 13; Paragraph 4 is taken in modified form from Federal Criminal Jury Instructions of the Seventh Circuit (2022 rev.), Preliminary Instruction "Credibility of Witnesses," p. 14.

APPENDIX 13-1 - AGREED JURY INSTRUCTIONS: AUGUST 22, 2023

## Agreed Instruction No. 4

## What Is Not Evidence

<u>You may consider only the evidence that you see and hear in court.</u> The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and any facts that I may instruct you to find or the parties may agree or stipulate to. A stipulation is an agreement between both sides that certain facts are true.

The following things are not evidence, and you must not consider them as evidence in deciding the facts of this case: the attorneys' statements, arguments, questions, and objections of the attorneys; any testimony that I instruct you to disregard; and anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for one particular purpose, and not for any other purpose. I will tell you when that occurs, and instruct you on the purposes for which the item can and cannot be used.

Pay close attention to the testimony as it is given. At the end of the trial you must make your decision based on what you recall of the evidence. You will not have a written transcript to consult.

**Source(s):** Federal Civil Jury Instructions of the Seventh Circuit (2017 rev.), Sample Preliminary Instruction at 413–417 (modified).

APPENDIX 13-1 - AGREED JURY INSTRUCTIONS: AUGUST 22, 2023

### Agreed Instruction No. 5

### Judge's Comments

From time to time during the trial I may be called upon to make rulings of law on objections or motions made by the lawyers. You should not infer or conclude from any ruling or other comment I may make that I have any opinions about how you should decide this case. And if I should sustain an objection to a question that goes unanswered by a witness, you should not guess or speculate what the answer might have been, and you should not draw any inferences or conclusions from the question itself. <u>Sometimes I may disallow evidence – this is also called "striking" evidence. If I strike testimony or an exhibit from the record, or tell you to disregard something, you must not consider it.</u>

At times during the trial it may be necessary for me to talk with the lawyers here at the bench out of your hearing, or by calling a recess. We meet because often during a trial something comes up that doesn't involve the jury. We will, of course, do what we can to keep the number and length of these conferences to a minimum, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

During the trial, I may sometimes ask a witness questions. Do not assume that because I ask questions I hold any opinion on the matters I ask about, or on how the case should be decided.

**Source(s):** Federal Civil Jury Instructions of the Seventh Circuit (2017 rev.), Sample Preliminary Instruction at 415–16, 418 (modified).

### Agreed Instruction No. 6

### Notes

<u>You will be permitted to take notes during the trial. We will make note pads available to you for this purpose.</u> Any notes you take during this trial are only aids to your memory. The notes are not evidence. If you do not take notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

When you leave the courthouse during the trial, your notes should be left in the [courtroom] [jury room] [envelope in the jury room]. When you leave at night, your notes will be secured and not read by anyone. At the end of the trial, your notes will be destroyed, and no one will be allowed to read the notes before they are destroyed.

**Source(s):** Federal Civil Jury Instructions of the Seventh Circuit (2017 rev.), Sample Preliminary Instruction at 416 (modified).

### Agreed Instruction No. 7

### Conduct of the Jury

Before we begin the trial, I want to discuss several rules of conduct that you must follow as jurors.

First, you should keep an open mind throughout the trial. Do not make up your mind about what your verdict should be until after the trial is over, you have received my final instructions on the law, and you and your fellow jurors have discussed the evidence.

Second, your verdict must be based exclusively on the law as I give it to you and the evidence that is presented in court during the trial. For this reason, and to ensure fairness to all sides, you must obey the following rules. These rules apply both when you are here in court and when you are not in court. They apply until after you have returned your verdict in the case.

1. You must not discuss the case, the issues in the case, or anyone who is involved in the case, among yourselves until you go to the jury room to deliberate after the trial is completed.

2. You must not communicate with anyone else about this case, the issues in the case, or anyone who is involved in the case, until after you have returned your verdict.

3. When you are not in the courtroom, you must not allow anyone to communicate with you or give you any information about the case, the issues in the case, or about anyone who is involved in the case. If someone tries to communicate with you about the case, the issues in the case, or someone who is involved in the case, or if you overhear or learn any information about the case, the issues in the case, or someone involved in the case when you are not in the courtroom, you must report this to me promptly.

4. You may tell your family and your employer that you are serving on a jury, so that you can explain that you have to be in court. However, you must not communicate with them about the case, the issues in the case, or anyone who is involved in the case until after you have returned your verdict.

