**APPENDIX 13-6**
**PLAINTIFFS' PROPOSED VERDICT FORM**

**Plaintiffs' Proposed Verdict Form**

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KRAFT FOODS GLOBAL, INC., THE KELLOGG COMPANY, GENERAL MILLS, INC., and NESTLÉ USA, INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | No. 1:11-cv-08808 |
| v. | ) ) | Judge Steven C. Seeger |
| UNITED EGG PRODUCERS, INC., UNITED STATES EGG MARKETERS, INC., CAL-MAINE FOODS, INC., and ROSE ACRE FARMS, INC., | ) ) ) ) )) | |
| Defendants. | ) | |

# VERDICT FORM

2

*Your answer to each question, whether "YES" or "NO," must be unanimous.*

1. **Do you find that there was a conspiracy to restrict the domestic supply of eggs and egg products [unreasonably restrain trade in the market for eggs and egg products]?**

    **YES** _____    **NO** _____

*If you answered "YES" to Question 1, proceed to Question 2. If you answered "NO" to Question 1, do not answer any further questions, have your foreperson sign the last page of the verdict sheet, and notify the courtroom deputy that you have completed your deliberations.*

**Defendants' Position**

Defendants object that this Question does not adequately describe the alleged conspiracy. Plaintiffs have alleged a single conspiracy to restrict the supply of eggs comprising three components: (1) an animal welfare program sponsored by UEP called the "Certified Program," (2) USEM-coordinated egg exports; and (3) short-term supply measures recommended by UEP. To make a finding of liability, the jury must first determine whether these three practices together formed a single conspiracy. *See* Defendants' Objections to Plaintiffs' Proposed Jury Instructions, ECF No. 279, App 13-3 at 18–22; Defendants' Proposed Verdict Form, Question 1.

Defendants also object to the wording of this Question as improper and overly prejudicial. This Question conflates "eggs and egg products" and refers to "the market for eggs and egg products," both of which imply to the jury that there is a single relevant product market that encompasses both eggs *and* egg products. Plaintiffs have the burden of proving the existence of a relevant product market – which they allege is the domestic market for eggs in all of their various forms. *See* Defendants' Proposed Instruction No. 19, ECF No. 279, App 13-4 at 21–22. The definition and existence of the relevant product market should be addressed directly through a separate question.

Defendants further object to Plaintiffs' Proposed Questions as they do not include the requisite questions required in a case analyzed under the Rule of Reason, primarily, whether the conduct constituted an unreasonable restraint of trade. Plaintiffs' attempt to provide a "Rule of Reason option" inappropriately conflates the question of whether a conspiracy existed with the question of whether the conspiracy's conduct unreasonably restrained trade, which are two distinct elements. *Deppe v. NCAA*, 893 F.3d 498, 501 (7th Cir. 2018) ("To prevail in a suit alleging a violation of § 1, the plaintiff must prove three elements: '(1) a contract, combination,

4

or conspiracy; (2) a resultant unreasonable restraint of trade in [a] relevant market; and (3) an accompanying injury.'") (citation omitted).

2.     **Do you find that the following defendants engaged in the conspiracy you have identified in Question 1?**

        **United Egg Producers:**      YES _____     NO _____

        **United States Egg Marketers:**   YES _____     NO _____

        **Rose Acre Farms:**             YES _____     NO _____

        **Cal-Maine Farms:**            YES _____     NO _____

*If you answered "YES" to any part of Question 2, <u>proceed to Question 3.</u> If you answered "NO" to all parts of Question 2, <u>do not answer any further questions,</u> have your foreperson sign the last page of the verdict sheet, and notify the courtroom deputy that you have completed your deliberations.*

**<u>Defendants' Position</u>**

No objection

3. **Do you find that the following egg producers engaged in the conspiracy you have identified in Question 1?**

        **Moark**                      YES _____ NO _____

        **Michael Foods**           YES _____ NO _____

        **Wabash Valley**          YES _____ NO _____

*__Once you have answered Question 3, proceed to Question 4.__*

**Defendants' Position**

Defendants have no specific objection to Proposed Question 3, but Defendants object to Plaintiffs' Proposed Questions to the extent they do not propose questions relating to the timing of the alleged conspiracy and to the finding of a relevant market consisting of both shell eggs and egg products. *See* Defendants' Proposed Verdict Form, Questions 3 and 4; Defendants' Proposed Instruction No. 19, ECF No. 279, App 13-4 at 21–22.

4. **Do you find that the conspiracy you identified in Question 1 injured any of the following plaintiffs?**

      **Kraft Foods Global:**    **YES** _____    **NO** _____

      **The Kellogg Company:**    **YES** _____    **NO** _____

      **General Mills:**    **YES** _____    **NO** _____

      **Nestle USA:**    **YES** _____    **NO** _____

**[Delete portion in brackts in light of the bifurcation order:** *If you answered "YES" to any part of Question 4, proceed to Question 5. If you answered "NO" to all parts of Question 4, do not answer any further questions, have your foreperson sign the last page of the verdict sheet, and notify the courtroom deputy that you have completed your deliberations.*

**Defendants' Position**

Defendants object to the Proposed Question 4 to the extent that it asks whether any of the plaintiffs were injured without articulating *how* plaintiffs were injured, namely that Defendants restricted the supply of eggs and that the restriction caused an increase in the price of egg products.

5. **What was the total amount of the damages, if any, incurred by the following plaintiffs based on that plaintiff's purchases of egg products from the defendants and other egg producers that you identified in response to Questions 2 and 3 as having engaged in the conspiracy?**

      **Kraft Foods Global:**    $_____

      **The Kellogg Company:**  $_____

      **General Mills:**           $_____

      **Nestle USA:**            $_____]

**Defendants' Position**

Defendants object to Proposed Question 5 as inappropriate for the liability phase of trial. Because this trial has been bifurcated into a liability and damages phase, any questions about the amount of damages incurred by Plaintiffs should be reserved for the damages phase.

*Have your foreperson sign the last page of the verdict sheet and notify the courtroom deputy that you have completed your deliberations.*

                                                                      _____
                                                                       Jury Foreperson

                                                                       _____
                                                                       Date