UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF NextGen 1.7.1.1
Eastern Division

Kraft Foods Global, Inc., et al.

                        Plaintiff,

v.                                                                     Case No.: 1:11−cv−08808
                                                                               Honorable Steven C. Seeger

United Egg Producers, Inc., et al.

                        Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Friday, September 15, 2023:

      MINUTE entry before the Honorable Steven C. Seeger: Plaintiffs' motion to preclude reference to prior lawsuits or trials (Dckt. No. [176]) is hereby granted. Plaintiffs ask the Court to "direct the parties and their witnesses to avoid any reference to the prior trials" held in the MDL court. See Pls.' Mtn, at 4 (Dckt. No. [176]). They also seek to preclude references to "the outcome of those trials." Id. They seek to exclude any reference to prior trial testimony in those trials as "trial testimony." Id. at 5−6. They also seek to exclude any reference to the outcome of those two trials (the plaintiffs lost both trials). Id. at 6−7. Defendants did not file a response. In fact, as this Court highlighted in its Order last year, this motion was "not in the list of pending motions in the joint status report" filed by the parties. See 12/14/22 Order (Dckt. No. 247). So, the Court directed the parties to "inform the Courtroom Deputy by email whether [the] motion continues to present a live issue." Id. By all appearances, the motion is unopposed. In any event, this Court agrees that the parties should not prefer to testimony from the other trials as "trial testimony." It could be confusing, and invite speculation. The Court also agrees that the parties must not mention the outcome of other trials, either, in the presence of the jury. The proceedings in the MDL court are not relevant to the jury&#0;39;s decision in this case. The parties may not refer to prior testimony as "trial testimony" or refer to the other lawsuits or trials related to the MDL in this matter. If counsel sees a need to mention prior testimony (say, by cross examining an expert or a fact witness with testimony from the other trials), then counsel must refer to that prior testimony in a generic fashion, without mentioning the trials themselves. If the parties believe that making a statement with greater specificity about the trials or the MDL proceedings is necessary, they must preclear their statements with the Court. Mailed notice. (jjr, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please

refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.