UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KRAFT FOODS GLOBAL, INC., *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 11-cv-8808 |
| | ) | |
| v. | ) | Hon. Steven C. Seeger |
| | ) | |
| UNITED EGG PRODUCERS, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER**

    Defendants' motion *in limine* to exclude evidence predating the alleged conspiracy (Dckt. No. 156) is hereby granted in part and denied in part. The punchline is that, based on the record at hand, this Court cannot categorically declare that documents created before 1999 are admissible or inadmissible. The Court will need to go over the documents on an exhibit-by-exhibit basis.

    By way of background, the second amended complaint alleges that Defendants conspired to restrict the supply of eggs "[b]eginning in at least 1999." *See* Second Am. Cplt., at ¶ 119 (Dckt. No. 73-17). But Plaintiffs' exhibit list contains roughly 18 documents that pre-date 1999. *See* Pls.' Resp., at 2 n.3 (Dckt. No. 200).

    Defendants take aim at a few examples. Several documents were authored by Donald Bell, a former poultry extension specialist at the University of California who later served as an economic consultant for UEP from 2001 to 2009. *See* Exs. (Dckt. Nos. 156-2 to 156-4). The three exemplar documents are from 1985, 1992, and 1992, respectively. Another example is a DOJ presentation entitled "Antitrust Enforcement Activities in the Egg Industry," from 1988. *See* Ex. (Dckt. No. 156-5).

    At first blush, it is hard to see how any of the documents could add much probative value. The documents predated the alleged conspiracy by quite a few years, sometimes more than a decade. By the look of things, the documents were not authored by anyone affiliated with any of the Defendants at the time that they were written, either (again, Bell did not become affiliated with UEP until 2001).[1]

---

[1] As an aside, Bell apparently was not asked about a few of these documents at deposition. So the Court does not know if Plaintiffs could lay the foundation. The documents might raise hearsay questions, too. But the Court assumes that none of the documents would be offered for their truth.

The DOJ document could create prejudice, too, by suggesting that the DOJ has long had its eye on the egg industry. It might suggest that the egg industry has a history of antitrust violations.

In the Direct Action Plaintiffs trial in Pennsylvania, Judge Pratter denied a comparable motion *in limine*, concluding that pre-1999 documents might be "relevant to show knowledge or intent to join the conspiracy as well as the formation and scope of the conspiracy itself." *See In re Processed Egg Prod. Antitrust Litig.*, No. 08-MD-2002, at ECF No. 2020 (October 21, 2019 Order).

This Court is struggling to see how any of the documents in question could satisfy that standard. Plaintiffs argue that the documents "tell an all-important story about UEP consultant Don Bell's exhortations that egg producers agree on a cage space requirement to restrict supply and the various efforts which ultimately led to the adoption of the UEP Certified Program." *See* Pls.' Resp., at 2 (Dckt. No. 200).

But as things stand, the connection between the Bell documents and the alleged conspiracy is not obvious to this Court. Is anyone going to testify that they read the documents in question? Or that they played a role in the decision to adopt the UEP Certified Program? What's the link between the Bell documents and the formation of the alleged conspiracy? Did anyone circulate any of these documents to Defendants at the time of the formation of the alleged conspiracy? Did anyone say, in effect, "Let's do what Bell said"?

The age of the documents, standing alone, tells you something. But it doesn't tell you everything. Maybe the alleged conspirators discussed or circulated old documents. By way of example, Homer's *Odyssey* is about as old as it gets. But in a trial about writing a screenplay, the *Odyssey* could have relevance if it was passed around in a meeting about the script of *O' Brother Where Art Thou?*

Judge Pratter suggested that UEP looked at the documents when crafting the UEP Certified Program. *See In re Processed Egg Prod. Antitrust Litig.*, No. 08-MD-2002, 2018 WL 1725802, at *5 (April 9, 2018 Order) ("By showing that the UEP *received these reports*, the jury can infer that the UEP was on notice that the cage-space restrictions would reduce supply and increase profits. In effect, these reports were a blueprint for how to fix prices.") (emphasis added).

Maybe it was a "blueprint." *Id.* But did anyone read the blueprint? Did anyone look at the blueprint before constructing the conspiracy? Can any witness lay that foundation? If someone read the blueprint, did they read it contemporaneously, or years earlier?

Overall, the Court needs to know more about the documents, and how they fit into the case, before it can issue a ruling that they are in or out. The Court would allow Plaintiffs to present some evidence about the background of the egg industry, and the lead-up to the alleged conspiracy. But the value of these particular documents – meaning their connection to the alleged conspiracy – is not obvious.

Old documents created by non-parties might not offer much probative value. The connection is especially weak if no one looked at the old documents when they formed the alleged conspiracy. Then again, maybe the parties pulled a page from an old playbook.

The older the documents, the more tenuous the connection to the case. And the more tenuous the connection, the greater the showing that this Court will require. If the documents were simply floating in the ether of the industry, hovering in the background, they wouldn't add much value.

So the onus is on Plaintiffs to lay the foundation and draw a concrete connection between the documents and the conspiracy. Until they do so, the pre-1999 documents are unlikely come in.

Date:  September 19, 2023

                                              Steven C. Seeger
                                              United States District Judge