### UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| KRAFT FOODS GLOBAL, INC., *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 11-cv-8808 |
| | ) | |
| v. | ) | Hon. Steven C. Seeger |
| | ) | |
| UNITED EGG PRODUCERS, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## <u>ORDER</u>

Plaintiffs' motion *in limine* to exclude any reference to family farms (Dckt. No. 177) is hereby denied, for the most part.

Plaintiffs seek to prevent Defendants from referring to themselves as "family farms." In particular, Plaintiffs want to keep Rose Acre Farms from touting its "small town roots" as a "family-owned farm" with "modest beginnings." Plaintiffs also seek to prevent Defendants from characterizing themselves as "family businesses." Plaintiffs believe that such references have no probative value, and create a risk of unfair prejudice.

For starters, a family business and a family farm can be the same thing, but they are not necessarily the same thing. *The Godfather* involved a family business, after all.

Putting that aside, a party is entitled to introduce itself to the jury, just like any witness. The jury can hear the backstory of a company, to understand who the parties are and how they got here. That's routine, and not unfair. The background of a party, like the background of a witness, is fair game.

As things stand, there is an asymmetry between the parties when it comes to the jury's level of familiarity with them. After all, Plaintiffs are going to bring plenty of good will into the courtroom on their side of the ledger. Plaintiffs are Kraft Foods, The Kellogg Company, General Mills, and Nestle. If you had to make a list of things that Americans like, mac-n-cheese, Frosted Flakes, Cheerios, and Toll House chocolate chips would be a good place to start.

Those companies need no introduction. Probably every juror will have food in their homes produced by at least one of the Plaintiffs. Many of the jurors will eat something made by Plaintiffs for breakfast or dinner. Plaintiffs are bringing loads of good vibes about their loads of good food into the courtroom. (And Plaintiffs presumably value that good will. They wouldn't want to be called Buyer #1, Buyer #2, Buyer #3, and Buyer #4 at trial.)

On the other side of the case, the jurors are unlikely to know any of the Defendants. Americans know eggs, but few Americans can name a single egg producer. Egg producers supply the country behind a veil of anonymity. They produce eggs from the other side of the chicken coop, seen by no one, producing food that is eaten by just about everyone.

Defendants can introduce themselves to the jury, and tell their history. That said, the Court will impose some reasonable limits. Defendants should not suggest to the jury that they're entitled to greater leeway under the antitrust laws because they are family-owned businesses. The same rules apply to everyone, regardless of their corporate history and ownership structure.

There is no need to tell the jury over and over and over again that the Defendants are family-owned businesses, either. If it gets excessive, the Court might rein it in.

The other question is whether Defendants can characterize themselves as family farms. That's a valuable designation. It's hard to think of any group of people in the country that Americans like more than family farmers. Maybe astronauts, or whoever makes apple pie, but not many others.

This Court isn't sure whether it would be accurate to characterize any of the Defendants as family farms. As the Court understands things, Rose Acre Farms is the second-largest egg producer in the United States, with millions of chickens. That's a lot of work for a family farmer, even with a farmer's work ethic.

There is some risk that referring to Defendants as family farms could create a risk of confusion, too. The jury probably has an idea of what a family farm is, and the image probably isn't much different from the image that children get from storybooks. *Read generally* Margaret Wise Brown, *Big Red Barn* (1954); E.B. White, *Charlotte's Web* (1952); Sandra Boynton, *Barnyard Dance!* (1993); Doreen Cronin, *Click, Clack, Moo* (2000).

The Court assumes that family farms do not supply Defendants. Instead, Defendants likely are huge factory farming operations. It is unlikely that any of the Defendants produce eggs in Big Red Barns.

So, it seems entirely fair for Defendants to tell their story, including their backstory as family farms. If Rose Acre Farms started as a family farm, witnesses and counsel can say so. But Defendants shouldn't give the jury any misimpressions about their current operations. And there is no need to ham it up, either. Defendants should not try to engender sympathy based on their origin as family farms.

In sum, the parties can introduce themselves to the jury, and describe their backstories and their current operations. That rule applies to everyone, including both Plaintiffs and Defendants. Defendants can refer to themselves as family-owned businesses, as long as it does not get excessive and does not create a misimpression that different standards apply. Defendants can reveal their origin as family farms, or their connections to family farms, as long as it is accurate and does not engender undue sympathy.

2

Date:    September 19, 2023

_____

Steven C. Seeger
United States District Judge