# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois – CM/ECF NextGen 1.7.1.1
### Eastern Division

Kraft Foods Global, Inc., et al.

                        Plaintiff,

v.                                                     Case No.: 1:11−cv−08808
                                                            Honorable Steven C. Seeger

United Egg Producers, Inc., et al.

                        Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Tuesday, September 19, 2023:

      MINUTE entry before the Honorable Steven C. Seeger: Plaintiffs' motion in limine to exclude any reference to John Mueller's prior discipline (Dckt. No. [179]) is hereby granted. Mueller is the former General Counsel and head of human relations for Sparboe Farms, a former co−defendant that settled years ago. In one of the Pennsylvania trials, Mueller testified that he had concerns from the beginning that the UEP actions were a cover for anticompetitive conduct. Defense counsel elicited that Mueller was placed on probation from the practice of law for two years (in 1995). Apparently, Mueller engaged in unprofessional conduct by making harassing phone calls to a client. Plaintiffs now seek to exclude any such reference about his disciplinary history at the upcoming trial under Rule 608. Rule 608(b) provides that a district court may allow cross examination into specific instances of a witness's conduct "if they are probative of the character for truthfulness or untruthfulness." See Fed. R. Evid. 608(b). The standard is whether "a witness'[s] prior activity, whether exemplified by conduct or by a statement, in and of itself casts significant doubt upon his veracity." United States v. Brown, 973 F.3d 667, 705 (7th Cir. 2020) (quotation marks omitted). Rule 608(b) "expressly affords the trial judge broad discretion to allow such questioning regarding prior instances of conduct if they are probative of the character for truthfulness or untruthfulness of the witness." Paldo Sign & Display Co. v. Wagener Equities, Inc., 825 F.3d 793, 800 (7th Cir. 2016). But the conduct at issue must be based on "dishonest or untruthful conduct." Nelson v. City of Chicago, 810 F.3d 1061, 1068 (7th Cir. 2016). Here, Mueller was suspended as a lawyer in 1995 for making harassing calls to a client. Harassing clients is bad. The fact that the harassment led to disciplinary action suggests that the harassment was extreme. Even so, harassment may be a sign of unprofessional conduct, but it is not particularly probative of his character for truthfulness. True, Mueller's credibility as a lawyer might be at issue given his role as Sparboe Farms's lawyer. But under Rule 608(b), the specific conduct must speak to truthfulness. Mueller's conduct was not good, but it doesn't say much about whether he tells the truth. That said, if Mueller takes the stand and opens the door, defense counsel can revisit the issue. Mailed notice. (jjr, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.