UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF NextGen 1.7.1.1
Eastern Division

Kraft Foods Global, Inc., et al.
           Plaintiff,

v.                   Case No.: 1:11–cv–08808
                  Honorable Steven C. Seeger

United Egg Producers, Inc., et al.
           Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Thursday, September 28, 2023:

  MINUTE entry before the Honorable Steven C. Seeger: The Court issues this minute order as a follow-up to a point that Plaintiffs raised toward the end of the four-hour final pretrial conference on September 28. Plaintiffs revealed that they have refined their trial strategy and adjusted their plans about post-2008 evidence in light of this Court's rulings on the motions in limine. As the Court understands it, Plaintiffs stated that, in the liability phase of the trial (Phase I), they do not intend to offer evidence to prove an antitrust injury after 2008. But in the damages phase (Phase II), Plaintiffs do intend to seek damages through 2012. Basically, as the Court understands it, Plaintiffs want to present evidence about a post-2008 injury in Phase II (meaning the damages phase), but not in Phase I (meaning the liability phase). And in that case, as Plaintiffs see it, the door that was open for post-2008 evidence in Phase I (the liability phase) should now be shut. Plaintiffs' counsel explained: "One additional note about this is that our position will be that at the second phase of trial, the damages phase, that we would ask Your Honor to let that evidence of injury in," which the Court took to mean evidence of injury after 2008. In response to this Court's question, Plaintiffs' counsel confirmed that they do not intend to drop the allegation that Plaintiffs suffered an antitrust injury after 2008, and do not intend to drop a request for damages after 2008. Plaintiffs simply do not intend to present evidence of post-2008 injuries in the liability phase of trial. As counsel put it: "We are saying that for the liability phase of the trial... we will not be arguing that there is any antitrust injury after 2008." "For now, for this phase of trial, we do not seek to put in any evidence that's outside that 2008 period." Plaintiffs revealed this plan to defense counsel on September 27, meaning the day before the final pretrial conference. And it sparked a response. Defendants oppose any last-minute changes. And in particular, Defendants oppose anything that would redo the analysis by Plaintiffs' expert, Dr. Baye. After listening to counsel, this Court requested written submissions, which the parties will file next week. In the meantime, this Court has mulled things over, and thought it might be useful to offer a few preliminary thoughts, questions, and reactions. In particular, this Court would appreciate it if Plaintiffs would clarify a few points. Are Plaintiffs seeking damages in this case after 2008? If so, don't Plaintiffs have to prove an antitrust injury after 2008? And if so, doesn't the proof of the antitrust injury after 2008 have to come in the liability phase of the trial, if Plaintiffs are going to seek damages after 2008 in the damages part of the trial? After all, an antitrust injury is an element of the claim. It is a

liability question, not a damages question. And if Plaintiffs have to prove an antitrust injury for the post−2008 period in Phase I, before they can seek damages for the post−2008 period in Phase II, then why can't Defendants present evidence that Plaintiffs suffered no antitrust injury from an unreasonable restraint of trade in Phase I because there was no unreasonable restraint of trade in the post−2008 period? It is hard to see how Plaintiffs can avoid presenting evidence of a post−2008 injury in the liability phase of the trial if they intend to seek damages after 2008 in the damages phase of the trial. And if Plaintiffs present evidence of a post−2008 injury in the liability phase of the trial, then it is hard to see why Defendants cannot argue that there was no antitrust injury after 2008 because there was no unreasonable restraint of trade. True, the existence of an injury is related to damages, because both parts depend on the existence of artificially inflated prices caused by anticompetitive conduct. Even so, as this Court understands the lay of the land, Plaintiffs cannot prevail at the liability stage unless they carry their burden of proof on all of the elements of their claims. And one of the elements is the existence of an antitrust injury. In other words, Plaintiffs presumably have to prove the existence of an antitrust injury after 2008 in Phase I if they are going to seek damages after 2008 in Phase II. No injury, no damages. On a related note, the Court would appreciate a proffer from Plaintiffs about how their proposal would affect the opinions and the testimony of Dr. Baye (and any other expert). Would it change the analysis, and if so, how? Overall, parties typically can trim their cases, but the Court has a healthy measure of skepticism about big changes a short time before trial. The case is 12 years old, so it can be jarring to hear about a new theory 19 days before trial. That said, this Court does not know enough to evaluate how big of a change Plaintiffs are proposing, and how it would affect the trial. None of this is a ruling. All of this is gentle request for clarification, and an invitation for the parties to cast light on the subject. Again, Plaintiffs' brief is due on Monday, October 2, and Defendants' response is due on Friday, October 6. The Court thanks the parties in advance for their submissions. Mailed notice(jjr, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.