UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KRAFT FOODS GLOBAL, INC., THE KELLOGG COMPANY, GENERAL MILLS, INC., and NESTLÉ USA, INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | No. 1:11-cv-08808 |
| v. | ) ) ) | Judge Steven C. Seeger |
| UNITED EGG PRODUCERS, INC., UNITED STATES EGG MARKETERS, INC., CAL-MAINE FOODS, INC., and ROSE ACRE FARMS, INC. | ) ) ) ) ) | |
| Defendants. | ) ) | |

**PLAINTIFFS' MOTION IN LIMINE TO ADMIT BUSINESS RECORDS PURSUANT TO FEDERAL RULES OF EVIDENCE 803(6) AND 902(11); MOTION FOR PERMISSION TO SUBMIT DATA IN NATIVE FORMAT**

Plaintiffs respectfully move the Court to admit certain documents as business records pursuant to Federal Rule of Evidence 902(11). Plaintiffs also respectfully request the Court's permission to electronically submit to the Court certain business record exhibits in native format; given their volume, submitting them in PDF format for filing via the Court's ECF system would be impractical.

A. **Admission of Documents as Business Records**

Federal Rule of Evidence 902(11) provides that certified copies of domestic business records are self-authenticating if the party offering the records provides the adverse party written notice and allows the adverse party to inspect the exhibit and certification, allowing the party to challenge the authenticity of the records.

Further, Federal Rule of Evidence 803(6) creates an exception to the hearsay rule under the following conditions:

(A)  the record was made at or near the time by—or from information transmitted by—someone with knowledge;

(B)  the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;

(C)  making the record was a regular practice of that activity;

(D)  all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and

(E)  the opponent does not show that the source of the information or the method or circumstances of preparation indicate a lack of trustworthiness.

The Seventh Circuit has consistently permitted the admission of business records through business records certifications, pursuant to Rules 803(6) and 902(11). *See, e.g.*, *Thanongsinh v. Board of Educ.*, 462 F.3d 762, 775-775 (7th Cir. 2006) (business records are admissible and not subject to hearsay rule where certified under Rule 902(11)); *Stone v. Morris*, 546 F.2d 730, 737-738 (7th Cir. 1976) (admitting documents under business records exception to hearsay rule).

Plaintiffs therefore move the Court to find, pursuant to Federal Rule of Evidence 104, that the records at issue are authentic business records within the meaning of Federal Rule of Evidence 803(6). Rule 104 authorizes the Court to determine in advance of trial "[p]reliminary questions concerning the qualification of a person to be a witness, the existence of privilege, or the admissibility of evidence." Rule 104 applies to all preliminary determinations, including the issue of whether documents fall within the business records exception to the hearsay rule. *See United States v. Kasvin*, 757 F.2d 887, 893 (7th Cir. 1985) (affirming trial court's preliminary determination pursuant to Rule 104 that business records were admissible pursuant to Rule 803(6)).

Exhibit A to this motion is a chart that identifies the relevant businesses, the relevant certificates of authenticity, and the documents that correspond with each certificate, listed both by bates-range and Plaintiffs' exhibit number. The business records certificates themselves are

2

attached as Exhibit B. Plaintiffs intend to introduce the exhibits identified in the chart, authenticated by the business records certificates. Plaintiffs may also seek to use additional business records identified in Exhibit A in cross-examination or rebuttal.

Because the business records and their accompanying certifications fall under Federal Rules of Evidence 902(11) and 803(6), Plaintiffs respectfully request that this Court find, under Rule 104, that the identified business records fall within the business records exception to the hearsay rule.

### B. Submission of Certain Business Record Exhibits in Native Format

The business records certificates attached as Exhibit B each append copies of the relevant business records that Plaintiffs seek to admit. However, the business records exhibits numbered 739, 740, 743, and 745 contain voluminous transactional data that would be impractical to submit to the court in PDF format via the ECF system. The data would be largely illegible in PDF format, would take many hours to format, and would need to be split into numerous separate exhibits to accommodate the file size limitations of the ECF system.

For these reasons, the business records exhibits numbered 739, 740, 743, and 745 have not been submitted with this motion and are instead replaced in Exhibit B with placeholder slipsheets. Local Rule 5-1(g)(2) provides for the electronic submission of digital exhibits not supported by the ECF system. Defendants already have copies of these business record exhibits, and Plaintiffs will again transmit digital copies concurrently with this filing to ensure Defendants' access. Moreover, given Plaintiffs' accompanying motion to seal the business record exhibits that are the subject of this Motion, the lack of access to the native files via the Court's ECF system will not pose an accessibility issue. For these reasons, Plaintiffs respectfully request leave to submit native versions of their business record exhibits numbered 739, 740, 743, and 745.

October 6, 2023

Respectfully submitted,

**Counsel for Plaintiffs Kraft Foods Global, Inc., General Mills, Inc., Nestlè USA, Inc. and The Kellogg Company**

 /s/ *Brandon D. Fox*
James T. Malysiak
Joel T. Pelz
Angela M. Allen
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654
Tel: (312) 222-9350
Fax: (312) 527-0484
jmalysiak@jenner.com
jpelz@jenner.com
aallen@jenner.com

Brandon D. Fox
Amy M. Gallegos (*admitted pro hac vice*)
JENNER & BLOCK LLP
515 S. Flower St.,
Suite 3300
Los Angeles, CA 90071
Tel: (213) 239-5100
Fax: (213) 239-5199
bfox@jenner.com
agallegos@jenner.com