## Parties' Proposed Preliminary Instructions

## Introductory Substantive Instructions

### 1. Purpose of Sherman Act

The purpose of the Sherman Act is to preserve free and unfettered competition in the marketplace. The Sherman Act rests on the central premise that competition produces the best allocation of our economic resources, the lowest prices, the highest quality, and the greatest material progress. I may refer to the Sherman Act as the antitrust laws.

**Source**: *Broiler Chicken* Preliminary Instruction; ABA Model Jury Instruction in Civil Antitrust Cases (2016 ed.)

### Parties' Positions

The parties agree to the use of this instruction.

## 2. Sherman Act Section 1

Plaintiffs challenge Defendants' conduct under Section 1 of the Sherman Act. Section 1 prohibits contracts, combinations, and conspiracies that unreasonably restrain trade. To establish a violation of Section 1 of the Sherman Act, plaintiff must prove the following:

(1) the existence of a contract, combination, or conspiracy between or among at least two separate entities;

(2) that the contract, combination, or conspiracy unreasonably restrains trade;

(3) that the restraint affects interstate or foreign commerce; and

(4) that the restraint caused Plaintiffs to suffer an injury to their business or property.

*Source: ABA Model Jury Instruction in Civil Antitrust Cases (2016 ed.)*

### Parties' Positions

**Plaintiffs' Position:** Plaintiffs object to the use of this instruction, which is to be used in rule of reason cases. Plaintiffs contend that the evidence will show that the case should be decided by the jury under the per se liability standard. The decision as to the standard of liability can be made by the court at the conclusion of the case. Referring to reasonableness in the preliminary instructions would be inappropriate, given that the jury ultimately may not be instructed on that theory. Moreover, the purpose of the introductory instructions is to provide the jury with a sense of the case, not to instruct them as to every nuance of the case or its elements. At this time, the jury need not receive this instruction, particularly given that it may not be the theory presented after the close of evidence.

**Defendants' Position:** Defendants propose using this instruction. This instruction is ***not*** a rule of reason instruction, but rather a standard articulation of the Section 1 elements, as can be seen in almost every Section 1 case and the ABA Model Instructions. *See Ohio v. Am. Express Co.*, 138 S. Ct. 2274 (2018) (explaining that the restraint must be unreasonable and that unreasonableness can be proven in one of two ways); ABA Model Jury Instructions in Civil Antitrust Cases, Ch. 1, Instruction B, at 2.

### 3. Definition, existence, and evidence of a conspiracy

Plaintiffs allege that defendant entered a conspiracy to restrain trade by limiting the supply of eggs ~~chicken~~ in order to increase prices of eggs and egg products ~~chicken~~. A conspiracy is an agreement or understanding between two or more persons or businesses to restrain trade in the way alleged by plaintiffs.

Plaintiffs must prove both of the following elements by a preponderance of the evidence:

(1) that the alleged conspiracy existed; and

(2) that the defendant knowingly became a member of that conspiracy. To act knowingly means to participate deliberately, and not because of mistake or accident or other innocent reason.

The basis of a conspiracy is an agreement or understanding between two or more persons or businesses. An agreement or understanding between two or more persons or businesses exists when they share a commitment to a common scheme. To establish the existence of a conspiracy, the evidence need not show that its members entered into any formal or written agreement. The agreement itself may have been entirely unspoken. A person or business can become a member without full knowledge of all of the details of the conspiracy, the identity of all of its members, or the parts such members played in the alleged conspiracy. The members of the conspiracy need not necessarily have met together, directly stated what their object or purpose was to one another, or stated the details of the means by which they would accomplish their purpose. To prove a conspiracy existed, the evidence must show that the alleged members of the conspiracy came to an agreement or understanding among themselves to accomplish a common purpose.

A conspiracy may be formed without all parties coming to an agreement at the same time. Similarly, it is not essential that all persons or businesses acted exactly alike, nor is it necessary that they all possessed the same motive for entering the agreement. It is also not necessary that all of the means or methods claimed by plaintiff were agreed upon to carry out the alleged conspiracy, nor that all of the means or methods that were agreed upon were actually used or put into operation, nor that everyone alleged to be members of the conspiracy were actually members. It is the agreement or understanding to limit egg ~~chicken~~ supply that constitutes a conspiracy. Therefore, you may find a conspiracy existed regardless of whether it succeeded or failed.

Plaintiffs may prove the existence of the alleged conspiracy through direct evidence, circumstantial evidence, or both. Direct evidence is explicit and requires no inferences to establish the existence of the alleged conspiracy.

Direct evidence of an agreement may not be available, and therefore a conspiracy also may be shown through circumstantial evidence. You may infer the existence of a conspiracy from the circumstances, including what you find the alleged members actually did and the words they used. Mere similarity of conduct among various persons, however, or the fact that they may

have associated with one another and not have met or assembled together, does not by itself establish the existence of a conspiracy. If they acted similarly but independently of one another, without any agreement among them, then there would not be a conspiracy.

