UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KRAFT FOODS GLOBAL, INC., THE KELLOGG COMPANY, GENERAL MILLS, INC., and NESTLÉ USA, INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | No. 1:11-cv-08808 |
| v. | ) ) ) | Judge Steven C. Seeger |
| UNITED EGG PRODUCERS, INC., UNITED STATES EGG MARKETERS, INC., CAL-MAINE FOODS, INC., ROSE ACRE FARMS, INC. | ) ) ) ) ) | |
| Defendants. | ) | |

**MOTION TO ADMIT MEETING MINUTES AS BUSINESS RECORDS**

Defendants have objected during meet and confer conferences to the admission of certain meeting minutes as business records under Federal Rule of Evidence 803(6). Plaintiffs' understanding of the parties' positions is that there is agreement that UEP meeting minutes are business records that may be admitted for the truth of matters contained in the minutes. The parties also agree that if the minutes refer to or attach material that was only cited at the meeting or attached to the minutes, such as an article or report, that article or report is not admissible if it is sought to prove the truth of the matter asserted, absent a separate hearsay exception.

The parties' only dispute concerns meeting minutes that contain a recitation of what was said at the meeting. Plaintiffs' understanding is that Defendants acknowledge that to the extent the minutes reflect a verbal act—for example, a vote on UEP business—they are admissible, and that the same holds true if the minutes will be used to show an effect on the listener. Despite these areas of agreement, Defendants contend that portions of meeting minutes that contain a "verbatim" or "near-verbatim" account of events at the meeting are hearsay. Defendants assert these verbatim or near-verbatim accounts are only admissible for their truth if they satisfy an independent ground

for admission.

Plaintiffs ask the Court to rule that meeting minutes that satisfy the business records exception are admissible, including their verbatim or near-verbatim accounts of discussions at the meetings.

1. ***Meeting Minutes Are Business Records***. The general principle at issue in this motion is not in dispute: "Meeting minutes properly fall within the business-records exception." *Ernst v. City of Chicago,* 837 F.3d 788, 805–06 (7th Cir. 2016) (citation omitted).

2. ***Reports of Meeting Discussions in Meeting Minutes Are Admissible***. The business records exception encompasses reports of discussions contained in meeting minutes. The Seventh Circuit explained that reports of discussions reflected in minutes are admissible in *Ernst,* 837 F.3d at 805–06. There, the district court admitted committee notes that summarized comments made during a committee discussion. *Id.* at 805. The Seventh Circuit held that this was proper. *Id.* The Court further explained that the exception did not include a report or document attached to or referenced in the minutes. *Id.* That issue had arisen in a prior Seventh Circuit case, *United States v. Borrasi*, 639 F.3d 774 (7th Cir. 2011). The Court rejected the argument that *Borrasi* required exclusion of reports of discussions in the meeting. *Ernst,* 837 F.3d at 805. The Court held:

> *Borrasi* is distinguishable. There, the moving party sought to admit a report through the committee notes. Here, Chicago sought to admit evidence of *what was discussed in the committee meeting itself. This was proper*.

*Ernst*, 837 F.3d at 805–06. (emphasis added). Here, consistent with *Ernst*, Plaintiffs should be permitted to admit the minutes of UEP committee meetings, including when they include information about "what was discussed in the committee meeting itself." *Id.*

3. ***Defendants' "Verbatim" Carve-Out Is Incorrect.*** Plaintiffs understand Defendants to assert that accounts in minutes of what was said in a meeting are not admissible if admitted for their truth unless those statements fall within a separate hearsay exception.

2

Defendants rely on *Borrasi*, 639 F.3d at 774, which Plaintiffs expect Defendants will characterize as barring the introduction of statements made at a committee meeting and reflected in meeting minutes.

That is not what *Borrasi* held. In that case, defendant Borrasi was accused of defrauding Rock Creek Center, a psychiatric facility, by accepting bribes in exchange for referring patients to Rock Creek. *Id*. at 776. The bribes were concealed as salaries, including for bogus committee appointments. *Id*. The government introduced minutes from meetings of these committees to establish that bribe-takers did not actually perform work for the committees; Borrasi later sought to introduce and use reports that were submitted *by* the committee to *Rock Creek's board of directors. Id.* at 779. These reports were referenced in the committee meetings—but were not presented at a committee meeting. *Id*. Instead, Borrasi sought to introduce "the substantive information in the reports—partially incorporated by the minutes—[to] refute the government's assertion that . . . [they] did not have to perform any work to receive a salary from Rock Creek." *Id*. at 778–79.

Notably, Borrasi "moved to admit into evidence two summary charts, which purportedly contained summaries of what occurred at certain Rock Creek board meetings." Brief of the United States, *United States v. Borrasi*, No. 09-4088, 2010 WL 4621609, at *24 (7th Cir. Apr. 28, 2010) (citing Tr. 1972). The district court excluded this evidence as hearsay, and the Seventh Circuit affirmed: "Those reports and any statements therefrom are hearsay, as each comprises statements written by physicians not testifying before the court that Borrasi wished to introduce for the truth of the matters asserted." 639 F.3d at 779–80 (citation omitted).

By contrast, here, Plaintiffs seek to introduce the content of actual discussions at committee meetings as reflected in the UEP meeting minutes themselves. This is admissible. The analogy to *Borrasi* would be if UEP meeting minutes referenced an article by Don Bell and Plaintiffs argued

3

that the article was admissible as a business record simply because it was cited in the meeting minutes. Plaintiffs agree that the article would be admissible only if another hearsay exception applies, or if it were being admitted for a reason other than its truth.

The distinction between the content of a meeting as reflected in the minutes, which is admissible, and the substance of a report referenced in the minutes, which is not absent an applicable exception, was made clear by the Seventh Circuit in *Ernst,* 837 F.3d at 805–06. As noted above, *Ernst* addressed and distinguished *Borassi* on the ground Plaintiffs here argue. *Id.* at 805. As in *Ernst*, Plaintiffs seek "to admit evidence of *what was discussed in the committee meeting itself." Id.* (emphasis added). As the Seventh Circuit held in *Ernst*, "[t]*his was proper*." *Id*. (emphasis added).

## Conclusion

Here, consistent with *Ernst*, Plaintiffs should be permitted to admit the minutes of UEP committee meetings, including when they include a verbatim or near-verbatim recitation of discussions of the committee during those meetings, under Rule 803(6).

October 11, 2023

Respectfully submitted,

***Counsel for Plaintiffs Kraft Foods Global, Inc., General Mills, Inc., Nestlè USA, Inc. and The Kellogg Company***

 /s/ *Brandon D. Fox*
    One of its counsel

Andrianna D. Kastanek
Angela M. Allen
Joel T. Pelz
Michael T. Brody
Christopher M. Sheehan
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654
Tel: (312) 222-9350
Fax: (312) 527-0484
akastanek@jenner.com
aallen@jenner.com
jpelz@jenner.com
mbrody@jenner.com
csheehan@jenner.com

Brandon D. Fox
Amy M. Gallegos (*admitted pro hac vice*)
Sati Harutyunyan (*admitted pro hac vice*)
JENNER & BLOCK LLP
515 S. Flower St.,
Suite 3300
Los Angeles, CA 90071
Tel: (213) 239-5100
Fax: (213) 239-5199
bfox@jenner.com
agallegos@jenner.com
sharutyunyan@jenner.com

5