UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KRAFT FOODS GLOBAL, INC., THE KELLOGG COMPANY, GENERAL MILLS, INC., and NESTLÉ USA, INC., | ) ) ) ) | |
| | ) | No. 1:11-cv-08808 |
| Plaintiffs, | ) ) | Judge Steven C. Seeger |
| v. | ) ) | |
| UNITED EGG PRODUCERS, INC., UNITED STATES EGG MARKETERS, INC., CAL-MAINE FOODS, INC., MICHAEL FOODS INC., and ROSE ACRE FARMS, INC. | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## Defendants' Opposition to Plaintiffs' Motion to Admit Meeting Minutes as Business Records

Defendants United Egg Producers, Inc., United States Egg Marketers, Inc., Cal-Maine Foods, Inc., and Rose Acre Farms, Inc. submit this Opposition to Plaintiffs' Motion to Admit Meeting Minutes as Business Records. (D.E. #335)

## I.     Introduction

Without pointing this Court to a single exhibit, Plaintiffs ask this Court to rule that all meeting minutes—regardless of whether there is double hearsay within the minutes—are admissible under Federal Rule of Evidence 803(6). Plaintiffs' overly broad approach is inconsistent with the law and should be rejected.

Defendants do not dispute that, as a general matter, meeting minutes are frequently held to be admissible business records under Rule 803(6). Defendants

1

made this clear to Plaintiffs back in August 2023. But, at that time, Defendants informed Plaintiffs that a number of the meeting minutes for which Plaintiffs requested a stipulation contained double hearsay. Thus, the minutes could not be admitted solely on the business records hearsay exception.[1]

Because the minutes contain double hearsay, Plaintiffs must identify an independent basis for the admission of these double hearsay statements. Rather than provide that requested information, Plaintiffs instead filed this generic motion.

To aid the Court's resolution of this issue, Defendants will provide their position as clearly as possible. Defendants do not dispute that, as a general proposition, meeting minutes are admissible as an exception to the hearsay rule under Rule 803(6). But, just as with any other hearsay statement, if statements by persons other than the person who created the business record appear within the minutes, then the proponent of the record—here, the Plaintiffs—must provide a separate independent basis for the admission of those statements under the Federal Rules of Evidence. Plaintiffs must do this on a document-by-document basis and a statement-by-statement basis. Plaintiffs cannot credibly say that all minutes, regardless of the double hearsay embedded within them, are admissible under Rule 803(6). That is not the law.

---

[1] In addition, Defendants object to Plaintiffs' blanketed approach to dealing with all documents which Plaintiffs purport to define (without citation) as UEP and USEM meeting minutes. Defendants have agreed that official meeting minutes are admissible as business records but have not agreed that exhibits that compile extraneous documents along with meeting minutes or contain handwritten markings are admissible as business records.

## II.    Background

In the months leading up to trial, the parties have exchanged their respective exhibit lists and asked each other whether the other side would stipulate that certain records are business records. To be clear, Plaintiffs did not request nor otherwise seek Rule 902(11) certifications or affidavits from Defendants to support the qualification of records under Rule 803(6).

During this process, Defendants informed Plaintiffs that Defendants were willing to stipulate that meeting minutes, such as those of UEP, were admissible under Rule 803(6). But Defendants expressly indicated that a number of these minutes contained double hearsay and, thus, interposed an objection under Rule 805, caveating that characterization of statements of people appearing in the minutes who did not draft the minutes amounted to hearsay within hearsay. Therefore, under Rule 805, Plaintiffs have an obligation to establish the admissibility of these statements under an independent hearsay ground. Plaintiffs have never done so.

## III.    Applicable Legal Standards

Federal Rule of Evidence 803(6) creates an exception to the hearsay rules for records of regularly conducted activity. To qualify under this exception, the record must satisfy five elements:

(A) the record was made at or near the time by—or from information transmitted by—someone with knowledge;

(B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;

(C) making the record was a regular practice of that activity;

(D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and

(E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

Fed. R. Evid. 803(6).

Whether called "double hearsay" or "hearsay within hearsay," Federal Rule of Evidence 805 requires the proponent of a hearsay statement to establish an independent basis for admissibility of a hearsay statement contained within the hearsay statement. There often is an independent basis for the embedded statement's admissibility as a party-opponent admission or if the double-hearsay statement is being offered for a non-hearsay purpose. But the basis has to be provided for each such statement.

## IV.    Analysis

As a general proposition, Defendants do not dispute that case law in the Seventh Circuit provides that meeting minutes are admissible under Rule 803(6). *See, e.g.*, *United States v. Borrasi*, 639 F.3d 774, 778-780 (7th Cir. 2011). Consistent with this settled precedent, Defendants do not dispute that the portions of meeting minutes that reflect who attended a meeting, requests for action (*i.e.*, votes) taken during a meeting, and the results of those votes are properly considered admissible as business records.

