# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| KRAFT FOODS GLOBAL, INC., THE KELLOGG COMPANY, GENERAL MILLS, INC., and NESTLÉ USA, INC., ) ) ) ) | |
| Plaintiffs, ) | No. 1:11-cv-08808 |
| ) | |
| v. ) | Judge Steven C. Seeger |
| ) | |
| UNITED EGG PRODUCERS, INC., UNITED STATES EGG MARKETERS, INC., CAL-MAINE FOODS, INC., and ROSE ACRE FARMS, INC. ) ) ) ) | |
| ) | |
| Defendants. ) ) | |

## PLAINTIFFS' LIST OF EXHIBITS TO BE USED IN OPENING STATEMENT

Pursuant to the Court's October 12, 2023 Minute Order, Plaintiffs submit the following list identifying: trial exhibits Plaintiffs intend to use during their opening statement; Plaintiffs' bases for admissibility; and Defendants' objections to those exhibits. Plaintiffs' exhibit list and Defendants' objections thereto appear on the Court's docket at Docket No. 289 and Docket No. 289-9.

| Trial Exhibit No. | Basis for Admissibility | Objections |
|---|---|---|
| 18 | Relevant, non-hearsay use (notice and effect on listener); admissible under Rule 801(d)(2)(E). Probative value not substantially outweighed by unfair prejudice. Admissible against all defendants. | 402; 403; 802; 805 |
| 37 | Articles on page 1, pages 3-4 ("The Greatest Myths"), admissible under Rule 801(d)(2)(A) and (E). statistics on 5-6 on flocks and prices. Other portions will be redacted, including "Washington Report". | 802*; Noerr-Pennington (only as to Washington Report attachment) |

| Trial Exhibit No. | Basis for Admissibility | Objections |
|---|---|---|
| 50 | Relevant to show Defendants did not conduct business in the open and to show exports. Admissible under 801(d)(2)(A) and (E). Probative value not substantially outweighed by unfair prejudice. Admissible against all defendants. | 105; 402; 403; 802 |
| 68 | Admissible under 801(d)(2)(A) and (E) and 803(6). Admissible against all defendants. | 802 |
| 109 | Admissible under 801(d)(2)(A) and (E). Admissible against all defendants. | 105; 802 |
| 111 | Relevant to show conspiracy and notice of antitrust complaints. Relevant, non-hearsay use (notice and effect on listener). Admissible under 801(d)(2)(E). Probative value not substantially outweighed by unfair prejudice. Admissible against all defendants. | 403; 602 |
| 115 | Relevant to show complaints of the animal welfare guidelines and the Certified Program, including that they are not scientifically sound and not a free market program. Admissible under 801(d)(2)(A) and (E) and 803(6). Probative value not substantially outweighed by unfair prejudice. Portion discussing lawsuit is not a prohibited use under 408. Admissible against all defendants. | 402; 403; 408; 805 |
| 135 | Article Marketing Committee Recommendations, Nation's Layer Flock and Other Statistics are admissible under 801(d)(2)(A) and (E). other portions will be redacted, including "Washington Report." Admissible against all defendants. | 802* |
| 140 | Relevant to show conspiracy to increase profit through a 5% flock reduction. Admissible under 801(d)(2)(A) and (E). Probative value not substantially outweighed by unfair prejudice. Admissible against all defendants. | 105; 402; 403; 802; 805 |

| Trial Exhibit No. | Basis for Admissibility | Objections |
|---|---|---|
| 143 | Relevant to show conspiracy to increase egg prices through a flock reduction; relevant to show flock size and price. Admissible under 801(d)(2)(A) and (E) and 803(6). Probative value not substantially outweighed by unfair prejudice. Admissible against all defendants. | 105; 402; 403; 802; 805; 901; Noerr Pennington |
| 153 | Relevant to show consideration of supply when analyzing how to increase egg prices. Admissible under 801(d)(2)(A) and (E) and 803(6). Probative value not substantially outweighed by unfair prejudice. Admissible against all defendants. | 105; 402; 403; 805 |
| 178 | February 7, 2003 Letter and confirmation between Baker and Gregory Admissible under 801(d)(2)(A) and (E) and 803(6). Admissible against all defendants. Remainder to be redacted | 105, 802 |
| 193 | Admissible under 801(d)(2)(A) and (E) and 803(6). Admissible against all defendants. | 105; 805 |
| 210 | Articles "Certified Companies," "Audit Form & Procedure," "You Should Implement Guidelines," "Plan to Balance Supply with Demand," all admissible under 801(d)(2)(A) and (E). Admissible against all defendants. Will redact remainder, including "Washington Report." | 802*; Noerr-Pennington (only as to Washington Report attachment) |
| 212 | Relevant, non-hearsay use (notice and effect on listener). Admissible under 801(d)(2)(A), (C), and (E). Admissible against all defendants. | 105; 802; 805 |
| 226 | Admissible under 801(d)(2)(A) and (E), 803(6). Admissible against all defendants. | 105, 802 |
| 256 | Relevant statements by a party-opponent under 801(d)(2)(A) and in furtherance of the conspiracy under (E). | 701; 802; 901 |

