UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF NextGen 1.7.1.1
Eastern Division

Kraft Foods Global, Inc., et al.

                              Plaintiff,

v.                                                                     Case No.: 1:11−cv−08808
                                                                           Honorable Steven C. Seeger

United Egg Producers, Inc., et al.

                              Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Friday, October 13, 2023:

      MINUTE entry before the Honorable Steven C. Seeger: The Courtroom Deputy has emailed the parties a Word version of the proposed jury questionnaire and the proposed preliminary jury instructions. If any party has any objections, changes, additions, or corrections, that party must file them by 5:00 p.m. on Sunday, October 15, 2023. (A short filing is perfectly fine. The Court simply wants to give everyone a heads−up.) That way, everyone will be ready to discuss any final changes when the Court holds the final installment of the final pretrial conference on Monday morning. On the juror questionnaire, the Court wanted to flag the fact that the Court added a few additional questions for the parties to consider. (And the Court is pleased to report that, with the help of a little formatting magic, the questionnaire is five pages long.). On the preliminary jury instructions, most of the Court's changes to the instructions were relatively small, and the parties are free to make a redline if they want to spot them. At one point, the Court changed "Once you have found that defendant or an alleged co−conspirator is a member of a conspiracy" to "if you find," so that it is not suggestive. Also, the Court included the proposed instruction from the ABA that refers to an unreasonable restraint of trade (i.e., substantive instruction no. 2). To violate the Sherman Act, the restraint of trade must unreasonable, regardless of whether a per se or a Rule of Reason analysis applies. See Ohio v. Am. Express Co., 138 S. Ct. 2274, 2283–84 (2018) (cleaned up) ("Restraints can be unreasonable in one of two ways. A small group of restraints are unreasonable per se because they always or almost always tend to restrict competition and decrease output. Typically only horizontal restraints−restraints imposed by agreement between competitors−qualify as unreasonable per se. Restraints that are not unreasonable per se are judged under the rule of reason.&qu;ot;); FTC v. Indiana Fed'n of Dentists, 476 U.S. 447, 457−58 (1986) ("Under our precedents, a restraint may be adjudged unreasonable either because it fits within a class of restraints that has been held to be 'per se' unreasonable, or because it violates what has come to be known as the 'Rule of Reason,' under which the 'test of legality is whether the restraint imposed is such as merely regulates and perhaps thereby promotes competition or whether it is such as may suppress or even destroy competition.'") (quoting Chicago Bd. of Trade v. United States, 246 U.S. 231, 238 (1918)). In proposed instruction number four, the Court broke one paragraph into two, to separate defendants from other alleged co−conspirators. The language was too complicated, and the revised version seems easier to read. The Court encourages the

parties to give both documents a close read, and welcomes any final thoughts and suggestions. The Court thanks the parties for their cooperation and helpful contributions. Mailed notice. (jjr, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.