UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KRAFT FOODS GLOBAL, INC., THE KELLOGG COMPANY, GENERAL MILLS, INC., and NESTLÉ USA, INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | No. 1:11-cv-08808 |
| v. | ) ) | Judge Steven C. Seeger |
| UNITED EGG PRODUCERS, INC., UNITED STATES EGG MARKETERS, INC., CAL-MAINE FOODS, INC., and ROSE ACRE FARMS, INC. | ) ) ) ) ) | |
| Defendants. | ) | |

**PLAINTIFFS' SUBMISSION REGARDING OUTSTANDING OBJECTIONS TO OPENING STATEMENT MATERIALS**

Pursuant to the Court's instruction at the October 16, 2023 final pre-trial conference, Plaintiffs submit the following list of exhibits the parties intend to use during opening statements.[1] The parties have not resolved objections with respect to the following trial exhibits and respectfully request a ruling from the Court. The disputed exhibits are filed concurrently herewith.

**I. DISPUTED EXHIBITS TO BE USED IN OPENING STATEMENTS**

*Plaintiffs' Exhibits*

| Plaintiffs' Exhibit No. | Basis for Admissibility | Objections |
|---|---|---|
| 18 | Relevant, non-hearsay use (notice and effect on listener); admissible under Rule 801(d)(2)(E). Probative value not substantially outweighed by unfair prejudice. Admissible against all defendants. | 402; 403; 802; 805 |

---

[1] Plaintiffs have confirmed that Defendants have no objections to prior sworn testimony that Plaintiffs will address during their opening statement.

1

| Plaintiffs' Exhibit No. | Basis for Admissibility | Objections |
|---|---|---|
| 111 | Michael Foods' comments about program show knowledge and notice prior to entering the conspiracy. Not offered for the truth of the matter asserted. Proves intent of Michael Foods when it does enter conspiracy. Probative value not substantially outweighed by unfair prejudice. | 403; 602 |
| 330 | Non-hearsay purpose (effect on UEP). Shows plan. Document produced by Bell and admissible under 901(b)(8)(c). Probative value not substantially outweighed by prejudicial effect. Bell authenticates in deposition and says he sent it to Pope. | 402; 403; 701; 802; 901 |
| 576 | Relevance includes statements re exports, egg products, comment re UEP newsletters as "private information"; admissible under 801(d)(2)(A), (E); admissible as effect on the listener (co-conspirators); admissible against all defendants. Probative value not substantially outweighed by unfair prejudice. | 105; 402; 403; 802; 805 |
| 754 | Attachment to exhibit 755.<br><br>801(d)(2)(A), 801(d)(2)(E), non-hearsay purpose (effect on listener). Admissible against all defendants. | 105; 106; 802* (as to RAF, CMF, USEM); 805 |
| 755 | Email attaching 754.<br><br>801(d)(2)(A), 801(d)(2)(E), non-hearsay purpose; probative value not substantially outweighed by unfair prejudice. Admissible against all defendants. | 403 (incomplete); 802* |

2

*Exhibits Disclosed by Defendant Cal-Maine*

| Defendants' Trial Exhibit No. | Basis for Admissibility | Objections |
|---|---|---|
| 0652 | 401 | 402, 403, HS |
| 0655 | 401 | 402, 403, HS |
| 0710 | 401 | 402, 403 |
| 0712 | 401 | 402, 403 |
| 0717 | 401; NHSP | 402, 403 |
| 0718 | 401; NHSP | 402, 403 |
| 0736 | 401 | 402, 403 |
| 1086 | See Reservation of Rights | 402, 403, HS |
| 1202 | | MIL Dkt # 286, 292 (as to laws after 2008); 402/403 (as to European Council Directive) |

*Exhibits Disclosed by Defendant UEP*

| Defendants' Trial Exhibit No. | Basis for Admissibility | Objections |
|---|---|---|
| 0987[2] | See Reservation of Rights | 402, 403, HS |
| 1086 | See Reservation of Rights | 402, 403, HS |

---

[2] Defendants' Exhibit 0987 is the same United Voices newsletter that Plaintiffs have designated as Plaintiffs' Exhibit 210. Plaintiffs' exhibit contains redactions based on relevance, which is the subject of separate briefing before the Court.

