IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **KRAFT FOODS GLOBAL, INC.**, *et al.*, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> **UNITED EGG PRODUCERS, INC.**, *et al.*, ) <br> ) <br> Defendants. ) | Case No. 1:11-cv-08808 <br> Judge Steven C. Seeger |

**NOTICE OF DEFENDANT ROSE ACRE FARMS, INC.'S**
**OPENING EXHIBITS WITH PENDING OBJECTIONS**

Defendant Rose Acre Farms, Inc. ("Rose Acre") respectfully submits the remaining four exhibits that it intends to present to the jury in its opening that have pending objections. Counsel for the parties met and conferred on Monday, October 16, 2023, and resolved objections to all other exhibits Rose Acre included in its filing on October 13, 2023. At the meet and confer, Plaintiffs informed Rose Acre that they continue to object to four Kraft documents under Federal Rules of Evidence 402 and 403. For three – Exhibits 91, 95, and 101 -- Plaintiffs argue that redacted versions may only be used, contending that substantial portions of the exhibits should be redacted based on relevance (Rule 402) and unfair prejudice (Rule 403). They also claim that two exhibits – Exhibits 91 and 110 – cannot be used because they are not authentic (Rule 901). Plaintiffs objections should be rejected.

First, all the documents have already been authenticated. The parties previously stipulated in the MDL that all documents produced in the MDL are authentic. (See MDL, ECF

No. 923 (copy of which is attached as Exhibit A).) Here, all four documents contain a Kraft bates number, which indicates that the documents came from their files. They are, and Plaintiffs have already agreed they are, authentic.

Second, the documents Plaintiffs wish to redact – Exhibits 91, 95, and 101 – should all be admitted in full. The documents all concern the development and implementation of Kraft's corporate animal welfare policy. The exhibits are central to Rose Acre's defense that its customers, including Kraft, required Rose Acre to be certified under the UEP animal welfare program. The exhibits, including the portions Plaintiffs seek to redact, demonstrate that animal welfare was a genuine concern for Kraft and that it adopted a comprehensive policy that applied to all of its suppliers of animal products. Plaintiffs' proposed redactions are extensive and would essentially gut the usefulness of the documents. The complete versions of the documents should be permitted for at least context under Rule 106. Moreover, the evidence at trial will show that, at the time the documents were created, Kraft's Oscar Mayer division was responsible for not only procurement of meat at Kraft, but procurement of eggs. The statements that concern animal welfare standards for meat procurement apply equally to eggs procurement.

That Kraft itself keeps animals and therefore was particularly sensitive to animal welfare concerns is highly probative. Plaintiffs suffer no unfair prejudice for the jury to learn from Kraft's own documents that Kraft was demanding humane treatment of other species and employing similar standards in handling their own animals..

2

By the same token, Plaintiffs' view that any discussion about animal welfare laws in Europe may confuse the jury is invalid. The issues related to animal welfare regarding eggs and other animal products all started with protests in Europe. The concerns raised in Europe eventually found their way to the United States, which is what ultimately led to the UEP Certified Program. To ignore the events in Europe is to ignore the facts of this case. The jury should be allowed to hear that Kraft too was concerned with those events and enacted a corporate animal welfare policy in part because of them.

Rose Acre has attached as Exhibit B the four exhibits it intends to use in its opening with Plaintiffs' requested redactions identified as unapplied redaction squares. The Court has already received these exhibits as part of the October 13, 2023 filing. The four exhibits are:

| **Defendants' Exhibit No.** | **Plaintiffs' Objections** | **Pages Plaintiffs Seek to Redact** |
|---|---|---|
| Def. Ex. 91 | 401, 403 | KRA00014673 – KRA00014676 |
| Def. Ex. 95 | 402, 403 | KRA00000022 – 24, -26 – 27, -29, -31, -37 &-39 |
| Def. Ex. 101 | 402, 403 | KRA00016957 |
| Def. Ex. 110 | 901 | |

Dated: October 16, 2023          Respectfully submitted,

<div style="margin-left:2em;">

*/s/ Donald M. Barnes*
Donald M. Barnes (dbarnes@porterwright.com)
Jay L. Levine (jlevine@porterwright.com)
PORTER, WRIGHT, MORRIS & ARTHUR LLP
2020 K. Street, N.W., Suite 600
Washington, D.C. 20006-1110
Tel: (202) 778-3000

James A. King (jking@porterwright.com)
Allen T. Carter (acarter@porterwright.com)
PORTER, WRIGHT, MORRIS & ARTHUR LLP
41 South High Street, Suite 2900
Columbus, OH 43215
Tel: (614) 227-2000

**Counsel for Defendant Rose Acre Farms, Inc.**

</div>