UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KRAFT FOODS GLOBAL, INC., THE KELLOGG COMPANY, GENERAL MILLS, INC., and NESTLÉ USA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED EGG PRODUCERS, INC., UNITED STATES EGG MARKETERS, INC., CAL-MAINE FOODS, INC., and ROSE ACRE FARMS, INC. <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) )  No. 1:11-cv-08808 <br><br> Judge Steven C. Seeger |

**PLAINTIFFS' RESPONSE TO DEFENDANTS'
MOTION TO LIMIT PROPOSED EXHIBIT REDACTIONS**

Defendants' motion to limit Plaintiffs' proposed redactions to exhibits, such as the *United Voices* newsletters, is not supported by the Federal Rules of Evidence. In the guise of limiting redactions, Defendants seek to introduced irrelevant evidence and hearsay documents that Defendants think support their case. The Court should not permit them to do so.

**1.     *The Rule Of Completeness Does Not Support Limiting Plaintiffs' Redactions.***

Many of the redacted documents are editions of UEP's *United Voices* newsletter, which are admissible at the request of Plaintiffs as admissions of party opponents. The UEP and the other Defendants may not themselves introduce the *United Voices* newsletters as they are hearsay when offered by Defendants. Defendants therefore seek to introduce portions of the documents not presented by Plaintiffs under Federal Rule of Evidence 106, the rule of completeness.

Rule 106 is a very limited basis for admission. A party advocating for additional evidence to be admitted under Rule 106 "must establish both that the evidence is relevant to the issues in the case and that it clarifies or explains the portion offered by the" exhibit's proponent. *United*

*States v. Price*, 516 F.3d 597, 604 (7th Cir. 2008). In *Price*, the defendant sought to introduce the exculpatory portion of a statement he made to the FBI under the rule of completeness when the court permitted the inculpatory portion of the statement. The district court refused to admit the other portions of the statement, and the Seventh Circuit affirmed. It held the rule permits a party against whom a "'fragmentary statement" is introduced" to introduce the remainder where necessary to clarify or explain the statement to avoid misleading the jury. *Id*. Even if redacted portions of a statement are relevant to the issues in a case, additional portions will not be admitted if they are not necessary to complete the portions of the statement that are already admitted. *U.S. v. Sweiss*, 814 F.2d 1208, 1211 (7th Cir. 1992) (finding no error in refusal to admit evidence offered to explain defendant's later statements).

Here, Plaintiffs will introduce articles from *United Voices*. They have redacted other portions of the newsletters that they do not wish to offer and which are hearsay if offered by Defendants. If Defendants believe Plaintiffs have unfairly redacted a portion of a particular article, Defendants will meet and confer to resolve that objection. But that is not what Defendants' motion is about. Instead, Defendants seek the ability to "unredact" and admit other articles in the newsletters that they think favorable to Defendants. That is not called completeness; it is called hearsay.

Defendants fail to cite a single case in which a court required the admission for completeness purposes of an article where a party opponent offered a *different* article as an admission. The cases Defendants cite do not support them. Defendants first rely on *Frymire-Brinati v. KPMG Peat Marwick*, 2 F.3d 183, 187 (7th Cir. 1993). In that case, a party reconstituted a party opponent's discovery responses and offered them into evidence. As the Seventh Circuit explained it, the responses were "compressed" into a "three-page narrative." In preparing that narrative the party omitted all of the explanations and qualifications in the original responses. The

Seventh Circuit found this to be error. It explained that "[a]n admission depicts the party in its own words; [defendant] was *entitled to have the jury see those words* rather than a precis that the adverse party thought would depict the speaker in the worst light." *Id*. (emphasis added).[1] Here, the *United Voices* newsletters Plaintiffs offer allow the jury to see Defendants' very own words. Plaintiffs have not condensed those words into a narrative. Instead, Defendants seek to add other portions of the newsletters that relate to other topics, but Rule 106 is not the hearsay exception Defendants take it to be.

