UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KRAFT FOODS GLOBAL, INC., THE KELLOGG COMPANY, GENERAL MILLS, INC., and NESTLÉ USA, INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | No. 1:11-cv-08808 |
| v. | ) ) | Judge Steven C. Seeger |
| UNITED EGG PRODUCERS, INC., UNITED STATES EGG MARKETERS, INC., CAL-MAINE FOODS, INC., and ROSE ACRE FARMS, INC. | ) ) ) ) ) | |
| Defendants. | ) ) ) ) | |

**DEFENDANTS' MODIFICATIONS TO PROPOSED
PRETRIAL ORDER APPENDIX 8-2 (ECF NO. 279-5)**

Defendants United Egg Producers, Inc., United States Egg Marketers, Inc., Cal-Maine Foods, Inc., and Rose Acre Farms, Inc. hereby provide the Court with modifications to their objections to Plaintiffs' proposed deposition designations of Don Bell dated August 20, 2013 and August 21, 2013.[1] Changes are reflected in redline in the attached **Exhibit 1**.

Dated: October 17, 2023

Respectfully submitted:

*/s/ Robin P. Sumner*
Robin P. Sumner (robin.sumner@troutman.com)
Kaitlin L. Meola (kaitlin.meola@troutman.com)
TROUTMAN PEPPER HAMILTON SANDERS
LLP

---

[1] The parties have previously submitted to the Court a binder relating to Don Bell's deposition designations, which contains two highlighted transcripts, two spreadsheets relating to Plaintiffs' affirmative designations, and two spreadsheets relating to Defendants' affirmative designations. These changes only impact the two spreadsheets relating to Plaintiffs' affirmative designations and Defendants' objections thereto.

3000 Two Logan Square, 18th and Arch Streets
Philadelphia, PA 19103-2799
Tel: (215) 981-4000

Whitney R. Redding
(whitney.redding@troutman.com)
TROUTMAN PEPPER HAMILTON SANDERS
LLP
Union Trust Building
501 Grant Street, Suite 300
Pittsburgh, PA 15219-4429
Tel: (412) 454-5085

Molly DiRago
(Molly.DiRago@troutman.com)
TROUTMAN PEPPER HAMILTON SANDERS
LLP
227 West Monroe Street, Suite 3900
Chicago, IL 60606
Tel: (312) 759-1926

***Counsel for Defendants United Egg Producers,
Inc. & United States Egg Marketers, Inc.***

*/s/ Patrick M. Collins*
Patrick M. Collins (pcollins@kslaw.com)
Livia M. Kiser (lkiser@kslaw.com)
Patrick M. Otlewski (potlewski@kslaw.com)
Abigail Hoverman Terry (aterry@kslaw.com)
KING & SPALDING LLP
110 North Wacker Drive, 38th Floor
Chicago, IL 60606
Tel: (312) 995-6333

Lohr Beck (lohr.beck@kslaw.com)
(pro hac vice)
KING & SPALDING LLP
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309
Tel: (404) 572-2812

Brian E. Robison (brian@brownfoxlaw.com)
(pro hac vice)
BROWN FOX PLLC
6303 Cowboys Way, Suite 450
Frisco, TX 75034

Tel: (972) 707-2809

**_Counsel for Defendant Cal-Maine Foods, Inc._**

_/s/ Donald M. Barnes_

Donald M. Barnes (dbarnes@porterwright.com)
Jay L. Levine (jlevine@porterwright.com)
PORTER, WRIGHT, MORRIS & ARTHUR LLP
2020 K. Street, N.W., Suite 600
Washington, D.C. 20006-1110
Tel: (202) 778-3000

James A. King (jking@porterwright.com)
Allen T. Carter (acarter@porterwright.com)
PORTER, WRIGHT, MORRIS & ARTHUR LLP
41 South High Street, Suite 2900
Columbus, OH 43215
Tel: (614) 227-2000

**_Counsel for Defendant Rose Acre Farms, Inc._**

# Exhibit 1

October 16, 2023

Case No. 1:11cv-08808

Kraft Foods Global, Inc., et al. v. United Egg Producers, Inc., et al.

Plaintiffs' Deposition Designations

**Don Bell**
**August 20, 2013**

| Plaintiffs' Affirmatives | Defendant's Objections | Basis of Admissibility | Defendant's Counter/ Completeness Designations | Plaintiffs' Objections to Counters | Plaintiffs' Replies to Counter/ Completeness Designations | Depo Exhibits W/I Designations | DAP Depo Exhibit Within Counter Designation |
|---|---|---|---|---|---|---|---|
| 19:12-14 | | | | | | | |
| 22:1-4 | | | | | | | |
| 23:1 | | | | | | Bell-1 (Plf. Tr. Ex. 8) **Bell-1 (Plf. Tr. Ex. 16)** | |
| 23:9-19 | | | | | | | |
| 23:21 | | | | | | | |
| 24:2-25:4 | | | | | | | |
| 25:25 (after okay)-26:2 | | | | | | | |
| 26:13-14 | | | | | | | |
| 26:20-21 | | | | | | | |
| 28:5-18 | | | 28:19-29:8 (completeness) | | | | |
| 29:21-30:5 | | | | | | | |
| 30:8-18 | | | | | | | |
| 30:23 (after all right)-31:16 | | | | | | | |
| 31:22-32:4 | | | | | | | |
| 32:6 | | | | | | | |
| 32:17-21 | | | | | | | |
| 33:2-3 | | | | | | | |
| 33:5-9 | | | | | | | |
| 33:11-34:11 | | | | | | | |
| 34:13-19 | | | 34:20-35:10 (counter) | | | | |
| 35:16-36:3 | | | | | | | |
| 36:12-37:4 | | | 37:5-17 (completeness) | | | | |
| 37:18-21 | | | | | | | |
| 37:23-38:3 | | | | | | | |
| 38:5-8 | | | | | | | |
| 38:10-17 | | | | | | | |
| 38:19-24 | | | | | | | |
| 39:1-18 | | | 39:19-40:2 (completeness) | | | | |
| 40:3-12 | | | | | | | |
| 40:15-21 | | | | | | | |
| 40:25-41:4 | | | | | | | |

October 16, 2023

REVISED APPENDIX 8-2
Kraft Foods Global, Inc., et al. v. United Egg Producers, Inc., et al.
Plaintiffs' Deposition Designations

