UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF NextGen 1.7.1.1
Eastern Division

Kraft Foods Global, Inc., et al.
                                        Plaintiff,

v.                                                                        Case No.: 1:11–cv–08808
                                                                       Honorable Steven C. Seeger

United Egg Producers, Inc., et al.
                                        Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Monday, October 23, 2023:

       MINUTE entry before the Honorable Steven C. Seeger: Defendants' motion in limine to limit Plaintiffs' proposed exhibit redactions (Dckt. No. [363]) is hereby granted in large part. This Court heard argument on the motion at the end of the trial day on October 19, 2023, and issued an oral ruling during trial on October 20, 2023. Basically, Defendants filed a motion challenging Plaintiffs' extensive redactions to trial exhibits. (Dckt. No. [363]) A prime example is the redactions to the United Voice newsletters. (Dckt. No. [363]–4) All too often, Plaintiffs redacted just about everything in the newsletters except the limited portions that they view as relevant to the conspiracy. Defendants object to that approach on a number of different grounds. Importantly, Defendants believe that redacting everything else from the newsletters would paint a misleading picture, and give undue emphasis to the unredacted portions in question. In other spots, Defendants point out that Plaintiffs want to redact content that is inconsistent with their theory of a conspiracy. A good example is PX 155 (Dckt. No. 363–5). There, Plaintiffs want to present the portion about supply and demand, but want to redact the portion about avian flu (which eradicated eggs), and the portion about feed prices, and the portion about an increase in egg consumption. In response, Plaintiffs point out that the Federal Rules entitle them to present only part of a document. That's true, to a point. Rule 106 provides: "If a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part – or any other writing or recorded statement – that in fairness ought to be considered at the same time." See Fed. R. Evid. 106. So the question is whether the redacted material "in fairness" must be presented to the jury. For the United Voices newsletters (only), the Court concludes that Plaintiffs must present an unredacted version, or not at all. As the Court explained in its oral ruling, the redactions could paint a misleading picture, by placing undue emphasis on the unredacted material as opposed to the redacted material. The redacted material might help the jury put the unredacted material in context, so that a bright spotlight is not shining on those portions alone. Redactions can be confusing and distracting, too, leading jurors to wonder what is missing and whether something is being hidden from them. It could create an aura of secrecy that is not justified, either. So, Plaintiffs must present the United Voices newsletters in unredacted form. But the Court does appreciate Plaintiffs' desire to streamline the case. The Court offers three caveats to its ruling. First, the Court has not seen all of the newsletters, so maybe there is some special reason why a particular

newsletter needs to be redacted. Second, at this point, this Court is not issuing a ruling on the many other redacted documents (given the volume). But the parties should pick up on which way the wind is blowing. Third, if the newsletters or other documents contain information that this Court has excluded in the motions in limine, then the parties can and must redact the documents. Taking a step back, when it comes to arguing about redactions, this Court highly doubts that the juice is worth the squeeze. Plaintiffs have 774 trial exhibits (Dckt. No. [289]–8), and Defendants have 1,210 trial exhibits. (Dckt. No. [345]) That's nearly 2,000 trial exhibits. The parties have a dispute about redactions on over 100 exhibits. Given that sizeable volume, it would take a lot of time to sort through the redactions on a document−by−document basis. It would consume disproportionate trial time to argue about the redactions, and it is hard to see how it could make a difference to the jury in the end. Everything in life is zero sum, and the costs of resolving the dispute about redactions might outweigh the benefits. So going forward, this Court directs the parties to recalibrate their objections and expectations accordingly. Consider whether it is worth it to argue about the redactions, because time spent on the redactions might come at the expense of trial time for more important matters (like in−court testimony). One final note. This Court doesn't know what it doesn't know. So, if there is some special reason why a particular document should be redacted, then this Court will hear it. But this Court assumes that the existence of a dispute will be rare. Mailed notice. (jjr, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.