## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **KRAFT FOODS GLOBAL, INC.**, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 1:11-cv-08808 |
| | ) | Judge Steven C. Seeger |
| **UNITED EGG PRODUCERS, INC.**, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANTS' MOTION TO DEEM FACTS ADMITTED

Defendants Rose Acre Farms, Inc., United Egg Producers, Inc., and United States Egg Marketers, Inc. ("Defendants")[1] respectfully move for an order deeming certain facts to have been admitted and conclusively established in this case.

### BACKGROUND

In opening statement to the jury on October 19, 2023, Plaintiffs' counsel said the following:

> You'll hear from the plaintiffs' purchasers. You'll hear from *** Kellogg. You'll hear from [Kellogg] that [it] never requested certified eggs.
>
> ***
>
> Until 2011, Nestle only requested certified eggs in one of its products, Haagen-Dazs ice cream. That was it. Again, after the conspiracy was over. They might point that out, but that was after the conspiracy was over.

(Oct. 19, 2023 Tr., Vol. 3-A, at 718, 719, attached as Exhibit A.)

Both of these statements, however, are contrary to Plaintiffs' previous written admissions. First, Plaintiffs already admitted that Plaintiff The Kellogg Company

---

[1] Defendant Cal-Maine Food, Inc. previously settled with Kellogg and, therefore, cannot join in this motion.

("Kellogg") requested UEP Certified eggs. Over nine years ago in the MDL, Plaintiffs responded to requests for admission served on all four Plaintiffs jointly in which they admitted multiple times that Kellogg required UEP Certified eggs from its suppliers.[2] Plaintiffs' answers, which they served on May 30, 2014, included the following admissions:

> 1.      Admit that You have purchased UEP Certified eggs or egg products.
>
> **RESPONSE:** Admitted.
>
> 2.      Admit that You have sought to purchase UEP Certified eggs or egg products.
>
> **RESPONSE:** Admitted with respect to Plaintiffs Kraft, Kellogg, and Nestle. Denied as to Plaintiff General Mills.
>
> 3.      Admit that You have communicated with one or more of Your suppliers regarding the purchase of eggs or egg products that were UEP Certified.
>
> **RESPONSE:** Admitted with respect to Plaintiffs Kraft, Kellogg, and Nestle. Denied as to Plaintiff General Mills.
>
> 4.      Admit that you have requested that one or more of Your suppliers provide You with UEP Certified eggs or egg products.
>
> **RESPONSE:** Admitted with respect to Plaintiffs Kraft, Kellogg, and Nestle. Denied as to Plaintiff General Mills.
>
> 5.      Admit that You have requested that one or more of the Defendants provide you with eggs or egg products that were UEP Certified.
>
> **RESPONSE:** Admitted with respect to Plaintiffs Kraft, Kellogg, and Nestle. Denied as to Plaintiff General Mills.

---

[2] Defendants served their requests for admission on August 5, 2013. A copy of Defendants' requests for admission are attached as Exhibit B. Among other things, the requests asked for responsive information between January 1, 1999, through December 31, 2008. The requests also defined the terms "You" and its derivations to include all four Plaintiffs.

6.      Admit that You have required that one or more of Your suppliers provide you with eggs or egg products that were UEP Certified.

**RESPONSE:** Admitted with respect to Plaintiffs Kraft, Kellogg, and Nestle.  Denied as to Plaintiff General Mills.

7.      Admit that You have required one or more of the Defendants provide You with eggs or egg products that were UEP Certified.

**RESPONSE:** Admitted with respect to Plaintiffs Kraft, Kellogg, and Nestle.  Denied as to Plaintiff General Mills.

(The Kraft Plaintiffs' Objections and Responses to Defendants' First Set of Requests for Admission, served on May 30, 2014, attached as Exhibit C.)[3]

Second, Plaintiff Nestle USA, Inc. ("Nestle") admitted that one of its products – and not Haagen-Dasz – purchased UEP Certified eggs starting in 2006.  In a written stipulation that Nestle provided in the MDL in July 2014 to avoid having to reproduce the company's Rule 30(b)(6) designee, Nestle stipulated that Dreyer's ice cream began demanding UEP Certified eggs in 2006:

b.      In 2006, Dreyer's, a Nestle[] affiliate, began to include UEP certification as a requirement for the sugared yolks that Dreyer's purchased from Michael Foods, and thereafter purchased UEP Certified egg products from Michael Foods.

