IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: PROCESSED EGG PRODUCTS
ANTITRUST LITIGATION

MDL No. 2002
2:08-md-02002

THIS DOCUMENT RELATES TO:
ALL DIRECT PURCHASER ACTIONS

## STIPULATION

WHEREAS, on April 25, 2014, Direct Action Plaintiff Nestle USA, Inc. ("Nestle"), produced a Rule 30(b)(6) witness to testify pursuant to Defendants' Amended Notice of Deposition of Plaintiff Nestle USA, Inc., pursuant to Fed. R. Civ. P. 30(b)(6) ("Notice");

NOW THEREFORE, to resolve a dispute regarding the preparation of Nestle's Rule 30(b)(6) witness, Nestle, through its undersign counsel, hereby STIPULATES and ADMITS that the following representations are true and correct, and shall have the same force and effect as an admission under Fed. R. Civ. P. 36:

a. In 2004, 2006 and 2008, Michael Foods made proposals to Nestle under which the price Nestle would pay for egg products would be determined under a grain-based formula. In 2008, Rose Acre also made a proposal to Nestle under which the price Nestle would pay for egg products would be determined under a grain-based formula.

b. In 2006, Dreyer's, a Nestle's affiliate, began to include UEP certification as a requirement for the sugared yolks that Dreyer's purchased from Michael Foods, and thereafter purchased UEP Certified egg products from Michael Foods.

11463620v1

c. In 2006, Michael Foods and Nestle discussed a price premium for UEP certified egg products for Dreyer's, which Nestle thereafter paid to Michael Foods to purchase UEP Certified egg products for Dreyer's. The price premium was required to cover increased costs to produce eggs in compliance with the UEP certified guidelines.

d. Apart from the above-referenced purchases by Dreyer's, Nestle continued to purchase egg products from Michael Foods without requiring UEP certification.

e. Dreyer's chose to require UEP Certified eggs in 2006 because it was concerned about unfavorable comparisons between itself and Ben & Jerry's, which had made announcements about changing its egg sourcing practices based on animal welfare concerns, and because of pressure from senior management due to outside pressure based on animal welfare concerns. Specifically, representatives from the Humane Society of the United States contacted Nestle.

Dated: July 10, 2014

*Richard P. Campbell*
Richard P. Campbell
JENNER & BLOCK, LLP
353 North Clark Street
Chicago, IL 60654-3456
Telephone: (312) 923-2818
Facsimile: (312) 923-2918

*Counsel for Plaintiff Nestle USA, Inc*