# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| KRAFT FOODS GLOBAL, INC., THE KELLOGG COMPANY, GENERAL MILLS, INC., and NESTLÉ USA, INC., ) ) ) ) | |
| Plaintiffs, ) ) | No. 1:11-cv-08808 |
| v. ) ) | Judge Steven C. Seeger |
| UNITED EGG PRODUCERS, INC., UNITED STATES EGG MARKETERS, INC., CAL-MAINE FOODS, INC., and ROSE ACRE FARMS, INC. ) ) ) ) ) | |
| Defendants. ) ) | |

## PLAINTIFFS' MOTION FOR REMOTE TESTIMONY

Plaintiffs respectfully move the Court to permit remote testimony of a former Nestlé employee, Mr. Steven Feyman. In support of this Motion, Plaintiffs state as follows:

1. Steven Feyman served as group manager, raw ingredients at Nestlé starting in 2008. He testified in this matter on April 25, 2014. (Dkt. 392 at Ex. 17.) Mr. Feyman retired from Nestlé in 2015. (See Declaration of Steven Feyman, attached hereto as Ex. A).

2. Mr. Feyman is retired and living in Florida. Plaintiffs contacted Mr. Feyman in 2022 to secure his testimony and disclosed Mr. Feyman as a witness in their first pretrial exchange on July 22, 2022. (See A. Allen July 22, 2022 Email attaching Plaintiffs' Initial Witness List, attached hereto as Ex. B.) Mr. Feyman was also identified in the Plaintiffs' Pretrial Order Will Call Witness Lists at Dkts. 279-4 and Dkt. 289-4.

3. On Friday, October 13, 2023, Mr. Feyman notified Nestle's counsel, Doug Besman, that "I need the attorneys in Chicago to arrange for my testimony via Zoom. I will not be able to travel to Chicago due to personal reasons." (See D. Besman October 13, 2023 email chain, attached

hereto as Ex. C.). After discussing the matter with Mr. Feyman, counsel for the Plaintiffs worked with Mr. Feyman to prepare his declaration attached as Ex. A.

4. As noted by this Court in its Order permitting remote testimony of a defense witness in this case, Mr. Gary Pickett, Federal Rules of Civil Procedure 43(a) provide a narrow exception to witness testimony in open court "[f]or good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." Fed. R. Civ. P. 43(a).

5. With respect to Mr. Pickett, this Court found such compelling circumstances where "Pickett is a retiree. He is potentially vulnerable to COVID-19. And so are members of his immediate family. It is hard to fault someone who wants to protect his family's health." (Dkt. 275 at p. 6.) The Court noted:

> The Court has no reason to think that Pickett is trying to avoid in-person testimony for any improper purpose. And, depending on how things go, the shoe might be on the other foot. Maybe one of Plaintiffs' witnesses will become unavailable, and need some special latitude for medical reasons. If so, the Court will apply an even-handed approach.

(Id.)

6. And while the Plaintiffs rely on the Pickett order for the relief they seek here, it is important to note that these circumstances are very different. Mr. Feyman was disclosed and deposed years ago. Mr. Pickett was never deposed, and was only disclosed to Plaintiffs for the first time on July 15, 2023. (Id. at p. 2-3.)

7. In any event, due to the unexpected circumstances described by Mr. Feyman in his Declaration at Exhibit A, Mr. Feyman is no longer willing to travel to Chicago to testify. Without Mr. Feyman's remote testimony, the Plaintiffs' only alternative will be to play another deposition designation to the jury. This is an old case and finding witnesses who were both around at the time at issue, and available now, has proven difficult. For example, Plaintiffs do not have a live General Mills witness and will instead rely on video designations. And while Plaintiffs appreciate that live

testimony is greatly preferred, Mr. Feyman had circumstances unexpectedly change such that he is no longer willing to testify in person.

8. Like Mr. Pickett, Mr. Feyman is retired. And like Mr. Pickett, Mr. Feyman is unable to travel due to the needs of his family and household. But of note, and unlike Mr. Pickett, Defendants will not be prejudiced by any late disclosure because Mr. Feyman was properly disclosed and Defendants deposed him years ago. In sum, Plaintiffs request that this Court find compelling circumstances to permit the remote testimony of Mr. Feyman.

October 23, 2023

Respectfully submitted,

***Counsel for Plaintiffs Kraft Foods Global, Inc., General Mills, Inc., Nestlè USA, Inc. and The Kellogg Company***

 /s/ *Brandon D. Fox*
James T. Malysiak
Joel T. Pelz
Angela M. Allen
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654
Tel: (312) 222-9350
Fax: (312) 527-0484
jmalysiak@jenner.com
jpelz@jenner.com
aallen@jenner.com

Brandon D. Fox
Amy M. Gallegos (*admitted pro hac vice*)
JENNER & BLOCK LLP
515 S. Flower St.,
Suite 3300
Los Angeles, CA 90071
Tel: (213) 239-5100
Fax: (213) 239-5199
bfox@jenner.com
agallegos@jenner.com