UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KRAFT FOODS GLOBAL, INC., THE KELLOGG COMPANY, GENERAL MILLS, INC., and NESTLÉ USA, INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | No. 1:11-cv-08808 |
| v. | ) ) | Judge Steven C. Seeger |
| UNITED EGG PRODUCERS, INC., UNITED STATES EGG MARKETERS, INC., CAL-MAINE FOODS, INC., and ROSE ACRE FARMS, INC. | ) ) ) ) ) ) | |
| Defendants. | ) | |

**PLAINTIFFS' PROPOSED LIMITING INSTRUCTIONS**

Plaintiffs propose the following in-trial limiting instructions to address testimony elicited or arguments made by Defendants:

1. **Coconspirators Lost Money**

It is plaintiff's burden to prove by a preponderance of the evidence that the defendants engaged in a conspiracy to restrict the egg market to increase the price of eggs. If you find that the plaintiffs have met this burden, it is not a defense to claim that a defendant or co-conspirator did so to avoid losing money.

2. **Role Of The USDA**

You [will now hear] [have just heard] testimony referring to the United States Department of Agricultural, referred to as the USDA. Among other things, the USDA is involved in agricultural

issues, including animal welfare. The USDA is not involved in enforcing antitrust law. Statements, actions, and inaction of the USDA have no bearing on the issues you are to decide.[1]

### 3. Responsibility of Conspirators

You have heard Cal-Maine elicit testimony that it did not sell to the plaintiffs. Under the law, it does not matter if a conspirator sold to one of the Plaintiffs. A member of a conspiracy is liable for the actions of all members of the conspiracy, not just its own actions. Thus, if you find a company joined the conspiracy alleged in this case, that company is responsible for any harms suffered by a Plaintiff that were caused by any member of the conspiracy. Its responsibility is not limited to harms resulting from its own sales.[2]

### 4. Impact of State Laws

You [have heard] [are about to hear] testimony about state laws relating to animal welfare that were enacted after 2008. State laws enacted after 2008 are not relevant to whether defendants conspired to violate the antitrust laws before those laws were passed. A decision to do something today obviously cannot be explained by something that takes place tomorrow.

You may consider evidence about state laws passed after 2008 only for the limited purpose of whether the alleged conspiracy, or some other cause, contributed to the injury claimed by the Plaintiffs' during the time period between whenever the laws were passed and 2012, which is the end of the damage period claimed by Plaintiffs. You may not consider it for any other purpose.

---

[1] Dkt. 296, Order granting, in large part, Plaintiffs' motion *in limine* to exclude any reference to the action or inaction of any federal or state antitrust regulator or the USDA (Dkt. No. 178) (September 19, 2023).

[2] Tr. of Proc., Oct. 16, 2023, at 32-34; Court's Preliminary Instructions, Tr of Proc., Oct. 19, 2023, at 648 ("if you find that a defendant or an alleged co-conspirator is a member of a conspiracy, it is … responsible for all actions taken by all co-conspirators during and in furtherance of the conspiracy until it's shown that the conspiracy has been completed or abandoned").

State laws enacted after the conduct of Defendants that Plaintiffs complain of in this trial are not relevant to explain why the Defendants took those actions.[3]

### 5. Animal Welfare Is Not An Antitrust Defense

You have just heard testimony about animal welfare. This is an antitrust case. In evaluating whether a measure violated the antitrust laws, you are only to consider the effect on competition. Concern about animal welfare is not to be considered. Examples of positive effects on competition include higher output, lower price, lower costs, greater efficiency, and more consumer choice and consumer satisfaction.[4]

### 6. Other Injury Evidence After 2008

You [have heard] [are about to hear] testimony about [type of injury evidence] after 2008. [Description of evidence] after 2008 are not relevant to whether defendants conspired to violate the antitrust laws before [description of evidence]. A decision to do something today obviously cannot be explained by something that takes place tomorrow.

You may consider evidence about [description of evidence] after 2008 only for the limited purpose of whether the alleged conspiracy, or some other cause, contributed to the injury claimed by the Plaintiffs' during the time period between whenever the statements were made and 2012, which is the end of the damage period claimed by Plaintiffs. You may not consider that evidence for any other purpose. [Description of evidence] after the conduct of Defendants that Plaintiffs complain of in this trial are not relevant to explain why the Defendants took those actions.[5]

---

[3] Dkt. 286, p. 13.
[4] Dkt. 292, Order denying, in part, Plaintiffs' motion *in limine* to exclude evidence after 2008 (Dkt. No. 173) (September 15, 2023), at 14, 16, 19.
[5] Dkt. 286, p. 13.

October 24, 2023  Respectfully submitted,

*Counsel for Plaintiffs Kraft Foods Global, Inc., General Mills, Inc., Nestlè USA, Inc. and The Kellogg Company*

<u>/s/ *Brandon D. Fox*</u>
Brandon D. Fox
Amy M. Gallegos (*pro hac vice*)
JENNER & BLOCK LLP
515 South Flower St, Suite 3300
Los Angeles, CA 90071
Tel: (213) 239-5100
Fax: (213) 239-5199
bfox@jenner.com
agallegos@jenner.com

James T. Malysiak
Joel T. Pelz
Andrianna D. Kastanek
Angela M. Allen
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654-3456
Tel: (312) 222-9350
Fax: (312) 527-0484
jmalysiak@jenner.com
jpelz@jenner.com
akastanek@jenner.com
aallen@jenner.com