IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **KRAFT FOODS GLOBAL, INC.**, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 1:11-cv-08808 |
| | ) | Judge Steven C. Seeger |
| **UNITED EGG PRODUCERS, INC.**, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS'
MOTION *IN LIMINE* TO ADMIT BUSINESS RECORDS OF MICHAEL FOODS INC.**

Defendants United Egg Producers, Inc., United States Egg Marketers, Inc., Cal-Maine Foods, Inc., and Rose Acre Farms, Inc. (collectively, "Defendants") respectfully oppose Plaintiffs' Motion *In Limine* to Admit Business Records of Michael Foods, Inc. Pursuant to Federal Rules of Evidence 803(6) and 902(11). (ECF No. 356.) Three of the four documents in Plaintiffs' motion do not qualify for admission under Rule 803(6). (*See* ECF No. 357.)

**Objections**

Plaintiffs seek to admit four documents of Michael Foods, Inc. ("Michael Foods") as business records under Federal Rules of Evidence 803(6) and 902(11). Of those four documents, Defendants never objected to Plaintiffs' Exhibit 600, and Defendants do not oppose that document in this response because it is not hearsay.

Defendants object to the remaining three documents produced by Michael Foods.

- **Exhibit 101:**[1] This email between Michael Foods employees discusses potential phase-in proposals if Michael Foods were to join the UEP Certified Program. Plaintiffs fail to

---

[1] Exhibits 101 and 132 predate the application of Michael Foods to join the UEP Certification Program (*see* Plaintiffs' Exhibit 600), and do not qualify as co-conspirator statements for that reason. (*See* ECF No. 294 at 37.) Failing there, Plaintiffs have adopted a different tactic, Rule 803(6).

establish that these program projections were a regularly-conducted business activity, nor that these program participation projections, if regularly conducted, were circulated by email on a regular basis. This exhibit does not qualify as a business record under Rule 803(6) because Plaintiffs do not establish that this email was regularly recorded and not merely a "form of conversation."

- **Exhibit 132:** This exhibit is an email conversation between Michael Foods employees Terry Baker and Gregg Ostrander, among others. The subject line is "Impact Analsis [*sic*] – UEP Program"; it discusses what Mr. Baker believes to be the projected impact to Michael Foods if it joined the UEP Animal Care Certified program. Mr. Ostrander replies to the original email with questions for Mr. Baker, to which Mr. Baker responds. This exhibit is inadmissible under 803(6) because Plaintiffs fail to establish that this communication is a regularly-recorded document and not merely a "form of conversation." Further, Plaintiffs do not establish that conversations about the projected impact of the Certified program on Michael Foods' business were conducted on a regular basis, as is required for a record of "business activity" to qualify under Rule 803(6).

- **Exhibit 407:** This is a transcript of a Michael Foods Quarterly Earnings Call from August 12, 2008, which was prepared by an outside vendor, Thomson StreetEvents. Because the exhibit is a word-for-word transcript of an earnings call, there is double hearsay throughout, involving statements from at least seven participants (five of whom are not affiliated with Michael Foods). Thus, the transcript cannot be admitted solely on the business records hearsay exception, and Plaintiffs must identify an independent basis for the admission of the double hearsay statements. This transcript also does not qualify as a business record of Michael Foods because it was not prepared by Michael Foods; rather, it was transcribed by an outside entity. Thus, it is not a record kept in the course of a regularly conducted activity *by* Michael Foods, and Michael Foods' Rule 902(11) certification is insufficient to lay a foundation for its admission as a business record.

Rule 803(6) has three essential elements: "(1) the document must be prepared in the normal course of business; (2) it must be made at or near the time of the events it records; and (3) it must be based on the personal knowledge of the entrant or on the personal knowledge of an informant having a business duty to transmit the information to the entrant." *Datamatic Servs. v. United States*, 909 F.2d 1029, 1032 (7th Cir. 1990).

Case law has consistently held that emails represent a "form of conversation" that is not typically included within the exception in Rule 803(6). *See, e.g.*, *Freedman v. Am. Guardian Holdings, Inc.*, No. 1:16-cv-11039, 2021 U.S. Dist. LEXIS 149266, *11-12 (N.D. Ill. Aug. 9,

2021) (quoting *United States v. Daneshvar*, 925 F.3d 766, 777 (6th Cir. 2019)) ("Emails are not business records under Rule 803(6) merely because 'employees regularly conduct business through emails.'"). "When emails represent a 'form of conversation,' the content of the emails does not fall within the hearsay exception of Rule 803(6)." *Id.* at *12. Likewise, a document does not qualify as a business record if it is a "one-off" – that is, it is not an activity that is both regularly conducted and regularly recorded. *See Pierce v. Atchinson, T & S.F. Ry.*, 110 F.3d 431, 444 (7th Cir. 1997).

Here, Plaintiffs' Exhibits 101 and 132 are not the sort of records created "consistently and conscientiously" to qualify as business records under 803(6). *See United States v. Ramsey*, 785 F.2d 184, 192 (7th Cir. 1986). These exhibits are mere emails between Michael Foods employees and represent nothing more than a "form of conversation." Exhibits 101 and 132 contain discussions of discrete one-off subjects between employees; they do not qualify as the routine and systematic business recordings required by Rule 803(6).

