IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **KRAFT FOODS GLOBAL, INC.**, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 1:11-cv-08808 |
| | ) | Judge Steven C. Seeger |
| **UNITED EGG PRODUCERS, INC.**, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT ROSE ACRE FARMS, INC.'S MOTION IN LIMINE
SEEKING LEAVE TO INTRODUCE EVIDENCE AND ELICIT
TESTIMONY OF CUSTOMER DEMAND AFTER 2012 AND UNTIL TODAY**

In Plaintiffs' case-in-chief, they assert that the UEP Certified Program was a pretext designed to mask an egg supply reduction program. As counsel for Plaintiffs made clear during opening, Plaintiffs allege: "This was not a real animal welfare program." (Tr., Oct. 19, 2023, Vol. 3-A at 690.) After calling two witnesses, one by deposition (Donald Bell) and one live (Dolph Baker), it is clear that Plaintiffs' criticisms of the UEP Certified Program and their challenge to the legitimacy of the UEP's Animal Husbandry Guidelines for U.S. Egg Laying Flocks are central to their case and a key issue for the jury.

Although much of their case is dedicated to attacking the UEP Certified Program, Plaintiffs insist that Defendants are limited in how they can respond to these attacks. Plaintiffs contend, based on the Court's motion *in limine* orders on evidence dated after 2008 (*see* ECF Nos. 292 & 354), that any evidence after 2008 is relevant only to injury. And under no circumstances should any evidence after 2012 – the end date for Plaintiffs' damages claim – be allowed.

Defendant Rose Acre Farms, Inc. ("Rose Acre") disagrees. In particular, Rose Acre contends that continued customer demand, including from some of these very Plaintiffs, is relevant to rebut the charge that the Certified Program was not a legitimate animal welfare program. In fact, several of Rose Acre's customers have publicly used their demand for Certified eggs to demonstrate their concern for animal welfare issues. Some of that evidence is dated after 2008, and some is after 2012. Some is even more recent. If customers, including Plaintiffs, even today continue to demand Certified eggs and tout it publicly, then that evidence is relevant to the credibility of Plaintiffs' allegations that the UEP Certified Program is not a legitimate animal welfare program. Plaintiffs' opened the case by stating that the Certified Program is a sham, opening the door for Defendants to introduce evidence that Plaintiffs continue to tout their suppliers' certification by UEP as evidence of Plaintiffs' own belief that animals deserve to be treated humanely.

At the prior trial involving the supermarkets, the evidence included customers' public statements after 2012, even those close in time to trial. Rose Acre used those statements in the same manner it will use them here, to rebut Plaintiffs' attack against the bona fides of the UEP Certified Program. The statements admitted in the prior trial included plaintiffs' public pronouncements of support. (*See, e.g.*, Ex. A, Nov. 15, 2019, DAP Trial Tr. at 121:21-127:6.) Rose Acre seeks to elicit and introduce similar evidence here.

If Plaintiffs' opening statements were not enough, Plaintiffs have swung the door wide open to contrary rebuttal evidence during counsel's re-cross examination of Cal-Maine witness Dolph Baker on October 25, 2023. In the course of an exchange between counsel and Mr. Baker on the permitted use of "A frame" cages under the Certified Program, counsel asked and Mr.

2

Baker answered questions related to the effect of the Certified Program on those cages "even today."

> Q. And these cages could be in existence for up to 30 years, correct?
>
> A. Yes. The life of the cage.
>
> Q. Life of a cage. So despite the age of the cage, **even today** under the animal welfare guidelines, producers could still be using A frame cages that allow feces to be dropped on hens below the cage, feces to be dropped from the above cage to hens on the lower cage, correct?
>
> A. That's what it says.
>
> ***
>
> Q. Mr. Collins took you through the 2010 guidelines. And you testified that it now had a minimum space requirement starting in 2010, correct?
>
> A. Correct.
>
> Q. But for any cages that had been built prior to that time, there was still the house average rule, correct?
>
> A. Yes. It was a transition, yes.
>
> Q. And the transition again could have been for another 30 years that the house average rule for those cages would still be in effect, correct?
>
> A. Correct.
>
> Q. So **even today** under the house average rule, if there is a cage built 20 years ago, let's say, producers could still be housing hens in less than the minimum standards, correct?
>
> A. Yes.

(Ex. B, Tr., Oct. 25, 2023 (Rough), at 52:4-12, 56:12-57:1 (emphasis added).)

Plaintiffs claim that evidence of their own and other customers' demands for the Certified Program after 2012 is irrelevant. But their examination of Mr. Baker has now made their demand for the program "even today" directly relevant.

3

The jury will not receive an accurate and balanced presentation of the Parties' evidence if Rose Acre is precluded from rebutting Plaintiffs' claims about the overall integrity of the Certified program. Rose Acre understands and respects this Court's even-handed consideration of evidentiary issues. To maintain such equity, Rose Acre respectfully requests the Court grant it leave to rebut Plaintiffs' claims through limited post-2012 evidence of their own and other customers' continued public pronouncements that certification by UEP is an acceptable animal welfare program their suppliers must follow.

Respectfully submitted

/s/ James A. King
James A. King (jking@porterwright.com)
Allen T. Carter (acarter@porterwright.com)
PORTER, WRIGHT, MORRIS & ARTHUR LLP
41 South High Street, Suite 2900
Columbus, OH 43215-6194
Tel: (614) 227-2000

Donald M. Barnes (dbarnes@porterwright.com)
Jay L. Levine (jlevine@porterwright.com)
PORTER, WRIGHT, MORRIS & ARTHUR LLP
2020 K Street, N.W., Suite 600
Washington, D.C. 20006-1110
Tel: (202) 778-3000

**Counsel for Defendant Rose Acre Farms, Inc.**