UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KRAFT FOODS GLOBAL, INC., THE KELLOGG COMPANY, GENERAL MILLS, INC., and NESTLÉ USA, INC., ) ) ) ) | |
| Plaintiffs, ) ) | No. 1:11-cv-08808 |
| v. ) ) | Judge Steven C. Seeger |
| UNITED EGG PRODUCERS, INC., UNITED STATES EGG MARKETERS, INC., CAL-MAINE FOODS, INC., and ROSE ACRE FARMS, INC. ) ) ) ) ) | |
| Defendants. ) | |

**PLAINTIFFS' MOTION TO STRIKE
PORTIONS OF DOLPH BAKER'S TESTIMONY**

Plaintiffs respectfully move to strike portions of the testimony of Dolph Baker regarding Defendants' Demonstrative 2. Mr. Baker testified he did not have personal knowledge regarding Demonstrative 2 and could not lay proper foundation to testify regarding Demonstrative 2. Furthermore, Demonstrative 2 did not independently illustrate Mr. Baker's testimony. Accordingly, Mr. Baker's testimony regarding Demonstrative 2 is inadmissible and must be excluded from the evidentiary record. F.R.E. 602, 901. Specifically, Plaintiffs move to strike Mr. Baker's testimony at 111:22-112:8, 116:1-118:19 of the rough October 25, 2023 trial transcript, attached hereto as Exhibit A.

**Argument**

"A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." F.R.E. 602. Mr. Baker's testimony established not only that he did not create the document or have personal knowledge about the document and its creation, but that he could not confirm the accuracy of the document.

On party cross examination, Mr. Baker claimed that the chart was "directionally accurate." (Tr., Oct. 25, 2023 (Rough), at 117:12-14.) Despite the witness's lack of familiarity with the document, he answered granular questions regarding the year-to-year data portrayed in the chart. (*See, e.g.*, *id.* at 118.) On redirect, Mr. Baker testified that the first time he saw Demonstrative 2 was either in opening statements or "getting prepared for litigation." (*id.* at 217:4-8.) Mr. Baker further testified he did not confirm the accuracy of the inflation numbers depicted in Demonstrative 2. (*Id.* at 218:12-14.) In fact, the only time Mr. Baker ever has reviewed inflation-adjusted prices of eggs from 1998 to 2008 was in connection with this case. (*Id.* at 218:7-11.) The sum of Mr. Baker's knowledge about Demonstrative 2 and inflation-adjusted shell egg prices comes from his attorneys. (*Id.* at 218:7-11.) That is not enough.

Demonstrative 2 is a truncated version of Figure 11 from the report of one of Defendants' economic experts, Dr. Walker. Defendants may elicit testimony about Demonstrative 2 from Dr. Walker or other experts. Mr. Baker is a fact witness who does not have knowledge of the document or the information it contains. Counsel cannot "just put a document up and just talk about it." (Tr., Oct. 25, 2023 (Rough), at 126:7.)

Mr. Baker cannot lay foundation to Demonstrative 2 and Plaintiffs respectfully request his testimony regarding the document be stricken.

October 25, 2023

Respectfully submitted,

***Counsel for Plaintiffs Kraft Foods Global, Inc., General Mills, Inc., Nestlé USA, Inc. and The Kellogg Company***

  /s/ *Brandon D. Fox*
Andrianna D. Kastanek
Angela M. Allen
Joel T. Pelz
Michael T. Brody
Christopher M. Sheehan

2

JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654
Tel: (312) 222-9350
Fax: (312) 527-0484
akastanek@jenner.com
aallen@jenner.com
jpelz@jenner.com
mbrody@jenner.com
csheehan@jenner.com


Brandon D. Fox
Amy M. Gallegos (*admitted pro hac vice*)
Sati Harutyunyan (*admitted pro hac vice*)
JENNER & BLOCK LLP
515 S. Flower St.,
Suite 3300
Los Angeles, CA 90071
Tel: (213) 239-5100
Fax: (213) 239-5199
bfox@jenner.com
agallegos@jenner.com
sharutyunyan@jenner.com