UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KRAFT FOODS GLOBAL, INC., *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 11-cv-8808 |
| | ) | |
| v. | ) | Hon. Steven C. Seeger |
| | ) | |
| UNITED EGG PRODUCERS, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## **RULINGS ON DEPOSITION DESIGNATIONS – MARCUS RUST**

### **March 6, 2014 Deposition**

| Testimony | Objection | Ruling |
|---|---|---|
| Ex. 548 (Plf. Tr. Ex. 709) | 802 (as to CMF, UEP and USEM) | Overruled. *See* Fed. R. Evid. 801(d)(2)(E). |
| 595:9-597:3 | 403 (as to word "Mexicans"--potential to inject bias into trial) | Overruled |
| Ex. 565 (Plf. Tr. Ex. 88) | 403 (as to word "Mexicans," interjects potential bias into case and word adds nothing to Plaintiffs' claims—would agree to redaction) | Overruled |

### **March 7, 2014 Deposition**

| Testimony | Objection | Ruling |
|---|---|---|
| 59:7-60:19 | 403 (as to 60:2 (at "No") to 60:16 (at "birds")--unfairly prejudicial description) | Sustained. *See generally* 9/19/23 Order, (Dckt. No. 302); Fed. R. Evid. 402, 403. |

| | | |
|---|---|---|
| 133:6-133:16 | 403 (misleading - questioner misspeaks and says UEP Export committee instead of USEM Export Committee. See Rust DPP Day 9 testimony at 105:23-106:1. Defendants propose a limiting instruction explaining that it was merely a misstatement) | Overruled. (Is there an Errata? *See* Fed. R. Civ. P. 30(e)(1)). |
| Rust Ex. 20 (Plf. Tr. Ex. 364) | 802 (as to CMF, UEP, USEM) | Overruled. *See* Fed. R. Evid. 801(d)(2)(E). |
| 198:23-199:23 | 802 | Sustained |
| Rust Ex. 30 (Plf. Tr. Ex. 719) | 802 (no exception for first level of hearsay, i.e. statements of article's author) | Sustained. No exception seems to apply to the first layer of hearsay, *i.e.*, that Rust actually said these words. *See Eisenstadt v. Centel Corp.*, 113 F.3d 738, 742 (1997).[1] Plaintiffs could impeach Mr. Rust with the article if any party calls him for live testimony. |
| 263:24-264:25 | 407 and MIL order on other lawsuits as to 264:21 (Beginning with "till maybe") - 265:7 | Overruled as to 264:21-25; sustained as to 265:1-7 (to the extent it is being offered at all). |
| 265:19 (ending at "came a time"); 265:20 (starting at "that you")-266:11 | 407 and MIL order on other lawsuits (as to 265:19-22) | Sustained as to 265:19-22 |
| 269:25-271:12 | 802 | Overruled. The last few lines (271:10-12) are an admission of a party opponent. |

---

[1] "The best candidate for a material misrepresentation is the one reported in the *Tribune* article, which the plaintiffs not implausibly interpret to mean that Centel was telling the investing public that 35 to 40 companies had visited the data room; this would indicate a very high level of interest because, as we said, visitors to the data room were only a subset of serious potential bidders. The article, however, is hearsay: an out-of-court statement offered to prove the truth of its contents—to prove, that is, that Centel or its investment bankers made the comments attributed to them. And hearsay is inadmissible in summary judgment proceedings to the same extent that it is inadmissible in a trial, except that affidavits and depositions, which (especially affidavits) are not generally admissible at trial, are admissible in summary judgment proceedings to establish the truth of what is attested or deposed, provided, of course, that the affiant's or deponent's testimony would be admissible if he were testifying live. There is no similar dispensation for newspaper or magazine articles, which not being attested are considered less reliable than affidavits or depositions." *See Eisenstadt v. Centel Corp.*, 113 F.3d 738, 742 (1997) (citations omitted).

| | | They refer back to the preceding answers to provide context. The jury needs to hear the question and answer from 270:18 – 271:9 to understand the admission at 271:10-12. But Rust Dep. Ex. 30 will not come into evidence unless Plaintiffs can overcome the first level of hearsay. The newspaper article is inadmissible if offered to prove the truth of the matter asserted, *i.e.*, that Mr. Rust said what he said. |
|---|---|---|
| 290:18 (Beginning with "I'd") - 294:12 | 402; 403 (UEP guidelines do not address hatchery; unduly prejudicial - designed to bias jury against egg farmers generally); 802 (as to UEP, USEM, and CM) (the guidelines that are discussed in this testimony are not the UEP guidelines; they are Rose Acre's internal animal welfare program) | Sustained. *See generally* 9/19/23 Order, (Dckt. No. 302); Fed. R. Evid. 402, 403. |
| 309:13-313:24 | 106; 403 (pass-through prices to consumers are not relevant; discusses a market--indirect purchases of shell eggs--that is entirely different than the industrial egg product market at issue in this case; prejudicial, injects bias, lines 311:2-312:6; 313:18-24) | Sustained as to lines 311:22-312:6 (from "your smaller" to "how the animal was raised."). Sustained as to lines 313:18-22 ("So what" to "produced."). |

**DPP Trial Day 9 – May 14, 2018**

| Testimony | Objection | Ruling |
|---|---|---|
| P-0179 (Tr. Ex. 573) | 402/403 (references to "chinese" and "remember in 2037 we are no longer a majority and the ethnics don't care about 'animal care' programs" interject | Sustained. Redact "if not we will invite someone on be on the "Chinese loose" program." Also redact "I am afraid" through end of email. |

3

| | bias into the case and do not relate to plaintiffs antitrust claims – would agree to redactions) | |
|---|---|---|
| 117:15-118:12; 119:2-20 | 802; 805 as to CM, UEP, USEM | Overruled |

### DAP Trial Day 8 – November 13, 2019

| Testimony | Objection | Ruling |
|---|---|---|
| 94:3-8 | 602; 802 | Overruled. It could be admissible for its truth if the statements were made by an alleged co-conspirator. *See* Fed. R. Evid. 801(d)(2)(E). The statements also could be admissible for possible non-hearsay reasons, including knowledge, intent, motive, and effect on the listener. |

Date: October 26, 2023

Steven C. Seeger
United States District Judge