UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KRAFT FOODS GLOBAL, INC., THE KELLOGG COMPANY, GENERAL MILLS, INC., and NESTLÉ USA, INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | No. 1:11-cv-08808 |
| v. | ) ) | Judge Steven C. Seeger |
| UNITED EGG PRODUCERS, INC., UNITED STATES EGG MARKETERS, INC., CAL-MAINE FOODS, INC., and ROSE ACRE FARMS, INC. | ) ) ) ) ) | |
| Defendants. | ) | |

**PLAINTIFFS' RESPONSE TO DEFENDANT ROSE ACRE FARM, INC.'S MOTION IN LIMINE SEEKING LEAVE TO INTRODUCE EVIDENCE AND ELICIT TESTIMONY OF CUSTOMER DEMAND AFTER 2012 AND UNTIL TODAY**

Defendants ask the Court to allow them to introduce evidence of customer demand for the UEP certified program after 2012. Dkt. 406. Although framed as a new motion in limine, it is really a motion for reconsideration. As the Court already ruled, this evidence is irrelevant and inadmissible: "Evidence after 2008 does not shed much light on why Defendants did what they did before 2008." Dkt. 292 at 1. Now, Defendants again seek to introduce evidence of customer demand **15 years** after 2008 and **11 years** after the residual injury period. As the Court found, evidence of customer demand "must be contemporaneous" to be admissible. *Id.* at 9.

Defendants specifically seek to introduce evidence of the Plaintiffs' purchases of UEP certified egg products after the conspiracy and residual injury period. But "the existence of a purchase [by the Plaintiffs] is not a defense." *Id.* at 22. And any purchase by Plaintiffs after 2012 "is not relevant, and is likely to be more confusing and prejudicial than probative." *Id*. at 24.

Attempting to avoid the standard for motions to reconsider, Defendants point to a couple of references by Plaintiffs during trial to the life-span of particular types of cages, in which

Plaintiffs asked if the cages' 30-year life span meant that subpar A-frame cages in use as of 2002 (when the Guidelines were implemented) could still be in use today. The clear context of those questions, and every other example cited by Rose Acre in its motion and in open Court, was to illustrate how long the grandfathered A-frame cages could be in place before producers were required to comply with minimum cage space requirements.

The idea that this illustration somehow opens the trial up to evidence of post-2012 consumer demand is baseless. As a factual matter, it would devolve this trial into a battle over current-day events, including changes to the Guidelines since 2008, the materiality of those changes, and what that means for the trial. As a legal matter, it is irrelevant: Consumer demand for the Guidelines currently does not make it any more or less likely that Defendants violated the antitrust laws during the conspiracy period. The Court's sound reasoning that led it to bar post-2012 evidence still holds true. The Court should continue to bar that evidence. As a practical matter, it would lead to confusion. At Defendants' urging, this Court instructed the jury that "[t]his case is not about the price of eggs in the last few years. I expect you will hear evidence in this case about the price of eggs through 2012, meaning the year 2012, but not later." Tr. of Proc., Oct. 19, 2023, p.640.

## Conclusion

For the foregoing reasons, the Court should continue to bar defendants from introducing evidence of post-2012 "customer demand."

October 28, 2023           Respectfully submitted.

*Counsel for Plaintiffs Kraft Foods Global, Inc., General Mills, Inc., Nestlè USA, Inc. and The Kellogg Company*

/s/ *Brandon D. Fox*
Brandon D. Fox

Amy M. Gallegos (*pro hac vice*)
JENNER & BLOCK LLP
515 South Flower St, Suite 3300
Los Angeles, CA 90071
Tel: (213) 239-5100
Fax: (213) 239-5199
bfox@jenner.com
agallegos@jenner.com

James T. Malysiak
Joel T. Pelz
Andrianna D. Kastanek
Angela M. Allen
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654-3456
Tel: (312) 222-9350
Fax: (312) 527-0484
jmalysiak@jenner.com
jpelz@jenner.com
akastanek@jenner.com
aallen@jenner.com