UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KRAFT FOODS GLOBAL, INC., THE KELLOGG COMPANY, GENERAL MILLS, INC., and NESTLÉ USA, INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | No. 1:11-cv-08808 |
| v. | ) ) ) | Judge Steven C. Seeger |
| UNITED EGG PRODUCERS, INC., UNITED STATES EGG MARKETERS, INC., CAL-MAINE FOODS, INC., and ROSE ACRE FARMS, INC. | ) ) ) ) ) | |
| Defendants. | ) | |

**JOINT STATEMENT REGARDING MITIGATION EVIDENCE**

As the Court directed, Counsel for Plaintiffs and for Rose Acre conferred about Plaintiffs' Motion to Bar Mitigation Evidence. *See* Dkt. 393. The parties have partial agreement on the following issues:

1. **Evidence of substitutes for eggs**. The parties agree that evidence about substitutes for eggs is admissible to the extent to the extent it bears on the inelasticity of demand. Defendants contend that admissibility is not limited to inelasticity of demand, but goes directly to the contours of the relevant market, including demand-side substitution.

2. **Evidence of what plaintiffs could have done**. The parties agree that Defendants cannot argue in Phase One (liability) that Plaintiffs were not injured because Plaintiffs could have protected themselves by buying other products or by purchasing egg products using other pricing formulas.

Plaintiffs contend that argument regarding, or evidence of, what Plaintiffs "could have done" (including that they purportedly could have shifted from an Urner Barry pricing mechanism to fixed cost, cost-plus, grain-based, or other alternative pricing) is not permissible for any purpose

in Phase One. Plaintiffs further contend that Defendants cannot introduce evidence (including deposition designations of non-Plaintiffs who purchased from non-Defendants) to establish steps the Plaintiffs could or should have taken to lessen or avoid damage or injury. Defendants agree evidence related to damage in Phase One is impermissible, but Defendants contend, again, that egg products represent a distinct market. Defendants may introduce any evidence that tends to establish that industrial egg product purchases and producers operate in a market distinct from the shell egg market, including all evidence of the choices available to Plaintiffs and other egg products purchases.

The Parties further disagree on the following issues:

1. **Bargaining power**. Plaintiffs contend their bargaining power and ability to negotiate grain-based or fixed-cost contracts is not relevant to whether they suffered an antitrust injury. Stipulation Number 2 simply provides that it does not bar testimony about bargaining power in certain instances; it does not provide it is admissible.[1] Defendants disagree. Defendants refer the Court to Stipulation #2, through which the Parties agreed that argument or evidence regarding a Party's bargaining power, market power, ability to harm competition, financial condition, revenues, profits, relative size was not inadmissible and may be relevant for other purposes, including on the issue of whether Plaintiffs were injured.

---

[1] The stipulation provides:

Trial Stipulation 2: The Parties' Financial Conditions The Parties will not argue or introduce evidence regarding whether (1) Defendants can or cannot withstand a judgment against them; or (2) Plaintiffs should or should not receive a judgment because of their financial status. In addition, the Parties shall not present argument or testimony concerning the negative impact that an adverse verdict would have on their businesses, employees, or communities, or that a verdict would prospectively increase or decrease the price of eggs.

This stipulation does not bar argument or evidence regarding (1) a Party's bargaining power, market power, ability to harm competition, financial condition, revenues, profits, relative size, expansion or lack thereof, when offered for a purpose other than those excluded above; or (2) whether Plaintiffs were injured or suffered damages.

2

2. **Acceptance of risk**. Plaintiffs contend that argument or evidence they knowingly accepted the risk of overcharges by using an Urner Barry-based price is not permissible, at least in Phase One. Defendants agree in part and disagree in part. Defendants agree that they cannot disclaim liability simply because Plaintiffs bought off Urner Barry knowing that the prices may have been the result of the allegedly conspiratorial conduct. Defendants contend, however, that the evidence is relevant for other reasons, including the reasonableness of the Certified Program and the relevant market, among other reasons.

3. **Grain-based prices**. Defendants intend to elicit testimony that grain-based pricing, and the like, were predominantly used for egg products, not shell eggs. Dkt. 404 at 3. Defendants contend that the different pricing mechanisms are a factor in determining whether shell eggs and egg products are two different markets. Plaintiffs' response, among other things, is that regardless of the way shell eggs and egg products were priced, the alleged conspiracy restricted the supply of eggs, affecting Urner Barry prices for egg products and shell eggs alike, and therefore the market definition. Plaintiffs' further reply is at Dkt. 409 at 2-5. Defendants also contend that Plaintiffs' response is not an argument concerning the relevance of the grain-based, etc., pricing evidence, but instead identifies a disputed fact—the relevant market—to which grain-based, etc., pricing is highly probative.

| | |
|---|---|
| October 28, 2023 | Respectfully submitted. |

***Counsel for Rose Acre Farms, Inc.***

*/s/ James A. King*
James A. King (jking@porterwright.com)
Allen T. Carter (acarter@porterwright.com)
PORTER, WRIGHT, MORRIS & ARTHUR LLP
41 South High Street, Suite 2900
Columbus, OH 43215
Tel: (614) 227-2000

Donald M. Barnes (dbarnes@porterwright.com)
Jay L. Levine (jlevine@porterwright.com)
PORTER, WRIGHT, MORRIS & ARTHUR LLP
2020 K. Street, N.W., Suite 600
Washington, D.C. 20006-1110
Tel: (202) 778-3000

***Counsel for Defendant Rose Acre Farms, Inc.***

***Counsel for Defendant Cal-Maine Foods, Inc.***

*/s/ Patrick M. Collins*
Patrick M. Collins (pcollins@kslaw.com)
Livia M. Kiser (lkiser@kslaw.com)
Patrick M. Otlewski (potlewski@kslaw.com)
Abigail Hoverman Terry (aterry@kslaw.com)
KING & SPALDING LLP
110 North Wacker Drive, 38th Floor
Chicago, IL 60606
Tel: (312) 995-6333

***Counsel for Plaintiffs Kraft Foods Global, Inc., General Mills, Inc., Nestlè USA, Inc. and The Kellogg Company***

*/s/ Brandon D. Fox*
Brandon D. Fox
Amy M. Gallegos (*pro hac vice*)
JENNER & BLOCK LLP
515 South Flower St, Suite 3300
Los Angeles, CA 90071
Tel: (213) 239-5100
Fax: (213) 239-5199
bfox@jenner.com
agallegos@jenner.com

James T. Malysiak
Joel T. Pelz
Andrianna D. Kastanek
Angela M. Allen
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654-3456
Tel: (312) 222-9350
Fax: (312) 527-0484
jmalysiak@jenner.com
jpelz@jenner.com
akastanek@jenner.com
aallen@jenner.com

Lohr Beck (lohr.beck@kslaw.com)
(admitted *pro hac vice*)
KING & SPALDING LLP
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309
Tel: (404) 572-2812

Brian E. Robison (brian@brownfoxlaw.com)
(admitted *pro hac vice*)
BROWN FOX PLLC
6303 Cowboys Way, Suite 450
Frisco, TX 75034
Tel: (972) 707-2809