UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KRAFT FOODS GLOBAL, INC., THE KELLOGG COMPANY, GENERAL MILLS, INC., and NESTLÉ USA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED EGG PRODUCERS, INC., UNITED STATES EGG MARKETERS, INC., CAL-MAINE FOODS, INC., and ROSE ACRE FARMS, INC. <br><br> Defendants. | No. 1:11-cv-08808 <br><br> Judge Steven C. Seeger |

**DEFENDANT ROSE ACRE FARMS, INC.' MOTION
TO EXCLUDE OR LIMIT PLAINTIFFS' SUMMARY EXHIBITS**

Defendant Rose Acre Farms, Inc. submits this Motion to Exclude or Limit Plaintiffs' Summary Exhibits.

**I.      Introduction**

Last night, Plaintiffs identified 12 of the 128 "summary" exhibits on their exhibit list that they intend to offer into evidence through their expert, Dr. Baye. These exhibits—as currently constituted—are inadmissible under Federal Rule of Evidence 1006 because they include expert analysis on top of other data. While the underlying data may be admissible as summaries, the charts reflecting expert analysis are demonstratives and not admissible under Rule 1006.

In advance of trial, Defendants met-and-conferred with Plaintiffs. During that process, Defendants identified these defects in Plaintiffs' summary exhibits; Plaintiffs declined to modify or withdraw their exhibits.

1

## II. Legal Standard

***Summaries Generally***. Federal Rule of Evidence 1006 allows a party to "use a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court." Fed. R. Evid. 1006. For a summary exhibit to be admissible under Rule 1006, the "exhibit must accurately summarize those documents. It must not misrepresent their contents or make arguments about the inferences the jury should draw from them." *United States v. White*, 737 F.3d 1121, 1135 (7th Cir. 2013).

***Expert Analysis***. Charts and graphs imbued with expert analysis and opinion may not be admitted into evidence as summary exhibits under Rule 1006. *See Last Atlantis Cap. LLC v. AGS Specialist Partners*, 262 F. Supp. 3d 641, 679 (N.D. Ill. 2017). Expert-created summary exhibits are not admissible if they "apply[] certain parameters and assumptions to come up with new lists." *Last Atlantis Cap.*, 262 F. Supp. 3d at 679. Rather, to be admissible, expert summaries must "simply extract or summarize information from those underlying [properly founded] datasets." *Id.*; *see also United States v. Dish Network LLC*, 75 F. Supp. 3d 916, 933 (C.D. Ill. 2014) ("[S]ummary evidence must be a compilation of data without opinion."). If a proposed summary exhibit requires an expert "to use his expertise in statistical analysis" to generate the exhibit, it is "not a mere compilation of data" admissible under Rule 1006. *Dish Network LLC*, 75 F.Supp. 3d at 933.

## III. Analysis

***Improper Expert Analysis.*** At issue are Plaintiffs' Exhibits 1003, 1005, 1007, 1008, 1009, 1009, 1011, 1034, 1036, 1049, and 1050. Copies are appended to this Motion as Exhibit A.

Defendants do not take issue with the summaries of data (rather than opinion) embedded in these charts, including as the compilations of ***actual*** flock size, ***actual*** egg production, and

*actual* pricing. Defendants' challenge is to the "linear trend," "but-for," and "price effects" analyses layered into these charts, which are based on statistical models created by Dr. Baye.

While the analysis may be offered as a demonstrative, these statistical models containing expert predictions and assumptions are a far cry from the "simpl[e] extract[ion] or summariz[ation] of] information from those underlying datasets" that is allowed to go back to the jury room under Rule 1006. *Last Atlantis Cap. LLC*, 262 F. Supp. 3d at 679. Dr. Baye necessarily used "his expertise in statistical analysis" to derive the charts and thus they are "not a mere compilation of data" admissible under Rule 1006. *See id.*; *Dish Network LLC*, 75 F.Supp.3d at 933. Because these types of charts are not summaries of data, but incorporate analyses and opinions of the expert, they are not admissible under Rule 1006.

Plaintiffs also indicate that they will introduce Plaintiffs' Exhibit 1011, which is also a chart from Dr. Baye's report. (Exhibit A at 123–26, 132). This also contains statistical analysis and complex calculations of elasticity of demand based on assumptions by Dr. Baye applied to the underlying data in the two far right columns. Moreover, this chart is argumentative on its face, purporting to identify a "Percent Increase in Price Due to Coordinated Exports." Therefore, Exhibit 1011 contains expert analyses and "make[s] arguments about the inferences the jury should draw" rather than merely summarizing data. *See White*, 737 F.3d at 1135.

Accordingly, none of these summary exhibits containing Plaintiffs' expert and statistical analyses may be admitted under Rule 1006. They may be offered as demonstratives.

## V. Conclusion

For the foregoing reasons, Defendants respectfully request that the Court grant this Motion and exclude Plaintiffs' summary exhibits that purport to include and summarize expert analysis of data.

Dated: October 30, 2023          Respectfully submitted,

*/s/ James A. King*
Donald M. Barnes (dbarnes@porterwright.com)
Jay L. Levine (jlevine@porterwright.com)
PORTER, WRIGHT, MORRIS & ARTHUR LLP
2020 K. Street, N.W., Suite 600
Washington, D.C. 20006-1110
Tel: (202) 778-3000

James A. King (jking@porterwright.com)
Allen T. Carter (acarter@porterwright.com)
PORTER, WRIGHT, MORRIS & ARTHUR LLP
41 South High Street, Suite 2900
Columbus, OH 43215
Tel: (614) 227-2000

**Counsel for Defendant Rose Acre Farms, Inc.**