UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KRAFT FOODS GLOBAL, INC., THE KELLOGG COMPANY, GENERAL MILLS, INC., and NESTLÉ USA, INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | No. 1:11-cv-08808 |
| v. | ) ) | Judge Steven C. Seeger |
| UNITED EGG PRODUCERS, INC., UNITED STATES EGG MARKETERS, INC., CAL-MAINE FOODS, INC., and ROSE ACRE FARMS, INC. | ) ) ) ) ) ) | |
| Defendants. | ) | |

**AMENDED JOINT STATEMENT REGARDING MOTION TO DEEM FACTS ADMITTED[1]**

As discussed with the Court, Counsel for Plaintiffs and for Rose Acre conferred about Defendants' Motion to Deem Facts Admitted. *See* Dkt. 391.[2] Although the parties have agreed to some principles, there are several outstanding issues that require the Court's intervention.

At issue are admissions that three of the Plaintiffs—Kraft, Kellogg, and Nestlé: (a) purchased UEP certified eggs or egg products; (b) sought to purchase UEP Certified eggs or egg products; (c) communicated with one or more of their suppliers regarding the purchase of eggs or egg products that were UEP Certified; (d) requested that one or more of their suppliers provide them with UEP Certified eggs or egg products; (e) requested that one more of the Defendants;[3] (f) required that one or more supplier provide them with egg or egg products that were UEP

---

[1] Cal-Maine did not join in the Motion at issue.
[2] Although Defendants Rose Acre, UEP, and USEM highlighted only Plaintiff Kellogg's Admissions, some of the issues related to the Admissions below bear on Kraft and Nestlé as well.
[3] At the time, there were several defendants with whom Plaintiffs have reached settlement agreements.

certified; and (g) required that one or more Defendants provide them with eggs or egg products that were UEP certified. The time period for the Requests for Admission were from 1999-2008.

The parties have partial agreement on the following issues:

1. **Plaintiffs are bound by the Admissions.** Plaintiffs agree that they are bound by the Admissions and the July 10, 2014 Nestlé Stipulation.[4]

2. **The meaning of the Admissions**. The parties agree that the Admissions mean that there was at least one occasion over a ten-year period in which each Plaintiff purchased, sought to purchase, communicated with a supplier about, requested, and required UEP certified eggs or egg products.

With respect to the Admissions using the word "Defendants," the parties agree that the term would have referred to the defendants as of May 30, 2014, when there were several other producers who have since settled, have been dismissed as defendants, or against which claims have otherwise been resolved.

3. **Explanatory testimony**. The parties agree that Plaintiffs may offer testimony that explains the subject matter addressed in the Admissions so long as the testimony is not inconsistent with the admissions. For example, the parties agree Plaintiffs may offer testimony that there were time periods within the 1999 to 2008 timeframe when the Admissions do not apply. None of the admissions can be true from 1999 through most of 2002, as producers had not yet been certified. As another example, the parties agree that Kelly Tobey from Kellogg may testify that while she oversaw the company's purchases of egg products circa 2003 and 2004 that Kellogg did not

---

[4] Plaintiffs agree to be bound by the Admissions and Stipulation even though they do not appear to be accurate. For example, Plaintiffs have found no evidence that many of the Admissions are true with respect to Kellogg. Further, Plaintiffs believe that the years are wrong in the Nestlé stipulation. Regardless, Plaintiffs are not seeking to withdraw or modify the Admissions or Stipulation based on the age of the statements and the fact that we are in trial. Defendants dispute Plaintiffs' belief that the admissions are untrue either in whole or in part.

purchase, seek, communicate with their suppliers about, request, or require UEP certified eggs, and that she may testify that she is not aware that Kellogg purchased, sought, communicated with their suppliers about, requested, or required UEP certified eggs at other times when she was involved with the program, but only insofar as her testimony is not inconsistent with Kellogg's admissions.

The Parties seek clarification from the Court or disagree about the following issues:

1. **Whether the Admissions are Misleading if Introduced without an Explanation of their Meaning**. Plaintiffs contend that the Admissions are misleading because jurors might be confused about their meaning. For example, a juror may believe that the Admissions mean that Kellogg, Nestlé, and Kraft at all times, or at most times, purchased, requested, and required UEP certified egg products from Rose Acre, when that is not the case.

Defendants contend that the Admissions are not misleading and do not intend to suggest to the jury that the admissions say any more (or less) than what they say. Defendants do not believe that any interpretation or explanation of the admissions is necessary or should be permitted.

2. **Caption**. Plaintiffs believe that the Admissions and Stipulation should replace the MDL caption with the caption in this trial.

Defendants contend as an alternative that the Court could instruct the jury on the caption so as to avoid any confusion.

| | |
|---|---|
| October 30, 2023 | Respectfully submitted. |

*Counsel for Rose Acre Farms, Inc.*

*/s/ James A. King*
James A. King (jking@porterwright.com)
Allen T. Carter (acarter@porterwright.com)
PORTER, WRIGHT, MORRIS & ARTHUR LLP
41 South High Street, Suite 2900
Columbus, OH 43215
Tel: (614) 227-2000

Donald M. Barnes (dbarnes@porterwright.com)
Jay L. Levine (jlevine@porterwright.com)
PORTER, WRIGHT, MORRIS & ARTHUR LLP
2020 K. Street, N.W., Suite 600
Washington, D.C. 20006-1110
Tel: (202) 778-3000

*Counsel for Defendant Rose Acre Farms, Inc.*

*Counsel for Plaintiffs Kraft Foods Global, Inc., General Mills, Inc., Nestlè USA, Inc. and The Kellogg Company*

 /s/ *Brandon D. Fox*
Brandon D. Fox
Amy M. Gallegos (*pro hac vice*)
Sati Harutyunyan (*pro hac vice*)
JENNER & BLOCK LLP
515 South Flower St, Suite 3300
Los Angeles, CA 90071
 Tel: (213) 239-5100
 Fax: (213) 239-5199
 bfox@jenner.com
 agallegos@jenner.com
 sharutyunyan@jenner.com

Joel T. Pelz
Andrianna D. Kastanek
Angela M. Allen
Margaret Hlousek
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654-3456
Tel: (312) 222-9350
Fax: (312) 527-0484
jmalysiak@jenner.com
jpelz@jenner.com
akastanek@jenner.com
aallen@jenner.com
MHlousek@jenner.com