**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois – CM/ECF NextGen 1.7.1.1**
**Eastern Division**

Kraft Foods Global, Inc., et al.
                                   Plaintiff,

v.                                                   Case No.: 1:11−cv−08808
                                                      Honorable Steven C. Seeger

United Egg Producers, Inc., et al.
                                   Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Tuesday, October 31, 2023:

       MINUTE entry before the Honorable Steven C. Seeger: The motion by Defendants Rose Acre Farms, United Egg Producers, and United States Egg Marketers to deem facts admitted (Dckt. No. [391]) is hereby granted in large part. During discovery, Defendants served a series of requests to admit. Three of the four Plaintiffs admitted that they requested and purchased UEP Certified eggs or egg products. See Kraft Resp. to Requests for Admission, at nos. 1−7 (Dckt. No. [391−3]). Those three Plaintiffs required suppliers, including one or more of the then−current Defendants, to supply UEP Certified eggs and egg products. Id. Defendants now seek to bind Plaintiffs to those admissions. They point to a statement during the opening statements, when Plaintiffs' counsel stated that Kellogg "never requested certified eggs." Rule 36(b) provides that a "matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." See Fed. R. Civ. P. 36(b). An admission under Rule 36 is a judicial admission, meaning that it is binding and conclusively established, unless or until the district court says otherwise. Here, Plaintiffs have not made a motion (as would be required under Rule 36) to withdraw or amend the responses to the requests to admit. And this Court currently sees no reason to allow such a withdrawal or amendment, either. So, the facts in the responses to the requests to admit are conclusively established. The Court hereby prevents Plaintiffs from presenting any evidence, or making any statements to the jury, that are inconsistent with the responses to the requests to admit in question. That said, the scope of that prohibition extends only to the natural meaning of the responses themselves. The requests to admit asked Plaintiffs to confirm that they did request and purchase UEP Certified eggs during the relevant time period (defined as January 1999 to December 2008). Plaintiffs admitted that they requested and purchased UEP Certified eggs. But Plaintiffs did not admit that they always purchased UEP Certified eggs during that time period, or usually did so. The requests to admit did not cover how often Plaintiffs made such requests and purchases. Plaintiffs also did not admit when those requests and purchases happened (except during that general time period). So, Plaintiffs can elicit testimony that is explanatory, as long as it is consistent with the letter and spirit of the responses. For example, Plaintiffs could elicit testimony about when, and how often, they requested and purchased UEP Certified eggs. But Plaintiffs cannot deny that such requests and purchases did, in fact, take place. All of this is a long way of saying that Plaintiffs are bound by their judicial admissions, but the binding does not stretch farther

than the admissions themselves. Mailed notice (maf)

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.