UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF NextGen 1.7.1.1
Eastern Division

Kraft Foods Global, Inc., et al.

                                        Plaintiff,

v.                                                                Case No.: 1:11–cv–08808
                                                                                 Honorable Steven C. Seeger

United Egg Producers, Inc., et al.

                                        Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Tuesday, October 31, 2023:

      MINUTE entry before the Honorable Steven C. Seeger: Plaintiffs' motion to preclude mitigation evidence (Dckt. No. [393]) is hereby granted in part and denied in part. As the Court observed on the record on October 26, 2023, the parties seemed to be talking past each other at times when discussing this issue. So the Court directed the parties to talk it over. The parties later did so, and filed a supplemental statement on October 28. (Dckt. No. [420]) The Court appreciates the effort that the parties put into this process. As the dust has settled, there is substantial common ground. The Court rules as follows. (1) The parties can present evidence and make arguments about other producers in the industry, including producers of non–UEP Certified eggs. That is, the parties can elicit the fact that not every egg was UEP Certified, and that non–certified eggs were available on the market. The existence of other suppliers goes directly to the plausibility and efficacy of any alleged conspiracy. (2) The parties can present evidence and make arguments about the existence or non–existence of egg substitutes, because such evidence speaks to the elasticity of demand and the likely impact of a restriction in supply. (3) The parties can present evidence and make arguments about any contracts between Plaintiffs and Defendants. (4) The parties can present evidence and make arguments about the differences between the market for shell eggs and egg products. (5) The parties can present evidence and make arguments about the relationship between the market for shell eggs and egg products, including the likely impact that a price increase in shell eggs would have on the price of egg products. Plaintiffs allege that Defendants conspired to restrict the supply of eggs, which impacted the price of shell eggs and (as a result) egg products. So the parties can explore the link between the markets for shell eggs and egg products. In particular, the parties could present evidence about any industry contracts (such as grain–based contracts) that could have affected whether an increase in the price for shell eggs (for the market as a whole) would lead to an increase in the price of egg products. For example, a party could present evidence that an increase in the price of shell eggs on the Urner Barry index would not necessarily lead to an increase in the price of egg products across the industry. Put another way, the parties can present evidence about why a price increase for shell eggs would, or would not, lead to a price increase for egg products, including any prevalent contractual restrictions used in the industry. (6) The parties can present evidence and make arguments about their respective bargaining power. It provides context. But the parties should steer clear of suggesting to the jury that

Plaintiffs should have flexed their muscles and strong−armed Defendants into more favorable deals. And Defendants must not argue that Plaintiffs cannot prevail because they are powerful and could have avoided an injury with better contracts. (7) The parties cannot present evidence that Plaintiffs should have mitigated their damages, because the amount of damages is not relevant in the liability phase of trial (unlike the existence of injury). (For now, the Court is reserving any ruling on whether mitigation is a plausible argument at the damages phase. The Court will cross that bridge if and only if it comes to it.) (8) The parties cannot present evidence that Plaintiffs "could have" or "should have" avoided an injury by negotiating better deals or agreeing to different contracts. The existence of an injury is about what happened, not about what should have happened or what could have been avoided. For example, Defendants cannot argue or suggest that Plaintiffs could have avoided an injury by agreeing to grain−based contracts for eggs products, instead of contracts that tied the price of egg products to the price of shell eggs using the Urner Barry index. The parties are free to seek clarification with the Court, or raise any additional objections. But the Court is hopeful that these guideposts will help the parties navigate their way through the trial. Mailed notice (maf)

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.