# EXHIBIT 1

HIGHLY CONFIDENTIAL

Manion, Scott Martin April 2, 2014

1

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
IN RE:   PROCESSED EGG PRODUCTS    )
ANTITRUST LITIGATION               )
                                   )  MDL No. 2002
                                   )  08-md-02002
                                   )     HIGHLY
THIS DOCUMENT RELATES TO:          )  CONFIDENTIAL
Kraft Foods Global, Inc., et al., )
v. United Egg Producers, Inc.,     )
et al., No. 2:12-cv-00088-GP       )
```

     The highly confidential videotaped discovery deposition of KRAFT FOODS GLOBAL, INC., by and through Scott Martin Manion, taken in the above-entitled cause, before Deralyn Gordon, a notary public of Cook County, Illinois, on the 2nd day of April, 2014, at 353 North Clark Street, Chicago, Illinois, beginning at approximately 9:01 a.m., pursuant to Notice.

REPORTED BY:  DERALYN GORDON, CSR, RPR, CRR
LICENSE NO:   084-003957

Henderson Legal Services, Inc.
202-220-4158              www.hendersonlegalservices.com

                                                                    182

1    record at 2:43 p.m.
2              EXAMINATION
3    BY MR. CAMPBELL:
4       Q.  Mr. Manion, do you recall defendant's
5    counsel asked you if you had sought requests from
6    Sparboe and Rembrandt?
7       A.  Yes.
8       Q.  And you said yes.
9           But she prefaced that question by asking
10   during the relevant period.
11          During the relevant period, which is 2008,
12   1999 to 2008, did you have contact with Sparboe or
13   Rembrandt?
14      A.  No.
15      Q.  Okay.  Would you -- I show you what is
16   marked as Manion Exhibit 11, which is a supply
17   agreement between Kraft and Rose Acre.  Do you
18   recall you were shown that document?
19      A.  Yes.
20      Q.  It's right here, Scott.
21          And counsel for defendant asked, referring
22   to Exhibit A --
23          I think that's it, is it not?
24      A.  This is Exhibit A, yes.
25      Q.  Yeah.

                                                                    183

1       -- asked if Kraft purchased 100 percent
2    of its products during the contract period from
3    Rose Acre.  Do you remember that?
4       A.  Yes.
5           MS. CLAIR:  Objection, misstates prior
6    testimony.
7    BY MR. CAMPBELL:
8       Q.  Is that correct?  Did Kraft purchase all
9    of its products from Rose Acre during that period
10   or are only those products for those plants
11   identified in Exhibit A?
12      A.  Only those products from those plants.
13      Q.  I show you what has been marked -- what
14   was marked as Manion Deposition Exhibit 14, which
15   is a contract dated July 1, 2007, between Kraft
16   and Michael Foods.
17          And if you'll turn to the Bates page
18   ending in 49, and look at the pricing -- the
19   paragraph entitled "Price."  Do you see that?
20      A.  Yes.
21      Q.  And do you recall that defendant's
22   counsel asked you whether or not your contract
23   with Rose Acre at a certain point in time was
24   based upon the Urner Barry certified market index?
25      A.  Yes.

                                                                    184

1       Q.  Is there any mention of the Urner Barry
2    certified market index in Exhibit 14, your
3    contract with Michael Foods?
4       A.  No.
5       Q.  Do you recall you were asked a series
6    of questions about when you first considered a
7    grain-based index?  Do you recall that?
8       A.  Yes.
9       Q.  When did you first consider it?
10          And I emphasize the word consider it as
11   opposed to adopting a grain based?
12      A.  We were evaluating grain-based models in
13   2008 and 2009.
14      Q.  But not before that, correct?
15      A.  Not before that.
16          MR. CAMPBELL:  All right.  I have no
17   further questions.
18          Katie?
19          MS. CLAIR:  No.  No further questions.
20          MR. CAMPBELL:  John or Sharon, do you have
21   any questions?
22          MR. MONICA:  Nothing from John.
23          MS. MARKOWITZ:  No.
24          MR. CAMPBELL:  Thank you all.
25          THE VIDEOGRAPHER:  Going off the record at

                                                                    185

1    2:47 p.m.  This concludes the videotaped
2    deposition of Mr. Manion.
3               (Whereupon proceedings were
4                adjourned.)

186

1  ACKNOWLEDGMENT OF DEPONENT
2
3   I, _____, do hereby
4  acknowledge that I have read and examined the
5  foregoing testimony, and the same is a true, correct
6  and complete transcription of the testimony given by
7  me, and any corrections appear on the attached Errata
8  Sheet signed by me.
9
10
11  _____    _____
12   (DATE)           (SIGNATURE)

187

1  STATE OF ILLINOIS  )
2                    )   SS:
3  COUNTY OF C O O K  )
4     I, Deralyn Gordon, a notary public within and
5  for the County of Cook and State of Illinois, do
6  hereby certify that heretofore, to-wit, on the 2nd
7  of April, 2014, personally appeared before me at
8  353 North Clark Street, Chicago, Illinois,
9  KRAFT FOODS GLOBAL, INC., by and through
10 Scott Martin Manion, in a cause now pending and
11 undetermined in the United States District Court
12 for the Eastern District of Pennsylvania,
13 In Re:  Processed Egg Products Antitrust
14 Litigation.
15     I further certify that the said witness
16 was first duly sworn to testify the truth, the
17 whole truth and nothing but the truth in the cause
18 aforesaid; that the testimony then given by said
19 witness was reported stenographically by me in the
20 presence of the said witness, and afterwards
21 reduced to typewriting by Computer-Aided
22 Transcription, and the foregoing is a true and
23 correct transcript of the testimony so given by
24 said witness as aforesaid.
25     I further certify that the signature to the

188

1  foregoing deposition was not waived by counsel for
2  the respective parties.
3      I further certify that the taking of this
4  deposition was pursuant to Notice, and that there
5  were present at the deposition the attorneys
6  hereinbefore mentioned.
7      I further certify that I am not counsel for
8  nor in any way related to the parties to this
9  suit, nor am I in any way interested in the
10 outcome thereof.
11     IN TESTIMONY WHEREOF:  I have hereunto set my
12 hand and affixed my notarial seal this 10th day of
13 April, 2014.
14
15
16
17
18         _____
19         Notary Public, Cook County, Illinois