UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF NextGen 1.7.1.1
Eastern Division

Kraft Foods Global, Inc., et al.

                                          Plaintiff,

v.                                                 Case No.: 1:11–cv–08808
                                                            Honorable Steven C. Seeger

United Egg Producers, Inc., et al.

                                         Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Wednesday, November 1, 2023:

        MINUTE entry before the Honorable Steven C. Seeger: As confirmed on the record on October 31, 2023, Defendant Rose Acre Farms's motion to exclude or limit Plaintiffs' summary exhibits (Dckt. No. [423]) is hereby granted. During the direct examination of Dr. Baye (Plaintiffs' expert), Plaintiffs' counsel moved to admit into evidence various charts that Dr. Baye had prepared and attached to his report. (Dckt. No. [423−1]) The charts show prices, as well as the number of hens and eggs, from roughly 1990 to 2012. But the charts do not merely summarize prices and production. Many of the charts reveal what Dr. Baye believes the prices should have been, or what the number of hens and eggs should have been, without a conspiracy. Plaintiffs offered those exhibits as summaries under Rule 1006. Defendants objected and filed the motion at hand. Rule 1006 allows a party to present evidence of voluminous records by preparing summaries. "The proponent may use a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court. The proponent must make the originals or duplicates available for examination or copying, or both, by other parties at a reasonable time and place. And the court may order the proponent to produce them in court." See Fed. R. Evid. 1006. The point of the rule is to streamline trial and make things more concise and digestible for the jury. Rule 1006 is a vehicle for a plain−vanilla summary, to tell the jury what other documents say, so that the jury does not have to wade through a sea of documents. It is not a vehicle for admitting opinions or argumentation into evidence, and getting them inside the jury room, under the guise of a summary. For that reason, courts have rejected attempts to admit argumentative summaries into evidence under Rule 1006, especially when the summaries reflect assumptions or expert analyses. See, e.g., Last Atlantic Capital LLC v. AGS Specialist Partners, 262 F. Supp. 3d 641, 679 (N.D. Ill. 2017) ("DeMeritt's testimony soundly contradicts any notion that the spreadsheets were mere summaries of the underlying data. DeMeritt testified that he took the underlying datasets and added information from Plaintiffs' datasets, then manipulated the information by applying certain parameters and assumptions to come up with new lists that, in his view, likely reflected Plaintiffs' orders. He did not simply extract or summarize information from those underlying datasets."); United States v. Dish Network LLC, 75 F. Supp. 3d 916, 933 (C.D. Ill. 2014) ("Such summary evidence must be a compilation of data without opinion.") (refusing a request to admit an expert calculation that "was not a mere compilation of data" and "express[ed]

opinions and [we]re not mere compilations of data"); see also United States v. Bray, 139 F.3d 1104, 1110 (6th Cir. 1998) ("Nothing should be lost in the translation. It also means, with respect to summaries admitted in lieu of the underlying documents, that the information on the summary is not embellished by or annotated with the conclusions of or inferences drawn by the proponent, whether in the form of labels, captions, highlighting techniques, or otherwise. Once a Rule 1006 summary is admitted, it may go to the jury room, like any other exhibit. Thus, a summary containing elements of argumentation could very well be the functional equivalent of a mini−summation by the chart's proponent every time the jurors look at it during their deliberations, particularly when the jurors cannot also review the underlying documents."); United States v. Oloyede, 933 F.3d 302, 31011 (4th Cir. 2019) ("It is apparent that the government in this case was not using the charts as surrogate evidence offered in lieu of voluminous underlying bank records, but rather was seeking to help the jury understand how various related records demonstrated a pattern of suspicious activity engaged in by the defendants. Thus, while the charts could have been shown to the jury under Rule 611(a), it was improper to have admitted them into evidence under Rule 1006."); United States v. Milkiewicz, 470 F.3d 390, 39798 (1st Cir. 2006) ("Charts admitted under Rule 1006 are explicitly intended to reflect the contents of the documents they summarize and typically are substitutes in evidence for the voluminous originals. Consequently, they must fairly represent the underlying documents and be 'accurate and nonprejudicial.'.... By contrast, a pedagogical aid that is allowed under Rule 611(a) to illustrate or clarify a party's position, or allowed under Rule 703 to assist expert testimony, may be less neutral in its presentation."); 31 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 8043 (2d ed. 2023) ("Federal Rule of Evidence 702 applies if Rule 1006 evidence is in the form of an expert opinion. This likely would be the case where the Rule 1006 evidence is a calculation. Rule 702 requires that the proponent demonstrate, among other things, that the person who prepared the Rule 1006 evidence was qualified as an expert and that the expert's opinion will assist the trier of fact. Issues posed by Rule 1006 evidence under the opinion rules are matters to be decided by the court under Rule 104(a). But an argument can be made that evidence cannot be offered under Rule 1006 if it contains expert opinion that goes beyond summarizing voluminous materials or making a calculation based on data contained in such materials. In other words, there is a difference between mere summary and a more complex synthesis."); 2 McCormick on Evid. § 241 (8th ed. 2022) ("[C]ourts guard against summaries that contain inferences and assumptions that are not fully supported by evidence in the record, as well as outright argument."). Here, the charts in question did not merely summarize the underlying records. They depicted argumentation by the expert about how things would look in a so−called "but−for" world. Dr. Baye's charts reflect his analysis, summarize his opinions, and depend on his assumptions. They do not merely make things easy for the jury by cutting down the number of documents that they need to see. In short, the charts in question go above and beyond summarizing voluminous records. They summarize an expert's argument and opinions. As a result, the charts are demonstratives, not substantive evidence under Rule 1006. So the charts are not coming into evidence, and will not go to the jury room. But Plaintiffs' counsel is free to use them during the examinations, and during closing argument. (rbf, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please

refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.