UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KRAFT FOODS GLOBAL, INC., *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 11-cv-8808 |
| | ) | |
| v. | ) | Hon. Steven C. Seeger |
| | ) | |
| UNITED EGG PRODUCERS, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

### RULINGS ON DEPOSITION DESIGNATIONS – KAREN BROWN

### April 23, 2014 Deposition

| Testimony | Objections | Rulings |
|---|---|---|
| 34:25, 35:2-12, 35:21-23, 36:2-4, 36:8-11, 37:11-25, 38:2-4, 48:19-25, 49:2-25, 50:2-14, 50:19-22, 67:10-25, 91:6-9, 93:22-25, 94:2-25, 96:9-25 (as to 96:9-14), 102:8-25 (as to 102:14-25), 103:2-11 (103:2-4), 119:4-24, 120:5-25, 121:2-8 <br><br> [Defendants do not seek admission of Brown 2 (Def. Tr. Ex. 230) and 3 (Def. Tr. Ex. 688)] | Hearsay, 402, 403: Rule 803(5) limits the admissibility of exhibits to those offered by a party adverse to the witness whose memory has been exhausted. Further, defendants cannot read the evidence into the record—as they do in the deposition—because 803(5) doesn't apply. 803(5) requires that the recording be on a matter once remembered but no longer, such that the witness could not have testified "fully and accurately" on the subject. The foundational questions on page 49-51 do not meet this requirement. Brown, in fact, testified about the meeting, including its purpose, the participants, and other details. The Seventh Circuit requires, for 803(5)'s application, that the witness not be able to recall the content of the writing well enough to testify about them fully and accurately. *See* | Sustained as to 34:25 to 40:15. <br><br> Overruled as to 41:9 to 42:16. <br><br> Sustained as to 42:20 to 42:22. <br><br> Overruled as to 43:24 to 50:22. <br><br> Sustained as to 54:6 to 55:18. <br><br> Sustained as to 67:10 to 67:25. <br><br> Sustained as to 83:7 to 86:16. <br><br> Sustained as to 91:6-9. |

| | | |
|---|---|---|
| | *e.g., Beauty Enterprises, Inc. v. Gregory*, 825 F. App'x 378, 382–83 (7th Cir. 2020) ("Piccirillo did not testify that he now could not recall the content of the notes well enough to testify about them fully and accurately (in fact, he said that his recollection had been refreshed)."). Here, when shown the document at 50:8-9 and asked if it refreshed recollection, the witness testified that it did. (By contrast, Plaintiffs have no objection when Brown is asked questions about what actually occurred at this meeting, such as 51:5-12.) | Sustained as to 93:22 to 94:2.<br><br>Sustained as to 102:8 to 103:11.<br><br>Sustained as to 108:22 to 112:17.<br><br>Sustained as to 119:4 to 121:8.<br><br>Sustained as to 131:14 to 132:10.<br><br>Sustained as to 133:5 to 136:18.<br><br>Sustained as to 137:20 to 138:19.<br><br>Sustained as to 145:3 to 145:9.<br><br>Sustained as to 153:9 to 156:21.<br><br>Sustained as to159:5 to 161:25.<br><br>Sustained as to 188:6 to 191:11.<br><br>Overruled as to 191:24 to 192:16.<br><br>Overruled as to 203:6 to 204:3.<br><br>Overall, much of the testimony seems far afield from the issues that will matter to the jury.<br><br>At bottom, this case is about purported animal |

|  |  | welfare standards adopted by the egg industry, not the grocery industry.

They might be related, but the jury does not need to hear so much about animal welfare standards considered and adopted by the grocers. It won't help them. It will set them back.

The grocers aren't defendants. The grocers aren't alleged to be part of the conspiracy, either. Some amount of testimony might be permissible to establish that the food industry writ large faced pressure from animal welfare groups, including pressure related to chickens and eggs. But the proffered testimony about the grocery industry goes overboard.

Similarly, the jury does not need to hear so much about communications between the grocery industry and animal welfare groups.

Much of the testimony involves communications that a non-party (FMI) had with non-parties (the grocery store chains, like Kroger's) about non-parties (like PETA).

