UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF NextGen 1.7.1.1
Eastern Division

Kraft Foods Global, Inc., et al.
                                       Plaintiff,

v.                                                                                          Case No.: 1:11−cv−08808
                                                                                          Honorable Steven C. Seeger

United Egg Producers, Inc., et al.
                                       Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Friday, November 3, 2023:

      MINUTE entry before the Honorable Steven C. Seeger: Plaintiffs' motion in limine to admit business records of Michael Foods (Dckt. No. [356]) is hereby granted in large part. The motion is granted in part for Plaintiffs' trial exhibit no. 101, and Plaintiffs' trial exhibit no. 132. The Court concludes that the spreadsheets/presentations satisfy the requirements for a business record under Rule 803(6), but the accompanying emails do not. That is, the emails are not admissible (mostly), but the attachments to the emails are admissible. But for purposes of providing context, and pinning down the dates, Plaintiffs can include part of the accompanying emails, meaning the "to," "from," "cc," ";sent," and "subject lines," and any icon or other text showing the existence of an attachment, but should redact the rest of the email. The idea is that the attachments are admissible, and the redacted emails are admissible only to show who sent it to whom, and when, and so on. After reviewing the business record certification from the President of Michael Foods (Dckt. No. [357]), the Court is satisfied that the attachments have a sufficient indicia of reliability and satisfy the requirements for a business record. Trial exhibit 407 is not currently admissible because it is a transcript of an earnings call prepared by Thomson. So it is a business record (if at all) of Thomson, not Michael Foods. There is no business record certification from Thomson, so the record does not include a sufficient foundation for admissibility. (The Court would give Plaintiffs an opportunity to cure.) And as the Court understands things, Plaintiffs have withdrawn the motion to admit that document anyway. Finally, as the Court understands things, Defendants have not objected to the admissibility of the fourth document, Plaintiffs' trial exhibit 600. (Dckt. No. [403]) So it is admissible. Mailed notice. (jjr, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.