UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KRAFT FOODS GLOBAL, INC., THE KELLOGG COMPANY, GENERAL MILLS, INC., and NESTLÉ USA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED EGG PRODUCERS, INC., UNITED STATES EGG MARKETERS, INC., CAL-MAINE FOODS, INC., and ROSE ACRE FARMS, INC. <br><br> Defendants. | No. 1:11-cv-08808 <br><br> Judge Steven C. Seeger |

**Statement of Cases Relevant to Legal Standard Offered by Defendants United Egg Producers, Inc., United States Egg Marketers, Inc., Cal-Maine Foods, Inc. and Rose Acre Farms, Inc.**

Defendants submit the follow authorities for the Court's consideration (and relevant direct quotes from the cases) as the Court determines the applicable legal standard:

1. *Leegin Creative Leather Prods., Inc., v. PSKS, Inc.*, 127 S.Ct. 2705, 2713 (2007) ("To justify a *per se* prohibition a restraint must have manifestly anticompetitive effects and lack any redeeming virtue.")

2. *Allied Tube & Conduit v. Indian Head, Inc.*, 108 S.Ct. 1931, 1937 (1988) ("When … private associations promulgate safety standards based on the merits of objective expert judgments and through procedures that

      prevent the standard-setting process from being biased by members with economic interests in stifling product competition, those private standards can have significant procompetitive advantages. It is this potential for procompetitive benefits that has led most lower courts to apply rule-of-reason analysis to product standard-setting by private associations." (cleaned up)).

3. *Broadcast Music, Inc. v. Columbia Broadcasting System, Inc.*, 99 S.Ct. 1551. 1557 (1979) (observing in the context of an alleged *per se* Section 1 claim that "easy labels often do not provide ready answers" and "[l]iteralness is overly simplistic and often overbroad").

4. *In re Sulfuric Acid Antitrust Litig.*, 703 F.3d 1004, 1100-11 (7th Cir. 2012) The shutdown agreements are in effect a form of price fixing, but we know from *Broadcast Music, Inc. v. Columbia Broadcasting System, Inc.,* 441 U.S. 1, 24, 99 S.Ct. 1551, 60 L.Ed.2d 1 (1979), that even price fixing by agreement between competitors—and from *Polk Bros., Inc. v. Forest City Enterprises, Inc.,* 776 F.2d 185, 189 (7th Cir.1985), that other agreements that restrict competition, as well—are governed by the rule of reason, rather than being *per se* illegal, if the challenged practice when adopted could reasonably have been believed to promote 'enterprise and productivity.'").

5. *Bunker Ramo Corp. v United Bus. Forms, Inc.*, 713 F.2d 1272, 1283, 1284 (7th Cir. 1982) ("The 'rule of reason' is the established standard of

analysis for determining whether an antitrust violation has been stated. … Under this rule the fact finder weighs all the circumstances of a case to decide whether a restrictive practice should be prohibited as imposing an 'unreasonable restraint on competition'" (cleaned up); "[t]he mere attachment of a *per se* label by a plaintiff to defendants' conduct does not automatically invoke the *per se* doctrine and eliminate the requirement that the plaintiff allege and prove the anticompetitive effects of defendants' conduct. … The defendants' conduct must be analyzed to determine whether it should receive *per se* treatment."); *see also id.* at 1284 ("[r]ecently this court has cautioned against over-zealous application of the *per se* doctrine and has noted a judicial reluctance to extend its use. A particular course of conduct will not be termed a *per se* violation of the Sherman Antitrust Act until the courts have had considerable experience with that type of conduct and application of the rule of reason has inevitably resulted in a finding of anticompetitive effects. Additionally, only conduct that is 'manifestly anticompetitive' will be considered a *per se* offense… .") (cleaned up).

6. *Craftsman Limousine, Inc. v. Ford Motor Company*, 363 F.3d 761, 773-74 (8th Cir. 2004) ("[T]he per se mode of analysis applies a 'conclusive presumption' of illegality. Because of the strength of this presumption, the *per se* analysis is appropriate only where experience with a particular kind of restraint enables the court to predict with confidence

that the rule of reason will condemn it … . Exclusion by the joint setting and enforcement of standards is ordinarily evaluated under the rule of reason." (cleaned up)).

Dated: November 3, 2023

Respectfully submitted,

*/s/ Patrick M. Collins*

Patrick M. Collins (pcollins@kslaw.com)
Livia M. Kiser (lkiser@kslaw.com)
Patrick M. Otlewski (potlewski@kslaw.com)
Abigail Hoverman Terry (aterry@kslaw.com)
KING & SPALDING LLP
110 North Wacker Drive, 38th Floor
Chicago, IL 60606
Tel: (312) 995-6333

Lohr Beck (lohr.beck@kslaw.com)
(pro hac vice)
KING & SPALDING LLP
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309
Tel: (404) 572-2812

Brian E. Robison (brian@brownfoxlaw.com)
(pro hac vice)
BROWN FOX PLLC
6303 Cowboys Way, Suite 450
Frisco, TX 75034
Tel: (972) 707-2809

***Counsel for Defendant Cal-Maine Foods, Inc.***

4

| | |
|---|---|
| */s/ Robin P. Sumner* | */s/ Donald M. Barnes* |
| Robin P. Sumner | Donald M. Barnes |
| (robin.sumner@troutman.com) | (dbarnes@porterwright.com) |
| Kaitlin L. Meola | Jay L. Levine |
| (kaitlin.meola@troutman.com) | (jlevine@porterwright.com) |
| TROUTMAN PEPPER HAMILTON SANDERS LLP | PORTER, WRIGHT, MORRIS & ARTHUR LLP |
| 3000 Two Logan Square, 18th and Arch Streets | 2020 K. Street, N.W., Suite 600 |
| Philadelphia, PA 19103-2799 | Washington, D.C. 20006-1110 |
| Tel: (215) 981-4000 | Tel: (202) 778-3000 |
| | |
| Whitney R. Redding | James A. King |
| (whitney.redding@troutman.com) | (jking@porterwright.com) |
| TROUTMAN PEPPER HAMILTON SANDERS LLP | Allen T. Carter |
| Union Trust Building | (acarter@porterwright.com) |
| 501 Grant Street, Suite 300 | PORTER, WRIGHT, MORRIS & ARTHUR LLP |
| Pittsburgh, PA 15219-4429 | 41 South High Street, Suite 2900 |
| Tel: (412) 454-5085 | Columbus, OH 43215 |
| | Tel: (614) 227-2000 |
| Molly DiRago | |
| (Molly.DiRago@troutman.com) | **Counsel for Defendant Rose Acre Farms, Inc.** |
| TROUTMAN PEPPER HAMILTON SANDERS LLP | |
| 227 West Monroe Street, Suite 3900 | |
| Chicago, IL 60606 | |
| Tel: (312) 759-1923 | |

**Counsel for Defendants United Egg Producers, Inc. & United States Egg Marketers, Inc.**

5