IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **KRAFT FOODS GLOBAL, INC.**, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 1:11-cv-08808 |
| | ) | Judge Steven C. Seeger |
| **UNITED EGG PRODUCERS, INC.**, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS'
MOTION TO RECONSIDER AND RENEWED MOTION FOR REMOTE TESTIMONY**

Defendants United Egg Producers, Inc., United States Egg Marketers, Inc., Cal-Maine Foods, Inc., and Rose Acre Farms, Inc. ("Defendants") respectfully oppose Plaintiffs' Motion To Reconsider and Renewed Motion for Remote Testimony (ECF No. 464).

Rule 43 of the Federal Rules of Civil Procedure requires a trial witness's testimony be taken in open court. Fed. R. Civ. P. 43(a). The rule permits testimony through "contemporaneous transmission from a different location" but only upon a showing of "good cause in compelling circumstances and with appropriate safeguards." *Id.* *See also SEC v. Ferrone*, No. 11-cv-5223, 2016 U.S. Dist. LEXIS 17085, at *2 (N.D. Ill. Feb. 11, 2016) (contemporaneous transmission "cannot be justified merely by showing that it is inconvenient for the witness to attend the trial").

Here, Plaintiffs have not shown "good cause in compelling circumstances" that would excuse Mr. Feyman from testifying in person. First, the additional information that Mr. Feyman provides in his supplemental affidavit is not enough to justify remote testimony. Plaintiffs allege that this new information concerns an "underlying medical condition" (which is disclosed under

seal) that precludes him from traveling to Chicago. Yet they offer no doctor's note or other information from an unbiased source to support Mr. Feyman's claim. All they have are the statements of Mr. Feyman himself, whose previous excuses reveal he has no desire to be here for the trial. In fact, his stated reasons for not wanting to testify in person are essentially the same reasons he expressed before. (*See, e.g.,* Supplemental Declaration of Steven Feyman (filed under seal) at ¶9.)

Second, why we are only learning about this now also is unexplained. Plaintiffs could have and should have known about his claimed medical condition long before they listed him as a live witness. For whatever reason, Plaintiffs went ahead with naming him even though they could have chosen someone else to testify for Nestle.

And, third, while Defendants are sympathetic, the medical condition from which Mr. Feyman suffers is one that affects many Americans. If that condition were enough to excuse him, then a sizable portion of the U.S. population would qualify for remote testimony.

In the end, Defendants appreciate the inconvenience that Mr. Feyman will experience in having to travel to Chicago and testify in person. Defendants know that inconvenience all too well because the lives of many of their witnesses have been disrupted and put on hold by virtue of this trial. But Plaintiffs are the ones that brought this lawsuit. They have made serious charges against the Defendants. And they seek hundreds of millions of dollars in damages. Defendants' literal existence and the livelihood of their people are on the line.

Mr. Feyman is Nestle's only live witness in this trial. If he is going to testify, he needs to be here in person. "[L]ive in-person testimony is still, as a practical matter, vastly preferable for the jury and cross-examining counsel." *Ferrone*, 2016 U.S. Dist. LEXIS 17085, at *2. If he will not appear in open court, then Plaintiffs have Mr. Feyman's deposition transcript. They can

designate portions of it for the trial. In any event, the "good cause in compelling circumstances" required under Rule 43 to permit Mr. Feyman to testify remotely are simply not present. Plaintiffs' motion should be denied.

Dated: November 5, 2023              Respectfully submitted,

*/s/ James A. King*
James A. King (jking@porterwright.com)
Allen T. Carter (acarter@porterwright.com)
PORTER, WRIGHT, MORRIS & ARTHUR LLP
41 South High Street, Suite 2900
Columbus, OH 43215
Tel: (614) 227-2000

Donald M. Barnes (dbarnes@porterwright.com)
Jay L. Levine (jlevine@porterwright.com)
PORTER, WRIGHT, MORRIS & ARTHUR LLP
2020 K. Street, N.W., Suite 600
Washington, D.C. 20006-1110
Tel: (202) 778-3000

**Counsel for Defendant Rose Acre Farms, Inc.**

/s/ Robin P. Sumner
Robin P. Sumner
(robin.sumner@troutman.com)
Kaitlin L. Meola
(kaitlin.meola@troutman.com)
TROUTMAN PEPPER HAMILTON
SANDERS LLP
3000 Two Logan Square, 18th and Arch
Streets
Philadelphia, PA 19103-2799
Tel: (215) 981-4000

Whitney R. Redding
(whitney.redding@troutman.com)
TROUTMAN PEPPER HAMILTON
SANDERS LLP
Union Trust Building
501 Grant Street, Suite 300
Pittsburgh, PA 15219-4429
Tel: (412) 454-5085

Molly DiRago
(Molly.DiRago@troutman.com)
TROUTMAN PEPPER HAMILTON
SANDERS LLP
227 West Monroe Street, Suite 3900
Chicago, IL 60606
Tel: (312) 759-1923

*Counsel for Defendants United Egg Producers, Inc. & United States Egg Marketers, Inc.*

/s/ Patrick M. Collins
Patrick M. Collins (pcollins@kslaw.com)
Livia M. Kiser (lkiser@kslaw.com)
Patrick M. Otlewski (potlewski@kslaw.com)
Abigail Hoverman Terry (aterry@kslaw.com)
KING & SPALDING LLP
110 North Wacker Drive, 38th Floor
Chicago, IL 60606
Tel: (312) 995-6333

Lohr Beck (lohr.beck@kslaw.com)
(pro hac vice)
KING & SPALDING LLP
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309
Tel: (404) 572-2812

Brian E. Robison (brian@brownfoxlaw.com)
(pro hac vice)
BROWN FOX PLLC
6303 Cowboys Way, Suite 450
Frisco, TX 75034
Tel: (972) 707-2809

*Counsel for Defendant Cal-Maine Foods, Inc.*

4