UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF NextGen 1.7.1.1
Eastern Division

Kraft Foods Global, Inc., et al.
                                       Plaintiff,

v.                                                    Case No.: 1:11−cv−08808
                                                      Honorable Steven C. Seeger

United Egg Producers, Inc., et al.
                                       Defendant.


NOTIFICATION OF DOCKET ENTRY


This docket entry was made by the Clerk on Tuesday, November 7, 2023:


MINUTE entry before the Honorable Steven C. Seeger: Plaintiffs' motion for reconsideration of this Court's order denying the request for remote testimony by Feyman (Dckt. No. [464]) is hereby denied. On October 23, 2023, Plaintiffs filed a motion for leave to allow Steven Feyman, a former Nestle employee, to testify remotely from Florida. He pointed to his wife's absence, and the need to stay home and take care of his dog during hurricane season. This Court denied that request on October 24, 2023, given that Rule 43(a) requires "good cause" and "compelling circumstances" for remote testimony. See Fed. R. Civ. P. 43(a). Live, in−court testimony is better than remote testimony, for lots of reasons. On November 3, 2023, Plaintiffs filed the motion for reconsideration, and pointed to a medical reason for Feyman's unwillingness to travel to Chicago for trial. In the last few days, "Plaintiffs' counsel first learned of an underlying medical condition that was a reason for Mr. Feyman not wanting to travel to this district to testify and might justify remote testimony." See Mtn. for Reconsideration, at 2 (Dckt. No. [464]). Plaintiffs offered a declaration by Feyman that provides more information about the medical condition. The request by Feyman to testify remotely due to a medical condition is coming late in the game. The parties are in the middle of trial, and Feyman did not mention anything about a medical condition during the initial request for leave to testify remotely. Flagging a medical condition off the bat in the initial request would have been better. Still, the Court takes the declaration at face value. Having reviewed the declaration, the Court concludes that Feyman's medical condition does not establish "good cause" and "compelling circumstances" for remote testimony. Feyman's medical condition is not unusual, and neither is the medication. It seems difficult to square the request with the high standard set by Rule 43(a). If Feyman's medical condition satisfied the rule, then one wonders how many Americans could satisfy the rule, too. Remote testimony would cease to be rare. This Court is mindful that it did allow Pickett (from Walmart) to testify remotely, based on medical reasons. This Court recognizes the need to apply a rule evenhandedly. Even so, the medical conditions are not the same. Pickett pointed to unique vulnerabilities to Covid−19 by members of his family, and pointed to the need to care for an ailing daughter and autistic grandson, too. Pickett's reasons for requesting remote testimony were not overwhelming, but they were enough to satisfy the high bar of Rule 43(a). But the request about Feyman is too little, too late. The motion to seal (Dckt. No. [463]) is hereby granted. Mailed notice. (jjr, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.