

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KRAFT FOODS GLOBAL, INC., *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 11-cv-8808 |
| | ) | |
| v. | ) | Hon. Steven C. Seeger |
| | ) | |
| UNITED EGG PRODUCERS, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**PRELIMINARY JURY INSTRUCTIONS**

Members of the jury:

You are now the jury in this case, and I will take a few minutes to tell you about your duties as jurors and to give you some instructions. At the end of the trial, I will give you more detailed instructions. Those instructions will control your deliberations.

By your verdict, you will decide the questions of fact that arise during the trial based on my instructions of law at the close of the trial.

It is important that you give careful attention to the testimony and evidence as it is received and presented for your consideration. You should keep an open mind throughout the trial.  You should not form or express any opinion about the case, one way or the other, until you've heard all of the evidence, the attorneys' closing arguments, and my instructions to you on the applicable law.

If you see the lawyers or parties in the courthouse, in the hallways or the cafeteria, they will not speak to you. They're not being rude; they are following my order not to have contact with you.  Do not talk with any of the lawyers, any of the parties, or any of the witnesses.

One of my duties is to decide all questions of law and procedure. From time to time during the trial and at the end of the trial, I will instruct you on the rules of law that you must follow in making your decision.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be.

*Order of Trial*

The trial will proceed in the following manner:

First, a lawyer for the plaintiffs will make an opening statement. Next, a lawyer for each of the defendants will make an opening statement. So, you will hear from one lawyer for all of the plaintiffs. And you will hear from four different lawyers for the various defendants.

An opening statement is not evidence but is simply a summary of what the attorney expects the evidence to be.

After the opening statements, plaintiffs will call witnesses and present evidence. Then, defendants will have an opportunity to call witnesses and present evidence. After the parties' main cases are completed, the plaintiffs may present rebuttal evidence.

After the evidence has been presented, the attorneys will make closing arguments and I will instruct you on the law that applies to the case.

After that, you will go to the jury room to deliberate on your verdict.

*Evidence in the Case*

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and any facts that I may instruct you to find or the parties may agree or stipulate to. A stipulation is simply an agreement between both sides that certain facts are true.

*Credibility of Witnesses*

You will have to decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You will also have to decide what weight, if any, you give to the testimony of each witness.

*Inferences*

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

*Direct and Circumstantial Evidence*

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who

claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, direct evidence that it's raining is testimony from a witness who says, "I was just outside and I saw it raining." Circumstantial evidence that it's raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. When the time comes to deliberate on your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

*What is Not Evidence*

The following things are not evidence, and you must not consider them as evidence in deciding the facts of this case: the opening statements, closing arguments, questions, and objections by the lawyers; any testimony that I instruct you to disregard; and anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

*Redactions*

During the course of this trial, you may be shown documents that contain redactions, meaning that some words in those documents are hidden from view. Documents are redacted for a number of reasons that have nothing to do with the merits of the case. You should not draw any inferences or conclusions from the fact that a document contains redactions.

*Rulings on Objections*

From time to time during the trial I may be called upon to make rulings of law on objections or motions made by the lawyers. You should not infer or conclude from any ruling or other comment I may make that I have any opinions about how you should decide this case. And if I should sustain an objection to a question that goes unanswered by a witness, you should not guess or speculate what the answer might have been, and you should not draw any inferences or conclusions from the question itself.

When an objection is sustained, that means you are not to consider the question or the answer. When an objection is overruled, that means you may consider the evidence.

*Sidebar Conferences*

At times during the trial it may be necessary for me to talk with the lawyers out of your hearing, or by calling a recess. Often during a trial something comes up that doesn't involve the jury.

We will do what we can to keep the number and length of these conferences to a minimum, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

*Note-Taking – Allowed*

You've been given notebooks. You may use them to take notes during the trial. Any notes you take during this trial are only aids to your memory. The notes are not evidence. If you do not take notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

When you leave the courthouse during the trial, your notes should be left in the jury room. When you leave at night, your notes will be secured and not read by anyone. At the end of the trial, your notes will be destroyed, and no one will be allowed to read the notes before they are destroyed.

*No Transcript Available to Jury*

Pay close attention to the testimony as it is given. At the end of the trial you must make your decision based on what you recall of the evidence. You will not have a written transcript to consult. The court reporter makes a record for the court. But you as jurors will not receive a transcript of the testimony. So please listen to the testimony carefully.

