**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois – CM/ECF NextGen 1.7.1.1**
**Eastern Division**

Kraft Foods Global, Inc., et al.

                         Plaintiff,

v.                                           Case No.: 1:11–cv–08808
                                           Honorable Steven C. Seeger

United Egg Producers, Inc., et al.

                         Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Thursday, November 16, 2023:

      MINUTE entry before the Honorable Steven C. Seeger: The Court offers a few reminders about closing arguments. Counsel must have a good faith factual basis for every statement that they make to the jury about the evidence in the record. Counsel must have a good faith basis for every objection (if any), and must not object for the purpose of throwing off opposing counsel, creating a sideshow, or interrupting the momentum. The best way to address a concern about whether a statement accurately reflects the evidence is to respond when it is your turn to speak, not by making an objection. Counsel can show the jury the transcripts of the testimony from the trial, but only if they show the final certified versions of the transcripts (not the rough or real–time versions). Counsel can publish to the jury any exhibits that are in the record, and can play deposition designations, without having to ask the Court for permission to publish. Counsel cannot publish any exhibit that is not in evidence (except demonstratives). Counsel can display the Court's jury instructions, but cannot interpret the instructions or tell the jury what they mean. Counsel can display the jury verdict form to the jury, too, but cannot interpret the meaning of the jury verdict form. The Court does not require counsel to exchange demonstratives beforehand (but counsel could hatch their own deal, if they want). Counsel cannot give their personal opinions about the strength of the evidence. Counsel cannot appeal to emotion, or invite speculation, or appeal to sympathy, or encourage the jury to think about the broader consequences if they decide for one side or the other. Counsel cannot ask the jurors to put themselves in the shoes of the parties (i.e., the golden rule). Plaintiffs' rebuttal must be fairly responsive to the arguments made by Defendants during their closing statements. Plaintiffs cannot make new arguments for liability during the rebuttal argument. The rebuttal argument cannot last more than half the length of the Defendants' closing arguments (combined). Counsel must follow all other rulings made by the Court during the case, including the motion in limine rulings and all rulings during trial. Mailed notice(jjr, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of

Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.