UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KRAFT FOODS GLOBAL, INC., THE KELLOGG COMPANY, GENERAL MILLS, INC., and NESTLÉ USA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED EGG PRODUCERS, INC., UNITED STATES EGG MARKETERS, INC., CAL-MAINE FOODS, INC., and ROSE ACRE FARMS, INC. <br><br> Defendants. | No. 1:11-cv-08808 <br><br> Judge Steven C. Seeger |

**DEFENDANTS' MOTION TO STRIKE IMPROPER
CLOSING ARGUMENTS AND REQUEST FOR CURATIVE INSTRUCTIONS**

Defendants Cal-Maine Foods, Inc., ("Cal-Maine"), Rose Acre Farms, Inc., (Rose Acre"), United Egg Producers, Inc. ("UEP"), and United States Egg Marketers, Inc. (USEM) by and through their attorneys, respectfully request the Court issue curative instructions with regards to erroneous statements of the law made by Plaintiffs' counsel during Plaintiffs' closing argument on November 16, 2023.

The law in this circuit is clear: to preserve for appellate review errors which are alleged to have occurred during closing argument, a party must object to those errors before the trial judge submits the case to the jury to deliberate. *Deppe v. Tripp,* 863 F.2d 1356, 1364 (7th Cir.1988). Moreover, when an improper comment or

argument is made during closing argument, a curative instruction is proper to mitigate the harm from improper arguments. *Soltys v. Costello*, 520 F.3d 737, 745 (7th Cir. 2008) ("[C]urative instructions to the jury mitigate harm that may otherwise have resulted from improper comments during closing argument.").

Misstatements of the law occurred during Plaintiffs' closing argument that require curative instructions.

*First*, Plaintiffs improperly argued that "harm" from the alleged conspiracy could be to "small noncertified producers":

> Another harm caused by this conspiracy is the harm to small noncertified producers. So this is an email from Jeff Hardin of Cal-Maine. And he notes that these small noncertified producers, they are, the pressure keeps building for them. They're having to discount their eggs to get rid of them. So in other words, they're forcing either these small producers to join the program or go out of business.

Nov. 16, 2023 Trial Tr. at 78:6–13 (rough transcript).

This is a frank misstatement of the law that requires correction. Antitrust laws were enacted for "the protection of competition, not competitors." *Atl. Richfield Co. v. USA Petroleum Co.*, 495 U.S. 328, 338 (1990) (quoting *Brown Shoe Co. v. United States*, 370 U.S. 294, 320 (1962)). "Harm to a single competitor or group of competitors does not necessarily mean that there has been harm to competition." ABA Model Instruction at 2.

Accordingly, Defendants request the Court read to the jury the above incorrect statement and advise the jury that the Court is "striking that portion of the closing and instructing you not to consider those statements when you deliberate."

*Second*, Plaintiffs incorrectly and improperly argued that purported co-conspirators "could have formed their agreements" simply by virtue of membership in UEP and USEM:

> So in addition, recall that here the agreement took
> the form of a hub-and-spoke conspiracy. So the producers
> didn't necessarily need to agree with one another. They could
> have formed their agreements through the hub, which was UEP
> and USEM.

Nov. 16, 2023 Trial Tr. at 8:14–20 (rough transcript). Along the same lines, Plaintiffs also improperly suggested that joining the UEP Certified Program itself was evidence sufficient to demonstrate an unlawful, horizontal restraint:

> The certified program was also occurring at the same
> time that UEP and egg producers were really worried about egg
> prices. They talk about egg prices and the UEP Certified
> Program at the same events. They talk about it in the same
> documents. They practically talk about it in the same breath.

Nov. 16, 2023 Trial Tr. at 47:24–48:43 (rough transcript).

Both of these arguments misstate the law and are improper based on (1) this Court's previous rulings, *see* ECF No. 294 at 29, 32 ("Something more is required, above and beyond trade association membership. There must be 'some evidence of actual knowledge of, and participation in, an illegal scheme in order to establish a violation of the antitrust laws by a particular association member'"); (2) this Court's final jury instructions, *see* Nov. 16, 2023, Final Jury Instr. at No. 48 ("A person or business that belongs to an association or trade association does not become liable for violating the antitrust laws simply because the association or trade association is liable for such violation."); and (3) governing law, *see Schachar v. Am. Acad. Of*

*Opthalmology, Inc.*, 870 F.2d 397, 399 (7th Cir. 1989); *see also In re Broiler Chicken Antitrust Litig.*, No. 16-cv-8637, 2023 WL 7220170, at *23 (N.D. Ill. Nov. 2, 2023) (Neither "acting in parallel with other defendants to reduce supply" nor "attending industry meetings . . . is sufficient evidence of agreement without evidence of communication.").

A "hub and spoke" conspiracy requires evidence of a rim. An egg producer who joined the Certified Producer entered into an agreement with UEP alone, an agreement that is definitionally vertical. Plaintiffs' improper misstatement of the law and the record on these interrelated points require a curative instruction. Accordingly, Defendants request the Court read to the jury the above incorrect statements by counsel and advise the jury that the Court is "striking that portion of the closing and instructing you not to consider those statements when you deliberate."

Dated: November 16, 2023    Respectfully submitted,

*/s/ Patrick M. Collins*
Patrick M. Collins (pcollins@kslaw.com)
Livia M. Kiser (lkiser@kslaw.com)
Patrick M. Otlewski (potlewski@kslaw.com)
Abigail Hoverman Terry (aterry@kslaw.com)
KING & SPALDING LLP

110 North Wacker Drive, 38th Floor
Chicago, IL 60606
Tel: (312) 995-6333

Lohr Beck (lohr.beck@kslaw.com)
(pro hac vice)
KING & SPALDING LLP
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309
Tel: (404) 572-2812

4

Brian E. Robison (brian@brownfoxlaw.com)
(pro hac vice)
BROWN FOX PLLC
6303 Cowboys Way, Suite 450
Frisco, TX 75034
Tel: (972) 707-2809

*Counsel for Defendant Cal-Maine Foods, Inc.*

/s/ Robin P. Sumner
Robin P. Sumner
(robin.sumner@troutman.com)
Kaitlin L. Meola
(kaitlin.meola@troutman.com)
TROUTMAN PEPPER HAMILTON SANDERS LLP
3000 Two Logan Square, 18th and Arch Streets
Philadelphia, PA 19103-2799
Tel: (215) 981-4000

Whitney R. Redding
(whitney.redding@troutman.com)
TROUTMAN PEPPER HAMILTON SANDERS LLP
Union Trust Building
501 Grant Street, Suite 300
Pittsburgh, PA 15219-4429
Tel: (412) 454-5085

Molly DiRago
(Molly.DiRago@troutman.com)
TROUTMAN PEPPER HAMILTON SANDERS LLP
227 West Monroe Street, Suite 3900
Chicago, IL 60606
Tel: (312) 759-1923

*Counsel for Defendants United Egg Producers, Inc. & United States Egg Marketers, Inc.*

/s/ Donald M. Barnes
Donald M. Barnes
(dbarnes@porterwright.com)
Jay L. Levine
(jlevine@porterwright.com)
PORTER, WRIGHT, MORRIS & ARTHUR LLP
2020 K. Street, N.W., Suite 600
Washington, D.C. 20006-1110
Tel: (202) 778-3000

James A. King
(jking@porterwright.com)
Allen T. Carter
(acarter@porterwright.com)
PORTER, WRIGHT, MORRIS & ARTHUR LLP
41 South High Street, Suite 2900
Columbus, OH 43215
Tel: (614) 227-2000

*Counsel for Defendant Rose Acre Farms, Inc.*