UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KRAFT FOODS GLOBAL, INC., THE KELLOGG COMPANY, GENERAL MILLS, INC., and NESTLÉ USA, INC., | ) ) ) ) |
| Plaintiffs, | ) ) No. 1:11-cv-08808 |
| v. | ) ) Judge Steven C. Seeger ) |
| UNITED EGG PRODUCERS, INC., UNITED STATES EGG MARKETERS, INC., CAL-MAINE FOODS, INC., and ROSE ACRE FARMS, INC. | ) ) ) ) ) |
| Defendants. | ) ) ) |

**MOTION FOR CURATIVE INSTRUCTION OF DEFENDANTS ROSE ACRE FARMS, INC., CAL-MAINE FOODS, INC., AND UNITED STATES EGG MARKETERS, INC.**

Defendants Rose Acre Farms, Inc., Cal-Maine Foods, Inc., and United States Egg Marketers, Inc. ("Defendants") respectfully move for a curative instruction to correct a material error that Plaintiffs made during closing argument and rebuttal on the number of eggs exported through the USEM export program during the alleged conspiracy period.

**A.     Factual Background**

In Plaintiffs' closing argument on Thursday, November 16, 2023, Plaintiffs referred to a demonstrative entitled "Exports to Restrict Supply" that consisted of a chart identifying the number of eggs exported under the USEM export program from 2000 through 2008. (ECF No. 546-1, PLS Demo 0020, at 68, attached as Exhibit A.) The chart included columns by year and by sum total labeled "Number of exports," "Containers," "Cases (x 800)," "Dozens (x 30), and "Eggs (x 12)."

When describing the contents of the chart, however, Plaintiffs' counsel erroneously stated to the jury that the total of 707,040,000 under the column "Eggs (x 12)" represented the total number of dozens of eggs exported rather than the number of individual eggs. Specifically, she said:

> There were 18 exports during the conspiracy period. They ranged from 1 to 4 exports a year. The total is 70 million dozen eggs. So that's more than 8 billion eggs exported.

(Nov. 16, 2023 Tr., 21-B, at 6187.) Counsel's claim of "more than 8 billion eggs exported" was incorrect and contrary to the evidentiary record. The chart says that the figure of 707,040,000 is the total number of eggs exported, not the number of dozens of eggs. Counsel's representation to the jury that over 8 billion eggs were exported during the time period depicted on the chart is off by a factor of 12.

At the time, the statement appeared to be nothing more than a misreading of the chart in the moment of closing argument – dozens instead of individual eggs – not an intentional misstatement. Had that all it been, Defendants would have let it go as an inadvertent mistake. But then on rebuttal, Plaintiffs' counsel again returned to the erroneous claim that "billions" of eggs were exported through USEM:

> This happened with all sorts of programs they had. Exports, a blatant example of it. They took billions of eggs out of the U.S. in order to restrict the market here, in order to raise prices that their U.S. customers would be paying.

(Nov. 18, 2023 Tr., 22-B, at 6497.)

### B.     A Curative Instruction Is Necessary

Defendants were unable to confirm whether Plaintiffs had accurately represented the number of eggs exported through USEM until Friday evening when Plaintiffs filed the demonstratives they used during closing. After the demonstratives became available, Defendants

2

reviewed Plaintiffs' USEM export chart along with the official transcript of the closing and rebuttal arguments to determine whether misstatements were made. On comparing what is in the chart with what was said, Defendants found that the statements based on the chart were indeed materially incorrect.

Without ascribing motive to the misstatements, Defendants respectfully submit that a curative instruction is necessary. The USEM exports during the relevant time period did not exceed 8 billion eggs, based on Plaintiffs' own demonstrative. This is a material mischaracterization of the evidence. Plaintiffs' misstatements on what the overall export volume actually was may mislead the jury in deciding whether the USEM program was part of an antitrust conspiracy under Question 2 of the Verdict Form. Should the jury conclude that over 8 billion or even billions of eggs were exported from the domestic market through the USEM, when in truth the total number of eggs was approximately 700 million, the jury may make a decision inconsistent with the evidentiary record. Such a result, obviously, would be unfair to Defendants.

For these reasons, Defendants request that the Court issue to the jury the following curative instruction or some form of it:

> During Plaintiffs' closing argument, you heard that over 8 billion eggs were exported under the USEM export program from 2000 through 2008. That number was in error. The correct number of eggs *that Plaintiffs claim* were exported under the USEM export program from 2000 through 2008 is Seven Hundred and Seven Million, Forty Thousand (707,040,000) eggs (or Fifty Eight Million, Nine Hundred Twenty Thousand (58,920,000) dozens). You should disregard any reference in Plaintiffs' closing and in Plaintiffs' rebuttal to billions of eggs being exported through USEM during the relevant time period.

The words "that Plaintiffs claim" are italicized to emphasize that this is what Plaintiffs claim the number to be, not that Defendants agree with that number. Defendants request that a curative instruction be given to the jury as early as possible on Monday morning.

Dated: November 19, 2023  Respectfully submitted,

*/s/ James A. King*
James A. King (jking@porterwright.com)
Allen T. Carter (acarter@porterwright.com)
PORTER, WRIGHT, MORRIS & ARTHUR LLP
41 South High Street, Suite 2900
Columbus, OH 43215
Tel: (614) 227-2000

Donald M. Barnes (dbarnes@porterwright.com)
Jay L. Levine (jlevine@porterwright.com)
PORTER, WRIGHT, MORRIS & ARTHUR LLP
2020 K. Street, N.W., Suite 600
Washington, D.C. 20006-1110
Tel: (202) 778-3000

**Counsel for Defendant Rose Acre Farms, Inc.**

| | |
|---|---|
| */s/ Molly DiRago*<br>Molly DiRago<br>(Molly.DiRago@troutman.com)<br>TROUTMAN PEPPER HAMILTON SANDERS LLP<br>227 West Monroe Street, Suite 3900<br>Chicago, IL 60606<br>Tel: (312) 759-1923<br><br>**Counsel for Defendant United States Egg Marketers, Inc.** | */s/ Patrick M. Collins*<br>*Patrick M. Collins (pcollins@kslaw.com)*<br>*Livia M. Kiser (lkiser@kslaw.com)*<br>*Patrick M. Otlewski (potlewski@kslaw.com)*<br>*Abigail Hoverman Terry (aterry@kslaw.com)*<br>*KING & SPALDING LLP*<br>*110 North Wacker Drive, 38th Floor*<br>*Chicago, IL 60606*<br>*Tel: (312) 995-6333*<br><br>*Lohr Beck (lohr.beck@kslaw.com)*<br>*(pro hac vice)*<br>*KING & SPALDING LLP*<br>*1180 Peachtree Street, NE, Suite 1600*<br>*Atlanta, GA 30309*<br>*Tel: (404) 572-2812*<br><br>*Brian E. Robison (brian@brownfoxlaw.com)*<br>*(pro hac vice)*<br>*BROWN FOX PLLC*<br>*6303 Cowboys Way, Suite 450*<br>*Frisco, TX 75034*<br>*Tel: (972) 707-2809*<br><br>**Counsel for Defendant Cal-Maine Foods, Inc.** |