UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KRAFT FOODS GLOBAL, INC., THE KELLOGG COMPANY, GENERAL MILLS, INC., and NESTLÉ USA, INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | No. 1:11-cv-08808 |
| v. | ) ) ) | Judge Steven C. Seeger |
| UNITED EGG PRODUCERS, INC., UNITED STATES EGG MARKETERS, INC., CAL-MAINE FOODS, INC., MICHAEL FOODS INC., and ROSE ACRE FARMS, INC. | ) ) ) ) ) ) | |
| Defendants. | ) | |

**PLAINTIFFS' MOTION TO LIMIT ANY TESTIMONY BY
DR. WALKER IN THE DAMAGES PHASE**

Defendants did not hire an expert witness to calculate damages suffered by Plaintiffs if a jury were to find that Defendants committed an antitrust conspiracy. Instead, they hired Dr. Walker, who opines that a conspiracy could not have occurred and attacks the model of Dr. Baye. Having made those decisions, Defendants are bound by them. They should not be allowed to elicit testimony from Dr. Walker to estimate damages or opine on any other issue that goes beyond his expert reports.

Plaintiffs and Defendants met and conferred about this Motion. Defendants did not provide clarity about Dr. Walker's potential testimony in the damages phase.

**I.   In Finding Liability, the Jury has Rendered Moot a Majority of Dr. Walker's Opinions.**

Most of Dr. Walker's opinions go only to liability and are not appropriate for the damages phase. Dr. Walker testified in the liability phase to the following opinions: any conspiracy would not have been successful at reducing supply or raising prices (Tr. 5233, 5288-5307); the Plaintiffs

failed to prove the relevant product market (Tr. 5476-80, 5620-31); there were minimal barriers to entry and substantial buyer power (Tr. 5234, 5280-86); customers demanded animal welfare policies (Tr. 5448-50); California's Proposition 2 may have impacted expansion (Tr. 5450-55);[1] the design of the conspiracy was implausible (Tr. 5235); Dr. Baye did not effectively control for factors including the Great Recession and egg price collapse (Tr. 5468-75, 5635-38); Dr. Baye improperly used time trends and a 1990's benchmark (Tr. 5445-48, 5471-73); Dr. Baye's model proved unreliable when applied to prices instead of quantity (Tr. 5497-5501); and Dr. Baye's analysis of exports was invalid (Tr. 5501-12). Dr. Walker's testimony spanned two days and nearly 300 pages of trial transcripts. He provided detailed explanations and demonstratives to aid the jury's understanding of his opinions. The jury nonetheless rejected them, and more, in the liability phase.

The Court should not allow Dr. Walker to re-present this same testimony in the damages phase. The jury was under the impression that it would serve for a five-week period. Its deliberations extended into the sixth week. It now has been informed that it will be returning for a seventh week. It is unnecessary and wasteful of the Court's, jury's, and parties' time to allow Dr. Walker to present his same criticisms of Dr. Baye's model that the jury already has heard. It would be duplicative and inefficient. Plaintiffs therefore request that the Court clarify that Dr. Walker is not permitted to duplicate his prior testimony.

One additional opinion disclosed by Dr. Walker, but not the subject of his liability-phase testimony, is that Dr. Baye's model would break down if certain elements of the conspiracy were found to be legal. Walker Main Report at ¶¶ 19, 252. This opinion is not appropriate for the damages phase in light of the jury's findings. The jury found that the conspiracy to restrain trade

---

[1] Any opinion about state laws is even further afield now that the jury has limited damages to 2004-08. The California laws did not take effect until 2015.

2

involved *all* aspects of the alleged conspiracy. It found no element of the conspiracy to be legal. The only question for the jury is how much Plaintiffs were damaged by the unified conspiracy. As a result, any testimony regarding Dr. Baye's failure to isolate certain elements of the conspiracy in his model is inadmissible under Federal Rules of Evidence 402 and 403.

**II.  Dr. Walker Cannot Testify about New, Undisclosed, or Late Opinions on Damages or Other Subjects.**

While criticizing Dr. Baye, Dr. Walker has never offered his own opinion on damages. "A party using a retained expert is required to furnish, prior to trial, a report containing 'a complete statement of all opinions to be expressed and the basis and reasons.'" *Keach v. U.S. Tr. Co.*, 419 F.3d 626, 639 (7th Cir. 2005) (quoting Fed. R. Civ. P. 26(a)(2)(B)).

Consistent with *Keach* and Rule 26, this Court has consistently limited the Parties' expert testimony to opinions disclosed in their reports, and it should do the same for the damages phase.

As this Court has observed, it is difficult to police the boundaries between the expert's new versus previously-disclosed opinions while the expert is on the witness stand. This is especially true when the expert has issued several reports, including parts of which the MDL court found to be untimely.[2] As a result, Plaintiffs request that the Court order Defendants to provide a proffer of the opinions they expect to elicit from Dr. Walker in sufficient time for the Court to consider the scope of his testimony before he testifies. This will promote efficiency and avoid sidebars, which is especially important given the burden being placed on the jury during the damages phase that the jury was unaware of before rendering its liability findings.

---

[2] Dr. Walker's reports and Judge Pratter's ruling regarding untimeliness are attached as exhibits to this motion.

## CONCLUSION

For the foregoing reasons, the Court should bar Dr. Walker from testifying about any opinions that the jury considered at the liability phase and any opinions not disclosed in an expert report. The Court should further order Defendants to file a proffer of the opinions they expect to elicit from Dr. Walker.

November 24, 2023

Respectfully submitted,

***Counsel for Plaintiffs Kraft Foods Global, Inc., General Mills, Inc., Nestlé USA, Inc. and The Kellogg Company***

/s/ *Brandon D. Fox*
Brandon D. Fox
Amy M. Gallegos (admitted *pro hac vice)*
Sati Harutyunyan (admitted *pro hac vice*)
JENNER & BLOCK LLP
515 South Flower St, Suite 3300
Los Angeles, CA 90071
Tel: (213) 239-5100
Fax: (213) 239-5199
bfox@jenner.com
agallegos@jenner.com
sharutyunyan@jenner.com

Andrianna D. Kastanek
Angela M. Allen
Joel T. Pelz
Michael T. Brody
Christopher M. Sheehan
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654-3456
Tel: (312) 222-9350
Fax: (312) 527-0484
akastanek@jenner.com
aallen@jenner.com
jpelz@jenner.com
mbrody@jenner.com
csheehan@jenner.com