UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KRAFT FOODS GLOBAL, INC., *et al.*, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> UNITED EGG PRODUCERS, INC., *et al.*, ) <br> ) <br> ) <br> Defendants. ) | Case No. 1:11-cv-08808 <br> Judge Steven C. Seeger |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION IN LIMINE TO ADMIT BUSINESS RECORDS**

Defendants Cal-Maine Foods, Inc., Rose Acre Farms, Inc., United Egg Producers, Inc., and United States Egg Marketers, Inc. submit this response to Plaintiffs' Motion in Limine to Admit Business Records.

## I.  Introduction

Defendants do not have a Rule 803(6) objection to the records that are the subject of the Motion.

But Defendants object to the records to the extent (a) the records include transactions outside the damages period, (b) the records include transactions involving non-coconspirator producers, and (c) Plaintiffs' counsel interpret or otherwise suggest to the jury the meaning of purchase-related terms within the transaction data without a qualified witness who has personal knowledge.

## II. Argument

**A. Records Outside the Damages Period and Involving Non-Coconspirator Purchases Are Irrelevant and Violate Rule 403.**

The jury's verdict determined that Plaintiffs only suffered an injury between October 2004 and December 2008, and that the producers involved in the conspiracy were Cal-Maine, Rose Acre, Wabash Valley and Moark. Now the jury must determine the damages resulting from Plaintiffs' injury in that limited period of time flowing from sales by the coconspirators.

Despite the jury's verdict, Plaintiffs' Motion seeks to admit over a thousand pages of records, which include purchases pre-dating October 2004 and post-dating December 2008, and which reflect purchases from non-coconspirators, including Michael Foods, Henningsen, Oskaloosa, FOF International, and other producers.[1]

The Court was clear that the damages phase was not to "reargue the case." Nov. 21, 2023 Trial Tr. 6682:3–16 ("I am going to absolutely shut anybody down if they say anything that invites the jury to second-guess what they did before."). Plaintiffs' counsel seemingly agreed when they represented to the Court that they would not present evidence about purchases from Michael Foods in the damages phase. *See id.* at 6686:5-9 (Q. So, for example, on Michael Foods, that was the one where they said no. So plaintiffs shouldn't present any evidence about purchases from Michael Foods, obviously, right? A: Correct, Your Honor.) In light of the foregoing,

---

[1] The records also include non-egg products purchases including, among other things, honey and poultry products like rendered turkey fat and turkey breasts, *see e.g.*, Dkt. 564, Ex. B at 141–45, and other products. These products are clearly irrelevant and offer nothing to the jury's determination on damages.

there is no probative value to any business records reflecting purchases of egg products outside the damages periods and involving non-coconspirators.

To the extent Plaintiffs suggest these records contain relevant evidence, Federal Rule of Evidence 403 should bar their admission in the damages phases. "[E]vidence, although relevant, may be excluded when its probative value is outweighed by such factors as its cumulative nature, or the 'undue delay' and 'waste of time' it may cause." *MCI Commc'ns Corp. v. Am. Tel. & Tel. Co.*, 708 F.2d 1081, 1171 (7th Cir. 1983). Evidence regarding damages should not require the jury to guess or speculate. *Id.* at 1161.

Admitting records with purchases pre-dating and post-dating the damages period, and including non-coconspirator sales, creates a serious risk of misleading and confusing the jury by inviting them to speculate on whether (and if so, how much of) the data actually relate to the issues they have been tasked to resolve, including whether a purchase relates to a specific conspirator's actions, why and how purchase data from periods outside the injury period may or should be used, and how to account for any other purchases that do not fit within the contours of the jury's verdict form.

As a result, Plaintiffs' voluminous records will serve to confuse the jury and prejudice the Defendants, rather than assist the jury in determining a damages amount consistent with the verdict form. Indeed, none of these records provide a reasonable basis for determining damages in accordance with governing law and the jury's verdict.

3

### B. Plaintiffs' Counsel Cannot Interpret Terms within the Transaction Records Without a Lay Witness Having Personal Knowledge.

