**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KRAFT FOODS GLOBAL, INC., THE | ) | |
| KELLOGG COMPANY, GENERAL | ) | |
| MILLS, INC., and NESTLÉ USA, INC., | ) | |
| | ) | |
| Plaintiffs, | ) | No. 1:11-cv-08808 |
| | ) | |
| v. | ) | Judge Steven C. Seeger |
| | ) | |
| UNITED EGG PRODUCERS, INC., | ) | |
| UNITED STATES EGG MARKETERS, | ) | |
| INC., CAL-MAINE FOODS, INC., and | ) | |
| ROSE ACRE FARMS, INC. | ) | |
| | ) | |
| Defendants. | ) | |

**PARTIES' PHASE 2 JURY INSTRUCTIONS**

1

PLAINTIFFS' PROPOSED PRELIMINARY INSTRUCTION

You have already found that Defendants Cal-Maine, Rose Acre, United Egg Producers, or "UEP," and United States Egg Marketer, or "USEM," and co-conspirators Moark and Wabash Valley, engaged in a conspiracy to reduce the supply of eggs in order to increase their price.

You found that Michael Foods did not participate in the conspiracy.

You found the conspiracy involved the four practices Plaintiffs have challenged: (1) early slaughter, forced molting, and flock reduction, referred to as the short-term measures, (2) exports; (3) the ban on backfilling; and (4) the cage density restrictions.  These last two practices were implemented through the UEP Certified Program, which included the 100% rule.

You also found that the conspiracy injured plaintiffs Kraft, Kellogg, General Mills and Nestle in the period October 2004 through December 2008.

Your findings may not be reconsidered.

Defendants' Response:  Defendants object to Plaintiffs' characterization of what the jury found and this proposed preliminary instruction.  This "instruction" is argumentative and at best, incomplete.

PLAINTIFFS' DAMAGE INSTRUCTION


1. ANTITRUST DAMAGES--INTRODUCTION AND PURPOSE


You have found Defendants violated the antitrust laws and that this violation caused injury to Plaintiffs. You must now determine the amount of damages, if any, Plaintiffs are entitled to recover.

The law provides that Plaintiffs should be fairly compensated for all damages to their business or property that were a direct result or likely consequence of the conduct that you have found to be unlawful.

Antitrust damages are only compensatory, meaning their purpose is to put an injured plaintiff as near as possible in the position in which it would have been had the antitrust violation not occurred. The law does not permit you to award damages to punish a wrongdoer--what we sometimes refer to as punitive damages--or to deter particular conduct in the future. Furthermore, you are not permitted to award to plaintiff an amount for attorneys' fees or the costs of maintaining this lawsuit.

**Source:** ABA Model Instructions in Civil Antitrust Cases (2016 ed.), Ch. 6, Instruction B-1, p. 304 (modified).

Defendants' Response:  this instruction is not appropriate for a bifurcated trial per the manual.  The correct instruction is Instruction B-2, which Defendants submitted, and which is appropriate here.

Plaintiffs' Reply:  this introductory instruction is appropriate in this case.  The bifurcated trial instruction (B-2) addresses instructing a jury that did not hear the liability phase of the case.  This introductory instruction better explains the general concepts applicable to all damage determinations and should be used.

## 2. BASIS FOR CALCULATING DAMAGES

You are permitted to make just and reasonable estimates in calculating Plaintiff's damages. You are not required to calculate damages with mathematical certainty or precision. However, the amount of damages must have a reasonable basis in the evidence and must be based on reasonable, non-speculative assumptions and estimates. Damages may not be based on guesswork or speculation. Plaintiff must prove the reasonableness of each of the assumptions upon which the damages calculation is based.

If you find that a Plaintiff has provided a reasonable basis for determining damages, then you may award damages based on a just and reasonable estimate supported by the evidence.

If you find that a Plaintiff has failed to carry its burden of providing a reasonable basis for determining damages, then you may not award damages or you may award nominal damages, not to exceed one dollar.

**Source:** ABA Model Instructions in Civil Antitrust Cases (2016 ed.), Ch. 6, Instruction B-3, p. 307 (modified).

### 3. DAMAGES FOR OVERCHARGES BASED ON OUTPUT RESTRICTION

The proper way to calculate the amount of damages to award Plaintiff is to determine the difference between the prices Plaintiff actually paid for egg products and the prices Plaintiff would have paid had there been no agreement to restrict output. This is referred to as the overcharge.

Overcharge damages may be calculated in a variety of ways, including multiple regression or before-and-after analyses.

