UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KRAFT FOODS GLOBAL, INC., *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 1:11-cv-08808 |
| | ) | Judge Steven C. Seeger |
| UNITED EGG PRODUCERS, INC., *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION TO EXCLUDE TESTIMONY
OF NATHAN BLALOCK AND DAVID TANTLINGER**

In a November 24, 2023, meet and confer session, Plaintiffs, for the first time, revealed their intent to present a new, second damages opinion during the damages phase based on a supplemental, alternative theory. At the time of the initial disclosure, Plaintiffs provided little information about the specifics of their theory and *no* information about the specific damages calculations that would flow from it, as, Defendants were told, the model remained a work in progress. Plaintiffs only began to reveal the building blocks of this alternative damages model during the holiday weekend, when they were required to submit witness and exhibit lists. Specifically, Plaintiffs disclosed that the apparent mouthpiece for this alternative damages theory would be a newly disclosed witness, Nathan Blalock, an economist colleague of Dr. Baye at NERA. Plaintiffs then made a belated, "supplemental" disclosure last night that identified yet another new witness: accountant David

Tantlinger, who is to provide summary testimony in support of this second damages theory.

Tellingly absent from any of the Plaintiffs' "disclosures" was any preview (in the form of a summary exhibit, substantive demonstrative or otherwise) of what the new opinions will conclude in terms of a damages estimate, or even whether all "four legs" of the stool will be addressed. Plaintiffs' supplemental witness list provides only the following information about the testimony these witnesses will provide:

> Mr. Blalock is expected to testify as a summary witness regarding Plaintiffs' purchases of egg products, Urner Barry data, and overcharges based on statements made by Gene Gregory....

> Mr. Tantlinger is expected to testify as a summary witness regarding Plaintiffs' purchases of egg products close in time to the seven exports at issue and overcharges based on statements made by Gene Gregory.

(ECF No. 571 at 2.) As a result, only two days before the damages trial is set to commence, Defendants have no insight into the monetary estimate that will result from this new model, much less the specific methods and assumptions used to reach the ultimate figure. The black-box nature of Plaintiffs' new approach is especially problematic because, as explained in a related defense motion filed today, the alternative model is presumptively premised on patently unreliable statements from Gene Gregory.

Accordingly, Defendants seek the exclusion of the testimony of Mr. Blalock, Mr. Tantlinger and related newly disclosed evidence on this second damages model. As an important and foundational matter, Plaintiffs' disclosures should be excluded because they are too late. The Court's Standing Order on the final pretrial order

makes clear that "[a]ny witness not listed in the Final Pretrial Order will be precluded from testifying absent a showing of good cause[.]"[1] The late and incomplete disclosure of this secondary damages model and these particular witnesses creates a trial by ambush for a trial phase that has been anticipated by the Plaintiffs for years. Second, with Plaintiffs' multiple disclosures of a new model and new witnesses on the eve of the damages trial, including *additional* new lay witnesses from Kellogg and Nestle, addressing Plaintiffs' alternative model also promises to be a time-consuming exercise. There can be little doubt that presenting and dissecting this second model will prolong the two-day trial the jurors have been told to expect.

Third, regarding the witnesses themselves, Mr. Blalock and Mr. Tantlinger do not qualify as either summary witnesses *or* lay witnesses. The 11th Circuit has laid out the basic test for presenting summary testimony through a lay witness:

> Rule 1006 permits a party to use a summary or chart to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court. Fed. R. Evid. 1006. A witness who presents summary testimony typically qualifies as a lay witness under Federal Rule of Evidence 701. *See United States v. Hamaker*, 455 F.3d 1316, 1331-32 (11th Cir. 2006) (holding government witness's testimony was permissible lay testimony under Rule 701 because his review of the evidence was within the capacity of any reasonable lay person). Rule 701 allows lay testimony as to opinions or inferences which are: (1) rationally based on the perception of the witness; (2) helpful to a clear understanding of the witness's testimony or the determination of a fact in issue; and (3) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. *Id.*

---

[1] Judge Seeger Standing Order on Final Pretrial Order For Civil Cases at https://www.ilnd.uscourts.gov/judge-info.aspx?+q7AroZFqQJxIXbDV5X8oQ==.

