UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF NextGen 1.7.1.1
Eastern Division

Kraft Foods Global, Inc., et al.
                        Plaintiff,

v.                                                        Case No.: 1:11–cv–08808
                                                                         Honorable Steven C. Seeger

United Egg Producers, Inc., et al.
                        Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Monday, November 27, 2023:

      MINUTE entry before the Honorable Steven C. Seeger: As previewed by the Court during the hearing after the verdict on November 21, the Court issues this minute order to set some of the ground rules for the upcoming damages phase of the trial (i.e., Phase II). During the liability phase, the jury decided that all four Defendants conspired to restrict the supply of eggs, and that non–parties Moark and Wabash Valley (but not Michael Foods) participated in the conspiracy, too. The jury also decided that all four Plaintiffs suffered an injury as a result of the conspiracy during October 2004 to December 2008 (but not later). See Jury Verdict Form (Dckt. No. [582]). Given those findings of fact, the damages phase of the trial should be limited to the amount of damages for the injuries that Plaintiffs suffered from October 2004 to December 2008 (but not before or after). The sole remaining question is the amount of damages fairly attributable to the conspiracy. That is, the question is the amount of the overcharge caused by the anticompetitive conduct by Defendants and the two co–conspirators. Any exhibits admitted into evidence during the liability phase remain in evidence during the damages phase. There is no need to move to admit them a second time. The Court will allow parties to present the same evidence again, even if the evidence was presented during the liability phase, if the evidence is also relevant to the question of damages. Even so, for the sake of the jury, the Court encourages brevity. The parties must avoid undue repetition, and the Court may impose reasonable limits if the evidence becomes cumulative. The Court will instruct the jury that they can consider any evidence from the liability phase to the extent that it is relevant to the issue of damages. The parties must not relitigate issues during the damages phase that the jury decided during the liability phase. The amount of the price increase allegedly caused by the conspiracy is fair game, but the existence of an injury caused by the conspiracy is not. See Jury Verdict Form, at 5 (Question No. 6) (finding that each of the Plaintiffs "suffered an injury to their business or property caused by the participation by one or more Defendants or any alleged co–conspirators in a conspiracy that unreasonably restrained trade") (Dckt. No. [582]). In the jury's presence, no party may call into question, in any way, shape, or form, any of the findings of fact decided by the jury during the liability phase. The jury's work on questions of liability is over. Everyone must respect the findings reached during the liability phase, without inviting the jury to second–guess the decisions that it already made. By the same token, no party should compliment the jury for ruling one way or the other, either. That dynamic could be

awkward for the other side. But as always, thanking the jury for their public service, and for making personal and professional sacrifices to be here, is perfectly fine. Basically, all parties must take the jury's findings on liability as a given, without any positive or negative commentary, and must simply press forward with the issues that remain. Counsel has a responsibility to instruct their witnesses accordingly, and ensure compliance. Mailed notice. (jjr, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.