**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| KRAFT FOODS GLOBAL, INC., *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 11-cv-8808 |
| | ) | |
| v. | ) | Hon. Steven C. Seeger |
| | ) | |
| UNITED EGG PRODUCERS, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**JURY INSTRUCTIONS – DAMAGES**

**Instruction No. 1**

Members of the jury:

On November 21, 2023, you rendered a verdict on the liability phase of the trial. You found the Defendants liable for an antitrust violation.

Your verdict was unanimous.

You made your findings of fact in the jury verdict form. That jury verdict form is the definitive statement of your findings from the liability phase.

The jury verdict form speaks for itself.

For your reference, I will provide you with a copy of your signed jury verdict form from the liability phase when you deliberate about the damages phase.

You may not change or reconsider any of your previous findings about liability. Your previous answers are final.

You have answered the questions about liability. The next step is to answer the questions about damages.

**Instruction No. 2**

As I previously instructed you, all parties are equal in the eyes of the law.

A party's financial condition, size, or status ~~as a public company or a private company~~ should not influence your verdict.

**Instruction No. 3**

When you consider the issue of damages, you may consider any evidence presented at any stage of the trial.

You may consider testimony, exhibits, stipulations, and any other evidence presented during the liability phase of the trial, or during the damages phase of the trial.

You are not limited to the evidence presented during the damages phase of the trial.

**Instruction No. 4**

Plaintiffs have the burden of proof on the question of damages.

Plaintiffs must prove the fact of damages by a preponderance of the evidence.

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

**Instruction No. 5**

You have found that Defendants violated the antitrust laws, and that the violation caused an injury to each of the Plaintiffs. You must now determine the amount of damages, if any, each Plaintiff is entitled to recover.

Each Plaintiff is entitled to recover for all damages to its business or property that were a direct result of the conduct that you previously found to be unlawful.

Antitrust damages are compensatory (only), not punitive. The purpose of antitrust damages is to put an injured plaintiff as near as possible in the position where it would have been without the conspiracy.

The law does not permit you to award damages to punish a wrongdoer – what we sometimes refer to as punitive damages – or to deter particular conduct in the future.

You must not award to Plaintiffs any amount for attorneys' fees or the costs of maintaining this lawsuit.

**Instruction No. 6**

You are permitted to make just and reasonable estimates in calculating each Plaintiff's damages.

You are not required to calculate damages with mathematical certainty or precision.

However, the amount of damages must have a reasonable basis in the evidence and must be based on reasonable, non-speculative assumptions and estimates. Damages may not be based on guesswork or speculation.

Plaintiffs must prove the reasonableness of each of the assumptions upon which the damages calculation is based.

If you find that a Plaintiff has provided a reasonable basis for determining damages, then you may award damages based on a just and reasonable estimate supported by the evidence.

If you find that a Plaintiff has failed to carry its burden of providing a reasonable basis for determining damages, then you may not award damages, or you may award nominal damages, not to exceed one dollar.

**Instruction No. 7**

The proper way to calculate the amount of damages is to determine the difference between the prices that each Plaintiff actually paid for egg products and the prices that each Plaintiff would have paid without an agreement to restrict supply.

In other words, the proper way to calculate damages is to determine the difference between the prices actually paid by each Plaintiff and the prices that each Plaintiff would have paid but for the conspiracy.

The difference is referred to as the overcharge.

Overcharge damages may be calculated in a variety of ways.

**Instruction No. 8**

If you award damages, you must decide what sum of money would fairly and reasonably compensate each Plaintiff.

You must consider an award of damages for each Plaintiff separately.

If you find that more than one Plaintiff is entitled to recover damages, exercise caution to be sure that each Plaintiff is awarded damages only for its own injuries.

Plaintiffs have determined that they cannot establish damages for (1) the part of the conspiracy that included short-term measures (*i.e.*, early slaughter, early molting, and flock reduction) or for (2) the part of the conspiracy that included exports as part of the USEM export program. You must not award Plaintiffs any damages for these parts of the conspiracy. At most, you may award nominal damages to each Plaintiff not to exceed one dollar. You may also award zero damages.

**Instruction No. 9**

Each participant in a conspiracy that violates the antitrust laws is jointly and severally liable for all of the damages resulting from the conspiracy.

Joint and several liability means that each conspirator is fully liable for all of the damages caused by the conspiracy and not solely for damages caused by an individual conspirator.

One who knowingly joins an ongoing conspiracy is liable for the previous acts of the other conspirators in furtherance of the conspiracy.

