UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF NextGen 1.7.1.1
Eastern Division

Kraft Foods Global, Inc., et al.
                                  Plaintiff,

v.                                                                       Case No.: 1:11–cv–08808
                                                                       Honorable Steven C. Seeger

United Egg Producers, Inc., et al.
                                  Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Tuesday, November 28, 2023:

        MINUTE entry before the Honorable Steven C. Seeger: For the reasons stated on the record during the pretrial conference on November 28, 2023, Defendants' motion to exclude opinions and statements of non–expert Gene Gregory (Dckt. Nos. [579], [591]) is hereby granted in large part. On November 27, 2023, this Court ordered Plaintiffs to file a statement with a preview of the damages that they will seek to recover during the damages phase. (Dckt. No. [578]) Plaintiffs later filed that statement, and revealed a two–pronged damages theory. First, Plaintiffs confirmed that they intended to seek roughly $25 million based on the analysis of Plaintiffs' expert, Dr. Baye. Second, Plaintiffs revealed that they also intended to seek approximately $5.7 million from the exports. "Plaintiffs also will present evidence of damages from exports through two witnesses and documentary evidence. The evidence will show Plaintiffs paid $5,746,961 more for egg products during the relevant period than Plaintiffs would have paid but–for the exports. These damages were calculated by identifying Plaintiffs' purchases of egg products from Rose Acres and co–conspirator Wabash Valley during the relevant time period, determining the amount of the overcharge resulting from the export, and applying the overcharge during the time period of the impact of the exports." (Dckt. No. [592]) Plaintiffs revealed that they planned to seek those damages based on the statements about exports made by Gene Gregory, the former president of UEP. That theory of damages is problematic. For starters, Plaintiffs revealed no such damages theory in the final pretrial order. This Court's final pretrial order expressly required Plaintiffs to "provide an itemization of damages and other relief sought." See Standing Order. In the final pretrial order, Plaintiffs disclosed their "RELIEF SOUGHT" as follows: "Trebled monetary damages for overcharges as detailed in the expert report of Michael Baye." (Dckt. No. [279]). Plaintiffs disclosed that they would seek damages based on Dr. Baye's expert analysis. Plaintiffs did not disclose that they would be seeking additional damages about exports, based on some other analysis. So, the opinions and statements of Gene Gregory are not admissible to the extent that Plaintiffs intended to use them as building blocks to support a new, previously undisclosed theory of damages. Second, many of the statements in question by Gene Gregory appear to be improper lay opinions that would exceed the boundaries of Rule 701. For example, testimony that Export X led to Price Increase Y is the type of analysis that an expert ordinarily would perform. It requires specialized knowledge within the meaning of Rule 701 and 702. But here, Plaintiffs' own expert was unable to offer that

opinion, so this Court is dubious of an attempt to admit would–be expert testimony of Gene Gregory through the backdoor. Third, Gene Gregory is deceased and thus cannot be cross examined, which underscores the potential prejudice. That said, this Court did not grant the motion in full. It is theoretically possible that Plaintiffs could use some statements by Gene Gregory to support some aspect of the damages theory given by Dr. Baye. So, this Court did not categorically rule that any and all statements by Gene Gregory are out of bounds during the damages phase. But any attempt to build something new is too much, too late. Mailed notice. (jjr, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.