UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KRAFT FOODS GLOBAL, INC., THE KELLOGG COMPANY, GENERAL MILLS, INC., and NESTLÉ USA, INC., ) ) ) ) | |
| Plaintiffs, ) | No. 1:11-cv-08808 |
| ) | |
| v. ) | Judge Steven C. Seeger |
| ) | |
| UNITED EGG PRODUCERS, INC., UNITED STATES EGG MARKETERS, INC., CAL-MAINE FOODS, INC., and ROSE ACRE FARMS, INC., ) ) ) ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION TO STAY CONSIDERATION OF FEES AND COSTS**

Plaintiffs Kraft Foods Global, Inc., the Kellogg Company, General Mills, Inc., and Nestlé USA, Inc. ("Plaintiffs"), by their attorneys, oppose Defendants' motion to stay. Defendants seek a stay pending the Court's resolution of Defendants' as-of-yet unfiled motion for relief pursuant to Rule 59 and the resolution of any appeals from the resulting judgment—which could take years. Defendants' argument boils down to their view that figuring out the appropriate fee award will be hard, so the Court should put it off. But putting off a task does not make it easier—if anything, it will be yet more difficult to resolve fee issues another year or two or more down the road. Plaintiffs have been waiting 13 years to get to this point. Plaintiffs were wronged a long time ago and they deserve full vindication. One year ago, the jury agreed and started that process. Defendants now want to slow it down again.

This Court has not approached this case in the way Defendants suggest. The Court dug in, prepared, and tried the case. Plaintiffs request that the parties move forward without delay to help the Court determine the appropriate fee, particularly given that under Local Rule 54.3, the parties

will perform much of the work prior to any court filings and should be able to resolve many of the issues in the fee petition through the meet-and-confer process set out in Local Rule 54.3.

It has long been apparent that Plaintiffs are entitled to seek fees. Yet rather than prepare to comply with Local Rule 54.3, Defendants ask to place their motion attacking the judgment and any subsequent appeal ahead of this Court's completion of its task of determining the full amount Plaintiffs are entitled to receive due to Defendants' violation of the antitrust laws found by the jury. The Rules of this Court suggest a different approach. Federal Rule of Civil Procedure 54 and this Court's Local Rule 54.3 provide that fee petitions should be addressed upon the entry of judgment. It would be unwise—and would result in piecemeal consideration in this Court and in the Court of Appeals—for the Court to enter Defendants' stay. There is no reason for further delay. Defendants' motion should be denied for the following reasons:

**1. Defendants' stay motion is inconsistent with established rules of procedure.**

Federal Rule of Civil Procedure 54 provides that when a prevailing party is entitled to recover attorneys' fees, that fee claim must be made promptly upon entry of the judgment. *See* Fed. R. Civ. P. 54(d). As permitted under Rule 54(d)(2)(D), this Court has established procedures for the presentation of attorneys' fees claims. Under this Court's Local Rule 54.3, the entry of a judgment triggers obligations for the parties to exchange information relevant to an award of attorneys' fees. N.D. Ill. L.R. 54.3(b). First, the movant must provide to the respondent a fee and expense request with supporting documentation. N.D. Ill. L.R. 54.3(d)(1)–(4). If the respondent intends to oppose the fee request, it must provide to the movant its *own* fee and expense data so that the reasonableness of the movant's request may be evaluated in light of the respondent's fees and expenses in the case. N.D. Ill. L.R. 54.3(d)(5). Thereafter, the parties meet and confer in an effort to reach agreement. N.D. Ill. L.R. 54.3(d). The parties must then prepare a joint statement setting forth areas of agreement and disagreement. N.D. Ill. L.R. 54.3(e). To the extent the parties

2

are unable to resolve their differences, only then are they to present limited issues to the Court for resolution by the filing of materials with the Court within 91 days after the entry of judgment. N.D. Ill. L.R. 54.3(b), (f). Local Rule 54.3 is designed—and operates—to narrow the areas in dispute, foster agreement where possible, and lead to an efficient, prompt resolution of a request for attorneys' fees. Like Federal Rule of Civil Procedure 54 which it modifies, the obligations under Local Rule 54.3 are triggered by the entry of a judgment, *see* N.D. Ill. L.R. 54.3(b), which took place on November 6, 2024. Dkt. 720. This procedure permits the fee and expense issues to be negotiated by the parties while the parties brief and the Court considers other filings triggered by the entry of judgment, such as Rule 59 motions. If the parties do not reach agreement, they can present any fee issues to the Court so that those issues may be resolved expeditiously, ideally in tandem with the Court's consideration of any other post-judgment motions.

