# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| KRAFT FOODS GLOBAL, INC., *et al.*, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> UNITED EGG PRODUCERS, INC., *et al.*, ) <br> ) <br> Defendants. ) <br> _____ ) | Case No. 11-cv-8808 <br><br> Hon. Steven C. Seeger |

## AGREED ORDER REGARDING SECURITY
## DURING POST-JUDGMENT PROCEEDINGS AND APPEAL

On November 6, 2024, this Court entered judgments in favor of Plaintiffs Kraft Foods Global, Inc., The Kellogg Company, General Mills, Inc., and Nestlé USA, Inc., and against Defendants United Egg Producers, Inc., United States Egg Marketers, Inc., Cal-Maine, Inc., and Rose Acre Farms, Inc., jointly and severally, in amounts set forth therein totaling $43,661,457 after trebling, and against Defendants United Egg Producers, Inc., United States Egg Marketers, Inc., and Rose Acre Farms, Inc., jointly and severally, in amounts set forth therein inclusive of the previous amount totaling $53,332,761 after trebling (the "Judgments"). (ECF No. 720.) The parties have advised the Court that they have agreed to a stay of execution on and proceedings to enforce the Judgments conditioned upon the posting of two separate supersedeas bonds totaling $55,616,403.17 approved by the Court to serve as adequate security for the Judgments.

THEREFORE, the Court GRANTS Defendants' unopposed motion to stay enforcement of the Judgments subject to the following conditions:

1. IT IS HEREBY AGREED AND ORDERED that the supersedeas bond issued by Travelers Casualty and Surety Company in the amount of $23,937,369.52 and the supersedeas

bond issued by Fidelity and Deposit Company and Zurich American Insurance Company in the amount of $31,679,033.65 in the forms of Exhibits A and B (the "Supersedeas Bonds"), which together total the amount of $55,616,403.17, are approved as security under Rule 62 of the Federal Rules of Civil Procedure to secure the Judgments against all Defendants, jointly and severally, during post-judgment and appellate proceedings in this matter.

    2.    IT IS FURTHER AGREED AND ORDERED that on behalf of any Plaintiff, or all Plaintiffs, Jenner & Block LLP, as their designated agent, may look to and make claims on behalf of any or all of the Plaintiffs under either or both of the Supersedeas Bonds to secure the Judgments, for such amounts for which Defendants are jointly and severally liable, for any amounts for which a Defendant remains liable, in whole or in part, as to any final and non-appealable judgment, as defined herein, as to any Defendant that is jointly and severally liable, subject only to the limits of each Supersedeas Bond, and without regard to which surety may have issued the bond, or which Defendant is responsible to the surety that issued the bond.

    3.    IT IS FURTHER AGREED AND ORDERED that all proceedings to enforce the Judgments in this case are stayed until the later of:

    A.    this Court's rulings on Defendants' pending post-judgment motions;

    B.    all proceedings on appeal to the United States Court of Appeals for the Seventh Circuit (or when the time to appeal has expired without an appeal);

    C.    any proceedings related to a petition for writ of certiorari to the United States Supreme Court (or when the time to file such a petition expires without a petition's having been filed);

    D.    any later proceedings before the United States Supreme Court; and

    E.    any subsequent proceedings before this Court in the event of a remand.

4. IT IS FURTHER AGREED AND ORDERED that each Plaintiff, through its designated agent Jenner & Block LLP, may make demands for payment consistent with the Judgments on the Supersedeas Bonds when the Judgments or any portion of them in this case have or has become final and non-appealable (as defined below) as to that Plaintiff in the aggregate amount of the unsatisfied judgment (including any costs and accrued post-judgment interest thereon) or portion thereof that has become non-appealable in favor of that Plaintiff. Any payments of demands made by Jenner & Block LLP as agent for the Plaintiffs or any of them by any surety on a posted Supersedeas Bond shall reduce the amount available under the bond and the amount of the Judgment outstanding as to the Plaintiff for which demand was made.

