UNITED STATES DISTRICT COURT
IN THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KRAFT FOODS GLOBAL, INC., THE KELLOGG COMPANY, GENERAL MILLS, INC., and NESTLÉ USA, INC., | ) ) ) ) |
| | ) **REDACTED** |
| Plaintiffs, | ) No. 1:11-cv-08808 |
| | ) |
| v. | ) Judge Steven C. Seeger |
| | ) |
| UNITED EGG PRODUCERS, INC., UNITED STATES EGG MARKETERS, INC., CAL-MAINE FOODS, INC., MICHAEL FOODS INC., and ROSE ACRE FARMS, INC. | ) ) ) ) ) |
| | ) |
| Defendants. | ) ) |

**REPLY IN SUPPORT OF RENEWED MOTION OF
DEFENDANTS UNITED EGG PRODUCERS, INC. AND UNITED STATES
EGG MARKETERS FOR JUDGMENT AS A MATTER OF LAW PURSUANT TO
RULE 50(b), OR IN THE ALTERNATIVE, MOTION FOR NEW TRIAL OR
ALTERATION/AMENDMENT OF JUDGMENT PURSUANT TO RULE 59**

Defendants United Egg Producers, Inc. ("UEP") and United States Egg Marketers, Inc. ("USEM") submit this reply in support of their renewed motion for judgment as a matter of law pursuant to Rule 50(b), or in the alternative motion for new trial or alteration/ amendment of judgment pursuant to Rule 59. *See* ECF Nos. 732, 733. The parties have submitted substantial briefing on the issues raised by Defendants' Rule 50(b) and Rule 59 motions, and UEP and USEM do not repeat the arguments raised in that briefing or in the replies being filed concurrently by Defendants Rose Acre Farms, Inc. ("Rose Acre") and Cal-Maine Foods, Inc. ("Cal-Maine"), which UEP and USEM hereby join and incorporate by reference and in full. *See* ECF Nos. 756, 758, 760, 761.

1

UEP and USEM write separately to respond to two arguments raised by Plaintiffs Kraft Foods Global, Inc., The Kellogg Company, General Mills, Inc., and Nestlé USA, Inc. ("Plaintiffs") relating to Defendants' right to a setoff.

*First*, Plaintiffs argue that UEP and USEM waived their right to a setoff because "[t]hey did not plead it as a counterclaim or affirmative defenses in their answers." *See* Pls.' Consol. Opp'n Br. at 41, ECF No. 750.

Plaintiffs' position is wrong because setoff of settlement amounts paid by settling co-defendants is neither an affirmative defense nor a counterclaim for the reasons discussed in Rose Acre's and Cal-Maine's reply briefs. *See* ECF No. 758 at 3-4; ECF No. 760 at 7-11, respectively; *see also Arango v. Work & Well, Inc.*, No. 11-C-1525, 2013 U.S. Dist. LEXIS 78839, at *2 (N.D. Ill. June 5, 2013) (attached hereto). Rather, setoff is a form of equitable relief based on the one-satisfaction rule, which operates to prevent double recovery. *Id.*; *see* Pls.' Consol. Opp'n Br. at 45 (characterizing setoff as a doctrine that "prohibits double recovery"). Accordingly, even if Defendants' answers failed to include an affirmative defense seeking setoff (which is incorrect for the reasons discussed below), such failure would not constitute a waiver of Defendants' entitlement to setoff because Defendants were never required to plead such a defense in the first place.

Even accepting for the sake of argument that setoff is an affirmative defense (which it is not), the Seventh Circuit has made clear that the rule requiring forfeiture of an affirmative defense not pled in the answer is "not to be applied rigidly." *Garofalo v. Vill. of Hazel Crest*, 754 F.3d 428, 436 (7th Cir. 2014) (citation and internal quotation marks omitted). Courts should only find that a party has waived an affirmative defense "if the plaintiff is harmed by the defendant's delay in asserting it." *Id.* (citation and internal quotation marks omitted). Accordingly, a finding of waiver

2

is inappropriate where the party seeking forfeiture has not established any prejudice as a result of the delay. *Id.* (finding delay in raising "mixed-motive" affirmative defense did not prejudice plaintiff because the defense "was obvious throughout the case"); *Matthews v. Wisconsin Energy Corp.*, 642 F.3d 565, 570 (7th Cir. 2011) (finding no forfeiture because defendant's failure to plead waiver defense did not prejudice plaintiff given that defendant did not introduce any new evidence at trial relating to the defense).

