**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KRAFT FOODS GLOBAL, INC., THE KELLOGG COMPANY, GENERAL MILLS, INC., and NESTLÉ USA, INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | No. 1:11-cv-08808 |
| v. | ) ) ) | Judge Steven C. Seeger |
| UNITED EGG PRODUCERS, INC., UNITED STATES EGG MARKETERS, INC., CAL-MAINE FOODS, INC., and ROSE ACRE FARMS, INC., | ) ) ) ) ) | |
| Defendants. | ) | |

**MOTION FOR LEAVE TO FILE SURREPLY**

Plaintiffs Kraft Foods Global, Inc., The Kellogg Company, General Mills, Inc., and Nestlé USA, Inc. (collectively "Plaintiffs"), by their attorneys, respectfully move this Court for leave to file the attached surreply (Exhibit 1). Plaintiffs' proposed surreply responds to Defendants' assertions, made for the first time in their reply briefs, that (a) Defendants were not required to raise their claims for setoff at any earlier point in this litigation in order to preserve them for purposes of Rule 59(e); and (b) Defendants' claims to setoff were properly preserved or that the waiver should be excused. In support of this motion, Plaintiffs further state as follows:

1.      On December 4, 2024, Defendants filed their second round of post-trial motions: five separate motions seeking judgment as a matter of law under Rule 50(b), a new trial under Rule 59(a), and alteration or amendment of the judgment under Rule 59(e). *See* Dkts. 725, 726, 727, 728, 730, 731, 732, 733, 734, 735. In the portions of their motions invoking Rule 59(e), Defendants argued, for the first time in any court filing, that they are entitled to have the judgments against them reduced by the amount that Plaintiffs received in settlements with other egg

producers. *See* Dkt. 726 at 2-8; Dkt. 731 at 13-16. Defendants further argued that this Court should order Plaintiffs to turn over their settlement documents to permit Defendants to ascertain the amount by which the judgments should be set off. *See* Dkt. 726 at 7-8; Dkt. 731 at 13-14, 16. Defendants never sought those documents in discovery.

2.      On January 22, 2025, Plaintiffs filed an omnibus response. *See* Dkt. 750. As relevant to the proposed surreply, Plaintiffs argued that Defendants waived their claim to setoff by failing to invoke it in their responsive pleadings or at any other time prior to the entry of judgment, and that as a result of that waiver, Defendants failed to carry their burden to demonstrate that any prior settlements compensated Plaintiffs for the same injury found by the jury. *See id.* at 39-49.

3.      On February 12, 2025, Defendants filed reply briefs in further support of their motions under Rules 50(b), 59(a), and 59(e). *See* Dkts. 756, 758, 759, 760, 761, 763, 764.

4.      Plaintiffs seek leave to file a short surreply, as attached, limited to Defendants' new arguments regarding setoff. In their replies, Defendants argued, for the first time, that they were not required to plead setoff in a responsive pleading or at any other point prior to the entry of judgment, because setoff is "a form of equitable relief based on the one-satisfaction rule" that may be raised at any time, including in a Rule 59(e) motion. Dkt. 763 at 2; *see* Dkt. 758 at 2-4; Dkt. 760 at 7-11. Defendants also argued—again for the first time—that, to the extent they were required to raise this issue earlier, they did so. On the latter point, Defendants asserted that (a) they incorporated by reference all defenses raised by other parties in the MDL, some of which *did* plead a setoff defense, *see* Dkt. 760 at 10; Dkt. 763 at 3-4; (b) Plaintiffs were on notice that Defendants intended to seek setoff because the parties discussed setoff during unproductive settlement discussions after the liability phase, *see* Dkt. 760 at 10-11; and (3) to the extent Defendants waived their setoff defense, the Court should excuse their waiver because Plaintiffs are not prejudiced by

2

it, *see* Dkt. 763 at 2-4. Plaintiffs' proposed surreply explains why Defendants' new arguments lack merit.

5.     Because Defendants' arguments in response to Plaintiffs' assertion of waiver exceed the scope of Defendants' initial submissions on the setoff issue, Plaintiffs had no opportunity to address them in their opposition memorandum. Plaintiffs therefore respectfully request leave to file the attached 10-page surreply, which succinctly addresses Defendants' setoff arguments and will assist the Court in deciding whether setoff is appropriate in this case.

6.     On February 19, 2025, Plaintiffs' counsel notified Defendants' counsel of their intention to file the instant motion. Defendants' counsel indicated that Defendants oppose Plaintiffs' request.

WHEREFORE, Plaintiffs respectfully request that this Court grant them leave to file the attached surreply in further opposition to Defendants' requests for setoff under Rule 59(e).

February 19, 2025                                Respectfully submitted,

***Counsel for Plaintiffs Kraft Foods Global, Inc., General Mills, Inc., Nestlé USA, Inc. and The Kellogg Company***

/s/ *Brandon D. Fox*

|  |  |
|---|---|
| Andrianna D. Kastanek | Brandon D. Fox |
| Angela M. Allen | Amy M. Gallegos (*admitted pro hac vice*) |
| Michael T. Brody | Sati Harutyunyan (*admitted pro hac vice*) |
| JENNER & BLOCK LLP | JENNER & BLOCK LLP |
| 353 North Clark Street | 515 South Flower Street, Suite 3300 |
| Chicago, IL 60654 | Los Angeles, CA 90071 |
| Tel: (312) 222-9350 | Tel: (213) 239-5100 |
| Fax: (312) 527-0484 | Fax: (213) 239-5199 |
| akastanek@jenner.com | bfox@jenner.com |
| aallen@jenner.com | agallegos@jenner.com |
| mbrody@jenner.com | sharutyunyan@jenner.com |

3