**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KRAFT FOODS GLOBAL, INC., THE KELLOGG COMPANY, GENERAL MILLS, INC., and NESTLÉ USA, INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | No. 1:11-cv-08808 |
| v. | ) ) | Judge Steven C. Seeger |
| UNITED EGG PRODUCERS, INC., UNITED STATES EGG MARKETERS, INC., CAL-MAINE FOODS, INC., and ROSE ACRE FARMS, INC., | ) ) ) ) ) | |
| Defendants. | ) ) | |

**PLAINTIFFS' SURREPLY IN OPPOSITION TO DEFENDANTS'**
**MOTIONS FOR JUDGMENT AS A MATTER OF LAW,**
**FOR A NEW TRIAL, AND TO ALTER OR AMEND THE JUDGMENT**

Andrianna D. Kastanek
Angela M. Allen
Michael T. Brody
JENNER & BLOCK LLP
353 North Clark Street
Chicago, IL 60654
Tel: (312) 222-9350
Fax: (312) 527-0484
akastanek@jenner.com
aallen@jenner.com
mbrody@jenner.com

Brandon D. Fox
Amy M. Gallegos (*admitted pro hac vice*)
Sati Harutyunyan (*admitted pro hac vice*)
JENNER & BLOCK LLP
515 South Flower Street, Suite 3300
Los Angeles, CA 90071
Tel: (213) 239-5100
Fax: (213) 239-5199
bfox@jenner.com
agallegos@jenner.com
sharutyunyan@jenner.com

*Counsel for Kraft Foods Global, Inc., General Mills, Inc.,*
*Nestlé USA, Inc. and The Kellogg Company*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ......................................................................................................... iii

ARGUMENT ................................................................................................................................... 1

I.      Defendants' Argument That They Did Not Need to Plead or Otherwise Preserve Their Setoff Claim Prior to the Entry of Judgment Is Incorrect ...................................................... 1

II.     Defendants Did Not Plead or Otherwise Properly Preserve Their Setoff Claim, and This Court Should Not Excuse Their Waiver ....................................................................................... 7

        A.     Defendants Did Not Properly Incorporate Other Parties' Setoff Defenses by Reference ............................................................................................................. 7

        B.     The Parties' Discussion of Setoff in Settlement Discussions Did Not Relieve Defendants of their Obligation to Preserve a Setoff Claim Before the Court ........ 9

        C.     Defendants' Request That the Court Should Excuse Their Waiver Fails .............. 10

CONCLUSION ............................................................................................................................. 10

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adams v. City of Chicago*,
  798 F.3d 539 (7th Cir. 2015) ...............................................................................6

*Advanced Fluid Sys., Inc. v. Huber*,
  958 F.3d 168 (3d Cir. 2020)...........................................................................2, 3, 7

*Arango v. Work & Well, Inc.*,
  2013 WL 12638887 (N.D. Ill. June 5, 2013) .....................................................1

*Banister v. Davis*,
  590 U.S. 504 (2020)...........................................................................................10

*Borges v. Cnty. of Humboldt*,
  2017 WL 4552006 (N.D. Cal. Oct. 12, 2017)..................................................3-4

*Ernst v. City of Chicago*,
  2018 WL 6725866 (N.D. Ill. Dec. 21, 2018).......................................................4

*Figgie Int'l, Inc. v. Miller*,
  966 F.2d 1178 (7th Cir. 1992) ...........................................................................10

*Garrison Realty, L.P. v. Fouse Architecture & Interiors, P.C.*,
  546 F. App'x 458 (5th Cir. 2013) ........................................................................2

*Glover v. Johnson*,
  2016 WL 5854282 (W.D. Okla. Oct. 6, 2016) ....................................................4

*Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*,
  332 F.3d 976 (6th Cir. 2003) ...............................................................................9

*Green Hills Dev. Co., LLC v. Oppenheimer Funds, Inc.*,
  2022 WL 370235 (S.D. Miss. Feb. 7, 2022)........................................................8

*Gronik v. Balthasar*,
  2015 WL 905151 (E.D. Wis. Mar. 3, 2015) ........................................................3

*Gruver v. Louisiana Through Bd. of Supervisors of Louisiana State Univ. &*
  *Agric. & Mech. Coll.*, 2023 WL 7361193 (M.D. La. June 5, 2023),
  *aff'd sub nom. Gruver v. Allstate Ins. Co. of Canada, Inc.*,
  2024 WL 4660345 (5th Cir. Nov. 4, 2024)..........................................................5

