UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KRAFT FOODS GLOBAL, INC., THE KELLOGG COMPANY, GENERAL MILLS, INC., and NESTLÉ USA, INC., | ) ) ) ) |
| Plaintiffs, | ) No. 1:11-cv-08808 ) |
| v. | ) Judge Steven C. Seeger ) |
| UNITED EGG PRODUCERS, INC., UNITED STATES EGG MARKETERS, INC., CAL-MAINE FOODS, INC., and ROSE ACRE FARMS, INC. | ) ) ) ) ) |
| Defendants. | ) |

**DEFENDANT CAL-MAINE FOODS, INC.'S MOTION TO CORRECT UNTRUE STATEMENTS IN PLAINTIFFS' SURREPLY AND ADD EXHIBITS TO THE RECORD**

Defendant Cal-Maine Foods, Inc. ("Cal-Maine") opposed Plaintiffs Kraft Foods Global, Inc., The Kellogg Company, General Mills, Inc., and Nestlé USA, Inc.'s Motion for Leave to File Surreply (ECF #765), and would have asked the Court to strike Plaintiffs' proposed surreply, but on the moment of filing its opposition, this Court granted Plaintiffs leave (ECF #766). Cal-Maine hereby files a motion with the Court to permit Cal-Maine to correct untrue statements made by Plaintiffs in their filing and enter the attached exhibits into the Court record.[1]

In support thereof, Cal-Maine states as follows:

1.  Plaintiffs made material misstatements in their filings that demand correction. Front and center at the outset of the Motion, Plaintiffs claim that "Defendants never sought those documents [settlement agreements] in discovery[.]" Mot. ¶ 1. Not so. Back in 2012, Defendants

---

[1] Neither Defendant Cal-Maine nor Rose Acre raised a new argument in reply briefing. Instead, both Defendants appropriately responded to the arguments that Plaintiffs made, including Plaintiffs' half-baked argument on waiver of setoffs. That Defendants corrected the law and record and clarified the facts may have put egg on Plaintiffs' faces, but that does not mean Plaintiffs are entitled to the last word. *Meraz-Camacho v. United States*, 417 F. App'x 558, 559 (7th Cir. 2011).

requested from these Plaintiffs (who were represented by the same law firm, Jenner & Block) "[a]ll settlement agreements and Documents sufficient to show the amount of any settlement, release and/or waiver payments and related settlement, release and/or waiver terms, including but not limited to distribution plans, between or among You and any Defendant, prospective defendant or egg producer in any way related to the claims made in Your Complaint or the consolidated cases (MDL 2002, 08-md-02002)." *See* Pls. Kraft, Kellogg, General Mills, and Nestlé's Resps. Objs. Defs.' First Reqs. for Prod. at 53 (attached as Exhibit A). Plaintiffs agreed then to "produce documents sufficient to show the dollar value of any settlement, to the extent permissible under each settlement agreement." *Id*.

2. Counsel for Cal-Maine subsequently sent correspondence to Plaintiffs' counsel memorializing the meet-and-confer on this issue. *See* B. Robison Corr., Jun. 29, 2012 (attached as Exhibit B). Jenner & Block, on behalf of Plaintiffs, then proposed to defer the issue of disclosure of the settlement agreements themselves until trial. *See* Jenner & Block Corr., Jul. 3, 2012 (attached as Exhibit C, noting that disclosures can be postponed until it becomes necessary for "the Court [to] calculate any post-trebling setoff for prior settlements"). Plaintiffs' contrary representations to this tribunal are at best troubling and disappointing.

3. In sum, not only did Cal-Maine and other Defendants formally seek the settlement agreements via a formal request for production pursuant to Federal Rule of Civil Procedure 34, but the parties also agreed to defer the issue of disclosure until trial for the express purpose of setoff. *See generally* Exs. A-C. Cal-Maine respectfully submits these documents addressing this critically important issue should be made part of the record and considered by the Court when deciding Defendants' pending motions pursuant to Rule 50 and 59, particularly given Plaintiffs' arguments on surreply that are based on incorrect facts.

For the foregoing reasons, Defendant Cal-Maine respectfully requests that the Court grant this motion and enter Exhibits A-C into the record. Cal-Maine requests such other, further relief this Court deems just.

Dated:  February 21, 2025                                  Respectfully submitted,

/s/ Livia M. Kiser
Patrick M. Collins (pcollins@kslaw.com)
Livia M. Kiser (lkiser@kslaw.com)
Patrick M. Otlewski (potlewski@kslaw.com)
Abigail Hoverman Terry (aterry@kslaw.com)
KING & SPALDING LLP
110 North Wacker Drive, 38th Floor
Chicago, IL 60606
Tel: (312) 995-6333

Brian E. Robison (brian@brownfoxlaw.com)
(pro hac vice)
BROWN FOX PLLC
6303 Cowboys Way, Suite 450
Frisco, TX 75034
Tel: (972) 707-2809

*Counsel for Defendant Cal-Maine Foods, Inc.*