UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KRAFT FOODS GLOBAL, INC., THE KELLOGG COMPANY, GENERAL MILLS, INC., and NESTLÉ USA, INC., Plaintiffs, v. UNITED EGG PRODUCERS, INC., UNITED STATES EGG MARKETERS, INC., CAL-MAINE FOODS, INC., MICHAEL FOODS INC., and ROSE ACRE FARMS, INC. Defendants. | No. 1:11-cv-08808<br><br>Judge Steven C. Seeger |

**RESPONSE OF DEFENDANT ROSE ACRE FARMS, INC.
TO PLAINTIFFS' SURREPLY**

On December 4, 2024, Defendant Rose Acre Farms, Inc. ("Rose Acre") filed two post-verdict motions, along with a memorandum supporting each: (1) a Motion to Alter and/or Amend the Judgment Pursuant to Rule 59(e) (ECF Nos. 725 and 726), and (2) a Renewed Motion for Judgment as a Matter of Law Pursuant to Rule 50(b), or For a New Trial Pursuant to Rule 59(a) (ECF Nos. 727 and 728). Cal-Maine Foods, Inc. ("Cal-Maine") filed its own motions, and United Egg Producers, Inc. ("UEP") and United States Egg Marketers, Inc. ("USEM") joined in both Rose Acre and Cal-Maine's motions for post-verdict relief. On January 22, 2025, Plaintiffs filed a 50-page Consolidated Opposition to Defendants' motions (ECF No. 750). And on February 12, 2025, Rose Acre filed its replies (ECF Nos. 756 and 758), as did the other Defendants.

On February 19, 2025, Plaintiffs filed a Motion for Leave to File Surreply (ECF No. 765), asserting that Defendants had raised "new arguments regarding setoff" in their replies and requesting leave to file a 10-page surreply (ECF No. 765-1) to address those arguments. The Court granted that motion on February 21, 2025. Rose Acre then filed a Motion for Leave to File Short

Response to Plaintiffs' Surreply, which noted that Plaintiffs' filing "contain[ed] a number of misrepresentations and misstatements" and requested "leave to file a short response . . . (no more than 5 pages)" on February 28, 2025. (ECF No. 767 at 3.) Cal-Maine took a different approach, filing a Motion to Correct Untrue Statements in Plaintiffs' Surreply and Add Exhibits to the Record. (*See* ECF No. 768.) UEP and USEM joined both motions. (*See* ECF No. 769.) On February 24, 2025, the Court granted Rose Acre and the other Defendants' motions, while also suggesting that briefing on the post-verdict motions had "come to an end." (ECF No. 770.) Rose Acre now files its requested response to Plaintiffs' surreply.

It appears Plaintiffs primarily filed their surreply so they could try to distinguish *Arango v. Work & Well, Inc.*, No. 11 c 1525, 2013 U.S. Dist. LEXIS 78839 (N.D. Ill. June 5, 2013) – a decision of the Northern District of Illinois that directly rebuts Plaintiffs' waiver arguments and which Plaintiffs never previously cited or discussed. The court in *Arango* held, in no uncertain terms, that application of the one-satisfaction rule does not require that a settlement offset be pleaded. Plaintiffs question *Arango*'s holding on two grounds, neither of which holds water.[1]

First, Plaintiffs question why a defendant does not need to plead reliance on the equitable "one-satisfaction" rule, when "[o]ther equitable defenses are waived if not properly pleaded." (Pls.' Sur-Reply at 1.) The answer is simple: the one-satisfaction rule is an equitable *doctrine*, not an "affirmative defense." *Prairie Mgmt. & Dev. v. Columbia Mut. Ins. Co.*, No. 23-cv-53, 2024 U.S. Dist. LEXIS 47597, at *41 (N.D. Ill. Mar. 18, 2024); *see also Phx. Bond & Indem. Co. v. Bridge*, No. 05 C 4095, 2012 U.S. Dist. LEXIS 8, at *11 (N.D. Ill. Jan. 2, 2012) ("the one satisfaction rule . . . is a rule of equity"). Plaintiffs argue that *Arango* "does not explain why the fact that setoff is equitable means it need not be pleaded" (Pls.' Surreply at 1), but Plaintiffs

---

[1] Plaintiffs also suggest that the Court can ignore *Arango* because it is an "unpublished decision." (Pls.' Surreply at 1.) Rose Acre would note that Plaintiffs cite a dozen or more unreported decisions in support of their surreply.

2

misread the opinion. *Arango* did not hold that the one-satisfaction rule need not be pled because it is equitable; it held that the one-satisfaction rule need not be pled because, unlike laches, waiver, estoppel, unclean hands, and the other equitable defenses explicitly called out in Fed. R. Civ. P. 8(c)(1), it is not an affirmative defense (or, for that matter, a counterclaim). *See Arango*, 2013 U.S. Dist. LEXIS 78839 at *1 ("In this context, setoff is not an affirmative defense because 'an affirmative defense operates to eliminate liability rather than reduce it.'") (citation omitted).