5. All of the information that you will need to decide the case will be presented here in court. You may not look up, obtain, or consider information from any outside source.

APPENDIX 13-1 - AGREED JURY INSTRUCTIONS: AUGUST 22, 2023

6. <u>You may not conduct any investigation into outside sources about this case, the issues in the case, or anyone who is involved in the case. Your verdict must be based on the evidence presented in this courtroom.</u>

When I say that you may not obtain or consider any information from outside sources, and may not communicate with anyone about the case, the issues in the case, or those involved in the case, I am referring to any and all means by which people communicate or obtain information. This includes, for example, face to face conversations; looking things up; doing research; reading, watching, or listening to reports in the news media; and any communication using any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Android, or similar device, computer, the Internet, text messaging, chat rooms, blogs, social networking websites like Facebook, YouTube, Twitter, Instagram, SnapChat[, or] LinkedIn, [or] [list additional sites or technologies as appropriate] <u>TikTok</u>, or any other form of communication at all. If you hear, see, or receive any information about the case by these or any other means, you must report that to me immediately.

There are two reasons for these rules. First, it would not be fair to the parties in the case for you to consider outside information or communicate information about the case to others. Second, outside information may be incorrect or misleading.

**Source(s):** Federal Criminal Jury Instructions of the Seventh Circuit (2022 rev.), Preliminary Instruction "Juror Conduct," p. 17 (modified).

APPENDIX 13-1 - AGREED JURY INSTRUCTIONS: AUGUST 22, 2023

### Agreed Instruction No. 8

### Communications With Parties and Lawyers

During the trial, do not talk with or speak to any of the parties, lawyers, or witnesses – not even to pass the time of day. It is important not only that you do justice, but also that you act accordingly. If a person from one side of the lawsuit sees you talking to a person from the other side – even if it is just about the weather – that might raise a suspicion about your fairness. So, when the lawyers, parties and witnesses do not speak to you in the halls, on the elevator or the like, please understand that they are not being rude. They know they are not supposed to talk to you while the trial is going on, and they are just following the rules and my instructions. If any parties, lawyers, or witnesses tries to talk to you, you must report that to me immediately.

APPENDIX 13-1 - AGREED JURY INSTRUCTIONS: AUGUST 22, 2023

**Instructions Upon the Admission of Certain Evidence**

**Agreed Instruction No. 9**

**Evidence Limited to Certain Party**

Each party is entitled to have the case decided solely on the evidence that applies to that party. [[You are about to hear] [You have just heard] ~~]You must consider the~~ evidence concerning [*describe evidence if practicable*].  You must consider this evidence only in the case against [*Party*]. You must not consider it against any other party.

**Source(s):** Federal Civil Jury Instructions of the Seventh Circuit (2017 rev.), Instruction No. 1.10 (modified).

### Agreed Instruction No. 10

### Instruction Upon Judge's Comments to Lawyer

I have a duty to caution or warn an attorney who does something that I believe is not in keeping with the rules of evidence or procedure. You are not to draw any inference against the side whom I may caution or warn during the trial.

**Source(s):** Federal Civil Jury Instructions of the Seventh Circuit (2017 rev.), Instruction No. 2.14.

## Instructions After Presentation Of The Evidence

### General Instructions

### Agreed Instruction No. 11

### General Function of Court and Jury

Members of the Jury~~,~~:

You have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

You are not to single out any one instruction alone as stating the law~~, but~~: you must consider the instructions as a whole in reaching your decisions. Likewise, you are not to be concerned with the wisdom of any rule of law stated by the Court. Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base any part of your verdict upon any view or opinion of the law other than those provided in the Court's instructions, just as it would be a violation of your sworn duty, as the judges of the facts, to base your verdict upon anything but the evidence received in the case and your common sense.

~~Perform these~~You are to perform your duties fairly and impartially. ~~[Do not allow [sympathy/prejudice/fear/public opinion] to influence you.] [You should not be influeced by any person's race, color, religion, national ancestry, or sex.]~~ You must not be persuaded by bias, prejudice, or sympathy for or against any of the parties to this case or by any public opinion.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

**Source(s):** Paragraphs 1, 2, 3, 5, and 6 are taken from Instruction 1.01 of the Federal Civil Jury Instructions of the Seventh Circuit (2017 rev.). Paragraph 4 is taken from Instruction No. 1 in the DAP trial. *In re Egg Prods. Antitrust Litig.*, No. 2:12-cv-08808-MDL-2002 (E.D. Pa. Dec. 10, 2019).