In determining whether an agreement or understanding between two or more persons or businesses has been proved, you must view the evidence as a whole and not piecemeal.

**Source**: *Broiler Chicken* Preliminary Instruction (modified); *ABA Model Jury Instruction in Civil Antitrust Cases (2016 ed.) (modified)*

## Parties' Positions

The parties agree to the use of this instruction.

### 4. Participation and intent

Before you can find that the defendant was a member of the conspiracy alleged by plaintiffs, the evidence must show that the defendant knowingly joined in the unlawful plan at its inception, or at some later time, with the intent to further the purpose of the conspiracy.

To act knowingly means to participate deliberately and not because of mistake, accident, or other innocent reason. A person or business may become a member of a conspiracy without full knowledge of all the details of the conspiracy, the identity of all its members, or the parts they played. Knowledge of the essential nature of the plan is enough. On the other hand, a person or business who has no knowledge of a conspiracy but happens to act in a way that helps the conspiracy succeed, does not thereby become a conspirator.

A person or business who knowingly joins an existing conspiracy, or who participates only in part of a conspiracy with knowledge of the overall conspiracy, is just as responsible as if they had been one of those who formed or began the conspiracy and participated in every part of it.

In determining whether defendant or another egg ~~chicken~~ producer was a member of the alleged conspiracy, you should consider only the evidence about that particular defendant's or alleged co-conspirator's statements and conduct, including any evidence of that defendant's or alleged co-conspirator's knowledge and participation in the events involved and any other evidence of that particular defendant's or alleged co-conspirator's participation in the conspiracy alleged.

You may not find that defendant or an alleged co-conspirator was a member of a conspiracy based only on its association with or knowledge of wrongdoing, but it is a factor you may consider to determine whether defendant or an alleged co-conspirator was a member of the alleged conspiracy.

If you find that the alleged conspiracy existed, then the acts and statements of the conspirators are binding on all of those whom you find were members of the conspiracy.

Once you have found that defendant or an alleged co-conspirator is a member of a conspiracy, it is presumed to remain a member and is responsible for all actions taken by all co-conspirators during and in furtherance of the conspiracy until it is shown that the conspiracy has been completed or abandoned.

**Source**: *Broiler Chicken* Preliminary Instruction (modified); *ABA Model Jury Instruction in Civil Antitrust Cases (2016 ed.) (modified); Broiler Chicken* Preliminary Instruction (modified)

**Parties' Positions:**

The parties agree to the use of this instruction, but they disagree as to one word in the instruction, as detailed below.

**Plaintiffs' Position:** Plaintiffs recommend deleting the highlighted word "only" in the fourth paragraph as it is inconsistent with the reference to co-conspirator hearsay in the following clauses. In considering whether a defendant participated in a conspiracy, the jury may consider statements of other defendants, as is permitted under the co-conspirator rule. At the close of evidence, the jury will understand that co-conspirator statements may be considered and the jury will be instructed as to the uses of co-conspirator statements. At this point, instructing the jury that they may "only" consider certain evidence, without the context of other instructions, will be misleading and confusing. The next paragraph makes clear what the jury is not to consider to be sufficient.

*United States v. Brown*, 865 F.3d 556, 572 (7th Cir. 2017), does not support a different result. That decision did not address a preliminary instruction delivered without full context regarding the use of co-conspirator statements. In addition, the case did not address the ambiguity introduced through the use of the word "only" in an instruction in a case with extensive co-conspirator statements.

**Defendants' Position:** Defendants disagree. This instruction, which is pulled directly from the ABA Model Instructions, is nearly identical to Seventh Circuit Pattern Criminal Instruction 5.10, which addresses membership in a conspiracy. The Seventh Circuit Pattern Criminal Instruction states as follows:

> In deciding whether [the; a] defendant joined the charged conspiracy, you must base your decision only on what [that; the] defendant did or said. To determine what [that; the] defendant did or said, you may consider [that; the] defendant's own words or acts. You may also use the words or acts of other persons to help you decide what the defendant did or said.

The Seventh Circuit has endorsed this instruction as accurately stating the burden of proof to establish a party's membership in a conspiracy, and cited *United States v. Brown*, 865 F.3d 556, 572 (7th Cir. 2017), with approval in the Seventh Circuit Pattern Criminal Instructions. No ambiguity is injected by the use of the term "only," contrary to Plaintiffs' suggestion.

### 5. Agreement to limit supply

Plaintiffs claim that defendants and other egg ~~chicken~~ producers are competitors and have violated the Sherman Act by agreeing to limit the supply of eggs ~~chicken~~ in order to raise prices of eggs and egg products. Defendants deny ~~ies~~ this claim.

A business has the right to determine on its own how much of its product to produce, provided that the decision results from the exercise of an independent business judgment and not from any agreement with a competitor. The Sherman Act prohibits agreements between competitors that limit how much of a product one or more of them will produce.