But the issue here is that certain meeting minutes include double hearsay. For instance, the minutes reflect selective summaries of statements and characterizations of speeches made by people other than the person preparing the

minutes. These selective summaries and characterizations are hearsay within hearsay, and Plaintiffs must provide an independent hearsay basis for their admissibility.

Defendants' position on this point is grounded in *Borrasi*. There, the defendant in a criminal fraud case sought to introduce into evidence "comments about committee reports" that were submitted to a Board of Directors and reflected in the minutes. *Id.* at 779. Importantly here—and on a point Plaintiffs fail to acknowledge in their Motion—"on the government's objection, the district court ruled the minutes' ***substantive descriptions of the reports*** inadmissible because the statements would constitute hearsay." *Id.*

The Seventh Circuit upheld the district court's decision. The Seventh Circuit was clear that "courts may not permit the introduction of hearsay contained within hearsay unless each layer is properly admitted under an exception to Rule 802." *Id.* at 780 (citing Fed. R. Evid. 805). The Seventh Circuit relied on a long line of case law, which holds that "statements made by third parties in an otherwise admissible business record cannot properly be admitted for their truth unless they can be shown independently to fall within a recognized hearsay exception." *Id.* (quoting *United States v. Christ*, 513 F.3d 762, 769 (7th Cir. 2008) (quoting *Woods v. City of Chicago*, 234 F.3d 979, 986 (7th Cir. 2000)).

Thus, contrary to Plaintiffs' argument, *Borrasi* was ***not*** limited to articles or reports appended to meeting minutes. *See* Motion at 3. Instead, *Borrasi* addressed

**both** reports appended to minutes and double-hearsay statements contained within the minutes.

While Plaintiffs did not present the Court with an example of how this double hearsay issue arises in this case, Defendants will. This list is not exhaustive, but provides a representative sample set to the Court of the issue.

**Representative Example #1.** Plaintiffs' Exhibit 95[2] is a set of meeting minutes which, as a general matter, Defendants do not object to under Rule 803(6). However, the minutes recite verbatim legal opinions provided by UEP's law firm. *See* Plaintiffs' Exhibit 95 at 2. This verbatim recitation is a clear example of double hearsay for which Plaintiffs must identify an independent basis of admissibility.

**Representative Example #2.** Plaintiffs' Exhibit 136 consists of the minutes from a meeting of the UEP Board of Directors on January 25, 2005. *See* Plaintiffs' Exhibit 136. Defendants are willing to stipulate that, as a general matter, these minutes are admissible under Rule 803(6). For instance, Defendants are willing to stipulate that the "President's Report", "Price Discovery Committee Report", "Marketing Committee Report," and other similar sections, which involve overviews of what was discussed, motions made and votes on motions, from this set of minutes would be admissible under Rule 803(6).

But Defendants respectfully submit that the "Chairman's Comments" section, appearing at the bottom of the first page, constitutes double hearsay for which

---

[2] Defendants respectfully refer the Court to the complete set of Plaintiffs' Exhibits provided to the Court via flashdrive on Thursday, October 12, 2023.

Plaintiffs must provide an independent basis for admissibility. For the Court's convenience, this section is reproduced below:

> **Chairman's Comments:** Among the comments made by Chairman Deffner were the following: It was just a year ago that we met in this very hotel and we were so full of optimism. All indicators were that we could sustain $1.00 plus eggs for an extended period and the price structures for the next 18 months. (We took care of that) The market came full circle with prices from $1.35 to 59 cents. We don't have to accept low prices and we can have a good 2005 if we just make a few changes and work together. We sell ourselves short by spending a great deal of time talking about the negatives. Year-end flock size was actually less than forecast but still a problem. The Economic Summit highlighted some of the problems and some of you have already reacted in a positive manner. We need more of you to participate in a positive change. Thanks to those that have prepaid your 2005 dues and assessments.

There are several reasons why this section is not admissible under Rule 803(6). *First*, this section is not regularly included within minutes. For instance, the minutes of the Board of Directors from January 21, 2003 meeting do not contain this section. *See* Plaintiffs' Exhibit 182. The lack of regularity creates an issue under 803(6), which requires that "making the record [be] a regular practice of that activity." Fed. R. Evid. 803(6)(C). *Second*, this section goes beyond reporting on the activity that occurred and attempts to provide a summary of statements made by a person, which Plaintiffs presumably intend to offer for the truth of the matter asserted. In these circumstances, the comments are double hearsay and must independently be admissible. *Borrasi*, 639 F.3d at 778-780. *Third*, the minutes make clear that this is a selective summary of what was said, stating that these are "[a]mong the comments made." This both creates a trustworthiness issue under Rule 803(6)(E) and is further indicative of the double-hearsay problem inherent in the minutes. The person preparing the meeting minutes—Gene Gregory—was not making these statements and he was choosing what he believed should be included (and characterizing them

as well). Plaintiffs must provide a basis for admissibility for the report on Mr. Deffner's statements.