3

| Trial Exhibit No. | Basis for Admissibility | Objections |
|---|---|---|
| 257 | Relevant statements by a party-opponent under 801(d)(2)(A) and (E) that discuss plan to reduce supply. Business record under 803(6). Probative value not substantially outweighed by unfair prejudice. Admissible against all defendants. | 105; 402; 403; 701; 805; Noerr-Pennington |
| 260 | Admissible under 801(d)(2)(A) and (E) that discuss plan. Authentic under 901(b)(8)(C). Probative value not substantially outweighed by unfair prejudice. Admissible against all defendants. | 105; 402; 403; 602; 802; 901; Noerr-Pennington |
| 290 | Relevant statements admissible under 801(d)(2)(A), (E). Admissible against all defendants. | 105; 802; 805 |
| 328 | Relevant statements; probative value is not outweighed by unfair prejudice; admissible under 801(d)(2)(A), (E). Admissible against all defendants. Document produced by Bell and admissible under 901(b)(8)(c). | 402; 403; 701; 802; 901 |
| 330 | Relevant statements admissible under 801(d)(2)(A), (E). Document produced by Bell and admissible under 901(b)(8)(c). Probative value not substantially outweighed by prejudicial effect. Admissible against all defendants. | 402; 403; 701; 802; 901 |
| 365 | Non-hearsay (effect on listener). Probative value not substantially outweighed by unfair prejudice. Subject of MIL. | 105; 402; 403; 802; 805; MIL |
| 371 | Article "Egg Price Below Costs of Production," "Backfilling - A Loophole of a Hangman's Noose," admissible under 801(d)(2)(A), (E). Admissible against all defendants. Remainder to be redacted. | 802* |
| 374 | Article "USEM Takes Large Export," "Don't Build to Replace Lost Production Too Quickly," Hatch Report, "Price Discovery," "Hen Disappearance," and "Bell's Egg Price Projections" admissible under 801(d)(2)(A), (E). | 802* |

4

| Trial Exhibit No. | Basis for Admissibility | Objections |
|---|---|---|
| | Admissible against all defendants. Remainder to be redacted. | |
| 377 | Relevant statements admissible under 801(d)(2)(A), (E); probative value is not substantially outweighed by unfair prejudice; Admissible against all defendants. | 105; 402; 403; 802 |
| 384 | 801(d)(2)(A), (E), 803(6). Admissible against all defendants. | 802; 805 |
| 434 | Admissible against all as co-conspirator statement (801(d)(1)(E)) and business record under 803(6). | 105 |
| 445 | Admissible under 801(d)(2)(A) and 803(6); admissible against all defendants. | 105; 802 |
| 547 | 801(d)(2)(A), (E). Admissible against all. | 802, 105 |
| 576 | Relevance includes statements re exports, egg products, comment re UEP newsletters as "private information"; admissible under 801(d)(2)(A), (E); admissible as effect on the listener; admissible against all defendants. Probative value not substantailly outweighed by unfair prejudice. | 105; 402; 403; 802; 805 |
| 592 | Relevant to show conspiracy, including flock reduction programs; admissible under 801(d)(2)(A) through (E) and 803(6). Probative value not substantially outweighed by unfair prejudice. | 105; 402; 403; 802; 805 |
| 637 | "Large Sign Up for 'Certified Company' Status," "Board Adopts Welfare Committee Recommendations," "Layers Same a Year Earlier," and "Adjust Supply for Low Demand Period" admissible under 801(d)(2)(A) through (E); remainder to be redacted. Admissible against all defendants. | 802* |

5

| Trial Exhibit No. | Basis for Admissibility | Objections |
|---|---|---|
| 754 | 703, 801(d)(2)(A), 801(d)(2)(E), non-hearsay purpose. Admissible against all defendants. | 105; 106; 802* (as to RAF, CMF, USEM); 805 |
| 755 | 801(d)(2)(A), 801(d)(2)(E), non-hearsay purpose; probative value not substantially outweighed by unfair prejudice; Tr. Ex. 754 is attachment to email. Admissible against all defendants. | 403 (incomplete); 802* |

October 13, 2023

Respectfully submitted,

*Counsel for Plaintiffs Kraft Foods Global, Inc., General Mills, Inc., Nestlè USA, Inc. and The Kellogg Company*

 /s/ *Brandon D. Fox*
Andrianna D. Kastanek
Angela M. Allen
Joel T. Pelz
Michael T. Brody
Christopher M. Sheehan
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654
Tel: (312) 222-9350
Fax: (312) 527-0484
akastanek@jenner.com
aallen@jenner.com
jpelz@jenner.com
mbrody@jenner.com
csheehan@jenner.com

Brandon D. Fox
Amy M. Gallegos (*admitted pro hac vice*)
Sati Harutyunyan (*admitted pro hac vice*)
JENNER & BLOCK LLP
515 S. Flower St.,
Suite 3300
Los Angeles, CA 90071
Tel: (213) 239-5100
Fax: (213) 239-5199
bfox@jenner.com

agallegos@jenner.com
sharutyunyan@jenner.com