3

*Exhibits Disclosed by Defendant Rose Acre[3]*

| Defendants' Trial Exhibit No. | Basis for Admissibility | Objections |
|---|---|---|
| 0091 | 401 | 402, 403, 901 |
| 0095 | 401 | 402, 403 |
| 0101 | 401; N403P, 803(6) | 402, 403 |
| 0110 |  | 901 |

## II. PLAINTIFFS' PROPOSED REDACTIONS

Plaintiffs have proposed redactions to four exhibits related to Kraft Foods that Rose Acre intends to use in its opening statement: Defense Exhibits 91, 95, 101, and 110. The redactions are for two types of content, neither of which should be seen by the jury: (1) references to industry guidelines for meat products other than eggs, such as those applicable to the slaughter of livestock or turkeys; and (2) standards applicable to non-U.S. suppliers who must abide by European Union ("E.U.") laws and regulations. This evidence is not relevant to whether Defendants unreasonably agreed to restrict the supply of eggs and thereby caused injury to Plaintiffs, and the prejudicial impact would outweigh any probative value.

First, Kraft's consideration and later adoption of industry guidelines for non-egg products, such as those promulgated by the American Meat Institute and the National Turkey Federation, does not bear on consumer demand for the UEP Certified Program specifically. This Court has held that Defendants can introduce evidence that they "adopted animal-welfare rules in response to customer demand." Dkt. 285 at 13; *see also id.* at 9 ("If Defendants agreed to the UEP Certified Program because of grocer demand, that explanation would undercut Plaintiffs' theory that the

---

[3] Based on their objections to Defendants' Exhibits 91, 95, 101, and 110, Plaintiffs have filed herewith their proposed redactions to these exhibits.

4

Program was a pretext to reduce supply. The jury is entitled to hear and weigh this competing evidence."). Consistent with this Court's ruling, Plaintiffs do not object to the unredacted portions of the documents, which are specific to the UEP Certified Program and/or generally address Kraft's animal welfare concerns.

By contrast, Kraft's decision to have its non-egg suppliers comply with guidelines adopted by industries other than the egg industry has little relevance, and its prejudicial impact outweighs any probative value. The documents establish without question that Kraft supported the UEP guidelines. That Kraft *also* supported guidelines for beef, pork, sheep, broiler chickens, and turkeys adds little and risks a lot. It risks the jury unfairly speculating as to the contours and requirements of the other industry guidelines. It risks the jury unfairly speculating as to whether other trade associations, such as the National Chicken Council, also have been sued. And it risks the jury unfairly speculating as to whether, because other industries adopted animal-welfare guidelines, UEP's guidelines somehow are commonplace, routine, and/or permissible.

Second, Plaintiffs ask the Court to order the redaction of discussion within Kraft's documents of complying with E.U. laws and regulations on animal welfare—for example, on pages 15, 16, and 17 of Defendants' Exhibit 95. That discussion is limited to "non-U.S. suppliers." Defendants are not non-U.S. suppliers. They are not subject to E.U. laws and regulations. Those laws and regulations, by their own terms, are inapplicable within the United States. Any probative value, moreover, is outweighed by potential prejudice. The E.U. can impose anticompetitive restrictions; industry trade groups and private actors cannot. *See* Dkt. 286 ("A supply restriction to increase profits is permissible if imposed by the state, but impermissible if agreed to by private parties."). Kraft's discussions of the state-imposed restrictions and the reasons for them—and Kraft's steps to ensure that its non-U.S. suppliers comply with them—risk jury confusion on the

5

permissible bounds of supply restrictions, while offering no value given their inapplicability to these facts or the injury suffered by these Plaintiffs.

October 16, 2023

Respectfully submitted,

***Counsel for Plaintiffs Kraft Foods Global, Inc., General Mills, Inc., Nestlé USA, Inc. and The Kellogg Company***

　/s/ *Brandon D. Fox*
Andrianna D. Kastanek
Angela M. Allen
Joel T. Pelz
Michael T. Brody
Christopher M. Sheehan
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654
Tel: (312) 222-9350
Fax: (312) 527-0484
akastanek@jenner.com
aallen@jenner.com
jpelz@jenner.com
mbrody@jenner.com
csheehan@jenner.com

Brandon D. Fox
Amy M. Gallegos (*admitted pro hac vice*)
Sati Harutyunyan (*admitted pro hac vice*)
JENNER & BLOCK LLP
515 S. Flower St.,
Suite 3300
Los Angeles, CA 90071
Tel: (213) 239-5100
Fax: (213) 239-5199
bfox@jenner.com
agallegos@jenner.com
sharutyunyan@jenner.com