Defendants fail to demonstrate the redacted portions they seek to admit explain or clarify the admitted portions, or that admitting the redacted portions is needed to avoid misleading the jury. Indeed, one of the cases Defendants cite, *United States v. LeFevour*, 798 F.2d 977, 981 (7th Cir. 1986), explains this point and finds that the redacted portions of evidence were *not* admissible. In *LeFevour*, the evidence at issue was a tape recording. The government used a portion of a tape recording containing an inculpatory statement of the defendant and redacted the rest. *Id.* at 980-981. The defendant sought to admit the other portions of the tape, which contained additional statements he contended were helpful to his case. The Seventh Circuit held those portions of the tape constituted a "separate conversation" which did not alter the meaning of or explain the admissible portions. *Id.* at 981. This was true even though the "separate conversation" was physically recorded on the same continuing tape recording as the admissible portion. This principle compels rejecting Defendants' objection. Defendants seek to admit other articles from within the *United Voices* newsletters that Plaintiffs have designated as trial exhibits, with inadmissible

---

[1] Similarly, Defendants cite *Gonzalez v. DeTella*, 127 F.3d 619, 621 (7th Cir. 1997), which is far narrower than Defendants indicate. The court in *Gonzalez* cautioned against showing jurors "clinically abstract propositions," which could "disappoint[] their expectations about what evidence would normally be available to establish a proposition" and lead to inaccurate inferences. *Id.* Nothing of the kind is at issue here; jurors will see the unredacted articles.

material redacted. Like the "separate conversation" on the tape in *LeFevour*, and they should not be admitted.

This point is made even more strongly in *U.S. v. Velasco*, 953 F.2d 1467, 1475-1476 (7th Cir. 1992), where a defendant was not permitted to bring in redacted portions of a post-arrest statement. The government used the post-arrest statement for its inculpatory value, redacting out other language by defendant. The defendant sought to admit the redacted material, which addressed the purported "involvement of others" in the charges, but the court denied his request. Even though the redacted portions were from the same statement, they were not admissible to make the proffered portions complete. *Id.* at 1475. Here, even if an individual *United Voices* newsletter is viewed as a single "statement," *Velasco* makes clear that redacted portions of that statement should be excluded where they do not clarify or explain the admissible portions. Defendants seek to include completely separate articles which do not qualify or explain the admissible articles from the newsletters. Rule 106 does not permit admission of those articles.

2. ***Rule 403 Does Not Support Limiting Plaintiffs' Redactions.***

Defendants also rely on Federal Rule of Evidence 403. That argument is likewise unfounded. If there were any legitimate concern of unfair prejudice from the manner in which a particular document has been redacted here—which Plaintiffs respectfully submit there is not—an instruction explaining the redactions would cure it. *See United States v. Lawrence*, 788 F.3d 234, 244 (7th Cir. 2015) ("Curative instructions . . . alleviate prejudice"; finding "district court did not abuse its discretion by determining that a curative instruction would rectify any potential prejudice"); *see also CSX Transp., Inc. v. Hensley*, 556 U.S. 838, 841 (2009) (jurors are presumed to follow instructions); *Perry v. McCaughtry*, 308 F.3d 682, 690 (7th Cir. 2002) (same). Plaintiffs have already proposed an instruction explaining the nature of redactions to which Defendants object in part. Dkt. 289-14, pp. 36-37.

4

Defendants' motion presents nothing to justify admission of the redacted portions of the *United Voices* newsletters that Plaintiffs plan to use as trial exhibits. Plaintiffs respectfully request that the Court deny Defendants' motion.

October 17, 2023                                     Respectfully submitted,

*Counsel for Plaintiffs Kraft Foods Global, Inc., General Mills, Inc., Nestlè USA, Inc. and The Kellogg Company*

 /s/ *Brandon D. Fox*
Andrianna D. Kastanek
Angela M. Allen
Joel T. Pelz
Michael T. Brody
Christopher M. Sheehan
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654
Tel: (312) 222-9350
Fax: (312) 527-0484
akastanek@jenner.com
aallen@jenner.com
jpelz@jenner.com
mbrody@jenner.com
csheehan@jenner.com

Brandon D. Fox
Amy M. Gallegos (*admitted pro hac vice*)
Sati Harutyunyan (*admitted pro hac vice*)
JENNER & BLOCK LLP
515 S. Flower St.,
Suite 3300
Los Angeles, CA 90071
Tel: (213) 239-5100
Fax: (213) 239-5199
bfox@jenner.com
agallegos@jenner.com
sharutyunyan@jenner.com