Case No. 1:11cv-08808

**Don Bell**
**August 20, 2013**

| Plaintiffs' Affirmatives | Defendant's Objections | Basis of Admissibility | Defendant's Counter/ Completeness Designations | Plaintiffs' Objections to Counters | Plaintiffs' Replies to Counter/ Completeness Designations | Depo Exhibits W/I Designations | DAP Depo Exhibit Within Counter Designation |
|---|---|---|---|---|---|---|---|
| 41:6-23 | | | | | | | |
| 42:2-17 | 701(a) & (c) (Improper lay opinion) starting at 42:16 | Has personal knowledge of exports in the industry generally and is opining on exports at an industry level; 701; 702 | | | | | |
| 42:19-43:2 | 701(a) & (c) (Improper lay opinion) | Has personal knowledge of practice of exports in the industry generally and is testifying on exports at an industry level | 43:3-17, 21-22 (completeness) | | | | |
| 43:25-44:22 | | | | | | | |
| 44:25-45:18 | | | | | | | |
| 45:21-46:17 | 701(a) & (c) (Improper lay opinion) and 602 (foundation/speculation) starting at 46:10 | Has personal knowledge of egg industry and factors affecting production; 701; 702 | | | | | |
| 46:21-47:1 | 701(a) & (c) (Improper lay opinion); 602 (foundation) | Has personal knowledge of egg industry and factors affecting production; 701; 702 | | | | | |
| 47:4-10 | 701(a) & (c) (Improper lay opinion); 602 (foundation) | Has personal knowledge of egg industry and factors affecting production; 701; 702 | | | | | |

October 16, 2023

REVISED APPENDIX 8-2
Kraft Foods Global, Inc., et al. v. United Egg Producers, Inc., et al.
Plaintiffs' Deposition Designations

Case No. 1:11cv-08808

**Don Bell**
**August 20, 2013**

| Plaintiffs' Affirmatives | Defendant's Objections | Basis of Admissibility | Defendant's Counter/ Completeness Designations | Plaintiffs' Objections to Counters | Plaintiffs' Replies to Counter/ Completeness Designations | Depo Exhibits W/I Designations | DAP Depo Exhibit Within Counter Designation |
|---|---|---|---|---|---|---|---|
| 47:12-23 | 701(a) & (c) (Improper lay opinion); 602 (foundation) as to 47:12-13 | Has personal knowledge of egg industry and factors affecting production; 701; 702 | | | | | |
| 48:2-6 | 701(a) & (c) (Improper lay opinion); 602 (foundation) | Has personal knowledge of egg industry and factors affecting production; 701; 702 | 48:10-15, 18-49:15 (completeness) | | | | |
| 50:16-50:22 | | | | | | | |
| 50:24-51:8 | 402 (relevance); 802 (hearsay); MIL (pre-conspiracy) | Relevant to show reason for exports; Non-hearsay purpose (shows plan, effect on the listener) | | | | | |
| 58:23-59:14 | | | | | | | |
| 59:16-60:20 | | | | | | | |
| 60:22-61:6 | | | | | | | |
| 62:4-63:12 | | | | | | | |
| 65:10-20 | | | | | | | |
| 65:22-66:12 | | | | | | | |
| 66:14-67:15 | | | | | | | |
| 67:17-68:19 | | | | | | | |
| 68:22-69:8 | | | 69:25-70:3 (completeness) | | | | |
| 70:21-71:20 | **Defendants object to Plaintiffs' redactions to Bell-3 (Plf. Tr. Ex. 272) for the reasons discussed in the pending motion to limit redactions [ECF 363]** | | | | | Bell-3 (Plf. Tr. Ex. 272) | |
| 73:8-74:7 | | | | | | | |

October 16, 2023

Case: 1:11-cv-08808 Document #: 374 Filed: 10/17/23 Page 8 of 29 PageID #:12708

REVISED APPENDIX 8-2
Kraft Foods Global, Inc., et al. v. United Egg Producers, Inc., et al.
Plaintiffs' Deposition Designations

Case No. 1:11cv-08808

**Don Bell**
**August 20, 2013**

| Plaintiffs' Affirmatives | Defendant's Objections | Basis of Admissibility | Defendant's Counter/ Completeness Designations | Plaintiffs' Objections to Counters | Plaintiffs' Replies to Counter/ Completeness Designations | Depo Exhibits W/I Designations | DAP Depo Exhibit Within Counter Designation |
|---|---|---|---|---|---|---|---|
| 74:10-21 | | | 75:1-5 (completeness) | | | | |
| 74:24 | | | | | | | |
| 76:12-20 | | | | | | | |
| 78:5-6 | | | | | | | |
| 78:8-14 | | | | | | | |
| 78:17-24 | | | 78:25-79:7 (completeness) | | | | |
| 79:17-80:1 | | | 80:2-9 (completeness) | | | | |
| 80:10-14 | | | | | | | |
| 83:24-84:24 | 802 (Hearsay); MIL (pre-conspiracy - testimony regarding a 1994 document drafted by Mr. Bell in his capacity as a U. Cal. Poultry Specialist - 7 years before Mr. Bell became a consultant for UEP) | Relevant to show reason for supply management programs and to show development of conspiracy | | | | Bell-4 (Plf. Tr. Ex. 343) | |

October 16, 2023

REVISED APPENDIX 8-2

Case No. 1:11cv-08808

Kraft Foods Global, Inc., et al. v. United Egg Producers, Inc., et al.

Plaintiffs' Deposition Designations

**Don Bell**
**August 20, 2013**

| Plaintiffs' Affirmatives | Defendant's Objections | Basis of Admissibility | Defendant's Counter/ Completeness Designations | Plaintiffs' Objections to Counters | Plaintiffs' Replies to Counter/ Completeness Designations | Depo Exhibits W/I Designations | DAP Depo Exhibit Within Counter Designation |
|---|---|---|---|---|---|---|---|
| 85:7-9 | **802 (Hearsay); MIL (pre-conspiracy - drafted by Mr. Bell in his capacity as a U. Cal. Poultry Specialist - 6 years before Mr. Bell became a consultant for UEP. Also, Mr. Pope testifies that he did not recall the letter. See 111:8-14 of A. Pope deposition testimony)** | Relevant to show reason for supply management programs and to show development of conspiracy | | | | Bell-5 (Plf. Tr. Ex. 330) | |
| 85:11-86:3 | MIL (pre-conspiracy) | Relevant to show reason for supply management programs and to show plan and development of conspiracy | | | | | |
| 86:5-6 | MIL (pre-conspiracy) | Relevant to show plan and development of conspiracy | | | | | |
| 86:17-87:7 | MIL (pre-conspiracy) | Relevant to show plan and development of conspiracy | | | | | |
| 87:24-88:3 | MIL (pre-conspiracy) | Relevant to show plan and development of conspiracy | | | | | |