***

e.      Dreyer's chose to require UEP Certified eggs in 2006 because it was concerned about unfavorable comparisons between itself and Ben & Jerry's, which had made announcements about changing its

---

[3] Plaintiffs often referred to themselves collectively in the MDL as the "Kraft Plaintiffs."  *See, e.g.,* Notice of Appeal, MDL, ECF No. 1746.

3

> egg sourcing practices based on animal welfare concerns, and
> because of pressure from senior management due to outside
> pressure based on animal welfare concerns.  Specifically,
> representatives from the Humane Society of the United States
> contacted Nestle.

(Stipulation, July 10, 2014, attached as Exhibit D.)

## LAW AND ARGUMENT

### A.  Kellogg Is Bound By Its Admissions.

Rule 36(b) provides that a matter admitted is "conclusively established unless the court, on motion, permits the admission to be withdrawn or amended.  Fed. R. Civ. P. 36(b).  As the Seventh Circuit has explained, "Rule 36 allow parties to narrow the issues to be resolved at trial by effectively eliminating those matters on which the parties agree."  *United States v. Kasuboski*, 834 F.2d 1345, 135 (7th Cir. 1987).  An admission under Rule 36 is considered a judicial admission.  *See Kohler v. Leslie Hidman, Inc.*, 80 F.3d 1181, 1185 (7th Cir. 1996).  "'A judicial admission trumps evidence,' and, indeed, bars a party from offering evidence contrary to the admission."  *McCarthy v. Target Corp.*, No. 09 C 1548, 2012 U.S. Dist. LEXIS 50561, at *24 (N.D. Ill. March 19, 2012).  Otherwise, "[u]nless the party securing an admission can depend on its binding effect," the purpose of the rule would be defeated.  *Chicago Dist. Council of Carpenters Pension Fund v. P.M.Q.T., Inc.*, 169 F.R.D. 336, 341 (N.D. Ill. 1996).

A court may allow a party to withdraw an admission upon motion but only if (1) withdrawal "promote[s] the presentation of the merits of the action," Fed. R. Civ. P. 36(b), and (2) the nonmoving party would not be prejudiced by the withdrawal.  *See*

*Rodgers v. Allen*, No. 05 C 3540, 2009 U.S. Dist. 63210, at *14-20 (N.D. Ill. July 21, 2009). If the case has reached the final pretrial conference order stage or beyond, Rule 36(b) imposes a higher burden for the party seeking to withdraw an admission. Specifically, any withdrawal is subject to Rule 16(e) which allows a final pretrial order to be amended "only to prevent manifest injustice." *See* Fed. R. Civ. P. 16(e). And "[o]nce trial begins, a more restrictive standard is to be applied in permitting a party to withdraw or amend an admission." *999 v. C.I.T. Corp.*, 776 F.2d 866, 869 (9th Cir. 1985); *see also Rodgers v. Allen*, No. 05 C 3540, 2009 U.S. Dist. LEXIS 63210, at *17 (N.D. Ill. July 21, 2009) ("[C]ourts have applied a more stringent standard in cases where the request to withdraw admissions comes after a trial has begun.").

Here, Kellogg is bound by its admissions that it previously required UEP Certified eggs. Plaintiffs have failed to file a motion withdrawing Kellogg's multiple admissions, and they have failed to show that withdrawal would promote the presentation of the merits. If that were not enough, the prejudice that Defendants would suffer if Kellogg were allowed to withdraw its admissions would be substantial. The fact that Kellogg, Nestle, and Kraft demanded Certified eggs is material to Defendants' defense. It undercuts Plaintiffs' claim that the Certified Program was a sham and not created in response to customer demand. And because Plaintiffs admitted that they requested UEP Certified eggs, Defendants did not take additional discovery on these facts. (Indeed, Nestle strategically exchanged the stipulation in order to steer clear of a 30(b)(6) deposition.)