Call or interview transcripts may qualify as business records if they meet the basic requirements of Rule 803(6), but they are also particularly susceptible to double-hearsay problems because they include statements of persons other than the record entrant. *See* Fed. R. Evid. 805; *see also United States v. Borrasi*, 639 F.3d 774, 778-780 (7th Cir. 2011) (quoting *United States v. Christ*, 513 F.3d 762, 769 (7th Cir. 2008)) ("[S]tatements made by third parties in an otherwise admissible business record cannot properly be admitted for their truth unless they can be shown independently to fall within a recognized hearsay exception."). And if a transcript is a business record of someone *other than the proponent* of the record, the proponent must still lay an adequate foundation through "testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11)." *See* Rule 803(6)(D).

3

The transcript from the Michael Foods quarterly earnings call is brimming with double hearsay with no applicable hearsay exception. *See Gulf Ins. v. Kingman*, 1995 U.S. App. LEXIS 18929, at *6 (7th Cir. July 20, 1995) (affirming district court's exclusion of interview transcript containing double hearsay without an independent hearsay exception); *Essex Ins. Co. v. Fid. & Guar. Ins. Underwriters, Inc.*, 282 F. App'x 406, 411 (6th Cir. 2008) (affirming district court's exclusion of interview transcript because the transcript contained internal hearsay statements: "the transcript is hearsay within hearsay, and therefore needs an exception to cover both layers to be admissible"). Plaintiffs have not provided an independent basis for the admission of the statements in the transcript, so the transcript should be excluded.

Additionally, the transcript is not a business record belonging to Michael Foods because the earnings call was transcribed by a third-party vendor, Thomson StreetEvents (now Thomson Reuters). The transcript may be a business record of Thomson StreetEvents, but it is not a business record of Michael Foods and therefore cannot be admitted as such. *See Gulf Ins.*, 1995 U.S. App. LEXIS 18929 at *6 (interview transcript cannot be admitted as a business record of the proponent when the interview was transcribed by an independent insurance adjuster); *cf. Chapman v. Milford Towing & Serv.*, 499 F. App'x 437, 446 (6th Cir. 2012) (interview transcript admitted as a business record even though the proponent of the record did not create it, because a "qualified witness" from the insurance company that made the transcript laid the foundation for admitting the transcript as a business record). Michael Foods did not create the earnings call transcript, and the certification provided by a Michael Foods employee does not establish that he is qualified to testify on behalf of Thomson StreetEvents; the Rule 902(11) certification by Michael Foods is therefore insufficient to lay a foundation for the transcript's admission as a business record. *See* Fed. R. Evid. 902(11) (certification must be made by "the custodian or

4

another qualified person"); *Castro v. DeVry Univ., Inc.*, 786 F.3d 559, 578 (7th Cir. 2015) (a "qualified witness" must be someone "familiar with [the business's] record-keeping practices."); *United States v. Reese*, 666 F.3d 1007, 1017 (7th Cir. 2012) ("A qualified witness need not be the author of the document but must have personal knowledge of the procedure used to create and maintain the document.").

## Conclusion

For the foregoing reasons, Defendants respectfully request that this Court deny Plaintiffs' Motion *In Limine* to Admit Business Records of Michael Foods Inc. Pursuant to Federal Rules of Evidence 803(6) and 902(11).

Dated: October 25, 2023                                         Respectfully submitted,

*/s/ James A. King*
James A. King (jking@porterwright.com)
Allen T. Carter (acarter@porterwright.com)
PORTER, WRIGHT, MORRIS & ARTHUR LLP
41 South High Street, Suite 2900
Columbus, OH 43215
Tel: (614) 227-2000

Donald M. Barnes (dbarnes@porterwright.com)
Jay L. Levine (jlevine@porterwright.com)
PORTER, WRIGHT, MORRIS & ARTHUR LLP
2020 K. Street, N.W., Suite 600
Washington, D.C. 20006-1110
Tel: (202) 778-3000

**Counsel for Defendant Rose Acre Farms, Inc.**

*/s/ Robin P. Sumner*
Robin P. Sumner
(robin.sumner@troutman.com)
Kaitlin L. Meola
(kaitlin.meola@troutman.com)
TROUTMAN PEPPER HAMILTON
SANDERS LLP
3000 Two Logan Square, 18th and Arch Streets
Philadelphia, PA 19103-2799
Tel: (215) 981-4000

Whitney R. Redding
(whitney.redding@troutman.com)
TROUTMAN PEPPER HAMILTON
SANDERS LLP
Union Trust Building
501 Grant Street, Suite 300
Pittsburgh, PA 15219-4429
Tel: (412) 454-5085

Molly DiRago
(Molly.DiRago@troutman.com)
TROUTMAN PEPPER HAMILTON
SANDERS LLP
227 West Monroe Street, Suite 3900
Chicago, IL 60606
Tel: (312) 759-1923

***Counsel for Defendants United Egg Producers, Inc. & United States Egg Marketers, Inc.***

*/s/ Patrick M. Collins*
Patrick M. Collins (pcollins@kslaw.com)
Livia M. Kiser (lkiser@kslaw.com)
Patrick M. Otlewski (potlewski@kslaw.com)
Abigail Hoverman Terry (aterry@kslaw.com)
KING & SPALDING LLP
110 North Wacker Drive, 38th Floor
Chicago, IL 60606
Tel: (312) 995-6333

Lohr Beck (lohr.beck@kslaw.com)
(pro hac vice)
KING & SPALDING LLP
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309
Tel: (404) 572-2812

Brian E. Robison (brian@brownfoxlaw.com)
(pro hac vice)
BROWN FOX PLLC
6303 Cowboys Way, Suite 450
Frisco, TX 75034
Tel: (972) 707-2809

***Counsel for Defendant Cal-Maine Foods, Inc.***