Importantly, there is a considerable risk of |
|---|---|---|

| | | |
|---|---|---|
| | | confusion. The jury might get confused if they hear extensive testimony about FMI's standards, because the case at hand involves UEP's standards. That is, the case involves animal welfare standards by the egg industry, not the animal welfare standards for the grocery industry.<br><br>If the jury hears so much testimony about FMI's standards, the jury might blur them together.<br><br>All in all, it's much too much about too little.<br><br>In sum, the probative value is slight, and any slight probative value is substantially outweighed by the risk of confusion, distraction, loss of time, and unfair prejudice. *See* Fed. R. Civ. P. 402, 403.<br><br>Before playing this testimony, the parties must discuss with the Court the possibility of reading a few agreed sentences to the jury, to explain who FMI is and how the grocers are different than the egg producers. |
| 39:17-20, 39:24-25, 40:2-5, 40:11-15 | 402 (if objection sustained above). This testimony reflects an attempt to lay foundation for 803(5). | See above |
| 41:9-25, 42:2-16, 42:20-22 | No objection to 41:9-13. As to 41:14-25, 803(5) is not applicable. | See above |

4

| | | |
|---|---|---|
| 43:24-25, 44:8-12, 45:16-19 | 402 (if objection sustained above). This testimony is an attempt to lay foundation for 803(5). | See above |
| 54:6-14, 55:2-18 and Ex. Brown 4 (Def. Tr. Ex. 652) | 402, 403, Hearsay. Counsel is reading from Brown Ex. 4. This is not admissible under 803(6). Counsel did not attempt to refresh recollection. Witness never testifies that the notes were "made or adopted by the witness when the matter was fresh in the witness's memory." Fed. R. Evid. 803(5). It's also not clear that her memory is exhausted such that she couldn't have testified fully and accurately after reviewing the notes. | See above |
| Ex. 6 (Def. Tr. Ex. 659) and 83:7-25, 84:2-4, 84:14-24, 85:19-25, 86:2-16 | 402, 403. This and the other exhibits that follow are internal FMI documents. There's no evidence that UEP (or any other defendant) ever received this document. In addition, the particulars of why FMI supported UEP guidelines is not relevant and is cumulative. | See above |
| Ex. 7 (Def. Tr. Ex. 656) and testimony about Ex. 7, 108:22-109:22, 110:11-17, 110:22-111:17, 112:3-5) | same | See above |
| Ex. 8 (Def. Tr. Ex. 658) and testimony in which that document is read: 131:14-25, 132:2-10, 133:5-6, 133:16-19, 134:3-4, 135:5-6, 135:7-12 (end after "Yes"), 135:15-18, 135:25, 136:2-18, 137:20-25, 138:2-19, 145:3-9, 153:9-25, 154:2-6, 154:14-25, 155:2-9, | same | See above |

5

| | | |
|---|---|---|
| 155:19-25, 156:2-5, 156:11-13, 156:16-21, 154:14-25 | | |
| 159:5-25, 160:2-16, 160:19-22, 161:2-25, and Ex. 10 (Def. Tr. Ex. 678) | same | See above |
| Ex. 19 (Def. Tr. Ex. 674) and testimony that recites the content of the exhibit: 188:6-25, 189:2-25, 190:2-11, 190:16-25, 191:2-11, 191:24-25, 192:2-16, 192:25, 203:6-25, 204:2-3 | same | See above |
| Ex. 20 (Def. Tr. Ex. 681), Ex. 21 (Def. Tr. Ex. 685) | same | See above |
| 253:5-11 | Scope, 702(a)-(c), 402, 403, ARG | Sustained; *see* Fed. R. Evid. 402, 403. |
| 268:22-269:4 | Scope, 702(a)-(c) | Sustained; *see* Fed. R. Evid. 402, 403. |
| 272:7-10 | Scope, 702(a)-(c); 802 | Sustained; *see* Fed. R. Evid. 402, 403. |
| 276:24-277:13 | Scope, 702(a)-(c); 802 | Sustained; *see* Fed. R. Evid. 402, 403. |
| 277:16-19 | Scope, 702(a)-(c); 802 | Sustained; *see* Fed. R. Evid. 402, 403. |

Date: November 3, 2023

Steven C. Seeger
United States District Judge