*Questions by Jurors Forbidden*

I do not permit jurors to ask questions of witnesses or of the lawyers. Please do not interrupt the lawyers during their examination of witnesses.

If you are unable to hear a witness or a lawyer, please raise your hand immediately and I will see that this is corrected.

*Jury Conduct*

All jurors must follow certain rules of conduct, and you must follow them, too.

First, you should keep an open mind throughout the trial. Do not make up your mind about what your verdict should be until after the trial is over. Do not make up your mind until you have received my final instructions on the law, and you and your fellow jurors have discussed the evidence.

Second, your verdict in this case must be based exclusively on the law as I give it to you and the evidence that is presented in court during the trial. For this reason, and to ensure fairness to both sides in this case, you must obey the following rules. These rules apply both when you are here in court and when you are not in court. They apply until after you have returned your verdict in the case.

1. You must not discuss the case, the issues in the case, or anyone who is involved in the case, among yourselves until you go to the jury room to deliberate after the trial is completed.

2. You must not communicate with anyone else about this case, the issues in the case, or anyone who is involved in the case, until after you have returned your verdict.

3. You must not read any news stories or articles or listen to any radio or television reports about the case or about anyone who has anything to do with it.

4. You must not do any research about this case. You must not search the internet, consult dictionaries, or do any investigation about the case or about the evidence that you hear. You must not perform any investigation of any kind on your own. For example, you may not look anything up on your phones.

5. When you are not in the courtroom, you must not allow anyone to communicate with you or give you any information about the case, the issues in the case, or about anyone who is involved in the case. If someone tries to communicate with you about the case, the issues in the case, or someone who is involved in the case, or if you overhear or learn any information about the case, the issues in the case, or someone involved in the case when you are not in the courtroom, you must report this to me promptly.

6. You may tell your family and your employer that you are serving on a jury, so that you can explain that you have to be in court. However, you must not communicate with them about the case, the issues in the case, or anyone who is involved in the case until after you have returned your verdict.

7. All of the information that you will need to decide the case will be presented here in court. You may not look up, obtain, or consider information from any outside source.

  There are a few reasons for these rules. First, it would not be fair to the parties in the case for you to consider outside information or communicate information about the case to others. Second, outside information may be incorrect or misleading. Third, if you talk or communicate about the case, you may organize your thoughts in a way that may lead you to form conclusions before you've heard everything.

  When I say that you may not obtain or consider any information from outside sources, and may not communicate with anyone about the case, the issues in the case, or those involved in the case, I am referring to every way that people communicate or obtain information. This includes, for example, face to face conversations; looking things up; doing research; reading, watching, or listening to reports in the news media; and any communication using any electronic device, such as a telephone, cell phone, computer, the Internet, text messaging, social media like Facebook, Twitter, Instagram, or any other form of communication. If you hear, see, or receive

any information about the case by these or any other means, you must report that to me immediately.

*Logistics*

I wanted to cover two logistical points.

First, please use the elevators on the north side of the building. So, when you enter the building and go through security, go to the left side, and take those elevators. If you're not sure where to go, ask the Court Security Officers, and they will help you.

Second, please leave your phones in the jury room. Please do not take them into the courtroom. That will help you avoid potential distractions. They will be secure in the jury room.

*Province of Judge and Jury*

Do not allow sympathy, prejudice, fear, or public opinion to influence you. You should not be influenced by any person's race, color, religion, national ancestry, or sex.

*Burden of Proof – Preponderance*

I will now give you an overview of the burden of proof.

This is a civil case, not a criminal case. When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

*Description of the Case*

At the end of the trial, I will give you instructions about the law that applies to this case, including the definitions of some terms.

In the meantime, I wanted to give you a short description of the case.

This is a civil case brought under Section 1 of the Sherman Act. In civil matters, the parties who bring the lawsuits are called plaintiffs. The Plaintiffs here are: Kraft Foods Global, Inc., The Kellogg Company, General Mills, Inc., and Nestlé USA, Inc. The Plaintiffs purchased egg products from egg producers. Egg products are made from eggs and come in various forms including liquid, frozen, and dried.