Additionally, to the extent Plaintiffs intend to rely on the interpretation of any columns in the transaction data from any Plaintiff in the damages phase, Plaintiffs must present a witness with personal knowledge who can interpret what the columns mean. For instance, certain transaction data show a "posting date," which Plaintiffs' counsel earlier (and improperly) presented to the jury to be the purchase date of egg products. Nov. 16, 2023 Trial Tr. 6105:13-14 ("it shows the posting date, which is the date of the sale"). A posting date typically reflects when a payment was posted, ***not*** when a purchase was initiated or the date reflecting the purchase price of an egg product. It would be wholly improper for Plaintiffs' counsel to continue to engage in this sort of improper tactic during the damages phase. If Plaintiffs wish to present or interpret the transaction data, then Plaintiffs should present a witness who has personal knowledge. *See Alexander v. Hoffman,* 2020 WL 2933318, at *9 (E.D. Mich. June 3, 2020) ("The practice of reading unfamiliar documents into the record and then asking a witness… to provide an unwitting reaction or interpretation is not permitted under the Federal Rules of Evidence."). Anything short of testimony by a representative with personal knowledge will be speculative and should be barred under Rule 403 during the damages phase.

### Conclusion

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs' Motion to the extent Plaintiffs seek to introduce (a) transactions predating and postdating the damages period, (b) transactions involving non-conspirators and

4

non-egg products, and (c) interpretations of the records without a witness with personal knowledge.

Dated: November 26, 2023

Respectfully submitted,

*/s/ Patrick M. Collins*
Patrick M. Collins (pcollins@kslaw.com)
Livia M. Kiser (lkiser@kslaw.com)
Patrick M. Otlewski (potlewski@kslaw.com)
Abigail Hoverman Terry (aterry@kslaw.com)
KING & SPALDING LLP
110 North Wacker Drive, 38th Floor
Chicago, IL 60606
Tel: (312) 995-6333

Lohr Beck (lohr.beck@kslaw.com)
(pro hac vice)
KING & SPALDING LLP
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309
Tel: (404) 572-2812

Brian E. Robison (brian@brownfoxlaw.com)
(pro hac vice)
BROWN FOX PLLC
6303 Cowboys Way, Suite 450
Frisco, TX 75034
Tel: (972) 707-2809

***Counsel for Defendant Cal-Maine Foods, Inc.***

| */s/ Robin P. Sumner* | */s/ Donald M. Barnes* |
|---|---|
| Robin P. Sumner (robin.sumner@troutman.com) | Donald M. Barnes (dbarnes@porterwright.com) |
| Kaitlin L. Meola (kaitlin.meola@troutman.com) | Jay L. Levine (jlevine@porterwright.com) |
| TROUTMAN PEPPER HAMILTON SANDERS LLP | PORTER, WRIGHT, MORRIS & ARTHUR LLP |
| 3000 Two Logan Square, 18th and Arch Streets | 2020 K. Street, N.W., Suite 600 |
| Philadelphia, PA 19103-2799 | Washington, D.C. 20006-1110 |
| Tel: (215) 981-4000 | Tel: (202) 778-3000 |

5

Whitney R. Redding
(whitney.redding@troutman.com)
TROUTMAN PEPPER HAMILTON
SANDERS LLP
Union Trust Building
501 Grant Street, Suite 300
Pittsburgh, PA 15219-4429
Tel: (412) 454-5085

Molly DiRago
(Molly.DiRago@troutman.com)
TROUTMAN PEPPER HAMILTON
SANDERS LLP
227 West Monroe Street, Suite 3900
Chicago, IL 60606
Tel: (312) 759-1923

*Counsel for Defendants United Egg Producers, Inc. & United States Egg Marketers, Inc.*

James A. King
(jking@porterwright.com)
Allen T. Carter
(acarter@porterwright.com)
PORTER, WRIGHT, MORRIS &
ARTHUR LLP
41 South High Street, Suite 2900
Columbus, OH 43215
Tel: (614) 227-2000

*Counsel for Defendant Rose Acre Farms, Inc.*