**Source:** ABA Model Instructions in Civil Antitrust Cases (2016 ed.), Ch. 6, Instruction B-5, p. 312 (modified).

Defendants' Response:  Defendants object to the inclusion of "or before-and-after analyses" because no such model is presented by Plaintiffs' expert, Dr. Baye, and it would be confusing to the jury to be given an instruction on a non-existent theory.

4. POSSIBLE PASS THROUGH OF NO CONCERN

You have not heard any evidence in this case about whether Plaintiffs passed along higher prices to their customers. When determining the amount of damages that will compensate Plaintiffs, you should not consider whether any Plaintiff passed along higher prices to their customers.

**Source**: Tr. of Proc., Nov 7, 2023, 4012-13. The need for this instruction is addressed in ABA Model Jury Instructions in Civil Antitrust Cases (2016 ed.), Ch. 6, Instruction No. B-1 (explanatory note). *See also Paper Systems v. Nippon Paper Indus. Co*., 281 F.3d 629, 632-34 (7th Cir. 2002) (citing *Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977)).

Defendants' Response: a limiting instruction has already been provided to the jury (at Tr. of Proc., Nov 7, 2023, 4012-13) and there is no basis to give such an instruction again.

5. MULTIPLE PLAINTIFFS

You are to decide what sum of money would fairly and reasonably compensate each Plaintiff. If you find that more than one Plaintiff is entitled to recover damages, exercise caution to be sure that each Plaintiff is awarded damages only for its own injuries.

**Source**: ABA Model Instructions in Civil Antitrust Cases (2016 ed.), Ch. 6, Instruction B-15, p. 326

Defendants' Response:  the removed language is important and part of the pattern instruction. We object to its removal.  Defendants proposed the pattern instruction verbatim and submit that is the instruction that should be given.

## 6. JOINT AND SEVERAL LIABILITY

Each participant in a conspiracy that violates the antitrust laws is jointly and severally liable for all of the damages resulting from the conspiracy. This means that each conspirator is fully liable for all of the damages caused by the conspiracy and not solely for damages caused by an individual conspirator. One who knowingly joins an ongoing conspiracy is liable for the previous acts of the other conspirators in furtherance of the conspiracy.[2]

Defendants are liable for all damages caused by the conspiracy including any overcharges on purchases of the product.

Thus, a Defendant is liable for overcharges on all purchases of egg products by Plaintiffs from all members of the conspiracy, and not merely on purchases from that Defendant.

**Source**: ABA Model Instructions in Civil Antitrust Cases (2016 ed.), Ch. 6, Instruction B-17, p. 329.

Defendants' Response: Defendants object to the removal of some of the pattern language. In particular, the pattern's qualifier that if the jury finds any **"plaintiff is entitled to recover damages based on the other instructions"** is important because it is possible that one or more of these plaintiffs will not meet its burden of proof.

**DEFENDANTS' PROPOSED JURY INSTRUCTIONS—DAMAGES PHASE**

**BIFURCATED TRIAL**

[The first jury found] In the liability phase of this proceeding, you found that the following entities violated the antitrust laws by conspiring to reduce the supply of eggs: (1) United Egg Producers (UEP); (2) United States Egg Marketers (USEM); (3) Cal-Maine Foods; (4) Rose Acre Farms, (5) Wabash Valley Farms and (6) Moark.

Each injured Plaintiff is entitled to recover for all damages to its business or property that were a direct result or likely consequence of the conduct that [the first jury] you previously found to be unlawful. You may not, however, award damages for injuries or losses caused by conduct not submitted to [the first jury] you in the liability phase of the trial, or caused by factors other than the conduct that [the first jury] you previously found to unlawful.

The law does not permit you to award damages to punish a wrongdoer—what we sometimes refer to as punitive damages—or to deter particular conduct in the future. Furthermore, you are not permitted to award to Plaintiffs an amount for attorneys' fees or the costs of maintaining this lawsuit.

Source: ABA Model Jury Instructions in Civil Antitrust Cases (2016 ed.) at 306. (Ch. 6, Section B, Instruction 2).

## **Plaintiffs' Position**

Plaintiffs request the Court to use Plaintiffs' Instruction 1 instead of this instruction. Defendant's proposal does not contain all of the information found in the Plaintiffs' proposed instruction.

**Defendants' response**:  this is the pattern instruction for a bifurcated trial and appropriate here given the trial was in fact bifurcated.