*United States v. Franklin*, No. 21-14358, 2022 WL 5337453, at *2 (11th Cir. Oct. 7, 2022). *See also United States v. Rigas*, 490 F.3d 208, 224 (2d Cir. 2007) (court did not abuse its discretion in allowing lay testimony from a summary witness where the witness's testimony was based on his own observations and was not based on specialized knowledge). Mr. Blalock and Mr. Tantlinger meet none of the requirements for a lay summary witness, for several reasons.

First, the only way Mr. Blalock and Mr. Tantlinger could offer true lay summary testimony regarding "overcharges based on statements made by Gene Gregory" is if Gene Gregory had made voluminous statements regarding the amounts he believed Defendants overcharged Plaintiffs. There are no such statements. Second, the fact that Mr. Blalock is a director at NERA Economic Consulting, where he "specializes in the economics of antitrust,"[2] and that Mr. Tantlinger is a Certified Public Accountant,[3] indicates that their testimony will be "based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701(c). Plaintiffs do not need an economics expert and/or an accountant to serve as summary witnesses. This would render them expert witnesses, not lay witnesses. And the addition of section (c) to Rule 701 in 2000 "effectively foreclosed the use of

---

[2] *See* https://www.nera.com/experts/nathan-blalock.html ("Mr. Blalock specializes in the economics of antitrust and intellectual property. His research focuses on the evaluation of liability and damages in antitrust lawsuits[.]")

[3] See https://www.linkedin.com/in/dave-tantlinger-aa45385 (indicating that Mr. Tantlinger is licensed as a Certified Public Accountant).

summary witnesses as 'surprise experts.'" Brandon L. Bigelow, *Summary and Expert Witnesses: A Distinction With A Difference*, 9 Suffolk J. Trial & App. Adv. 1, 8 (2004).

In fact, Plaintiffs' attempt to cloak their new damages theory with expert *bona fides* by introducing it through Mr. Blalock and Mr. Tantlinger's "summary testimony" highlights the reason this tactic should be disallowed: this is not a case in which damages can be proven through a straightforward recitation of transaction data. Calculating the damages (if any) caused to Plaintiffs by the four conspirator-producers' sales will inevitably require expertise beyond the capability of a layperson. *See Zenith Elecs. Corp. v. WH–TV Broad. Corp.,* 395 F.3d 416, 420 (7th Cir.2005) (articulating that Rule 701 could not assist the defendant where its claimed losses depended on inferences to be drawn from raw data, rather than the actual underlying data); *U.S. v. Tomkins,* 2012 WL 1357701, at \*11 (N.D. Ill. April 19, 2012) (holding that a lay witness "may not provide testimony which requires him to make connections for the jury based on that specialized knowledge"). As discussed in a contemporaneous filing by Defendants, Gene Gregory did not have that expertise. But having Mr. Blalock and Mr. Tantlinger testify as lay summary witnesses "based on statements made by Gene Gregory" (ECF No. 571 at 2) would allow Plaintiffs to introduce Mr. Gregory's opinions through the mouths of seemingly qualified economic and accounting professionals, without actually requiring those witnesses to defend or endorse Mr. Gregory's opinions, and without the disclosure and reporting requirements that would otherwise be required for expert testimony. *See* Bigelow,

*Summary and Expert Witnesses: A Distinction With A Difference,* 9 Suffolk J. Trial & App. Adv. at 8-10.

The Court should not allow Plaintiffs to surprise Defendants and disrupt trial by introducing a new, second damages model through Mr. Blalock and Mr. Tantlinger at the eleventh hour with no preceding opinion or pretrial calculations. "The truth-seeking function of our adversarial system of justice is disserved when the boundaries of a suit remain ill-defined and litigants are exposed to the vicissitudes of trial by ambush." *Rodriguez v. Doral Mortg. Corp.*, 57 F.3d 1168, 1172 (1st Cir.1995). Notably, Plaintiffs chose Dr. Baye years ago to carry their damages water and forecasted his central role even after the liability verdict; they should not be allowed to surprise Defendants with the last-minute addition of a *new* damages model presented by a *new* economics expert and accountant and other *new* witnesses.