If you find that one or more Plaintiffs is entitled to recover damages, then Defendants would be liable for all damages caused by the conspiracy, including any overcharges from purchases of the product in question.

A Defendant is liable for overcharges on all purchases of egg products by Plaintiffs from all members of the conspiracy, including Defendants and two non-defendant co-conspirators (*i.e.*, Moark and Wabash Valley).

A Defendant is not only liable for overcharges from purchases from that particular Defendant. In other words, a Defendant may be liable for overcharges from purchases that a Plaintiff made from another Defendant. Put another way, Defendant #1 is responsible for overcharges from purchases that a Plaintiff made from Defendant #2.

Similarly, a Defendant is not only liable for overcharges from purchases from the Defendants as a group. In other words, you may consider any purchases that Plaintiffs made from a non-defendant co-conspirator (*e.g.*, Wabash Valley) when considering damages.

As a reminder, you previously found that the conspiracy included all four Defendants (*i.e.*, Cal-Maine, Rose Acre, United Egg Producers, and United States Egg Marketers) plus two non-defendants (*i.e.*, Moark and Wabash Valley).

When calculating damages, you may not consider any purchases that Plaintiffs made from any other egg producers. That is, you may not consider any purchases that Plaintiffs made from any egg producer other than the members of the conspiracy.

**Instruction No. 10**

You may award damages for any purchases that any Plaintiff made from any member of the conspiracy (including Defendants and the two non-defendant co-conspirators) from October 2004 to December 2008.

You may not award damages for any purchases before October 2004.

You may not award damages for any purchases after 2008.

## Instruction No. 11

Each Plaintiff is entitled to recover damages for an injury that was the direct result of the conspiracy to reduce the supply of eggs during the relevant time period (*i.e.*, October 2004 to December 2008) by (1) Cal-Maine Foods; (2) Rose Acre Farms; (3) United Egg Producers (UEP); (4) United States Egg Marketers (USEM); (5) Wabash Valley Farms; and (6) Moark.

Each Plaintiff has the burden to prove that its injuries were caused by the conspiracy that you previously found, as opposed to any other factors.

If you find that a Plaintiff suffered an injury that was caused in part by the conspiracy, and was caused in part by other factors, then you may award damages only for the portion of the injuries that were caused by the conspiracy.

Plaintiffs claim that they suffered injury because they paid higher prices for egg products than they otherwise would have paid without the conspiracy.

Defendants contend that a price increase, if any, was not caused by the conspiracy. Defendants contend that any price increase was caused by other factors.

Plaintiffs are not entitled to recover for changes in price that resulted solely from other causes arising from the normal course of lawful business activity.

The presence of another cause for a price increase does not mean that Plaintiffs did not suffer an antitrust injury. But Plaintiffs are not entitled to recover for damages caused by any factor other than the conspiracy. Plaintiffs only may recover damages for an injury caused by the antitrust violation you found.

You may not award damages for an injury caused by other factors, meaning factors other than the conspiracy.

Plaintiffs bear the burden of proving damages by a preponderance of the evidence, including apportioning damages between lawful and unlawful causes. If you find that one or more Plaintiffs suffered an injury that was caused in part by lawful factors and was caused in part by the conspiracy, and if you find a reasonable basis to apportion the damages between the lawful factors and the conspiracy, then you may award damages for the part of the injury caused by the conspiracy.

**Instruction No. 12**

You have not heard any evidence in this case about whether Plaintiffs passed along higher prices to their customers.  When determining the amount of damages that will compensate Plaintiffs, you should not consider whether any Plaintiff passed along higher prices to their customers.

## Instruction No. 13

Upon retiring to the jury room, you must select a presiding juror. You may select the same presiding juror that you selected during the liability phase. Or you may select a new presiding juror. It's up to you.

The presiding juror will preside over your deliberations and will be your representative here in court. You may discuss the case only when all jurors are present.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as the telephone, a cell phone, a smart phone, or computer to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during the deliberations.

A verdict form has been prepared for you.

[Forms of verdict read.]

Take the verdict form to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the appropriate form, and all of you will sign it.

**Instruction No. 14**

I do not anticipate that you will need to communicate with me.  If you do need to communicate with me, the only proper way is in writing.  The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror.  The writing should be given to the Court Security Officer, who will give it to me.  I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

**Instruction No. 15**

The verdicts must represent the considered judgment of each juror. Your verdicts, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.