The deadlines in Local Rule 54.3 are not set in stone. The Rule permits the Court to modify deadlines to meet the needs of the case. *See* N.D. Ill. L.R. 54.3(g) (permitting the Court, "on motion . . . or on its own initiative, to modify any time schedule provided for by this rule"). For example, Local Rule 54.3(d)(4) requires movants—here, Plaintiffs—to provide respondents with their attorneys' time and work records, hourly rates, and expense records within 21 days of the entry of judgment. Plaintiffs have already gathered this information and are prepared to provide it to Defendants. Local Rule 54.3(d)(5) then requires the party opposing the fee petition—here, Defendants—to disclose within 21 days the fees they paid in the litigation, along with time records, hourly rates, and expense records. The fact that Plaintiffs would seek fees in this matter has never been a secret. Defendants could have been collecting their information over the last year, but even if they have not, it should not be hard for them to produce that information, which is material retained by clients and law firms. Rule 54.3(d)(5) also requires the party opposing the petition to produce the evidence they intend to rely upon to object to the petition. Plaintiffs acknowledge that

3

this process may take Defendants more than 21 days, but it should not take them years. The Court may grant reasonable requests for extensions of the timeline set out in Local Rule 54.3, but the indefinite stay Defendants seek is inappropriate.

### 2. This is not an appropriate case in which to delay consideration of the fee petition.

In their motion to stay, Defendants acknowledge, as they must, that the Seventh Circuit has expressed a preference for resolving fee disputes without delay to avoid piecemeal appeals. *See Terket v. Lund*, 623 F.2d 29, 33–34 (7th Cir. 1980) (urging district courts to "proceed with attorneys' fees motions, even after an appeal is filed, as expeditiously as possible"); Dkt. 721 at 3. Defendants instead rely on cases permitting—but not requiring—courts to put off consideration of fee petitions. *See* Dkt. 721 at 3–4 (citing *Barrington Press, Inc. v. Morey*, 816 F.2d 341, 343 (7th Cir. 1987) (Ripple, J., concurring)). Plaintiffs recognize that Local Rule 54.3 gives the Court discretion to follow different procedures. *See* N.D. Ill. L.R. 54.3(g). Even so, consistent with the Seventh Circuit's instructions in *Terket*, the Rule presumes that fee petitions will be resolved without delay, and nothing about this case calls for the indefinite delay Defendants now seek.

To justify the relief they seek, Defendants make two primary arguments: (1) that there is a possibility the Seventh Circuit will reverse the jury's verdict and (2) that the task of deciding the fee petition will be arduous. Neither reason is sufficient.

*First*, it is a truism that an appeal may reverse a district court judgment under which the prevailing party is entitled to fees. But the drafters of Rule 54(d) and Local Rule 54.3 have rejected the argument that that possibility alone could warrant a delay in resolving a fee petition—as, of course, has the Seventh Circuit. *See Terket*, 623 F.2d at 34; *see also Overnite Transp. Co. v. Chicago Indus. Tire Co.*, 697 F.2d 789, 793 (7th Cir. 1983) (stating that *Terket* sets out a "general rule" that a district court should rule "on a party's motion for attorney's fees *during the pendency of the appeal on the merits*"); *Mother Goose Nursery Schools, Inc. v. Sendak*, 770 F.2d 668, 676

4

(7th Cir. 1985) (explaining that "[j]udicial economy is best served by" continued adherence to "the *Terket* rule"). In *Red Label Music Publishing, Inc. v. Chila Prods.*, No. 18-cv-7252, 2019 WL 11553473 (N.D. Ill. Aug. 7, 2019), cited by Defendants at page 5 of their motion, Judge Kendall addressed this argument in detail. The fee-petition respondents contended that "their pending appeal might abrogate the [movants'] current prevailing party status, thus making any fee and cost proceedings seem potentially wasteful," and further suggested that, even if the appeal resulted in an affirmance, "the appellate opinion might contain information relevant to [the district court's] discretionary determination of the appropriateness of any fee award." *Id.* at *1. The party seeking fees in that case responded that this argument "would lead to the stay of post-judgment fee motions in every case where the losing party appeals." *Id.* The district court agreed and declined to stay the fee petition process, agreeing that the respondents' position would lead to a request for a stay "in every single case" and emphasizing that "[t]he Seventh Circuit rejected this piecemeal appeal practice in *Terket*." *Id.* at *1–2. "Instead of reading Rule 54.3 out of the Local Rules" in this way, the district court concluded that the "better course to chart is to stick to the normal procedure endorsed by the Seventh Circuit." *Id.* at *1.[1] Similarly, another district court, while recognizing that courts can adopt different procedures, summarized the law as "instruct[ing] trial courts that