5. IT IS FURTHER AGREED AND ORDERED, that for purposes of this Agreed Order, the phrase the Judgments "have or has become final and non-appealable" means that:

   A. Defendants have failed to timely file a notice of appeal of the Judgments to the United States Court of Appeals for the Seventh Circuit; or

   B. Defendants' appeal to the Seventh Circuit has been dismissed or otherwise terminated while any portion of the Judgments remains unsatisfied and that Defendants' time to move for reargument, rehearing, or reconsideration in the Seventh Circuit, or petition for a writ of certiorari or other review in the United States Supreme Court with respect to that dismissal or termination, has expired, or in the event that Defendants timely move for reargument, rehearing, or reconsideration in the Seventh Circuit, or file petitions for writ of certiorari or other review in the Supreme Court, that such motions or petitions have been denied; or

3

    C. the Seventh Circuit or the Supreme Court has affirmed the Judgments or any portion of them with respect to any amount of damages against any or all Defendants notwithstanding any reversal or remand for further proceedings with respect to any other amount or type of damages or other matter (the "Affirmed Judgment"), and that with respect to an affirmance by the Seventh Circuit, Defendants' time to move for reargument, rehearing, or reconsideration in the Seventh Circuit or petition for writ of certiorari or other review in the Supreme Court with respect to the Affirmed Judgment has expired and (i) as to which no motion for reargument, rehearing, or reconsideration shall then be pending in the Seventh Circuit and no petition for a writ of certiorari or other review or motion for argument, rehearing, or reconsideration shall be pending in the Supreme Court; or (ii) as to which any right to petition for a writ of certiorari or other review, reargument, rehearing, or reconsideration shall have been waived in writing by Defendants; or (iii) in the event that a petition for writ of certiorari or other review in the Supreme Court, or reargument, rehearing, or reconsideration with respect to the Affirmed Judgment has been sought in the Seventh Circuit, such certiorari or other review, reargument, or rehearing has been denied or dismissed and the time to take any further appeal, petition for writ of certiorari or other review, or move for reargument, rehearing, or reconsideration in the Supreme Court or in the Seventh Circuit with respect to the Affirmed Judgment, shall have expired; or (iv) this Court otherwise determines that the Judgment or any portion of it has become final and non-appealable.

  6. IT IS FURTHER AGREED AND ORDERED that, so long as (a) Defendants and the sureties maintain the Supersedeas Bonds in the individual ($23,937,369.52 and $31,679,033.65) and total ($55,616,403.17) amounts stated above, (b) Defendants maintain the

4

Supersedeas Bonds in compliance with all other terms of this Agreed Order, and (c) no proper demand on the Supersedeas Bonds has occurred, execution of the Judgments is stayed and no execution may issue on the Judgments nor may any proceedings be taken to enforce the Judgments during post-judgment or appellate proceedings in this matter other than as authorized in this Agreed Order.  Nothing in this paragraph shall preclude Plaintiffs from drawing upon the Supersedeas Bonds consistent with the terms of this Agreed Order.  In the event that Defendants do not maintain the Supersedeas Bonds in the individual and total amounts stated above and in compliance with all other terms of this Agreed Order, no stay applies and execution on the Judgments may commence.

7. IT IS FURTHER AGREED AND ORDERED that the Court may modify, increase, decrease, or supplement the amount of security required to effect the stay of execution, including the total amount of the Supersedeas Bonds to account for (a) any additional judgment entries or orders granting in whole or in part Plaintiffs' anticipated motions for attorney's fees, costs, and expenses recoverable under Section 4 of the Clayton Act, 15 U.S.C. § 15, and 28 U.S.C. § 1920; (b) the accrual of additional post-judgment interest under 28 U.S.C. § 1961; (c) any adjustments in the amount of the Judgments based upon orders issued by the Court on post-judgment motions; or (d) any other just cause.  Nothing in this Agreed Order shall preclude Plaintiffs from enforcing execution against any Defendant for any amounts made a part of a subsequent judgment in this case that may be entered by the Court to be paid by any Defendant that is not timely secured or stayed, including by issuance of appropriate supersedeas bond(s) or an increase in the amount of bonds posted pursuant to this Agreed Order by appropriate amendments approved by this Court.

8.  IT IS FURTHER AGREED AND ORDERED that in the event any Plaintiff is subject to a change of name, address, or corporate control, that Defendants will cooperate with Plaintiffs to cause the issuer of the surety to issue any necessary amendments or modifications to the bond to reflect such changes.

9.  IT IS FURTHER AGREED AND ORDERED that, upon a showing of good cause, the parties may request that the Court modify or enforce the terms of this Agreed Order. The Court retains jurisdiction to resolve any disputes concerning this Agreed Order, the Supersedeas Bonds, and any payment demands made under the Supersedeas Bonds.

IT IS SO ORDERED.

Date: December 13, 2024

Steven C. Seeger
United States District Judge