Here, Plaintiffs cannot credibly allege that they will suffer any prejudice by the application of a setoff. Defendants' intent to apply a setoff of the settlement amounts has been obvious throughout the case. Indeed, Defendants raised affirmative defenses which clearly notified Plaintiffs of their intention to setoff the amounts of Plaintiffs' prior settlements to prohibit double-recovery:

- Defendant Sparboe Farms, Inc. asserted an affirmative defense stating: "Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have settled all or some of the claims set forth in the Complaint," Sparboe Farms, Inc.'s Answer & Defenses at 35 (No. 34), ECF No. 73-19;

- Defendants Midwest Poultry Services, L.P. asserted an affirmative defense stating in relevant part that "[d]ouble recovery of the same damages should not be permitted because such a grossly excessive and inequitable recovery would violate the Due Process Clause," Midwest Poultry Services, L.P.'s Answer & Defenses at 139 (No. 20), ECF No. 73-7; and

- Defendant R.W. Sauder, Inc. similarly asserted an affirmative defense stating in relevant part that "[d]ouble recovery should not be permitted," R.W. Sauder, Inc.'s Answer & Defenses at 11 (No. 19), ECF No. 73-22.

3

These affirmative defenses were expressly adopted by reference in the Answers filed by UEP, USEM, Cal-Maine, and Rose Acre to Plaintiffs' Second Amended Complaint. *See* UEP's Answer & Defenses at 84, ECF No. 73-20 ("adopt[ing] by reference any defense not otherwise expressly contained herein that is pleaded by any other Defendant in this action"); USEM's Answer & Defenses at 61, ECF No. 73-21 (same); Cal-Maine's Answer, Defenses & Countercls. at 53, ECF No. 73-26 ("adopt[ing] by reference any applicable defense pleaded by any other Defendant that is not otherwise expressly set forth in this Answer"); Rose Acre's Answer, Defenses & Countercls. at 31, ECF No. 73-28 ("adopt[ing] by reference any applicable defense pleaded by any other defendant that is not otherwise expressly set forth herein"). These defenses—which were never challenged by Plaintiffs—fully satisfied the purposes of Rule 8(c), which is to "give the opposing party notice of the affirmative defense and a chance to rebut it." *Williams v. Lampe*, 399 F.3d 867, 871 (7th Cir. 2005).

Moreover, the fact that Defendants again requested a setoff in post-trial briefing could not have prejudiced Plaintiffs at trial because the parties agreed in Trial Stipulation No. 5 "to not offer argument and evidence regarding any current or past party's settlement agreement with another current or past party at trial." Aug. 26, 2022 Proposed Trial Stipulations 1-6 at 3, ECF No. 160; Oct. 12, 2023 Order regarding Trial Stipulations 1-15 at 2-3, ECF No. 343. As a result, Plaintiffs were not deprived of the opportunity to challenge at trial Defendants' entitlement to an offset because they expressly agreed not to offer any argument or evidence relating to the prior settlements.

*Second*, Plaintiffs argue that they received "no windfall by virtue of their settlements with . . . Michael Foods" because "[f]or there to be a windfall, Defendants must have been held responsible for damages paid via settlement by Michael Foods, creating duplicative recovery."

4

Pls.' Consol. Opp'n Br. at 45-46. Contrary to Plaintiffs' assertion, Defendants in fact are being "held responsible for damages paid via settlement by Michael Foods." *Id.* What matters is which claims Michael Foods paid to settle ███████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████ In the Litigation, Plaintiffs' claims against Michael Foods included a claim that Michael Foods was jointly and severally liable to Plaintiffs not only for the overcharge on Plaintiffs' purchases of Michael Foods' egg products, but also on Plaintiffs' purchases of egg products from Michael Foods' alleged co-conspirators, including Rose Acre and Cal-Maine. ███████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████ It is damages on those purchases for which Defendants are now being held responsible and, as such, the one-recovery rule entitles Defendants to offset Michael Foods payment to settle those same claims.

For these reasons, as well as all of the other reasons set forth in Defendants' Rule 50(b) and Rule 59 motions and replies filed in support thereof, UEP and USEM respectfully request that the Court enter judgment in UEP's and USEM's favor as a matter of law with respect to Plaintiffs' claim under Section 1 of the Sherman Act, or in the alternative, grant a new trial on all issues or alter/amend the judgment.