*Hoagland v. Armor*,
2017 WL 4547913 (C.D. Ill. Oct. 12, 2017)..............................................................3

*Hoffman v. CMP Ent. (USA) Inc.*,
2018 WL 1115210 (C.D. Ill. Mar. 1, 2018)..............................................................3

*JTH Tax LLC v. Sanchez*,
2023 WL 6813449 (S.D.N.Y.), *report and recommendation adopted*, 2023
WL 8936352 (S.D.N.Y. Dec. 27, 2023) ...................................................................4

*Prairie Mgmt. & Dev., Inc. v. Columbia Mut. Ins. Co.*,
2024 WL 1157345 (N.D. Ill. Mar. 18, 2024)............................................................3

*Quality Time, Inc. v. West Bend Mut. Ins. Co.*,
2012 WL 2872226 (D. Kan. July 12, 2012) .............................................................8

*Reazer-Kremitzki v. CMP Ent. (USA) Inc.*,
2018 WL 1152404 (C.D. Ill. Mar. 5, 2018)..............................................................3

*Reis Robotics USA, Inc. v. Concept Indus., Inc.*,
462 F. Supp. 2d 897 (N.D. Ill. 2006) .......................................................................1

*Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*,
559 U.S. 393 (2010)..................................................................................................6

*SNA Nut Co. v. Häagen-Dazs Co., Inc.*,
302 F.3d 725 (7th Cir. 2002) ...................................................................................9

*State Farm Mut. Auto. Ins. Co. v. Grafman*,
968 F. Supp. 2d 480 (E.D.N.Y. 2013) .....................................................................4

*Suter v. Artist M.*,
503 U.S. 347 (1992)..................................................................................................9

*Thornton v. Garcini*,
928 N.E.2d 804 (Ill. 2010)........................................................................................6

*Top Tobacco, L.P. v. Good Times USA, LLC*,
2017 WL 395698 (N.D. Ill. Jan. 30, 2017)..............................................................8

*Tornello v. Deligiannis Brothers, Inc.*,
180 F.2d 553 (7th Cir. 1950) ...................................................................................1

*Twohy v. First Nat'l Bank of Chi.*,
758 F.2d 1185 (7th Cir. 1985) ................................................................................10

*Velez v. Roche*,
  335 F. Supp. 2d 1022 (N.D. Cal. 2004) ................................................................4, 5

*Vita Food Prods., Inc. v. Navigators Ins. Co.*,
  2017 WL 2404981 (N.D. Ill. June 2, 2017) ..............................................................8

*White v. N.H. Dep't of Emp. Sec.*,
  455 U.S. 445 (1982).............................................................................................2, 3, 6

The Court should reject Defendants' argument, made for the first time in reply, that it preserved its request for setoff. Defendants have never before, in any court filing throughout this case's long life, raised the potential for setoff. Nor should the Court excuse Defendants' waiver. This Court should deny Defendants' untimely claim for setoff.

## ARGUMENT

### I.     Defendants' Argument That They Did Not Need to Plead or Otherwise Preserve Their Setoff Claim Prior to the Entry of Judgment Is Incorrect.

Defendants' three reply briefs did not identify a single federal case refuting the well-established principle that a party must plead or otherwise raise a claim for setoff prior to trial in order to preserve the argument.

Defendants begin by characterizing setoff as an equitable remedy based upon a statement in *Arango v. Work & Well, Inc.*, 2013 WL 12638887 (N.D. Ill. June 5, 2013), and leap from that statement to the conclusion that, as an equitable remedy, setoff need not be pleaded. Dkt. 763 at 2; *see* Dkt. 758 at 3-4; Dkt. 760 at 8. Defendants' reliance is misplaced. *Arango* is a two paragraph, unpublished decision that does not explain why the fact that setoff is equitable means it need not be pleaded and does not engage with the cases taking the opposite position. And *Arango*'s logic does not hold up: Other equitable defenses are waived if not properly pleaded. *See, e.g.*, *Reis Robotics USA, Inc. v. Concept Indus., Inc.*, 462 F. Supp. 2d 897, 907 (N.D. Ill. 2006) ("Laches, waiver, estoppel, and unclean hands are equitable defenses that must be pled."); *see also Tornello v. Deligiannis Brothers, Inc.*, 180 F.2d 553, 556 (7th Cir. 1950) (equitable defense of laches is waived if not pleaded). In any event, *Arango* does not hold that a defendant may simply ignore its claim to setoff entirely until judgment is entered without taking any steps to preserve it. In *Arango*, prior to seeking leave to amend its complaint, the defendant moved to compel production of the settlement in question so that it could "determine the amount of a set-off to which it may be