Second, Plaintiffs argue that settlement offset arguments – like "other equitable defenses" – must be pled or otherwise argued before judgment. (Pls' Surreply at 1-2.) Plaintiffs point to the Third Circuit's decision in *Advanced Fluid Systems, Inc. v. Huber*, 958 F.3d 168, 185 (3d Cir. 2020), along with a Fifth Circuit decision, *Garrison Realty, L.P. v. Fouse Architecture & Interiors, P.C.*, 546 F. App'x 458, 465 (5th Cir. 2013). But as Plaintiffs note, *Garrison* based its holding on the erroneous conclusion that "an offset due to a settlement credit is an affirmative defense" (*see* Pls.' Surreply at 2, quoting *Garrison* at 465) – a conclusion that the Northern District of Illinois has repeatedly rejected (*see supra*). And as Rose Acre has noted previously, the holding of *Advanced Fluid Systems* is limited to the Pennsylvania Uniform Contribution Among Tortfeasors Act (PUCATA). (*See* Rose Acre Reply Supp. Rule 59(e) Motion at 3 n.4 (ECF No. 758) (Feb. 12, 2025).) Plaintiffs contest this reading of *Advanced Fluid Systems*, arguing that the Third Circuit more generally applied federal law. But that is not what *Advanced Fluid Systems* says:

> Appellants argue that the District Court improperly failed to set-off the value of AFS's settlement with Orbital from the compensatory damages it awarded to AFS, as purportedly mandated by the Pennsylvania Uniform Contribution Among Tortfeasors Act ("PUCATA"). . . . The District Court held that Appellants had failed to put either AFS or the Court on notice that a "setoff theory was fair game at trial[.]" Post-Judgment Op., 381 F. Supp. 3d at 383. We agree. . . .
>
> [W]hether or not Appellants were obligated to formally plead set-off under PUCATA is beside the point. The District Court did not hold that Appellants forfeited their set-off argument solely because they neglected to plead it.

3

> Rather, the Court noted the Appellants' complete failure to raise the issue at any point in the litigation . . . . As shown by cases on which Appellants themselves rely, *the party invoking PUCATA* must provide some clear indication that . . . it actually raised the issue in some fashion.

*Advanced Fluid Sys.*, 958 F.3d at 185-186 (emphasis added). Defendants are not relying on the PUCATA. *Advanced Fluid Systems* is inapplicable.

Finally, Plaintiffs suggest that Defendants were required to plead their right to relief under the one-satisfaction rule in order to put the Plaintiffs "on notice that set-off will be at issue in the case." (Pls.' Reply at 3, quoting *Reazer-Kremitzki v. CMP Ent. (USA) Inc.*, 2018 WL 1152404, at *3 (C.D. Ill. Mar. 5, 2018)). They claim that they were blindsided by Defendants' settlement setoff arguments (*see id.* at 7) and that "Defendants never asked Plaintiffs to produce [their settlement] agreements under Rule 34 or by any other means" (*id.* at 4). But as Rose Acre explained in its request for leave, Defendants requested the settlement agreements in discovery more than a decade ago. Plaintiffs' counsel responded in part by proposing that the settlement amounts be addressed later, "shortly before or during the trial so the Court can calculate any *post-trebling setoff* for prior settlements." (*See* July 3, 2012 letter from John F. Kinney to Brian E. Robison, attached as Exhibit A to Rose Acre's Motion for Leave (ECF No. 767), at 2 (emphasis added).) And then, as Rose Acre noted, Plaintiffs stipulated that the parties would not offer "argument and evidence regarding any current or past party's settlement agreement with another current or past party at trial[,]" including both "the existence of any such settlement agreement and the contents therein." (*See* Order Regarding Trial Stipulations 1-15 at 2 (ECF No. 343) (Oct. 12, 2023).) Plaintiffs cannot credibly argue that they lacked notice of Defendants' intention to seek setoffs for Plaintiffs' settlements with other egg producers until Defendants filed their post-verdict motions or reply memoranda, when their own counsel acknowledged more than twelve years ago that setoff would be an issue in this case.

4

More to the point, case after case permits a defendant to raise a settlement offset in a motion to amend a judgment under Rule 59(e). *See, e.g., Optronics Techs., Inc. Ningbo Sunny Elec. Co.*, 20 F.4th 466, 476, 488 (9th Cir. 2021) (remand to district court to consider expert declaration in support of Rule 59(e) motion based on settlement offset in antitrust action); *Finch v. Covil Corp.*, 388 F. Supp. 3d 593, 632-33 (M.D.N.C. 2019) (judgment amended to account for settlement offset); *Walls v. Ford Motor Co.*, No. 1:20CV98, 2023 U.S. Dist. LEXIS 214156, *7-9 (M.D.N.C. Nov. 30, 2023) (settlement offset granted under Rule 59(e)). *See also Gifford v. Horry Cnty. Police Dep't*, No. 4:16-cv-03136-MGL, 2023 U.S. Dist. LEXIS 55056, at *17-18 (D.S.C. March 29, 2023) (post-verdict motion for settlement offset granted)). The Court should follow this line of cases, and the numerous other cases cited in Defendants' prior briefing, and consider Defendants' settlement offset arguments under Rule 59(e).

Date:   February 28, 2025

Respectfully submitted,

*/s/ Eric B. Gallon*
Jay L. Levine (jlevine@porterwright.com)
Porter, Wright, Morris & Arthur LLP
2020 K Street, N.W., Suite 600
Washington, D.C.  20006-1110
Tel: (202) 778-3000

James A. King (jking@porterwright.com)
Allen T. Carter (acarter@porterwright.com)
Eric B. Gallon (egallon@porterwright.com)
Porter, Wright, Morris & Arthur LLP
41 South High Street, Suite 2900
Columbus, OH  43215-6194
Tel: (614) 227-2000

**Counsel for Defendant Rose Acre Farms, Inc.**