APPENDIX 13-1 - AGREED JURY INSTRUCTIONS: AUGUST 22, 2023

## Agreed Instruction No. 12

### No Inference from Judge's Questions

[During this trial, I have asked a witness a question myself. Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.]

**Source(s):** Federal Civil Jury Instructions of the Seventh Circuit (2017 rev.), Instruction No. 1.02 (modified).

APPENDIX 13-1 - AGREED JURY INSTRUCTIONS: AUGUST 22, 2023

**Agreed Instruction No. 13**

**Evidence**

The evidence consists of the testimony of the witnesses ~~[,]~~ ~~[and]~~ the exhibits admitted in evidence ~~[~~, and stipulation~~[s]]~~.

~~[~~A stipulation is an agreement between both sides that ~~[certain facts are true]~~ ~~[that a person would have given certain testimony].]~~

[I have taken judicial notice of certain facts. You must accept those facts as proved.]

**Source(s):** Federal Civil Jury Instructions of the Seventh Circuit (2017 rev.), Instruction No. 1.04 (modified).

14

### Agreed Instruction No. 14

### Prior Inconsistent Statements

From time to time, witnesses were questioned about statements they made in the past. In considering those statements, keep in mind the following rules.

You may consider previous statements ~~given~~made by [~~*Party*~~] [~~*Witness under oath*~~] ~~before trial~~a party witness—whether or not under oath—as evidence of the truth of what ~~t~~he witness said in the earlier statements, as well as in deciding what weight to give ~~his~~the witness's testimony in this courtroom. A party witness is someone who was serving as a party's director, officer, employee, or agent at the time the witness testified.

For witnesses who are not party witnesses who testified under oath, you may also consider statements given by those witnesses as evidence of the truth of what they said in the earlier statements, as well as in deciding what weight to give their testimony in this courtroom.

~~With respect to other witnesses, the law is different.~~ For statements of witnesses who are not party witnesses and whose prior statements were not under oath, ~~I~~if you decide that, before the trial, one of these witnesses made a statement [~~not under oath~~] [~~or acted in a manner~~] that is inconsistent with ~~his~~their testimony here in court, you may consider the earlier statement [~~or conduct~~] only in deciding whether ~~his~~their testimony here in court was true and what weight to give to ~~his~~that testimony here in court.

~~[In considering a prior inconsistent statement[s] [or conduct], you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.]~~

**Source(s):** Federal Civil Jury Instructions of the Seventh Circuit (2017 rev.), Instruction No. 1.14 (modified to clarify application to non-party witnesses rather than "other witnesses").

APPENDIX 13-1 - AGREED JURY INSTRUCTIONS: AUGUST 22, 2023

**Agreed Instruction No. 15**

**What Is Not Evidence**

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or <u>if I</u> struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. [This includes any press, radio, Internet or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.]

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

**Source(s):** Federal Civil Jury Instructions of the Seventh Circuit (2017 rev.), Instruction No. 1.06 (modified).

## Agreed Instruction No. 16

### Note-Taking

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

**Source(s):** Federal Civil Jury Instructions of the Seventh Circuit (2017 rev.), Instruction No. 1.07.

## Agreed Instruction No. 17

## Consideration of All Evidence Regardless of Who Produced It

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

**Source(s):** Federal Civil Jury Instructions of the Seventh Circuit (2017 rev.), Instruction No. 1.08.

APPENDIX 13-1 - AGREED JURY INSTRUCTIONS: AUGUST 22, 2023

## Agreed Instruction No. 18

## Limited Purpose of Evidence

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

**Source(s):** Federal Civil Jury Instructions of the Seventh Circuit (2017 rev.), Instruction No. 1.09.

APPENDIX 13-1 - AGREED JURY INSTRUCTIONS: AUGUST 22, 2023

## Agreed Instruction No. 19

## Weighing the Evidence

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

**Source(s):** Federal Civil Jury Instructions of the Seventh Circuit (2017 rev.), Instruction No. 1.11.

APPENDIX 13-1 - AGREED JURY INSTRUCTIONS: AUGUST 22, 2023

## Agreed Instruction No. 20

### Definition of Direct and Circumstantial Evidence

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, direct evidence that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

**Source(s):** Federal Civil Jury Instructions of the Seventh Circuit (2017 rev.), Instruction No. 1.12.

## Agreed Instruction No. 21

### Testimony of Witnesses: Deciding What to Believe

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, [including any party to the case,] you may consider, among other things:

- o the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;
- o the witness's memory;
- o any interest, bias, or prejudice the witness may have;
- o the witness's intelligence;
- o the manner of the witness while testifying;
- o ~~[the witness's age];~~
- o and the reasonableness of the witness's testimony in light of all the evidence in the case.