~~By way of example, this includes an agreement by two or more competitors that one of them will reduce the amount of a product it produces in competition with the other's products, to set a quota on the amount of product to be produced, or to require one of them to discontinue the development or production of a product which the other will continue to produce and sell.~~

To prevail on this claim against the defendant, plaintiffs must prove each of the following elements by a preponderance of the evidence:

(1) a defendant and at least one other egg ~~chicken~~ producer were competitors;

(2) a defendant and at least one other egg ~~chicken~~ producer entered into an agreement;

(3) a defendant and at least one other egg ~~chicken~~ producer agreed to limit ~~that~~ the supply of eggs ~~chicken would be limited~~; and

(4) the agreement to limit the supply of eggs was unlawful. At the end of the case I will give you additional instructions to define what makes an agreement unlawful; and

(5) plaintiffs were injured in their business or property because of the agreement.

~~If you find that the evidence is insufficient to prove any one or more of these elements as to the defendant, then you must find for the defendant and against plaintiffs on plaintiffs' claim that the defendant conspired to limit the supply of chicken~~ eggs. ~~If you find that the evidence is sufficient to prove all four~~ elements as to the defendant, then you must find for plaintiffs and against the defendant on the plaintiffs' claim with respect to an agreement to limit supply.~~

**Source**: *Broiler Chicken* Preliminary Instruction (modified)

### Parties' Positions

**Plaintiffs' Position:** This instruction, patterned on a *Broiler Chicken* instruction, outlines the issues the jury will need to decide.

Plaintiffs recognize that the parties dispute whether the case should be tried on a per se or rule of reason theory. Plaintiffs contend the Court can and should decide which legal standard is applicable after hearing the evidence. This instruction allows the Court to do so.

Plaintiffs modified the *Broiler Chicken* instruction to avoid instructing the jury at the start of the case as to a specific liability theory. Rather than endorse a theory of liability (per se, as Plaintiffs contend, or rule of reason, as Defendants contend), the fourth element of the instruction advises the jury that if it finds there was an agreement between competitors to limit egg supply, it must also consider whether that agreement is "unlawful." It adds that the Court will instruct the jury at the close of the case what is required to find an agreement to be unlawful. The instruction informs the jury while leaving the nuance of the claim, which the jury will not need to address until later in the case, to a later time when the Court can resolve the nuances of the law.

Plaintiffs also recommend deleting the third and fifth paragraphs of the *Broiler Chicken* instruction. The third paragraph does relate to the issues in this case. The fifth paragraph is premature. At this point, the jury is not being called upon to "find" anything and the preliminary instructions do not fully explain what is required to find liability under either side's theory.

**Defendants' Position:** Defendants do not believe this instruction is appropriate. As noted in the ABA Model, "this instruction assumes that the court has determined the agreement at issue should be considered under the per se rule." ABA Model, at 43. Indeed, this instruction comes from the Broiler Chicken Litigation, which is a *per se* case. As this Court observed during the pretrial conference, the preliminary instructions given in Broiler Chicken were simply an exemplar for the parties to consider. For all the reasons presented by the Defendants in their submissions regarding jury instructions, this case is subject to the rule of reason, making this instruction inapplicable.

### 6. Rule of Reason

Under Section 1 of the Sherman Act, a restraint of trade is illegal only if it is found to be unreasonable. You must determine, therefore, whether the restraint challenged here is unreasonable.

In making this determination, you must first determine whether the Plaintiffs have proven that the restraint challenged here resulted in a substantial harm to competition in a relevant product and geographic market. If you find that the Plaintiffs have proven that the alleged restraint challenged here resulted in a substantial harm to competition in a relevant market, then you must consider whether the alleged restraint produced countervailing competitive benefits. If you find that it did, then you must balance the competitive harm against the competitive benefit. The challenged restraint is unlawful under Section 1 of the Sherman Act only if you find that the competitive harm substantially outweighs the competitive benefit.

***Source:*** *ABA Model Instructions, Ch. 1, Section C, Instruction No. 1, at 3 (modified as shown)*

### Parties' Positions

**Plaintiffs' Position:** Plaintiffs object to this instruction for the reasons they state regarding Instruction 5, Agreement to Limit Supply. Instructing on the rule of reason is incorrect, or at least premature.

**Defendants' Position:** Defendants propose this instruction. The instruction is simply the model instruction for an overview of the Rule of Reason provided in the ABA Model Instructions. For all the reasons presented by the Defendants in their submissions regarding jury instructions, this case is subject to the rule of reason, making this instruction appropriate.

## Other Introductory Instructions

The parties previously submitted agreed-upon introductory instructions for the Court to consider using prior to the presentation of evidence. Those instructions have been filed at Dkt. 289-12, App. 13-1. The parties understand the Court does not want the parties to re-submit general, preliminary instructions at this time. Trans. of Proc., Sept. 28, 2023 Pretrial Conference, at 60-61.