Plaintiffs' reliance on *Ernst v. City of Chicago*, 837 F.3d 788 (7th Cir. 2016), does not lead to a different result. In *Ernst*, there was no indication that double hearsay was at issue. Instead, the meeting minutes simply reflected a "committee discussion about physical injuries that Chicago's paramedics sustained on the job." *Id.* at 805.

Defendants are not suggesting that committee reports contained within Exhibit 136 are inadmissible. To the contrary—as indicated above—Defendants agree that those committee reports *are* admissible insofar as they contain the types of information that the law recognizes to be business records material. Instead, it is the double hearsay issue above that *Ernst* nowhere addresses, but *Borrasi* does.[3]

***Representative Examples 3 and 4.*** Plaintiffs' Exhibits 114 and 115 both include a variation of "open discussions," with so-called summaries of statements made by individuals representing producers. These statements constitute double hearsay for which the Plaintiffs must provide an independent basis for admissibility.

## V.    Conclusion

For the foregoing reasons, Defendants respectfully request that Plaintiffs' motion be denied. Where double hearsay arises within meeting minutes, Plaintiffs

---

[3] In *Ernst*, the Seventh Circuit did not perform a Rule 805 analysis like in *Borrasi*, instead, simply ruling that evidence of what was discussed in the committee meeting "was proper." *Ernst*, 837 F.3d at 805. The central focus in *Ernst* was whether the sponsoring witness for the minutes could be sufficiently cross-examined. *Id.* at 805-806.

should be required to identify an independent basis for the admissibility of hearsay statements appearing in those records.

Dated: October 13, 2023    Respectfully submitted,

          */s/ Patrick M. Otlewski*
          Patrick M. Collins (pcollins@kslaw.com)
          Livia M. Kiser (lkiser@kslaw.com)
          Patrick M. Otlewski (potlewski@kslaw.com)
          Abigail Hoverman Terry (aterry@kslaw.com)
          KING & SPALDING LLP
          110 North Wacker Drive, 38th Floor
          Chicago, IL 60606
          Tel: (312) 995-6333

          Lohr Beck (lohr.beck@kslaw.com)
          (pro hac vice)
          KING & SPALDING LLP
          1180 Peachtree Street, NE, Suite 1600
          Atlanta, GA 30309
          Tel: (404) 572-2812

          Brian E. Robison (brian@brownfoxlaw.com)
          (pro hac vice)
          BROWN FOX PLLC
          6303 Cowboys Way, Suite 450
          Frisco, TX 75034
          Tel: (972) 707-2809

          ***Counsel for Defendant Cal-Maine Foods, Inc.***

| */s/ Robin P. Sumner* | */s/ Donald M. Barnes* |
|---|---|
| Robin P. Sumner (robin.sumner@troutman.com) | Donald M. Barnes (dbarnes@porterwright.com) |
| Kaitlin L. Meola (kaitlin.meola@troutman.com) | Jay L. Levine (jlevine@porterwright.com) |
| TROUTMAN PEPPER HAMILTON SANDERS LLP | PORTER, WRIGHT, MORRIS & ARTHUR LLP |
| 3000 Two Logan Square, 18th and Arch Streets | 2020 K. Street, N.W., Suite 600 |
| Philadelphia, PA 19103-2799 | Washington, D.C. 20006-1110 |
| Tel: (215) 981-4000 | Tel: (202) 778-3000 |

Whitney R. Redding
(whitney.redding@troutman.com)
TROUTMAN PEPPER HAMILTON
SANDERS LLP
Union Trust Building
501 Grant Street, Suite 300
Pittsburgh, PA 15219-4429
Tel: (412) 454-5085

Molly DiRago
(Molly.DiRago@troutman.com)
TROUTMAN PEPPER HAMILTON
SANDERS LLP
227 West Monroe Street, Suite 3900
Chicago, IL 60606
Tel: (312) 759-1923

***Counsel for Defendants United Egg
Producers, Inc. & United States Egg
Marketers, Inc.***

James A. King
(jking@porterwright.com)
Allen T. Carter
(acarter@porterwright.com)
PORTER, WRIGHT, MORRIS &
ARTHUR LLP
41 South High Street, Suite 2900
Columbus, OH 43215
Tel: (614) 227-2000

***Counsel for Defendant Rose Acre
Farms, Inc.***