REVISED APPENDIX 8-2
Kraft Foods Global, Inc., et al. v. United Egg Producers, Inc., et al.
Plaintiffs' Deposition Designations

**Don Bell**
**August 20, 2013**

| Plaintiffs' Affirmatives | Defendant's Objections | Basis of Admissibility | Defendant's Counter/ Completeness Designations | Plaintiffs' Objections to Counters | Plaintiffs' Replies to Counter/ Completeness Designations | Depo Exhibits W/I Designations | DAP Depo Exhibit Within Counter Designation |
|---|---|---|---|---|---|---|---|
| 88:5-90:12 | MIL (pre-conspiracy) | Relevant to show plan and development of conspiracy | | | | | |
| 92:5-93:11 | ~~MIL (pre-conspiracy)~~ | Relevant to show reason for supply management programs and to show development of conspiracy | | | | Bell-6 (Plf. Tr. Ex. 260) | |
| 94:1-97:13 | | | | | | Bell-7 (Plf. Tr. Ex. 328) | |
| 97:16-101:20 | *802 (hearsay* )*; 105 (as to RAF) (99:13-100:8, 100:24-101:7) | Statement by party-opponent and in furtherance of conspiracy; 801(d)(2); Non-hearsay purpose (shows plan and conspiracy) | | | | | |
| 101:23-102:17 | 602 (Foundation) | Testifying based on personal knowledge; he was central to UEP and conspiracy | | | | | |
| 105:1-106:24 | *802 (hearsay)*; **Defendants object to Plaintiffs' redactions to Bell-8 (Plf. Tr. Ex. 1) for the reasons discussed in the pending motion to limit redactions [ECF 363]** | Statement by party-opponent and in furtherance of conspiracy; 801(d)(2) | | | | Bell-8 (Plf. Tr. Ex. 1) | |
| 107:1-18 | *802 (hearsay)** | Statement by party-opponent and in furtherance of conspiracy; 801(d)(2) | | | | | |

October 16, 2023

Case No. 1:11cv-08808

Kraft Foods Global, Inc., et al. v. United Egg Producers, Inc., et al.
Plaintiffs' Deposition Designations

**Don Bell**
**August 20, 2013**

| Plaintiffs' Affirmatives | Defendant's Objections | Basis of Admissibility | Defendant's Counter/ Completeness Designations | Plaintiffs' Objections to Counters | Plaintiffs' Replies to Counter/ Completeness Designations | Depo Exhibits W/I Designations | DAP Depo Exhibit Within Counter Designation |
|---|---|---|---|---|---|---|---|
| 108:5-7 | | | | | | | |
| 108:19-25 | | | | | | Bell-9 (Plf. Tr. Ex. 256) | |
| 109:3-111:7 | | | | | | | |
| 111:9-113:11 | | | | | | | |
| 116:18-117:7 | | | | | | Bell-11 (Plf. Tr. Ex. 245) | |
| 117:15-118:4 | | | | | | | |
| 119:24-120:10 | | | | | | | |
| 120:12-121:6 | | | | | | | |
| 122:5-11 | | | | | | | |
| 122:14-19 | | | | | | | |
| 125:24-127:7 | | | | | | | |
| 127:10-11 | | | | | | | |
| 128:23-130:3 | | | | | | | |
| 130:5-16 | | | 133:18-25 (completeness) | | | | Bell-13 (Plf. Tr. Ex. 240) |
| 135:12-13 | **802 (Hearsay) (as to all parties because Mr. Bell drafted in his capacity as a U. Cal. Poultry Specialist, prior to becoming a consultant for UEP)** | | | | | Bell-14 (Plf. Tr. Ex. 385) | |
| 135:17-136:2 | 802 (hearsay)* **(as to all parties because Mr. Bell drafted in his capacity as a U. Cal. Poultry Specialist, prior to becoming a consultant for UEP);** ~~MIL~~ | Non-hearsay purpose (effect on listener and notice); Statement by party-opponent and in furtherance of conspiracy; 801(d)(2); Relevant to show plan and development of conspiracy | | | | | |

October 16, 2023

**REVISED APPENDIX 8-2**

Case No. 1:11cv-08808

**Kraft Foods Global, Inc., et al. v. United Egg Producers, Inc., et al.**
**Plaintiffs' Deposition Designations**

**Don Bell**
**August 20, 2013**

| Plaintiffs' Affirmatives | Defendant's Objections | Basis of Admissibility | Defendant's Counter/ Completeness Designations | Plaintiffs' Objections to Counters | Plaintiffs' Replies to Counter/ Completeness Designations | Depo Exhibits W/I Designations | DAP Depo Exhibit Within Counter Designation |
|---|---|---|---|---|---|---|---|
| 136:21-138:23 | 802 (hearsay)* **(as to all parties because Mr. Bell drafted in his capacity as a U. Cal. Poultry Specialist, prior to becoming a consultant for UEP)**; ~~MIL~~ | Non-hearsay purpose (effect on listener and notice); Statement by party-opponent and in furtherance of conspiracy; 801(d)(2); Relevant to show plan and development of conspiracy | | | | | |
| 138:25-140:2 | 802 (hearsay)* **(as to all parties because Mr. Bell drafted in his capacity as a U. Cal. Poultry Specialist, prior to becoming a consultant for UEP)**; ~~MIL~~ | Non-hearsay purpose (effect on listener and notice); Statement by party-opponent and in furtherance of conspiracy; 801(d)(2); Relevant to show plan and development of conspiracy | | | | | |
| 140:4-140:13 | 802 (hearsay)* **(as to all parties because Mr. Bell drafted in his capacity as a U. Cal. Poultry Specialist, prior to becoming a consultant for UEP)**; ~~MIL~~ | Non-hearsay purpose (effect on listener and notice); Statement by party-opponent and in furtherance of conspiracy; 801(d)(2); Relevant to show plan and development of UEP Certified Program and conspiracy | 140:14-141:21 (completeness) | | | | |

October 16, 2023

Case: 1:11-cv-08808 Document #: 374 Filed: 10/17/23 Page 13 of 29 PageID #:12713

Case No. 1:11cv-08808

REVISED APPENDIX 8-2
Kraft Foods Global, Inc., et al. v. United Egg Producers, Inc., et al.
Plaintiffs' Deposition Designations