Moreover, this case is not just long past the final pretrial conference and order stage; trial has begun. This point is not purely academic. Relying on the admission,

defense counsel in their openings represented to the jury that Kellogg had in fact demanded Certified eggs. Counsel cannot un-ring that bell. To allow Kellogg to withdraw its admissions now would be fundamentally unfair and extremely prejudicial. In accordance with Rule 36(b), Kellogg's admissions conclusively establish that it required UEP Certified eggs.

### B. Nestle Is Bound By Its Stipulation.

By the same token, Nestle is bound by the admission in its stipulation that it began requiring UEP Certified eggs in 2006 for one of its products – Dreyer's ice cream. The stipulation is a judicial admission. "Judicial admissions are formal concessions in the pleadings, or stipulations by a party or its counsel, that are binding upon the party making them." *Keller v. United States*, 58 F.3d 1194, 1199 n.8 (7th Cir. 1995). "They may not be controverted at trial[.]" *Id.*

Plaintiffs' statement in opening that only Haagen-Dasz required UEP Certified eggs and only after the alleged conspiracy ended is materially inconsistent with Nestle's stipulation. Nestle is bound by that stipulation.

### C. The Court Should Instruct The Jury On These Admissions.

Defendants respectfully request that the Court deem admitted the facts contained in Kellogg's Rule 36 admissions and in Nestle's stipulation. Because "[a]n admission that is not withdrawn or amended cannot be rebutted by contrary testimony," *Fawcett v. Ditkowsky*, No. 90 C 6402, 1992 U.S. Dist. LEXIS 577, at *12 (N.D. Ill. Jan. 16, 1992) (quoting *American Auto Ass'n v. AAA Legal Clinic*, 930 F.2d 1117, 1120 (5th Cir. 1991)), Defendants request an order prohibiting Plaintiffs from eliciting testimony or presenting other evidence contrary to the admitted facts. Defendants further request that the Court

read Kellogg's admissions and Nestle's stipulation to the jury at a time of Defendants' choosing. The Court also should include a final jury instruction making clear that these specific facts are conclusively established against Kellogg and Nestle, respectively.

**CONCLUSION**

For each of the foregoing reasons, Defendants respectfully request that the Court grant their Motion to Deem Facts Admitted.

Dated: October 23, 2023     Respectfully submitted,

            */s/ James A. King*
            James A. King (jking@porterwright.com
            Allen T. Carter (acarter@porterwright.com)
            PORTER, WRIGHT, MORRIS &
            ARTHUR LLP
            41 South High Street, Suite 2900
            Columbus, OH 43215
            Tel: (614) 227-2000

            Donald M. Barnes
            (dbarnes@porterwright.com)
            Jay L. Levine (jlevine@porterwright.com)
            PORTER, WRIGHT, MORRIS &
            ARTHUR LLP
            2020 K Street, N.W., Suite 600
            Washington, D.C. 20006-1110
            Tel: (202) 778-3000

            ***Counsel for Defendant Rose Acre Farms, Inc.***

*/s/ Robin P. Sumner*
Robin P. Sumner
(robin.sumner@troutman.com)
Kaitlin L. Meola
(kaitlin.meola@troutman.com)
TROUTMAN PEPPER
HAMILTON SANDERS LLP
3000 Two Logan Square, 18th
and Arch Streets
Philadelphia, PA 19103-2799
Tel: (215) 981-4000

Whitney R. Redding
(whitney.redding@troutman.com)
TROUTMAN PEPPER
HAMILTON SANDERS LLP
Union Trust Building
501 Grant Street, Suite 300
Pittsburgh, PA 15219-4429
Tel: (412) 454-5085

Molly DiRago
(Molly.DiRago@troutman.com)
TROUTMAN PEPPER
HAMILTON SANDERS LLP
227 West Monroe Street, Suite
3900
Chicago, IL 60606
Tel: (312) 759-1923

***Counsel for Defendants United
Egg Producers, Inc. & United
States Egg Marketers, Inc.***