In civil matters, the parties against whom a lawsuit is brought are called defendants. The Defendants here are Rose Acre Farms, Inc., Cal-Maine, Inc., United Egg Producers, and United States Egg Marketers.

Cal-Maine and Rose Acre are producers and sellers of eggs.

United Egg Producers, which will sometimes be referred to as UEP, is an industry association made up of egg producers.

The United States Egg Marketers, which is sometimes referred to as USEM, is an industry association of egg producers that arranges for the export of eggs from the U.S. to other countries.

The Plaintiffs allege that the defendants and other egg producers agreed or conspired to limit the United States supply of eggs, which then drove up the domestic price of eggs and egg products in violation of the nation's antitrust laws. The Plaintiffs further allege that they were injured by this conduct in that it caused them to pay higher prices for egg products than they otherwise would have paid.

The Defendants deny that they conspired to limit the supply of eggs or egg products, and they further deny that they conspired to increase the price of eggs or egg products. The Defendants deny that the Plaintiffs were injured, and also deny that the prices Plaintiffs paid were higher than they otherwise would have paid.

That's a short preview of what the case is about.

*Passage of Time*

The evidence in this case is about events that occurred many years ago.

The case is not about the price of eggs in the last few years.

I expect that you will hear evidence in this case about the price of eggs through 2012, but not later.

The amount of time that it took to get to trial is not the fault of the parties.

You should not return a verdict, one way or the other, based on a belief about whether the case should have gone to trial sooner.

You may take the passage of time into account when evaluating the testimony of the witnesses, including when you evaluate their memories.

*Overview of the Sherman Act*

  I will now give you a few preliminary instructions about the substantive law that applies to the case. The case is about an antitrust statute called the Sherman Act. I will give you just a few instructions about antitrust law to introduce you to the area of the law.

  The instructions are preliminary. The purpose of the preliminary instructions is simply to give you a preview of the law. The goal is to help you understand what the case is about, and to give you an idea of the type of issues that you will decide at the end of the case. If any of the preliminary instructions are different in any way from the instructions that I will give at the end of the case, then the instructions at the end of the case will control.

The purpose of the Sherman Act is to preserve free and unfettered competition in the marketplace. The Sherman Act rests on the central premise that competition produces the best allocation of our economic resources, the lowest prices, the highest quality, and the greatest material progress. I may refer to the Sherman Act as the antitrust laws.

Plaintiffs challenge Defendants' conduct under Section 1 of the Sherman Act. Section 1 prohibits contracts, combinations, and conspiracies that unreasonably restrain trade. To establish a violation of Section 1 of the Sherman Act, plaintiffs must prove the following:

(1) the existence of a contract, combination, or conspiracy between or among at least two separate entities;

(2) that the contract, combination, or conspiracy unreasonably restrains trade;

(3) that the restraint affects interstate or foreign commerce; and

(4) that the restraint caused Plaintiffs to suffer an injury to their business or property.

Plaintiffs allege that defendants entered a conspiracy to restrain trade by limiting the supply of eggs in order to increase prices of eggs and egg products. A conspiracy is an agreement or understanding between two or more persons or businesses to restrain trade in the way alleged by plaintiffs.

Plaintiffs must prove both of the following elements by a preponderance of the evidence:

(1)     that the alleged conspiracy existed; and

(2)     that the defendant knowingly became a member of that conspiracy. To act knowingly means to participate deliberately, and not because of mistake or accident or other innocent reason.

The basis of a conspiracy is an agreement or understanding between two or more persons or businesses. An agreement or understanding between two or more persons or businesses exists when they share a commitment to a common scheme. To establish the existence of a conspiracy, the evidence need not show that its members entered into any formal or written agreement. The agreement itself may have been entirely unspoken. A person or business can become a member without full knowledge of all of the details of the conspiracy, the identity of all of its members, or the parts such members played in the alleged conspiracy. The members of the conspiracy need not necessarily have met together, directly stated what their object or purpose was to one another, or stated the details of the means by which they would accomplish their purpose. To prove a conspiracy existed, the evidence must show that the alleged members of the conspiracy came to an agreement or understanding among themselves to accomplish a common purpose.