**BASIS FOR CALCULATING DAMAGES**

You are permitted to make just and reasonable estimates in calculating <u>each Plaintiff's</u> damages. You are not required to calculate damages with mathematical certainty or precision. However, the amount of damages must have a reasonable basis in the evidence and must be based on reasonable, non-speculative assumptions and estimates. Damages may not be based on guesswork or speculation. <u>Each</u> Plaintiff must prove the reasonableness of each of the assumptions upon which the damages calculation is based.

If you find that <u>a Plaintiff</u> has provided a reasonable basis for determining damages, then you may award damages based on a just and reasonable estimate supported by the evidence.

If you find that <u>a Plaintiff</u> has failed to carry its burden of providing a reasonable basis for determining damages, then you may not award damages.

<u>Source</u>: ABA Model Jury Instructions in Civil Antitrust Cases (2016 ed.) at 307 (Ch. 6, Section B, Instruction 3), citing *J. Truett Payne Co. v. Chrysler Motors Corp.*, 451 U.S. 557, 566 (1981) and *Bigelow v. RKO Radio Pictures*, 327 U.S. 251, 264 (1946) (other internal citations omitted); Broiler Chicken Inst. 38.

**<u>Plaintiffs' Position</u>**

This instruction is identical to Plaintiffs' instruction 2, with the exception of the nominal damages instruction, which Plaintiffs believe is appropriate.

## CAUSATION AND DISAGGREGATION

~~If you find that defendant violated the antitrust laws and that plaintiff was injured by that violation,~~

Each Plaintiff is entitled to recover for such injury that was the direct result or likely consequence of the unlawful acts of the entities you found violated the antitrust laws by conspiring to reduce the supply of eggs during the time period of the conspiracy (i.e., October 2004-December 2008): (1) United Egg Producers (UEP); (2) United States Egg Marketers (USEM); (3) Cal-Maine Foods; (4) Rose Acre Farms, (5) Wabash Valley Farms and (6) Moark.

Plaintiffs bear the burden of showing that their injuries were caused by the antitrust violation you found, as opposed to any other factors. If you find that Plaintiffs' claimed injuries were caused in part by Defendants', Moark's and Wabash Valley's antitrust violation you found and in part by other factors, then you may award damages only for that portion of Plaintiffs' alleged injuries that were caused by the alleged antitrust violation.

Plaintiffs claim that they suffered injury because they paid higher prices for egg products than they would have paid if the antitrust violation you found had not occurred.

Plaintiffs are not entitled to recover for changes in price that resulted solely from other causes arising from the normal course of lawful business activity. The presence of such factors does not mean Plaintiffs did not suffer antitrust injury, but Plaintiffs are not entitled to recover for damages caused by them. Plaintiffs only may recover for damages caused by the antitrust violation you found.

Similarly, Plaintiffs are not entitled to recover damages for injuries caused by the conduct of egg producers who were not found to be a part of the conspiracy. For example, even though you determined that Plaintiffs' injuries were caused by Moark, Cal-Maine, Rose Acre and Wabash Valley joining and adhering to the Certified Program, you may only consider the effect caused by these individual producers you found to be a part of the conspiracy. You may not consider the effect on the market and on Plaintiffs caused by the conduct of the other, approximately 200, non-conspirator egg producers that participated in the UEP Certified Program. The same holds true for the Short-Term Measures and the Exports as part of the USEM Export Program.

Plaintiffs bear the burden of proving damages by a preponderance of the evidence, including apportioning damages between lawful and unlawful causes. If you find that Plaintiffs were injured by Defendants', Moark's and Wabash Valley's antitrust violation, and there is a reasonable basis to apportion Plaintiffs' claimed injury between lawful and unlawful causes, then you may award damages.

If you find that Plaintiffs' claimed injuries were caused by factors other than Defendants', Moark's and Wabash Valley's antitrust violation, then you must not award any Plaintiff any damages. In addition, if you find that there is no reasonable basis to apportion Plaintiffs' claimed ~~injury~~ injuries between lawful and unlawful causes, or that apportionment can only be

accomplished through speculation or guesswork, then you also should not award any damages at all to any Plaintiff.