Two days before trial, Defendants still lack the basic information necessary to cross-examine Mr. Blalock and Mr. Tantlinger regarding the alternative model. All of this should have been thought through by Plaintiffs and disclosed months, if not years ago. As the Court has cautioned, "parties typically can trim their cases, but the Court has a healthy measure of skepticism about big changes a short time before trial." ECF No. 311; *see also Paramount Media Grp., Inc. v. Vill. of Bellwood*, No. 13 C 3994, 2015 WL 3419831, at \*2 (N.D. Ill. May 28, 2015) (last minute disclosure of new damages theory "smacks of trial by ambush") (citation and internal quotations omitted); *Plexxikon Inc. v. Novartis Pharms. Corp.*, No. 17-CV-04405-HSG, 2021 WL 2577536, at \*5 (N.D. Cal. June 23, 2021) ("The Court does not know why [expert]

chose to limit his damages model so explicitly to the 2016 to 2018 timeframe. But having done so, he was not free to expand this damages model after the close of expert discovery and on the eve of trial."). Allowing Plaintiffs to introduce an alternative damages model through Dr. Baye's colleague and an accountant fifteen years into the litigation violates Rules 701 and 1006 and will unduly prejudice Defendants and prolong the damages phase.

## Conclusion

For the foregoing reasons, and in conjunction with the companion defense Motion to Exclude Statements of Non-Expert Gene Gregory, Defendants respectfully request that the Court grant the Motion and exclude Mr. Blalock and Mr. Tantlinger from testifying as summary witnesses at trial.


Dated: November 27, 2023          Respectfully submitted,

/s/ Patrick M. Collins
Patrick M. Collins (pcollins@kslaw.com)
Livia M. Kiser (lkiser@kslaw.com)
Patrick M. Otlewski
(potlewski@kslaw.com)
Abigail Hoverman Terry
(aterry@kslaw.com)
KING & SPALDING LLP
110 North Wacker Drive, 38th Floor
Chicago, IL 60606
Tel: (312) 995-6333

7

Lohr Beck (lohr.beck@kslaw.com)
(pro hac vice)
KING & SPALDING LLP
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309
Tel: (404) 572-2812

Brian E. Robison
(brian@brownfoxlaw.com)
(pro hac vice)
BROWN FOX PLLC
6303 Cowboys Way, Suite 450
Frisco, TX 75034
Tel: (972) 707-2809

***Counsel for Defendant Cal-Maine Foods, Inc.***

| | |
|---|---|
| /s/ Robin P. Sumner | /s/ Donald M. Barnes |

Robin P. Sumner
(robin.sumner@troutman.com)
Kaitlin L. Meola
(kaitlin.meola@troutman.com)
TROUTMAN PEPPER HAMILTON
SANDERS LLP
3000 Two Logan Square, 18th and
Arch Streets
Philadelphia, PA 19103-2799
Tel: (215) 981-4000

Whitney R. Redding
(whitney.redding@troutman.com)
TROUTMAN PEPPER HAMILTON
SANDERS LLP
Union Trust Building
501 Grant Street, Suite 300
Pittsburgh, PA 15219-4429
Tel: (412) 454-5085

Donald M. Barnes
(dbarnes@porterwright.com)
Jay L. Levine
(jlevine@porterwright.com)
PORTER, WRIGHT, MORRIS &
ARTHUR LLP
2020 K. Street, N.W., Suite 600
Washington, D.C. 20006-1110
Tel: (202) 778-3000

James A. King
(jking@porterwright.com)
Allen T. Carter
(acarter@porterwright.com)
PORTER, WRIGHT, MORRIS &
ARTHUR LLP
41 South High Street, Suite 2900
Columbus, OH 43215
Tel: (614) 227-2000

***Counsel for Defendant Rose Acre Farms, Inc.***

Molly DiRago
(Molly.DiRago@troutman.com)
TROUTMAN PEPPER HAMILTON
SANDERS LLP
227 West Monroe Street, Suite 3900
Chicago, IL 60606
Tel: (312) 759-1923

***Counsel for Defendants United***
***Egg Producers, Inc. & United***
***States Egg Marketers, Inc.***