---

[1] Like the fee-petition respondents in *Red Label Music*, Defendants suggest that Local Rule 54.3 is inconsistent with Fed. R. Civ. P. 58. *See* Dkt. 721 at 6. Judge Kendall rejected that argument as well. Judge Kendall observed that the parties seeking a stay had "selectively quote[d] the second sentence of the Advisory Committee's Note to the 1993 Amendment. They present the Note like this: 'if the claim for fees involves substantial issues or is likely to be affected by the appellate decision, the district court may prefer to defer consideration of the claim for fees until after the appeal is resolved.' Fed. R. Civ. P. 58 advisory committee's note to 1993 amendment. But the Advisory Committee did not stop there. It qualified that proposition with a 'however,' and said in the very next sentence: 'in many cases it may be more efficient to decide fee questions before an appeal is taken so that appeals relating to the fee award can be heard at the same time as appeals relating to the merits of the case.' *Id.* Rule 58 and *Terket* are entirely consistent." *Red Label Music*, 2019 WL 11553473, at *2. Defendants engage in the exact same selective quotation and misstate the substance of the Advisory Committee Note by omitting the "however" clause. *See* Dkt. 721 at 6.

5

the preferred method for dealing with post-judgment and collateral motions is to rule on them as quickly [as] possible after judgment." *Kafantaris v. Signore*, No. 12-cv-2299, 2012 WL 3880056, at *4 (N.D. Ill. Sept. 5, 2012).

In any event, Defendants point to nothing in this case to suggest that an appeal will be successful. The case was tried on Defendants' preferred legal standard (rule of reason), the jury's verdict demonstrated careful parsing of the issues in the case, and this Court has already denied Defendants' Rule 50 motion. Nothing about the prior proceedings suggests this case should not be treated just like a typical case in which an appeal may be filed.

*Second*, the fact that the fee petition stems from litigation that spanned many years (and resulted in a multi-week trial) is not a reason to delay its consideration. Defendants' recitation of the burden involved demonstrates exactly why Plaintiffs are entitled to recover a sizeable fee: The case was complex, the procedure long, and everything was contested. Nor will the process of resolving the fee petition get better with time. Now, memories and access to information are as fresh as they will ever be. *See Mother Goose*, 770 F.2d at 676 (7th Cir. 1985) (explaining that district courts are better positioned to rule on fees when "the relevant factors" of the case are "fresh in the trial judge's mind"). Further delay will not improve the accuracy of the outcome.

The cases Defendants cite as examples do not support a different result. In *GS CleanTech*, *Callpod*, and *AstraZeneca*, the courts were not simply deciding whether the burden of resolving fee petitions should be deferred, which is the issue here. Instead, in all of those cases, the district court faced a two-part question: (1) were the facts of the case "exceptional," such that fees could be awarded at all; and (2) if so, what was the proper fee. *See GS CleanTech Corp. v. Adkins Energy LLC*, No. 10-cv-4391, 2018 WL 1469001, at *6–7 (N.D. Ill. Mar. 26, 2018); *Callpod, Inc. v. GN Netcome, Inc.*, No. 06-cv-4961, 2010 WL 4411954, at *2 (N.D. Ill. Nov. 1, 2010); *AstraZeneca AB v. Mutual Pharm. Co., Inc.*, No. 00-cv-4731, 2003 WL 22794868, at *2 (E.D. Pa. Nov. 12, 2003).

6

In each case, the impending appeals could bear on whether the cases met the threshold "exceptional case" standard, such that a fee petition could even be considered. *See CleanTech*, 2018 WL 1469001, at *7; *Callpod*, 2010 WL 441954, at *2; *AstraZeneca*, 2003 WL 22794868, at *2. In *Callpod*, moreover, the respondent did not even object to a stay pending briefing on whether the case met the exceptional case standard. 2010 WL 441954, at *2. In those circumstances, the *Callpod* court explained that "[w]hile . . . the [movants] have already complied with their obligations under Local Rule 54.3(d) and [the respondent] may be exaggerating the burden that compliance with the Local Rule would impose at this point in the litigation," it was nonetheless appropriate to stay further fee proceedings because "until [the court] determines whether the case is exceptional, any work as to the amount of fees is premature." *Id.* In our case, of course, there is no threshold issue about Plaintiffs' entitlement to fees. The statute compels an award of fees.

That leaves *Finnegan v. Myers*, No. 08-cv-503, 2016 WL 7209697 (N.D. Ind. Dec. 12, 2016), a Section 1983 case involving fees under Section 1988. In that case, there were doubts about which parties and claims authorized fees, an issue that would be sorted out on appeal. *Id*. at *2. No such doubts exist here. And perhaps the district court in *Finnegan* simply made a reasonable prediction about the case's future: The case was settled on appeal through the efforts of the Seventh Circuit Mediation Office before any briefs were filed. *See* Joint Motion to Dismiss Appeal, *Finnegan v. Myers*, No. 16-3806 (7th Cir. May 24, 2017).