5

Dated: February 12, 2025

Respectfully submitted:

*/s/ Robin P. Sumner*
Robin P. Sumner (robin.sumner@troutman.com)
Kaitlin L. Meola (kaitlin.meola@troutman.com)
TROUTMAN PEPPER LOCKE LLP
3000 Two Logan Square, 18th and Arch Streets
Philadelphia, PA 19103-2799
Tel: (215) 981-4000

Whitney R. Redding
(whitney.redding@troutman.com)
TROUTMAN PEPPER LOCKE LLP
Union Trust Building
501 Grant Street, Suite 300
Pittsburgh, PA 15219-4429
Tel: (412) 454-5085

Molly DiRago
(Molly.DiRago@troutman.com)
TROUTMAN PEPPER LOCKE LLP
111 South Wacker Drive, Suite 4100
Chicago, IL 60606
Tel: (312) 759-1926

***Counsel for Defendants United Egg Producers, Inc. & United States Egg Marketers, Inc.***

# Arango v. Work & Well, Inc.

United States District Court for the Northern District of Illinois

June 5, 2013, Decided; June 5, 2013, Filed

11 C 1525

**Reporter**
2013 U.S. Dist. LEXIS 78839 *

Arango v. Work & Well, Inc.

**Prior History:** Arango v. Work & Well, Inc., 2013 U.S. Dist. LEXIS 72149 (N.D. Ill., May 22, 2013)

**Counsel:** [*1] For Luis Arango, on behalf of himself and all other similarly situated persons, known and unknown, Plaintiff: Alejandro Caffarelli, LEAD ATTORNEY, Bradley S Manewith, Lorraine Teraldico Peeters, Madeline Kate Engel, Marc J. Siegel, Caffarelli & Siegel Ltd, Chicago, IL.

For Work & Well, Inc., Defendant: David M. Holmes, LEAD ATTORNEY, Lisa Handler Ackerman, Wilson, Elser, Moskowitz, Edelman & Dicker, Chicago, IL.

**Judges:** Ronald A. Guzman.

**Opinion by:** Ronald A. Guzman

## Opinion

**STATEMENT**

Work & Well, Inc.'s ("Work & Well") motion for leave to plead an additional affirmative defense of setoff based on amounts recovered by the plaintiff in a settlement with the co-defendant Sysco, Inc. ("Sysco") is denied. In this context, setoff is not an affirmative defense because "an affirmative defense operates to eliminate liability rather than reduce it." *AEL Fin. LLC v. Tri-City Auto Salvage, Inc.*, No. 08 C 4384, 2009 U.S. Dist. LEXIS 77573, 2009 WL 3011211, at *12 (N.D. Ill. Aug. 31, 2009). Nor is Work & Well's request for setoff a counterclaim because it is not being asserted for monies owed Work & Well by the plaintiff. *Iroanyah v. Bank of Am.*, No. 09 C 94, 2013 U.S. Dist. LEXIS 10799, 2013 WL 268635, at *6 (N.D. Ill. Jan. 24, 2013) ("Illinois law provides that when a party seeks a [*2] setoff against 'the same plaintiff who filed suit against him,' the setoff claim is 'subsumed procedurally under the concept of a counterclaim.'"). Work & Well instead appears to be seeking equitable relief under the one-satisfaction rule. "Under this rule, a plaintiff is entitled to only one satisfaction for a single injury" so the rule

"'operates to prevent double recovery, or the overcompensation of a plaintiff for a single injury.'" *Phoenix Bond & Indem. Co. v. Bridge*, Nos. 05 C 4095 and 07 C 1367, 2012 U.S. Dist. LEXIS 8, 2012 WL 8706, at *1 (N.D. Ill. Jan. 2, 2012) (quoting *BUC Int'l Corp. v. Int'l Yacht Council Ltd.*, 517 F.3d 1271, 1276 n.5 (11th Cir. 2008) ("The one-satisfaction rule . . . is not invoked as a counterdemand, but rather as an equitable doctrine designed to prevent multiple recoveries by a plaintiff on its own claim and for a single injury.")). Thus, "[n]on-settling defendants 'are entitled to a reduction in the judgment against them by the amounts received by [plaintiff] in settlement of claims for the same injury.'" *Id.* As noted by an Illinois court, "[a] plaintiff is only entitled to one recovery and only one satisfaction for claimed injuries pursuant to one cause of action, regardless [*3] of the number of theories of recovery advanced." *Foster v. Kanuri*, 241 Ill. App. 3d 677, 608 N.E.2d 8, 10, 180 Ill. Dec. 886 (Ill. App. Ct. 1992).

In making this ruling, the Court does not opine on whether any injury purportedly inflicted by the defendants constitutes a single or the same injury. The Court will consider Work & Well's position when and if judgment is entered against it.

**End of Document**