1

entitled," Mot. to Compel Produc. of Settlement Agreement at 2, *Arango*, No. 11-cv-01525 (N.D. Ill. Apr. 25, 2013), Dkt. 215, a request which the court granted, *see* Minute Entry, *id.* (May 16, 2013), Dkt. 227. The *Arango* defendant thus ensured that the disputed settlement agreement was part of the record well before judgment was entered—something Defendants here failed to do.

More broadly, consistent with the requirement that other equitable defenses be raised pre-judgment, the wealth of case law requires "a party seeking to set off the amount of a co-defendant's settlement against a damages award" to "plead, attempt to plead, or otherwise squarely raise that issue before judgment [i]s rendered." *Advanced Fluid Sys., Inc. v. Huber*, 958 F.3d 168, 185 (3d Cir. 2020); *see also, e.g.*, *Garrison Realty, L.P. v. Fouse Architecture & Interiors, P.C.*, 546 F. App'x 458, 465 (5th Cir. 2013) ("[A]n offset due to a settlement credit is an affirmative defense that must be pleaded and proved by the defendant.").

*Advanced Fluid* is directly on point. There, the Third Circuit held that the defendants' failure to plead setoff or "raise [it] at any [other] point in the litigation" foreclosed their request for setoff after the entry of judgment. 958 F.3d at 185. Rose Acre wrongly dismisses *Advanced Fluid* as only "addressing the pleading requirements under the Pennsylvania Uniform Contribution Among Tortfeasors Act." Dkt. 758 at 3 & n.4. Not so. The Third Circuit called that state-law question "beside the point," holding that, even if formal pleading was not required, the defendants' "complete failure to raise the set-off issue before judgment was entered" precluded the court from considering the issue after entry of judgment as a matter of *federal law*. 958 F.3d at 185, 187. Considering the issue, the court explained, would "run[] contrary [] to … the general notions of fairness, equity, and finality … that pervade the Federal Rules of Civil Procedure." *Id.* at 187.

*Advanced Fluid*'s holding aligns with the text and purpose of Rule 59(e), which authorizes "reconsideration [only] of matters properly encompassed in a decision on the merits." *White v.*

2

*N.H. Dep't of Emp. Sec.*, 455 U.S. 445, 451 (1982). Here, as in *Advanced Fluid*, Defendants failed to raise setoff before this Court entered judgment, so their plea for setoff is not the subject of a prior "decision on the merits." *Id.*

Defendants lean into an irrelevant distinction between two types of setoff—setoff based on a plaintiff's settlement with joint tortfeasors and setoff based on "a distinct cause of action [the defendant has] against the … plaintiff," Dkt. 760 at 7 (citation omitted); *see* Dkt. 758 at 3—and assert that only the latter must be pleaded. Defendants are wrong. Courts in this Circuit routinely recognize that setoff under the facts here, where a defendant seeks credit for amounts paid by settling co-defendants, must be pleaded to be preserved. *See, e.g.*, *Reazer-Kremitzki v. CMP Ent. (USA) Inc.*, 2018 WL 1152404, at *3 (C.D. Ill. Mar. 5, 2018) (setoff based on plaintiff's settlement with other parties must be pleaded "regardless of whether it is an affirmative defense"); *Hoffman v. CMP Ent. (USA) Inc.*, 2018 WL 1115210, at *3-4 (C.D. Ill. Mar. 1, 2018) (same); *Hoagland v. Armor*, 2017 WL 4547913, at *2 (C.D. Ill. Oct. 12, 2017) (granting leave to amend to add an "affirmative defense of a right to a set off on any damages for [a] settlement paid by [a] former co-Defendant"); *Gronik v. Balthasar*, 2015 WL 905151, at *13 (E.D. Wis. Mar. 3, 2015) (granting "leave to amend … to add a counterclaim for a setoff based on plaintiffs' settlement with [other] defendants"); *cf. Prairie Mgmt. & Dev., Inc. v. Columbia Mut. Ins. Co.*, 2024 WL 1157345, at *17 (N.D. Ill. Mar. 18, 2024) (setoff for settlement with third party was "not … an affirmative defense" but rather "a counterclaim" required to be pleaded under Rule 13). As one district court explained, pleading setoff ensures that "the Plaintiff has been put on notice that set-off will be at issue in the case." *Reazer-Kremitzki*, 2018 WL 1152404, at *3; *see Advanced Fluid*, 958 F.3d at 185 & n.21 (highlighting lack of "fair notice to [plaintiff] that [defendants] would be seeking setoff").