**Source(s):** Federal Civil Jury Instructions of the Seventh Circuit (2017 rev.), Instruction No. 1.13 (modified).

### Agreed Instruction No. 22

### Lawyer Interviewing Witness

[It is proper for a lawyer to meet with any witness in preparation for trial.]

**Source(s):** Federal Civil Jury Instructions of the Seventh Circuit (2017 rev.), Instruction No. 1.16 (modified).

### Agreed Instruction No. 23

### Number of Witnesses

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number of witnesses. You need not accept the testimony of the larger number of witnesses.

**Source(s):** Federal Civil Jury Instructions of the Seventh Circuit (2017 rev.), Instruction No. 1.17 (modified).

### Agreed Instruction No. 24

### Absence of Evidence

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

**Source(s):** Federal Civil Jury Instructions of the Seventh Circuit (2017 rev.), Instruction No. 1.18.

APPENDIX 13-1 - AGREED JURY INSTRUCTIONS: AUGUST 22, 2023

## Agreed Instruction No. 25

### Expert Witnesses

You have heard [a witness] [witnesses] give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness's qualifications, and all of the other evidence in the case.

**Source(s):** Federal Civil Jury Instructions of the Seventh Circuit (2017 rev.), Instruction No. 1.21.

APPENDIX 13-1 - AGREED JURY INSTRUCTIONS: AUGUST 22, 2023

## Agreed Instruction No. 26

## Demonstrative Exhibits

Certain [*describe demonstrative exhibit, e.g., models, diagrams, devices, sketches*] visual presentations, such as a chart or diagram, have been shown to you. Those [*short description*]visual presentations are used for convenience and to help explain the facts of the case. They are not themselves evidence or proof of any facts.

**Source(s):** Federal Civil Jury Instructions of the Seventh Circuit (2017 rev.), Instruction No. 1.24 (modified).

## Agreed Instruction No. 27

### Summary Exhibits

Stipulated

[The parties agree that [*describe summary in evidence*] accurately summarizes the contents of documents, records, or books. You should consider these summaries just like all of the other evidence in the case.]

Not Stipulated

Certain [*describe summary in evidence*] is/are in evidence. [*The original materials used to prepare those summaries also are in evidence.*] <u>You should consider these summaries just like all of the other evidence in the case.</u>  ~~It is up to you to decide if the summaries are accurate.~~

**Source(s):** Federal Civil Jury Instructions of the Seventh Circuit (2017 rev.), Instruction No. 1.23 (modified).

APPENDIX 13-1 - AGREED JURY INSTRUCTIONS: AUGUST 22, 2023

## Agreed Instruction No. 28

### No Inferences About Absent Parties

~~[Former Party] is no longer a~~ You have heard the names of companies that are not plaintiffs or ~~defendant~~s in this case. ~~You should not consider any claims against [Former Party].~~ Your focus should be on the parties in this case. ~~You should decide this case as to the remaining parties.~~ Do not speculate on why other companies are not parties to this case.

**Source(s):** Federal Civil Jury Instructions of the Seventh Circuit (2017 rev.), Instruction No. 1.26 (modified).

## Conduct of Deliberations

## Agreed Instruction No. 29

## Selection of Presiding Juror; General Verdict

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you.

[Forms of verdict read.]

(Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill, date, and sign the appropriate form.)

OR

(Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the appropriate form, and all of you will sign it.)

**Source(s):** Federal Civil Jury Instructions of the Seventh Circuit (2017 rev.), Instruction No. 1.32.

APPENDIX 13-1 - AGREED JURY INSTRUCTIONS: AUGUST 22, 2023

### Agreed Instruction No. 30

### Communication with Court

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

[If you do communicate with me, you should not indicate in your note what your numerical division is, if any.]

**Source(s):** Federal Civil Jury Instructions of the Seventh Circuit (2017 rev.), Instruction No. 1.33.

31

### Agreed Instruction No. 31

### Disagreement Among Jurors

The verdict[s] must represent the considered judgment of each juror. Your verdict[s], whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

**Source(s):** Federal Civil Jury Instructions of the Seventh Circuit (2017 rev.), Instruction No. 1.34