**Don Bell**
**August 20, 2013**

| Plaintiffs' Affirmatives | Defendant's Objections | Basis of Admissibility | Defendant's Counter/ Completeness Designations | Plaintiffs' Objections to Counters | Plaintiffs' Replies to Counter/ Completeness Designations | Depo Exhibits W/I Designations | DAP Depo Exhibit Within Counter Designation |
|---|---|---|---|---|---|---|---|
| 141:22-142:13 | 802 (hearsay)* **(as to all parties because Mr. Bell drafted in his capacity as a U. Cal. Poultry Specialist, prior to becoming a consultant for UEP);** ~~MIL.~~ | Non-hearsay purpose (effect on listener and notice); Statement by party-opponent and in furtherance of conspiracy; 801(d)(2); Relevant to show plan and development of UEP Certified Program and conspiracy | | | | | |
| 142:18-25 | 802 (hearsay)* **(as to all parties because Mr. Bell drafted in his capacity as a U. Cal. Poultry Specialist, prior to becoming a consultant for UEP);** ~~MIL.~~ | Non-hearsay purpose (effect on listener and notice); Statement by party-opponent and in furtherance of conspiracy; 801(d)(2); Relevant to show plan and development of UEP Certified Program and conspiracy | | | | | |
| 143:12-144:12 | | | | | | | |
| 144:18 | *802 (hearsay)* * | Statement by party-opponent and in furtherance of conspiracy; 801(d)(2) | | | | Bell-15 (Plf. Tr. Ex. 206) | |
| 145:1-13 | | | | | | | |
| 145:16-23 | | | | | | | |
| 146:17-148:1 | *802 (hearsay)* * | Statement by party-opponent and in furtherance of conspiracy; 801(d)(2) | | | | | |

October 16, 2023

REVISED APPENDIX 8-2
Kraft Foods Global, Inc., et al. v. United Egg Producers, Inc., et al.
Plaintiffs' Deposition Designations

Case No. 1:11cv-08808

**Don Bell**
**August 20, 2013**

| Plaintiffs' Affirmatives | Defendant's Objections | Basis of Admissibility | Defendant's Counter/ Completeness Designations | Plaintiffs' Objections to Counters | Plaintiffs' Replies to Counter/ Completeness Designations | Depo Exhibits W/I Designations | DAP Depo Exhibit Within Counter Designation |
|---|---|---|---|---|---|---|---|
| 148:18-151:16 | *802 (hearsay)** | Statement by party-opponent and in furtherance of conspiracy; 801(d)(2) | | | | | |
| 151:20-25 | *802 (hearsay)** | Statement by party-opponent and in furtherance of conspiracy; 801(d)(2) | | | | | |
| 152:2-16 | *802 (hearsay)** | Statement by party-opponent and in furtherance of conspiracy; 801(d)(2) | | | | | |

October 16, 2023

Case No. 1:11cv-08808

**Don Bell**
**August 21, 2013**

| Plaintiffs' Affirmatives | Defendant's Objections | Basis of Admissibility | Defendant's Counter/ Completeness Designations | Plaintiffs' Objections to Counters | Plaintiffs' Replies to Counter/ Completeness Designations | Depo Exhibits W/I Designations | DAP Depo Exhibit Within Counter Designation |
|---|---|---|---|---|---|---|---|
| 175:23-24 | **Defendants object to Plaintiffs' redactions to Bell-16 (Plf. Tr. Ex. 824) for the reasons discussed in the pending motion to limit redactions [ECF 363]** | | | | | ~~Bell-16 (Plf. Tr. Ex. 200)~~ **Bell-16 (Plf. Tr. Ex. 824)** | |
| 176:4-179:1 | *802 (hearsay) \** | Statement by party-opponent and in furtherance of conspiracy; 801(d)(2); Non-hearsay purpose (proof of conspiracy) | 179:2-3; 179:5 (completeness) | | | | |
| | | | 179:19-180:10 (counter) | | 179:7-18 | | |
| 180:15-22 | | | | | | | |
| 180:25-181:12 | | | | | | | |
| 181:15-182:3 | | | | | | | |
| 182:5-183:1 | | | | | | | |
| 184:1-5 | | | | | | | |
| 184:7-8 | | | | | | | |
| 184:20-185:16 | | | | | | | |
| 185:22-186:18 | *802 (hearsay) \** | Statement by party-opponent and in furtherance of conspiracy; 801(d)(2); Non-hearsay purpose (proof of conspiracy) | | | | | |
| 186:21-187:17 | *802 (hearsay) \** | Statement by party-opponent and in furtherance of conspiracy; 801(d)(2); Non-hearsay purpose (proof of conspiracy) | | | | | |
| 188:11-13 | | | | | | | |

October 16, 2023

Case No. 1:11cv-08808

Kraft Foods Global, Inc., et al. v. United Egg Producers, Inc., et al.
Plaintiffs' Deposition Designations

**Don Bell**
**August 21, 2013**

| Plaintiffs' Affirmatives | Defendant's Objections | Basis of Admissibility | Defendant's Counter/ Completeness Designations | Plaintiffs' Objections to Counters | Plaintiffs' Replies to Counter/ Completeness Designations | Depo Exhibits W/I Designations | DAP Depo Exhibit Within Counter Designation |
|---|---|---|---|---|---|---|---|
| 188:17-189:1 | | | 189:3-6 (completeness) | | 189:7-9; 189:12 (completeness) | | |
| 189:12-18 | *802 (hearsay)* * | Statement by party-opponent and in furtherance of conspiracy; 801(d)(2); Non-hearsay purpose (proof of conspiracy) | | | | | |
| 190:3-9 | *802 (hearsay)* * | Statement by party-opponent and in furtherance of conspiracy; 801(d)(2); Non-hearsay purpose (proof of conspiracy) | | | | | |
| 191:3-192:18 | | | | | | | |
| 192:20-193:9 | *802 (hearsay)* * | Statement by party-opponent and in furtherance of conspiracy; 801(d)(2); Non-hearsay purpose (proof of conspiracy; effect on listener) | | | | | |
| 195:5-7 | | | | | | | |
| 195:9-196:16 | *802 (hearsay)* * | Statement by party-opponent and in furtherance of conspiracy; 801(d) | | | | | |
| 196:22-24 | | | | | | | |
| 197:4-199:23 | *802 (hearsay)* * | Statement by party-opponent and in furtherance of conspiracy; 801(d)(2); Non-hearsay purpose (proof of conspiracy) | | | | | |
| 202:7-23 | | | 201:3-202:6 (completeness) | NR, NARR, 402, 403, OSD | | | |