A conspiracy may be formed without all parties coming to an agreement at the same time. Similarly, it is not essential that all persons or businesses acted exactly alike, nor is it necessary that they all possessed the same motive for entering the agreement. It is also not necessary that all of the means or methods claimed by plaintiffs were agreed upon to carry out the alleged conspiracy, nor that all of the means or methods that were agreed upon were actually used or put into operation, nor that everyone alleged to be members of the conspiracy were actually members. It is the agreement or understanding to limit egg supply that constitutes a conspiracy. Therefore, you may find a conspiracy existed regardless of whether it succeeded or failed.

Plaintiffs may prove the existence of the alleged conspiracy through direct evidence, circumstantial evidence, or both. Again, direct evidence is explicit and requires no inferences to establish the existence of the alleged conspiracy.

Direct evidence of an agreement may not be available, and therefore a conspiracy also may be shown through circumstantial evidence. You may infer the existence of a conspiracy from the circumstances, including what you find the alleged members actually did and the words they used. Mere similarity of conduct among various persons, however, or the fact that they may have associated with one another and not have met or assembled together, does not by itself establish the existence of a conspiracy. If they acted similarly but independently of one another, without any agreement among them, then there would not be a conspiracy.

In determining whether an agreement or understanding between two or more persons or businesses has been proved, you must view the evidence as a whole and not piecemeal.

Before you can find that a defendant was a member of the conspiracy alleged by plaintiffs, the evidence must show that that defendant knowingly joined in the unlawful plan at its inception, or at some later time, with the intent to further the purpose of the conspiracy.

To act knowingly means to participate deliberately and not because of mistake, accident, or other innocent reason. A person or business may become a member of a conspiracy without full knowledge of all the details of the conspiracy, the identity of all its members, or the parts they played. Knowledge of the essential nature of the plan is enough. On the other hand, a person or business who has no knowledge of a conspiracy but happens to act in a way that helps the conspiracy succeed, does not thereby become a conspirator.

A person or business who knowingly joins an existing conspiracy, or who participates only in part of a conspiracy with knowledge of the overall conspiracy, is just as responsible as if they had been one of those who formed or began the conspiracy and participated in every part of it.

In determining whether a defendant was a member of the alleged conspiracy, you should consider only the evidence about that particular defendant's statements and conduct, including any evidence of that defendant's knowledge and participation in the events involved and any other evidence of that particular defendant's participation in the conspiracy alleged.

The same approach applies to evidence about any alleged co-conspirators who are not defendants in this case, such as other egg producers. In determining whether another egg producer who is not a defendant was a member of the alleged conspiracy, you should consider only the evidence about that company's statements and conduct, including any evidence of that company's knowledge and participation in the events involved and any other evidence of that company's participation in the conspiracy alleged.

You may not find that a defendant or an alleged co-conspirator was a member of a conspiracy based only on its association with or knowledge of wrongdoing. But it is a factor you may consider to determine whether defendant or an alleged co-conspirator was a member of the alleged conspiracy.

If you find that the alleged conspiracy existed, then the acts and statements of the conspirators are binding on all of those whom you find were members of the conspiracy.

If you find that a defendant or an alleged co-conspirator is a member of a conspiracy, it is presumed to remain a member and is responsible for all actions taken by all co-conspirators during and in furtherance of the conspiracy until it is shown that the conspiracy has been completed or abandoned.

15

   Plaintiffs claim that defendants and other egg producers are competitors and have violated the Sherman Act by agreeing to limit the supply of eggs in order to raise prices of eggs and egg products.  Defendants deny this claim.

Again, I will instruct you on the elements of the claims at the end of the trial.

The instructions that I have just given you are preliminary. At the end of the trial, I will give you a final instruction on these matters. If there is any difference between what I just told you, and what I tell you in the instructions I give you at the end of the trial, the instructions given at the end of the trial govern. I simply wanted to give you a preview so that you can have some context when you hear the evidence, and so that you can have some idea on day one about what you will need to decide at the end of the trial.

*Concluding Instructions*

If you need to communicate with me, you must give a signed note to a member of the court staff to give to me.

You must not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence. You are obligated to keep an open mind until then.

Again, until you retire to deliberate, you may not discuss this case with anyone, even your fellow jurors. After you retire to deliberate, you may begin discussing the case with your fellow jurors, but you cannot discuss the case with anyone else until you have returned a verdict and the case is at an end.

Now we will begin with opening statements, which are not evidence. These statements are intended to help you understand the issues and the evidence, as well as the positions taken by both sides.