Source:   ABA Model Jury Instructions in Civil Antitrust Cases (2016 ed.) at 311, citing *Comcast v. Behrend*, 133 S.Ct. 1426, 1433 (2013) and *Coleman Motor Co. v. Chrysler Corp.*, 525 F.2d 1338, 1353 (3d Cir. 1975) (other internal citations omitted).  Paragraph 5 adapted from *Comcast Corp. v. Behrend*, 569 U.S. 27, 35 (2013) [P]laintiff's damages case must be consistent with its liability case, particularly with respect to the alleged anticompetitive effect of the violation.") ; *In re Processed Egg Prods. Antitrust Litig.*, 312 F.R.D. 124, 153 (E.D. Pa. 2015) ("[A]ny drop in egg supply should be sufficiently tied to Defendants' conduct to make the model reliable for showing antitrust impact. Here, Plaintiffs did not isolate the effects of Defendants' conduct on the total egg supply; any supply reduction by non-conspiring producers has not been controlled for."); *Concord Boat Corp. v. Brunswick Corp.*, 207 F.3d 1039, 1056-57 (8th Cir. 2000) (reversing jury verdict predicated on expert testimony that "failed to account for market events that both sides agreed were not related to any anti-competitive conduct" and "did not separate lawful from unlawful conduct").

## Plaintiffs' Position

Plaintiffs object to this instruction.  The pattern instruction on which it is based is written for use in a trial that is not bifurcated.  As a result, this instruction calls for the jury to make findings on topics that have already been decided.  For example, it refers to an alleged conspiracy and claimed injuries, whereas the conspiracy in this case has been proven and found by the jury and the jury has found Plaintiffs to have been injured.   Inviting the jury to return to these issues is inconsistent with the bifurcation of this case.  At a minimum, it will be confusing.

Plaintiffs further object:

- The instruction is inconsistent with the jury's finding of a single overarching conspiracy, with multiple means and methods that overlapped over the course of the conspiracy.

- The instruction is inconsistent with the jury's finding that the UEP conspired and that aspects of the UEP certified program were conspiratorial means.  It is also inconsistent with the jury's finding that the USEM conspired and that its export program was a conspiratorial means.

- The instruction is inconsistent with the causation standard the jury has already received.  Those prior instructions instructed the jury that the conspiracy need not be the sole cause, only a material cause, of injury.

- The instruction is argumentative.  Defendants suggest arguments that are not proper subjects of an instruction.

- The instruction elaborates theories of causation and defense arguments that have been evaluated and decided.  It invites the jury to make findings it has already made.  Instructions in the first phase of the trial have advised the jury as to the requirements of causation.   Those instructions can be repeated if needed.

**Defendants' Response**:  Plaintiffs are conflating injury and causation and damages, not defendants.  Defendants revised the instruction to take out "alleged" where appropriate.

**DAMAGES FOR PURCHASES – OVERCHARGES BASED ON SUPPLY**

Plaintiffs' expert witnesses testified regarding how they calculated the overcharges caused by the conspiracy you found to limit the supply of eggs. The expert witnesses testified that they estimated the alleged overcharges using what is referred to as multiple regression models.

Source:  Broiler Chicken Instruction 35 (as modified)

## Plaintiffs' Position

Plaintiffs object to this instruction. Instead, the Court should give Plaintiffs' Instruction 3, which contains the necessary content. Moreover, this instruction is inconsistent with the jury's finding that the conspiracy has been proven.

**Defendants' Response**: Defendants' removed the term "alleged." The instruction is appropriate and consistent with Plaintiffs' expert disclosures.

**OVERCHARGES BASED ON ALLEGED AGREEMENT TO RESTRICT OUTPUT**

Because you have determined that there was an unlawful agreement among Cal-Maine, Rose Acre, USEM, UEP, Wabash Valley and Moark to reduce the supply of eggs that caused some injuries to Plaintiffs, you must now determine the amount of damages to award to each Plaintiff. The proper way to calculate those damages is to determine the difference between the prices Plaintiffs actually paid for egg products and the prices Plaintiffs would have paid for the egg products had there been no agreement to reduce the supply of eggs. That is referred to as the overcharge.

Plaintiffs have attempted to demonstrate that they paid more for egg products than they would have paid absent the unlawful agreement you found through a multiple regression analysis. Defendants dispute that Plaintiffs' multiple regression analysis is reliable.

If you find that the Plaintiffs' model is a reliable guide to estimate what the Plaintiffs' egg product prices would have been absent the alleged conspiracy to reduce the supply of eggs, then you may calculate the Plaintiffs' damages using Plaintiffs' model. You may find, however, that the model is not a reliable indicator of the amount of alleged supply reduction attributable to Defendants, Moark or Wabash Valley or of the alleged overcharge attributable to that reduction, in which case you are not permitted to award damages.