Defendants' hyperbolic recitation of the difficulty of the task, Dkt. 721 at 8 ("Even if the undersigned counsel for Defendants had no other cases or clients and could devote 24 hours each day to the task, it would not be achievable as a practical matter within twenty-one days"), does not justify the relief they seek.[2] The task will have to be done, sooner or later, and even if complying

---

[2] Defendants appear to be gearing up for a far more complicated and adversarial process than envisioned by the 91-day process of Local Rule 54.3, suggesting that they will require the "the

7

with the letter of Local Rule 54.3 is impracticable, that does not require a blanket stay until the appeal is completed years down the line.[3] Instead, under Local Rule 54.3(g), this Court may establish a schedule that makes sense, and may modify that schedule as circumstances change.

Defendants' proposal would also require this Court to remain involved in this case for years to come. The Court would need to decide the Rule 59 motion, wait for an appeal, decide the fee issue, wait for another appeal, and perhaps deal with further issues on remand. Defendants' proposal would delay the entry of a complete judgment in this case for years and guarantee at least two appeals—one to consider the merits of the case and the second to consider the merits of the fee petition. This case has taken a long time to get to this point and it should be resolved promptly, not in endless proceedings in this Court and piecemeal appeals. The better course is to follow the wisdom of Rule 54, Local Rule 54.3, and *Terket* and avoid the delay and piecemeal appeals Defendants' motion would cause.

---

assistance of experts" and "likely require guidance from the Court" on privilege redactions. Dkt. 721 at 8. Defendants also argue that "[c]ollecting time records from a 16-year timeframe and determining which work relates to this litigation is no small task." *Id.* Plaintiffs note, however, that Defendants should not be determining which work "relates to this litigation" but instead, which work clearly does *not* relate to this litigation. Plaintiffs expect that a majority of the time spent in the multi-district litigation "relates to this litigation" because, for example, discovery, depositions, and prior trial testimony from the MDL were relevant to this case and were introduced as evidence throughout the jury trial in this matter. Plaintiffs previously settled with Michael Foods and Moark, and Cal-Maine previously settled with the grocery plaintiffs, but evidence related to these parties was still every bit as relevant in this litigation. *See, e.g.*, *Hensley v. Eckerhart,* 461 U.S. 424 (1983) ("In other cases the plaintiff's claims for relief will involve a common core of facts or will be based on related legal theories. Much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis. Such a lawsuit cannot be viewed as a series of discrete claims.")

[3] Plaintiffs cite statistics indicating the average Seventh Circuit appeal is resolved in 9.6 months. Dkt. 721 at 7 & n.2. Those numbers are misleading, as they include the numerous appeals resolved without full briefing, argument, and decision. Experience in this case, and an unscientific review of antitrust appeals in the Seventh Circuit, suggests that an appeal in this case will take much longer, even without taking into account potential requests for certiorari. *See* Exhibit A.

**3. The Court may set a schedule for proceedings under Local Rule 54.3(g).**

The Court should adhere to Local Rule 54.3 and direct the parties to address the fee issues now. As shown above, doing so will avoid delay and unnecessary duplication of proceedings.

Rule 54.3(g) permits this Court to modify the Rule's default deadlines, as appropriate, to permit the reasonable consideration of a fee motion. If Defendants need additional time to comply with the requirements of the Local Rule, they should ask this Court for that relief. Plaintiffs are willing to agree to reasonable modifications of Local Rule 54.3's time deadlines. At this point, however, putting off consideration of the fee motion indefinitely is neither in keeping with the requirements of the Rules nor justified by any showing Defendants have made.

## Conclusion

Plaintiffs request that the Court deny Defendants' motion for stay and direct compliance with local Rule 54.3.

November 21, 2024  Respectfully submitted,

| | |
|---|---|
| Andrianna D. Kastanek (akastanek@jenner.com) | /s/ *Brandon D. Fox* |
| Angela M. Allen (aallen@jenner.com) | Brandon D. Fox (bfox@jenner.com) |
| Michael T. Brody (mbrody@jenner.com) | JENNER & BLOCK LLP |
| JENNER & BLOCK LLP | 515 South Flower Street, Suite 3300 |
| 353 N. Clark Street | Los Angeles, CA 90071 |
| Chicago, IL 60654 | Tel: (213) 239-5100 |
| Tel: (312) 222-9350 | Fax: (213) 239-5199 |
| Fax: (312) 527-0484 | |

*Counsel for Plaintiffs Kraft Foods Global, Inc., General Mills, Inc.,*
*Nestlé USA, Inc., and The Kellogg Company*