Courts in other circuits have followed the same approach. *See, e.g.*, *Borges v. Cnty. of*

3

*Humboldt*, 2017 WL 4552006, at \*2-3 (N.D. Cal. Oct. 12, 2017) (deeming claim for setoff of settlement payments waived because defendants "failed to assert offset as an affirmative defense" and instead "waited until the eve of trial to raise the offset defense"); *JTH Tax LLC v. Sanchez*, 2023 WL 6813449, at \*4 (S.D.N.Y.) ("[F]or [the defendant] to benefit from the 'set-off' of [a] settlement with … two settled defendants, he 'must plead it as an affirmative defense; otherwise[,] it is forfeited.'" (citations omitted)), *report and recommendation adopted*, 2023 WL 8936352 (S.D.N.Y. Dec. 27, 2023); *Glover v. Johnson*, 2016 WL 5854282, at \*1 (W.D. Okla. Oct. 6, 2016) ("[D]efendant waived the setoff affirmative defense by failing to raise it in his answer" or seek leave to amend the answer after learning of co-defendants' settlement.).

Requiring setoff to be alleged in a responsive pleading makes sense, since setoff in practice operates just like any other affirmative defense or counterclaim. Defendants rightly do not dispute that they bear "the burden … to show the extent to which a recovery against [them] would be duplicative of [Plaintiffs'] recovery from settling defendants." *State Farm Mut. Auto. Ins. Co. v. Grafman*, 968 F. Supp. 2d 480, 483 (E.D.N.Y. 2013) (quotation marks and citation omitted); *see also, e.g.*, *Ernst v. City of Chicago*, 2018 WL 6725866, at \*25-26 (N.D. Ill. Dec. 21, 2018); *Velez v. Roche*, 335 F. Supp. 2d 1022, 1041-42 (N.D. Cal. 2004).

This is not a case in which Defendants were unable to raise the setoff issue prior to trial because the relevant settlements occurred during or after trial. Plaintiffs' first settlement became public more than a decade before trial, and the last was more than a year before trial. *See* Dkt. 750 at 42. Yet Defendants never asked Plaintiffs to produce these agreements under Rule 34 or by any other means. Had Defendants done so, the parties could have attempted to timely resolve issues implicating the rights of the settling parties, who are not before the Court, to protect the confidentiality of their agreements, and this Court would have had evidence upon which to base a

ruling on Defendants' claim for setoff before entering judgment. Instead, Defendants waited until the night before filing their Rule 59(e) motions—a decade after the close of discovery, *see In re Processed Egg Products Antitrust Litigation*, No. 08-md-02002 (E.D. Pa. Jan. 27, 2014), Dkt. 869 at 3, and a year after the jury's verdicts—to demand that Plaintiffs turn over nearly a dozen agreements involving dozens of parties, each of whom would have to consent to disclosure.

That request came far too late, leaving Defendants with no evidence with which to prove that they are entitled to any setoff.[1] *E.g.*, *Gruver v. Louisiana Through Bd. of Supervisors of Louisiana State Univ.*, 2023 WL 7361193, at *3 (M.D. La. June 5, 2023) (declining to award setoff under Rule 59(e) where the defendant "fail[ed] to plead [setoff as] an affirmative defense" or to otherwise timely raise the issue and thus "fail[ed] to satisfy its burden of proof"), *aff'd sub nom. Gruver v. Allstate Ins. Co. of Canada, Inc.*, 2024 WL 4660345 (5th Cir. Nov. 4, 2024).