REVISED APPENDIX 8-2
Kraft Foods Global, Inc., et al. v. United Egg Producers, Inc., et al.
Plaintiffs' Deposition Designations

**Don Bell**
**August 21, 2013**

| Plaintiffs' Affirmatives | Defendant's Objections | Basis of Admissibility | Defendant's Counter/ Completeness Designations | Plaintiffs' Objections to Counters | Plaintiffs' Replies to Counter/ Completeness Designations | Depo Exhibits W/I Designations | DAP Depo Exhibit Within Counter Designation |
|---|---|---|---|---|---|---|---|
| 203:10-13 | *802 (hearsay) *| Statement by party-opponent and in furtherance of conspiracy; 801(d) | | | | Bell-17 (Plf. Tr. Ex. 825) | |
| 203:17-20 | *802 (hearsay) *| Statement by party-opponent and in furtherance of conspiracy; 801(d) | | | | | |
| 204:6-20 | *802 (hearsay) *| Statement by party-opponent and in furtherance of conspiracy; 801(d) | | | | | |
| 205:6-25 | *802 (hearsay) *| Statement by party-opponent and in furtherance of conspiracy; 801(d) | | | | | |
| 206:6-22 | *802 (hearsay) *| Statement by party-opponent and in furtherance of conspiracy; 801(d) | | | | | |
| 210:1-212:12 | *802 (hearsay) *| Statement by party-opponent and in furtherance of conspiracy; 801(d) | | | | ~~Bell-18 (Plf. Tr. Ex. 156)~~ **Bell-18 (Plf. Tr. Ex. 696)** | |
| 216:2-5 | *802 (hearsay) *| Statement by party-opponent and in furtherance of conspiracy; 801(d) | | | | Bell-19 (Plf. Tr. Ex. 154) | |
| 216:8-217:10 | *802 (hearsay) *| Statement by party-opponent and in furtherance of conspiracy; 801(d) | | | | | |
| 217:17-20 | | | | | | | |
| 217:23-218:5 | | | | | | | |
| 218:17-20 | | | | | | | |
| 219:23-220:5 | | | | | | | |
| 220:11-21 | ~~*802 (hearsay) *~~ | Statement by party-opponent and in furtherance of conspiracy; 801(d) | | | | Bell-20 (Plf. Tr. Ex. 826) | |

October 16, 2023

REVISED APPENDIX 8-2
Kraft Foods Global, Inc., et al. v. United Egg Producers, Inc., et al.
Plaintiffs' Deposition Designations

Case No. 1:11cv-08808

**Don Bell**
**August 21, 2013**

| Plaintiffs' Affirmatives | Defendant's Objections | Basis of Admissibility | Defendant's Counter/ Completeness Designations | Plaintiffs' Objections to Counters | Plaintiffs' Replies to Counter/ Completeness Designations | Depo Exhibits W/I Designations | DAP Depo Exhibit Within Counter Designation |
|---|---|---|---|---|---|---|---|
| 220:24-221:8 | *802 (hearsay)* * | Statement by party-opponent and in furtherance of conspiracy; 801(d) | 221:9-21 (completeness) | | | | |
| 221:25-222:9 | | | | | | | |
| 222:12-223:17 | | | | | | | |
| 223:19-21 | | | | | | | |
| 224:2-225:25 | 802 (hearsay); 602 (foundation) as to 224:2-12; *802 (hearsay)* * as to 225:22-25 | Witness testifying as to his personal knowledge of concerns in the industry about backfilling; Statement by party-opponent and in furtherance of conspiracy; 801(d); Non-hearsay purpose (proof of conspiracy) | | | | | |
| 226:3-227:8 | *802 (hearsay)* * | Statement by party-opponent and in furtherance of conspiracy; 801(d); Non-hearsay purpose (effect on the listener) | | | | | |
| 228:12-19 | *805 (hearsay within hearsay)* * | Statement by party-opponent and in furtherance of conspiracy; 801(d); 803(6) | | | | Bell-21 (Plf. Tr. Ex. 592) | |
| 229:17-230:10 | *805 (hearsay within hearsay)* * | Statement by party-opponent and in furtherance of conspiracy; 801(d); 803(6) | | | | | |

October 16, 2023

REVISED APPENDIX 8-2

Case No. 1:11cv-08808

Kraft Foods Global, Inc., et al. v. United Egg Producers, Inc., et al.

Plaintiffs' Deposition Designations

**Don Bell**
**August 21, 2013**

| Plaintiffs' Affirmatives | Defendant's Objections | Basis of Admissibility | Defendant's Counter/ Completeness Designations | Plaintiffs' Objections to Counters | Plaintiffs' Replies to Counter/ Completeness Designations | Depo Exhibits W/I Designations | DAP Depo Exhibit Within Counter Designation |
|---|---|---|---|---|---|---|---|
| 231:3-21 | *805 (hearsay within hearsay)* * | Statement by party-opponent and in furtherance of conspiracy; 801(d); 803(6) | | | | | |
| 231:25-232:5 | *805 (hearsay within hearsay)* * | Statement by party-opponent and in furtherance of conspiracy; 801(d); 803(6) | | | | | |
| 232:7-8 | *805 (hearsay within hearsay)* * | Statement by party-opponent and in furtherance of conspiracy; 801(d); 803(6) | 232:10-17 (completeness) | | | | |
| 244:18-245:15 | *802 (hearsay)* * **Defendants object to Plaintiffs' heavily redacted version of Bell-24 (Plf. Tr. Ex. 32). The unredacted version is atatched as Exhibit A.** | Statement by party-opponent and in furtherance of conspiracy; 801(d) | | | | Bell-24 (Plf. Tr. Ex. 32) | |
| 245:22-246:15 | *802 (hearsay)* * | Statement by party-opponent and in furtherance of conspiracy; 801(d) | | | | | |
| | | | 251:14-252:5 (counter) | | | | |
| 252:10-18 | *802 (hearsay)* * | No statement made; Exhibit is admissible under 801(d) | | | | Bell-26 (Plf. Tr. Ex. 205) | |
| 252:23-254:6 | *802 (hearsay)* * | Statement by party-opponent and in furtherance of conspiracy; 801(d) | | | | | |

October 16, 2023

REVISED APPENDIX 8-2

Case No. 1:11cv-08808

Kraft Foods Global, Inc., et al. v. United Egg Producers, Inc., et al.