Further, Defendants are not liable for any overcharge on egg product purchases that are a result of lawful conduct or the conduct of any non-conspiring entities. Any drop in egg supply, and any resulting increase in the price of egg products, must be tied only to the unlawful conduct of those entities that you found participated in the conspiracy to reduce the supply of eggs – specifically, Cal-Maine Foods, Rose Acre Farms, Wabash Valley, Moark and the associations UEP and USEM.


Source: Paragraph 1: ABA Model Jury Instructions in Civil Antitrust Cases (2016 ed.) at 312 (as adapted). Second paragraph adapted from Defendants' proposed damages instruction in *In re Southeastern Milk Antitrust Litig.*, Case No. 2:08-MD-01000 (ECF 1624-1) (July 14, 2011). Third paragraph adapted from *Comcast Corp. v. Behrend*, 569 U.S. 27, 35 (2013) [P]laintiff's damages case must be consistent with its liability case, particularly with respect to the alleged anticompetitive effect of the violation.") ; *In re Processed Egg Prods. Antitrust Litig.*, 312 F.R.D. 124, 153 (E.D. Pa. 2015) ("[A]ny drop in egg supply should be sufficiently tied to Defendants' conduct to make the model reliable for showing antitrust impact. Here, Plaintiffs did not isolate the effects of Defendants' conduct on the total egg supply; any supply reduction by non-conspiring producers has not been controlled for."); *Concord Boat Corp. v. Brunswick Corp.*, 207 F.3d 1039, 1056-57 (8th Cir. 2000) (reversing jury verdict predicated on expert testimony that "failed to account for market events that both sides agreed were not related to any anti-competitive conduct" and "did not separate lawful from unlawful conduct").

## **Plaintiffs' Position**

Plaintiffs object to this instruction, which is argumentative and deviates from the pattern. The instruction is inconsistent with the jury's finding of a conspiracy that actually injured Plaintiffs. The conspiracy is not alleged, it is proven.

Plaintiffs' Instruction 2, which follows the ABA pattern, provides the useful instruction without presenting the argument of either party.

**Defendants' Response**: Defendants removed "alleged" and Defendants believe the instruction is helpful to the jury due to the mismatch between Plaintiffs' expert's opinions and the findings of the jury.

**MULTIPLE PLAINTIFFS**

If you award damages, you will be asked what sum of money would fairly and reasonably compensate each Plaintiff. If you find that more than one <u>Plaintiff</u> is entitled to recover damages, exercise caution to be sure that each <u>Plaintiff</u> is awarded damages only for its own injuries.

<u>Sources</u>:  ABA Model Jury Instructions in Civil Antitrust Cases (2016 ed.) at 326; Broiler Chicken Instruction 36.

## **Plaintiffs' Position**

Plaintiffs agree the Court should give this instruction. Plaintiffs' proposed instruction 6 provides the same content with minor wording suggestions.


**Defendants' Response**: Defendants object to the removal of words from the pattern instruction and submit the pattern should be given. Plaintiffs changed the meaning by removing words.

## MITIGATION

Plaintiffs may not recover damages for any portion of their injuries that they could have avoided through the exercise of reasonable care and prudence. Plaintiffs are not entitled to increase damages through inaction. The law requires an injured party to take all reasonable steps it can to avoid further injury and thereby reduce its loss. If any or all Plaintiffs failed to take reasonable steps available to them, and the failure to take those steps resulted in greater harm to that Plaintiff or Plaintiffs than it would have suffered had it taken those steps, then that Plaintiff or Plaintiffs may not recover any damages for that part of the injury it could have avoided. Defendants have the burden of proof on this issue. Defendants must prove by a preponderance of the evidence that a Plaintiff:

(1) acted unreasonably in failing to take specific steps to minimize or limit its losses;
(2) that the failure to take those specific steps resulted in its losses being greater than they would have been had it taken such steps; and
(3) the amount by which Plaintiff's loss would have been reduced had Plaintiff taken those steps.

In determining whether a Plaintiff failed to take reasonable measures to limit its damages, you must remember that the law does not require a Plaintiff to take every conceivable step that might reduce its damages. The evidence must show that a Plaintiff failed to take commercially reasonable measures that were open to it. Commercially reasonable measures mean those measures that a prudent businessperson in the Plaintiff's position would likely have adopted, given the circumstances as they appeared at that time. Each Plaintiff should be given wide latitude in deciding how to handle the situation, so long as what each Plaintiff did was not unreasonable in light of the existing circumstances.