Defendants' analogies to cases invoking Rule 59(e) to seek remittitur of a jury's verdict are inapt. *See* Dkt. 758 at 4; Dkt. 760 at 8. Defendants identify two out-of-circuit cases suggesting that courts can consider settlements with third parties when exercising their discretionary power to remit excessive damages awards under Rule 59. *See* Dkt. 758 at 2 (citing *Imbrogno v. Chamberlin*, 89 F.3d 87 (2d Cir. 1996); *United Techs. Corp. v. Am. Home Assurance Co.*, 237 F. Supp. 2d 168 (D. Conn. 2001)). At the outset, to the extent that Defendants are now pivoting to ask this Court to exercise discretion to reduce the judgment based on Plaintiffs' settlements with non-parties, Defendants waived that argument by failing to seek a remittitur in their opening briefs,

---

[1] The foregoing analysis explains why Cal-Maine's attempt to distinguish *Advanced Fluid* fails. Cal-Maine argues that *Advanced Fluid* concerns only "whether a settling defendant was a joint tortfeasor—a question not at issue in this case." Dkt. 760 at 9. But whether the settling defendants here were joint tortfeasors *is* at issue in this case, because Defendants bear the burden to show both that "the settlement and award … were for the same injury" and that "there is joint and several liability among the settling and nonsettling defendants." *Velez*, 335 F. Supp. 2d at 1042. Defendants' failure to timely raise the setoff issue here means they have failed to carry their burden with respect to either element.

which assert only that setoff must be granted as a matter of law on which the Court possesses *no* discretion. *See* Dkt. 726 at 2-3; Dkt. 731 at 13-14. Nor do Defendants even attempt to satisfy the standard for securing a remittitur in this Circuit, which requires a showing that the jury award is "monstrously excessive," meaning that it is "irrational" and lacks a "rational connection" to the record evidence. *Adams v. City of Chicago*, 798 F.3d 539, 543 (7th Cir. 2015) (citation omitted).

On the merits of any remittitur request, Defendants have identified no Seventh Circuit cases authorizing courts to newly consider settlements with third parties when exercising their discretion under Rule 59, and Plaintiffs know of none. That absence of authority makes sense, because in this Circuit, a court deciding a remittitur motion may not take new evidence—it simply asks whether damages are excessive in light of "the [existing] trial record as a whole." *Id.* Limiting remittitur to the extant record aligns with Rule 59(e)'s purpose to permit "reconsideration of matters properly encompassed in" the judgment. *White*, 455 U.S. at 451. That rationale does not apply in this case, where considering Defendants' setoff argument requires the Court to take new evidence on a matter entirely collateral to the Court's judgment, delaying Defendants' appeal and subjecting Plaintiffs to further delay in being compensated for Defendants' illegal overcharges.

Finally, Defendants rely on two federal cases stating that, under Illinois law, a claim for setoff "may be raised at any time." *See* Dkt. 760 at 7-8 (citing *In re Doctors Hosp. of Hyde Park, Inc.*, 494 B.R. 344, 363 (Bankr. N.D. Ill. 2013), and *United States v. Fischer Excavating, Inc.*, 2017 WL 3971091, at *9 (C.D. Ill. Sept. 8, 2017)). Both cases interpret *Thornton v. Garcini*, 928 N.E.2d 804, 811-12 (Ill. 2010), a case defining pleading requirements under Illinois law. To the extent that this state-court procedural rule about when a setoff claim may be raised conflicts with Rules 8 and 59(e), the Federal Rules govern. *See Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398 (2010). Here, Rule 8 requires that setoff be pleaded. And Rule 59(e)

prohibits this Court from considering an argument not fairly encompassed within the Court's existing judgment. Defendants' "complete failure to raise the set-off issue before judgment was entered" means that this Court "did not make any relevant findings regarding set-off." *Advanced Fluid*, 958 F.3d at 187. In those circumstances, Rule 59(e) offers Defendants no relief.

## II.  Defendants Did Not Plead or Otherwise Properly Preserve Their Setoff Claim, and This Court Should Not Excuse Their Waiver.

Defendants' attempts to show that they *did* plead or otherwise successfully preserve their claim to setoff, or that this Court should excuse any failure to do so, also fall flat.