Plaintiffs' Deposition Designations

**Don Bell**
**August 21, 2013**

| Plaintiffs' Affirmatives | Defendant's Objections | Basis of Admissibility | Defendant's Counter/ Completeness Designations | Plaintiffs' Objections to Counters | Plaintiffs' Replies to Counter/ Completeness Designations | Depo Exhibits W/I Designations | DAP Depo Exhibit Within Counter Designation |
|---|---|---|---|---|---|---|---|
| 255:4-7 | *802 (hearsay)\** | Statement by party-opponent and in furtherance of conspiracy; 801(d) | | | | | |
| 255:9-256:13 | *802 (hearsay)\** | Statement by party-opponent and in furtherance of conspiracy; 801(d) | | | | | |
| 256:16-24 | 602 (foundation) | Testifying to personal knowledge and impression | | | | | |
| | | | 264:3-6,12-25 (counter) | | | | Bell-17 (Def. Tr. Ex. 205; Plf. Tr. Ex. 825) |
| | | | 265:1-4 (counter) | | | | |
| | | | 265:7-266:6 (counter) | | | | |
| | | | 266:23-267:21; 272:15-19 (counter) | | | | |
| | | | 274:8-10 (counter) | | | | |
| | | | 274:12-22 (counter) | | | | |
| | | | 274:24-275:2 (counter) | | | | |
| | | | 283:10-18 (counter) | | | | |
| | | | 283:20-284:1 (counter) | | | | |
| | | | 284:4-5 (counter) | | | | |
| | | | 284:7 (counter) | | | | |
| | | | 284:9-15 (end at "water.") (counter) | | | | |
| | | | 298:5-11 (counter) | | 298:12-16 | | |
| | | | 299:2-16 (end at word period) (counter) | | | | |
| | | | 301:22-302:4 (counter) | | 301:9-11, 301:13-15 | | |
| | | | 318:18-320:2 (counter) | NR, NARR | 321:2-9 | | |
| | | | 324:17-325:1 (counter) | | | | Bell-8 (Def. Tr. Ex. 924, Plf. Tr. Ex. 1) |

October 16, 2023

REVISED APPENDIX 8-2
Kraft Foods Global, Inc., et al. v. United Egg Producers, Inc., et al.
Plaintiffs' Deposition Designations

Case No. 1:11cv-08808

**Don Bell**
**August 21, 2013**

| Plaintiffs' Affirmatives | Defendant's Objections | Basis of Admissibility | Defendant's Counter/ Completeness Designations | Plaintiffs' Objections to Counters | Plaintiffs' Replies to Counter/ Completeness Designations | Depo Exhibits W/I Designations | DAP Depo Exhibit Within Counter Designation |
|---|---|---|---|---|---|---|---|
| | | | 336:1-5 (counter) | 403, ARG | | | |
| | | | 336:18-21 (counter) | | | | |
| | | | 336:23 (counter) | | | | |
| | | | 336:25-337:4 (counter) | | | | |
| | | | 337:7-11 (counter) | | | | |
| | | | 337:13-21 (counter) | | | | |
| | | | 338:13-22 (counter) | | | | |

# Exhibit A

---

| From: | Gene Gregory |
|-------|--------------|
| Sent: | Monday, June 02, 2008 4:38 PM |
| To: | Gary West |
| Subject: | FW: The California Farm Initiative |
| Attachments: | Letter to UEP members May 31 2008.doc |

Gary,

Don Bell wanted me to share this with you. He has written an excellent letter as you will see from the attachment.

Gene

---

**From:** Donlucybell [mailto:donlucybell@charter.net]
**Sent:** Monday, June 02, 2008 10:20 AM
**To:** Gene Gregory
**Cc:** Jeff Armstrong
**Subject:** RE: The California Farm Initiative

# May 30, 2008

Gene,

During the past several weeks I've become aware that one specific item that I wrote 3-4 years ago for UEP has been misinterpreted and mis-used by HSUS in promoting their anti-cage initiative in California and by the authors of the Pew Report. Up to this time, my reply with explanations to your concerns were to only three or four individuals (in UEP, PEPA and a California producer), but reference to my role has been widely disseminated throughout the poultry industry with blame attributed to me for HSUS and Pew statements. In order to place these events in their proper perspective for your membership, I've written a short statement at your request to clarify these issues. It is in the attachment. I hope this is what you had in mind.

(See attachment)

In addition, though, I feel that during this period I've been overly criticized in terms of my expertise and my perceived lack of judgment with a lack of support and respect from staff members of the UEP organization. In your last letter, I really object to your using the statement "**destruction of the California egg industry**". I've spent over 50 years of my life supporting and strengthening the California egg industry as well as that of the U.S. as a whole through good and bad times and cannot relate to your statement that I've contributed to its destruction by one simple factual statement taken out of context by others. If you'll stop to think about it, practically any published item can be intentionally distorted by someone wishing to do harm to our industry. That includes USDA published data about the industry, University publications, popular magazine articles and industry newsletters. Put yourself in Pacelle's position and take any published item and see how easy it would be for you to distort the meaning or intent of that item. It's not difficult, but it should also not be a reason to point the finger at the messenger as being the "cause" of the issue.

I fail to see the difference between HSUS taking something I wrote and distorting the meaning to further their cause and their taking UEP and the scientific committee's 67 square inch recommendation for cage space and likening it to "smaller than a piece of paper". These were both distortions of the facts and were meant to enflame the public. The only way either could have been avoided was to not publish anything - ever. **I feel that placing "blame" is inappropriate in either case.** UEP just

CONFIDENTIAL

needs to recognize the "dirty tricks" of the opposition for what they are and continue to support their representatives **or let them go**. Public debate against your own people is not wise and only plays into the opposition's hands.

I feel these issues must be resolved between UEP and myself if I am to continue to work with UEP in an effective manner in the future. In my role as consultant to your Association, feedback is an essential component. If something I write in the normal course of my duties is in error or is misdirected, I need to know. If we need to interpret industry direction differently, we need to discuss it at the time. If something becomes outdated, I would probably need the cooperation of your members to get back on track or to separate the anecdotal observations from the more industry-wide ones. I know of no single measurement about our industry that can be universally applied to everyone. I have to stay on the middle road with an understanding of the amount of variation between regions and individual companies.