Sources:  ABA Model Jury Instructions in Civil Antitrust Cases (2016 ed.) at 324.

**Plaintiffs' Position**

Plaintiffs object to this instruction.

First, as a matter of law, Plaintiffs do not have an obligation to mitigate damages from horizontal conspiracies, such as this one. The court in *In re Airline Ticket Comm'n Antitrust Litig*. explained that "[i]n a horizontal price-fixing case … mitigation and offset generally do not affect the ultimate measure of damages." 918 F. Supp. 283, 286 (D. Minn. 1996) (citing *Illinois Brick Co. v. Illinois*, 431 U.S. 720, 745–46 (1977)). This is because, "[w]hile an antitrust plaintiff alleging a refusal to deal or vertical price-fixing could reasonably be expected to mitigate damages by finding another supplier, a victim of horizontal price-fixing does not have this option." *In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. M 07-1827 SI, 2012 WL 6000154, at *3 (N.D. Cal. Nov. 30, 2012). Effects on the market price of a commodity affect all buyers, regardless of whom they buy from. As a result, "antitrust injury occurs the moment the purchaser incurs an overcharge ... [a]nd in a price-fixing conspiracy, the amount of damages is established by the amount of the overcharge." *In re Delta/AirTran Baggage Fee Antitrust Litig.*, 317 F.R.D. 675, 684 (N.D. Ga. 2016).

Second, this defense will not be supported by the evidence. There was no commercially reasonable way for Plaintiffs to mitigate their losses resulting from Defendants' wrongful conduct.

**Defendants' Response**: There are vertical and horizontal agreements in play here and therefore it is not the case that mitigation would never be proper. To the extent that defendants do not provide evidence to support this instruction, they will withdraw it at the close of evidence.

November 26, 2023

**Counsel for Rose Acre Farms, Inc.**

/s/ James A. King
James A. King (jking@porterwright.com)
Allen T. Carter (acarter@porterwright.com)
PORTER, WRIGHT, MORRIS & ARTHUR
LLP
41 South High Street, Suite 2900
Columbus, OH 43215
Tel: (614) 227-2000

Donald M. Barnes
(dbarnes@porterwright.com)
Jay L. Levine (jlevine@porterwright.com)
PORTER, WRIGHT, MORRIS & ARTHUR
LLP
2020 K. Street, N.W., Suite 600
Washington, D.C. 20006-1110
Tel: (202) 778-3000

**Counsel for Defendant Cal-Maine Foods, Inc.**

/s/ Patrick M. Collins
Patrick M. Collins (pcollins@kslaw.com)
Livia M. Kiser (lkiser@kslaw.com)
Patrick M. Otlewski (potlewski@kslaw.com)
Abigail Hoverman Terry (aterry@kslaw.com)
KING & SPALDING LLP
110 North Wacker Drive, 38th Floor
Chicago, IL 60606
Tel: (312) 995-6333

Respectfully submitted.

**Counsel for Plaintiffs Kraft Foods Global,
Inc., General Mills, Inc., Nestlè USA, Inc. and
The Kellogg Company**

/s/ Brandon D. Fox
Brandon D. Fox
Amy M. Gallegos (*pro hac vice*)
JENNER & BLOCK LLP
515 South Flower St, Suite 3300
Los Angeles, CA 90071
Tel: (213) 239-5100
Fax: (213) 239-5199
bfox@jenner.com
agallegos@jenner.com

James T. Malysiak
Joel T. Pelz
Andrianna D. Kastanek
Angela M. Allen
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654-3456
Tel: (312) 222-9350
Fax: (312) 527-0484
jmalysiak@jenner.com
jpelz@jenner.com
akastanek@jenner.com
aallen@jenner.com

Lohr Beck (lohr.beck@kslaw.com)
(admitted *pro hac vice*)
KING & SPALDING LLP
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309
Tel: (404) 572-2812

Brian E. Robison (brian@brownfoxlaw.com)
(admitted *pro hac vice*)
BROWN FOX PLLC
6303 Cowboys Way, Suite 450
Frisco, TX 75034
Tel: (972) 707-2809


***Counsel for UEP/USEM***

*/s/Robin P. Sumner*
Robin P. Sumner
(robin.sumner@troutman.com)
Kaitlin L. Meola
(Kaitlin.meola@troutman.com)
TROUTMAN PEPPER HAMILTON
SANDERS LLP
3000 Two Logan Square, 18th and Arch
Streets
Philadelphia, PA 19103-2799
Tel: (215) 981-4000