### A.  Defendants Did Not Properly Incorporate Other Parties' Setoff Defenses by Reference.

To excuse their failure to place Plaintiffs or this Court on notice that they would seek setoff, Defendants assert that they incorporated by reference the setoff defenses contained in the answers of Sparboe Farms, Inc., Midwest Poultry Services, L.P., and R.W. Sauder, Inc. *See* Dkt. 760 at 10 (quoting Cal-Maine's Answer, Dkt. 73-26 at 53); *see also* Dkt. 764 at 3-4 (citing UEP's Answer, Dkt. 73-20 at 84; USEM's Answer, Dkt. 73-21 at 61; and Rose Acre's Answer, Dkt. 73-28 at 31).

That argument fails. At the outset, the fact that other MDL defendants *did* plead setoff only reinforces that doing so is required and that these Defendants failed to do so. *See* Sparboe's Answer, Dkt. 73-19 at 35 (asserting that "Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have settled all or some of the claims set forth in the Complaint").[2] Defendants had ample opportunity to include similar allegations in their answers—or to raise the issue at any other time

---

[2] Defendants rely on statements in the answers of Midwest Poultry and R.W. Sauder to the effect that "[s]ome or all of the damages sought on behalf of direct purchasers are duplicative of damages sought on behalf of indirect purchasers," and that such "[d]ouble recovery should not be permitted." Dkt. 73-22 at 11 (R.W. Sauder); *see* Dkt. 73-7 at 139 (Midwest Poultry) (similar). While these vague allegations implicate the direct purchaser rule of *Illinois Brick*, they do not suffice to plead a claim for setoff of *settlements* Plaintiffs have entered into with other parties. In any event, as explained in this section, even if they did, Defendants did not successfully incorporate these allegations by reference into their own answers.

during the decade prior to the entry of judgment. *See* Dkt. 750 at 40-43.

Defendants cannot cure that failure by pointing to vague, catchall allegations in their answers. A defense must be pleaded with sufficient clarity to give plaintiffs "fair notice of the basis for [the] defense." *Top Tobacco, L.P. v. Good Times USA, LLC*, 2017 WL 395698, at \*4 (N.D. Ill. Jan. 30, 2017). Pleading "boilerplate defenses as mere placeholders without any apparent factual basis" does not suffice. *Vita Food Prods., Inc. v. Navigators Ins. Co.*, 2017 WL 2404981, at \*10 (N.D. Ill. June 2, 2017) (quotation omitted). Thus, courts routinely disallow incorporation by reference when a defendant seeks to "incorporat[e] dozens of affirmative defenses—without stating which ones supposedly apply," since doing so "fails to provide adequate notice of the actual disputes and would only complicate an already complicated dispute thereby causing prejudice." *Green Hills Dev. Co., LLC v. Oppenheimer Funds, Inc.*, 2022 WL 370235, at \*3 (S.D. Miss. Feb. 7, 2022); *see Quality Time, Inc. v. West Bend Mut. Ins. Co.*, 2012 WL 2872226, at \*2 (D. Kan. July 12, 2012) (incorporation by reference "creates unnecessary confusion and burdens the Court and … parties with trying to piece together claims or defenses from separate pleadings").

Here, over a dozen defendants collectively raised hundreds of defenses. *See* Second Am. Compl., Dkt. 73-17 at 10-40 (identifying defendants); *see, e.g.*, Sparboe's Answer, Dkt. 73-19 at 30-36 (listing 34 defenses). In those circumstances, Defendants' vague assertions that they are entitled to every defense under the sun—based upon a single assertion contained in the answer of a single co-defendant who settled years prior to this case being transferred back to this Court—do not provide the requisite notice that setoff was at issue in this case. That is particularly so given that, when the parties narrowed their claims and defenses in the pretrial order, *see* Dkt. 289, Defendants did not mention setoff at all. So even if Defendants did incorporate a setoff defense in their original complaints, they disavowed any such defense by failing to include it in the pretrial

8

order, since the "pretrial order supercedes the pleadings and a defense not raised in a pretrial order

is deemed waived." *SNA Nut Co. v. Häagen-Dazs Co., Inc.*, 302 F.3d 725, 732 (7th Cir. 2002).

### B. The Parties' Discussion of Setoff in Settlement Discussions Did Not Relieve Defendants of Their Obligation to Preserve a Setoff Claim Before the Court.