# Please share this with Gary West.

Sincerely,

Don Bell

+++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++

-----Original Message-----
# [Donlucybell]

**From:** Gene Gregory [mailto:ggregory@unitedegg.com]
**Sent:** Friday, May 30, 2008 11:13 AM
**To:** Donlucybell
**Subject:** RE: The California Farm Initiative

Don,

I agree with all your comments. Here is the point. Your work is now being used against the California egg farmers - your good friends. This is why I think you need to make some sort of statement that we can use in public relations and the campaign.

Gene

---

**From:** Donlucybell [mailto:donlucybell@charter.net]
**Sent:** Friday, May 30, 2008 1:02 PM
**To:** Gene Gregory
**Cc:** Don Bell
**Subject:** RE: The California Farm Initiative

# May 30, 2008

Gene,

Yes, I am offended by various people (on both sides of the issue) taking one small snippet out of my 20+ page review of EU reports on the effects of animal welfare programs in Europe and failing to read the more significant conclusions of the report which focused upon the shortcomings of these programs. Even the specific item on housing costs were taken out of context - production cost increases vs effect on the consumer (which I did not address). Nor

2/25/2009

could I have addressed at that time the current California proposal. Also, no one seems to recognize that such increases in costs were suggested at least 3 years ago from data available at the time (U of GA 2000) and that costs have risen since. Also, that our assumptions were based upon 2 square feet of space before the UEP standards came out at 1.5 or 1.0.

I believe such reports should serve as the basis for discussion, but they need to be updated by those who reference them at a later date for their current needs. This is not the responsibility of the original author. I doubt if I would disagree with new hard facts about the issue. It would probably be wise to keep the author in the loop.

I recall many years ago that we also recommended 72 square inches for cages. We also recommended against molting. Then, we suggested that molting gives better returns and now, under present economic conditions, we'll be emphasizing no-molt programs. Things change, assumptions need to be understood, economics plays a major role in all such decisions and those who oppose animal agriculture do not always abide by the rules of honest presentation of their arguments.

I have scheduled this morning to review the Promar report at their request. In a cursory reading of it on the plane earlier in the week, I found numerous items that I feel need comment and/or correction. I've spoken with the author earlier and again yesterday about these suggestions and also that I was surprised that the "preliminary" document is already on the web for everyone to see - broiler breeders figures and all.

I've also provided materials to our Legislative Analyst at his request and to the UC Issues Center at their request. The materials that I've provided is voluminous and is the same material that we've provided UEP and the industry monthly and annually for the past 50 years. I can only hope that I've carefully presented both sides of issues and that the readers will not selectively pick and choose only a partial view of the subject.

As I indicated in an earlier letter, HSUS could take anyone's figures for increases in costs (UEP's or current farmer costs of 25 or 50 dollars a bird) and twist it for their use to make it sound like it was still only a few pennies cost per egg to solve all the welfare problems at one time. I don't think anyone would argue with them if we were only talking about a few individual eggs - would we? Then, would we criticize the new source of data?

I will copy you (as always) on today's correspondence to Promar. It will include a lot of rambling about the wording, the intent, the "meaning" of the proposition. I believe that the current wording will prove to be an enforcement agency's nightmare to interpret. More on this later.

I'll try to address your suggestions in a separate letter to you only.

Thank you for trying to understand my position.

Don Bell

++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++

-----Original Message-----
**From:** Gene Gregory [mailto:ggregory@unitedegg.com]
**Sent:** Friday, May 30, 2008 5:56 AM
**To:** Don Bell; donlucybell@charter.net
**Cc:** mhead@golinharris.com; cmyles@golinharris.com; dmurdock@cgfa.org; Gary West; Kurt Allen
**Subject:** FW: wayne on CA farm bill

Don,

There have been emails back and forth on the use of your paper in which you identified the increased cost to produce eggs in cage-free systems. I'm not going to further an argument at this time because

CONFIDENTIAL

those are your figures and we must live with the report you made in October 2005. I know that you never intended for your work to be used by animal activists to destroy the California egg industry but it is fact during just that.

We know that on May 15th that the Humane Society of the United States met with the Legislative Analysis Office in Sacramento and one of the two major points they made for justification of this initiaitve was that it only costs one (1) cent per egg to make these humane changes. They referenced you as UEP's economist. Since then HSUS has issued press releases and posted on their websites the following statement: *"The egg industry's own California-based economist reports that switching to cage-free eggs costs producers less than one penny per egg more than eggs laid by hens crammed into tiny wire cages."*

We had our chance to meet with the Legislative Analysis Office on May 22nd and had to meet the challenge of addressing your report. As you may have heard, we employed a professional economist with Promar International to do an economic study and we presented this to the LAO. Ryan Armstrong also spoke of the actual costs for his company to produce cage-free eggs. Based upon what we have been able to obtain from producers that have both cage and cage-free production that the costs are much more than a penny per egg. In your own study, you used work done by Dr. Dan Cunningham in 2000 on the costs of buildings, equipment, etc for a broiler breeder house and said this would be a comparable investment for a barn-type non-cage system. You then used an investment of $19.00 per bird for building, equipment, etc. We believe that the investment varies depending upon whether your are converting a building or creating a new building. It also depends upon whether the house will be a single floor or a multi-tier system. So things vary much more in cage-free than they do in cages. Based upon what we have heard, it appears the investment would be more of an average of $25 per bird.

Your report also assumes that there will be no differences in performance (egg production, mortality, or egg size) from cage and cage-free. Based on what we can learn from producers, there is a reduction in egg production and an increase in mortality for cage-free flocks versus those of cage flocks.

Your report assumes that cage-free houses will be acceptable under the regulations of the ballot initiative. This is a mistake that most of us have made. However, an attorney in Sacramento pointed out that if HSUS simply wanted to ban battery cages they could have written the initiative to say so. The attorney also said that if HSUS wanted to provide birds with 1.5 square feet of floor space per bird they could have written the initiaitve to say so. They did neither so we assume HSUS has other intentions. The language says: **"Fully extending his or her limbs means fully extending all limbs without touching the side of an enclosure, including, in the case of egg-laying hens, fully spreading both wings without touching the side of an enclosure or other egg-laying hens.** We believe this would as such outlaw all egg production in California with the exception of free-range. Based upon this opinion, we believe all California egg farmers will be forced out of business. Even if it is no more than 12 cents per dozen (as you have reported), then we believe that California farmers can not compete with cage eggs coming from Mexico or from other states.