Defendants next observe that the parties discussed the potential for setoff during settlement

discussions that occurred between the liability and damages phases of the trial. *See* Dkt. 760 at 10-

11. But the parties' conversations about setoff during the settlement process are categorically

irrelevant to whether Defendants' properly alleged and preserved their setoff claims. As

Defendants acknowledge, Federal Rule of Evidence 408(a) generally prohibits the admission of

statements made during settlement negotiations to prove liability or the amount of damages. *See*

Dkt. 760 at 11 n.4. "[O]ne of the proposed rationales for the enactment of [Rule 408(a)] was that

statements made in furtherance of settlement are *never* relevant," because such statements "may

be motivated by a desire for peace rather than [by] any concession of weakness of position."

*Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976, 983 (6th Cir. 2003)

(quoting Fed. R. Evid. 408 advisory committee's note to 1972 proposed rule).

That reasoning applies here. Discussion of setoff while exploring the possibility of

settlement in no way amounts to a legal concession that Defendants had properly preserved a setoff

defense *before the Court*—the only question now relevant—or that setoff would be warranted on

the merits. This is especially true since Plaintiffs' counsel's recollection is that Defendants

ultimately made no settlement offer. But it would remain true even if the discussions had been

more fruitful; a settlement in principle does not estop a party from litigating an issue should the

settlement become inoperative. *Cf. Suter v. Artist M.,* 503 U.S. 347, 354 n.6 (1992) (because parties

may agree to terms that exceed the requirements imposed by law, concessions made in a settlement

do not bar parties from taking a different position in litigation). And here, the content of settlement

discussions does not change the undisputed fact that Defendants have never, at any point in the history of this case before filing their Rule 59(e) motions, raised setoff in any court document.

**C.      Defendants' Request That the Court Should Excuse Their Waiver Fails.**

Finally, Defendants assert that, to the extent that they *have* waived their right to setoff, this Court should excuse their waiver on the basis that Plaintiffs "will [not] suffer any prejudice by the application of a setoff." Dkt. 763 at 3. But prejudice is irrelevant at the Rule 59(e) stage. Under Rule 59(e), "courts *will not address* new arguments or evidence that the moving party could have raised before the decision issued." *Banister v. Davis*, 590 U.S. 504, 508 (2020) (emphasis added). Accordingly, the Seventh Circuit has repeatedly held that post-judgment attempts to raise new claims or defenses under Rule 59(e) should be rejected without inquiring into prejudice to the nonmovant. *See, e.g.*, *Figgie Int'l, Inc. v. Miller*, 966 F.2d 1178, 1180-81 (7th Cir. 1992); *Twohy v. First Nat'l Bank of Chi.*, 758 F.2d 1185, 1195-97 (7th Cir. 1985). That rule governs here. Plaintiffs ask the Court to deny the motion without further delay.

## CONCLUSION

For these reasons and the reasons set out in Plaintiffs' consolidated response memorandum, Dkt. 750, this Court should deny Defendants' motions under Rules 50(b), 59(a), and 59(e).[3]

---

[3] Plaintiffs also wish to correct a citation error in their consolidated response brief. Plaintiffs' brief contained three citations to a supplemental report prepared by Dr. Baye, filed on October 31, 2016, and attached as Exhibit C to Dr. Baye's expert report, Dkt. 593-3. *See* Dkt. 750 at 16 n.5, 39, and 46. Each of these citations should have instead been to the same pages in Exhibit *D* to Dr. Baye's report, Dkt. 593-*4*—a second supplemental report, this one dated October 12, 2018. Plaintiffs' counsel apologize for their error.

February 19, 2025                    Respectfully submitted,

                                     *Counsel for Plaintiffs Kraft Foods Global, Inc.,*
                                     *General Mills, Inc., Nestlé USA, Inc. and The*
                                     *Kellogg Company*

                                     /s/ *Brandon D. Fox*
Andrianna D. Kastanek                Brandon D. Fox
Angela M. Allen                      Amy M. Gallegos (*admitted pro hac vice*)
Michael T. Brody                     Sati Harutyunyan (*admitted pro hac vice*)
JENNER & BLOCK LLP                   JENNER & BLOCK LLP
353 North Clark Street               515 South Flower Street, Suite 3300
Chicago, IL 60654                    Los Angeles, CA 90071
Tel: (312) 222-9350                  Tel: (213) 239-5100
Fax: (312) 527-0484                  Fax: (213) 239-5199
akastanek@jenner.com                 bfox@jenner.com
aallen@jenner.com                    agallegos@jenner.com
mbrody@jenner.com                    sharutyunyan@jenner.com

11