Don, here is my point and my request. I know that your work has now been used against egg farmers, which was certainly not your intention and I'm sure you are offended by this. It is much like Dr. Joy Mench's work has been used against her and the egg industry by animal activists. They will do everything to take an advantage. Your report may be the most difficult to overcome unless we find a way to counter this.

Here is my request, which I sincerely want you to consider. I'm asking you to write a short and simple statement saying that you are offended by the fact that your work has been taken and used against egg farmers. If you feel you can meet this request, then you are welcome to also add other points of why costs may be higher or California egg farmers can not compete with cheaper out-of-state or out-of-country cage eggs. I think a statement or report from you that our public relations people (Golin Harris) could use to counter HSUS would be critically important.

I've attahed Wayne Pacelle's blog so that you can see what we are up against.

Thank you so much for considering my request. I look forward to your reply stating whether you will assist us or not.

Gene

---

2/25/2009

CONFIDENTIAL                                                                 UE0918794

**From:** Steve Kopperud [mailto:skopperud@poldir.com]
**Sent:** Friday, May 30, 2008 6:08 AM
**To:** adamsona@nppc.org; barb@heartmkt.com; bglenn@bio.org; Bryan Oedzes; flechner@uda.coop; Gene Gregory; langemeierg@nppc.org; hmagwire@mwmlaw.com; j.prince.jr@hotmail.com; greinerj@nppc.org; jhomer@poldir.com; kelli@fb.org; ferrellk@nppc.org; l.ballentine@sympatico.ca; mkt@fb.org; Randy Green; rsellers@afia.org; Stan Curtis
**Subject:** FW: wayne on CA farm bill

http://hsus.typepad.com/wayne/2008/05/ca-farm-animals.html

# May 29, 2008

## A Vote for 20 Million Animals



Egg-laying hens in battery cage

© COK

You can support the California initiative as a volunteer or with a donation.

This year, we've passed about 50 laws in the states already. And last week, we passed three major federal bills as amendments to the Farm Bill. But arguably one of the most important measures of the year for us is the Prevention of Farm Animal Cruelty Act, a California ballot initiative to be voted on by the people in November. It's so critically important because so many animals' lives are at stake—there are 20 million farm animals confined in cages and crates in California, and this measure offers them a way out. I had an op-ed piece published at California Progress Report today, and wanted to share it with you. Please pass it along to your contacts and friends in California, and urge them to get involved in the campaign at humanecalifornia.org.

---

**The Prevention of Farm Animal Cruelty Act on the November California Ballot**

Americans could barely believe their eyes when shown the sickening mistreatment of downer cows at a Southern California slaughter plant earlier this year. An investigator for The Humane Society of the United States (HSUS) went undercover there and documented ailing dairy cows unable to walk being brutalized in order to get them into the slaughter area. Government inspectors and plant management either missed the abuse or allowed it to go on. After the disturbing video came to light, criminal charges were filed against plant workers, the nation's largest-ever meat recall was initiated, and then the U.S. Agriculture Secretary announced on May 20th that his agency would no longer allow the meat from downer cattle onto our food plates.

This investigation shows us we cannot always wait for the government and the leaders of the factory farming industry to protect animals from abuse or to guard us from food safety threats. That's why a coalition including The HSUS and other animal protection groups, veterinarians, environmentalists, family farmers, and food safety advocates led an effort in which nearly 800,000 Californians signed petitions to place an anti-cruelty ballot initiative on the November 2008 ballot.

The principle behind the 'Prevention of Farm Animal Cruelty Act' is simple: All animals deserve humane treatment, including those raised for food. Specifically, the measure seeks to afford animals raised for food the opportunity to turn around and

CONFIDENTIAL

extend their limbs. It will prevent three of the worst factory farming abuses: veal crates for young male calves, gestation crates for breeding pigs, and battery cages for egg-laying hens.

It is cruel and inhumane to confine animals throughout their lives in cages or crates so small that they cannot turn around or stretch their limbs. On factory farms, veal calves are chained by the neck and confined in tiny stalls; pigs are kept in metal cages called gestation crates that are barely larger than their bodies; and several hens are crammed into a battery cage with each bird having less floor space than a letter-sized sheet of paper. Confining animals in these cages and crates is worse than you or I being forced to live in a middle airplane seat for our entire lives.

The greatest nation in the world, with the world's most innovative farmers, can do better than these severe confinement systems. Family farmers know food quality is enhanced by more humane farming methods, and they know there is a balance between animal care and economics. And increasingly major retailers like Wolfgang Puck, and even Burger King are demanding more humanely-produced products and phasing in the sale of products from farmers who do not confine animals in tiny cages.

The prestigious Pew Commission on Industrial Animal Production—an independent panel chaired by former Kansas Governor John Carlin and that included former U.S. Agriculture Secretary Dan Glickman and leading veterinarians and farmers—recently issued a report about the state of animal agribusiness in America and said the California ballot measure includes "the types of modest animal welfare public policy improvements that the Commissioners recommend implementing." In its report, the Commission said, "Practices that restrict natural motion, such as sow gestation crates, induce high levels of stress in the animals and threaten their health, which in turn may threaten human health." It's also on the basis of human health concerns that the Center for Food Safety and the Union of Concerned Scientists have also endorsed the California ballot measure.

Arizona and Florida voters approved ballot initiatives to phase out these types of crates. And lawmakers in Colorado and Oregon have done the same. The European Union has already passed legislation against veal crates, barren battery cages, and gestation crates, and these regulations now apply to all of its 27 nations—which now represent more than 450 million people.

These modest reforms won't be costly to implement. The egg industry's own California-based economist reports that producing cage-free eggs costs less than one penny per egg more. According to California's Legislative Analyst, the fiscal impact of this initiative is limited to minor costs that will be offset by revenue from fines. This ballot measure gives farmers until 2015—a full six years—to phase in more humane production practices.

Reducing the immense suffering that factory farming inflicts on animals is simply a matter of common decency. And cramming animals into giant factory farms is bad for the environment and for human health. Vote "yes" this fall on the Prevention of Farm Animal Cruelty Act.

Michael Stebbins
Director of Research
Foundation for Biomedical Research
818 Connecticut Avenue, NW Suite 900
Washington, DC 20006
(202) 457-0654 phone
(202) 457-0659 fax
www.fbresearch.org

2/25/2009

CONFIDENTIAL

*"Animal research saves lives"*

_____ NOD32 3147 (20080530) Information _____

This message was checked by NOD32 antivirus system.
http://www.eset.com

2/25/2009

CONFIDENTIAL

UE0918797